AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| KIMBERLY A. NEGRON, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-cv-1702 |
| CIGNA CORPORATION, et al., | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Craig A. Raabe
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __10/18/2016__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 10/18/16

CIGNA CORPORATION and
CIGNA HEALTH AND LIFE INSURANCE COMPANY
*Printed name of party waiving service of summons*

*Signature of the attorney or unrepresented party*

Brian W. Shaffer
*Printed name*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
*Address*

brian.shaffer@morganlewis.com
*E-mail address*

(215) 963-5103
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| KIMBERLY A. NEGRON, *Plaintiff* <br> v. <br> CIGNA CORPORATION, et al., *Defendant* | Civil Action No. 16-cv-1702 |

### NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Brian W. Shaffer on behalf of: (1) Cigna Corporation and (2) Cigna Health and Life Insurance Company
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __10/18/2016__

/s/ Craig A. Raabe
*Signature of the attorney or unrepresented party*

Craig A. Raabe, ct04116
*Printed name*
Izard, Kindall & Raabe, LLP
29 South Main Street, Suite 305,
West Hartford, CT 06107
*Address*

craabe@ikrlaw.com
*E-mail address*

860-493-6292
*Telephone number*