# UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, | No. 3:16-cv-1702 |
| Plaintiff, | |
| vs. | November 18, 2016 |
| CIGNA CORPORATION and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendants. | |
| DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, | No. 3:16-cv-01904 |
| Plaintiff, | |
| vs. | |
| CIGNA CORPORATION and CIGNA HEALTH AND LIFE INSURANCE COMPANY, OPTUMRX, INC. | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL

Pursuant to Fed. R. Civ. P. 1, 42(a) and 23(g) and consistent with the Manual for Complex Litigation §§ 10.123, 10.22, & 11.631 (4th ed. 2014), Plaintiffs in the above-captioned actions (the "CIGNA Actions") respectfully submit this memorandum of law in support of their motion to: (1) Consolidate the above-captioned and related actions; (2) Appoint (a) as Plaintiffs' Interim Co-Lead Class Counsel Robert A. Izard of Izard, Kindall & Raabe, LLP ("IKR") and William H. Narwold of Motley Rice LLC ("Motley Rice"); (b) a Plaintiffs' Executive Committee comprised of Joseph P. Guglielmo of Scott+Scott, Attorneys at Law, LLP ("Scott+Scott"), Brian C.

Gudmundson of Zimmerman Reed, LLP; Andrew A. Lemmon of Lemmon Law Firm LLC; Ronen Sarraf of Sarraf Gentile LLP; and E. Kirk. Wood of Wood Law Firm, LLC (collectively, the "Leadership Committee"); and (3) and establishing procedures for the consolidation of future-filed cases.

As set forth below, consolidation is appropriate because it would promote judicial convenience and economy by allowing for the uniform resolution of common legal and factual issues in a single proceeding before this Court. Appointment of Plaintiffs' proposed Leadership Committee is appropriate because this well-organized, cohesive group of law firms will provide the highest caliber of representation through a client-driven leadership structure that is committed to maximizing the recovery on behalf of the Plaintiffs and ensuring the efficient prosecution of this litigation.

Counsel for Defendants Cigna Corporation and Cigna Health and Life Insurance Company have advised Plaintiffs that they have no objection to the interim schedule set forth in the proposed order (should an Amended Consolidated Complaint be filed), and they will address, as appropriate, the other issues presented by Plaintiffs' Motion in their Response thereto.

## I.   BACKGROUND

Plaintiffs in the CIGNA Actions each purport to represent a class of consumers challenging Defendants' unlawful practice of clawing back portions of the copayments or co-insurance Plaintiffs and class members pay to receive medically necessary, covered prescription drugs.[1] Defendants include health insurance companies and pharmacy benefit managers, which the health insurance companies retain to provide the pharmacy benefits to class members. Plaintiffs allege

---

[1]   IKR and Scott+Scott filed the two cases that are the subject of this consolidation motion. Motley Rice intended to file a third action, but in the interest of judicial efficiency, agreed to join in this motion and in a consolidated amended complaint rather than filing a separate action.

that Defendants' common fraudulent and deceptive pricing scheme artificially inflates prescription copayment and co-insurance amounts causing consumers to pay more for prescription drugs than they would pay if they were uninsured.  Plaintiffs seek monetary damages, injunctive relief, and other remedies as appropriate.  Defendants have yet to respond to either of the CIGNA Actions and discovery has yet to commence.

## II.   ARGUMENT

### A.   Consolidation would promote judicial convenience and economy because the CIGNA Actions involve common questions of law and fact.

Rule 42 of the Federal Rules of Civil Procedure provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  Broad discretion is given to the Court under this rule to consolidate cases pending within the District.  *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987).

The federal court in Connecticut has stated:  "The Federal Rules of Civil Procedure provide that when 'actions involving a common question of law or fact are pending before the court, ... it may order all the actions consolidated . . . .'" *Yungk v. Campbell Hausfeld/ Scott Fetzer Co.*, 2007 WL 2100114, at *1 (D. Conn. July 17, 2007) (citing Fed. R. Civ. Pro. 42(a)). "If the court determines that actions do involve a common question of fact or law, consolidation will usually be allowed unless the opposing party can show prejudice." *Id.* (citation omitted). "In this regard, the 'court has broad discretion to determine whether consolidation is appropriate.'" *Id.* (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

Consolidation is appropriate here because the CIGNA Actions present nearly identical questions of fact and substantially similar questions of law.  Each action is premised on the same

factual predicate:  that Defendants engage in an unlawful scheme to claw back portions of the copayments or co-insurance that Plaintiffs and class members pay to receive medically necessary, covered prescription drugs.  Both actions allege that Defendants' common fraudulent and deceptive pricing scheme artificially inflates prescription copayment or co-insurance amounts causing consumers to pay more for prescription drugs than they would pay if they were uninsured. As currently plead, both actions seek to represent overlapping classes of consumers and assert claims for, *inter alia*, breach of contract, unjust enrichment, ERISA and RICO violations.

