UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, COURTNEY GALLAGHER, Individually and on Behalf of All Others Similarly Situated, NINA CUROL, Individually and on Behalf of All Others Similarly Situated, and ROGER CUROL, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                Defendants. | Civil No. 3:16-cv-1702 (WWE)<br><br>February 16, 2017 |

**RULE 26(f) REPORT**

| | |
|---|---|
| Date Complaint Filed: | October 13, 2016 |
| Date Consolidated Amended Complaint Filed: | January 9, 2017 |
| Date of Cigna Corporation ("Cigna") and Cigna Health and Life Insurance Company's ("CHLIC") Appearance: | December 8, 2016 |
| Date of OptumRx, Inc.'s ("OptumRx") Appearance: | February 16, 2017 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on February 2, 2017. The participants were:

- William H. Narwold, Robert A. Izard, Craig A. Raabe and Joseph P. Guglielmo for Plaintiffs, Kimberly A. Negron, Daniel Perry, Courtney Gallagher, Nina Curol, and Roger Curol.

- Joseph Costello, Brian Shaffer, Eleanor Farrell, Tara Lawler, and Brett Boskiewicz for Defendants Cigna and CHLIC.

- Michelle Grant for Defendant OptumRx.

**I.    Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

    **A.    Subject Matter Jurisdiction**

Plaintiffs allege that this court has subject matter jurisdiction over this action pursuant to (a) 28 U.S.C. § 1331, which provides for federal jurisdiction over civil actions arising under the laws of the United States, including ERISA and RICO; (b) 29 U.S.C. § 1132(e)(1) providing for federal jurisdiction of actions brought under Title I of ERISA; and (c) 18 U.S.C. § 1964 providing for federal jurisdiction to prevent and restrain violations of 18 U.S.C. § 1962. Further, declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 58 and 65 of the Federal Rules of Civil Procedure.

    **B.    Personal Jurisdiction**

Personal jurisdiction is not being contested as to current parties.

**III.    Brief Description of Case**

    **A.    Claims of Plaintiffs:**

Plaintiffs, who purchased prescription drugs through health plans issued or administered by Defendants, bring this action on behalf of themselves and a Class and Subclass of similarly situated persons alleging (a) violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and (b) violations of the Racketeering Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., resulting from Defendants' common fraudulent and deceptive scheme to artificially inflate prescription costs causing consumers to pay more than they otherwise should have paid for medically necessary prescription drugs.

Plaintiffs allege that Defendants caused them and members of the Class to pay excessive cost-sharing payments, including copayments, in violation of their plans. Defendants caused pharmacies to overcharge Class members and these excess payments were then sent back to Defendants.

- Count I: ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to enforce rights under the plans and clarify benefits.

- Count II: ERISA § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C), for causing plans to engage in prohibited transactions with party in interest.

- Count III: ERISA § 406(b), 29 U.S.C. § 1106(b), for engaging in prohibited transactions with plans.

- Count IV: ERISA § 404, 29 U.S.C. § 1104, for breach of fiduciary duties.

- Count V: ERISA § 702, 29 U.S.C. § 1182, for discriminating against participants and beneficiaries based on status.

- Count VI: ERISA § 405(a), 29 U.S.C. § 1105(a), for liability for the breach of a co-fiduciary.

- Count VII: ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for violations by non-fiduciaries.

- Count VIII: RICO, 18 U.S.C. § 1962(c), against Cigna and/or CHLIC.

- Count IX: RICO, 18 U.S.C. § 1962(c), against OptumRx.

- Count X: RICO, 18 U.S.C. § 1962(d), against all Defendants.

**B.     Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:**

   **1.  Cigna and CHLIC:**

Plaintiffs assert ERISA and RICO claims involving prescription drug benefits they allegedly received through employer-sponsored medical benefit plans for which Cigna provided administrative services or that Cigna insured.  Plaintiffs allege that they did not receive the benefits to which they were entitled.  In essence, Plaintiffs allege that their benefit plans or insurance policies require their co-payment, coinsurance, or deductible (collectively, "cost-share") to be based on and not exceed the amount at which a given pharmacy contractually negotiated and agreed to be compensated by Defendants for filling and dispensing that prescription – at least where the contractual reimbursement amount agreed to by the pharmacy is *less* than the cost-share amount set forth in Plaintiffs' plans.  Plaintiffs' claims are without merit.  Plaintiffs paid the cost-share amounts required under their plans, and they are not entitled to any other price.  Cigna and CHLIC intend to move to dismiss Plaintiffs' Consolidated Amended Complaint (due March 10, 2017).  Among other deficiencies, Plaintiffs are required to exhaust their administrative remedies provided for under the plan before suing for plan violations under ERISA Section 502(a)(1)(B), and admit they have not done so.  Plaintiffs' remaining ERISA and RICO claims fail as a matter of law.

