UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, COURTNEY GALLAGHER, Individually and on Behalf of All Others Similarly Situated, NINA CUROL, Individually and on Behalf of All Others Similarly Situated, and ROGER CUROL, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>   vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                  Defendants. | Civil No. 3:16-cv-1702 (WWE) |

**DEFENDANTS CIGNA CORPORATION AND CIGNA HEALTH
AND LIFE INSURANCE COMPANY'S MEMORANDUM
OF LAW IN SUPPORT OF UNOPPOSED MOTION TO SEAL**

      Pursuant to Local Civil Rule 5(e) and 7(a), Defendants Cigna Corporation ("Cigna") and Cigna Health and Life Insurance Company ("CHLIC") (collectively, the "Cigna Defendants") respectfully submit this memorandum of law in support of their motion to seal the unredacted versions of Exhibits 2, 4, 6, 7, 9, 10, 13, and 14 to the Motion to Dismiss.

      In the Consolidated Complaint, Plaintiffs assert ERISA and RICO claims involving prescription drug benefits they allegedly received through employer-sponsored medical benefit plans for which the Cigna Defendants provided administrative services or that the Cigna

Defendants insure. The Cigna Defendants deny Plaintiffs' claims and are now moving to dismiss the Consolidated Complaint.

In connection with their Motion to Dismiss, the Cigna Defendants are relying upon and attaching certain contracts between CHLIC and its clients that are referenced in, but not attached to, the Consolidated Complaint. They include:

1) Exhibit 2 – Plan Sponsor Administrative Services Contract, effective date January 1, 2016 (Curols)

2) Exhibit 4 – Plan Sponsor Cigna Health and Life Insurance Policy, effective date, March 1, 2015 (Gallagher)

3) Exhibit 6 – Plan Sponsor Cash Management Program Disclosure, effective date, March 1, 2015 (Gallagher)

4) Exhibit 7 – Plan Sponsor Cash Management Program Disclosure, effective date, March 1, 2016 (Gallagher)

5) Exhibit 9 – Plan Sponsor Administrative Services Only Agreement Amendment, dated December 8, 2014, effective date, January 1, 2015 (Negron)

6) Exhibit 10 – Plan Sponsor Administrative Services Only Agreement Amendment, dated May 29, 2015, effective date, January 1, 2015 (Negron)

7) Exhibit 13 – Plan Sponsor Administrative Services Only Agreement Amendment, effective date, January 1, 2015 (Perry)

8) Exhibit 14 – Plan Sponsor Administrative Services Only Agreement Disclosure, effective date, January 1, 2016 (Perry)

The documents listed above (the "Subject Documents") contain information that the Cigna Defendants maintain as confidential and do not share publicly. In particular, the documents reflect information that CHLIC generally discloses only during non-public negotiations with plan sponsors (Cigna's clients). Moreover, as finalized, the Subject Documents reflect the substance of non-public negotiations between CHLIC and plan sponsors that are not shared with competitors or prospective clients. Specifically, these contracts include

sensitive financial and pricing terms and dictate the rates that the plan sponsor pays CHLIC for prescription drugs.  The Cigna Defendants reasonably believe that the foregoing information constitutes or reveals commercially sensitive information and, if disclosed, could be used to their disadvantage.  In that regard, CHLIC takes steps to safeguard and maintain the confidentiality of the terms of these contracts and disclosures.  Therefore, the Cigna Defendants are filing this motion to seal.  Plaintiffs consent to the filing of the Subject Documents under seal, but reserve the right to move to unseal them.

The Cigna Defendants are filing this motion to seal under Local Civil Rule 5(e)(4)(b) without the documents sought to be sealed.  If the Court grants the Cigna Defendants' motion to seal, the Cigna Defendants will e-file redacted versions of the Subject Documents in the public domain and unredacted versions of them under seal.

In sum, the interests of the parties in maintaining the confidentiality of commercially sensitive information override the public's interest in viewing it.  Accordingly, the Cigna Defendants respectfully request that the Court grant their unopposed motion and seal the Subject Documents.

Dated:  March 10, 2017

Respectfully submitted,

/s/ Joseph J. Costello
Joseph J. Costello (ct14917)
Brian W. Shaffer (phv08654)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  215-963-5000
Facsimile:  215-963-5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Michael C. D'Agostino (ct7294)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  860-240-2731
Facsimile:  860-240-2800
michael.dagostino@morganlewis.com

*Attorneys for Defendants Cigna Corporation and Cigna Health and Life Insurance Company*