UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                    Defendants. | Civil No. 16-cv-1702<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL<br><br><br><br><br><br>April 21, 2017 |

## [PROPOSED] PROTECTIVE ORDER

1.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and hereby orders that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2.  Information, documents and other materials may be designated by the producing party in the manner permitted ("the Designating Person").  All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  This Order shall apply to Designated Material produced by any party or third-party in this action.

3.  "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary or otherwise sensitive non-public business information, (c) information implicating an individual's legitimate expectation of privacy, or (d) "protected health information" as defined in 45 C.F.R. §§ 160.103 and 164.501.

4.  "CONFIDENTIAL—ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5.      Designated Material may only be used as permitted under this Order.  Designated Material shall not be used or disclosed by the receiving party for any purpose other than the litigation of this action and may be disclosed only as follows:

    a.  *Parties*:  Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.  This provision does not apply to directors, officers and employees who otherwise have access to the same information outside the context of the litigation of this action.

    b.  *Witnesses or Prospective Witnesses*:  Designated Material, including material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

    c.  *Outside Experts*:  Designated Material, including material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

    d.  *Counsel*:  Designated Material, including material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates staff attorneys, paralegals, and regularly employed office staff.

    e.  *Other Persons*:  Designated Material, including material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be provided as necessary to copying services, translators, litigation support firms, and deposition stenographers and videographers.  Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6. *Protected Health Information*:

   a. All parties and counsel in this action (including all plaintiffs' counsel, regardless of the particular individual(s) they represent) are authorized to receive, subpoena, and transmit protected health information to the extent and subject to the conditions set forth herein.

   b. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information in this action to the extent and subject to the conditions set forth herein.

   c. Nothing in this Order authorizes counsel to obtain medical records or protected health information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

   d. This Order does not control or limit the use of protected health information that comes into possession of any party or any party's counsel from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

7. Third parties producing documents in the course of this action may also designate documents either (a) "CONFIDENTIAL" or (b) CONFIDENTIAL—ATTORNEYS' EYES ONLY" subject to the same protections and constrains as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by third parties shall be treated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for a period of 14 days from the date of production, and during that period any party may designate such documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

8. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and

   b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(a), (b), (c), and (e) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court, if the parties cannot agree otherwise.

10. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order. A person having custody of protected health information shall maintain the information in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled

to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

11.     Counsel who provided access to Designated Material shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

12.     Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

13.     The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

14.     A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within five business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.

15.     Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

16.     Any Designated Material which becomes part of an official judicial proceeding not closed to the public, or which is not filed under seal with the Court, is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5 of the Local Rules of this Court. Before disclosing Designated Material under this paragraph, the party intending to disclose such material (the "Filer") shall provide advance notice to the Designating Person and a reasonable opportunity to seek protection from disclosure, as may be appropriate.  In the event that the Filer intends to file Designated Materials in support of or in opposition to a motion, the Filer shall notify the Designating Person, and the Designating Person shall be responsible for drafting a joint motion to seal and any necessary supporting documents and make reasonable efforts to provide such drafts to the Filer by 3 p.m. on the date of the filing. The parties shall cooperate in good faith in connection with the preparation of any

necessary motions to seal. This Protective Order does not provide for the automatic sealing of such Designated Material.  If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

17.     Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material.  The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

18.     Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person.  Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers (including exhibits), transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Designated Materials.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order.

19.     Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality.  Any such error shall be corrected within a reasonable time.

20.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.  If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production.  When a party receives notice of such inadvertent production, it shall return, destroy, or sequester all copies of inadvertently produced material within three business days.   Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege, protection, or immunity shall be destroyed or sequestered forthwith.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work-product protection or other applicable privilege, protection, or immunity designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged, protected, or immune nature of any inadvertently produced information or material.  Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege, protection, or immunity is resolved by agreement of the parties or by the Court.  Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials, or any notes or summaries referring or relating to any such inadvertently produced information or materials, to respond to a motion by the Designating Party seeking return or destruction of such information or materials.  If a receiving party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is privileged, protected, or immune, Counsel for the receiving party shall

immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

21.     Notwithstanding the provisions of Rule 502(b) of the Federal Rules of Evidence, there has been no waiver of any privilege, protection, or immunity if a party discloses or produces privileged, protected, or immune documents or information, regardless of whether the party took reasonable steps to prevent the production or disclosure or to rectify the error.

22.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

23.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

                                          IT IS SO ORDERED,

                                          _____
                                          Warren W. Eginton
                                          United States District Judge

**EXHIBIT A**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled In re Cigna Corp. PBM Litig, No. 3:16-cv-1702-WWE (D. Conn.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

  I have been informed that this Court has enjoined the use of materials designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by me for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person except as set forth in the Protective Order.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____  DATED: _____

Signed in the presence of:


_____  (Attorney)