Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, AND CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § § | JURY DEMANDED |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 6:14-cv-00765 |
| TEXAS SPINE AND JOINT HOSPITAL, LTD. | § § § | |
| Defendant. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   RESPONSE TO STATEMENT OF THE ISSUES ......................................... 2

III.  FACTUAL BACKGROUND ......................................................................... 3

IV.   ARGUMENTS AND AUTHORITIES ........................................................... 6

    A.    Standard of Review ............................................................................... 6

    B.    The Complaint Demonstrates Cigna Possesses Standing To Maintain
           Claims Under ERISA To Recoup Benefits Paid To Texas Spine. ........ 7

          1.    The Allegations in the Complaint Demonstrate Cigna Has Standing
               to Maintain Claims Against Texas Spine Under Section 502(a)(3)
               of ERISA. ...................................................................................... 8

          2.    Texas Spine's Reliance on the Fisher case is Misplaced. ......... 11

          3.    Contrary to Texas Spine's Arguments, the Court's Decisions in La
               Peer Surgery Center Confirm That Cigna Has Standing To Sue
               Under ERISA. .............................................................................. 13

          4.    Cigna's Complaint satisfies the requirements of Rule 8 ........... 16

          5.    Texas Spine Ignores Cigna's Injuries Under Fully-Insured Plans ........... 17

    C.    The Complaint Pleads Plausible Claims For Fraud And Negligent
           Misrepresentation. ............................................................................... 17

          1.    Fee-Forgiving is Fraud. ............................................................. 18

          2.    The Complaint Pleads the Fraud and Negligent Misrepresentation
               Claims With the Requisite Level of Specificity. ...................... 19

    D.    Cigna Properly Invokes the Discovery Rule ...................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Health Inc. v. Davila,*
   542 U.S. 200 (2004)............................................................................................................9

*Aetna Life Ins. Co. v. Warren Medical Imaging, LLC,*
   No. 4:13-cv-00102, 2013 WL 3833507 (E.D. Tex. Jul. 22, 2013)...................................20, 22

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)............................................................................................................6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)........................................................................................................6, 20

*Blue Cross & Blue Shield of Ala. v. Sanders,*
   138 F.3d 1347 (11th Cir. 1998) .........................................................................................9

*Burnette v. Wells Fargo Bank, N.A.,*
   No. 4:09–CV–370, 2010 WL 1026968 (E.D. Tex. Sep. 30, 2010)........................................16

*Center for Reconstructive Breast Surgery, LLC v. BlueCross BlueShield of La.,*
   No. 11-806, 2014 WL 4930443 (E.D. La. Sept. 30, 2014)...............................................20, 22

*Conn. Gen. Life Ins. Co. v. Ambulatory Health Sys., LLC,*
   No. 4:12-cv-0535, 2013 WL 1003495 (E.D. Tex., Mar. 13, 2013) ..............................7, 10, 15

*Conn. Gen. Life Ins. Co. v. La Peer Surgery Ctr. LLC,*
   No. 2:13-cv-03726, 2014 WL 961806 (C.D. Cal. Mar. 12, 2014) ("*La Peer Surgery
   Center*").................................................................................................................... passim

*Encompass Office Solutions, Inc. v. Conn. Gen. Life Ins. Co.,*
   No. 3:11-cv-02487-L, 2013 WL 1194392 (N.D. Tex. Mar. 25, 2013)........................... passim

*Fisher v. Blue Cross and Blue Shield of Texas,*
   879 F. Supp. 2d 581 (N.D. Tex. 2012) ("*Fisher*").......................................................7, 11, 12

*Fustok v. UnitedHealth Grp.,*
   No. 12-cv-787, 2013 WL 2189874 (S.D. Tex. May 20, 2013).......................................7, 20, 22

*Home Builders Ass'n of Miss., Inc. v. City of Madison,*
   143 F.3d 1006 (5th Cir.1998) ..........................................................................................6, 17

*K3C Inc. v. Bank of Am., N.A.,*
   204 F. App'x 455 (5th Cir. 2006)........................................................................................23

# TABLE OF AUTHORITIES
(continued)

Page

*King v. Unum Life Ins. Co.*,
447 F. App'x 619 (5th Cir. 2011) ..........................................................................16

*Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*,
729 F.3d 421 (5th Cir. 2013) ..................................................................................6

*Melder v. Morris*,
27 F.3d 1097 (5th Cir. 1994) ..................................................................................7

*Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*,
No. 2:13-cv-02378, 2014 WL 1028351 (C.D. Cal. Mar. 13, 2014) ............................... passim

*Rader v. Cowart*,
543 F. App'x 358 (5th Cir. 2013) ............................................................................6

*Stahl v. Exxon Corp.*,
212 F. Supp. 2d 657 (S.D. Tex. 2002) ...................................................................16

*Stoneciphers Estate v. Butts Estate*,
591 S.W.2d 806 (Tex. 1979)..................................................................................23

*TIG Ins. Co. v. Aon Re., Inc.*,
521 F.3d 351 (5th Cir.2008) ................................................................................23

*Tom v. Haw. Dental Serv.*,
606 F. Supp. 584 (D. Haw. 1985) .........................................................................18

*Turner v. Pleasant*,
663 F.3d 770 (5th Cir. 2011) ..................................................................................6

*United States ex rel. Grubbs v. Kanneganti*,
565 F.3d 180 (5th Cir. 2009) .............................................................................6, 20

*United States ex. rel. Johnson v. Shell Oil Co.*,
183 F.R.D. 204 (E.D. Tex. 1998)...........................................................................20

*United States ex. rel. Sharp v. Eastern Okla. Orthopedic Ctr.*,
No. 05-cv-572, 2013 WL 5816419 (N.D. Okla. Oct. 29, 2013)............................18

*Varity Corp. v. Howe*,
516 U.S. 489 (1996)................................................................................................9

*Wagner & Brown, Ltd. v. Horwood*,
58 S.W.3d 732 (Tex. 2001)...................................................................................23

Case 3:15-cv-01702-JAM Document 109-4 Filed 07/10/17 Page 6 of 31

**TABLE OF AUTHORITIES**
(continued)

**Page**

**STATUTES**

29 U.S.C. § 1132(a)(3)............................................................................................8, 9

29 U.S.C. § 1002(21)(a)..........................................................................................8, 9

TEX. INS. CODE, § 1204.055(b) ...............................................................................19

**OTHER AUTHORITIES**

FED. R. CIV. P. 8 .....................................................................................................17

