**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE CIGNA CORPORATION PBM LITIGATION | Civil No. 3:16-cv-1702 (WWE)<br><br>CLASS ACTION |

**DEFENDANT OPTUMRX, INC.'S SUPPLEMENTAL POST-HEARING
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT**

Defendant OptumRx, Inc. ("OptumRx") submits this supplemental memorandum of law in support of its motion to dismiss the Consolidated Complaint, pursuant to the September 14, 2017 Court Order [Dkt. No. 118] following the hearing on Defendants' motions in this matter.

As set forth fully in Defendants' briefing in support of their motions to dismiss, counsels' arguments at the hearing on Defendants' motions, and in Defendants' Cigna Health and Life Insurance Company's ("CHLIC") supplemental post-hearing memorandum of law, Count I fails to state a claim because Plaintiffs have failed to exhaust their administrative remedies under the terms of their plans.[1]  As clarified through the arguments of counsel at the hearing on Defendants' motions, Count I asserting a claim under ERISA Section 502(a)(1)(B) should be stayed as to Defendant CHLIC—the claims administrator—to allow Plaintiffs to pursue the administrative review process.  Count I should be simultaneously dismissed as against OptumRx because is not the claims administrator and has no role in the administrative appeal process.  *See, e.g., N.Y. State Psychiatric Ass'n v. UnitedHealth Grp.*, 798 F.3d 125, 132 (2d Cir. 2015) (holding that the claims administrator is the proper defendant in a Section 502(a)(1)(B) action for benefits where it has "sole and absolute discretion" to deny benefits and makes "final and binding" decisions on appeals regarding claim denials).

In addition to dismissing Count I as to OptumRx, the Court should also dismiss the remaining Counts II through X because Plaintiffs have failed to state claims as a matter of law. Plaintiffs attempt to re-characterize their claim for alleged violation of plan terms as breaches of fiduciary duty, prohibited transactions and RICO violations.  But, Plaintiffs have failed to present

---

[1] OptumRx joins in Cigna Health and Life Insurance Company's Post-Hearing Memorandum of Law and incorporates the arguments therein by reference as if fully restated in this memorandum.

a plausible, independent basis for allowing these additional claims to proceed and they should be dismissed for the reasons previously set forth by Defendants.

Courts in this Circuit evaluating motions to dismiss similar complaints have *simultaneously* dismissed the remaining ancillary and non-ERISA claims for failure to state a claim where the plaintiffs had failed to plead exhaustion of administrative remedies as required by ERISA.  See, e.g., *MacKay v. Rayonier, Inc.*, 25 F. Supp. 2d 47, 50, 53 (D. Conn. 1998) (dismissing ERISA claim "pending administrative review" for failure to plead exhaustion of administrative remedies *and* dismissing state law wrongful discharge claim for failure to state a claim)*; DeSilva v. N. Shore-Long Island Jewish Health Sys.*, 770 F. Supp. 2d 497, 538, 547 (E.D.N.Y. 2011) (dismissing recordkeeping claim under ERISA for failure to exhaust administrative remedies under the plan and also dismissing tag along RICO and state common law claims); *see also Del Greco v. CVS Corp.*, 337 F. Supp. 2d 475, 485-489 (S.D.N.Y. 2004) (ruling plaintiff failed to satisfy exhaustion requirements for ERISA Section 502(a)(1)(B) claim and concurrently dismissing with prejudice remaining ancillary breach of fiduciary duty claim under ERISA Section 502(a)(3)).  Other courts have ordered a stay of a claim for benefits under ERISA Section 502(a)(1)(B) to require plaintiffs to exhaust their plans' administrative procedures while also dismissing other claims with prejudice.  See, e.g., *Guenther v. Lockheed Martin Corp.*, 2012 U.S. Dist. LEXIS 48591, at *8 (N.D. Cal. Mar. 30, 2012) (holding that plaintiff failed to exhaust administrative remedies and staying plaintiff's ERISA Section 502(a)(1)(B) claim for benefits pending completion of the administrative review process *and* dismissing with prejudice plaintiff's breach of contract claim as preempted by and duplicative of his ERISA Section 502(a)(1)(B) claim).

If the Court determines that a stay of Count I is warranted as to Defendant CHLIC while Plaintiffs exhaust their administrative remedies (as required by law), that does not prevent the Court from dismissing the remaining claims for the reasons set forth in Defendants' motions to dismiss.  A ruling now addressing all of the claims raised in the Complaint as set forth in Defendants' motions to dismiss, as exemplified in the above-cited case law, serves the interests of justice and promotes judicial economy by avoiding delay and an unnecessarily duplicative later consideration of arguments for dismissal that have now been fully briefed and argued.

Defendant OptumRx respectfully requests that the Court dismiss with prejudice all claims against OptumRx.

Dated:  October 5, 2017

Respectfully submitted,

By: s/ *Michelle S. Grant*
Theodore J. Tucci (ct05249)
Kelly Frye Barnett (ct29817)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8206
E-mail: ttucci@rc.com
E-mail: kbarnett@rc.com

William R. Stoeri (*Pro Hac Vice – ct14744*)
Michelle S. Grant (*Pro Hac Vice – phv08827*)
Andrew Holly (*Pro Hac Vice – phv08826*)
DORSEY & WHITNEY LLP
50 South 6th Street, Suite 1500
Minneapolis, MN  55402-1498
Telephone:    (612) 340-2600
Facsimile:     (612) 340-2868
stoeri.bill@dorsey.com
grant.michelle@dorsey.com
holly.andrew@dorsey.com

*Attorneys for Defendant OptumRx, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if requested.

                                         s/ *Michelle S. Grant*
                                         Michelle S. Grant