UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, COURTNEY GALLAGHER, Individually and on Behalf of All Others Similarly Situated, NINA CUROL, Individually and on Behalf of All Others Similarly Situated, and ROGER CUROL, Individually and on Behalf of All Others Similarly Situated,<br><br>                                  Plaintiffs,<br><br>   v.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                                  Defendants. | Civil No. 3:16-cv-1702 (WWE)<br><br>December 21, 2017 |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT FILED BY DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY

Defendant Cigna Health and Life Insurance Company ("CHLIC") respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the recent decision in *In re UnitedHealth Group PBM Litigation*, No. 16-03352-JNE-BRT, Dkt. No. 171 (D. Minn. Dec. 19, 2017) (attached as "Exhibit A"), that bears directly on Plaintiffs' claims. The court in *In re UnitedHealth Group PBM Litigation* dismissed the plaintiffs' complaint in a case asserting substantially similar ERISA and RICO claims challenging "Spread" from retail prescription drug transactions and brought by the same attorneys as in the instant matter. The decision in *In re*

1

*UnitedHealth Group PBM Litigation* therefore supports the relief requested by CHLIC in its Motion to Dismiss.[1]

*First*, the court's dismissal of the plaintiffs' ERISA Section 502(a)(1)(B) claim for failure to exhaust their administrative remedies (Ex. A at 11-17) strongly reinforces CHLIC's argument that exhaustion is required before the Plaintiffs can pursue their plan-based claims in Count I in federal court. *See* Dkt. 70-1 at 13-16; Dkt. 103 at 2-5; Dkt. 124 at 2-5.

*Second*, the court's dismissal of the breach of fiduciary duty claims (Ex. A at 17-24) confirms that Plaintiffs' claims under Section 404 in Count IV should likewise be dismissed. *See* Dkt. 70-1 at 16-22, 26-30; Dkt. 103 at 5-13; Dkt. 124 at 6 n.6, 7 n.7.

*Third*, the court's dismissal of the plaintiffs' prohibited transaction claims (Ex. A at 24-25) makes clear that Plaintiffs' Section 406 claims in Counts II and III should be dismissed. *See* Dkt. 70-1 at 16-26; Dkt. 103 at 5-14; Dkt. 124 at 6 n.6, 7 n.7.

*Fourth*, the court's dismissal of the ancillary co-fiduciary liability and non-fiduciary liability claims (Ex. A at 25) supports CHLIC's position that Counts VI and VII so too should be dismissed. *See* Dkt. 70-1 at 22 n.15; Dkt. 103 at 13 n.22.

*Fifth*, the court's dismissal of the plaintiffs' ERISA discrimination claim (Ex. A at 25-26) applies equally to CHLIC's position that dismissal of Plaintiffs' Section 702 discrimination claim in Count V is required here. *See* Dkt. 70-1 at 30-32; Dkt. 103 at 14-15.

---

[1] The court in *In re UnitedHealth Group PBM Litigation* dismissed the ERISA and RICO claims without prejudice. It then entered judgment in favor of the defendants. *See* No. 16-03352-JNE-BRT, Dkt. No. 172 (D. Minn. Dec. 20, 2017). Plaintiffs here have failed both in their briefing and at oral argument to articulate how they might amend their Consolidated Complaint to plausibly allege their claims in a way to withstand a motion to dismiss. CHLIC has therefore requested that the Court stay Plaintiffs' Section 502(a)(1)(B) claim pending the outcome of the administrative exhaustion process and dismiss all remaining claims with prejudice.

*Lastly*, the court's dismissal of the RICO claims (Ex. A at 26-29) illustrates that such claims, like those asserted in Counts VIII and X, are not appropriate in an ERISA class action like this one.  *See* Dkt. 70-1 at 32-40; Dkt. 103 at 15-20.

Therefore, CHLIC respectfully submits that the court's decision in *In re UnitedHealth Group PBM Litigation* confirms that the relief requested by CHLIC is warranted.  CHLIC is prepared to address this decision further if the Court so requests.

Dated:  December 21, 2017                    Respectfully submitted,

/s/ Brian W. Shaffer

Joseph J. Costello (ct14917)
Brian W. Shaffer (phv08654)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  215.963.5000
Facsimile:  215.963.5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Michael D. Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  860.240.2945
Facsimile:  860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2017, the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brian W. Shaffer*
Brian W. Shaffer