UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE CIGNA CORPORATION
PBM LITIGATION

Case No. 3:16-cv-1702-WWE
(Consolidated)

January 5, 2018

**PLAINTIFFS' RESPONSE TO CIGNA'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

On December 21, 2017, CHLIC ("Cigna") submitted a Notice of Supplemental Authority in support of its exhaustion of administrative remedy argument and cited a recent federal district court decision from Minnesota (the "*United* decision" or "*United*"). The *United* court's administrative exhaustion discussion is not relevant here because it is based on different plan language concerning administrative remedies, is not based on the law that applies in this Circuit, and is based on different factual allegations. Moreover, with respect to the merits issue at the heart of this case—whether "spread" pricing and clawbacks are lawful—the *United* decision squarely holds that they are not under the Plan language at issue in this case.

1. **The *United* Administrative Remedy Discussion Does Not Apply To This Case.**

For at least six reasons, the *United* court's exhaustion analysis does not apply here. First, *United* did not discuss, distinguish, cite or address in *any* manner nearly identical cases from the District of Minnesota and elsewhere holding that pervasive overcharge schemes like the "spread"-pricing/clawback scheme alleged here do ***not*** involve claims for benefits, do ***not*** concern coverage decisions, and do ***not*** implicate administrative exhaustion requirements. The on-point decisions that the *United* court completely ignored followed the controlling legal

1

principles discussed below and in Plaintiffs' prior briefing. *See, e.g.*, ECF 122, Pls.' Post-Hr'g Mem., at 5.

Second, *United* ignored completely the controlling DOL Regulations that govern the benefit claim procedures. In ignoring the regulatory scheme, the *United* court also ignored the controlling legal principle that plan participants are deemed to have exhausted when defendants do not fully comply with those Regulations. Pls.' Post-Hr'g Mem. at 6-13.

Third, *United* ignored the fact that exhaustion is an affirmative defense on which the Defendants have the burden of proof. *See id.* at 6. There exists a hotly-contested factual dispute in this case as to whether Defendants fully complied with the DOL Regulations governing administrative remedies. *Id*. at 6-8. Accordingly, Defendants have not and cannot meet their factual burden of proof on this issue on a motion to dismiss (or before a trial in this case).

Fourth, *United* incorrectly construed the applicable plan language in that case in concluding that the prescription drug overcharge claims were post-service claims for benefits. *United* at 13. Even setting aside the *United* court's incorrect plan interpretation, the Plans in this case differ significantly and, as a result, the *United* analysis does not apply. Under the Cigna Plans at issue in this case and, in particular, the Plan provisions concerning "**How To File Your Claim**" and "**Reimbursement/Filing a Claim,**" Pls.' Post-Hr'g Mem. at 7, Boxes 1 and 2, the electronic submission of the prescription drug claim by the pharmacy on behalf of the patient at the time of purchase results in a coverage decision by Defendants at the point of sale. As a result, no post-service claim needs to be filed after the drug benefit is provided.[1] *Id*. at 7-8.

---

[1] And because Defendants failed to comply with the Regulations at the moment the prescription was filled—by, among other things, failing to provide any notice (much less the required detailed notice) that Plaintiffs were being charged more than the Plans allowed—Plaintiffs are deemed to have exhausted any applicable administrative requirements. Pls.' Post-Hr'g Mem. at 6-13.

Fifth, after acknowledging that exhaustion is required only if the plan requires exhaustion, *United* at 12, the court ultimately relied upon vague notions about the purposes of exhaustion to conclude that pre-suit exhaustion was required even though the plan language ***did not*** require pre-suit exhaustion. *Id.* at 13-14.  In this Circuit, Defendants have the burden of proving that a pre-suit exhaustion requirement is mandatory. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 181 (2d Cir. 2013) (where participant reasonably interprets plan not to require exhaustion, exhaustion not required.).  Vague public policy notions do not permit a court to require exhaustion where the plan itself does not clearly require pre-suit exhaustion.

