UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, COURTNEY GALLAGHER, Individually and on Behalf of All Others Similarly Situated, NINA CUROL, Individually and on Behalf of All Others Similarly Situated, and ROGER CUROL, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> v.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>      Defendants. | Civil No. 3:16-cv-1702 (WWE)<br><br>February 1, 2018 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS NOTICE OF SUPPLEMENTAL AUTHORITY**

The *UnitedHealth*[1] decision strongly reinforces CHLIC's arguments that Plaintiffs are required to exhaust their ERISA Section 502(a)(1)(B) claims and that they have failed to state any other claims under ERISA and RICO. The complaint in *UnitedHealth* is essentially the same as the complaint in this case.[2] The fundamental premise of the *UnitedHealth* case—that participants' plan terms are violated because they should pay no more than what the pharmacy is paid for prescription drugs—is the same. And the causes of action and legal theories are the

---

[1] *In re UnitedHealth Grp. PBM Litig.*, No. 16-03352, 2017 WL 6512222 (D. Minn. Dec. 19, 2017).

[2] The plaintiffs in *UnitedHealth* are represented by many of the same attorneys who represent Plaintiffs in this case.

same.  Try as they may, Plaintiffs offer no compelling reasons for this Court not to follow the *UnitedHealth* court's reasoning in dismissing the same type of claims.

**I.       Plaintiffs In This Case—Like The Plaintiffs In *UnitedHealth*—Should Not Be Excused From Exhausting Their ERISA 502(a)(1)(B) Claim**

Plaintiffs' continuing efforts to avoid exhaustion in their responses to CHLIC's Notice of Supplemental Authority fail.  First, with no relevance to *UnitedHealth*, Plaintiffs point to another plaintiff in a different matter pending before this Court to argue that exhaustion is futile.  *See* Pls.' Jan. 5, 2018 Response ("Pls.' First Resp.") at 3-4.  They claim that one of the plaintiffs in *Neufeld v. Cigna Health and Life Insurance Company, et al.*, No. 3:17-1693 (WWE)—a case involving home healthcare and laboratory services, not prescription drugs—exhausted her administrative remedies and had her appeal denied.  *Id.*  Plaintiffs try to impute that administrative decision to the Plaintiffs' claims in this case, arguing that the denied administrative appeal demonstrates futility.  *Id.*

The Second Circuit, however, has made clear that denial of one plaintiff's administrative appeal—even when involving the *same* plan language—does not constitute a "clear and positive showing" that any other plaintiff's claims would have been futile.  *See Preston v. Am. Fed'n of Television & Radio Artists Health Fund*, 63 F. App'x 536, 538 (2d Cir. 2003) (holding that because each plaintiff's claim for denial of life insurance benefits had unique facts and circumstances, "the futility of any one claim cannot be assumed based upon the [defendant]'s denial of any other claim"); *Frishberg v. Deloitte & Touche Pension Plan*, No. 3:07-1081(CFD), 2009 WL 4730483, at *2 (D. Conn. Dec. 1, 2009), *aff'd sub nom. Teitel v. Deloitte & Touche Pension Plan*, 420 F. App'x 116 (2d Cir. 2011) ("Even if the rejection of three similarly-situated claimants makes [plaintiff's] chances for success less likely, his case still falls short of the heavy burden required to make a futility showing.").  This is particularly true where, as here, the facts

and circumstances surrounding each plaintiff's claims are distinct, as demonstrated by the court's separate analysis of each of the plaintiff's plan violation claims (and respective plan language) in *UnitedHealth*. *UnitedHealth*, 2017 WL 6512222, at *2-5. The Court should reject Plaintiffs' attempt to shoehorn allegations of exhaustion from *Neufeld* into this matter.

