UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE CIGNA CORPORATION
PBM LITIGATION

Case No. 3:16-cv-1702-WWE
(Consolidated)

April 4, 2018

**MEMORANDUM REGARDING STIPULATED JOINT CASE MANAGEMENT PLAN AND REQUEST FOR REFERRAL TO MAGISTRATE JUDGE**

Plaintiffs file this separate memorandum to advise the Court of their views on the Stipulated Joint Case Management Plan filed by the parties today. Because that plan is not consistent with the plan requested by the Court, plaintiffs want to explain why. In its Memorandum of Decision on Defendants' Motions to Dismiss, the Court stated that "[a] motion for summary judgment should be filed prior to any motion for class certification." ECF 137 at 46. The Court "instruct[ed] the parties to file a joint case management plan that outlines a schedule for any discovery required prior to the filing of a motion for summary judgment." *Id.* The parties have met and conferred on numerous occasions. They were unable to agree on a joint case management plan consistent with the Court's request, because defendants objected to the Court's direction that a motion for summary judgment precede any motion for class certification.

As the Court observed during our first telephonic status conference, this case turns, in large measure, on the proper construction of certain language in Cigna's various prescription drug plans. The central question is whether Cigna's plans permit spreads and clawbacks. Plaintiffs contend that they do not; defendants have yet to articulate a position. Defendants do agree, however, that plan interpretation is at the heart of this case: "So what is before Your Honor in our mind is a classic plan interpretation question . . . ." Mot. to Dismiss Tr. at 11:16–

17. "[Plaintiffs'] claims are grounded in contract and must be resolved through an interpretation of the Plan's terms." Def. CHLIC's Post-Hearing Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Consolidated Complaint, ECF 124, at 9.

Plaintiffs are prepared now to move for summary judgment on liability on all of the remaining ERISA claims as to all five plaintiffs – Counts One through Four, Six and Seven.  In their Supplemental Memorandum of Law in Opposition to Defendants' Motions to Dismiss plaintiffs lay out in detail the principal plan language upon which they are relying and their construction of that language.  ECF 123 at 1–3.  The relevant facts are undisputed.  The plans either permit spreads and clawbacks or they do not.  In addition, plaintiffs believe that defendants' exhaustion defense can be promptly resolved on a motion for summary judgment after modest, focused discovery.  These issues should be resolved now, rather than after many years of expensive litigation.

Defendants resist the Court's early-adjudication approach, based on their purported concerns about "one-way intervention."  That is, defendants are apparently worried that summary judgment might be granted in their favor, without the benefit of claim preclusion for absent putative class members.  Given that class action defendants often move for summary judgment prior to class certification because it is highly unlikely that a new plaintiff would file a case in the face of an adverse summary judgment ruling, the "risk" defendants purportedly seek to avoid is entirely theoretical.  But plaintiffs appreciate that neither they nor the Court can force defendants to agree to resolving most merits issues prior to class certification.  That said, plaintiffs understand that defendants are continuing to enforce their spread-and-clawback practice.  As such, plaintiffs believe it would be in all parties' best interests to have a prompt adjudication of the legality of this practice.

Because defendants do not wish to follow the path urged by the Court, plaintiffs conferred with defendants about submitting an alternative case management plan. That plan is set forth in the Stipulated Joint Case Management Plan filed today. Plaintiffs request that the Court enter this proposed plan at its earliest convenience so that they may commence discovery.

Plaintiffs also request that, simultaneous with entry of this plan, the Court refer this case to a magistrate judge to facilitate further discussions among the parties regarding the development of a more efficient case management plan. Plaintiffs believe it would be helpful to have a magistrate judge hear from the parties on the plan-language issue. For example, plaintiffs would have no objection to defendants moving for summary judgment prior to class certification. This might address defendants' one-way intervention concern. ("Defendants' position is that they do not wish to waive their one-way intervention rights by having Plaintiffs' motion for summary judgment addressed first." ECF 140 at 2.) Indeed, in the Stipulated Joint Case Management Plan, Defendant Optum specifically reserves its right to file an early summary judgment motion. ECF 140 at 4. Similarly, defendants may wish to move for summary judgment on their administrative exhaustion defense. As that defense is unique to the named class representatives and does not implicate a class-wide concern, early resolution of that defense would likely be beneficial for all parties. A magistrate judge may be able to help the parties devise a path forward that would alleviate defendants' avowed one-way intervention concerns and bring issues such as plan language and exhaustion before the Court for resolution as soon as possible.

<div style="float:right">

*s/ William H. Narwold*
</div>

Robert A. Izard (ct01601)
*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
860-493-6292
860-493-6290 fax
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
860-882-1681
860-882-1682 fax
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, pro hac vice
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
212-223-6444
212-223-6334 fax
jguglielmo@scott-scott.com
calexander@scott-scott.com

Derek W. Loeser, pro hac vice
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, pro hac vice
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
206-623-1900
206-623-3384 fax
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Erin Green Comite (ct24886)
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
860-537-5537
860-537-4432 fax
ecomite@scott-scott.com

Brian C. Gudmundson, pro hac vice
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
612-341-0844 fax
brian.gudmundson@zimmreed.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
516-699-8890
516-699-8968 fax

Karen Hanson Riebel, pro hac vice
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, pro hac vice pending
LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401 612-596-4097
612-339-0981 fax

ronen@sarrafgentile.com
joseph@sarrafgentile.com

Andrew A. Lemmon
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
985-783-6789
985-783-1333 fax
andrew@lemmonlawfirm.com

- and -

650 Poydras Street, Suite 2335 New
Orleans, LA 70130 504-581-5644
504-581-2156 fax

khriebel@locklaw.com
kgmarttila@locklaw.com

E. Kirk Wood
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
205-908-4906
866-747-3905 fax
ekirkwood1@bellsouth.net