UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, COURTNEY GALLAGHER, Individually and on Behalf of All Others Similarly Situated, NINA CUROL, Individually and on Behalf of All Others Similarly Situated, and ROGER CUROL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC., <br><br> Defendants. | Civil No. 3:16-cv-1702 (WWE) <br><br><br> April 13, 2018 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
RESPONSE TO PLAINTIFFS' MEMORANDUM
REGARDING STIPULATED JOINT CASE MANAGEMENT PLAN**

Notwithstanding the parties' agreement on a proposed schedule and case management plan ("JCMP") (Dkt. 140), and an explanation as to why the JCMP was structured as it was with class certification preceding summary judgment motions (*Id.* at 1), Plaintiffs filed a separate memorandum in which they criticize CHLIC's invocation of its constitutional right to proceed in that manner. (Dkt. 141 at 3). They also ignore the fact that Plaintiffs have made choices in this litigation and that those choices have consequences, which Plaintiffs are now trying to avoid or pin on CHLIC.

*First*, Plaintiffs could have streamlined this case by confining themselves to a straightforward ERISA Section 502(a)(1)(B) claim that teed up the plan interpretation questions

they suddenly seem in a hurry to resolve.  Instead, they insisted on larding their Complaint with breach of fiduciary duty, prohibited transaction, and RICO claims that now cloud the parties' path forward.[1]

*Second*, Plaintiffs could have taken the traditional approach to plan interpretation questions by first exhausting their plans' administrative remedies rather than spending the better part of a year trying to evade exhaustion.  As a result, whether Plaintiffs must exhaust remains unresolved as the parties head into discovery.

*Finally*, Plaintiffs could have pressed their own individual claims without seeking to represent a class under Federal Rule of Civil Procedure 23(b)(3),[2] which provides putative class members with the opportunity to opt out.  Setting aside the obvious deficiencies in Plaintiffs' class definition,[3] a nationwide class of participants in prescription drug plans that CHLIC has insured and/or administered since 2014 will involve thousands of different benefit plans and millions of participants – each of whom has his or her own, unique prescription drug use history, or none at all.  The cost Plaintiffs would incur in providing notice to any class (if one were to be certified) would be substantial.

Plaintiffs appear to be unwilling to accept the consequences of these decisions.  For example, their submission completely ignores the fact that they now bear the burden of satisfying the requirements of Rules 23(a) and (b).  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  But establishing commonality and typicality is simply not possible when, as here, different iterations of plan or contract language must be reviewed and interpreted as a prerequisite to

---

[1] Plaintiffs' early summary judgment proposal applies only to the six remaining ERISA claims that they have asserted and is silent as to how and when their RICO claims would be addressed.  (Dkt. 141 at 2).
[2] Plaintiffs also seek certification under Rule 23(b)(2).  Compl. ¶¶ 146-47.
[3] Compl. ¶¶ 135-36.  Plaintiffs have proposed an impermissible "fail-safe" class, which is "'defined in a way that precludes membership unless the liability of the defendant is established'" and is "unmanageable because the members of the class could only be known after a determination of liability." *Mazzei v. Money Store,* 288 F.R.D. 45, 55 (S.D.N.Y. 2012).

2

resolving liability. *See, e.g.*, *Wood v. Prudential Retirement Insurance and Annuity Co.*, No. 3:15-1785 (VLB), 2017 WL 338107, at *3-4 (D. Conn. Aug. 4, 2017) (finding no commonality or typicality because "variables among plans render unmanageable any attempt to reach classwide conclusions regarding the reasonableness of the spread"); *Corcoran v. CVS Health*, No. 15-03504 (YGR), 2017 WL 1065135, at *6 (N.D. Cal. Mar. 21, 2017) (finding no commonality in light of "significant variation with how the different contracts define U&C"). Such circumstances also would foreclose a finding of predominance under Rule 23(b)(3). *See Huffman v. Prudential Ins. Co. of America,* No. 2:10-05135 (JFL), 2018 WL 583046, at *3-4 (E.D. Pa. Jan. 29, 2018) (holding that proposed class requiring court to analyze 2,200 different ERISA plans fails for lack of predominance).

