UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE CIGNA CORPORATION PBM LITIGATION | Case No. 3:16-cv-1702-WWE (Consolidated)<br><br>October 16, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION
FOR LEAVE TO FILE AMENDED CONSOLIDATED COMPLAINT**

Nonparty Billy Ray Blocker, Jr. seeks to bring state-law claims against Defendants for the same conduct at issue in this action. Rather than filing a new action, Blocker and current Plaintiffs (Kimberly A. Negron, Daniel Perry, Courtney Gallagher, Nina Curol, and Roger Curol) believe it appropriate and in the interests of judicial economy to join Blocker and his claims here. Therefore, Plaintiffs request leave, pursuant to Federal Rules 15(a)(2) and 20 and Local Rule 7(f), and the parties' Amended Joint Case Management Statement (ECF 158), to amend the Complaint by (a) joining Blocker and his state-law claims and (b) removing claims that were dismissed by the Court's March 12, 2018 ruling denying-in-part and granting-in-part Defendants' motions to dismiss. Defendants have informed Plaintiffs that they do not oppose this motion but that they reserve all rights to move to dismiss the Amended Consolidated Complaint under Rule 12 if leave to file is granted. A clean copy of Plaintiffs' proposed Amended Consolidated Complaint is attached as <u>Exhibit A</u>, and a redlined version showing the proposed changes against the current pleading is attached as <u>Exhibit B</u>.

**I.      INTRODUCTION**

Plaintiff respectfully seeks approval to amend the Complaint to: (1) add Blocker individually and behalf of those similarly situated; (2) add state law claims for breach of contract and the implied covenant of good faith and fair dealing; (3) remove claims under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) for Violations of ERISA § 702, 29 U.S.C. § 1182 against all

Defendants on behalf of the ERISA Subclass pursuant to the Court's order, ECF 137; and (4) remove claims for violating RICO, 18 U.S.C. § 1962(c) against OptumRx on behalf of the Nationwide Class pursuant to the Court's order, ECF 137.

## II.     BACKGROUND

Plaintiffs filed the Consolidated Complaint in this class action on January 19, 2017. Defendants moved to dismiss all counts.  On March 18, 2018, the Court denied the motion to dismiss as to all but two of the ten counts, dismissing Plaintiffs' claims under ERISA's antidiscrimination provision of ERISA § 702(b) and the RICO claim against OptumRx.  ECF 137.  Both Defendants have answered the Consolidated Complaint.  ECF 145, 146.  On June 4, 2018, this Court approved the parties' Joint Case Management Plan, which sets forth the deadlines for this action.  ECF 158.  Of particular relevance to this motion is the discovery deadline of August 28, 2019, and the deadline for Defendants' opposition to class certification, which is July 29, 2019.

The Plaintiffs are individuals who received prescription drug benefits through individual or group health plans issued or administered by the Defendants Cigna Corporation through its wholly-owned subsidiaries, including Defendant Cigna Health and Life Insurance Company ("CHL") (collectively, "Cigna") and OptumRx Inc. ("OptumRx").  Plaintiffs allege that for many years, Defendants have been systemically charging Plaintiffs unauthorized and excessive cost-sharing amounts (copayments, coinsurance, and deductible payments) for prescription drugs in violation of the plain language of Plaintiffs' pharmacy benefit plans.  Plaintiffs – including the proposed plaintiff – seek to recover these overpayments.

**III.     ARGUMENT**

    **A.     Plaintiffs easily satisfy the liberal standards for amendment under Rule 15(a)**

Under Rule 15(a)(2), a "court 'should freely give leave [to amend] when justice so requires.'" *Id.*  Leave should be "freely given" in the absence of a stated or apparent reason to the contrary, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (the Rule reflects the important principle that "'mere technicalities' should not prevent cases from being decided on the merits.").  The purpose of the liberal amendment standard is to enable a party "to assert matters that were overlooked or were unknown . . . at the time . . . [of the] original complaint or answer." *RCX I, LLC v. Pitter-Nelson*, 11 CIV. 03513 CM, 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (*citing Smigna v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir. 1985)).  It is a "rare" event when "such leave should be denied." *W. Sur. Co. v. Leo Const., LLC*, No. 3:12-CV-1190 CSH, 2013 WL 144097, at *3 (D. Conn. Jan. 11, 2013) (citing *Ricciuti v. N.Y.C. Transit Authority*, 941 F. 2d 119, 123 (2d Cir. 1991).

