UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br> vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>       Defendants. | No. 16-cv-1702 (JAM)<br>(Consolidated)<br><br>CLASS ACTION<br><br><br><br>February 5, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' CONSENT MOTION
TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**

Plaintiffs respectfully submit this Memorandum of Law in support of their consent motion (the "Motion") for leave to file a Second Amended Consolidated Complaint (the "SACC") in the form attached to the Motion as Exhibit A.[1] The proposed SACC adds information learned during the course of discovery that Plaintiffs believe supports and elucidates Plaintiffs' claims. As set forth below, Plaintiffs have acted diligently and have cooperated with Defendants in seeking the present amendment, and Defendants have acted diligently and have cooperated with Plaintiffs in considering the present amendment and have consented to the requested filing. Nor will granting the amendment require additional discovery or otherwise delay any proceedings in this matter. Accordingly, Plaintiffs respectfully submit that leave to

---

[1] A redlined copy of the proposed SACC as compared against the presently filed Amended Complaint is attached to the Motion as Exhibit B.

file the SACC is warranted under the "when justice so requires" standard of Fed. R. Civ. P. 15. To the extent that the Court concludes that the heightened standard of Fed. R. Civ. P. 16 also applies, Plaintiffs respectfully submit that there likewise is "good cause" to allow the Amendment.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed this action on October 13, 2016, alleging that Defendants' pharmacy "spread" and "clawback" practices violated both ERISA and RICO. With leave of the Court [ECF No. 164], Plaintiffs filed their Amended Consolidated Complaint on October 18, 2018 [ECF No. 166]. On June 1, 2018, the parties submitted an Amended Stipulated Joint Case Management Plan [ECF No. 158], approved by the Court on June 4, 2018 [ECF No. 159], which provided that Plaintiffs could seek leave to further amend "[b]y motion" (the "Scheduling Order"). The Scheduling Order did *not* set any specific date for Plaintiffs to seek to amend the complaint. The subsequent Amended Stipulated Joint Case Management Plans filed by the parties (*see* [ECF Nos. 174, 177, 187, 192]) and approved by the Court (*see* [ECF Nos. 175, 178, 188, 192]) contain identical provisions with regard to amendments.

Plaintiffs served several document requests on Defendants, and the parties thereafter engaged in substantial discussions regarding the extent and timing of production. In May 2019, the parties agreed to engage a neutral to help narrow or resolve the issues in dispute. In order to allow the parties to focus on the neutral-assisted process, the parties also agreed that Plaintiffs would not file an amended complaint while the parties were actively trying to narrow or resolve the disputed issues. To date, the parties have conducted several in-person neutral-assisted sessions (the most recent in December 2019) and continue to have neutral-assisted discussions.

The process has significantly focused the issues in dispute, including the proposed class definitions, and allowed the parties to thus far avoid discovery motion practice before the Court.

In the course of discovery, Defendants produced a large volume of documents (sometimes under "confidential" designation), including many that Plaintiffs believe provide additional specificity to, bases for, and evidence of, Plaintiffs' claims. Plaintiffs drafted the proposed SACC incorporating new information, articulating additional bases for Plaintiffs' claims, "fleshing out" Plaintiffs' allegations regarding the challenged conduct and Plaintiffs' allegations that Defendants' actions were knowing, intentional, and/or demonstrated reckless indifference, and proposing revised class and subclass definitions. *See, e.g.,* SACC at ¶¶ 35-40; 41-45; 95-115; 116-127, 129-31, 170, 179-80. The proposed SACC also clarifies the articulation of Plaintiffs' theories as set forth in the Amended Consolidated Complaint given the additional factual allegations. *See, e.g.,* SACC at ¶¶ 1-16, 144, 170, 289.

As part of the discovery process, Plaintiffs also served several sets of interrogatories on Defendants. As with the document productions discussed above, Plaintiffs believe Defendants' interrogatory responses likewise provide additional specificity to, bases for, and evidence of, Plaintiffs' claims. *See* SACC at ¶ 131; *see generally id.* at ¶¶ 129-31, 170. On December 16, 2019, Plaintiffs sent Cigna an initial draft of the SACC. Cigna and Plaintiffs then worked cooperatively to address confidentiality concerns and issues and, as a result, were able to avoid related motion practice before the Court with respect to the current version of the SACC being submitted with this Motion. This consent Motion followed.

## II.     LEGAL STANDARD

Ordinarily, a motion to amend should be liberally allowed. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see Parker v. Columbia*

*Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).  A motion to amend under Rule 15 should only be denied for reasons such as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  *Terex South Dakota, Inc., v. Classic Gears & Machining, Inc.,* No. 17-cv-528 (WWE), 2019 WL 2525628, at *1 (D. Conn. June 19, 2019).

