# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>       Defendants. | Civ. A. No. 16-cv-1702 (JAM) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS .....................................................................................................2

LEGAL STANDARD ............................................................................................................4

ARGUMENT .........................................................................................................................4

    I.    Count IX Should Be Dismissed Because CHLIC Is Not A Party To
Plaintiff Blocker's Plans. .......................................................................................4

    II.    Count X Should Be Dismissed Because Plaintiff Blocker Has No Viable
Breach Of Contract Claim Against CHLIC. ...........................................................7

CONCLUSION ......................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*280 Partners, LLC v. Bank of N. Georgia*,
  835 S.E.2d 377 (Ga. Ct. App. 2019) ......................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................4

*Bankston v. RES-GA Twelve, LLC*,
  779 S.E.2d 80 (Ga. Ct. App. 2019)........................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................4

*Ceasar v. Wells Fargo Bank, N.A.*,
  744 S.E.2d 369, *adopted sub nom. Ceasar v. Wells Fargo Bank* (Ga. State Ct.
  2013)........................................................................................................................8

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011) ..............................................................................................7

*Cortec Indus., Inc. v. Sum Holding, L.P.*,
  949 F.2d 42 (2d Cir. 1991) ...................................................................................3

*George v. Hercules Real Estate Servs., Inc.*,
  795 S.E.2d 81 (Ga. Ct. App. 2016)........................................................................8

*Grady Mem'l Hosp. Corp. v. Hayes*,
  801 S.E.2d 55 (Ga. App. 2017) .............................................................................5

*Hanham v. Access Mgmt. Grp. L.P.*,
  825 S.E.2d 217 (Ga. 2019) ....................................................................................8

*Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches &
  Ministries, Inc.*,
  662 S.E.2d 745 (Ga. Ct. App. 2008) ......................................................................8

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan
  v. Morgan Stanley Inv. Mgmt. Inc.*,
  712 F.3d 705 (2d Cir. 2013) ..................................................................................2

*Poonawala v. AIG Claim Servs., Inc.*,
  No. 4:06-1990, 2006 WL 8436586 (N.D. Ala. Nov. 20, 2006)..............................7

ii

*SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*,
   805 S.E.2d 270 (Ga. Ct. App. 2017) ....................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ...........................................................................................3

*UWork.com, Inc. v. Paragon Techs., Inc.*,
   740 S.E.2d 887 (Ga. Ct. App. 2013) ....................................................................5

*Walker v. Oglethorpe Power Corp.*,
   802 S.E.2d 643 (Ga. Ct. App. 2017) ....................................................................8

## STATUTES

29 U.S.C. § 1002(32)................................................................................................5

29 U.S.C. § 1003(b)(1) ............................................................................................3

## RULES

Fed. R. Civ. P. 12(b)(6) ......................................................................................3, 4

## INTRODUCTION

Plaintiff Billy Ray Blocker, Jr. was a participant in a health benefit plan established and maintained by his employer, Cobb County Government ("Cobb County").  The Cobb County benefit plan offered prescription drug benefits.  The plan documents detailed the prescription drug benefits that Cobb County would provide to its employee participants, like Plaintiff Blocker, including how much Cobb County required them to pay for covered prescription drugs.  In a separate agreement, Cobb County contracted for Defendant Cigna Health and Life Insurance Company ("CHLIC") to provide various administrative services to the plans, such as prescription drug claim processing.[1]

In the Second Amended Consolidated Complaint, Plaintiff Blocker alleges that at various points in 2015 and 2016, he paid more than he should have under the terms of his plans for certain prescription drugs purchased at retail network pharmacies.  He contends that CHLIC caused him to make payments that violated the terms of his plans and that CHLIC should consequently be liable for breaching both the terms of the plans and the covenant of good faith and fair dealing implied in the plans.

Plaintiffs' claims for breach of contract (Count IX) and breach of the implied covenant of good faith and fair dealing (Count X) fail as a matter of law and should be dismissed because CHLIC is not a party to the plans and therefore cannot be liable for breaching plan terms.  It is well settled that a non-party to a contract cannot be liable for breaching that contract or its implied covenant of good faith and fair dealing.  Here, Plaintiff Blocker's plans were established and maintained by Cobb County, not CHLIC.  CHLIC was retained separately by Cobb County to

---

[1] Cigna Corporation has been dismissed from the Action, so this motion is made on behalf of Defendant CHLIC only.

provide administrative services to the plans, but that does not make CHLIC a party to the plans that may be liable in contract for alleged breaches of express or implied plan terms. Accordingly, Counts IX and X of the Second Amended Consolidated Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS[2]

