UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                  Defendants. | No. 16-cv-1702 (JAM)<br>(Consolidated)<br><br>CLASS ACTION<br><br><br><br>MARCH 2, 2020 |

## MOTION FOR CLASS CERTIFICATION

Plaintiffs, participants in health plans administered by Cigna Health and Life Insurance Co. ("Cigna"), brought this class action against Cigna and its prescription benefits manager OptumRx, Inc. ("Optum"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO") and breaches of contract. For the reasons explained in Plaintiffs' accompanying memorandum of law, Plaintiffs respectfully move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order (i) certifying the classes in this litigation pursuant to Rule 23(a) and both Rules 23(b)(2) and 23(b)(3), as set forth below; (ii) appointing Plaintiffs to serve as Class Representatives for the various Classes, as set forth below; and (iii) appointing co-lead Class Counsel as set forth below.

**ORAL ARGUMENT REQUESTED**

Plaintiffs seek to certify the following six Classes:[1]

**ERISA Class.** All individuals residing in the United States and its territories who were enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies and subject to ERISA, who purchased prescription drugs pursuant to such plans or policies that provided that a member "may be required to pay a portion of Covered Expenses" and paid a copayment or deductible payment for such drugs that was higher than the Pharmacy Charge on a transaction-by-transaction basis, which excess payment above the Pharmacy Charge was "clawed-back" by Cigna.

**ERISA Subclass.** All individuals residing in the United States and its territories who were enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies and subject to ERISA, who purchased prescription drugs pursuant to such plans or policies that provided that "in no event will the Copayment" "exceed the amount paid by the plan to the Pharmacy" and paid a copayment for such drugs that was higher than the Pharmacy Charge on a transaction-by-transaction basis, which excess payment above the Pharmacy Charge was "clawed-back" by Cigna.

**State Law Class**. All individuals residing in the United States and its territories who were enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies and not subject to ERISA, who purchased prescription drugs pursuant to such plans or policies that provided that a member "may be required to pay a portion of Covered Expenses" and paid a copayment or deductible payment for such drugs that was higher than the Pharmacy Charge on a transaction-by-transaction basis, which excess payment above the Pharmacy Charge was "clawed-back" by Cigna.

**State Law Subclass**. All individuals residing in the United States and its territories who were enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies and not subject to ERISA, who purchased prescription drugs pursuant to such plan that provided that "in no event will the Copayment" "exceed the amount paid by the plan to the Pharmacy" and paid a copayment for such drugs that was higher than the Pharmacy Charge on a transaction-by-transaction basis, which excess payment above the Pharmacy Charge was "clawed-back" by Cigna.

**RICO Class.** All individuals residing in the United States and its territories who were enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies, including both plans subject to ERISA and plans not subject to ERISA, who purchased prescription drugs pursuant to such plans or policies that provided that a member "may be required to pay a

---

[1] All capitalized terms are used as defined in the Second Amended Consolidated Complaint ("SACC").

portion of Covered Expenses" and paid a copayment or deductible payment for such drugs that was higher than the Pharmacy Charge on a transaction-by-transaction basis, which excess payment above the Pharmacy Charge was "clawed-back" by Cigna.

**RICO Subclass.** All individuals residing in the United States and its territories who were enrolled in a health benefit plan issued and/or administered by Defendants or their affiliates or insured under Defendants' or their affiliates' health insurance policies, including both plans subject to ERISA and plans not subject to ERISA, who purchased prescription drugs pursuant to such plans or policies that provided that "in no event will the Copayment" "exceed the amount paid by the plan to the Pharmacy" and paid a copayment for such drugs that was higher than the Pharmacy Charge on a transaction-by-transaction basis, which excess payment above the Pharmacy Charge was "clawed-back" by Cigna.

**ERISA CLASSES**[2]

The ERISA Classes should be certified. As required by Federal Rule 23(a): (i) joinder of individual plaintiffs is impracticable because Class Members number at least in the tens of thousands; (ii) there are numerous questions of law or fact common to the class, including, in particular, the central issue in the case: whether Defendants' contract language prohibited them from "clawing back" the copayment and deductible "overpayments" that Defendants charged to Class Members; (iii) Plaintiffs Negron's and Perry's claims are typical of – and, indeed, the same as – the claims of the class; and (iv) Plaintiffs have no conflicts of interest with the class, will actively represent the interests of the class in the litigation, and have retained experienced and effective counsel.

The proposed ERISA Classes meet the requirements of Federal Rule 23(b)(2), as (i) class members were all harmed in essentially the same way (had their "overpayments" improperly "clawed back" by Defendants); (ii) monetary damages are incidental to, and flow directly from, Plaintiffs' request for injunctive relief; and (iii) the injunctive relief Plaintiffs seek is specific.

---

[2] The ERISA Class and ERISA Subclass are referred to collectively as the "ERISA Classes." The State Law Class and State Law Subclass are referred to collectively as the "State Law Classes." The RICO Class and Subclass are referred to collectively as the "RICO Classes."

