UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

vs.

CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,

Defendants.

No. 16-cv-1702 (JAM)
(Consolidated)

CLASS ACTION

DEMAND FOR JURY TRIAL

March 2, 2020

**MOTION TO SEAL**

Solely in accord with their duty under the Protective Order in place in this litigation (*see* [ECF No. 92]), Plaintiffs move to file under seal certain documents attached to the Declaration of Craig A. Raabe filed in support of Plaintiffs' Motion for Class Certification and certain limited portions of Plaintiffs' Memorandum of Law in support of class certification that discuss those documents.[1]

Specifically, Plaintiffs move for the moment to seal Exhibits C through R and Exhibits T through W of the Raabe Declaration. All of these Exhibits consist of documents produced by Cigna under a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation. (Cigna did not designate the document attached to the Raabe Declaration as Exhibit

[1] Along with public sealed or redacted versions, Plaintiffs are herewith filing full versions of the documents and memorandum under seal, pending resolution of the confidentiality issues raised herein.

B as being confidential, and has previously de-designated the document attached to the Raabe Declaration as Exhibit S.)

Plaintiffs also move for the moment to file Exhibit A to the Raabe Declaration under seal. Exhibit A is the expert declaration of Plaintiffs' expert Launce Mustoe, which relies upon and discusses data and information produced by Cigna under confidential designation.

Finally, Plaintiffs move for the moment to file under seal two brief passages from their Memorandum of Law that reference certain portions of the foregoing documents. Although other portions of Plaintiffs' memorandum (and particularly the "Relevant Factual Background" section at Part II) also discuss documents marked as confidential by Cigna, these passages quote portions of those documents that Defendants have already consented to be quoted publicly (in connection with the filing of the Second Amended Consolidated Complaint [ECF No. 198]), and so there is no need to file them under seal here.

Notwithstanding the filing of this motion, Plaintiffs do not believe that Cigna's confidential designation of these documents (which relate to legacy health plans and are years old) is appropriate. Nor do Plaintiffs believe that the documents can properly be sealed under the First Amendment and controlling case law.[2] Although Plaintiffs do not believe that the

[2] "'The common law right of public access is firmly rooted in our nation's history.' *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). 'The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.' *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995))." *Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, No. 09 Civ. 782 (PGG), 2009 WL 2365246 at *2 (S.D.N.Y. July 30, 2009). "The Second Circuit has further explained that '[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.' [*Lugosch*, 435 F.3d at 119] (quoting *In re New York Times Co.,*828 F.3d 110, 116 (2d Cir.1987)). 'Broad and general findings by the trial court, however, are not sufficient to justify closure.' *Id.* (quotation omitted)." *Id*. at *3.

documents that are subject of this motion can properly be sealed (with the exception of third parties' personal identifying information and personal health information that Plaintiffs have agreed to redact), Plaintiffs have agreed to continue to meet and confer with Cigna on the issue. Should the parties be unable to reach agreement, Plaintiffs will file a motion to de-designate the documents as confidential no later than March 6, 2020, at which time Cigna will bear the burden of defending its confidentiality designations. Protective Order [ECF No. 92] at ¶ 14 ("Upon any such application [to de-designate], the burden shall be on the Designating Person to show why the designation is proper"). Accordingly, Plaintiffs respectfully suggest that the court hold in abeyance any action of this motion to seal until the later of March 6, 2020, or the completion of full briefing of a motion to de-designate.

Dated: March 2, 2020

Respectfully submitted,

*s/ Robert A. Izard*

Robert A. Izard (ct01601)
*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: 860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860-882-1681

Facsimile: 860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: 206- 623-1900
Facsimile: 206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-341-0400
Facsimile: 612-341-0844

brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone: 985-783-6789
Facsimile: 985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone: 504-581-5644
Facsimile: 504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone: 516-699-8890
Facsimile: 516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908-4906
Facsimile: 866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*
LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: 612-596-4097

Facsimile: 612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
Telephone: 206.448.1777
Facsimile: 206.728.2131
Brad@stritmatter.com

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Additional Counsel for Plaintiffs