UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated, | No. 16-cv-1702 (JAM) (Consolidated) |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC., | |
| Defendants. | MARCH 2, 2020 |

**<u>DECLARATION OF CRAIG A. RAABE</u>**

I, Craig A. Raabe, declare under penalty of perjury:

1.      I am an attorney at the law firm of Izard Kindall & Raabe LLP. I submit this declaration in support of Plaintiffs' Motion for Class Certification.  I state the following based upon my personal knowledge.

2.      All capitalized terms used in connection with the Motion for Class Certification are used as defined in the Second Amended Consolidated Complaint.

3.      Plaintiffs Kimberly Negron, Daniel Perry and Billy Ray Blocker have actively participated in this litigation.  They have responded to Defendants' written discovery requests, including requests for production, written interrogatories, and requests for admission, and each is prepared to sit for deposition.  Each has been in contact with interim class counsel concerning the status of this case and has been kept apprised of significant developments.  Each has been

fully informed of his or her duties as a class representative, and has acknowledged their understanding and acceptance of these responsibilities.  Each has been harmed by Defendants' alleged misconduct, including but not limited to the transactions set forth in the Second Amended Consolidated Complaint at ¶ 31.

4.     A true and correct copy of the expert Declaration of Launce B. Mustoe, R.Ph., in Support of Plaintiffs' Motion for Class Certification is attached hereto as Exhibit A.

5.     Based upon my and class counsel's review of Plans and Plan templates produced by Cigna, all relevant Cigna Plans uniformly stated that Cigna would provide prescription drug coverage for "Covered Expenses," which are "expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs."  The Plans further uniformly stated that members "may be required to pay a portion of the Covered Expenses," which is expressly defined to include copayments and deductibles.  In addition, some Plans specifically and uniformly stated that "[i]n no event" will copayments "exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge."  For most Plans, the Plan Administrator expressly delegated to Cigna discretionary fiduciary authority to "apply plan terms" with respect to reviewing claims and "the computation of any and all benefit payments."

6.     A true and accurate copy of Plaintiff Negron's 2014 Putnam Plan serves as an exemplar of the Plan language at issue and is attached hereto as Exhibit B.

7.     A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00054921-924 is attached hereto as Exhibit C.

8.     A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00056016-023 is attached hereto as Exhibit D.

2

9.      A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00248002-007 is attached hereto as Exhibit E.

10.      A true and accurate copy of an internal Cigna document entitled "Argus Transition: Pharmacy Over Payments HRA Claims" produced by Cigna in this litigation and Bates stamped CIGNA00199866-871 is attached hereto as Exhibit F.

11.      A true and accurate copy of an internal Cigna document concerning the Certificate of Coverage (COC) Project produced by Cigna in this litigation and Bates stamped CIGNA00469399-414 is attached hereto as Exhibit G.

12.      A true and accurate copy of an internal Cigna document entitled "Program Name Benefit Language Update" produced by Cigna in this litigation in native format, the entirety of which bears the Bates stamp CIGNA007722983, is attached hereto as Exhibit H.

13.      A true and accurate copy of an internal Cigna document entitled "Business Solutions & Delivery – Pharmacy Extended Leadership Touchpoint" produced by Cigna in this litigation and Bates stamped CIGNA00491444-464 is attached hereto as Exhibit I.

14.      A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00054926-928 is attached hereto as Exhibit J.

15.      A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00491618-625 is attached hereto as Exhibit K.

16.      A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00245463-466 is attached hereto as Exhibit L.

17.      A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA0055857-863 is attached hereto as Exhibit M.

18.     A true and accurate copy of a Cigna document entitled "Catamaran National Provider Network Information" and "Provider Agreement Terms and Conditions" produced by Cigna in this litigation and Bates stamped CIGNA00177314-387 is attached hereto as Exhibit N.

19.     A true and accurate copy of Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA0000180951-958 is attached hereto as Exhibit O.

20.     A true and accurate copy of Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00309575-581 is attached hereto as Exhibit P.

21.     A true and accurate copy of Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA07504937-941  is attached hereto as Exhibit Q.

22.     A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00287640-645 is attached hereto as Exhibit R.

23.     A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00367624-625 is attached hereto as Exhibit S.

24.     A true and accurate copy of the Supplemental Objections and Responses of Defendant Cigna Health and Life Insurance Company to Plaintiff's Fourth Set of Interrogatories is attached hereto as Exhibit T.

25.     A true and accurate copy of a Cigna document entitled "ASO Reduced Copay Option G Remediation" produced by Cigna in this litigation and Bates stamped CIGNA00413771-774 is attached hereto as Exhibit U.

26.     A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00101471-477 is attached hereto as Exhibit V.

27.     A true and accurate copy of internal Cigna email correspondence produced by Cigna in this litigation and Bates stamped CIGNA00182070-073 is attached hereto as Exhibit W.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of March, 2020 at West Hartford, Connecticut.

_____
Craig A. Raabe