UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>  vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                      Defendants. | No. 16-cv-1702 (JAM)<br>(Consolidated)<br><br>CLASS ACTION<br><br>March 6, 2020 |

**MEMORANDUM IN SUPPORT OF MOTION TO DE-DESIGNATE AND UNSEAL CLAIMED "CONFIDENTIAL" DOCUMENTS**

**I.    INTRODUCTION**

Plaintiffs seek an order de-designating certain documents that Defendants produced as "CONFIDENTAL" and "CONFIDENTIAL—ATTORNEY'S EYES ONLY" and that are attached as sealed Exhibits C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, T, U, V, and W to the Raabe Declaration [ECF 207] filed in support of class certification.[1]  Plaintiffs filed these Exhibits under seal solely to meet their obligations under the standing Protective Order [ECF 92].  Plaintiffs do not believe that the documents should be sealed because Cigna has not — and

---

[1] Exhibits B and S were not filed under seal as Exhibit B was never marked as confidential, and Cigna has previously de-designated Exhibit S.  Exhibit A (an expert report) will be subject to separate discussions between the parties and is not addressed in the present motion.  For judicial economy, Plaintiffs have not attached hereto duplicative copies of the Exhibits.  Full versions are filed under seal at [ECF 207], and hard copies have also been provided to the court pursuant to this court's chambers preferences.

cannot — provide clear and compelling reasons why sealing all of these Exhibits is narrowly tailored to serve such reasons.[2]

The documents should not have been designated as confidential when produced because they are not confidential: they are outdated documents that relate to a legacy line of business and they do not contain any contemporary, proprietary information. The public's right of access to materials that form the basis for a class certification motion greatly outweighs any concern that Defendants might express about supposed "sensitive" information. In addition, Plaintiffs should not be required to continue to seal these documents, or close the courtroom during argument, when the documents are not properly designated as confidential or proprietary.

## II.   BACKGROUND

The protective order in this action permits a party to designate certain materials as "CONFIDENTAL" or 'CONFIDENTIAL—ATTORNEY'S EYES ONLY" under very limited circumstances. Documents are entitled to "CONFIDENTIAL" treatment only if they contain or comprise:

1. "trade secrets";
2. "proprietary or otherwise sensitive non-public business information";
3. "information implicating an individual's legitimate expectation of privacy"; or
4. "protected health information."

Protective Order at 1 [ECF 92]. Documents are entitled to "CONFIDENTIAL—ATTORNEY'S EYES ONLY" only if they are "so highly sensitive that disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party." *Id*. Under the

---

[2] Plaintiffs have agreed to redact third-party, personal identifying information and personal health information from the documents at issue and thus do not seek to unseal those redactions.

Protective Order and controlling case law, the designating party has the burden to establish confidentiality.  *Id.*

### III.  DISCUSSION

#### a.  The Public's Right to Access Narrowly Proscribes Sealed Filings

Our judicial system is founded on a broad principle of openness.  "'The common law right of public access is firmly rooted in our nation's history.' *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). 'The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.' *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995))." *Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, No. 09 Civ. 782 (PGG), 2009 WL 2365246 at *2 (S.D.N.Y. July 30, 2009).

"The Second Circuit has further explained that '[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.' [*Lugosch,* 435 F.3d at 119] (quoting *In re New York Times Co.,* 828 F.3d 110, 116 (2d Cir.1987)). 'Broad and general findings by the trial court, however, are not sufficient to justify closure.' *Id.* (quotation omitted)." *Id*. at *3.  This standard is reflected in the Local Rules, which state: "No judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Local Civ. R. 5(e)(3).

There is a "distinction between material designated as confidential during discovery and material that the Court orders to be sealed from the public." *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 3:11-CV-1209 (CSH), 2013 WL 4012772, at *12 (D. Conn. Aug. 5, 2013). While documents exchanged between parties generally are not subject to public disclosure, once such documents are filed with the court, they may only be sealed if "the strict standards of Local Rule 5(e)(3)" are met. *Id*. at *13. "In the context of sealing judicial documents, all requests must not only be supported by 'clear and compelling reasons,' they must be 'narrowly tailored' to serve those reasons." Id. at *15.

