UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated, | Civil No. 16-cv-1702 (JAM) |
| Plaintiffs, | |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al. | March 12, 2020 |
| Defendants. | |

**PLAINTIFF BLOCKER'S MEMORANDUM OF LAW IN OPPOSITION TO
CIGNA'S MOTION TO DISMISS COUNTS IX AND X**

REDACTED VERSION.
UNREDACTED VERSION FILED UNDER SEAL.

TABLE OF CONTENTS

I.    Introduction ................................................................................................................1

II.   Summary of allegations ............................................................................................2

III.  Argument ..................................................................................................................2

       A.    Cigna assumed contractual obligations under the Plan and is liable for its breach of those obligations .................................................................2

       B.    Cigna expressly agreed to be sued for failure to properly administer prescription drug benefits ......................................................................6

IV.  Conclusion ................................................................................................................7

Bill Ray Blocker, Jr. ("Plaintiff"), a participant in a prescription-drug-benefit plan drafted, issued, and administered by Cigna Health and Life Insurance Co. ("Cigna"), respectfully submits this memorandum of law opposing Cigna's motion to dismiss Counts IX (breach of contract) and X (breach of the covenant of good faith and fair dealing) of the Second Amended Consolidated Complaint ("Complaint").[1]

### I.      INTRODUCTION

Cigna drafted Plaintiff's prescription drug benefit plan ("Plan"), made numerous representations in the Plan document concerning its performance under the Plan (including its administration of prescription drug benefits), and knew that these representations would be made to participants, including Plaintiff. Accordingly, Cigna assumed the obligation to administer prescription drug benefits under the Plan and is liable for breach of contract for its failure to do so pursuant to the terms of the Plan.

Cigna asks this Court to dismiss Counts IX and X under Rule 12(b)(6) for failure to state a claim, arguing in effect that Cigna cannot be held directly liable to Plaintiff. Cigna is wrong because, even if Cigna is not a party to the Plan, it clearly assumed in the Plan obligations under the Plan, and as such, it can be sued for breach of these obligations. Moreover, in addition to Cigna's obligation to administer Plan benefits in accordance with Plan terms, the Plan clearly represents to participants that Cigna is the proper defendant for legal actions for the improper administration of prescription drug benefits promised under the Plan.

---

[1] Cigna has not moved to dismiss Plaintiff Blocker's RICO claims.

## II. SUMMARY OF ALLEGATIONS

Plaintiff was a participant in a Cigna prescription-drug-benefits Plan. ¶ 65.[2] Although Plaintiff's employer, Cobb County, sponsored the Plan (*id.*), **Cigna** drafted, issued, and administered this Plan. ¶ 22. The Plan is comprised of Cigna's boilerplate language, including provisions that copayments and deductible payments for prescription drugs could not exceed the amount paid to or charged by a pharmacy (the "Pharmacy Rate"). ¶¶ 25, 26.

Cigna breached these Plan terms by requiring pharmacies to charge Plaintiff copayments that exceeded the Pharmacy Rate. *See, e.g.*, ¶¶ 30-31, 80; *see also* ¶ 31(s), ¶ 177, ¶ 289(q). Cigna forced these "overpayments" by demanding hidden "spread" (Cigna's word) between the Pharmacy Rate and the members' higher deductible payments and copayments. *See, e.g.*, ¶¶ 46-49. Cigna (with its pharmacy benefit manager, OptumRx) then employed a secret scheme to "claw back" (Cigna's word) many of these "overpayments" from the network pharmacies. *See, e.g.*, ¶ 80. Cigna's imposition of clawbacks is a breach of Cigna's obligations under the Plan to administer prescription drug benefits pursuant to the terms of the Plan.

