UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>　　　　　　　　　　Defendants. | Civ. A. No. 16-cv-1702 (JAM) |

**REPLY IN SUPPORT OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS PLAINTIFFS' <u>SECOND AMENDED CONSOLIDATED COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

    I.    Plaintiff Blocker's Plans—To Which CHLIC Is Not A Party—Do Not Impose Contractual Obligations On CHLIC. .........................................................2

    II.    CHLIC Is Not Liable to Plaintiff Blocker By Virtue of Any Delegation or Assumption of Plan Obligations. ..........................................................................5

    III.    Counts IX and X Should Be Dismissed With Prejudice .......................................7

CONCLUSION ......................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brand v. AXA Equitable Life Ins. Co.*,
    No. 08-2859, 2008 WL 4279863 (E.D. Pa. Sept. 16, 2008) ........................................................ 5

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011) ................................................................................................................... 3

*Directory v. William Muhr, LLC*,
    No. 04-9657, 2006 WL 8434072 (C.D. Cal. Aug. 16, 2006) ...................................................... 6

*Grady Mem'l Hosp. Corp. v. Hayes*,
    801 S.E.2d 55 (Ga. Ct. App. 2017) ............................................................................................ 2

*Holland v. Fahnestock & Co., Inc.*,
    210 F.R.D. 487 (S.D.N.Y. 2002) ................................................................................................ 6

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007) ....................................................................................................... 7

*Monroe v. Bd. of Regents of Univ. System of Georgia*,
    602 S.E.2d 219 (Ga. Ct. App. 2004) .................................................................................... 3, 7

*Poonawala v. AIG Claim Servs., Inc.*,
    No. 4:06-1990, 2006 WL 8436586 (N.D. Ala. Nov. 20, 2006) ................................................. 5

*Sterling v. Redevelopment Auth. of City of Phila.*,
    836 F. Supp. 2d 251 (E.D. Pa. 2011) ......................................................................................... 6

*UWork.com, Inc. v. Paragon Techs., Inc.*,
    740 S.E.2d 887 (Ga. Ct. App. 2013) .......................................................................................... 2

**STATUTES**

29 U.S.C. § 1002(32) ........................................................................................................................ 4

Ga. Code Ann., § 9-2-20(a) .............................................................................................................. 2

**OTHER AUTHORITIES**

E. Allan Farnsworth & Zachary Wolfe, Farnsworth on Contracts § 11.18 (4th
    Edition, 2020-2 Supp. 2018) ...................................................................................................... 6

# INTRODUCTION

In his Opposition (ECF 215), Plaintiff Billy Ray Blocker, Jr. offers two muddled and meritless justifications for his contract claims against Defendant Cigna Health and Life Insurance Company ("CHLIC").[1]

*First*, though Plaintiff Blocker does not actually dispute that his prescription drug benefit plans were established and maintained by Cobb County Government ("Cobb County") and that CHLIC is **not** a party to the plans, he argues that certain promises made by Cobb County in the plan documents are sufficient to create contractual obligations flowing from CHLIC to Plaintiff Blocker. He cites no authority to support that proposition, which is fundamentally at odds with the common sense principle that one party (Cobb County) cannot unilaterally create contractual obligations on behalf of a separate party (CHLIC).

*Second*, Plaintiff Blocker argues that CHLIC owes contractual obligations to him by virtue of the fact that Cobb County independently retained CHLIC in a separate contract (the "ASO Agreement") to provide certain administrative services to the plans. Critically, Plaintiff Blocker ignores the terms of the ASO Agreement providing that CHLIC's relationship with Cobb County does **not** create contractual obligations flowing from CHLIC to third parties like Plaintiff Blocker.

Plaintiff Blocker has identified no basis for holding CHLIC liable to him for breach of contract (Count IX) or breach of the implied covenant of good faith and fair dealing (Count X)[2]

---

[1] Cigna Corporation has been dismissed from the Action, so this filing is made on behalf of Defendant CHLIC only.

