# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br>　　　　　　　　　　Defendants. | Civ. A. No. 16-cv-1702 (JAM)<br><br>March 30, 2020 |

## DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO DE-DESIGNATE AND UNSEAL CONFIDENTIAL DOCUMENTS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

RELEVANT BACKGROUND ........................................................................................................ 3

    I.    THE PARTIES' MEET-AND-CONFER EFFORTS ............................................. 3

    II.   THE DOCUMENTS FOR WHICH CHLIC MAINTAINS ITS DESIGNATIONS CONTAIN CONFIDENTIAL, PROPRIETARY, AND COMMERCIALLY SENSITIVE INFORMATION ........................................................................ 5

ARGUMENT .................................................................................................................................... 7

    I.    STANDARD OF REVIEW ................................................................................... 7

    II.   COMMERCIALLY SENSITIVE BUSINESS INFORMATION IN THE EXHIBITS SHOULD BE SEALED TO AVOID COMPETITIVE HARM TO CHLIC ..................................................................................................................... 9

        A.    The Exhibits Contain Commercially Sensitive, Non-Public Business Information Whose Disclosure Will Cause CHLIC Competitive Harm. ... 9

        B.    The Court Should Grant Sealing of the Information Underlying CHLIC's Narrowly Tailored Redactions. .................................................. 11

        C.    Plaintiffs' Arguments Have No Merit....................................................... 12

CONCLUSION............................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander Interactive, Inc. v. Adorama, Inc.*,
   No. 12-6608, 2014 WL 4346174 (S.D.N.Y. Sept. 2, 2014) ..................................................... 10

*Bright v. Asset Acceptance, LLC*,
   292 F.R.D. 190 (D.N.J. 2013) .................................................................................................. 10

*China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*,
   No. 15-6210, 2017 WL 3718108 (D.N.J. Aug. 29, 2017) .................................................... 8, 10

*Encap LLC v. Scotts Co. LLC*,
   No. 11-685, 2015 WL 12991188 (E.D. Wis. Jan. 8, 2015) ..................................................... 13

*Grayson v. Gen. Elec. Co.*,
   No. 13-1799, 2017 WL 923907 (D. Conn. Mar. 7, 2017) ..................................................... 8, 9

*KeyBank Nat'l Assoc. v. Element Transp. LLC*,
   No.16-8958, 2017 WL 384875 (S.D.N.Y. Jan. 26, 2017) ....................................................... 11

*Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*,
   97 F. Supp. 3d 485       (S.D.N.Y. 2015) ............................................................................. 8, 9

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ................................................................................................ 8, 14

*McClure v. Allegheny Energy, Inc.*,
   No. 06-0537, 2008 WL 11380062 (S.D.W.Va. Oct. 23, 2008) ............................................... 11

*In re Parmalat Secs. Litig.*,
   258 F.R.D. 236 (S.D.N.Y. 2009) ........................................................................................... 8, 9

*Pearlstein v. BlackBerry Ltd.*,
   332 F.R.D. 117 (S.D.N.Y. 2019) ............................................................................................. 14

*Peters v. Aetna Inc.*,
   No. 15-00109, 2019 WL 2881615 (W.D.N.C. July 2, 2019) ................................................... 10

*Saks Inc. v. Attachmate Corp.*,
   No. 14-4902, 2015 WL 1841136 (S.D.N.Y. Apr. 17, 2015) .................................................... 14

*Scott v. Humana, Inc.*,
   No. 18-61, 2019 WL 5964564 (W.D. Ky. Nov. 13, 2019) ...................................................... 12

*SEC v. Ahmed*,
   No. 15-675, 2018 WL 4266079 (D. Conn. Sept. 6, 2018) ....................................................... 10

## TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

*In re Zyprexa Injunction*,
  474 F. Supp. 2d 385 (E.D.N.Y. 2007) .......................................................................................7

## **INTRODUCTION**

Plaintiffs improperly seek an order de-designating and unsealing certain confidential documents (the "Exhibits") produced by Defendant Cigna Health and Life Insurance Company ("CHLIC"), which were attached as exhibits to Plaintiffs' Motion for Class Certification (Dkt. 209) in an effort to put CHLIC's confidential, proprietary, and commercially sensitive information in the public realm.[1]  Plaintiffs contend that CHLIC's confidentiality designations are improper because the Exhibits are "outdated" and relate to a "legacy line of business" and so lack sufficient "contemporary, proprietary information" to merit sealing.  *See* Dkt. 212-01 (Plaintiffs' Memorandum in Support of Motion to De-Designate and Unseal ("Motion" or "Mot.")) at 2.  On that basis, Plaintiffs claim that the public right to access these Exhibits outweighs any potential competitive harm disclosure might cause to CHLIC.  Mot. at 9.  Plaintiffs are wrong for several reasons.

