

**Seth R. Klein**
sklein@ikrlaw.com

April 24, 2020

*Filed via ECF*

The Honorable Jeffrey A. Meyer
RICHARD E. LEE U.S. COURTHOUSE
141 Church Street, Courtroom 3
New Haven, CT  06510

      Re:    *Kimberly A. Negron, et al. v. CIGNA Corporation, et al.*
              D. Conn. Case 3:16-cv-01702(JAM)

Your Honor:

      This firm is co-counsel for Plaintiffs in the *Negron* action. Pursuant to the Court's direction at the April 23, 2020 oral argument concerning Cigna's Motion to Dismiss counts IX and X of the Second Amended Consolidated Complaints [ECF No. 202-1], I write to submit additional authority in further support of Plaintiff Blocker's Memorandum of Law in Opposition thereto [ECF No. 215] ("Opposition").

      Specifically, Plaintiff Blocker respectfully submits the Georgia Court of Appeals decision in *Versico, Inc. v. Engineered Fabrics Corp.,* 238 Ga. App. 837 (1999) (attached as Exhibit 1), in further support of his argument that the "no third party beneficiaries" clause of the ASO Agreement between Cigna and Cobb County does ***not*** relieve Cigna, as a delegee of Cobb County, of direct liability to Plaintiff Blocker for Cigna's failure to properly discharge the claim administration duties it assumed.  *See generally* Opposition at 2-7.

      In *Versico,* the plaintiff[1] sought to directly enforce against the defendant the warranty obligations that had been contractually delegated to the defendant by the original promisor, rather than proceeding against the original promisor with whom the plaintiff had the direct warranty relationship.  *Versico,* 238 Ga. App. at 837-38.  The defendant argued that it could not

---

[1]  The plaintiff in the underlying action was Engineered Fabrics Corp., and the defendant was Versico, Inc.  The order of names is reversed in the appellate case title as defendant Versico was the appellant.

www.ikrlaw.com
Tel: (860) 493-6292  |  Fax: (860) 493-6290
29 South Main Street, Suite 305, West Hartford, CT 06107

be sued directly by the plaintiff as a delegate of the warranty responsibilities because the delegation contract included a no-third-party-beneficiaries clause. *See id.* at 840.

The Court of Appeals disagreed. It recounted the trial court's determination that this clause was in "apparent conflict" with another portion of the contract, which provided that defendant "agrees to assume and to pay and/or perform" all warranty obligations and "show[ed] the parties intended for [defendant] to take over [the original warrantor's] obligations with regard to … warranties already issued." *Id.* at 840-41. The trial court further noted that defendant "had itself informed warranty holders to direct their repair requests under the warranties to defendant and had actually performed warranty work for" plaintiff. *Id.* at 841. The trial court reconciled the two contract provisions by carving-out warranty holders from the no-third-party-beneficiaries clause, "concluding that [the no-third-parties clause] does not include any existing warranty holders in its purview." *Id.* at 841. The Court of Appeals affirmed the trial court determination, noting that "[t]his was merely the application of another rule of contract construction providing that when specific provisions in a contract are applicable, they prevail over any conflicting general language." *Id.*

*Versico* compels the conclusion that Cigna is directly liable to Blocker here. In *Versico* the original warranty agreement contained a promise to the plaintiff, and here, the Cobb County plan contains promises to Plaintiff Blocker. Just as in *Versico*, although the ASO Agreement includes a no-third-party-beneficiaries clause, it also contains specific language under which Cobb Country delegated to Cigna, and Cigna voluntarily assumed, promises made in the Plan *to Blocker* — specifically, the administrative "authority, responsibility and discretion to … make coverage determinations on claims for Plan Benefits." [ECF No. 216] at p. 5 (section 2.c.); *see* Opposition at 5. And just as in *Versico,* the Plan itself (which Cigna concedes is incorporated into the ASO agreement) instructs policyholders to direct their administrative coverage requests to CIGNA, and Cigna actually performs that administrative work. *See generally* Opposition at 3-4, 6-7. For example:

- The "Important Information" section states that "CIGNA HEALTH AND LIFE INSURANCE COMPANY (CIGNA) PROVIDES CLAIM ADMINISTRATION SERVICES TO THE PLAN." [ECF No. 202-2] at p. 5 of 30 (capitalization in original); *see* Opposition at 3-4. Although the "Important Information" also provides that "Cigna" should be read as meaning Cobb County for substantive ***coverage payment*** purposes, that does not apply to the ***administrative*** services which are at issue here.

- The Plan represented that Cigna would make all claim determinations, including preservice, concurrent and postservice medical necessity determination, and postservice claim determinations. [ECF No. 202-2] at pp. 21-22 of 30; *see* Opposition at 4.

- The Plan represented that Cigna would handle and decide all appeals of all of Cigna's claims decisions. Accordingly, Cigna had the final responsibility under the Plan concerning claim decisions. [ECF No. 202-2] at pp. 21-22 of 30. Cigna's alleged breach of those responsibilities is the core of Blocker's action.

The Honorable Jeffrey A. Meyer
April 24, 2020
Page 3

- The Plan acknowledges that policyholders may take "legal action" against Cigna, which is the logical next step in the dispute resolution process after Cigna denies an appeal. [ECF No. 202-2] at p. 24 of 30; *see* Opposition at 6-7. Although the first sentence of the legal action clause references ERISA, the remaining sentences do not, and there is no dispute that Mr. Blocker's Plan is ***not*** an ERISA plan. It would have been nonsensical for Cigna to include in a non-ERISA plan a "legal action" clause that applies only to ERISA plans. Moreover, this clause would not be relevant to a tort claim – a party does not need to consent in a contract to be sued for a tort. Rather, the logical way to read this term is that by including a legal action clause ***in its Plan contract document***, Cigna was acknowledging that Cobb County policyholders like Mr. Blocker could sue Cigna ***pursuant to that contract***.

- Cigna's logo and name appear consistently throughout the Plan, whereas Cobb County is only mentioned by name three times. *See generally* [ECF No. 202-2]; Opposition at 3

Accordingly, Plaintiff Blocker respectfully submits that, pursuant to the Georgia Court of Appeals' decision in *Versico*, he may properly pursue a direct claim against Defendant Cigna based upon the contractual delegation of administrative responsibilities set forth in the ASO Agreement and incorporated Plan documents.

Respectfully submitted,

/s/ Seth R. Klein

Robert A. Izard (ct01601)
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
860-493-6292
860-493-6290 fax
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
Mathew Jasinski (ct27520)
MOTLEY RICE LLC
One Corporate Center

The Honorable Jeffrey A. Meyer
April 24, 2020
Page 4

        20 Church Street, 17th Floor
        Hartford, CT 06103
        860-882-1681
        860-882-1682 fax
        bnarwold@motleyrice.com
        mjasinski@motleyrice.com

        Meghan S. B. Oliver
        MOTLEY RICE LLC
        28 Bridgeside Blvd.
        Mount Pleasant, SC 29464
        843-216-9000
        moliver@motleyrice.com

        Attorneys for Plaintiffs

cc: counsel for all parties (via ECF)