# Morgan Lewis

**Jeremy P. Blumenfeld**
Partner
+1.215.963.5258
jeremy.blumenfeld@morganlewis.com

April 28, 2020

**VIA ECF**

The Honorable Jeffrey A. Meyer
United States District Court, District of Connecticut
Richard E. Lee U.S. Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

Re:   *Kimberly A. Negron, et al. v. Cigna Corporation, et al.*, Case No. 3:16-cv-01702(JAM)

Dear Judge Meyer:

We write on behalf of Cigna Health and Life Insurance Company ("CHLIC") in connection with the above-referenced matter.  CHLIC respectfully submits this response to the letter submitted by Plaintiffs on April 24, 2020 regarding *Versico, Inc. v. Engineered Fabrics Corp.*, 520 S.E.2d 505 (Ga. Ct. App. 1999).  In his letter, Plaintiff Blocker argues that under *Versico*, he may pursue a direct claim against CHLIC "based upon the contractual delegation of administrative responsibilities set forth in the ASO Agreement and incorporated Plan documents."  (ECF 247 at 3).[1]

Plaintiffs' reliance on *Versico* is misplaced for two reasons.

First, *Versico* is distinguishable.  In *Versico*, the contract at issue contained a conflict between a provision disclaiming any third-party beneficiaries and another more specific provision in which Versico assumed the obligation "to pay" warranties issued to third parties.  520 S.E.2d at 508.  In that respect, Versico was acting as the equivalent of an "insurer" to warranty holders, similar to the example discussed with the Court during oral argument.

---

[1]   The letter is not just citing a new case in support of Plaintiff Blocker's claims, but is asserting an entirely new theory.  Plaintiff Blocker has not previously even *alleged* that CHLIC violated any provisions of the ASO Agreement.  Rather, in the Second Amended Consolidated Complaint, Plaintiff Blocker alleges that CHLIC breached "the Plans" without reference to ASO Agreements.  (ECF 198 at ¶¶ 307 & 315).  In his Opposition to CHLIC's Motion to Dismiss, Plaintiff Blocker argues that CHLIC "assumed in the Plan obligations under the Plan" and that the ASO Agreement merely "demonstrate[s]" CHLIC's assumption of Plan obligations. (ECF 215 at 5).  Moreover, Plaintiff Blocker fails to explain how this new theory in the letter can be squared with other provisions of the ASO Agreement, including the "Resolution of Disputes" section requiring, among other things, that "[a]ny dispute between the Parties arising from or relating to the performance or interpretation" of the ASO Agreement be brought *in Georgia*.  (ECF 220-2 at CIGNA12361823).

The Honorable Jeffrey A. Meyer
April 28, 2020
Page 2

Here, by contrast, CHLIC did not agree to provide insurance to Plaintiff Blocker or anyone else, and the ASO Agreement contains no such conflict. It says there are no third-party beneficiaries and that Cobb County—not CHLIC—is responsible for funding all plan benefits. (*See* ECF 215-1 at CIGNA12361823 (ASO Agreement is "solely for the benefit of [Cobb County] and CHLIC" and "shall not be construed to create any legal relationship between CHLIC and any other party"); ECF 215-1 at CIGNA12361822 ("[Cobb County] is responsible for all Plan Benefits including any Plan Benefits paid as a result of any legal action.")). Even the plan language, moreover, confirms that CHLIC's role as a claims administrator was for the benefit of Cobb County, not plan participants. *See* ECF 202-2 at CIGNA00024170 (stating CHLIC provides services "TO THE PLAN").

Second, Plaintiffs expressly abandoned the legal theory for which they turn to *Versico* for support. In his letter, Plaintiff Blocker argues that he is a third-party beneficiary of the delegation in the ASO Agreement just as the plaintiff in *Versico* was a third-party beneficiary of the delegation in the contract at issue in that case. But in his Opposition, Plaintiff Blocker waived that argument and expressly conceded that he "doesn't allege" a "third-party beneficiary claim" in this case. (ECF 215 at 6 n.6).

In sum, *Versico* is distinguishable and irrelevant. It remains undisputed that Plaintiff Blocker's prescription drug benefit plans were established and maintained by Cobb County and that CHLIC is not a party to the plans. Plaintiff Blocker has identified no basis for holding CHLIC liable to him for breach of contract (Count IX) or breach of the implied covenant of good faith and fair dealing (Count X). Accordingly, CHLIC respectfully requests that the Court dismiss Counts IX and X of the Second Amended Consolidated Complaint with prejudice.

Respectfully submitted,

/s/ Jeremy P. Blumenfeld

Jeremy P. Blumenfeld

c:  All counsel of record (via ECF)