Consolidating the CIGNA Actions to allow for unified discovery, motion practice, and trial would promote judicial convenience and economy while reducing costs for the Parties.  The CIGNA Actions are especially well-suited for consolidation because they remain in their earliest phases.  Defendants have yet to respond to either action and discovery has not yet commenced.

Plaintiffs respectfully request that the Court enter an Order (1) consolidating the actions, and any other actions subsequently filed in or transferred to this District based on the same or similar facts and legal theories, and providing for the following schedule:[2]

- **Consolidated Amended Complaint Due** – 30 days from the entry of the Order consolidating the cases and appointing Interim Co-Lead Class Counsel;

- **Response to Complaint Due** – 45 days from the filing of the Consolidated Amended Complaint;

- **Opposition to Any Motion Challenge to Complaint Due** – 30 days from the filing of the Response; and

---

[2] As set forth above, counsel for Defendants Cigna Corporation and Cigna Health and Life Insurance Company have advised Plaintiffs that they have no objection to the interim schedule set forth in the proposed order (should an Amended Consolidated Complaint be filed).

- **Defendants' Reply to Opposition Due** – 30 days from the filing of the Opposition to the Opposition.

- **Deadlines for completing discovery, filing dispositive motions and filing a motion for Class Certification** postponed until after the Rule 16 Conference.

**B.    Appointing Interim Class Counsel will ensure that this action is prosecuted efficiently and that the classes are fairly and adequately represented.**

**1.    Legal Standard Governing Appointment of Interim Class Counsel**

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g).  Indeed, when multiple related cases are pending, "the selection and activity of class counsel are often critically important to the successful handling of the class action."  Fed. R. Civ. P. 23(g) Advisory Committee Notes.  The Advisory Committee Notes explain that this is because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision.  The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.  Settlement may be discussed before certification.  It may also be important to make or respond to motions before certification.

The Manual for Complex Litigation (the "Manual") provides guidance regarding the organization of complex litigation, including the responsibilities and duties of counsel appointed to lead such actions, the importance of the appointment of "designated" counsel and the various organizational structures.  *See* Manual at §§10.2, 10.21, 10.22, 10.221, and 10.224.  As the Manual explains, "[e]arly organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task."  *Id*. §22.62.

In appointing class counsel, the court "must consider":

(i)  the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  These four factors also apply in the selection of *interim* class counsel.  *See Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014).  In addition, the Court may consider "other matters pertinent to counsel's ability to represent the class."  *Adedipe*, 2014 WL 835174, at *2; Fed. R. Civ. P. 23(g)(1)(B).  As set forth below, based on these factors, Plaintiffs' proposed Leadership Committee is best suited to represent the interests of the class in this complex case and will ensure the vigorous, effective, cooperative, and efficient prosecution of this action.

**1.    Plaintiffs' proposed Leadership Committee is adequate and best able to represent the interests of the class.**

The Leadership Committee proposes a leadership structure for this case that includes two Interim Co-Lead Class Counsel, who will coordinate with the Court and defense counsel.  The Leadership Committee includes a five-member Executive Committee, whose members will coordinate with and assist Interim Co-Lead Class Counsel and contribute to the costs required to litigate a case of this size on a contingent basis.

Courts in the Second Circuit have routinely approved similar leadership structures in similar circumstances.  *See, e.g.*, *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1441804, at *2 (S.D.N.Y. Apr. 12, 2016); *Fero v. Excellus Health Plan, Inc.*, 2016 WL 297742, at *1 (W.D.N.Y. Jan. 25, 2016); *In re Initial Pub. Offering Securities Litig.*, 2011 WL 2732563, at *1

n.1 (S.D.N.Y. July 8, 2011); *In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345, 350 (S.D.N.Y. 2009).