   **2.  OptumRx:**

In addition to the description of the case provided by Cigna and CHLIC above, OptumRx states that it provides Cigna and/or its affiliates with access to certain OptumRx retail pharmacy networks pursuant to an agreement dated June 10, 2013 between Connecticut General Life Insurance Company and Catamaran PBM of Illinois, Inc. ("Catamaran"), as to which OptumRx

4

is Catamaran's successor by merger.  OptumRx is not the plan administrator or claims administrator for any of the plans at issue.  OptumRx also intends to move to dismiss Plaintiffs' Consolidated Amended Complaint (due March 10, 2017).  Among other deficiencies, Plaintiffs are required to exhaust their administrative remedies provided for under the plan before suing for plan violations under ERISA Section 502(a)(1)(B), and admit they have not done so.  Plaintiffs' remaining ERISA and RICO claims fail as a matter of law.

      **C.**     **Defenses and Claims of Third Party Defendant/s: Statement of Undisputed Facts:**

Not applicable.

**IV.**     **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

      1.     Plaintiffs were participants in employer-sponsored medical benefit plans for which Cigna provided administrative services or that Cigna insured.  These plans included prescription drug benefits.

      2.     Plaintiffs received prescription drugs pursuant to such plans.

      3.     Plaintiffs made payments for prescription drugs pursuant to such plans.

      4.     OptumRx provides Cigna and/or its affiliates with access to certain OptumRx retail pharmacy networks pursuant to an agreement dated June 10, 2013 between Connecticut General Life Insurance Company and Catamaran PBM of Illinois, Inc. ("Catamaran"), as to which OptumRx is Catamaran's successor by merger.

5.      Argus Health Systems, Inc. ("Argus") provides certain pharmacy claims services for Cigna and/or its affiliates pursuant on agreement dated January 1, 2016 between Cigna Corporate Services, LLC and Argus.

**V.      Case Management Plan**

    **A.      Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as contained herein. In addition to the deadlines included below, the parties agree that Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged on March 17, 2017.

    **B.      Scheduling Conference with the Court**

The parties request a conference with the Court to discuss the scheduling issues and disagreements discussed herein, including the scope and timing of discovery in light of Defendants' anticipated motions to dismiss, before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference in person.

    **C.      Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time, and both parties agree that additional discovery will be necessary to further any settlement discussions.

2.      The parties do not request an early settlement conference.

3.      When and if mutually desirable, the parties prefer a settlement conference with the presiding judge.

4.      The parties, at this time, do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Joinder of Parties and Amendment of Pleadings**

1.      Plaintiffs' position is that they should be allowed until December 18, 2017 to file motions to join additional parties and to amend the pleadings.  Defendants are agreeable to that date if Defendants' scheduling proposal is adopted.

2.      Defendants do not presently intend to join additional parties but reserve their right to do so.  Defendants should be allowed until January 18, 2018 to file motions to join additional parties.

**E.     Discovery**

Plaintiffs believe that a schedule for the case as a whole can be set now.  Defendants believe that it is premature to try to set the complete scope of discovery now because, as will be explained in the to-be-filed motions to dismiss, Plaintiffs' claims fail as a matter of law or are subject to administrative exhaustion before they can be pursued in court.

Defendants further believe that initial discovery while the motions to dismiss are pending should be limited to discovery relevant to the claims of the Named Plaintiffs.  Plaintiffs agree that discovery may be limited to some extent pending resolution of the motions to dismiss. However, the parties disagree as to the proper scope of discovery during this period generally and the scope of discovery relevant to the claims of the Named Plaintiffs more specifically. The parties, therefore, would like to discuss the scope of initial discovery with the Court as requested in Part V.B.

a.      Topics for Discovery.