FED. R. CIV. P. 9(b)...................................................................................6, 7, 20, 21

FED. R. CIV. P. 12(b)(1) and 12(b)(6).......................................................................6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, AND CIGNA HEALTH AND LIFE INSURANCE COMPANY, | § § § § | JURY DEMANDED |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:14-cv-00765 |
| | § | |
| TEXAS SPINE AND JOINT HOSPITAL, LTD. | § § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Plaintiffs" or "Cigna") file this Response to Defendant Texas Spine and Joint Hospital, Ltd.'s ("Defendant" or "Texas Spine") Motion to Dismiss.  In support thereof, Plaintiffs state as follows:

## I.  INTRODUCTION

In the Complaint, Cigna describes at length the widespread fee-forgiving and fraudulent dual billing scheme that Cigna alleges Texas Spine engaged in over a period of several years in order to wrongfully induce Cigna into paying Texas Spine millions of dollars in benefits under employee health and welfare benefit plans, the vast majority of which are governed by ERISA. The effect of Texas Spine's scheme was to artificially inflate the cost of healthcare and to deplete the assets of the plans under which Texas Spine wrongfully obtained benefits.

In the Motion to Dismiss, Texas Spine does not directly challenge the assertion that it engaged in fee-forgiving or that fee-forgiving and Texas Spine's other business practices

constitute fraud.  Instead, Texas Spine simply asserts that the allegations in the Complaint fail to (1) plausibly allege that Cigna has standing to maintain a claim under Section 502(a)(3) of ERISA to recover the benefits paid to Texas Spine, and (2) state Cigna's claims for fraud and negligent misrepresentation with the requisite particularity.

While Texas Spine attempts to marshal some support for its position, it either overlooks or ignores the bevy of cases, including cases pending in this court, that have rejected the very arguments Texas Spine attempts to rely upon in the Motion to Dismiss.  Several courts have found that Cigna has standing as an ERISA fiduciary to maintain claims under Section 502(a)(3) of ERISA and that Cigna and other insurers asserted claims for fraud with the level of particularity mandated by Rule 9(b) of the Federal Rules of Civil Procedure based upon allegations that are remarkably similar to those contained in the Complaint.

Cigna respectfully submits that the same result be reached in this action so that Cigna can maintain claims under ERISA and Texas common law to recover the benefits that were erroneously paid to Texas Spine as a direct result of its illicit scheme.  As a result, for the reasons discussed below, Cigna requests that Texas Spine's Motion to Dismiss be denied in its entirety.

## II.  RESPONSE TO STATEMENT OF THE ISSUES

1.      Cigna alleges, among other things, that: (a) it administers employee health and welfare benefit plans governed by ERISA, (b) the plan documents confer Cigna with the discretion and authority to make benefits determinations under the plans, and (c) Cigna made the benefits determinations with regard to the claims submitted by Texas Spine.  Several courts analyzing strikingly similar allegations held that such allegations were sufficient to plausibly allege Cigna possessed standing as an ERISA fiduciary to maintain claims under Section 502(a)(3) of ERISA.  Cigna has standing to pursue claims against Texas Spine under ERISA.

2.      In the Complaint, Cigna describes the fraudulent scheme pursuant to which Texas Spine falsely misrepresented the charges for its services in claims for reimbursement submitted to Cigna over a period of several years.  Cigna further describes how it relied upon Texas Spine's misrepresentations in processing and paying Texas Spine millions of dollars.  Once again, courts have found nearly identical allegations were sufficient to state claims for fraud under Rule 9(b) of the Federal Rules of Civil Procedure.  Cigna has properly pleaded its claims for fraud and negligent misrepresentation.

3.      Cigna describes Texas Spine's alleged fraudulent conduct with particularity and asserts that Texas Spine's conduct was inherently undiscoverable.  Furthermore, the Fifth Circuit Court of Appeals has held that no special pleading requirements apply to pleading the discovery rule.  Cigna has properly invoked the discovery rule.

## III.  FACTUAL BACKGROUND

Cigna administers and, in some instances, insures employee health and welfare benefit plans.  (*See* Cigna's Original Complaint, ECF No. 1, ¶¶ 14-18, 61).  While the majority of these plans are governed by ERISA, a small number of those plans fall outside the scope of ERISA.  (Complaint, ECF No. 1, ¶ 16).

Cigna offers both fully insured plans and plans where the employers or plan sponsors fund the benefits available under the plans and contract with Cigna to provide administrative services only ("ASO") with respect to the plans. (Complaint, ECF No. 1, ¶ 14).  The administrative services Cigna provides include processing claims for payments submitted by providers and adjudicating appeals of adverse benefits decisions by plan members.  (Complaint, ECF No. 1, ¶ 14).

Texas Spine is a hospital located in Tyler, Texas where physicians perform surgical and related healthcare services. (Complaint, ECF No. 1, ¶ 22). For several years, Texas Spine submitted claims for reimbursement to Cigna, seeking payment for medical services that were provided to persons covered or otherwise believed to be entitled to benefits under plans administered or insured by Cigna. (Complaint, ECF No. 1, ¶¶ 22, 23, 29, 31-35).

While Cigna paid the claims submitted by or on behalf of Texas Spine for a period of time, Cigna ultimately discovered Texas Spine had improperly obtained benefits under plans administered or insured by Cigna by engaging in fraudulent practices. (Complaint, ECF No. 1, ¶¶ 1, 4-5, 25-27, 29-34). Cigna audited claim files for claims submitted by or on behalf of Texas Spine in 2011 and 2012. (Complaint, ECF No. 1, ¶¶ 23-24, 29). Cigna discovered in the course of those audits that although Texas Spine is not a network provider, Texas Spine informed Cigna plan members that Texas Spine would honor the members' in-network rates. (Complaint, ECF No. 1, ¶¶ 25-26). Texas Spine also waived patient copays, coinsurance, and other patient cost-sharing, or calculated and collected patient responsibility based upon average rates of reimbursement and not as a percentage of the total charges Texas Spine billed to Cigna. (Complaint, ECF No. 1, ¶¶ 25-26, 31, 32-34). Cigna further discovered that Texas Spine publicly advertised that it would honor members' in-network rates and would discount patients deductibles and coinsurance percentage to in-network levels even if Texas Spine was not in-network with the members' carrier. (Complaint, ECF No. 1, ¶¶ 29-30 and Exs. A, B).