Sixth, *United* did not apply the *Kennedy* factors that govern exhaustion in the Second Circuit. *See* Pls.' Post-Hr'g Mem. at 14.  Moreover, the *United* court's conclusion that "[i]t is far from certain that, had the ERISA Plaintiffs pursued available administrative processes, Defendants would have denied or failed to respond to the ERISA Plaintiffs' claims, grievances, or complaints" is completely unfounded in ***this*** case. *See United* at 16.  This Court need only take judicial notice of the allegations in *Neufeld v. Cigna Health and Life Insurance Company, et al.*, No. 3:17-cv-1693 (WWE), which concerns an almost identical, pervasive "spread"-pricing/clawback scheme perpetrated by Cigna, with the only difference being that the covered health care services are durable medical equipment and medical tests as opposed to the prescription drugs at issue in this case.  In *Neufeld*, Cigna summarily rejected a lengthy and detailed administrative claim without remotely addressing the allegations of unlawful "spread" contained therein.  The futility allegations in *Neufeld* are as follows:

> 124. Plaintiff Srednicki fully exhausted her administrative remedies and was summarily rejected by Cigna. On September 25, 2017, Plaintiff Srednicki appealed the decision of Cigna as set forth in her EOB. In connection with that appeal, she set forth in detail all of the material facts concerning her claim as set forth above and she attached supporting documentation.
>
> 125. On October 30, 2017, Cigna summarily denied the appeal with a form letter that did not even address the merits of her claim as set forth above. Cigna further stated as follows:
>
>> This decision represents the final step of the **internal** appeal process. However, if your plan is governed by ERISA, you also have the right to bring legal action under Section 502 (a) of ERISA within three (3) years.
>
> To the extent that Cigna's internal appeals process even applies, this action is the "legal action" that Cigna recognized in its internal appeal process.
>
> 126. As a result of Plaintiff Srednicki's exhaustion of the administrative appeals process in relation to the pervasive fraudulent overcharge scheme that is the basis for this action, Plaintiff Neufeld and the Class and Subclass are not required to exhaust administrative remedies.

Amended Complaint in *Neufeld v. Cigna Health and Life Insurance Company, et al.*, No. 3:17-cv-1693 (WWE), [ECF 29] ¶¶124-126.

Thus, it is quite "certain" that "Defendants would have denied or failed to respond to the ERISA Plaintiffs' claims, grievances, or complaints" in this case. Accordingly, Plaintiffs' well-pled allegations of futility must be accepted as true, *see* Consolidated Complaint, ¶¶ 148-57 [ECF 41], and Defendants cannot meet their affirmative factual defense burden of proving a failure to exhaust administrative remedies.

    **2.    The *United* Decision Confirms that "Spread" and "Clawbacks" are Illegal.**

The *United* decision also supports Plaintiffs' argument that the language of the Plans in this case prohibits Defendants from unlawfully charging "spread" on Plaintiffs' prescription drug

4

transactions and taking clawbacks.[2]  Specifically, the *United* court held that plan language prohibiting copayments from exceeding the amount paid to the pharmacies supported the participants' allegations.  For example, the court held that the following language supported the *United* plaintiffs' claims:  "We reimburse the Network Provider directly when you receive Covered Services and ***you will not be responsible for any amount billed in excess of the contracted fee for the Covered Service***."  *United* at 6 (emphasis added); *see also id.* at 7 (holding language requiring a covered patient to pay the "lesser" of a "Copayment" or "Allowed Amount," defined as "[t]he maximum amount on which Our payment is based for Covered Services," sufficient to support claims); *id.* at 10 (holding language requiring insured to pay lesser of "[a]pplicable Copay" or "Ingredient Cost + applicable dispensing fee + applicable Sales Tax" sufficient to support claims where "Ingredient Cost" is defined to include discount received by Plan); *id.* at 11 (summarizing holding on plan language).

Two Plans in this case similarly provide that "***[i]n no event will the Copayment*** or Coinsurance for the Prescription Drug or Related Supply ***exceed the amount paid by the plan*** to the Pharmacy," and a third provides that "***[i]n no event will the applicable copay*** or coinsurance paid by you and your covered Dependent(s) for the Prescription Drug or Related Supply ***exceed the amount paid by the Plan*** . . . ."  Consolidated Complaint, ¶¶ 92-93 [ECF 29]; ECF 122, Pls.'