Second, Plaintiffs continue to grasp for ways to avoid exhausting their administrative remedies by arguing that *UnitedHealth* ignored that exhaustion is an affirmative defense that can never be resolved on a motion to dismiss. Pls.' First Resp. at 2; *see also* Pls.' Jan. 18, 2018 Response ("Pls.' Second Resp.") at 2 n.2. Plaintiffs are wrong.

"Although failure to exhaust administrative remedies is an affirmative defense, . . . courts routinely dismiss ERISA claims brought under Section 502(a)(1)(B) on a 12(b)(6) motion to dismiss where the plaintiff fails to plausibly allege exhaustion of remedies." *Abe v. New York Univ.*, No. 14-9323 (RJS), 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (citing cases) (internal citation omitted). The Second Circuit has held that a complaint can properly be dismissed for failure to exhaust because "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Leak v. CIGNA Healthcare*, 423 F. App'x 53, 54 (2d Cir. 2011) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)) (internal quotation marks omitted) (concluding that ERISA claims were properly dismissed on a Rule 12(b)(6) motion for failure to exhaust where plaintiff admitted a conscious decision not to pursue administrative remedies); *see also Teitel v. Deloitte & Touche Pension Plan*, 420 F. App'x 116 (2d Cir. 2011) (affirming Rule 12(b)(6) dismissal of ERISA putative class action for failure to exhaust administrative remedies).

and circumstances surrounding each plaintiff's claims are distinct, as demonstrated by the court's separate analysis of each of the plaintiff's plan violation claims (and respective plan language) in *UnitedHealth*. *UnitedHealth*, 2017 WL 6512222, at *2-5. The Court should reject Plaintiffs' attempt to shoehorn allegations of exhaustion from *Neufeld* into this matter.

Second, Plaintiffs continue to grasp for ways to avoid exhausting their administrative remedies by arguing that *UnitedHealth* ignored that exhaustion is an affirmative defense that can never be resolved on a motion to dismiss. Pls.' First Resp. at 2; *see also* Pls.' Jan. 18, 2018 Response ("Pls.' Second Resp.") at 2 n.2. Plaintiffs are wrong.

"Although failure to exhaust administrative remedies is an affirmative defense, . . . courts routinely dismiss ERISA claims brought under Section 502(a)(1)(B) on a 12(b)(6) motion to dismiss where the plaintiff fails to plausibly allege exhaustion of remedies." *Abe v. New York Univ.*, No. 14-9323 (RJS), 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (citing cases) (internal citation omitted). The Second Circuit has held that a complaint can properly be dismissed for failure to exhaust because "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Leak v. CIGNA Healthcare*, 423 F. App'x 53, 54 (2d Cir. 2011) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)) (internal quotation marks omitted) (concluding that ERISA claims were properly dismissed on a Rule 12(b)(6) motion for failure to exhaust where plaintiff admitted a conscious decision not to pursue administrative remedies); *see also Teitel v. Deloitte & Touche Pension Plan*, 420 F. App'x 116 (2d Cir. 2011) (affirming Rule 12(b)(6) dismissal of ERISA putative class action for failure to exhaust administrative remedies).

That is the case here. Although Plaintiffs have tried to plead around the exhaustion requirement (*see* Compl. ¶¶ 148-57), they do not allege that they made any effort to exhaust their Plans' remedies or made a "clear and positive showing" that rejection of their challenge through the administrative process would be a foregone conclusion. This defect is fatal under Rule 12(b)(6), and *UnitedHealth* properly supports Defendants' affirmative defense that Plaintiffs are required to exhaust their Section 502(a)(1)(B) claims under their Plans' procedures before proceeding in federal court.[3]  *See* Dkt. 70-1, Cigna Mot. at 13-16; Dkt. 103, Cigna Reply at 2-5; Dkt. 124, Cigna Post-Hearing Br. at 2-5.