Answering the question of whether CHLIC violated the plan terms necessarily requires a review of the individual plans themselves for each named Plaintiff and putative class member. Plaintiffs have challenged, among other things, how copayments, coinsurance, and deductibles are calculated, as well as the determination of "covered expenses" and "Usual and Customary charges." There are substantial variations in plan language defining these terms. Just among the five named Plaintiffs themselves, there are three different versions of the cost-sharing language that is the focus of Plaintiffs' allegations.[4] And even determining which standard of review – arbitrary and capricious or *de novo* – to apply requires review of whether each plan delegates discretion to CHLIC to interpret the plan terms. *See, e.g.*, *Sigal v. Metro. Life Ins. Co.*, No. 16-3397 (JPO), 2018 WL 1229845, at *6 (S.D.N.Y. Mar. 5, 2018) (analyzing plan document and summary plan description to determine whether plan afforded defendant discretionary authority).

---

[4] Notably, Plaintiffs have admitted in their Opposition to Defendants' Motions to Dismiss that their self-serving interpretation of the Plan language – excised out of context – "technically" makes no sense. (Dkt. 97 at 5 n.4).

Plaintiffs' decision to seek certification under Rule 23(b)(3) also means that they are subject to the rule against one-way intervention, which they begrudgingly acknowledge but try to dismiss as "entirely theoretical." (Dkt. 141 at 2). CHLIC agrees that the issue is "theoretical" in the sense that it arises only if a class is certified – an outcome that, as explained above, would be difficult to square with the requirements of Rule 23. But courts have recognized that the risks of one-way intervention to defendants are real if a class is certified following a summary judgment ruling.[5] *See, e.g.*, *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 (7th Cir. 2016) ("The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim . . . The rule exists because it is 'unfair [to the defendant] to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one.'") (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974)); *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 45 (W.D.N.Y. 2009) (explaining that the rule against one-way intervention gives defendants "the right – should they choose to exercise it – to have class certification issues decided first, before any decision on the merits of the plaintiffs' claims").[6]

Plaintiffs do not seem to appreciate the irony of their request that the Court refer this case to a magistrate judge for "the development of a more efficient case management plan." The case management plan currently before the Court is the product of Plaintiffs' choices, and the most

---

[5] Although not implicating the rule against one-way intervention *per se*, the practical effect is the same even if – as Plaintiffs suggest – only CHLIC moves for summary judgment prior to class certification. A ruling in CHLIC's favor would not be binding on absent class members, and a ruling denying CHLIC's motion could redound to the benefit of all putative class members.

[6] *See also Fireside Bank v. Superior Court*, 40 Cal. 4th 1069, 1078 (2007) (holding that if courts permitted plaintiffs to move for summary judgment prior to certification, "[a] victory by the plaintiff would be followed by an opportunity for other members of the class to intervene and claim the spoils; a loss by the plaintiff would not bind other members of the class . . . . One-way intervention [leaves] a defendant open to being pecked to death by ducks. One plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success. This sort of sequence, too, would waste resources; it also could make the minority (and therefore presumptively inaccurate) result the binding one.") (citation and internal quotation marks omitted).

expeditious way to move this matter forward in light of those choices is for the Court to decide the class certification issue before entertaining motions for summary judgment. That said, if Plaintiffs are interested in streamlining their case by dismissing their class allegations or taking other steps to focus class discovery on the relevant issues, CHLIC is not opposed to discussing such issues with Plaintiffs directly or before a magistrate judge.

Dated:  April 13, 2018

Respectfully submitted,

/s/ Joseph J. Costello
Joseph J. Costello (ct14917)
Brian W. Shaffer (phv08654)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  215-963-5000
Facsimile:  215-963-5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Michael D. Blanchard
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  860-240-2731
Facsimile:  860-240-2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2018, the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/ Joseph J. Costello
      Joseph J. Costello