    The Amended Consolidated Complaint will not cause undue delay, and the deadlines ordered by this Court will remain unaffected by this amendment. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (holding district court abused discretion in denying leave to amend where no trial date had been set, no motion for summary judgment had been filed, and there would be no serious difficulty in amending class definition).  The close of discovery is over nine months away, the class is not yet certified, summary judgment motions are due over a year from now, and there is no trial date set.  Courts routinely grant leave to amend in

cases such as this one, which are still in the early stages of litigation.  "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)).  Rule 15(a)(2) "does not require the amending party to demonstrate good cause."  *L.S. by P.S. v. Webloyalty.com, Inc.*, No. 3:10-CV-1372 (CSH), 2017 WL 3668591, at *1 (D. Conn. Aug. 24, 2017).

      Furthermore, Defendants will not be unfairly prejudiced by the proposed amendments.  *See Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321 (2d Cir. 2000) ("Parties are generally allowed to amend their pleadings absent bad faith or prejudice.").  Simply having to defend new claims is not the legal prejudice required to defeat a motion to amend.  *See Halloran v. Harleysville Preferred Ins. Co.*, No. 3:16-CV-00133 (VAB), 2018 WL 780214, at *4 (D. Conn. Feb. 8, 2018) (granting motion to amend despite defendants' argument that it "would have to redraft and re-file dispositive motion papers addressing wholly new allegations, previously known to [the plaintiffs], but inexplicably omitted from the first five versions of [the] Complaint.").  Indeed, Defendants will face Mr. Blocker's claims regardless. The only question is whether his claims will be joined here or filed in a new action.

      "Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the eve of trial."  *Davis v. Conn. Cmty. Bank, N.A.*, 937 F. Supp. 2d 217, 238-39 (D. Conn. 2013).  That scenario is not present here. The completion of all discovery (fact and expert) is not until August 28, 2019, (ECF 158), and Defendants' opposition to class certification will not be due until June 29, 2019.  This schedule leaves ample time for Defendants to seek discovery on the additional plaintiff and on any additional topics raised by the amendment.  Any additional discovery, however, should be

minimal. Under all material respects for this action, the Plans of the State Law Subclass[1] members are uniform and the definitions of terms are materially the same. *See* Exhibit A ¶ 268. Furthermore, the language in the relevant copayment provisions of proposed Plaintiff Blocker's plan is the same as that in Plaintiff Negron's plan. *Id.* at ¶ 97 n.20.

Lastly, Plaintiffs' proposed amendments are not futile. "A party opposing a motion for leave to amend has the burden of proving that such amendment is futile," *Webloyalty.com*, WL 3668591, at *3 (internal citations omitted), and courts in the Second Circuit deem claims futile only where "no colorable grounds exist to support the proposed claim." *Halloran*, 2018 WL 780214, at *6 (internal citations omitted); *see also Fed. Ins. Co. v. Speedboat Racing Ltd.*, No. 3:12-cv-1480 (CSH), 2017 WL 319170, at *4-5 (D. Conn. Jan. 23, 2017) ("An amendment is not futile if the claim it seeks to assert is colorable and not frivolous."). Under this standard, Plaintiffs' Amended Consolidated Complaint is not futile and would survive a motion to dismiss. Proposed Plaintiff Blocker has pleaded that (1) Defendant CHL breached the terms of its contracts with Blocker and the State Law Subclass members in requiring them to pay amounts for prescription drugs in excess of the amounts authorized by the Plans, including Overcharges and Spread, and (2) that Defendant CHL breached its implied covenant of good faith and fair dealing in requiring Blocker and the State Law Subclass members to pay Overcharges and Spread. In denying Defendants' motion to dismiss, this Court has already held that Plaintiffs have sufficiently alleged that "defendants' exercise of discretion <u>violated</u> the plan terms by

---

[1] Capitalized terms have the same meaning as that set forth in the proposed Amended Consolidated Complaint, Exhibit A. The State Law Subclass is defined as "All participants or beneficiaries enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies and not subject to ERISA, who purchased prescription drugs pursuant to such plan and paid an amount for such drugs that was higher than the participant payment amount provided by the health insurance plans or policies."

instituting the charging of cost-sharing payments greater than the amount paid to the pharmacy." *Negron v. Cigna Health and Life Ins.*, 300 F. Supp. 3d 341, 356 (D. Conn. 2018) (emphasis in original); *see also id.* at 355 (holding that complaint adequately alleged that Defendants "***disregard[ed] the plan terms*** to charge excessive cost-sharing amounts." (emphasis added)).