Where a court has issued a scheduling order setting a specific deadline for amendments, then the "good cause" standard of Fed. R. Civ. P. 16(b)(4) for modifying such orders also applies to requests to amend, in addition to the requirements of Rule 15.  *Ramos v. Town of East Hartford,* No. 16-cv-166 (VLB), 2019 WL 544504, at *2 (D. Conn. Feb. 11, 2019).  The District Court may exercise its discretion in evaluating a request for a scheduling modification, but "[t]he Second Circuit has emphasized that 'the primary consideration' in determining whether good cause has been shown 'is whether the moving party can demonstrate diligence.'"  *Id.* (*quoting Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).[2]

### III. The Court Should Allow the Proposed SACC

#### A. The Court Should Allow Amendment Under Rule 15(a)

Plaintiffs respectfully submit that the Motion to file the SACC should be granted because Plaintiffs satisfy all of the liberal "interests of justice" requirements of Rule 15(a).  Defendants will suffer no prejudice (the "most important" factor), as demonstrated by the fact that Defendants have consented to the filing of the proposed amendment, reserving any and all rights Defendants may have to challenge the sufficiency of the allegations once the SACC is filed.

---

[2]  Although "the primary consideration is whether the moving party can demonstrate diligence … [t]he district court, in the exercise of its discretion under Rule 16(b), may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."  *Kassner,* 496 F.3d at 244.

- 4 -

Plaintiffs believe the SACC provides further detail to Defendants of the facts underlying Plaintiffs' claims, and such elucidation of Plaintiffs' claims can only assist Defendants as well as public members of the proposed Class and the Court in the forthcoming class certification and summary judgment briefing processes, and in any potential trial.

Nor is there any undue delay or bad faith.  The parties agreed to hold off on filing any amendments while working mutually and in good faith to narrow or resolve the disputed issues.  Accordingly, Plaintiff have acted expeditiously and in good-faith accord with their agreement with Defendants.

Finally, Plaintiffs note that allowing the proposed SACC will not delay the case in any fashion.  Filing of the SACC will not require any changes to the current litigation schedule or the extension of any upcoming deadlines.  No additional discovery will be necessary on account of the SACC.  In Plaintiffs' view, the sole purpose of the SACC is to provide, with the Defendants' consent, additional factual bases and elucidation of Plaintiffs' claims as uncovered during discovery.

### B.     If Applicable, Rule 16 Also Favors Allowing the Amendment

Plaintiffs respectfully submit that Rule 16 is inapplicable to the current Motion.  Insofar as the current scheduling order does not set a specific date for Plaintiffs to seek to amend the complaint but rather allows Plaintiffs to seek to amend at any time "by motion," the Rule 16 standard for "modifying" a scheduling order does not apply.  Rather, by filing this Motion, Plaintiffs are following the procedure set forth in the Scheduling Order as-written.  *See In re Baker,* No. 09-12997 T13, 2013 WL 1290338, at *1 (Bankr. D.N.M. Mar. 27, 2013) (because "[t]he Scheduling Order did not include a deadline or amend pleadings[,] Fed.R.Civ.P. 16(b)(4)'s 'good cause' standard is not relevant").

However, to the extent this Court deems Rule 16 applicable to the current Motion, Plaintiffs respectfully submit that "good cause" exists to allow the amendment as well. Rule 16(b)(4) requires that, beyond the requirements of Rule 15, Plaintiffs also establish "good cause," meaning that Plaintiffs have acted diligently and that Defendants are not prejudiced. *Kassner*, 496 F.3d at 244. As discussed above, Plaintiffs have acted diligently and Defendants are not prejudiced. The parties have engaged in discovery throughout the neutral-assisted process and have worked cooperatively to address confidentiality concerns and avoid related motion practice before the Court.

Accordingly, regardless of whether Rule 15 alone applies or whether Rule 16 also governs Plaintiffs' Motion to Amend, Plaintiffs respectfully submit that their request to amend is proper and warranted and should be granted by the Court.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their consent Motion to file a Second Amended Consolidated Complaint in the form attached as Exhibit A to the Motion be granted.

Dated: February 5, 2020                    Respectfully submitted,

                                            *s/ Robert A. Izard*
                                            Robert A. Izard (ct01601)

*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:   206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:   612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:   985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:   504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:   516-699-8968

ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:   866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*
LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone:  612-596-4097
Facsimile:   612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN KOEHLER MOORE KAHLER
3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
Telephone: 206.448.1777
Facsimile: 206.728.2131
Brad@stritmatter.com

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile:  919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Additional Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

      I, Seth R. Klein, hereby certify that on this 5th day of February, 2020, the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access these documents though the court's CM/ECF system.

                                                             /s/ Seth R. Klein
                                                              Seth R. Klein