When a participant in an employer-sponsored prescription drug benefits plan purchases a prescription drug from a retail network pharmacy, that single transaction between the participant and the pharmacy triggers several different and distinct contractual relationships to determine who pays what amount and to whom for that participant's prescription drug. ECF 198 ("SACC") ¶¶ 70-73. The parties to these various contracts typically include the plan participant, the plan sponsor, the retail pharmacy, the plan's claims administrator, and/or a pharmacy benefit manager ("PBM"). *Id.* Two such contracts are relevant to this Motion. The first is the **prescription drug benefits plan** between the participant and the plan sponsor (usually the employer), which dictates and sets forth how much the participant must pay as his or her cost-share (*e.g.*, copayment, coinsurance, or deductible) for the prescription drug. *Id.* ¶¶ 70-71. The second is the **contract between the plan sponsor and CHLIC**, which dictates what services CHLIC provides to the plan sponsor for prescription drug benefits and the rates that the plan sponsor has agreed to pay for prescription drugs and CHLIC's pharmacy benefit management services. *Id.* ¶¶ 70, 72. The contract between the plan sponsor and CHLIC can take different forms depending on how the plan is funded. If the

---

[2] In ruling on a motion to dismiss, the Court must "take all of the factual allegations in the complaint as true," but it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). Accordingly, the "Statement of Facts" set forth herein assumes the truth of Plaintiffs' factual allegations and does not accept as true any allegation in the Second Amended Consolidated Complaint that constitutes no more than "a legal conclusion couched as a factual allegation."

plan is self-funded, *i.e.*, the plan sponsor pays for covered expenses with its own funds, the relationship is detailed in an "Administratively Services Only" ("ASO") contract. *Id.* ¶ 17 n.1. If the plan is fully insured, *i.e.*, the plan sponsor pays for CHLIC to assume responsibility for paying covered claims and related expenses, the relationship is detailed in a group health insurance policy and other disclosures. *Id.*

Plaintiff Blocker is a citizen and resident of Georgia who was a participant in self-funded prescription drug benefits plan established and maintained by his employer, Cobb County. *Id.* ¶¶ 65, 177. Cobb County determines what benefits will be covered under the plan, and those plans issued by Cobb County to participants detailed how much Plaintiff Blocker would pay as his cost-share for prescription drugs. *Id.* ¶¶ 65, 70-71; *see* Ex. A (Cobb County Government Prescription Drug Benefits Plan, Eff. Jan. 1, 2014); Ex. B (Cobb County Government Prescription Drug Benefits Plan, Eff. Jan. 1, 2016).[3] Because the Cobb County plans were established and maintained by a political subdivision of a state government for its employees, they qualify as "governmental plans" that are not subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* SACC ¶ 65; *see also* 29 U.S.C. § 1003(b)(1). Plaintiff Blocker alleges that at various points in 2015 and 2016, he paid more for prescription drugs than he should have under the terms of his plans. SACC ¶¶ 65, 177.

---

[3] In ruling on a Rule 12(b)(6) motion, the Court may consider documents incorporated into the complaint by reference, those documents integral to the complaint, and matters subject to judicial notice. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Thus, the Court may rely on plan-related materials and agreements that are referenced in, but not attached to, the Second Amended Consolidated Complaint. *See Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). Exhibits A and B hereto are plan documents corresponding to Plaintiff Blocker's prescription drug coverage as alleged in the Second Amended Consolidated Complaint.

Separate and apart from Plaintiff Blocker's plans, Cobb County contracted for CHLIC to provide various administrative services to its plans, including claims administration and pharmacy benefit management services. *Id.* ¶ 65. Such services included, among other things, processing claims for prescription drugs and providing plan participants with access to an established network of pharmacies. *See id.* ¶¶ 65, 67.

On February 6, 2020, Plaintiffs filed their Second Amended Consolidated Complaint. In it, Plaintiff Blocker, on behalf of purported state law subclasses, claims that CHLIC is liable for breaching the terms of his plans (Count IX) and the covenant of good faith and fair dealing implied in his plans (Count X) because CHLIC allegedly caused him to pay more for prescription drugs than he should have under the terms of his plans.

## LEGAL STANDARD

The Court should grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the well-pleaded facts must allow the court to infer more than the mere possibility of misconduct. *Id.*

## ARGUMENT

**I.      Count IX Should Be Dismissed Because CHLIC Is Not A Party To Plaintiff Blocker's Plans.**

Plaintiff Blocker's breach of contract claim (Count IX) should be dismissed because CHLIC is not a party to Plaintiff Blocker's plans and therefore cannot be liable for breaching them.