The ERISA Classes should also be certified under Rule 23(b)(3) as an alternative theory of recovery, because (i) the common questions of law predominate over any individual issues, and (ii) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

Finally, the Court should appoint Motley Rice ("MR") and Izard, Kindall, & Raabe ("IKR") as co-lead class counsel.  MR and IKR have decades of class action experience and extensive knowledge of the applicable law and facts, and have the resources necessary to litigate this action.  Moreover, they have effectively represented the proposed classes since being appointed interim co-lead class counsel in 2016 (*see* [ECF No. 20]).[3]

### STATE LAW CLASSES

The State Law Classes should also be certified (with Plaintiff Blocker serving as Class Representative for these Classes).  The State Law Classes satisfy Fed. R. Civ. P. 23(a) and 23(b)(3) for the same reasons discussed above with regard to the ERISA Classes, and and MR and IKR should be appointed co-lead counsel for the same reasons as well.

### RICO CLASSES

The RICO Classes should also be certified (with Plaintiffs Negron, Perry and Blocker serving as Class Representative for these Classes).  The RICO Classes satisfy Fed. R. Civ. P. 23(a) and 23(b)(3) for the same reasons discussed above with regard to the ERISA Classes, and and MR and IKR should be appointed co-lead counsel for the same reasons as well.

*   *   *

---

[3] The following firms have served on the Executive Committee since December 5, 2016 (*see* [ECF Nos. 12, 13]): Scott+Scott, Attorneys at Law, LLP; Zimmerman Reed, LLP; Lemmon Law Firm LLC; Sarraf Gentile LLP; Keller Rohrback, LLP; Lockridge Grindal Nauen PLLP; and Wood Law Firm, LLC.  The firms on the Executive Committee will continue to do non-duplicative work as requested by IKR and MR, as they have done to date.

In support of this Motion, Plaintiffs submit (a) a Memorandum of Law; and (b) a declaration from Craig A. Raabe (a member of proposed co-lead counsel IKR) and various supporting documents attached thereto (including the expert report of Launce Mustoe, a Registered Pharmacist and a Senior Vice President at Stephens Consulting Services, LLC).[4]

Accordingly, Plaintiffs respectfully request that the Court issue an order:

(1) certifying the proposed ERISA Classes pursuant to Rules 23(a) and, as alternative theories of recovery for proof at trial, both of Rules 23(b)(2) and 23(b)(3);

(2) certifying the proposed State Law Classes pursuant to Rules 23(a) and Rule 23(b)(3);

(3) certifying the proposed RICO Classes pursuant to Rules 23(a) and Rule 23(b)(3);

(4) appointing Plaintiffs Negron and Perry as Class Representatives of the ERISA Classes; appointing Plaintiff Blocker as Class Represenatitive of the State Law Classes; and appointing Plaintiffs Negron, Perry and Blocker as Class Representatives of the RICO Classes;[5] and

(5) appointing Motley Rice LLP and Izard, Kindall & Raabe, LLP as Co-Lead Counsel for the Class.

Respectfully submitted,

Dated: March 2, 2020

*s/ Robert A. Izard*
Robert A. Izard (ct01601)
*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305

---

[4] Consistent with their obligations under the protective order currently in place [ECF No. 92], Plaintiffs are also filing a motion to file the documents attached to the Raabe Declaration under seal. However, Plaintiffs believe all documents being filed today should be public, and are engaged in the meet and confer process with Defendants on this issue. Should the parties not be able to reach agreement, Plaintiffs will file by March 6, 2020, a motion to remove Defendants' "confidential" designation from the documents Plaintiffs have submitted with this motion.

[5] Plaintiffs Gallagher and Mr. and Mrs. Curol are pursuing individual claims and do not seek to represent a Class.

West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP

– 6 –

1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:   206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:   612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:   985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:   504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:   516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*

                WOOD LAW FIRM, LLC
                P. O. Box 382434
                Birmingham, AL 35238-2434
                Telephone:  205-908-4906
                Facsimile:   866-747-3905
                ekirkwood1@bellsouth.net

                Karen Hanson Riebel, *pro hac vice pending*
                *Plaintiffs' Executive Committee Member*
                Kristen G. Marttila, *pro hac vice pending*
                LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
                100 Washington Avenue S, Suite 2200
                Minneapolis, MN 55401
                Telephone:  612-596-4097
                Facsimile:   612-339-0981
                khriebel@locklaw.com
                kmarttila@locklaw.com

                Brad J. Moore
                STRITMATTER KESSLER WHELAN KOEHLER MOORE KAHLER
                3600 15th Ave W, Suite 300
                Seattle, WA 98119-1330
                Telephone: 206.448.1777
                Facsimile: 206.728.2131
                Brad@stritmatter.com

                Daniel K. Bryson
                Jeremy R. Williams
                WHITFIELD, BRYSON & MASON, LLP
                900 W. Morgan Street
                Raleigh, NC 27603
                Telephone: 919-600-5000
                Facsimile:  919-600-5035
                Dan@wbmllp.com
                Jeremy@wbmllp.com

                Additional Counsel for Plaintiffs