Moreover, because the documents that Cigna designated as CONFIDENTIAL have not been reviewed by the Court, there is no presumption that they should be sealed from the public. *See CSL Silicones, Inc. v. Midsun Group Inc.*, 3:14-CV-1897 (CSH), 2017 WL 4750701, at *2 (D. Conn. July 12, 2017) (holding that where the Court "has examined no documents designated as confidential or AEO . . . . the presumption from Martindell is unavailable to these litigants and the Court must examine each of the judicial documents to be sealed independently").

But even if the documents were not filed with the Court, the confidential designation of these documents is improper. "When a party challenges a **Confidential** designation, the producing party is 'obliged to sustain the burden of establishing that good cause existed for continuing confidential treatment.' *Salomon Smith Barney, Inc. v. HBO & Co.*, No. 98CIV8721(LAK), 2001 WL 225040, at *1 (S.D.N.Y. Mar. 7, 2001)." *Pearlstein v. Blackberry Ltd.*, 332 F.R.D 117, 122 (S.D.N.Y. 2019); *see also In re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139, 142 (2d Cir.1987) ("The party seeking to prevent dissemination had the burden of showing that good cause existed for continuation of the order with respect to the discovery material in question."). In *Pearlstein*, the court held very recently that documents that are six

years old and that relate to a legacy line of business should not be treated as confidential.

*Pearlstein*, 332 F.R.D at 122.

Magistrate Judge Spector recently summarized a designating party's need to specifically identify the serious harm that would result from disclosure of claimed confidential information:

> Good cause is established by demonstrating a clearly defined and serious injury resulting from disclosure.... Broad allegations of harm will not establish good cause, rather to establish good cause under [Fed. R. Civ. P.] 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Charter Practices Int'l v. Robb*, No. 3:12-CV-1768 (RNC), 2015 WL 1268295, at *4 (D. Conn. Mar. 19, 2015) (quoting *Hansen v. U.S. Airports Air Cargo, LLC*, No. 3:07-CV-353 (JCH)(HBF), 2008 WL 4426909, at *1 (D. Conn. Sept. 26, 2008)) (additional citations omitted). A "particular and specific demonstration of fact" is not established where the injury alleged is speculative. *See Charter Practices Int'l*, 2015 WL 1268295, at *5 (citing *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)); *see also HSqd, LLC v. Morinville*, No. 3:11-CV-1225 (WWE), 2013 WL 1149944, at *3 (D. Conn. Mar. 19, 2013).

*In re Martinez Sampedro*, NO. 3:18-MC-47 (JBA), 2019 WL 3423568 at *4 (D. Conn. July 30, 2019); *see also Ceglia v. Zuckerberg*, No. 10–CV–569A (F), 2011 WL 3608008 at *2 (W.D.N.Y. Aug. 12, 2011).

Importantly, the fact that documents might expose unflattering conduct, give rise to consumer concern or cause public relations issues is not a legitimate basis to label documents as "CONFIDENTAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" or to seal them from public view.  Magistrate Judge Martinez addressed this precise issue a few years ago:

> That information might embarrass plaintiffs "is not a basis for documents to be held to be 'confidential' under Rule 26." *Ideal Steel Supply Corp. v. Anza,* No. 02 Civ. 4788, 2005 WL 1213848, at *3 (S.D.N.Y. May 23, 2005). "Good cause is not established merely by the prospect of negative publicity." *Dep't of Econ. Dev. v. Arthur Andersen & Co.,* 924 F.Supp. 449, 487 (S.D.N.Y.1996). *See, e.g., Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) ("to succeed, a business will have to show with some specificity that the embarrassment resulting from dissemination of the information would cause a significant harm to its competitive and financial position"). "Case precedent suggests that even when a party admittedly seeks to publicly embarrass his opponent, no protection should issue

- 5 -

absent evidence of 'substantial embarrassment' or harm." *DaCosta v. City of Danbury,* 298 F.R.D. 37, 40 (D.Conn.2014)(quotation marks and citation omitted.) "A risk of revelation of information that might be unpopular or might raise questions unrelated to the litigation is not sufficient to justify a protective order on the ground of confidentiality." 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.105[8][a] p. 26–551 (3d ed.2014).