## III. ARGUMENT

### A. Cigna assumed contractual obligations under the Plan and is liable for its breach of those obligations

Cigna argues that it cannot be liable for breach of contract because it is not a party to the contract (*i.e.*, the Plan). But, Cigna may be liable under the common law of contracts[3] because Plaintiff has plausibly alleged that the Plan sponsor, Cobb County, delegated its obligations to

---

[2] Paragraphs in the Second Amended Consolidated Complaint ("Complaint") [ECF 198] are cited herein as "¶ __".

[3] *See Grange Mut. Cas. Co. v. Woodard*, 797 S.E.2d 814, 820 (Ga. 2017) ("The common-law rules are still of force and effect in this State, except where they have been changed by express statutory enactment or by necessary implication.").

Cigna under the Plan and Cigna assumed these obligations. Cigna assumed in the Plan the obligations to administer the Plan's prescription drug benefits in accordance with the Plan and to defend improper benefit decisions in any legal action. By assuming these duties, Cigna became the "primary obligor" which "makes [Cigna] liable to the obligee." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 499–500 (S.D.N.Y. 2002) (quoting Farnsworth § 11.18); *see also Directory v. William Muhr, LLC*, 2006 WL 8434072, at *4 (C.D. Cal. Aug. 16, 2006) ("delegate's assumption makes the delegate liable to the obligee"); *see also Sterling v. Redevelopment Auth. of City of Philadelphia*, (E.D. Pa. 2011), aff'd, 511 F. App'x 225 (3d Cir. 2013) (concluding promisee under contract could pursue any available remedies against designate who not party to contract). Accordingly, Cigna is liable for its breaches of the Plan.

Plaintiff Blocker's Plan was created by Cigna (not Cobb County) and contains uniform provisions drafted by Cigna (not Cobb County). ¶¶ 22, 71, 304. Indeed, 24 of the Plan's 29 pages bear Cigna's logo at the top. *See* Exhibit B to Cigna's Motion, ECF 202-2 at 7 of 30 (24 of 29 pages).



In sharp contrast, the sponsor, Cobb County, is only mentioned in the Plan three times.

Moreover, the Plan concerns Cigna's obligations, not Cobb County's. For example, on the first page following the cover page, the section entitled "Important Information" states that "CIGNA HEALTH AND LIFE INSURANCE COMPANY (CIGNA) PROVIDES CLAIM ADMINISTRATION SERVICES TO THE PLAN . . . ." *Id*. at 5 (capitalized in Plan).

> **Important Information**
>
> THIS IS NOT AN INSURED BENEFIT PLAN. THE BENEFITS DESCRIBED IN THIS BOOKLET OR ANY RIDER ATTACHED HERETO ARE SELF-INSURED BY COBB COUNTY GOVERNMENT WHICH IS RESPONSIBLE FOR THEIR PAYMENT. CIGNA HEALTH AND LIFE INSURANCE COMPANY (CIGNA) PROVIDES CLAIM ADMINISTRATION SERVICES TO THE PLAN, BUT CIGNA DOES NOT INSURE THE BENEFITS DESCRIBED.

Similarly, Cigna's Plan promised that Cigna (not Cobb County) would provide coverage for expenses incurred in connection with prescription drug benefits. *Id*. at 10. Cigna's Plan also represented that it would cover prescription drug benefits purchased in connection with Emergency Services as if filled by a Participating Pharmacy. *Id*.

> **Prescription Drug Benefits**
> For You and Your Dependents
>
> **Covered Expenses**
>
> If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. Coverage also includes Medically Necessary Prescription Drugs and Related Supplies dispensed for a prescription issued to you or your Dependents by a licensed dentist for the prevention of infection or pain in conjunction with a dental procedure.
>
> When you or a Dependent is issued a prescription for Medically Necessary Prescription Drugs or Related Supplies as part of the rendering of Emergency Services and that prescription cannot reasonably be filled by a Participating Pharmacy, the prescription will be covered by Cigna, as if filled by a Participating Pharmacy.