[2] Plaintiff Blocker's Opposition does not respond at all to any of CHLIC's arguments that the claim for breach of the implied covenant of good faith and fair dealing (Count X) also fails as a matter of law. Accordingly, this filing focuses principally on Plaintiff's claim for breach of contract (Count IX), and Count X should be dismissed with prejudice for the reasons set forth in CHLIC's Memorandum of Law (ECF 202-1 at 7-9) in addition to this reply.

based on alleged violations of his prescription drug benefit plans. CHLIC's Motion to Dismiss (ECF 202) should be granted, and Counts IX and X of the Second Amended Consolidated Complaint (ECF 198) ("SACC") should be dismissed with prejudice.

## ARGUMENT

**I.   Plaintiff Blocker's Plans—To Which CHLIC Is Not A Party—Do Not Impose Contractual Obligations On CHLIC.**

Plaintiff Blocker suggests in his Opposition that the plan documents that govern his prescription drug benefits created obligations on behalf of CHLIC even though CHLIC is not a party to the plans. Plaintiff Blocker is wrong. He cites no authority for the proposition that contracts between two parties (here, the plans between Plaintiff Blocker and his employer Cobb County) can impose performance obligations directly on a nonparty (here, claims administrator CHLIC). To the contrary, under Georgia law, an action on a contract lies "against the party who made it in person or by agent." Ga. Code Ann., § 9-2-20(a).[3] Plaintiff Blocker offers no response to the Georgia case law cited in CHLIC's Memorandum of Law (ECF 202-1 at 5) explaining that a breach of contract occurs if a "contracting party" fails to perform under a contract, *UWork.com, Inc. v. Paragon Techs., Inc.*, 740 S.E.2d 887, 893 (Ga. Ct. App. 2013), and that dismissal is warranted when a complaint fails to allege facts showing "the existence of a contractual relationship between the plaintiff and the defendant," *Grady Mem'l Hosp. Corp. v. Hayes*, 801 S.E.2d 55, 57 (Ga. Ct. App. 2017). He cites only a single case from Georgia, but that case is distinguishable because the third-party administrator in that case affirmatively "obligated itself to

---

[3] In an apparent attempt to avoid unfavorable authority from Georgia, whose law governs his plans, Plaintiff Blocker purports to invoke the "common law" as described in authority from scattered jurisdictions other than Georgia. (ECF 215 at 2-3). That attempt is improper, and in any event, both Georgia statutory law and common law support dismissal.

2

the Plan beneficiaries **by signing the Health Plan Document**." *Monroe v. Bd. of Regents of Univ. System of Georgia*, 602 S.E.2d 219, 226 n.5 (Ga. Ct. App. 2004) (emphasis added); *see also id*. at 225 ("Blue Cross signed the Health Plan Document . . ."). Plaintiff Blocker does not argue that CHLIC signed his plans here. (ECF 202-2 & 202-3).

Plaintiff Blocker also suggests that references to "Cigna" and the appearance of a "Cigna" logo in the plan documents created obligations on behalf of CHLIC. (ECF 215 at 3-4). Not only does Plaintiff have no case law to support that contention, but he also ignores entirely the "Important Information" section at the beginning of his plans, which provides in part that "REFERENCES TO 'CIGNA,' 'INSURANCE COMPANY,' AND 'POLICYHOLDER' SHALL BE DEEMED TO MEAN YOUR 'EMPLOYER' . . ." (ECF 202-2 at CIGNA00024170; ECF 202-3 at CIGNA00024199). Accordingly, references to "Cigna" providing coverage or benefits are deemed to mean that Plaintiff Blocker's "Employer" (*i.e.,* Cobb County) is responsible for providing coverage or benefits. Plaintiff Blocker's observation that "Cobb County[] is only mentioned in the Plan three times" (ECF 215 at 3) is a gross mischaracterization not just because it ignores the "Important Information" section about how to interpret references to "Cigna," but also because the "Employer" (*i.e.*, Cobb County) is mentioned dozens of times in each plan. (*See* ECF 202-2 & 202-3).