Plaintiffs' arguments fail when set against the documents themselves and the relevant case law.  Conspicuously, Plaintiffs' Motion entirely ignores the Exhibits at issue here, failing to discuss the commercially sensitive business information they contain, even in the unredacted versions submitted under seal.  Plaintiffs, instead, categorically brand the Exhibits as "old," but without mentioning the date of even one document.  *See* Mot. at 8.  Nor do Plaintiffs set forth any facts that would establish that the confidential and proprietary business information contained within those documents disappears simply because of the passage of time.  *Id*.  And Plaintiffs cannot cite a single case in which similar documents were unsealed for that reason.  *Id*.

---

[1] On March 13, 2020, the Court directed CHLIC to also address Plaintiff Blocker's separate Motion to Seal filed in connection with Exhibit 1 to his Opposition to Defendant CHLIC's Motion to Dismiss.  *See* Dkt. 217 (order); Dkt. 214 (Plaintiff Blocker's Motion to Seal Exhibit 1); Dkt. 215-01 (Exhibit 1 to Plaintiff Blocker's Memorandum in Opposition to Cigna's Motion to Dismiss).  CHLIC agrees to de-designate Exhibit 1, and as a result, it can be filed publicly.  Accordingly, this Opposition addresses only the Exhibits attached to Plaintiffs' Motion for Class Certification that CHLIC seeks to seal.

Likewise, Plaintiffs claim the Exhibits relate to "legacy health insurance policies," but then point to certain revised language in plan benefit booklets that is neither included in nor discussed by these documents and, thus, does not support that the Exhibits relate to "legacy" policies or that their disclosure would not cause CHLIC competitive harm. *Id*.

Plaintiffs ignore the actual contents of the Exhibits for a simple reason: that examination reveals detailed, commercially sensitive information regarding CHLIC's pharmacy benefit management business, including, among other things, proprietary prescription drug pricing rates (Exhibits ("Exs.") K, P, and R to Plaintiffs' Motion for Class Certification), internal analysis by CHLIC senior management of internal business practices and operations (Exs. G and I to Plaintiffs' Motion for Class Certification), and detailed analyses of internal CHLIC pharmacy benefits projects (Exs. F, U, and W to Plaintiffs' Motion for Class Certification).[2]  These documents relate to ongoing CHLIC business practices and operations, many of which continue to the present in various forms and which, if publicly disclosed, would cause CHLIC economic harm in the highly-competitive healthcare services industry involving prescription drug transactions.  As discussed below, courts have repeatedly ordered the sealing of similar, commercially sensitive information when the order is narrowly tailored, as here, to redact or seal only the specific information likely to cause competitive harm.

---

[2] All of the Exhibits have been filed under seal by Plaintiffs.  *See* Dkts. 207-01 to 207-23 (Exhibits attached to the Declaration of Craig A. Raabe in Support of Plaintiffs' Motion for Class Certification); Dkt. 216-01 (Exhibit 1 to Plaintiff Blocker's Opposition to Defendant CHLIC's Motion to Dismiss).  For ease of reference, we refer to the Exhibits using the same designations used by Plaintiffs in their motions.  We also attach copies of the Exhibits that CHLIC proposes sealing as exhibits to the Declaration of Tyler Lester ("Lester Decl.") (attached to this Opposition), which places red boxes around the material that CHLIC proposes sealing in each document.

For these reasons, and those described below, the Court should deny Plaintiffs' motion to unseal and grant CHLIC's motion to seal the Exhibits (as described in the attached Declaration of Tyler Lester).