The Leadership Committee recommended and supported by Plaintiffs is comprised of attorneys who have previously held leadership positions in many complex cases and MDLs, including actions involving the pharmaceutical and healthcare industries, and whose law firms have obtained significant recoveries and have committed, and will continue to commit, the resources necessary to see this litigation to a successful conclusion. The specific individuals and their firms who have been proposed for leadership roles are as follows:[3]

| | | |
|---|---|---|
| **Interim Co-Lead Class Counsel**: | Robert A. Izard<br>Izard, Kindall & Raabe LLP | Exhibit A |
| | William H. Narwold<br>Motley Rice LLC | Exhibit B |
| **Executive Committee**: | Joseph P. Guglielmo<br>Scott+Scott, Attorneys at Law LLP | Exhibit C |
| | Brian C. Gudmundson<br>Zimmerman Reed, LLP | Exhibit D |
| | Andrew A. Lemmon<br>Lemmon Law Firm LLC | Exhibit E |
| | Ronen Sarraf<br>Sarraf Gentile LLP | Exhibit F |
| | E. Kirk. Wood<br>Wood Law Firm, LLC | Exhibit G |

---

[3]     This submission is accompanied by each nominee's firm resume, educational background, and licensing status, and a short list of relevant experience with cases in similar areas. These documents are attached as Exhibits A-G to the Declaration of Craig A. Raabe, filed herewith ("Raabe Dec.").

     **2.**    **The Leadership Committee has committed, and will continue to commit, substantial time and resources identifying and investigating the claims of the Plaintiffs and the class.**

Plaintiffs' proposed Leadership Committee members and their clients have all brought class actions on behalf of aggrieved consumers and have demonstrated their ability to devote the time and resources needed to assure the best recovery for class members.  Members of the Leadership Committee have spent many months investigating the facts underlying Defendants' fraudulent and deceptive pricing scheme to artificially inflate and clawback prescription copayments, including by performing extensive factual and legal research, communicating with clients, pharmacists, former employees in the pharmacy benefit management industry, and retaining experts in the industry to understand and develop the factual allegations concerning Defendants' practices.

Because Plaintiffs' proposed Leadership Committee performed important work that has already inured to the benefit of the class and performed a broad investigation into Defendants' practices, the first factor of the Rule 23(g) analysis weighs heavily in favor of appointing Plaintiffs' proposed Leadership Committee.  This commitment will continue.  As is evident from the firm biographies attached to the Declaration of Craig A. Raabe as Exhibits A-G, the law firms that comprise the Leadership Committee are well-funded and well-staffed firms that have represented plaintiffs in some of the largest class actions in the country.  They are willing and able to commit to this litigation process regardless of its length or complexity.  This factor favors appointment of the Leadership Committee.

3.   **The Leadership Committee has substantial experience working together to successfully litigate complex consumer class actions.**

The Leadership Committee has extensive, unparalleled experience litigating complex class actions, and has demonstrated particular success in litigating ERISA and RICO claims in actions involving the healthcare industry.

a)   **Interim Co-Lead Class Counsel**

(1)   **Robert A. Izard of Izard, Kindall & Raabe, LLP is adequate and able to represent the interests of the class.**

IKR is well-qualified to represent the putative class due to its substantial experience in ERISA class action litigation.  Numerous courts have recognized IKR's superior expertise in ERISA actions of this type.[4]  In particular, in *In re Merck Sec., ERISA and Deriv. Litig.*, the court