Plaintiffs anticipate that discovery will be needed on the following subjects:

- Whether Defendants' are fiduciaries;
- Whether Defendants' are parties in interest;
- Whether Defendants' breached their fiduciary duties;

- Whether Defendants engaged in transactions prohibited by ERISA;

- Whether Defendants breached ERISA § 702;

- Whether Defendants conducted or participated in the conduct of the affairs of an enterprise through a pattern of racketeering activity;

- Whether Defendants conspired to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity;

- Whether such racketeering consisted of acts that are indictable pursuant to 18 U.S.C. §§ 1341 and 1343;

- Whether Defendants engaged in a scheme to defraud;

- Whether each Defendant was a knowing and active participant;

- Whether the mail, interstate carriers or wire transmissions were used in connection with such scheme to defraud;

- Whether Plaintiffs and Class and Sub-Class members were injured in their property or business as a direct and proximate result of Defendants' racketeering activities;

- Whether and to what extent Defendants violated the Plans' terms by authorizing or permitting pharmacies to collect and then remit "Spread" amounts to them and thereby overcharge subscribers for prescription drugs.

Defendants anticipate that discovery pending resolution of the motions to dismiss would include:

- Plaintiffs' prescription drug claims history;

- Plan documents and plan communications governing Plaintiffs' benefits;

- The agreements between Cigna and the plan sponsors for the Plaintiffs' plans;

- The relevant portions of the agreement between Cigna and OptumRx concerning retail pharmacy operations;

- The agreements between OptumRx and the pharmacies from which Plaintiffs obtained their prescription drugs;

- The relevant portions of the agreements between Cigna and Argus concerning retail pharmacy operations;

- Communications between Plaintiffs and (i) Defendants; (ii) plan sponsors; and (iii) pharmacies;

- Payments related to Plaintiffs' prescription drugs claims; and

- Plaintiffs' alleged damages.

Plaintiffs disagree with Defendants' position as to the proper scope of discovery pending resolution of the motions to dismiss generally and, in particular, Defendants' articulation of the the scope of discovery relevant to the claims of the Named Plaintiffs more specifically. While Plaintiffs agree that the topics identified by Defendants are appropriate for discovery now, Plaintiffs believe that they should also be entitled to take discovery concerning Defendant's administration of the prescription drug program and all policies and procedures relating thereto. These topics are relevant not only to the case as a whole, but also to the claims of the Named Plaintiffs. Plaintiffs would not seek discovery concerning individual class members at this time.

      b.      Plaintiffs' position is that all discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced by February 17, 2017 and completed (not propounded) by July 27, 2018.  Defendants' position is that all discovery should be completed by October 15, 2018.

      c.      Plaintiffs' position is that discovery should not be conducted in phases. Defendants' position is that it is appropriate to focus on discovery related to the claims of the Named Plaintiffs while the motions to dismiss are pending, as described in E.a. above.

      d.      [Not applicable]

    e. Plaintiffs anticipate that they will require a total of 25 depositions of fact witnesses; at this preliminary stage, defendants believe that number is higher than reasonably necessary.  Defendants preliminarily anticipate that, in addition to the Named Plaintiffs, they will require 10-15 depositions of fact witnesses. Plaintiffs' position is that the depositions will commence by February 17, 2017 and be completed by December 18, 2017.  Defendants' position is that discovery should proceed as described in E.a. above.  Defendants' position is that the depositions should be completed by March 31, 2018.

    f. The parties might request permission to serve more than 25 interrogatories.

    g. Plaintiffs' position is that they intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by January 26, 2018. Depositions of any such experts will be completed by March 2, 2018.  Defendants' position is that such reports shall be provided by April 30, 2018 and depositions will be completed by August 30, 2018.

    h. Defendants' position is that they intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by June 15, 2018. Depositions of such experts will be completed by September 30, 2018.

    i. Plaintiffs position is that they will provide rebuttal reports from retained experts by June 22, 2018. Depositions of such experts will be completed by July 27, 2018. Defendants' position is that such reports be provided by July 15, 2018 and depositions will be completed by October 15, 2018

j.	Plaintiffs propose that a damages analysis will be provided by any party who has a claim or counterclaim for damages by January 26, 2018.  Defendants' position is that the Plaintiffs should provide a damages analysis, as required by Fed. R. Civ. P. 26(a)(1), for each of the Named Plaintiffs, by May 31, 2017 or (sixty) 60 days after the Plaintiffs receive the pharmacy claims history for each of the Named Plaintiffs, whichever is later.  Defendants further propose that a damages analysis for the putative Class and Sub-class be provided by January 26, 2018.

k.	Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Within thirty days of this report, the parties will submit an ESI Protocol to the Court for entry identifying the procedures for the preservation, disclosure and management of electronically stored information.

l.	Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Within thirty days of this report, the parties will submit a Protective Order to the Court for entry identifying the procedures governing the production and protection of confidential or privileged information and for asserting claims of privilege after production.