At the same time, Texas Spine informed plan members that it would honor their in-network reimbursement rates and discount (or waive) the members' copays or coinsurance, Texas Spine submitted claims for reimbursement to Cigna in which Texas Spine charged Cigna amounts that greatly exceeded amounts that would have been billed and paid for in-network care.

(Complaint, ECF No. 1, ¶¶ 31-32, 34).  Moreover, Texas Spine submitted claims to Cigna on forms in which Texas Spine represented that the amounts billed to Cigna were the true and correct charges for the services provided to the Cigna plan members.  (Complaint, ECF No. 1, ¶¶ 33, 36, 68).  Those representations were false as Texas Spine had engaged in fee forgiving and employed a fraudulent dual billing scheme where Texas Spine informed plan members that they would only be charged an amount that represented some unknown and undisclosed "discount" off of its out-of-network charges, but submitted bills to Cigna seeking reimbursement at full out-of-network rates.  (Complaint, ECF No. 1, ¶¶ 1, 26, 31, 32, 36, 68).

Texas Spine similarly misrepresented to Cigna that Texas Spine held patients responsible for the appropriate amount of patient responsibility when, in fact, Texas Spine had a policy and practice of collecting, at most, amounts from patients that were based upon average amounts reimbursed for in-network care and not the out-of-network rates billed to Cigna.  (Complaint, ECF No. 1, ¶ 69).  Texas Spine intentionally failed to disclose its policy and practice of failing to hold patients responsible for the appropriate amount of patient responsibility to Cigna.  (Complaint, ¶ 70, 71, 76, 77).  Simply put, Cigna alleges that Texas Spine's conduct constitutes blatant fee-forgiving and is unlawful.  (Complaint, ECF No. 1, ¶¶ 1, 32, 34, 70, 77).

As result of Texas Spine's conduct, Cigna paid Texas Spine more than $6 million in benefits under plans administered or insured by Cigna.  (Complaint, ECF No. 1, ¶¶ 73, 79).  Cigna brings its claims in this case to both recover the overpayments that were made to Texas Spine as an out-of-network provider, and to restore the assets of ASO benefit plans it administers for the benefit of the employees covered under those plans.  (Complaint, ECF No. 1, ¶ 5).

# IV. ARGUMENTS AND AUTHORITIES

## A.    Standard of Review.

Texas Spine moves to dismiss Cigna's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 12(b)(1) governs challenges to courts subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

The central issue in a motion to dismiss pursuant to Rule 12(b)(6) is whether, when viewed in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Rader v. Cowart*, 543 F. App'x 358, 361 (5th Cir. 2013) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).  In deciding a motion to dismiss under Rule 12(b)(6), a court "accept[s] as true all well pleaded facts" in the complaint.  *Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 423 (5th Cir. 2013).

Furthermore, to withstand a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not reflect a subscription to fact pleading and requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86

(5th Cir. 2009)(citation omitted).  Courts applying this standard have held that Rule 9(b) essentially requires a claimant to answer the "newspaper questions" regarding the alleged fraud (the who, what, when, where, and how).  *See Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994); *Fustok v. UnitedHealth Group*, No. 12-cv-787, 2013 WL 2189874, at *5 (S.D. Tex. May 20, 2013).

## B.   The Complaint Demonstrates Cigna Possesses Standing To Maintain Claims Under ERISA To Recoup Benefits Paid To Texas Spine.

Texas Spine moves to dismiss Cigna's claim under Section 502(a)(3) of ERISA based on the argument that the Complaint fails to allege that Cigna acted as an ERISA fiduciary and therefore lacks standing to maintain a civil claim under ERISA.  Texas Spine's argument rests almost exclusively on two cases: (1) Judge Lindsay's opinion *Fisher v. Blue Cross and Blue Shield of Texas*, 879 F. Supp. 2d 581 (N.D. Tex. 2012) ("*Fisher*"); and (2) an opinion issued by the court in *Conn. Gen. Life Ins. Co. v. La Peer Surgery Ctr. LLC*, No. 2:13-cv-03726, 2014 WL 961806 (C.D. Cal. Mar. 12, 2014) ("*La Peer Surgery Center*").

Contrary to Texas Spine's arguments, neither case supports the conclusion that Cigna lacks standing to maintain a civil claim under ERISA to recover the benefits Texas Spine obtained based upon its fraudulent scheme.  Moreover, courts in at least two cases that Texas Spine failed to even mention in the Motion to Dismiss (including a subsequent opinion issued by Judge Lindsay in a matter in which Cigna is a party) rejected the very same argument Texas Spine makes in this case.  *Encompass Office Solutions, Inc. v. Conn. Gen. Life Ins. Co.*, No. 3:11-cv-02487-L, 2013 WL 1194392 (N.D. Tex. Mar. 25, 2013) (J. Lindsay); *Conn. Gen. Life Ins. Co. v. Ambulatory Health Sys., LLC,* No. 4:12-cv-0535, 2013 WL 1003495 (E.D. Tex., Mar. 13, 2013).  Cigna submits that this Court should do the same.

Furthermore, a review of the pleadings in *La Peer Surgery Center* demonstrates that the court expressly found that the allegations in Cigna's third amended complaint in that case were

sufficient to confer Cigna with standing to maintain a claim under Section 502(a)(3) of ERISA to recover benefits that had been improperly obtained by a medical provider.  (See § B.3 infra).  In addition, at least one other court expressly declined to follow the initial ruling issued in the *La Peer Surgery Center* case and once again found that Cigna's claims in that case plausibly alleged that Cigna exercised fiduciary duties under ERISA and therefore had standing to maintain a civil claim under ERISA.  *Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*, No. 2:13-cv-02378, 2014 WL 1028351, at *3 (C.D. Cal. Mar. 13, 2014).  In fact, when the authorities relevant to evaluating Cigna's standing to sue under ERISA are analyzed in detail, it is apparent that all of those authorities, including those cited by Texas Spine, warrant a finding that the allegations in the Complaint plausibly allege Cigna has standing to maintain a civil claim under Section 502(a)(3) of ERISA.  As a result, Texas Spine's Motion to Dismiss should be denied.