---

[2] The *United* decision also addresses certain of the ERISA fiduciary duty and RICO issues that are present in this case.  Plaintiffs believe those questions were also wrongly decided.  As this Court has indicated that it wishes to focus first on administrative exhaustion (Tr. of Hearing, Sept. 14, 2017, at 57), this Response is limited to that issue.  Plaintiffs will respond more fully to the *United* court's decision on ERISA fiduciary duty and RICO when this Court turns its attention to those issues.

Post-Hr'g Mem., at 1-2. All three of these Plans expressly limit the required copayment or coinsurance payment to an amount based on the amount paid by the plan to the pharmacy.[3]

    Notably, Cigna has not and cannot argue that the *United* decision supports the notion that the Plan language in this case somehow permits Defendants' unlawful "spread"-pricing and the clawback scheme. The court in *United* held that plan language analogous to the plan language at issue here entitled insureds to pay the lesser of (1) the copayment or coinsurance or (2) the amount the plan paid to the pharmacy. In no instance—not in *United* and not here—should insureds whose plans contain this protection ever have paid a copayment that exceeded the amount paid to the pharmacy. And in no instance—not in *United* and not here—does this Plan language permit Defendants to profit from charging excessive copayments or coinsurance charges and taking that excess as clawbacks.

       *s/ Robert A. Izard*

| | |
|---|---|
| Robert A. Izard (ct01601) | William H. Narwold (ct00133) |
| *Plaintiffs' Interim Co-Lead Class Counsel* | *Plaintiffs' Interim Co-Lead Class Counsel* |
| Craig A. Raabe (ct04116) | Mathew Jasinski (ct27520) |
| Christopher M. Barrett (ct30151) | MOTLEY RICE LLC |
| IZARD, KINDALL & RAABE, LLP | One Corporate Center |
| 29 South Main Street, Suite 305 | 20 Church Street, 17th Floor |
| West Hartford, CT 06107 | Hartford, CT 06103 |
| 860-493-6292 | 860-882-1681 |
| 860-493-6290 fax | 860-882-1682 fax |
| rizard@ikrlaw.com | bnarwold@motleyrice.com |
| craabe@ikrlaw.com | mjasinski@motleyrice.com |
| cbarrett@ikrlaw.com | |

---

[3] The Plaintiffs with the three plans quoted—Negron, Perry, and Curols—paid copayments. The fourth Plaintiff, Gallagher, paid coinsurance. Gallagher's plan language is different, but the result is the same. *See* ECF 122, Pls.' Post-Hr'g Mem., at 2. Coinsurance payments cannot be based on charges that exceed the discounted amount paid to the pharmacy. *Id.*

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, pro hac vice
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
212-223-6444
212-223-6334 fax
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT
LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
860-537-5537
860-537-4432 fax
ecomite@scott-scott.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
516-699-8890
516-699-8968 fax
ronen@sarrafgentile.com
joseph@sarrafgentile.com

Andrew A. Lemmon
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
985-783-6789
985-783-1333 fax
andrew@lemmonlawfirm.com

Derek W. Loeser, pro hac vice
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, pro hac vice
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
206- 623-1900
206-623-3384 fax
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, pro hac vice
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
612-341-0844 fax
brian.gudmundson@zimmreed.com

Karen Hanson Riebel, pro hac vice
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, pro hac vice pending
LOCKRIDGE GRINDAL NAUEN,
P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
612-596-4097
612-339-0981 fax
khriebel@locklaw.com
kgmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
206-448-1777
206-728-2131 fax
brad@stritmatter.com

7

- and -

650 Poydras Street, Suite 2335
New Orleans, LA 70130
504-581-5644
504-581-2156 fax

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
919-600-5000
919-600-5035 fax
dan@wbmllp.com
jeremy@wbmllp.com
*Additional Counsel for Plaintiffs*

E. Kirk Wood
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
205-908-4906
866-747-3905 fax
ekirkwood1@bellsouth.net