**II.    The Court Should Dismiss Plaintiffs' Breach Of Fiduciary Duty And Prohibited Transaction Claims Repackaged Under ERISA Section 502(a)(3)**

In opposing the application of *UnitedHealth* to this case, Plaintiffs once again acknowledge that their claims are based on alleged violations of the Plans. *See, e.g.*, Pls.' Second Resp. at 4-5. They simply repackage their ERISA Section 502(a)(1)(B) claims as breach of fiduciary duty claims under Section 502(a)(3). They pepper their response with the word "discretion," arguing that Defendants "exercised discretion ***to violate*** Plan terms" and hoping that by using that word over and over, they can somehow transform Defendants' actions into fiduciary conduct so that their ERISA breach of fiduciary duty and prohibited transaction claims can survive. *See* Pls.' Second Resp. at 5 (emphasis in original).

They begin by setting up a straw man. They claim that CHLIC is arguing that ERISA plaintiffs "cannot proceed under ERISA § 502(a)(3) when they also assert claims under ERISA § 502(a)(1)(B)." Pls.' Second Resp. at 2. But CHLIC has argued no such thing. Rather, CHLIC

---

[3]  Plaintiffs' suggestion that *Peters v. Aetna, Inc.*, No. 1:15-00109, 2016 WL 4547151 (W.D.N.C. Aug. 31, 2016)—an out of circuit district court case—dictates a different result is wrong. Pls.' Second Resp. at 2 n.2. All that *Peters* said is that a plaintiff is not required to plead exhaustion. 2016 WL 45471561, at *11. But Plaintiffs have attempted (albeit deficiently) to do so here, and the Court can consider Defendants' affirmative defense at this stage of the case.

4

has asked this Court to apply the well-established rule that a fiduciary breach claim under Section 502(a)(3) must be based on an injury separate and distinct from the plan-based claim available under Section 502(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); Cigna Reply at 5-8.

The Supreme Court has made clear that Section 502(a)(1)(B) "specifically provides a remedy *for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims*," and that Section 502(a)(3), in contrast, "provide[s] yet *other* remedies for yet *other* breaches of *other sorts* of fiduciary obligations." *Varity*, 516 U.S. at 512 (emphasis added); *see also* Cigna Reply at 5-6; Cigna Post-Hearing Br. at 7 n.7. Section 502(a)(3), is a "safety net," the Court continued, that "offer[s] appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* Contrary to Plaintiffs' assertion, moreover, the Second Circuit upholds this settled distinction that Section 502(a)(1)(B) provides a remedy for a plan violation and Section 502(a)(3) provides a remedy for breaches of other fiduciary obligations.[4] *See N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015) (explaining that Section 502(a)(3) claims cannot survive if they are "in effect repackaged claims under 502(a)(1)(B)") (hereinafter, "*NYSPA*"); *see also* Cigna Reply at 7-8. Critically, this principle serves as a gatekeeper on Rule 12(b)(6) motions and does not

---

[4] Other circuit courts are in accord. *See, e.g., Strang v. Ford Motor Co. Gen. Ret. Plan*, 693 F. App'x 400, 402, 405 (6th Cir. 2017); *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541 (8th Cir. 2017); *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017); *Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x 818, 826 (10th Cir. 2003); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 102 (4th Cir. 2006); *LaRocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002).

allow for pleading in the alternative where a plaintiff, like here, seeks duplicative relief for the same injury. Cigna Reply at 7; Cigna Post-Hearing Br. at 7 n.7.[5]

The conduct underlying Plaintiffs' plan-based claim and breach of fiduciary duty / prohibited transaction claims is one and the same—Plaintiffs allege that Defendants violated the Plans by recouping undisclosed "Spread." Plaintiffs have failed to show that the remedy under Section 502(a)(1)(B), if they are successful, would be inadequate. After all, the remedy sought under all of their ERISA claims is the same—payment of amounts due in accordance with their rights under their Plans (which they describe as the "amount of the 'Spread' compensation, including "Clawbacks'"). Cigna Reply at 7-8. The remedial framework described in *Varity* and *NYPSA* therefore compels the dismissal of Plaintiffs' redundant Section 502(a)(3) claims.[6]

---

[5] *See, e.g.*, *Strang*, 693 F. App'x at 402, 405 (affirming Rule 12(b)(6) dismissal of fiduciary breach claim under Section 502(a)(3) that mirrored plaintiffs' claim for benefits under Section 502(a)(1)(B) because injury for breach and denial of benefits were the same).