Plaintiffs have viable claims that should be tried on their merits. The Defendants will have a substantial opportunity to respond to the Amended Consolidated Complaint and will have adequate opportunity to conduct necessary discovery regarding the claims within the Amended Consolidated Complaint, which is not likely to result in the expenditure of any significant additional resources.

**B.    Plaintiffs readily meet the requirements to add Blocker as a Plaintiff**

Fed. R. Civ. P. 20(a)(1) allows parties to join together as plaintiffs in the same action if (a) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and (b) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

The standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21. *Lego A/S v. Best-Lock Const. Toys, Inc.*, 886 F. Supp. 2d 65, 71 (D. Conn. 2012) (internal citations omitted); *see also Meyers v. Kishimoto*, No. 3:14-CV-535 CSH, 2015 WL 4041438, at *3 (D. Conn. July 1, 2015) (internal citations omitted) ("[B]ecause in practical terms there is little difference between [Rules 15(a), 20(a) and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion, the court will not separately analyze the present motions under each of those three Rules."). "The Federal Rules of Civil Procedure mandate the broadest scope of action consistent with

fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Mclean v. CVS Pharmacy, Inc.*, No. 3:09 CV 345 VLB, 2010 WL 3827940, at *4 (D. Conn. Sept. 21, 2010) (citation omitted).

"In attempting to affix a definition to 'transaction or occurrence,' courts . . . have concluded . . . that the phrase encompasses all logically related claims." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2005) (internal quotation marks omitted). Proposed Plaintiff Blocker's claims arise out of the same transaction or occurrence as Plaintiffs' putative class claims and common questions of law and fact will be resolved in this lawsuit. Mr. Blocker received prescription drug coverage under a self-funded group health plan provided by his employer. Exhibit A ¶ 41. Under the plan, Blocker was obligated to pay copayments of $10-$125 per prescription for certain categories of drugs. *Id.* The copayment provisions in Blocker's Cigna plan are identical to those in Plaintiff Negron's plan. *See* Exhibit A ¶ 97 n.20. Both plans state that: "In no event will the Copayment . . . for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge. Usual & Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source." *Id.* Plaintiffs allege that Defendant CHL breached its contracts with proposed Plaintiff Blocker and the State Law Subclass members in requiring them to pay for prescription drugs in excess of the amounts authorized by the Plans, including Overcharges and Spread. Furthermore, Plaintiffs allege that Defendant CHL breached its implied covenant of good faith and fair dealing in requiring Plaintiff Blocker and the State Law Subclass members to pay Overcharges and Spread. All of the claims arise out of the same transaction or occurrence, which is Defendants' common fraudulent and deceptive scheme to

artificially inflate prescription costs causing consumers to pay more than they otherwise should have paid for medically necessary prescription drugs. Common questions of law and fact exist, including but not limited to, the finding that Defendants are fiduciaries and/or parties in interest as defined by ERISA; the finding that Defendants engaged in prohibited transactions; and the finding that Defendants denied Plaintiffs benefits and their rights under the policies.

## IV.   CONCLUSION

This is a first request by Plaintiffs seeking leave to file an Amended Consolidated Complaint. For all the above reasons, Plaintiffs respectfully request leave to amend and supplement the Complaint in the above-captioned matter.

Dated: October 16, 2018

*s/ Robert A. Izard*

| | |
|---|---|
| Robert A. Izard (ct01601) | William H. Narwold (ct00133) |
| *Plaintiffs' Interim Co-Lead Class Counsel* | *Plaintiffs' Interim Co-Lead Class Counsel* |
| Craig A. Raabe (ct04116) | Mathew Jasinski (ct27520) |
| Christopher M. Barrett (ct30151) | MOTLEY RICE LLC |
| IZARD, KINDALL & RAABE, LLP | One Corporate Center |
| 29 South Main Street, Suite 305 | 20 Church Street, 17th Floor |
| West Hartford, CT 06107 | Hartford, CT 06103 |
| 860-493-6292 | 860-882-1681 |
| 860-493-6290 fax | 860-882-1682 fax |
| rizard@ikrlaw.com | bnarwold@motleyrice.com |
| craabe@ikrlaw.com | mjasinski@motleyrice.com |
| cbarrett@ikrlaw.com | |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2018, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic service. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Executed this 16th day of October 2018 at West Hartford, Connecticut.

                                                 *s/ Robert A. Izard*
                                      Robert A. Izard
                                      IZARD, KINDALL & RAABE, LLP
                                      29 S. Main St., Suite 305
                                      West Hartford, CT 06107
                                      (860) 493-6292
                                      (860) 493-6290 fax
                                      rizard@ikrlaw.com