Under Georgia law, which governs Plaintiff Blocker's plans, the elements for a breach of contract claim are "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 805 S.E.2d 270, 274 (Ga. Ct. App. 2017). "A breach occurs if a **contracting party** repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible." *UWork.com, Inc. v. Paragon Techs., Inc.*, 740 S.E.2d 887, 893 (Ga. Ct. App. 2013) (emphasis added). "When a complaint does not allege facts showing the existence of a contractual relationship between the plaintiff and the defendant, dismissal is proper because 'there is no set of provable facts within the framework alleged by the complaint that would result in [liability] for breach of contract.'" *Grady Mem'l Hosp. Corp. v. Hayes*, 801 S.E.2d 55, 57 (Ga. Ct. App. 2017) (quoting *Weather v. Dieniahmar Music, LLC*, 788 S.E.2d 852 (Ga. Ct. App. 2016)).

Here, it is apparent from the Second Amended Consolidated Complaint that Plaintiff Blocker's breach of contract claim fail as a matter of law. He has failed to allege—nor can he— facts showing that his plans created contractual relationships between himself and CHLIC or that CHLIC may be liable for breaching the terms of his plans. Plaintiffs allege that Plaintiff Blocker "received prescription drug coverage under a self-funded group health plan **provided by his employer Cobb County for his benefit**" and that CHLIC only "administered" his plans. SACC ¶ 65 (emphasis added). Plaintiffs also allege that Plaintiff Blocker's plans were "governmental" plans "as defined under ERISA," *id.*, meaning they were plans "established or maintained" by a political subdivision of a state government (here, Cobb County) for its employees, 29 U.S.C. § 1002(32). Plaintiffs also concede that in the context of an employer-sponsored benefit plan, a contractual relationship exists only between "**the member and his or her employer**" and that

participants do not contract directly with insurers.  SACC ¶ 70 & n.6 (emphasis added).[4]   In the face of clear allegations establishing that Plaintiff Blocker's plans created contractual relationships only between Plaintiff Blocker and the plans' sponsor (Cobb County), Plaintiffs' conclusory allegations about CHLIC's "contracts with Plaintiff Blocker" (*id.* ¶ 54) are not enough to allege plausibly the existence of a contractual relationship between Plaintiff Blocker and CHLIC.

The text of Plaintiff Blocker's plans confirms that Cobb County is the plan sponsor responsible for providing Plaintiff Blocker's benefits and CHLIC is an administrative services provider that is not a party to the plans.  The plans define "Employer" (here, Cobb County) as "the plan sponsor self-insuring the benefits described in this booklet, **on whose behalf Cigna is providing claim administration services**."  Ex. A at CIGNA0004193 (emphasis added); Ex. B at CIGNA0004219 (emphasis added).  Under the heading "Important Information," the plans provide in all capital letters, "CIGNA HEALTH AND LIFE INSURANCE COMPANY (CIGNA) PROVIDES CLAIM ADMINISTRATION SERVICES TO THE PLAN, BUT CIGNA DOES NOT INSURE THE BENEFITS DESCRIBED."   Ex. A at CIGNA0004170; Ex. B at CIGNA0004199.  CHLIC is not listed as a party or signatory to the plans.  To the extent Plaintiff Blocker may argue that CHLIC has undertaken to provide him coverage by virtue of references to "Cigna" in the plans, he misinterprets the plans.  Under the same "Important Information" heading, the plans provide in all capital letters, "REFERENCES TO 'CIGNA,' 'INSURANCE

---

[4] Plaintiffs allege generally that putative class members with "state-law claims" purchase their plans "from insurers without an employer in the middle."  SACC ¶ 70 n.6.  But that directly contradicts the allegation that Plaintiff Blocker—the only named plaintiff with state-law claims— "received prescription drug coverage under a self-funded group health plan **provided by his employer Cobb County for his benefit**".  *Id*. ¶ 65 (emphasis added).  It also contradicts the plan documents themselves, which make clear, as discussed further, that the "Employer" (here, Cobb County) is "the plan sponsor self-insuring the benefits described" and that CHLIC is only "providing claim administration services" on the plan sponsor's behalf.  Ex. A at CIGNA0004193; Ex. B at CIGNA0004219.

COMPANY,' AND 'POLICYHOLDER' SHALL BE DEEMED TO MEAN YOUR 'EMPLOYER' . . . ."  Ex. A at CIGNA0004170; Ex. B at CIGNA0004199.  Accordingly, any references to "Cigna" providing coverage or benefits are deemed to mean that Plaintiff Blocker's "Employer" (*i.e.,* Cobb County) is responsible for providing coverage or benefits.