*Charter Practices Int'l v. Robb.*, No. 3:12cv1768 (RNC), 2015 WL 1268295 at *5 (D. Conn. March 19, 2015); *see also Salomon Smith Barney, Inc. v. HBO & Co.,* No. 98CIV8721, 2001 WL 225040, at *2 (S.D.N.Y. Mar. 7, 2001)(rejecting confidentiality designation when "real concern is the possibility of public embarrassment").

Further, when documents play a central role in litigation, they should not be filed under seal absent a compelling reason. As a court in the Southern District of New York has made clear:

> There is a strong presumption that the public should be able to access every single document filed with this court of law. *SEC v. TheStreet.com,* 273 F.3d 222, 231 (2d Cir. 2001). As [defendant] admits, that presumption is even stronger when the documents relate to dispositive motions, like the ones that have been filed before this court. (*See* Docket # 95 at 3); *see also Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 121 (2d Cir.2006). That is because adjudication of summary judgment motions is a formal act of government, 'the basis of which should, absent exceptional circumstances, be subject to public scrutiny.' *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 243 (S.D.N.Y.2009).

*Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902(CM), 2015 WL 1841136 at *14 (S.D.N.Y. April 17, 2015).

Finally, the fact that Cigna's documents were internal documents and not otherwise known to the public does not make them "CONFIDENTIAL." "'[I]mplicit in the notion of "confidential business information" is something beyond the mere fact that the particular datum has not previously been made available to the public.' *Salomon Smith Barney, Inc. v. HBO &*

*Co.,* No. 98CIV8721, 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001)." *Saks Inc.* 2015 WL 1841136 at  *14.

### b. Cigna's Documents Should be De-Designated and Cannot Be Filed Under Seal

On December 16, 2019, Plaintiffs first asked Defendants to remove the CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEY'S EYES ONLY designations from twenty-four documents, including Exhibits C, D, E, I, J, K, L, M, N, O, P, R that are now attached to the Raabe Declaration.  After more than a month, Cigna responded that it would remove the designations from just three documents, it would not remove the designations from six documents and it would consider a discussion about removal for the balance of the challenged documents.  As part of the meet-and-confer process thereafter, and due to Cigna's burden to identify supposed confidential information, Plaintiffs asked Cigna to highlight pdfs of the documents in question, specifically indicating the language that Cigna claimed as sensitive or proprietary.  Cigna did not do so.  Cigna only agreed to let Plaintiffs quote in the Second Amended Consolidated Complaint a few passages that Plaintiffs identified in some of the documents, but Cigna did not agree to de-designation.

Before filing their class certification motion, Plaintiffs renewed their request for de-designation of the above-listed documents and asked Cigna also to de-designate Exhibits F, G, H, Q, T, U, V, W so that the documents would not have to be filed under seal.  Counsel have now had two telephonic meet-and-confer sessions about the issue.  Cigna has not agreed to de-designate the documents and has not provided *any* "particular and specific demonstration of fact" of a "clearly defined and serious injury [that would result] from disclosure" from any of the documents that are the subject of this motion.  *In re Martinez Sampedro*, 2019 WL 3423568 at *4.

Plaintiffs do not believe that any of the documents at issue merit any confidentiality designation. The documents are years old and discuss legacy health insurance policies. *See Pearlstein*, 332 F.R.D at 122.[3] Indeed, in the wake of this litigation, Cigna substantially revised its form plan language to address the liability that is the focus of this action. Even if the documents may have had some language of competitive sensitivity when they were created, they no longer do.

Further, the documents go to the core of this important litigation about excessive prescription drug pricing: an issue of national interest. The documents form the basis for class certification and vividly illustrate Cigna's ERISA violations, fiduciary breaches, contract breaches and its RICO violations through its reckless indifference toward the rights of its members by way of its scheme to pervasively overcharge members for prescription drugs. In addition to many other important points, the documents reveal that Cigna's top management, including the CEO, were involved in the "clawback" scheme because it involved more than $100,000,000 per year. The documents also confirm Cigna's culpable state of mind in that the company knew (1) that its plan language was inconsistent with its claim adjudication practices and (2) that it was likely to be sued in a class action exactly like this one. The documents further reveal the consternation of ***Cigna's own employees*** with the secret and nefarious "clawbacks." In addition, the documents establish that Cigna has the ability, and prior experience, to readjudicate correctly the prescription drug claims that it unlawfully adjudicated to include "clawbacks,"

---

[3] The only contemporaneous document is Exhibit T, which is an interrogatory response that discusses the legacy business that is challenged in this case. The interrogatory response forms part of the basis for injunctive relief and class certification, and it does not contain any proprietary information that would lead to a "clearly defined and serious injury" if unsealed. *See In re Martinez Sampedro*, 2019 WL 3423568 at *4.

which readjudication is a key issue in relation to injunctive relief and class certification. The fact that the documents are unflattering and harmful to Cigna's position is no basis to label them confidential or to seal them. *Charter Practices Int'l v. Robb*., No. 3:12cv1768 (RNC), 2015 WL 1268295 at *5.