Additionally, Cigna's Plan represented that it would make all claims determinations, including preservice, concurrent, and postservice medical necessity determinations, and postservice claim determinations. *Id*. at 20-21. Cigna also agreed to provide notice of any adverse determinations, and administer a two-level appeal procedure. *Id*. at 22-23 ("Cigna has a two-step appeals procedure for coverage decisions.")

This assumption of Plan obligations by Cigna is further demonstrated by the ASO Agreement between Cigna and Cobb Country. Pursuant to this Agreement,[4] Cigna agreed to administer claims pursuant to the Plan — agreeing that it would ██████████ ██████████ ASO Agreement, § 2(a) (excerpted version attached hereto as **Exhibit 1**).[5] And, the ASO Agreement specifically ██████████

██████████

██████████

██████████

██████████

██████████

██████████

Accordingly, Cigna's assumption of duties is supported by both the Plan and the ASO Agreement. Indeed, the ASO Agreement states ██████████ ASO Agreement § 2(c).

---

[4]   The ASO Agreement incorporates the Plan. ASO Agreement at 3 ██████████ ██████████ ██████████

[5]   The ASO Agreement defines ██████████ ██████████ ██████████ ██████████ ██████████

In *Monroe v. Board of Regents of University System of Georgia*, 268 Ga. App. 659 (2004), the plan sponsor contracted with Blue Cross & Blue Shield of Georgia to assist the sponsor with certain administrative functions in a ministerial, non-fiduciary capacity (*id*. at 662). In *Monroe*, Blue Cross "agree[d] to administer for the employees of the Plan Sponsor, the benefits described herein . . . ." *Id*. at 666.  According to the court, "Blue Cross undertook certain obligations 'for the employees.'" *Id*. The court found that the *Monroe* Plan "delegated responsibility for the initial claim determination to Blue Cross under the Health Plan Document." *Id*.[6] Accordingly, the court found that Blue Cross could be liable under a contract theory. Like the plan in *Monroe*, Plaintiff has plausibly alleged that the Plan here delegated obligations to Cigna and Cigna is liable for breach of those obligations.

      **B.**      **Cigna expressly agreed to be sued for failure to properly administer prescription drug benefits**

In addition to the obligations assumed above, ***Cigna agreed that it can be sued for the failure to properly administer prescription drug benefits***. The Plan section entitled "Legal Action" states "In most instances, you may not initiate a legal action ***against Cigna*** until you have completed the Level-One and Level-Two appeal processes. If your appeal is expedited, there is no need to complete the Level-Two process prior to bringing legal action." *Id*.  at 23 (emphasis added). The section says nothing about any other potential defendants, including Cobb County. The fact that Cigna has agreed to be a defendant in a legal action concerning administration of the Plan benefits plausibly alleges that ***Cigna intended that it could be liable***

---

[6] Because of this limited delegation, the court found that the board did not delegate any fiduciary obligations to Blue Cross. *Id*. at 662-63. Accordingly, the court did not sustain a state law breach of fiduciary duty claim. The court also did not sustain a third-party beneficiary claim. Plaintiff doesn't allege either of those claims in this case.

***under the Plan*** for breaching its obligation to participants to properly administer prescription drug benefits.

> **Legal Action**
> If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure. In most instances, ==you may not initiate a legal action against Cigna until you have completed the Level-One and Level-Two appeal processes.== If your appeal is expedited, there is no need to complete the Level-Two process prior to bringing legal action.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff Blocker respectfully requests that Cigna's motion to dismiss be denied in its entirety; but to the extent the Court finds that the Complaint does not state a claim, Plaintiff respectfully moves for leave to amend his allegations.

March 12, 2020

                                              *s/ Robert A. Izard*
Robert A. Izard (ct01601)
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
860-493-6292
860-493-6290 fax
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
Mathew Jasinski  (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
860-882-1681
860-882-1682 fax
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Meghan S. B. Oliver
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9000
moliver@motleyrice.com

**Attorneys for Plaintiffs**