Plaintiff Blocker does not dispute the well-settled principle that plans set forth commitments of plan sponsors. *See, e.g.*, *CIGNA Corp. v. Amara*, 563 U.S. 421, 437 (2011) ("The plan's sponsor (*e.g.*, employer), like a trust's settlor, creates the basic terms and conditions of the plan [and] executes a written instrument containing those terms and conditions . . ."). He tries to suggest that CHLIC may be liable to him for plan violations because CHLIC allegedly drafted the plans. But even if CHLIC drafted the documents as a service to its client Cobb County, the plan

3

documents are only operative legal documents because they were adopted by the plan sponsor, Cobb County.  *See* SACC ¶ 65 (Plaintiff Blocker's plans were "governmental" plans "as defined under ERISA"); 29 U.S.C. § 1002(32) (defining a "governmental plan" as "a plan established or maintained for its employees by," *inter alia*, a political subdivision like Cobb County).  Indeed, it was Cobb County's responsibility to notify CHLIC of any modifications to the plans because Cobb County—not CHLIC—was responsible for the promises set forth in the plans.  (ECF 215-1 at CIGNA12361822, CIGNA12361834).

Plaintiff Blocker ignores the litany of allegations in the SACC itself indicating that Cobb County—not CHLIC—is responsible for plan benefits.  *See, e.g.*, SACC ¶ 65 (Plaintiff Blocker "received prescription drug coverage under a self-funded group health plan **provided by his employer Cobb County for his benefit**" and that CHLIC only "administered" his plans (emphasis added)); SACC ¶ 70 & n.6 (in the context of an employer-sponsored benefit plan, a contractual relationship exists only between "**the member and his or her employer**" and participants do not contract directly with insurers (emphasis added)).  To the extent Plaintiff Blocker now suggests that CHLIC "issued" his benefit plans, (ECF 215 at 1-2), that argument is meritless.  The SACC does not allege that CHLIC issued Plaintiff Blocker's plans.  *See* SACC ¶ 65 (alleging Plaintiff Blocker "received prescription drug benefits under a self-funded group health plan provided by his employer Cobb County for his benefit" that was only "administered by CHL").  It is also foreclosed by the plain meaning of the plans themselves, which indicate that CHLIC was only "providing claim administration services" on the plan sponsor's behalf.  (ECF 202-2 at CIGNA00024193; ECF 202-3 at CIGNA00024219).

In Part III.B of the Opposition, Plaintiff Blocker argues that CHLIC "expressly agreed to be sued for failure to properly administer prescription drug benefits."  (ECF 215 at 6-7).  Not so.

4

As a threshold matter, Plaintiff Blocker again assumes without any supporting authority that the employer-sponsored prescription drug plans established and maintained by Cobb County can unilaterally impose performance obligations on CHLIC. That is not the law. *See, e.g.*, *Brand v. AXA Equitable Life Ins. Co.*, No. 08-2859, 2008 WL 4279863, at *2 (E.D. Pa. Sept. 16, 2008) (participant cannot bring contract claims against claims administrator for violations of a non-ERISA plan to which it is not a party); *Poonawala v. AIG Claim Servs., Inc*., No. 4:06-1990 2006 WL 8436586, at *2 (N.D. Ala. Nov. 20, 2006) (same). Moreover, the "Legal Action" section that Plaintiff Blocker cites stands for the unremarkable proposition that, "[i]f your plan is governed by ERISA," a third-party claims administrator may under certain circumstances be a proper defendant on claims pursuant to ERISA § 502(a), which creates a unique set of private rights of action. (*See* ECF 202-2 at CIGNA00024189; ECF 202-3 at CIGNA00024215). Counts IX and X are not claims under ERISA § 502(a), and nothing in the "Legal Action" section (or any other section) suggests that CHLIC agreed to be a defendant in lawsuits in connection claims sounding in contract under Georgia law.

In sum, the promises set forth in Plaintiff Blocker's employer-sponsored plans represent promises made by his employer, Cobb County, for the benefit of Plaintiff Blocker as a participant. They do not create a contractual relationship between Plaintiff Blocker and CHLIC, a third party provider of administrative services to the plans.

**II.    CHLIC Is Not Liable to Plaintiff Blocker By Virtue of Any Delegation or Assumption of Plan Obligations.**

Plaintiff Blocker also contends that CHLIC may be liable to him because Cobb County "delegated" its plan obligations to CHLIC and CHLIC "assumed" those plan obligations. (ECF 215 at 2-3). According to Plaintiff Blocker, because Cobb County (the delegating party) empowered CHLIC (the delegate) to perform duties owed by Cobb County to Plaintiff Blocker

5

(the obligee), CHLIC may be liable to Plaintiff Blocker for failing to perform Cobb County's duties. Plaintiff Blocker mischaracterizes both the law and the ASO Agreement.