## RELEVANT BACKGROUND

### I.    THE PARTIES' MEET-AND-CONFER EFFORTS

Following the filing of Plaintiffs' Motion for Class Certification, the parties engaged in a meet-and-confer on March 5, 2020, regarding Plaintiffs' proposed motion to unseal the Exhibits. *See* Declaration of Eleanor R. Farrell ("Farrell Decl.") ¶ 3. Many of the Exhibits to Plaintiffs' Motion for Class Certification were excerpted in the Second Amended Consolidated Complaint (the "Complaint") that Plaintiffs filed on February 6, 2020. *Id*. ¶ 2. Counsel for the parties previously conferred about CHLIC's confidentiality designations for those documents prior to the filing of the Complaint. *Id*. CHLIC had agreed that certain parts of the documents that did not contain confidential, proprietary, and commercially sensitive business information could be referenced and even quoted in the publicly filed Complaint. *Id*. Based on that agreement, Plaintiffs included many of these same excerpts without redaction in their memorandum of law in support of their Motion for Class Certification. *Id*. Only references to four new Exhibits were redacted in the publicly-filed version of Plaintiffs' class certification brief based on CHLIC's designation of those Exhibits as confidential. *Id*.

During the March 5, 2020 meet-and-confer, counsel for CHLIC suggested that the parties should focus on potentially unsealing the parts of the four remaining exhibits relied upon by Plaintiffs in their brief. *Id*. ¶ 4. When Plaintiffs' counsel rejected this approach, CHLIC's counsel also separately expressed their willingness to potentially redact and even fully unseal certain Exhibits to Plaintiffs' motion after additional consultation with their client. *Id*. Plaintiffs were not willing to discuss the specifics of the documents further before filing their motion to

unseal. *Id*. ¶ 5. Instead, Plaintiffs' counsel indicated that they were going to file their motion and that they would consider CHLIC's proposals after the motion was on file. *Id*.

Had Plaintiffs' counsel been willing to engage in a more meaningful meet-and-confer, they would have learned that CHLIC agrees to the following:

1. Three exhibits should be de-designated entirely, and they may be filed in the public record without redaction: Exhibits L and N[3] to Plaintiffs' Motion for Class Certification and Ex. 1[4] to Plaintiff Blocker's Opposition to CHLIC's Motion to Dismiss;

2. Eleven other exhibits can be filed in the public record with narrowly tailored redactions of specific, commercially sensitive information (but these documents should maintain their confidentiality designations due to this sensitive information): Exhibits C, E, F, J, K, M, O, Q, R, T, and V to Plaintiffs' Motion for Class Certification; and

3. The remaining seven exhibits maintain their confidentiality designations and should be filed fully under seal because they reflect proprietary and sensitive non-public business information regarding CHLIC's pharmacy management practices and operations: Exhibits D, G, H, I, P, U, and W to Plaintiffs' Motion for Class Certification.

---

[3] Co-Defendant OptumRx created Exhibit N and has agreed to de-designate and unseal this document.

[4] Plaintiffs first raised with CHLIC on the same date of the filing of their second Motion to Seal whether CHLIC would consent to allow Exhibit 1 (designated by CHLIC as "Confidential") to be filed publically. Farrell Decl. ¶ 6. Given the timing of the request, CHLIC informed Plaintiffs that it would need additional time to consider any unsealing of the document in question, which is a CHLIC contract with a third party. *Id*. Upon review, CHLIC agrees to unseal that document in full so it may be filed publicly.

## II.   THE DOCUMENTS FOR WHICH CHLIC MAINTAINS ITS DESIGNATIONS CONTAIN CONFIDENTIAL, PROPRIETARY, AND COMMERCIALLY SENSITIVE INFORMATION

The Exhibits that CHLIC proposes to seal in part or in full contain confidential, proprietary, and commercially sensitive information that would cause significant competitive harm to CHLIC if publicly disclosed.  Some also include personal identifying information that CHLIC is required to protect from disclosure.  As a general matter, CHLIC requires its employees to handle confidential information with care and limits access to the confidential information on a need-to-know basis.  Lester Decl. ¶ 4.  CHLIC requires its employees to maintain the confidentiality of proprietary and sensitive business information.  *Id*.  Such information cannot be disclosed without appropriate prior authorization, and employees are instructed not to transmit confidential information to persons not entitled to it, or who have no reason to know the confidential information.  *Id*.

The Exhibits contains several different types of confidential and commercially sensitive business information.