---

[4]   IKR, and its predecessors, have been lead or co-lead counsel in the following ERISA class actions:  *Overby v. Tyco Int'l, Ltd.*, No. 02-cv-1357 (D.N.H.); *In re Reliant Energy ERISA Litig.*, No. 02-cv-2051 (S.D. Tex.); *In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, MDL No. 1500 (S.D.N.Y.); *Furstenau v. AT&T*, No. 02-cv-8853 (D.N.J.); *In re AEP ERISA Litig.*, No. C2-03-67 (S.D. Ohio); *In re JDS Uniphase Corp. ERISA Litig.*, No. 03-cv-4743-CW (N.D. Cal.); *In re Sprint Corporation ERISA Litig.*, No. 03-cv-02202-JWL (D. Kan.); *In re Cardinal Health, Inc. ERISA Litig.*, No. C 2-04-642 (S.D. Ohio); *Spear v. Hartford Fin. Svcs Group. Inc.*, No. 04-cv-1790 (D. Conn.); *In re Merck & Co., Inc. Sec., Derivative and ERISA Litig.*, MDL No. 1658 (D.N.J.); *In re Diebold ERISA Litig.*, No. 06-cv-0170 (N.D. Ohio); *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-cv-6297-MAT-MWP (W.D.N.Y.); *In re Dell, Inc. ERISA Litig.*, No. 06-CA-758-SS (W.D. Tex.); *In re First American Corp. ERISA Litig.*, SA-CV07-1357 (C.D. Cal.); *In re Hartford Fin. Svcs Group. Inc. ERISA Litig.*, No. 08-1708 (D. Conn.); *In re Merck & Co., Inc. Vytorin ERISA Litig.*, MDL No. 1938, 05-cv-1974 (D.N.J.); *Mayer v. Administrative Committee of Smurfit Stone Container Corp.*, No. 09-cv-2984 (N.D. Ill.); *In re YRC Worldwide ERISA Litig.*, No. 09-cv-02593 (D. Kan.); *Board of Trustees v. JP Morgan Chase Bank*, No. 09-cv-9333 (S.D.N.Y.); *White v. Marshall & Ilsley Corp.*, No. 10-cv-00311 (E.D. Wis.); *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610 (E.D. Mich.); *In re Eastman Kodak ERISA Litig.*, No. 6:12-cv-06051-DGL (W.D.N.Y.); *Kemp-DeLisser v. Saint Francis Hospital and Medical Center*, No. 3:15-cv-01113-VAB (D. Conn.); *Tucker v. Baptist Health System, Inc.*, No. 2:15-cv-00382-SLB (N.D. Ala.); *Malone v. TIAA*, No. 1:15-cv-8038 (S.D.N.Y.); *Boden, et al. v. St. Elizabeth Med. Center, Inc., et al.*, No. 16-cv-0049 (E.D. Ky.); *Nicholson v. Franciscan Missionaries of Our Lady Health Systems, et al.*, No. 3:16-cv-00258 (M.D. La.); *Wood v. Prudential Retirement Ins. and Annuity Co.*, No. 3:15-cv-1785 (VLB)(D. Conn.); *Lau v. Metropolitan Life Ins. Co.*, No. 1:15-cv-9469 (PKC)(S.D.N.Y.); *Wittman v. New York Life Ins. Co.*, No. 15-cv-9596 (AKH)(S.D.N.Y.); *Bishop-Bristol v. Massachusetts Mutual Life Ins. Co.*, No. 3:16-cv-30082-MGM (D. Mass.); and *Matthews v. Reliance Trust*

stated, "[w]hat is clear is that Schatz & Nobel [now IKR] does have substantial experience in this area and much more experience than other contenders." *In re Merck Sec., ERISA and Derivative Litig.*, No. 05-cv-1157, slip op. at 24 (D.N.J. Apr. 18, 2005).[5]  Similarly, the court in *In re Tyco International, Ltd., Securities Litigation* found that IKR and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." *In re Tyco Int'l, Ltd. Sec. Litig.*, No. 02-cv-1335, slip op. at 2 (D.N.H. Dec. 20, 2002).  In the *Cardinal Health* case, the court also noted IKR's "extensive experience in ERISA litigation," the "high level of ERISA expertise," and "several well-argued briefs . . . on a range of issues." *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D.552, 555-556 (S.D. Ohio Jan. 14, 2005).

Courts have also recognized the superior results that IKR has obtained as a result of its experience.  For example, in the *Flagstar* case the court found that the settlement that represented 85% of likely recoverable damages was an "excellent result" as a result of the unquestionable "skill and expertise of [IKR and its co-counsel] who are nationally known for their successful representation of ERISA clients in class action matters." *Griffin v. Flagstar Bancorp, Inc*., No. 2:10-cv-10610 (E.D. Mich.)(Order and Opinion dated Dec. 12, 2013 at 8, 15-16).  In approving the *Sprint ERISA Litig.* settlement, the court found, "[t]he high quality of [IKR's] work culminated in the successful resolution of this complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ." *In re Sprint Corp. ERISA Litig.*, No. 03-cv-2202, slip op. at 33, 35 (D. Kan. Aug. 3, 2006)).  In approving the $49.5 million settlement in *In re Merck & Co., Inc.*

---

*Company*, No. 1:16-cv-04773 (N.D. Ill.).  IKR was also appointed to the Steering Committee in *Tittle v. Enron Corp.*, No. H-01-3913 (S.D. Tex.); *In re Electronic Data Systems ERISA Litig.*, No. 3:02-cv-1323 (E.D. Tex.); *In re Marsh ERISA Litig.*, No. 04-cv- 8157 (S.D.N.Y.).