F.    **Dispositive Motions and Motion for Class Certification:**

Plaintiffs propose that any motion for class certification or summary judgment shall be filed by the dates set forth below and that the following schedules will govern the briefing of dispositive motions and motions for class certification:

**Class Certification**

| | |
|---|---|
| Motion for class certification | February 23, 2018 |
| Opposition to class certification | May 4, 2018 |
| Reply in support of class certification | August 31, 2018 |

**Summary Judgment**

| | |
|---|---|
| Motions for summary judgment | August 31, 2018 |
| Oppositions to summary judgment | October 15, 2018 |
| Replies in support of summary judgment | November 16, 2018 |

If a dispositive motion is filed sooner than the deadlines set forth above, the response and reply deadlines shall be advanced accordingly.

Defendants propose that any motion for class certification or summary judgment shall be filed by the dates set forth below and that the following schedules will govern the briefing of dispositive motions and motions for class certification:

**Class Certification**

| | |
|---|---|
| Motion for class certification | May 25, 2018 |
| Opposition to class certification | August 3, 2018 |
| Reply in support of class certification | September 14, 2018 |

**Summary Judgment**

| | |
|---|---|
| Motions for summary judgment | September 28, 2018 |
| Oppositions to summary judgment | November 9, 2018 |

Replies in support of summary judgment    December 10, 2018

If a dispositive motion is filed sooner than the deadlines set forth above, the response and reply deadlines shall be advanced accordingly.

### G. Joint Trial Memorandum

Plaintiffs propose that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by January 25, 2019. Defendants propose that the joint trial memorandum be filed 60 days after a ruling on dispositive motions.

## VI. TRIAL READINESS

Plaintiffs propose that the case will be ready for trial by March 1, 2019. Defendants propose that the case will be ready for trial 90 days after a ruling on dispositive motions.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: February 16, 2017    Respectfully submitted,

s/ *Michael C. D'Agostino\**  
Michael C. D'Agostino (ct7294)  
MORGAN, LEWIS & BOCKIUS LLP  
One State Street  
Hartford, CT 06103  
Telephone: 860-240-2731  
Facsimile: 860-240-2800  
michael.d'agostino@morganlewis.com

Joseph J. Costello (*pro hac vice*)  
Brian W. Shaffer (*pro hac vice*)  
Elleanor R. Farrell (*pro hac vice*)  
MORGAN, LEWIS & BOCKIUS LLP  
1701 Market Street  
Philadelphia, PA 19103  
Telephone: 215-963-5000  
Facsimile: 215-963-5001  
joseph.costello@morganlewis.com

s/ *Robert A. Izard*  
Robert A. Izard (ct01601)  
*Plaintiffs' Interim Co-Lead Class Counsel*  
Craig A. Raabe (ct04116)  
Christopher M. Barrett (ct30151)  
IZARD, KINDALL & RAABE, LLP  
29 South Main Street, Suite 305  
West Hartford, CT 06107  
Telephone: 860-493-6292  
Facsimile: 860-493-6290  
rizard@ikrlaw.com  
craabe@ikrlaw.com  
cbarrett@ikrlaw.com

William H. Narwold (ct00133)  
*Plaintiffs' Interim Co-Lead Class Counsel*  
Mathew Jasinski, (ct27520)  
MOTLEY RICE LLC

13

brian.shaffer@morganlewis.com
elleanor.farrell@morganlewis.com

*Attorneys for Defendants Cigna and CHLIC*



         *s/ Kelly Frye Barnett\**
Kelly Frye Barnett (ct29817)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8206
E-mail: kbarnett@rc.com

William R. Stoeri (To Be Admitted *Pro Hac Vice*)
Michelle S. Grant (To Be Admitted *Pro Hac Vice*)
Andrew Holly (To Be Admitted *Pro Hac Vice*
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN  55402-1498
Telephone:     (612) 340-2600
Facsimile:      (612) 340-2868
stoeri.bill@dorsey.com
grant.michelle@dorsey.com
holly.andrew@dorsey.com

*Attorneys for Defendant OptumRx, Inc.*


\* Signed with consent pursuant to § XI(D) of the Electronic Filing Policies & Procedures manual.

One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:   206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP

14

1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:  612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:  985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:  504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:  516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:  866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*

15

LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone:  612-596-4097
Facsimile:   612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com