1.    **The Allegations in the Complaint Demonstrate Cigna Has Standing to Maintain Claims Against Texas Spine Under Section 502(a)(3) of ERISA.**

Section 502(a)(3) of ERISA specifies the parties that have standing to maintain a claim for relief under ERISA.  29 U.S.C. § 1132(a)(3).  Under Section 502(a)(3), plan participants, beneficiaries, or ***fiduciaries*** may bring a civil action under ERISA to enjoin any act or practice that violates certain provisions of ERISA or the terms of the plan, or to obtain other appropriate equitable relief.  29 U.S.C. § 1132(a)(3).

Cigna is not a plan participant or beneficiary.  Therefore, to have standing to maintain its claims under ERISA, Cigna's allegations must plausibly allege that it qualifies as a fiduciary under ERISA. 29 U.S.C. § 1132(a)(3).  Section 1002(21)(a) of ERISA states that a person or entity is a fiduciary to the extent that party (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) renders investment advice for a fee or

other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan.  29 U.S.C. § 1002(21)(a).

In analyzing whether a party qualifies as a fiduciary under ERISA, courts have held that a party engages in a fiduciary act connected to plan administration when that party determines whether a claimant is entitled to benefits under the terms of the plan.  *See Varity Corp. v. Howe*, 516 U.S. 489, 511-12 (1996) (stating that any person or entity that makes a final determination to authorize or disallow payment of benefits under employee benefits plans subject to ERISA qualifies as a fiduciary under ERISA); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 206 (2004); *see also Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352-53 (11th Cir. 1998) (holding that Blue Cross & Blue Shield, as a ***claims administrator***, was a fiduciary under Section 1132(a)(3) (emphasis added)).

The allegations in the Complaint demonstrate that Cigna engaged in fiduciary acts with regard to the claims submitted by Texas Spine.  Cigna alleges that it administers or insures employee health and welfare benefit plans that are subject to ERISA. (Complaint, ECF. No. 1, ¶¶ 4-5, 11).  Cigna offers both fully insured plans and plans where the employers or plan sponsors fund the benefits available under the plans and contract with Cigna to provide administrative services only with respect to the plans (ASO plans). (Complaint, ECF. No. 1, ¶¶ 5, 14).  The administrative services Cigna provides include processing claims for payments submitted by healthcare providers and adjudicating appeals of adverse benefits decisions by plan members. (Complaint, ECF. No. 1, ¶ 14).

Cigna also expressly alleges that it acted as a fiduciary in administering the claims for benefits submitted by Texas Spine and that Cigna is exercising its duties as an ERISA fiduciary

in seeking to recover overpayments of benefits that were paid to Texas Spine. (Complaint, ECF No. 1, ¶¶ 2, 11). Cigna further alleges that Cigna acts as the claims fiduciary under the ERISA governed plans that Cigna administers or insures, Cigna has been delegated the authority to review and make decisions on claims submitted under those plans, and that the plans grant Cigna the right to recover any overpayments or other payments made under the plans. (Complaint, ¶¶ 90, 91, 94). In addition, Cigna alleges in the Complaint that the products and services Texas Spine provided do not constitute covered services as defined by the Summary Plan Descriptions issued with respect to the benefit plans at issue in this case, and Cigna seeks to recover the amounts paid to Texas Spine. (Complaint, ECF No. 1, ¶¶ 46-52, 91, 92).

These factual allegations, which must be accepted as true for purposes of a motion to dismiss, demonstrate Cigna exercised fiduciary duties under ERISA in rendering decisions on claims for reimbursement of benefits submitted by Texas Spine and in instituting this litigation to recover the amounts that were paid to Texas Spine under ERISA-governed plans. Importantly, courts in several cases analyzing similar allegations held Cigna properly alleged that it exercised discretionary authority over the plans and qualified as a fiduciary with standing to sue under Section 502 of ERISA. *See Encompass Office Solutions, Inc.*, 2013 WL 1194392; *Conn. Gen. Life Ins. Co.*, 2013 WL 1003495, at *2-3; *Nutrishare, Inc.* 2014 WL 1028351, at *3. Those decisions demonstrate that the allegations in the Complaint establish that Cigna exercised fiduciary duties with regard to claims submitted by Texas Spine and has standing to maintain its ERISA claims in this case.

While the allegations in the Complaint and the terms of the relevant plans described in the Complaint demonstrate Cigna acted as an ERISA fiduciary in rendering the final benefits decision on the claims submitted by Texas Spine, the Court's determination on this point need

not rest solely on Cigna's allegations. The allegations Texas Spine asserts in its Counterclaim reinforce that conclusion. Specifically, the very same day that Texas Spine moved to dismiss Cigna's claims under ERISA, Texas Spine asserted several counterclaims against Cigna, including a claim to recover benefits alleged to be owed under Section 502(a)(3) of ERISA and claims for breach of fiduciary duties based upon the allegation that Cigna violated various procedural provisions of ERISA. (Counterclaim, ECF No. 7, p. 21, ¶ 151). By naming Cigna as a counter-defendant in the claims it asserts under ERISA, Texas Spine effectively admits that Cigna exercised discretionary control of the administration of the plans Cigna administers and insures. Thus, both Cigna's and Texas Spine's allegations demonstrate that Cigna exercised fiduciary duties in administering benefits under the relevant plans. Cigna has standing to maintain claims under Section 502(a)(3) of ERISA.

> ## 2. Texas Spine's Reliance on the *Fisher* case is Misplaced.

Texas Spine attempts to rely upon Judge Lindsay's opinion in *Fisher v. Blue Cross and Blue Shield of Texas*, 879 F. Supp. 2d 581 (N.D. Tex. 2012) to demonstrate the Cigna lacks standing to pursue claims under ERISA in this case. However, Judge Lindsay's subsequent opinion in *Encompass Office Solutions, Inc. v. Connecticut General Life Ins. Co*., No. 3:11-cv-02487-L, 2013 WL 1194392 (N.D. Tex. Mar. 25, 2013), in which Judge Lindsay analyzed claims asserted by Cigna that are remarkably similar to the claims Cigna asserts in this case, confirms that Cigna has standing to maintain its claim to recoup benefits from Texas Spine under ERISA.

In the *Fisher* case, the plaintiff, who had entered into a contract with the insurer, provided anesthesia services to obstetricians and gynecologists who performed in-office surgeries. *Fisher*, 879 F. Supp. 2d at 581. In response to the plaintiffs' claims, the defendant insurer filed a counterclaim under ERISA to recover payments made to the plaintiff. *Id*. As Judge Lindsay

noted, the defendant insurer's claims relied heavily on the allegation that the plaintiff violated the terms of the defendant's provider manual. *Id*. In addition, Judge Lindsay found that the insurer in the *Fisher* case did not allege, with respect to its ERISA counterclaims, "that it was exercising discretionary control over plan assets or discretionary responsibility with regard to plan administration or even that it was vested with authority to take such action." *Id*.