[6] None of the decisions cited by Plaintiffs supports the proposition that they may pursue a claim under Section 502(a)(3) based on the theory that Defendants breached their fiduciary duties by violating their Plans' terms. First, the court in *UnitedHealth* dismissed the plaintiffs' claims under Section 502(a)(1)(B) and Section 502(a)(3). *UnitedHealth*, 2017 WL 6512222, at *3-11. It is illogical to suggest, as Plaintiffs do, that the court's analysis of the sufficiency of the pleadings bolsters Plaintiffs' position that their claims here are not based exclusively on plan violations. Second, Plaintiffs' belated reliance on *Peters* is misplaced as *Peters* actually reinforces CHLIC's argument. Unlike here, the plaintiffs in *Peters* were not pursuing a plan-based claim under Section 502(a)(1)(B). *Peters*, 2016 WL 4547151, at *11. Instead, they claimed that the defendants breached their fiduciary duties by causing the plaintiffs to pay subcontractors' fees through inflated medical expenses. *Id.* at *1. Similarly, in *In re Express Scripts/Anthem ERISA Litigation*, No. 3399, 2018 WL 339946 (S.D.N.Y. Jan. 5, 2018), where the court dismissed the plaintiffs' breach of fiduciary duty claims under Section 502(a)(3) for lack of fiduciary status, the plaintiffs had not alleged violations of their plans under Section 502(a)(1)(B).

**III.     *UnitedHealth* Confirms That Plaintiffs Have Failed To Allege Any Fiduciary Conduct To Maintain Their Breach Of Fiduciary Duty And Prohibited Transaction Claims**

Plaintiffs argue that they have sufficiently alleged that Defendants are fiduciaries to try to establish some independent basis to proceed with their fiduciary breach and prohibited transaction claims.  Pls.' Second Resp. at 2-8.  To that end, Plaintiffs desperately look for ways to distinguish their allegations here from those in *UnitedHealth* to avoid its application.  This refrain rings hollow.  *See* Cigna Mot. at 16-22; Cigna Reply at 8-14; Cigna Post-Hearing Br. at 6 n.6, 7 n.7.  Faced with identical allegations, and relying on the same arguments made by CHLIC, the *UnitedHealth* court dismissed the plaintiffs' fiduciary breach and prohibited transaction claims against the defendants.  *UnitedHealth*, 2017 WL 6512222, at *8-11.

By way of example, Plaintiffs argue that there was no claim in *UnitedHealth* that the defendants had discretion to require copayments or coinsurance outside of what was required under the plans' terms.  Pls.' Second Resp. at 3.  They suggest that the outcome in *UnitedHealth* would have been different had there been allegations, like here, that Defendants "'had and exercised discretion to determine the amount of and require the payment of this additional undisclosed compensation [*i.e.*, the excessive copayment, coinsurance, deductible payments], as well as whether to disclose it—or require its concealment.'"  Pls.' Second Resp. at 4 (quoting Compl. ¶ 107) (alteration in original).