It is axiomatic that the promises set forth in an employer-sponsored benefit plan constitute the promises of the plan sponsor and not those of a third party retained separately by the plan sponsor to provide administrative services to the plan.  *See*, *e.g.*, *CIGNA Corp. v. Amara*, 563 U.S. 421, 437 (2011) ("The plan's sponsor (*e.g.*, the employer), like a trust's settlor, creates the basic terms and conditions of the plan [and] executes a written instrument containing those terms and conditions . . . .").  For that reason, courts have dismissed state law breach of contract claims against third party administrative service providers when they arise from alleged plan violations. *See*, *e.g.*, *Poonawala v. AIG Claim Servs., Inc.*, No. 4:06-1990, 2006 WL 8436586, at *2 (N.D. Ala. Nov. 20, 2006) (dismissing breach of contract claim against claims administrator that was not a party to the policy at issue).

In sum, the promises set forth in Plaintiff Blocker's employer-sponsored plans represent promises made by Cobb County as the plan sponsor for the benefit of Plaintiff Blocker as the participant.  They do not create a contractual relationship between Plaintiff Blocker and CHLIC, a third party provider of administrative services to the plans.  Because CHLIC is not a party to the plans, CHLIC cannot be liable for breach of the plans, and Count IX should be dismissed with prejudice.

## II. Count X Should Be Dismissed Because Plaintiff Blocker Has No Viable Breach Of Contract Claim Against CHLIC.

The lack of a contract between CHLIC and Plaintiff Blocker is also fatal to his claim for breach of the implied covenant of good faith and fair dealing (Count X).  Under Georgia law,

7

"[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." *Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n. of Slavic Churches & Ministries, Inc.*, 291 Ga. App. 808, 810 (2008), *disapproved of on other grounds by George v. Hercules Real Estate Servs., Inc.*, 795 S.E.2d 81 (Ga. Ct. App. 2016). But the implied covenant of good faith and fair dealing "cannot provide an independent basis for liability" because it simply "modifies and becomes a part of the provisions of the contract." *Id.* Put another way, "the covenant cannot be breached apart from the contract provisions it modifies." *Id.* It is well settled under Georgia law that there can be no claim for breach of the implied covenant of good faith and fair dealing absent a viable claim for breach of contract. *See, e.g.*, *Ceasar v. Wells Fargo Bank, N.A.*, 744 S.E.2d 369, 374, *adopted sub nom. Ceasar v. Wells Fargo Bank* (Ga. State Ct. 2013) (rejecting claim for breach of implied covenant of good faith and fair dealing for lack of viable breach of contract claim); *280 Partners, LLC v. Bank of N. Georgia*, 835 S.E.2d 377, 382 (Ga. Ct. App. 2019) (same); *Bankston v. RES-GA Twelve, LLC*, 779 S.E.2d 80, 82 (Ga. Ct. App. 2015) ("[Because] the trial court properly dismissed the breach of contract claim . . . , the claim for breach of duty of good faith and fair dealing under the contract was also properly dismissed since there is no such independent cause of action apart from the breach of contract claim.").

Here, Plaintiff Blocker "cannot maintain a claim for the breach of the covenant of good faith and fair dealing because [he has] not alleged a viable claim for breach of contract." *Walker v. Oglethorpe Power Corp.*, 802 S.E.2d 643, 666-67 (Ga. Ct. App. 2017), *disapproved of on other grounds by Hanham v. Access Mgmt. Grp. L.P.*, 825 S.E.2d 217 (Ga. 2019); *see also supra* Part I. Stated otherwise, because CHLIC is not even a party to Plaintiff Blocker's plans (as explained above), CHLIC cannot be liable for breaching those plan terms that the implied covenant of good faith and dealing "modifies" under Georgia law. *Id.* Thus, without a viable breach of contract

8

claim against CHLIC, CHLIC cannot be liable for breaching the covenant of good faith and fair

dealing implied in those plans, and Count X should be dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, CHLIC respectfully requests that the Court dismiss

Counts IX and X of the Second Amended Consolidated Complaint with prejudice.


Dated:  February 20, 2020                    Respectfully submitted,

                                             /s/ Joseph J. Costello
                                             Joseph J. Costello (ct14917)
                                             Brian W. Shaffer (phv08654)
                                             Eleanor R. Farrell (phv08309)
                                             Matthew D. Klayman (phv08656)
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             1701 Market Street
                                             Philadelphia, PA 19103
                                             Telephone:  215-963-5000
                                             Facsimile:  215-963-5001
                                             joseph.costello@morganlewis.com
                                             brian.shaffer@morganlewis.com
                                             eleanor.farrell@morganlewis.com
                                             matthew.klayman@morganlewis.com


                                             Michael D. Blanchard (ct25891)
                                             MORGAN, LEWIS & BOCKIUS LLP
                                             One State Street
                                             Hartford, CT 06103
                                             Telephone:  860-240-2945
                                             Facsimile:  860-240-2800
                                             michael.blanchard@morganlewis.com

                                             *Attorneys for Defendant Cigna Health and Life
                                             Insurance Company*