Because the documents are central to the court's analysis of Plaintiffs' motion for class certification and will continue to be central to the court's (and a jury's) future substantive analysis, assuming that this case goes to judgment, they should not be sealed. While Cigna previously agreed to allow Plaintiffs to quote a few passages from the documents in the Second Amended Consolidated Complaint, the entire documents need to be de-designated so the court and the public can have the full context of the quoted language and of Cigna's actions. *See Saks Inc.*, 2015 WL 1841136 at *14 (documents supporting important motions should not be filed under seal absent "exceptional circumstances"). The documents also should be de-designated so Plaintiffs can freely quote and discuss other portions of the documents in their reply memorandum and at oral argument for class certification, and so they can use the documents during summary judgment proceedings or trial. Accordingly, whatever supposed proprietary interest Cigna might claim is outweighed by the right to public access, and Plaintiffs' rights, in this important federal litigation.[4]

---

[4] As discussed above, Plaintiffs identified Exhibits C, D, E, I, J, K, L, M, N, O, P, and R (or materially identical versions) to Defendants on December 16, 2019 and requested de-designation, and Plaintiffs identified Exhibits F, G, H, Q, T, U, V, and W on February 27, 2020 and made the same request. Counsel have met and conferred in good faith several times on these issues and Plaintiffs believe that the meet-and-confer process is complete and resolution of this issue should not be delayed any further due to controlling case law and the need to quote and discuss the documents further in upcoming briefing and argument. Cigna has stated that it will continue to consider Plaintiffs' de-designation request and Cigna reserves its rights to change designations in whole or in part. Plaintiffs will consider in good faith any proposals from Cigna and the parties will inform the court of any further agreements in the briefing process.

## IV. CONCLUSION

For the foregoing reasons, Cigna should be ordered to remove the confidentiality designations from the documents attached to the Raabe Declaration [ECF 210] as Exhibits C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, T, U, V, and W and the court should deny Plaintiffs' compulsory Motion to Seal those documents (with the exception of third-party, personal identifying information and personal health information that Plaintiffs have agreed to redact) [ECF 208].

Dated: March 6, 2020                              Respectfully submitted,

                                                  *s/ Robert A. Izard*
                                                  Robert A. Izard (ct01601)
                                                  *Plaintiffs' Interim Co-Lead Class Counsel*
                                                  Craig A. Raabe (ct04116)
                                                  Christopher M. Barrett (ct30151)
                                                  IZARD, KINDALL & RAABE, LLP
                                                  29 South Main Street, Suite 305
                                                  West Hartford, CT 06107
                                                  Telephone: 860-493-6292
                                                  Facsimile: 860-493-6290
                                                  rizard@ikrlaw.com
                                                  craabe@ikrlaw.com
                                                  cbarrett@ikrlaw.com

                                                  William H. Narwold (ct00133)
                                                  *Plaintiffs' Interim Co-Lead Class Counsel*
                                                  Mathew Jasinski, (ct27520)
                                                  MOTLEY RICE LLC
                                                  One Corporate Center
                                                  20 Church Street, 17th Floor
                                                  Hartford, CT 06103
                                                  Telephone: 860-882-1681
                                                  Facsimile:  860-882-1682
                                                  bnarwold@motleyrice.com
                                                  mjasinski@motleyrice.com

                                                  Joseph P. Guglielmo (ct27481)

*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:  860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:  206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:  612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC

P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:   985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:   504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:   516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:   866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*
LOCKRIDGE GRINDAL NAUEN,
P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone:  612-596-4097
Facsimile:   612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
Telephone: 206.448.1777
Facsimile: 206.728.2131
Brad@stritmatter.com

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile:  919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Additional Counsel for Plaintiffs