For CHLIC to be liable to Plaintiff Blocker by virtue of any delegation or assumption of Cobb County's plan obligations, Plaintiff Blocker must be a third-party beneficiary of that delegation or assumption. This is clear from the cases on which Plaintiff Blocker relies, which explain that a delegate owes duties to an obligee if the obligee is an intended beneficiary of the delegate's promise to the delegating party. *See Directory v. William Muhr, LLC*, No. 04-9657, 2006 WL 8434072, at *4 (C.D. Cal. Aug. 16, 2006) ("It follows from the delegate's assumption that the delegate is under a duty to the delegating party, and it usually follows that the delegate is also under a duty to the obligee **as an intended beneficiary of the assumption agreement**." (emphasis added)); *Sterling v. Redevelopment Auth. of City of Phila.*, 836 F. Supp. 2d 251, 266 (E.D. Pa. 2011) (same). Each case cited by Plaintiff Blocker on this issue relies on Farnsworth on Contracts, which explains that a delegate may owe a duty to an obligee as an intended beneficiary of the delegation. *See* E. Allan Farnsworth & Zachary Wolfe, Farnsworth on Contracts § 11.18 (4th Edition, 2020-2 Supp. 2018); *see also Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 499-500 (S.D.N.Y. 2002) (citing Farnsworth on Contracts § 11.18)). Despite attempting to disclaim any "third-party beneficiary claim" in this case, (ECF 215 at 6 n.6), Plaintiff Blocker's theory of liability premised on the delegation and assumption of Cobb County's plan obligations can only succeed if he is a third-party beneficiary of that delegation and assumption.

Plaintiff Blocker's argument fails as a matter of law because Plaintiff Blocker is **not** a third-party beneficiary of any delegation or assumption of Cobb County's plan obligations. Plaintiff Blocker does not dispute that the ASO Agreement governs the relationship between CHLIC and Cobb County. *See* SACC ¶¶ 70, 72. In the ASO Agreement, CHLIC agreed "to furnish certain

6

administration services in connection with" Cobb County's plans, but it did not agree to be liable to third parties like Plaintiff Blocker for plan violations. To the contrary, by its express terms, the ASO Agreement provides that it is "solely for the benefit of [Cobb County] and CHLIC" and "**shall not be construed to create any legal relationship between CHLIC and any other party**." (ECF 215-1 at CIGNA12361823) (emphasis added). Under Georgia law, such language is sufficient to disclaim the existence of any third-party beneficiaries. *See, e.g.*, *Monroe*, 602 S.E.2d at 225.

In sum, CHLIC cannot be liable to Plaintiff Blocker by virtue of any delegation or assumption of Cobb County's plan obligations unless Plaintiff Blocker is an intended third-party beneficiary of such delegation or assumption. Plaintiff Blocker is **not** an intended third-party beneficiary of the ASO Agreement that sets forth whatever delegation and/or assumption of plan obligations may have taken place between Cobb County and CHLIC. Accordingly, Plaintiff Blocker's claims against CHLIC fail as a matter of law

### III.     Counts IX and X Should Be Dismissed With Prejudice.

"A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, amendment would be futile because Plaintiff Blocker cannot cure the defects in Count IX and Count X, which fail as a matter of law. No degree of artful pleading could result in a viable claim against CHLIC for breach of contract or breach of the implied covenant of good faith and fair dealing. Neither Plaintiff Blocker's plan documents (to which CHLIC is not a party) nor the ASO Agreement between CHLIC and Cobb County (to which Plaintiff Blocker is neither a party nor a third-party beneficiary) create contractual obligations flowing from CHLIC to third parties like Plaintiff Blocker. Accordingly, Counts IX and X should be dismissed with prejudice and without leave to amend.

## CONCLUSION

For the reasons discussed above, CHLIC respectfully requests that the Court dismiss Counts IX and X of the Second Amended Consolidated Complaint with prejudice.


Dated:  March 26, 2020                                     Respectfully submitted,

/s/ Joseph J. Costello
Joseph J. Costello (ct14917)
Brian W. Shaffer (phv08654)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  215-963-5000
Facsimile:  215-963-5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com


Michael D. Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  860-240-2945
Facsimile:  860-240-2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 26, 2020, the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                            /s/ Joseph J. Costello

                            Joseph J. Costello