First, the vast majority of the Exhibits that CHLIC seeks to seal in part or in full discuss strategic CHLIC pharmacy business projects and internal CHLIC policies and practices.  *See* Lester Decl. ¶¶ 11-15 (discussing Exhibits C, D, E, G, H, I, J, K, M, T, U, and W).  For instance:

- Exhibits C, M, and J to Plaintiffs' Motion for Class Certification include details of a commercially sensitive, strategic ██████████████████████████████ ██████████████████████████████████████████ Lester Decl. ¶ 11.  That email includes a detailed internal discussion of the proposed ██████████████████████████████████████████ ██████████████████████████████████████████ ████████.  *Id*.

- Exhibit D to Plaintiffs' Motion for Class Certification is an internal CHLIC email discussing two strategic ████████████████████████.  *Id*. ¶ 12(a).  This document includes detailed internal and proprietary information regarding ████████████████████████████ ██████████████████████████████████████████.  *Id*.

5

- Exhibit G to Plaintiffs' Motion for Class Certification is an internal presentation to the Cigna Pharmacy Management ("CPM") Operating Committee ███████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ *Id*. ¶ 12(d). The confidential document sets forth detailed, proprietary information regarding ████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Lester Decl. ¶ 12(d).

Second, Exhibits K, P, O, and R to Plaintiffs' Motion for Class Certification reflect specific pharmacy prescription drug pricing information and the amounts that CHLIC's clients agreed to pay CHLIC for its prescription benefit services. Lester Decl. ¶ 16. For instance, in Exhibit P, that pricing information is included within a detailed internal CHLIC discussion regarding prescription drug benefit processing, which includes screenshots of transaction details reflecting client plan and pharmacy pricing rates. *Id*.

Third, Exhibits O, Q, and V contain third party personal identifying information that Plaintiffs did not redact, but which CHLIC moves to seal.[5] For instance, Exhibit O identifies by name specific third parties, customer identification numbers, and at least one number related to a specific customer prescription drug claim. Lester Decl. ¶ 17(a). Similarly, Exhibit Q contains a variety of personal identifying information and reimbursement amounts related to customer claims for both pharmacy and medical benefits. *Id*. ¶ 17(b). And Exhibit V contains more than one hundred identification codes for individual customer prescription drug transactions. *Id*. ¶ 17(c).

---

[5] Plaintiffs have proposed redaction of specific third party personal identifying information and personal health information in the Exhibits that they do not propose disclosing to the public. *See* Mot. at 2 n.2. CHLIC agrees with the need for those redactions in all instances, and this Opposition does not address those redactions or the information that underlies them, which CHLIC understands Plaintiffs do not seek to disclose and which are not at issue here.

6

Public disclosure of this confidential, proprietary, and commercially sensitive business information would cause significant competitive harm to CHLIC, especially given the extremely competitive nature of the global healthcare services industry, which includes major rivals of CHLIC such as UnitedHealth Group, Aetna, Humana, Anthem, and CVS/Caremark, among others. Lester Decl. ¶ 8. For instance, each of these pharmacy business projects described in Exhibits C, D, G, J, and M (discussed above) required significant resources from CHLIC to conceive, develop, and implement. *Id*. ¶ 12. The public disclosure of the detailed project analyses reflected in these documents would permit CHLIC's competitors to learn the details and status of these projects, as well as to potentially develop similar prescription drug projects, without having to invest comparable time and resources. *Id*. Similarly, public disclosure of the prescription drug pricing information reflected in Exhibits K, P, O, and R would cause significant competitive harm to CHLIC by allowing competitors to see CHLIC's historical pricing structures and potentially extrapolate current pricing agreements. *Id*. ¶ 16.

Finally, the CHLIC pharmacy management business practices and policies discussed in these documents often continue in various forms into the present, such that disclosure of historical information still poses a competitive risk to CHLIC. Lester Decl. ¶ 18. The sensitive confidential information in the Exhibits relates to ongoing CHLIC business practices, strategic analyses, pricing information, and other proprietary CHLIC information that, if disclosed, would cause CHLIC competitive injury. *Id*. Likewise, strategic business projects remain relevant once completed and incorporated into CHLIC's pharmacy operations. *Id*.