[5]     In the interests of judicial economy, cited slip opinions and transcripts are not attached to this filing, but can be provided upon request.

*Securities, Derivative & ERISA Litigation*, in which IKR served as Chair of the Lead Counsel Committee, the Court stated that it was an "extremely successful and extremely appropriate and reasonable settlement." *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 05-cv-2369, slip op. at 15 (D.N.J. Nov. 29, 2011). In the *Tyco ERISA Litigation* case, the court stated that the $70.525 million in an "extraordinarily complex case factually" was "outstanding," and "an extraordinary settlement given the circumstances of the case and the knowledge that [the Court] has about the risks that the plaintiff class faced in pursuing this matter to verdict." *In re Tyco Int'l, Ltd.*, *Sec. Litig.*, No. 02-cv-1335-B, slip op. at 11, 31, 41, 61 (D.N.H. Nov. 18, 2009)). Similarly, in *Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.,* No. 15-CV-1113 (VAB), 2016 WL 6542707, at *10 (D. Conn. Nov. 3, 2016), the Court found that a settlement IKR negotiated that recovered $107 million, representing over 76 percent of the amount of alleged underfunding for a retirement plan, was "an extremely favorable [result] for the class."

In the AOL Time Warner ERISA case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement plans expected the case to settle for only $70 million. *In re AOL Time Warner, Inc. Sec. and ERISA Litig.,* No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7, approved by the Court by Memorandum Opinion dated October 26, 2007. The Special Master reviewing an application for attorneys' fees found that in addition to the fact that the quality of counsel's work was "impressive," "[e]ven more importantly, they used the mediation process to persuade reluctant and determined defendants to part with settlement dollars well above those expected." According to the Special Master, obtaining an additional $30 million for the class stands out as "some of the hardest work and most outstanding results" obtained by IKR and its co-counsel. In negotiating

this extraordinary settlement, IKR "stretched the defendants' settlement tolerances beyond their limits."

IKR's ERISA team is led by Robert A. Izard.  Mr. Izard is the former chair of the Commercial and Business Litigation Committee of the Litigation Section of the American Bar Association.  He received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif, and served as an editor of the Emory Law Journal.  Mr. Izard has substantial jury and nonjury trial experience, including a seven-month jury trial in federal district court.  He is experienced in various forms of alternative dispute resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR Institute for Dispute Resolution.  Mr. Izard is the author of *Lawyers and Lawsuits: A Guide to Litigation* published by Simon and Schuster.  In approving the Tyco settlement, the Court stated with respect to Mr. Izard:

> I have a high regard for you. I know you to be a highly experienced ERISA class action lawyer. You've represented your clients aggressively, appropriately and effectively in this litigation, and I have a high degree of confidence in you so I don't think there's any question that the quality of counsel here is a factor that favor's the Court's endorsement of the proposed settlement.... I have enjoyed working with you in this case. You've always been helpful. You've been a gentleman. You've been patient when I've been working on other matters….

*In re Tyco Int'l, Ltd., Sec. Litig.*, No. 02-cv-1335-B, slip op. at 25, 74 (D.N.H. Nov. 18, 2009)) (emphasis added).  The IKR firm resume attached as Exhibit A to the Declaration of Craig A. Raabe.

### (2)  William H. Narwold of Motley Rice LLC is adequate and able to represent the interests of the class.

Motley Rice is one of the country's largest and most well-respected plaintiffs' firms.  In 2016, the *National Law Journal* selected Motley Rice as one of 12 firms on its "Plaintiffs' Hot List."  Motley Rice is one of only two firms to make the list every year since 2012.  In 2014, the

firm was named to the *National Law Journal*'s inaugural list of America's Elite Trial Lawyers as a firm "doing the most creative and substantive work on the plaintiffs' side." In 2013 and 2015, Law 360 named Motley Rice as one of the "Most Feared Plaintiffs' Firms."

Motley Rice regularly handles class actions and complex litigation in jurisdictions across the United States, and currently serves as co-lead counsel in over 30 class actions and as a member of the plaintiffs' steering committee in numerous MDL actions.  Motley Rice has secured some of the largest verdicts and settlements in history, in cases involving enormously complex matters. For example, the firm is a member of the plaintiffs' steering committee in the *BP Deepwater Horizon Oil Spill Litigation*, which resulted in the largest civil class-action settlement in U.S. history, and a member of the plaintiffs' steering committee in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672, which has led to a nearly $15 billion settlement to compensate consumers and mitigate the impact the company's actions had on the environment.