After Judge Lindsay issued the opinion in the *Fisher* case, another provider instituted a case against certain Cigna entities, asserting that those entities had wrongfully denied claims for reimbursement submitted by that provider. *Encompass Office Solutions, Inc.* 2013 WL 1194392, at *5. In response, the Cigna parties asserted a counterclaim under Section 502(a)(3) of ERISA to recover all amounts that had been paid to the provider. *Id*. As in this case, the provider moved to dismiss Cigna's counterclaims, arguing that Cigna lacked standing to maintain a claim under Section 502(a)(3) ERISA. *Id*.

After noting the provider's reliance on his prior ruling in the *Fisher* case, Judge Lindsay denied the motion to dismiss in its entirety. *Id*. at *6. In reaching that conclusion, Judge Lindsay recognized that Cigna alleged in that case that it administers plans subject to ERISA and had been delegated the discretion or authority to adjudicate claims for benefits under those plans. *Id*. Judge Lindsay also observed that Cigna alleged that its claims were for the recovery of payments made to the provider that were for services or products that were not reimbursable under the employee health and welfare benefit plans and policies administered by Cigna. *Id*. Accordingly, Judge Lindsay concluded that Cigna's allegations were sufficient to establish that its claims arose under ERISA, and that Cigna had standing as a fiduciary under ERISA to pursue those claims in federal court. *Id*. Notably, the remedy Cigna sought (and continues to pursue) in the *Encompass* case is the same remedy Cigna seeks in this case. *See id*.

In the present case, Cigna's allegations regarding overpayment are analogous to the allegations in the *Encompass* case. In this action, Cigna alleges that it acted as a fiduciary in administering the claims for benefits submitted by Texas Spine and that Cigna is exercising its duties as an ERISA fiduciary in seeking to recover overpayments of benefits that were paid to Texas Spine. (Complaint, ¶ 2). Cigna further alleges that it acts as the claims fiduciary under the ERISA governed plans that Cigna administers or insurance, Cigna has been delegated the authority the review and make decision of claims submitted under those, and that the plans grant Cigna the right to recover any overpayments or other payments made under the plans. (Complaint, ¶¶ 90, 91, 94). Accordingly, Cigna submits that this Court should reach the same conclusion that Judge Lindsay reached in the *Encompass* case and deny the Motion to Dismiss.

### 3. Contrary to Texas Spine's Arguments, the Court's Decisions in *La Peer Surgery Center* Confirm That Cigna Has Standing To Sue Under ERISA.

In the Motion to Dismiss, Texas Spine dedicates considerable attention to the court's decision in *La Peer Surgery Center LLC* in an attempt to muster some support for the position that Cigna lacks standing to maintain a claim under Section 502(a)(3) of ERISA. (Motion to Dismiss, ECF No. 5, p. 8-11, ¶¶ 20-22). However, Texas Spine has mischaracterized the procedural history of the *La Peer Surgery Center* case and has failed to point this Court to another case in which a court declined to follow the court's initial decision in *La Peer Surgery Center*, and instead found that Cigna had properly alleged that it was a fiduciary under Section 502(a)(3) of ERISA. When these cases are examined in their entirety, it is apparent that both cases support the conclusion that Cigna possesses standing to maintain a civil claim under Section 502(a)(3) of ERISA.

At the outset, Texas Spine notes that the court in *La Peer Surgery Center* initially held that the allegations in the complaint in that case were insufficient to allege that the pertinent

Cigna entities had standing to maintain claims under Section 502(a)(3) of the ERISA.  *La Peer Surgery Center*, 2014 WL 961806, at *12.  Texas Spine then states in footnote 2 in its Motion to Dismiss that the court in *La Peer Surgery Center* dismissed "Cigna's entire case with prejudice" after Cigna filed its amended complaint.  (Motion to Dismiss, ECF No. 5, p. 10, fn. 2).  Texas Spine clearly implies that Cigna was unable to address the court's concerns regarding Cigna's standing to sue, and that Cigna's claims against La Peer Surgery Center were dismissed with prejudice as a result.  (Motion to Dismiss, ECF No. 5, p. 10, fn. 2).  That position, however, is demonstrably false.

After the court in *La Peer Surgery Center* issued its March 12, 2014 opinion, Cigna filed its third amended complaint on March 31, 2014.  (*See* Third Amended Complaint, Exhibit A).  La Peer Surgery Center then moved to dismiss the third amended complaint, asserting, among other things, that the third amended complaint did not demonstrate that Cigna possessed standing to maintain claims under Section 502(a)(3) of ERISA to recover benefits paid to La Peer Surgery Center.  (*See* Motion to Dismiss Third Amended Complaint, Exhibit B).

In a subsequent order—one that Texas Spine fails to mention in the Motion to Dismiss— the court in the *La Peer Surgery Center* case refused to dismiss Cigna's claim under ERISA.  (*See* Order Dated August 12, 2014, Exhibit D).  The court rejected the position that Texas Spine takes in the Motion to Dismiss, finding that the allegations Cigna proffered in the third amended Complaint adequately alleged that Cigna acted as an ERISA fiduciary and consequently had standing to bring a civil action under Section 502(a)(3) of ERISA.  (*See* Exhibit D).

Notably, after the court expressly found that Cigna properly alleged that it was an ERISA fiduciary and had standing to maintain claims under Section 502(a)(3) of ERISA, the parties filed a joint stipulation to dismiss the case in which the parties informed the court that they had

settled.  (*See* Joint Stipulation, Exhibit E).  It was only then that the court dismissed all parties'
claims with prejudice.  (*See* Exhibit E).  Thus, the dismissal of Cigna's claims in *La Peer
Surgery Center* was the result of the parties' settlement and had nothing to do with the
sufficiency of Cigna's allegations, as Texas Spine suggests.