However, Plaintiffs plainly ignore the *exact same* allegation in the complaint in *UnitedHealth*.  *Compare* Compl. ¶ 107 *with UnitedHealth*, No. 16-3352, Dkt. 52 at ¶ 154 (Mar. 8, 2017) (hereinafter "*UnitedHealth* Complaint"); *see also UnitedHealth* Compl. ¶ 153 (alleging that the *UnitedHealth* defendants were fiduciaries because they "require[d] pharmacies to charge patients more for drugs than they should have been charged pursuant to the terms of the ERISA plans, thereby creating and setting the amount of the Spread"); ¶ 155 ("Defendants had and

7

exercised discretion to determine the amount of and require the payment of this additional undisclosed premium payment"). Any argument to the contrary by Plaintiffs ignores the entire premise of the *UnitedHealth* Complaint and should be rejected.[7]

The similarities between the two complaints do not stop there. The *UnitedHealth* plaintiffs detailed how the defendants were fiduciaries because "they ***exercised*** discretionary authority or control respecting . . . plan management activities . . . and in that they ***had*** discretionary authority or discretionary responsibility in the administration of the ERISA Plans of participants and beneficiaries." *UnitedHealth* Compl. ¶ 153. Specifically, the *UnitedHealth* plaintiffs alleged nineteen examples of this purported fiduciary conduct, including, among others, that the defendants were fiduciaries because they dictated the amount paid to pharmacies for prescription drugs and dictated the amount pharmacies charged patients for prescription drugs; required pharmacies to charge patients more for drugs than they should have been charged pursuant to the terms of their ERISA plans; misrepresented and failed to disclose the manner in which benefits were calculated; set and changed compensation for services performed; and required pharmacies to pay Spread to the defendants. *Id.* at ¶¶ 153(a)-(s). They have made the same allegations against Defendants in this case. *See* Compl. ¶¶ 106(a)-(s).

---

[7] Plaintiffs further exaggerate the differences between this case and *UnitedHealth* in terms of the Defendants' fiduciary status conferred under the Plans. *See* Pls.' Second Resp. at 2-3. They argue that, by contrast to the allegations here, the *UnitedHealth* "plans did not expressly grant defendants' fiduciary authority." *Id.* This is a distortion. The *UnitedHealth* plaintiffs argued, as here, that their "plan documents demonstrate that Defendants had broad discretionary authority," contending, for example, that one plan "expressly appointed [UnitedHealth] an ERISA fiduciary concerning benefit determination and payments concerning United UHC provided network 'Pharmacy Benefit Services' and 'Claims Processing' in connection with those services, including pricing." *UnitedHealth*, No. 16-3352, Dkt. 97, Pls.' Opp. at 29-30 (June 30, 2017). The *UnitedHealth* court was therefore faced with and rejected the identical argument that Plaintiffs press here—that the plans' delegation of certain discretionary authority in a claims administrator role implicates the challenged conduct. *See, e.g., UnitedHealth*, 2017 WL 6512222, at *9. This Court should reject this argument too. *See* Cigna Mot. at 16-17; Cigna Reply at 8-9.

The court in *UnitedHealth* rejected the plaintiffs' argument that these same allegations transformed the defendants into fiduciaries as to the challenged conduct. *See, e.g.*, 2017 WL 6512222, at *10 (holding that "to the extent Plaintiffs complain about the acts of negotiating and setting discounted rates, such conduct is not a fiduciary function"). The same outcome is warranted here because the determination of plan participants' cost-share payments and the negotiation of payment terms with pharmacies are not fiduciary conduct.[8] *See* Cigna Mot. at 16-22; Cigna Reply at 8-13; Cigna's Post-Hearing Br. at 6 n.6.

Accordingly, their fiduciary breach and prohibited transaction claims should be dismissed because Plaintiffs have failed to articulate a separate basis—independent of their plan violation theory—to establish that Defendants are fiduciaries concerning the recouping of Spread. *See Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) (holding that "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected

---

[8] Plaintiffs contend that *UnitedHealth* is not instructive on the question whether Defendants here exercised authority or control over plan assets because the *UnitedHealth* court "did not rely on or even discuss the law that applies in this case." Pls.' Second Resp. at 7-8. Plaintiffs' argument rests on the erroneous proposition that the Court should disregard the Second Circuit's approach of defining plan assets based on ordinary notions of property rights in favor of a "functional approach" espoused by *Haddock v. Nationwide Fin. Servs., Inc.*, 419 F. Supp. 2d 156 (D. Conn. 2006), and *Acosta v. Pacific Enterprises*, 950 F.2d 611 (9th Cir. 1991). This approach has not been adopted by the Second Circuit. *See* Cigna Mot. at 24-26; Cigna Reply at 9-14. And, as *UnitedHealth* points out, "the functional approach does not generally apply to situations involving financial assets." *UnitedHealth*, 2017 WL 6512222, at *10-11 (citing *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 429 (3d Cir. 2013)) (noting that the "Supreme Court has also strongly suggested that [the approach based on ordinary notions of property rights] is the proper approach to defining 'plan assets.'") (citation and internal quotation marks omitted) (alteration in original). In any event, Plaintiffs themselves ignore that the *UnitedHealth* court applied both the property rights *and* functional approaches to the plan assets inquiry and ultimately held that neither Spread collected on cost-share payments nor the administrative services agreements/insurance contracts underpinning the plans are plan assets. *UnitedHealth*, 2017 WL 6512222, at *10-11. Plaintiffs have simply not made the case that this Court should disregard *UnitedHealth*'s well-reasoned analysis.

a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint").

### IV. Plaintiffs Fail To State A RICO Claim Against CHLIC

For three reasons, Plaintiffs' supplemental briefing does not change the fact that they have failed to state a RICO claim against CHLIC.

First, Plaintiffs' supplemental briefing is of limited relevance because it focuses on association-in-fact RICO enterprises. Plaintiffs in this case have not alleged that CHLIC is liable for conducting an association-in-fact RICO enterprise.[9]

Second, and in any event, Plaintiffs' supplemental RICO analysis is misguided. For example, Plaintiffs erroneously cite *In re Express Scripts/Anthem Litigation* for the proposition that the "existence of arms-length contracts is irrelevant to the question of whether a health insurance company conducted the affairs of a PBM enterprise." Pls.' Second Resp. at 9 n.6. Setting aside the relevant authority cited in CHLIC's Motion that holds arm's length business dealings do not give rise to RICO liability (*see* Cigna Mot. at 33-36), the RICO analysis in *In re Express Scripts/Anthem Litigation* does not even mention arm's length contracts, let alone decide the extent to which they are relevant to RICO claims.[10]

Third, the RICO claims in both *UnitedHealth* and *In re Express Scripts/Anthem Litigation* were rejected at the motion-to-dismiss stage, illustrating that such claims are not appropriate in an ERISA class action like this one.

---

[9] Curiously, Plaintiffs attribute an "association-in-fact" argument to CHLIC that CHLIC never made. *See* Pls.' Second Resp. at 12 n.7.

[10] Plaintiffs also dispute whether RICO is primarily a criminal statute, but *UnitedHealth* confirms that RICO "is a unique cause of action that is concerned with eradicating organized, long-term, habitual **criminal** activity." *UnitedHealth*, 2017 WL 6512222, at *12 (emphasis added).

Nothing in Plaintiffs' supplemental briefing changes the fact that Plaintiffs have failed to state a RICO claim against CHLIC.

## V.     Conclusion

For all of these reasons, as well as those set forth in CHLIC's Opening Brief, Reply Memorandum of Law, Post-Hearing Supplemental Memorandum, at oral argument, and Notice of Supplemental Authority, CHLIC respectfully requests that the Court (1) order Plaintiffs to exhaust their Plans' administrative remedies in pursuing their claims under Count I, (2) stay the litigation of Count I pending exhaustion, and (3) dismiss with prejudice Counts II-X.

Dated:  February 1, 2018

Respectfully submitted,

/s/ Joseph J. Costello
Joseph J. Costello (ct14917)
Brian W. Shaffer (phv08654)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  215-963-5000
Facsimile:  215-963-5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Michael D. Blanchard
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  860-240-2731
Facsimile:  860-240-2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2018, the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Joseph J. Costello
Joseph J. Costello