## ARGUMENT

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *In re*

*Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007), quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  In assessing a motion to seal documents, the court must balance the public right to access to judicial records against "competing considerations," including the potential competitive harm disclosure of confidential business information might cause.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).  "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'"  *Id*. at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  Local Civ. R. 5(e)(3).

Applying these requirements, courts have repeatedly found that a company's "commercial information" should be sealed when public disclosure would cause competitive harm to that business.  *See* Fed. R. Civ. P. 26(c)(1)(G); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (ordering redaction of "confidential business information," including "internal business documents," "investigative reports," and "information about [ ] business operations"); *Grayson v. Gen. Elec. Co.*, No. 3:13-1799, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (WWE) ("commonly sealed" documents include those containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like") (citation omitted); *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug.

29, 2017) (sealing "detailed pricing information" and "contracts between [d]efendant and third parties which contain confidentiality provisions").

## II. COMMERCIALLY SENSITIVE BUSINESS INFORMATION IN THE EXHIBITS SHOULD BE SEALED TO AVOID COMPETITIVE HARM TO CHLIC.

### A. The Exhibits Contain Commercially Sensitive, Non-Public Business Information Whose Disclosure Will Cause CHLIC Competitive Harm.

Courts have repeatedly found that the "commercial information" of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—is a proper subject for sealing.[6] *See* Fed. R. Civ. P. 26(c)(1)(G); *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (sealing "confidential business information," "internal business documents," "investigative reports," and information regarding "business operations"); *see also Grayson*, 2017 WL 923907, at *1.

Here, CHLIC maintains its designations over, and seeks to seal, only specific Exhibits and portions of Exhibits that discuss proprietary, commercially sensitive, non-public information that is likely to cause CHLIC competitive harm if disclosed. As set forth in the attached Declaration of Tyler Lester, CHLIC proposes to seal only the specific confidential, proprietary, and commercially sensitive business information that appears in each Exhibit because disclosure of such information will result in competitive injury to CHLIC:

---

[6] In addition to moving to unseal the Exhibits, Plaintiffs seek to de-designate those documents as non-confidential under the Court's Protective Order entered on April 24, 2017. *See* Dkt. 212-1 at 7. But, as courts have explained, the question whether a document has been properly designated as confidential under a stipulated protective order is a separate inquiry from whether a judicial document filed with the court should be sealed under Rule 26(c). *See In re Parmalat Secs. Litig.*, 258 F.R.D. at 242-43 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004)) (confidentiality designations under a stipulated protective order are separate from the "good cause showing" required under Rule 26(c) when the court must determine whether documents filed with the court should be sealed). While CHLIC did properly designate the Exhibits as "Confidential" under the Protective Order (as this Opposition and the attached Declaration demonstrate), the question before the Court here is whether the Exhibits should be sealed under Rule 26(c) and Local Rule 5(e).

9

- CHLIC proposes sealing in part or in full the confidential business information in Exhibits C, D, E, G, H, I, J, K, M, T, U, and W that relates to strategic CHLIC pharmacy business projects and internal CHLIC policies and practices. *See* Lester Decl. ¶¶ 11-15.

- CHLIC proposes sealing in part or in full the confidential business information in Exhibits K, P, O, and R that reflects specific pharmacy prescription drug pricing information, and amounts that CHLIC's clients have agreed to pay CHLIC for its prescription benefit services. *See id.* ¶ 16.

- CHLIC proposes sealing certain third party personal identifying information in Exhibits O, Q, and V that Plaintiffs failed to redact. *See id.* ¶ 17.

Courts have ordered documents sealed when they contained similar business information, including sensitive internal analyses of business projects, non-public financial and pricing data, contractual agreements with third parties, and confidential information regarding business operations. *See SEC v. Ahmed*, No. 3:15-675, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (determining that non-party's "interest in confidentiality of internal business practices substantially outweighs the public's right of access"); *China Falcon Flying Ltd.*, 2017 WL 3718108, at *2 (granting defendant's motion to seal "detailed pricing information" on defendant's products and "contracts between [d]efendant and third parties which contain confidential provisions").[7] That is the same type of information that CHLIC seeks to seal now as confidential, and a similar order should be issued here. *See* Lester Decl. ¶¶ 11-17.