Mr. Narwold, individually, has specific experience in handling ERISA and non-ERISA claims against pharmacy benefit managers.  He has been involved in several cases alleging that PBMs improperly profited at the expense of the very benefit funds they were supposed to be serving.  Motley Rice served on the Executive Committee in *In re Express Scripts, Inc. PBM Litigation*, MDL No. 1672, which involved ERISA and non-ERISA claims, and allegations that PBMs had defrauded benefit plans of millions of dollars by, among other things, negotiating discounts, rebates and other concessions from drug manufacturers and pharmacy networks without passing them on or disclosing them to the plans.  The firm also represented the Southeastern Pennsylvania Transportation Authority (SEPTA) in *Southeastern Pennsylvania Transportation Authority v. CaremarkPCS Health LP*, Civil Case No. 07-2919 (E.D. Pa.), a breach-of-contract

action against CaremarkPCS Health that alleged that Caremark improperly billed SEPTA, improperly charged SEPTA for invalid prescription claims, and improperly retained rebates that belonged to SEPTA.  The firm also represented the Trustees of the United Food and Commercial Workers Local Union No. 1529 in its action against Medco Health Solutions, Inc., after it opted out of the settlement reached in *In re Medco Health Solutions, Inc. Pharmacy Benefit Management Litigation*, MDL No. 1508.  There, UCFW brought claims under ERISA, alleging that Medco, in compiling formularies and implementing drug-switching programs, had favored manufacturers who gave it secret discounts and rebates, and had improperly retained rebates from manufacturers. The Motely Rice firm resume attached as Exhibit B to the Declaration of Craig A. Raabe.

### b)  Plaintiffs' Executive Committee

#### (1)  Joseph P. Guglielmo of Scott+Scott, Attorneys at Law, LLP is adequate and able to represent the interests of the class.

Scott+Scott is a nationally recognized class action law firm headquartered in Connecticut with offices in New York, California, Ohio, and London, England.  The Firm was founded in 1975 and now has over forty attorneys dedicated to complex and class action litigation, representing individuals, businesses, and public and private pension funds that have suffered from corporate fraud and wrongdoing.  As detailed in the attached resume, Scott+Scott, which is ranked by *U.S. News & World Report* for 2016 as a "Best Law Firm," has a proven record of successfully handling complex consumer, antitrust, securities, ERISA, and civil rights litigation in both federal and state courts.[6]

---

[6]    A complete list of the firm's litigation successes are included in Scott+Scott's firm resume attached as Exhibit C to the Declaration of Craig A. Raabe.

Scott+Scott and its attorneys have a proven leadership record in MDL and class cases, serving as lead or co-lead counsel and achieving significant results on behalf of consumers injured by fraudulent and anticompetitive conduct in cases such as:

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL 1720 (E.D.N.Y.) ($7.25 billion settlement was achieved on behalf of classes of consumers and merchants who paid excessive fees in connection with Visa and MasterCard card interchange transactions);

- *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (S.D.N.Y.) ($2 billion in settlements announced on behalf of class of purchasers of currencies and were injured by the alleged conspiracy to manipulate the benchmark rate in the foreign exchange ("FX") market, the world's largest and most actively traded financial market);

- *In re Providian Financial Corp. Credit Card Terms Litigation*, MDL No. 1301 (E.D. Pa.) ($105 million settlement was achieved on behalf of a class of credit card holders who were charged excessive interest and late charges on their credit cards);

- *The Vulcan Society, Inc. v. The City of New York*, No. 07-cv-02067-NGG-RLM (E.D.N.Y.) ($100 million settlement and significant injunctive relief was obtained for a class of black applicants who sought to be New York City firefighters but were denied or delayed employment due to racial discrimination);

- *In re Korean Air Antitrust Litigation*, MDL No. 1891 (C.D. Cal.) ($65 million settlement was achieved on behalf of a class of consumers who purchased airline tickets);

- *In re Target Corp. Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.) (member of Plaintiffs' Steering Committee, led discovery efforts including issuing over 40 subpoenas and taking depositions of key party and non-party witnesses, leading to preliminary approval of settlement valued at approximately $59 million, exclusive of attorneys' fees, in first settlement of data breach litigation brought on behalf of financial institutions);

- *In re Prudential Ins. Co. SGLI/VGLI Contract Litigation*, MDL No. 2208 (D. Mass.) ($40 million settlement was achieved on behalf of a class of military service members and their families who had purchased insurance contracts); and

- *Gunther v. Capital One, N.A.*, No. 09-2966-ADS-AKT (E.D.N.Y.) (a net settlement resulting in class members receiving 100% of their damages was obtained).