Moreover, even before the court in *La Peer Surgery Center* issued its ruling denying the
motion to dismiss Cigna's third amended complaint, a sister court sitting in the Eastern District
of California rejected a provider's attempt to dismiss Cigna's claim under Section 502(a)(3) of
ERISA based on the argument that Cigna lacked standing to maintain a claim under ERISA.  *See
Nutrishare, Inc.*, 2014 WL 1028351, at *3.  As in this case, Cigna alleged in the *Nutrishare* case
that it was the claims administrator for the ERISA plans at issue, and had discretionary authority
and control regarding claims made under the plans.  *Id.*, at *3.  The court in *Nutrishare* held
these allegations demonstrated that Cigna had a fiduciary duty to enforce the terms of ERISA
plans and thus established Cigna's standing to bring the federal claims at issue.  *Id.*[1]  The court
also stated that nothing "further in way of proof is necessary at this stage in the litigation."  *Id.*

In light of the foregoing, there can be little doubt that the allegations in the Complaint
demonstrate Cigna has standing to maintain a claim under Section 502(a)(3) of ERISA to recover
the benefits Texas Spine obtained by virtue of its fraudulent scheme.  Courts in several cases
have found that strikingly similar allegations were sufficient to demonstrate that Cigna had
standing to maintain a claim under Section 502(a)(3) of ERISA.  *Encompass Office Solutions,
Inc.*, 2013 WL 1194392, at **5-6; *Conn. Gen. Life Ins. Co.*, 2013 WL 1003495, at *2-3;

---

[1]      This confirms that Texas Spine's Counterclaim for breach of fiduciary duty under ERISA, Count VI,
negates Texas Spine's argument that Cigna is not an ERISA fiduciary.  It strains credibility for Texas Spine to argue
Cigna fails to qualify as an ERISA fiduciary for purposes of Cigna's claims while Texas Spine simultaneously
asserts claims for breach of fiduciary duty under ERISA against Cigna.

*Nutrishare, Inc.* 2014 WL 1028351, at *3; *See also* Exhibit D.  The same is true in this case.  As a result, the Court should deny Texas Spine's Motion to Dismiss.

       **4.**      **Cigna's Complaint satisfies the requirements of Rule 8.**

Although Texas Spine fails to identify any authorities to support its argument, Texas Spine suggests in the Motion to Dismiss that the Complaint fails to demonstrate Cigna has standing to sue under ERISA because Cigna has not identified a specific plan provision that grants Cigna discretion to render decisions on claims for benefits or to recover amounts paid to the provider. (Motion to Dismiss, ECF No. 5, p. 10, ¶ 21).  Texas Spine's argument, however, overlooks the relevant allegations in the Complaint and is not supported by the law.

As an initial matter, Texas Spine's assertion ignores the allegations in the Complaint.  In the Complaint, Cigna alleges that it has been delegated the authority to review and adjudicate claims submitted pursuant to the terms of the plans under which Texas Spine obtained payment of benefits, and that those plans grant Cigna the right to recover any overpayments or other payments made under the plans.  (Complaint, ¶¶ 90, 91, 94).  Nothing more is required at the motion to dismiss stage to demonstrate Cigna's standing to maintain claims under Section 502(a)(3) of ERISA.  *See Nutrishare, Inc*, 2014 WL 1028351, at *3.

Furthermore, courts have frequently analogized claims brought under ERISA to claims for breach of contract in the context of motions to dismiss. *See King v. Unum Life Ins. Co*., 447 F. App'x 619, 624 (5th Cir. 2011) (applying statute of limitations for breach of contract to claim for benefits under ERISA);  *Stahl v. Exxon Corp*., 212 F. Supp. 2d 657, 666 (S.D. Tex. 2002) (same).  Courts analyzing breach of contract claims at the motion to dismiss stage have repeatedly held that a party is not required to attach a contract or identify the particular language of the contract upon which it asserts the claim. *Burnette v. Wells Fargo Bank, N.A*., No. 4:09–

CV–370, 2010 WL 1026968, at *6 (E.D. Tex. Sep. 30, 2010) (stating in dicta while pleadings did not attach Deed of Trust or identify particular provisions breached, party sufficiently pleaded claim for breach of contract to survive motion to dismiss).  Thus, Cigna is not required to identify specific plan provisions in the Complaint in order to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

> **5.      Texas Spine Ignores Cigna's Injuries Under Fully-Insured Plans.**

In addition to the allegations regarding Cigna's administration of claims under ASO plans, Cigna alleges in the Complaint that it also administers fully-insured benefit plans and that Cigna paid more than $150,000 out of its own funds to Texas Spine as a result of Texas Spine's conduct.   (Complaint, ECF No. 1, ¶¶ 14, 39, 53).   These allegations, in addition to those discussed with respect to Cigna's administration of ASO plans, demonstrate that Cigna has suffered an injury in fact as a result of Texas Spine's conduct.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998); *La Peer Surgery LLC* Order , Ex. D, p. 5.  As a result, Cigna possesses Article III standing to maintain its claims against Texas Spine.

## C.      The Complaint Pleads Plausible Claims For Fraud And Negligent Misrepresentation.

The Complaint describes in detail the long-running scheme pursuant to which Texas Spine defrauded Cigna and the employee benefit plans that Cigna insures or administers by employing a fraudulent dual-billing scheme and engaging in fee forgiving.  As demonstrated below, it is beyond question that the conduct Cigna alleges Texas Spine engaged in constitutes fraud and is unlawful.  Moreover, the allegations in the Complaint describe Texas Spine's alleged conduct with the level of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.  As a result, Texas Spine's Motion to Dismiss should be denied.

1.      **Fee-Forgiving is Fraud.**

In the Motion to Dismiss, Texas Spine does not contest the assertion that fee-forgiving is fraud.  Nor could it.  Courts have long-recognized that fee-forgiving is fraud and constitutes a deceptive business practice.  For example, nearly two decades ago the United States District Court for the District of Hawaii stated federal courts have long recognized that waiver of copayments is a fraudulent and deceptive business practice.  *Tom v. Haw. Dental Serv.*, 606 F. Supp. 584, (D. Haw. 1985) *citing Feiler v. N.J. Dental Ass'n*, 467 A.2d 276 (N.J. 1983).

More recently, the United States District Court for the District of Oklahoma, relying upon the Medicare Claims Manual produced by the Centers for Medicare and Medicaid Services, noted that routinely waiving Medicare copayments and deductibles is misstating actual charges for the services provided and a false claim may result.  *United States ex. rel. Sharp v. Eastern Okla. Orthopedic Ctr.*, No. 05-cv-572, 2013 WL 5816419, *7 (N.D. Okla. Oct. 29, 2013).[2]  The court in that case then went on to hold that the provider submitted a false claim and misstated charges billed where the provider failed to collect coinsurance, co-payments, or deductibles from patients.  *Id.* *7.