---

[7] *See also Peters v. Aetna Inc.,* No. 1:15-00109, 2019 WL 2881615, at *1 (W.D.N.C. July 2, 2019) (granting defendant's motion to seal parts of its reply brief that cites "portions of an Administrative Services Agreement, which the court has allowed to be filed under seal due to the commercially sensitive information contained therein"); *Bright v. Asset Acceptance, LLC*, 292 F.R.D. 190, 203 (D.N.J. 2013) (granting plaintiff's motion to seal business agreement between defendant and non-party based on the "legitimate private interests at stake" if the agreement were disclosed and the potential "harm to [defendant]'s competitive standing in the market place"); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (holding that documents containing confidential information about defendant's relationship with non-party should be filed under seal).

### B. The Court Should Grant Sealing of the Information Underlying CHLIC's Narrowly Tailored Redactions.

In addition, CHLIC has proposed narrowly tailored redactions of its confidential, proprietary, and commercially sensitive information in eleven of the Exhibits in compliance with Local Rule 5(e). For example, CHLIC proposes redacting only the proprietary and sensitive information from email strings with other information. *See, e.g.,* Ex. K (eight-page internal CHLIC email thread, for which CHLIC proposes redacting only select internal pharmacy pricing information). Courts have held that similarly tailored redactions of specific confidential information should be sealed. *See KeyBank Nat'l Assoc. v. Element Transp. LLC*, No 16-8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where party "narrowly tailored their redactions, strictly limiting them to the portion of the appendix containing the irrelevant nonparty financial information"); *see also McClure v. Allegheny Energy, Inc.*, No. 2:06-0537, 2008 WL 11380062, at *1 (S.D.W.Va. Oct. 23, 2008) (concluding that defendants' proposed redactions "of only pricing information" were "minimal" and "narrowly tailored to protect the defendants' proprietary information without infringing on the public's right to access the information necessary to evaluate the product of the court in [that] case"). Here, too, the Court should grant CHLIC's request that the information CHLIC proposes to redact remain confidential and be sealed.

By contrast, Plaintiffs urge the Court to unseal even those portions of the Exhibits that reflect commercially sensitive information that in no way relates to the issues raised in this litigation. Such public disclosure would serve no purpose except to reveal CHLIC's confidential business communications, analyses, and processes to the potential harm of CHLIC on matters that are of no relevance to this action. For instance, Plaintiffs cite Exhibit D in their class certification briefing to support the general proposition that CHLIC is capable of reprocessing

transactions if ordered by the Court.  *See* Dkt. 209 at 15.  But, if unsealed, Exhibit U would reveal sensitive internal ███████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████.  *See* Lester Decl. ¶ 15(a).  Similarly, Exhibit D contains sensitive internal discussions of ██████████████████████, and Exhibit E contains similarly sensitive internal discussion of the ███████████████, neither of which are related to Plaintiffs' claims in this action as well.  *See id*. ¶ 12(a) and (d).  Publicly disclosing such information would needlessly cause CHLIC competitive injury.

    **C.**    **Plaintiffs' Arguments Have No Merit.**

Plaintiffs' arguments in no way alter this analysis.

First, Plaintiffs' categorical argument that the Exhibit are "old" and thus should not be sealed ignores the contents of the Exhibits and misstates the law.  Mot. at 8.  As a factual matter, the Exhibits include documents as recent as 2016 that cannot be summarily dismissed as "old" in any case.  *See* Ex. H (internal CHLIC project update from 2016); Ex. I (internal CHLIC presentation dated August 8, 2016); Ex. K (internal CHLIC email from July 28, 2016 to August 11, 2016).  Moreover, the Exhibits reflect a variety of information that continues to inform current CHLIC pharmacy operations and strategic planning, for instance, regarding CHLIC's pharmacy pricing arrangements (that could be used to extrapolate current pricing structures), internal pharmacy business projects (many of which set into place policies and practices that continue into the present), as well as sensitive discussions of client relationships.  *See* Lester Decl. ¶ 18.  Courts have repeatedly found that commercially sensitive business information, even when contained in documents from prior time periods, can remain relevant to current business practices, such that its disclosure can cause competitive injury.  *See U.S. ex rel. Scott v. Humana,*

*Inc.*, No. 3:18-61, 2019 WL 5964564, at *4 (W.D. Ky. Nov. 13, 2019) (ordering information on "bids and profit margins" that was "more than eight years old" sealed because the information, "even if historic, could be used by competitors to undercut [defendant's] marketplace standing"); *Encap LLC v. Scotts Co. LLC*, No. 11-685, 2015 WL 12991188, at *2 (E.D. Wis. Jan. 8, 2015) (granting defendants' motion to seal exhibits related to product development and marketing that were "more than a dozen years old" because "the market research data appears useful and there is no reason to believe it has lost its utility and value to [defendant] or its competitors"). Plaintiffs have done nothing to show that is not the case here. CHLIC, on the other hand, has demonstrated that is precisely the case with the proprietary and commercially sensitive information in the Exhibits.