Mr. Guglielmo, individually, has successfully represented institutional and individual clients in securities, antitrust, and consumer litigation throughout the United States. Mr. Guglielmo currently serves in the leadership of numerous class actions, including *In re Target*

*Corporation Customer Data Security Breach Litigation,* MDL No. 14-2522 (D. Minn.). He has also been a principal in numerous other complex class actions involving the healthcare industry. *E.g. In re Managed Care Litigation,* MDL No. 1334 (S.D. Fla.) (settlements exceeding $1 billion); *Love v. Blue Cross and Blue Shield Ass'n, No. 03-cv-21296* (S.D. Fla.) (settlements of approximately $130 million and other benefits of more than $2 billion); *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1897 (D.N.J.) (settlements exceeding $180 million).

Recently, Mr. Guglielmo, along with others at Scott+Scott, was recognized for obtaining a monumental temporary restraining order benefiting New York University which prevented removal of over $200 million from a Bernard Madoff feeder fund. In issuing the injunction, the court stated: "Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. The extremely professional and thorough means by which NYU's counsel has litigated this matter has not been overlooked by this Court."

Mr. Guglielmo is an expert on electronic discovery, a subject on which he frequently lectures, and is a member of the Steering Committee of Working Group 1 of the Sedona Conference®, an organization devoted to providing guidance and information concerning discovery issues involved in litigation.

(2)    **Brian C. Gudmundson of Zimmerman Reed, LLP is adequate and able to represent the interests of the class.**

Zimmerman Reed is a litigation firm with offices in Minneapolis, Los Angeles, and Phoenix and serves, and has served, in leadership roles in numerous complex class actions and multidistrict litigations, within this District and nationwide. For example, Zimmerman Reed currently serves as interim co-lead counsel in *In re National Hockey League Players' Concussion Injury Litig.*, MDL 2551 (D. Minn.) and is a member of the lead counsel committee in *In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation,* MDL No. 2441.

16

Zimmerman Reed also recently served as co-lead class counsel in *In Re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.) (Financial Institutions Track) and *Dryer et al. v. National Football League*, 09-cv-2182 (D. Minn.).

Brian C. Gudmundson is a partner at Zimmerman Reed and has served in leadership roles in a variety of complex matters.  In addition to being a chief member of the leadership teams in the NHL concussion, Target Data Breach, and *Dryer* matters mentioned above, he currently serves as co-lead counsel in consumer litigation arising from the Minnesota Timberwolves' implementation of a paperless ticketing system.  He also currently serves as a court-appointed member of the plaintiffs steering committees in in *In re: Vizio, Inc. Consumer Privacy Litigation* (MDL 2693) (C.D. Cal.) (J. Staton), *In Re: The Home Depot, Inc., Customer Data Security Breach Litigation* (MDL 2583) (N.D. Ga.) (J. Thrash), *First Choice Federal Credit Union, et al. v. The Wendy's Company,* et al., 16-cv-00506 (M.J. Kelly), and *Bhatia, et al. v. 3M Company*, 16-cv-1304 (D. Minn.) (J. Frank). *See* Zimmerman Reed, LLP firm resume attached as Exhibit D to the Declaration of Craig A. Raabe.

        **(3)**      **Andrew A. Lemmon of Lemmon Law Firm LLC is adequate and able to represent the interests of the class.**

The Lemmon Law Firm has substantial experience in the prosecution of class actions and has demonstrated the ability to work in an efficient fashion in the best interests of the class.  The Lemmon Law Firm is currently serving as Lead Counsel or Co-lead Counsel in several high profile class actions including serving as trial team member and Of Counsel to the Plaintiffs' Steering Committee in *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D.L.A.), and as co-class plaintiffs' counsel in health care litigation involving the delay in payment by insurers and third party administrators to doctors, *Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc.*, No. 2003-1662 (LA), and Committee Chair of the Science

17

Committee and as Phase II trial and deposition team member in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D.L.A.). The Lemmon Law firm resume attached as Exhibit E to the Declaration of Craig A. Raabe.