The Office of the Inspector General of the United States Department of Health and Human Resources has similarly stated that the "[r]outine waiver of deductibles and copayments by charge-based providers, practitioners or suppliers *is unlawful* because it results in … false claims … [and] excessive utilization of items and services paid for by Medicare." HHS OIG Special Fraud Alerts, (Dec. 19, 1994) (emphasis added).[3]

---

[2]      Although the Court in the *Sharp* case was analyzing a claim under the False Claim Act where claims for reimbursement were submitted under Medicare, the analysis applies with equal force to the situation where a medical provider waives, in whole or part, a patient's coinsurance, co-payment, or deductible and submits a claim for reimbursement to a private payor.

[3]      Available at https://oig.hhs.gov/fraud/docs/alertsandbulletins/121994.html.

Fee-forgiving not only constitutes fraud, it is also prohibited by Texas law.  *See* TEX. INS. CODE, § 1204.055(b) (a physician or other health care provider may not waive a deductible or copayment by the acceptance of an assignment).

In light of the foregoing, there can be no question that the conduct Cigna alleges Texas Spine engaged in, and, in fact, openly touted to prospective patients, constitutes fraud and violates Texas law.  Therefore, the only issue to resolve in deciding Texas Spine's Motion to Dismiss is whether Cigna stated its claims with the requisite particularity.  As the following analysis demonstrates, Cigna has done so.

### 2.  The Complaint Pleads the Fraud and Negligent Misrepresentation Claims With the Requisite Level of Specificity.

Texas Spine does not argue that Cigna failed to identify a material misrepresentation made by Texas Spine or that Cigna failed to allege that it relied on the misrepresentations made by Texas Spine when it submitted fraudulent and deceptive claims to Cigna.  Instead, Texas Spine simply asserts that Cigna failed to describe "who made these statements, and in what form and fashion" with particularity.  (Motion to Dismiss, ECF No. 5, page 12, ¶ 25).  Texas Spine's failure to identify any element of Cigna's fraud or negligent misrepresentation claims that is deficient, along with the failure to identify any authorities that are even remotely relevant to the analysis of Cigna's claims, warrants the denial of Texas Spine's motion in its entirety.

Nevertheless, to the extent the Court examines the sufficiency of the allegations supporting Cigna's fraud and negligent misrepresentation claims, it is apparent that the Complaint identifies the fraudulent scheme Texas Spine engaged in with far more specificity than Fifth Circuit precedent requires.  According to the Fifth Circuit, when fraud related claims arise out of, at least in part, an improper billing scheme, stating with particularity the circumstances that constitute fraud does not necessarily and always mean stating the contents of

a bill. *U.S. ex rel. Grubbs v. Kanneganti, et al*., 565 F. 3d 180 (5th Cir. 2009); *see also Fustok v. UnitedHealth Grp.*, No. 12-cv-787, 2013 WL 2189874, at \*5 (S.D. Tex. May 20, 2013). "This is especially true when the fraud alleged extended over a period of time…." *Fustok*, 2013 WL 2189874, at \*5. When, as in this case, the plaintiff alleges that the fraud occurred over a period of years, the plaintiff is not required to allege all facts supporting every instance the defendant engaged in fraud. *Id*., citing *Carter v. Gibson*, 2011 WL 151049 (N.D. Tex. Apr. 20, 2011). As the courts in this District have held, when the fraud alleged is complex and occurred over a period of time, the requirements of Rule 9(b) are less stringently applied. *United States ex. rel. Johnson v. Shell Oil Co*., 183 F.R.D. 204, 206 (E.D. Tex. 1998).

Courts in the Fifth Circuit, including this court, applied the foregoing principles in finding that insurance companies or other payors had satisfied the requirements of Rule 9(b) and thereby stated fraud claims that were plausible under *Twombly* where the complaints described a medical care provider's long-running fraudulent schemes. *See Aetna Life Ins. Co. v. Warren Medical Imaging, LLC,* No. 4:13-cv-00102, 2013 WL 3833507, at \*3 (E.D. Tex. Jul. 22, 2013); *Fustok*, 2013 WL 2189874, at \*5; *Center for Reconstructive Breast Surgery, LLC v. BlueCross BlueShield of La*., No. 11-806, 2014 WL 4930443, at \*7 (E.D. La. Sept. 30, 2014). In reaching this conclusion, the court in *Fustok* expressly rejected the notion that Texas Spine appears to advance in the Motion to Dismiss that, in order to state a claim for fraud in the context of a scheme that at least partially arises out of misstatements in medical bills or claims for reimbursement, the claimant must identify with particularity the who, what, when, where, or how *as to each and every bill*. *Fustok*, 2013 WL 2189874, at \*5. Simply put, stating the answers to the who, what, when, where, or how as to each and every bill or transaction is neither practical, nor required by Rule 9(b). *See Nutrishare, Inc.*, 2014 WL 1028351, at \*4 (finding the Cigna

entities in that case had pleaded the fraud counterclaim against the medical provider plaintiff in accordance with Rule 9(b)).

An analysis of the allegations in the Complaint under the foregoing authorities demonstrates that Cigna pleaded its fraud and negligent misrepresentation claims with the requisite particularity.  Specifically, the following allegations establish that Cigna provided the who, what, when, where, and how as to Texas Spine's fraudulent scheme:

- Texas Spine engaged in a scheme to lure patients into using its services out an out-of-network provider by advertising it would honor patients' in-network rates, under-collecting, and in many cases waiving patient responsibility. (Complaint, ¶ 1).

- Texas Spine misrepresented to plan members the amounts that would be billed to Cigna. (Complaint, ¶ 2).

- Texas Spine engaged in wide-spread fee-forgiving. (Complaint, ¶ 23).

- Texas Spine severely under-collected and in many instances did not collect any amount of coinsurance, copayment, deductible, or cost-sharing from plan members. (Complaint, ¶¶ 25, 69).

- Texas Spine misled patients into believing that Texas Spine would only charge patients and Cigna in-network rates when Texas Spine charged Cigna and obtained payments from Cigna at out-of-network rates. (Complaint, ¶ 26).

- Texas Spine  dramatically increased the cost of care by inducing plan members to obtain care at an out-of-network facility.  (Complaint, ¶¶ 27, 28).