Similarly, Plaintiffs categorically claim that the Exhibits "discuss legacy health insurance policies" involving "form plan language" that CHLIC revised "in the wake of this litigation," so disclosure would not cause CHLIC competitive injury. Mot. at 8. This is wrong. While CHLIC implemented certain language revisions in the prescription drug benefits booklets it provides to its clients, this is irrelevant to Plaintiffs' argument because none of the Exhibits relate to language in the "legacy health insurance policies." *See* Lester Decl. ¶ 11-17 (describing business information in each specific Exhibit). On the contrary, as discussed above, each Exhibit contains proprietary and commercially sensitive business information that was not only part of CHLIC's business operations several years ago, but much of which also is part of its business operations currently. *Id.* And, in any event, Plaintiffs' argument is belied by their own allegations because Plaintiffs' claims involving these "legacy health insurance policies" carry forward beyond the date of the filing of their initial complaint. As a result, there remains a continued likelihood that disclosure of such information would cause competitive harm to

13

CHLIC. *Id*. Not only is Plaintiffs' argument factually wrong, but the one case they rely upon is readily distinguished as well. *See* Mot. at 8. In *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019), the court ordered certain documents unsealed only because BlackBerry did not object, indicating its agreement that the documents at issue no longer concerned relevant business practices or had the potential to cause BlackBerry competitive harm. *See id*. Furthermore, the documents and testimony at issue in *Pearlstein* dealt, in relevant part, with the BlackBerry PlayBook tablet, which BlackBerry had stopped developing six years earlier when it decided to exit the tablet computer market. *Id*. Thus, *Pearlstein* is readily distinguished from the present case and offers Plaintiffs no support.

Finally, in their Motion, Plaintiffs speculate that certain Exhibits might be cited in future briefs, oral argument, or (even more speculatively) that the Court will explicitly rely upon these documents in its class certification decision. But such use merely means that these Exhibits constitute "judicial documents," requiring the Court to balance the presumption of public access against "competing considerations," such as the competitive harm disclosure might cause to CHLIC. *See Lugosch*, 435 F.3d at 119-20. It does not mean that all such documents are immediately or automatically unsealed. Moreover, at this stage, the use of these Exhibits in future briefing or arguments is purely hypothetical. The Court may revisit the appropriate sealed portions of the Exhibits at any time, either in connection with oral argument or its decision.[8]

---

[8] For instance, if the Court's class certification decision refers to confidential information filed under seal, the Court could adopt the process described in *Saks Inc. v. Attachmate Corp.*, No. 14-4902, 2015 WL 1841136, at *15 (S.D.N.Y. Apr. 17, 2015), in which the court would defer publishing its decision for ten days, during which time the parties would identify any portion of the decision they believe should be redacted and explain why the underlying material is confidential. *Id*. The court would then determine whether sufficient grounds exist to redact that information. *Id*. Such a process avoids the parties second-guessing what material the Court may consider relevant to its decision, as Plaintiffs do here.

14

Unsealing all the Exhibits in their entirely based on Plaintiffs' speculations of future use is not the "narrowly tailored" approach the law requires.  *See* Local Civ. R. 5(e)(3).

## **CONCLUSION**

For the above reasons, the Court should deny Plaintiffs' motion to unseal and grant CHLIC's motion to seal the Exhibits as described in the attached Declaration of Tyler Lester.

Dated:  March 30, 2020	Respectfully submitted,

/s/ Brian W. Shaffer
Brian W. Shaffer (phv08654)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5000
Facsimile:  +1.215.963.5001
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Lisa R. Weddle (ca259050)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  +1.860.240.2945
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2020, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Brian Shaffer
      Brian Shaffer