           **(4)     Ronen Sarraf of Sarraf Gentile LLP is adequate and able to represent the interests of the class.**

Sarraf Gentile LLP, based in New York, handles a wide variety of complex litigation, with an emphasis on class actions, shareholder derivative actions, and other multi-party litigation. Sarraf Gentile has served as co-lead counsel in numerous cases involving ERISA and securities litigation, including *In re RCN Corp. ERISA Litigation, In re Ferro Corp. ERISA Litigation, Dickerson v. Feldman, et al., Francis v. Comerica Inc.* and *Mellott v. ChoicePoint Inc.* The firm has recouped millions of dollars on behalf of its clients – investors, businesses, pension plans and consumers. The Sarraf Gentile firm resume attached as Exhibit F to the Declaration of Craig A. Raabe.

           **(5)     E. Kirk. Wood of Wood Law Firm, LLC is adequate and able to represent the interests of the class.**

The Wood Law Firm has substantial experience in the prosecution of class actions and has demonstrated the ability to work in an efficient fashion in the best interests of the class. The Wood Law Firm is currently serving as Co-lead Counsel or a member of the Executive Committee in several high profile class actions including in *In re: Blue Cross Blue Shield Antitrust Litigation* (Plaintiffs Local Facilitating Counsel; Plaintiffs Steering Committee); *In re: Total Body Formula Products Liability Litigation* (Co-Lead and Liaison Counsel; Plaintiffs Executive Committee) and *In re: Bausch & Lomb Contact Lens Solution Products Liability Litigation* (Plaintiffs Steering Committee). The Wood Law firm resume attached as Exhibit G to the Declaration of Craig A. Raabe.

**4.    The Leadership Committee will commit the resources necessary to fairly and adequately represent the class.**

Finally, the Leadership Committee is comprised of highly-regarded, nationally recognized law firms with the resources and experience necessary to successfully prosecute a case of this magnitude, as they have prosecuted very similar cases in the past.  The law firms comprising the Leadership Committee are responsible for achieving some of the largest class action recoveries in some of the most complex, document-intensive and high-profile class actions ever.  These firms indisputably have the resources and expertise to prosecute the claims against Defendants.  Although each firm is committed to expending whatever resources are necessary to achieve a favorable result for the class, all counsel are extremely cognizant of the need to control costs, have diligently done so in the other complex litigation they have been involved in and will do so here.  Thus, appointment of the Leadership Committee is in the best interests of the Class under Rule 23(g).

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the CIGNA Actions; appoint Robert A. Izard of IKR and William H. Narwold of Motley Rice LLC as Plaintiffs' Interim Co-Lead Class Counsel, and Joseph P. Guglielmo of Scott+Scott, Brian C. Gudmundson of Zimmerman Reed, LLP, Andrew A. Lemmon of Lemmon Law Firm LLC, Ronen Sarraf of Sarraf Gentile LLP, and E. Kirk. Wood of Wood Law Firm, LLC as Plaintiffs' Executive Committee; establish procedures for the consolidation of future filed cases; and grant such other relief as the Court deems just and proper.

DATED:  November 18, 2016

Respectfully submitted,

*/s/ Robert A. Izard*
Robert A. Izard (ct01601)

19

*Proposed Interim Co-Lead Class Counsel*
**IZARD, KINDALL & RAABE, LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com

William H. Narwold
*Proposed Interim Co-Lead Class Counsel*
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:  860-882-1682
bnarwold@motleyrice.com

Joseph P. Guglielmo
*Proposed Executive Committee Member*
Erin Green Comite
Carey Alexander
**SCOTT+SCOTT,**
**ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com
calexander@scott-scott.com

Brian C. Gudmundson
*Proposed Executive Committee Member*
**ZIMMERMAN REED, LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:  612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon
*Proposed Executive Committee Member*

**LEMMON LAW FIRM LLC**
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:  985-783-1333
andrew@lemmonlawfirm.com

- and -

650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:  504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Proposed Executive Committee Member*
**SARRAF GENTILE LLP**
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:  516-699-8968
ronen@sarrafgentile.com

E. Kirk Wood
*Proposed Executive Committee Member*
**WOOD LAW FIRM, LLC**
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:  866-747-3905
ekirkwood1@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

*/s/ Robert A. Izard*
Robert A. Izard (ct01601)
Proposed Interim Co-Lead Class Counsel
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile:   860-493-6290
rizard@ikrlaw.com