- Texas Spine publicly advertised that Texas Spine would honor in-network rates when, in fact, Texas Spine was out-of-network and knowingly charged Cigna out-of-network rates. (Complaint ¶¶ 29, 30, 31, 32, 36, 37).

- Texas Spine utilized a secret, undisclosed dual pricing scheme to induce patients to use its facility.  (Complaint, ¶¶ 31, 32, 34).

- Texas Spine represented to patients that its records, and not documents issued by insurance companies, would accurately reflect the amount of the patients' responsibility, which is an acknowledgement that fee-forgiving is a critical component of Texas Spine's business model. (Complaint, ¶ 32).

- The billing forms submitted to Cigna constitute a representation that the charges submitted to Cigna were true and correct.  However, the charges reflected in the bills

submitted by or on behalf of Texas Spine were not accurate and omitted material information regarding Texas Spine's billing practices. (Compliant, ¶ 33).

- The submission of belling forms to Cigna constitutes a representation and certification that the amounts billed are true and correct. (Complaint, ¶ 68). The amounts in the bills submitted to Cigna were not true and correct and were are false because Texas Spine did not bill or hold the patients responsible for the amounts billed to Cigna. (Complaint, ¶ 68).

- Texas Spine induced hundreds of patients to use its facility based upon its false representations. (Complaint, ¶ 34).

- Texas Spine knowingly and intentionally failed to disclose that it had waiver in whole or part the plan members' copayment, deductible, coinsurance, or other patient cost sharing. (Compliant, ¶ 37).

- Texas Spine did not hold patients responsible for amounts charged to Cigna. (Complaint, ¶ 49).

- Texas Spine submitted hundreds of claims for reimbursement to Cigna over a period of years, dating back to at least 2011 (Complaint, ¶ 35) and continues to submit claims to Cigna. (Complaint, ¶ 40).[4]

- Texas Spine obtained more than $6 million in benefits from Cigna as a result of its illicit scheme. (Complaint, ¶ 35).

The foregoing allegations describe the fraudulent scheme Texas Spine engaged in over a period of years, and are more than sufficient to put Texas Spine on notice as to the nature and scope of the conduct that is the focus of Cigna's fraud and negligent misrepresentation claims.

In cases arising out of similar factual scenarios, courts have found allegations, some of which are far less robust than those contained in the Complaint in this action, satisfied the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Aetna Life Ins. Co. v*, 2013 WL 3833507, at *3; *Fustok*, 2013 WL 2189874, at *5; *Center for Reconstructive Breast Surgery, LLC*, 2014 WL 4930442, at *7. The same conclusion should be reached in this case. Otherwise, Texas Spine would be free to continue to engage in a scheme that not only increases

---

[4] Claims are submitted to Cigna electronically and Cigna relies on the veracity of the information contained in the claim/billing forms in processing and paying those claims electronically.

the cost of care for Texas residents, but has long-been viewed as fraud by federal courts, the United States Department of Health and Human Services, and the State of Texas.

**D.     Cigna Properly Invokes the Discovery Rule.**

The Texas Supreme Court has adopted the discovery rule with respect to fraud and misrepresentation based claims. *See, e.g., Stoneciphers Estate v. Butts Estate*, 591 S.W.2d 806, 809 (Tex. 1979). As a result, the limitations period on fraud claims runs from the time the fraud is discovered or could have been discovered by the defrauded party by exercise of reasonable diligence. *Id.* Furthermore, the Texas Supreme Court specifically stated that what constitutes reasonable diligence is a question of fact. *Id.*

Analyzing the discovery rule under Texas law, the Fifth Circuit Court of Appeals has stated that the rule applies only "if the injury is both inherently undiscoverable and objectively verifiable." *K3C Inc. v. Bank of Am., N.A.*, 204 F. App'x 455, 462 (5th Cir. 2006). An injury is "inherently undiscoverable" if, by its nature, it is unlikely to be discovered within the limitations period despite the exercise of reasonable diligence by the plaintiff. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001). Furthermore, federal pleading requirements do not require the discovery rule be specifically pleaded. *TIG Ins. Co. v. Aon Re., Inc.,* 521 F.3d 351, 357 (5th Cir.2008). Instead, a plaintiff need only plead sufficient facts to give the defense notice. *Id.*

Under the foregoing standards, Cigna has properly invoked the discovery rule. Cigna pleads its claims for fraud and negligent misrepresentation with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Furthermore, Cigna asserts under the bold and all caps heading "**DISCOVERY RULE**" in the Complaint that "Cigna did not know and could not have known, despite the exercise of reasonable diligence, of all facts giving rise to its claims

prior to the institution of this lawsuit." (Complaint, ECF No. 1, p. 13, ¶¶ 98-99). These allegations are sufficient to put Texas Spine on notice that Cigna has invoked the discovery rule.

Furthermore, Texas Spine argues that any claims barred by the statute of limitations should be dismissed. (Motion to Dismiss, ECF. No. 5, p. 15, ¶ 30). Texas Spine, however, fails to demonstrate when any supposedly time barred causes of action accrued and offers no factual or legal support for its wholly conclusory statement that the "discovery rule is consequently inapplicable." As a result, Texas Spine's assertion that claims should be dismissed due to the running of the statute of limitations should be rejected.

## **PRAYER FOR RELIEF**

WHEREFORE, Cigna prays that the Court deny Texas Spine's Motion to Dismiss in its entirety, and award Cigna such other and further relief to which it may be justly entitled.

Dated:  November 14, 2014                    Respectfully submitted,


                                             /s/ Eliot T. Burriss
                                             James R. Nelson
                                             Texas Bar No. 14899800
                                             jr.nelson@dlapiper.com
                                             Eliot T. Burriss
                                             Texas Bar No. 24040611
                                             eli.burriss@dlapiper.com
                                             **DLA Piper LLP (US)**
                                             1717 Main Street, Suite 4600
                                             Dallas, Texas 75201
                                             (214) 743-4514 – telephone
                                             (972) 813-6261 – facsimile

                                             **COUNSEL FOR DEFENDANTS
                                             CONNECTICUT GENERAL LIFE
                                             INSURANCE COMPANY AND CIGNA
                                             HEALTH AND LIFE INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

        I certify that the foregoing document was filed electronically on November 14, 2014, and has been served on all counsel who have consented to electronic service.  Any other counsel of record will be served by facsimile on this same date.


                                             /s/ Eliot Burriss
                                             Eliot Burriss