UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                Defendants. | No. 16-cv-1702 (JAM)<br>(Consolidated)<br><br>CLASS ACTION<br><br><br>May 20, 2020 |

**MEMRANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO AMEND PROPOSED CLASS DEFINITIONS**

Plaintiffs respectfully submit this memorandum of law in support of their Motion to Amend Proposed Class Definitions. As set forth below, the proposed amendments ***narrow*** the scope of the original Class definitions, and thus will relieve Defendants and the Court of unnecessary expenditure of time and resources.[1] Accordingly, the Motion should be granted.

    **I.**      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs filed this action on October 13, 2016, alleging that Defendants' pharmacy "spread" and "clawback" practices violated both ERISA and RICO. On February 6, 2020, Plaintiffs, with consent of Defendants, filed their Second Amended Consolidated Complaint, which specifically provided that "Plaintiffs reserve the right to redefine the Class[es] and

---

[1] The proposed amendments themselves are set forth in the accompanying Motion.

Subclasses prior to certification." [ECF No. 198] at ¶ 181.[2]  Plaintiffs thereafter filed their Motion for Class Certification on March 2, 2020 [ECF No. 205], which remains pending. Defendants' opposition is not due until June 4, 2020 (*see* [ECF Nos. 236, 239]).

Since March 2, the parties have conducted several depositions, including of every named Plaintiff, Plaintiffs' expert witness and a Cigna employee.  The parties had previously engaged in significant document discovery but had mutually held off on conducting depositions while they engaged a well-respected, third-party neutral for nearly one year as they attempted to focus and or resolve the issues in the case.  Based on the recent depositions and Plaintiffs' counsel's ongoing review of documents and materials related to class certification, Plaintiffs concluded that it would be proper to narrow the Class and Subclass definitions to clarify that certain individuals (who arguably were within the originally-proposed definitions) in fact were ***not*** Class or Subclass Members.

Accordingly, on May 11, 2020 (almost one month before Defendants' opposition to class certification is due), Plaintiffs' counsel wrote to Defendants to "advise you that Plaintiffs intend to revise their class definitions:"

- First, Plaintiffs explained their intention to revise the definitions to reaffirm that individuals enrolled in plans whose claims are maintained on the Facets database are not included in the Classes or Subclasses.

---

[2]  Plaintiffs had filed their first Amended Consolidated Complaint on October 18, 2018 [ECF No. 166].  On June 1, 2018, the parties submitted an Amended Stipulated Joint Case Management Plan [ECF No. 158], approved by the Court on June 4, 2018 [ECF No. 159], which provided that Plaintiffs could seek leave to further amend "[b]y motion" (the "Scheduling Order").  The Scheduling Order did *not* set any specific date for Plaintiffs to seek to amend the complaint.  The subsequent Amended Stipulated Joint Case Management Plans filed by the parties (*see* [ECF Nos. 174, 177, 187, 192, 236]) and approved by the Court (*see* [ECF Nos. 175, 178, 188, 192, 239]) contain identical provisions with regard to amendments.

– 2 –

- Second, Plaintiffs explained that they intended to amend the Class definitions to further specify that participants enrolled in plans that contain a certain defined term ("prescription drug charge") are not included in any of the Classes or Subclasses.

*See generally* Ex. A hereto (May 11, 2020 letter from R. Izard to B. Shaffer). Plaintiffs thereafter shared with Defendants the specific new proposed class definition language on May 19, 2020. This motion followed.[3]

## II.   LEGAL STANDARD

Where a plaintiff seeks to amend the class definition proposed in a pending motion, the requirements of Fed. R. Civ. P. 15 and/or 16 apply. *See Chapman v. Wagener Equities, Inc.,* No. 09 C 07299, 2012 WL 6214597, at *3-4 (N. D. Ill. Dec. 13, 2012). Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, a motion to amend under Rule 15 should only be denied for reasons such as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Terex South Dakota, Inc., v. Classic Gears & Machining, Inc.,* No. 17-cv-528 (WWE), 2019 WL 2525628, at *1 (D. Conn. June 19, 2019). Where a court has issued a scheduling order setting a specific deadline for amendments, then the discretionary "good cause" standard of Fed. R. Civ. P. 16(b)(4) for modifying such orders also applies to requests to amend, in addition to the requirements of Rule 15. *Ramos v. Town of East Hartford,* No. 16-cv-166 (VLB), 2019 WL 544504, at *2 (D. Conn. Feb. 11, 2019).[4]

---

[3] The parties have conferred and, as of the time of this filing, Defendants continue to consider their position.

[4] Although under a Rule 16 analysis "the primary consideration is whether the moving party can demonstrate diligence … [t]he district court, in the exercise of its discretion under Rule 16(b), may consider other relevant factors including, in particular, whether allowing the amendment of

Although Rules 15 and 16 govern Plaintiffs' unilateral right to amend the class definitions, this Court also has the independent authority (and obligation) to conduct its own analysis and to modify class definitions as it deems appropriate (regardless of whether one party, or both, or neither, proposed the change). *See Santiago v. Merriman River Assocs.,* No. 17-cv-2054-VAB, 2018 WL 2465358, at *7 (D. Conn. June 1, 2018) (courts have "broad discretion to modify the class definition as appropriate," and "[m]odifying the class definition may be particularly appropriate at the certification stage") (citations omitted); *Local 1522 of Council 4 v. Bridgeport Health Care Center, Inc.,* No. 15-CV-1019 (JCH), 2018 WL 1419792, at *16 (D. Conn. March 21, 2018) ("district courts generally enjoy broad discretion to 'alter or modify' proposed classes"). Accordingly, wholly apart from a Rule 15 and 16 analysis, the Court should amend previously-submitted Class definitions when it is in the interests of justice to do so.

### III.  ARGUMENT

Plaintiffs respectfully submit that the motion to amend the proposed class definitions should be granted to best promote the interests of justice and orderly flow of this litigation. As discussed above, the purpose of the proposed revisions is to ***narrow*** the Class and Subclass definitions. Although the changes may appear significant, the only ***substantive*** impact is to address the two issues raised in Plaintiffs' May 11 letter (Exhibit A). Beyond these substantive changes, the class definitions have simply been reformatted with bullet points and the language has been changed and clarified to make the definitions more readable for Class Members. Making these changes now will help eliminate unnecessary expenditure of time and effort by Defendants (and the Court) in the future. Absent the proposed modifications, the parties and the

---

the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Court could become enmeshed in needless dispute over the Class definitions for years to come. *See Easterling v. Connecticut Dep't of Corr.*, 278 F.R.D. 41, 45 (D.Conn.2011) ("[e]ven after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation") (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)); *see also* Fed. R. Civ. P. 23(c)(1)(C).  Accordingly, unless Defendants wish to stipulate that the broader class is appropriate (and the Court accepts the stipulation), Plaintiffs should be allowed to clarify the proposed Class and Subclass definitions immediately, **before** class certification briefing is complete and the Court issues a ruling.[5]

Defendants cannot credibly claim that they are prejudiced.  "It is difficult to see how a more specific and tailored class definition will prejudice the defendants, particularly where the Court may have been compelled, at a potentially later date, to make modifications to the class definition anyway." *Chapman,* 2012 WL 6214597, at *6.  Nor have Plaintiffs engaged in undue delay.  Plaintiffs worked diligently with Defendants for the last year to try to focus or resolve the issues in the case and those efforts have now been suspended.  Partly as a result of those efforts and more recent depositions and document review, Plaintiffs came to recognize the ambiguities in the original March 2 Class and Subclass definitions following the submission of the original Motion for Class Certification and during the deposition process.  Plaintiffs notified Defendants of their proposed amendments on May 11, 2020, almost a month before Defendants' opposition to class certification is due.  Even if there was undue delay (and there is not), Defendants surely would be **more** prejudiced by being forced to continue to litigate overbroad Class and Subclass definitions that Plaintiffs **agree** warrant narrowing.

---

[5]  Indeed, Plaintiffs reserved the right in the Second Amended Consolidated Complaint to "redefine the Class[es] and Subclasses prior to certification" to allow, *inter alia,* for such clarifications.

Allowing the revised definitions will not delay the case.  In addition to notifying Defendants of the subject matter of the proposed revisions on May 11 (*see* Ex. A), Plaintiffs shared with Defendants the specific new proposed class definition language on May 19, 2020, over two weeks before Defendants' opposition to class certification is due.  Plaintiffs respectfully submit that this is more than enough time for Defendants to account for **narrower** Class and Subclass definitions.[6]

Accordingly, Plaintiffs respectfully submit that the present motion satisfies all of the liberal "interests of justice" requirements of Rule 15(a).  Plaintiffs further respectfully submit that Rule 16 does not apply.  Since the scheduling order does not set a specific date for Plaintiffs to seek to amend the complaint but rather allows Plaintiffs to seek to amend at any time "by motion" (*see* note 2 above), Plaintiffs do not seek to modify a scheduling order and, therefore, the Rule 16 standard for "modifying" is inapplicable.[7]  However, to the extent this Court deems Rule 16 applicable to the current Motion, Plaintiffs respectfully submit that "good cause" exists to allow the amendment as well.  Rule 16(b)(4) requires that, beyond the requirements of Rule 15, Plaintiffs also establish "good cause," meaning that Plaintiffs have acted diligently and that Defendants are not prejudiced.  *Kassner*, 496 F.3d at 244.  As discussed above, Plaintiffs have acted diligently and Defendants are not prejudiced.

Finally, even if revision of the Class and Subclass definitions were not proper under Rules 15 and 16, the proposed amendments would be warranted under the Court's independent authority.  As discussed above, courts retain the power to independently modify class definitions

---

[6] Moreover, the revised definitions will not require any additional discovery or the extension of any future deadlines.

[7] *See In re Baker,* No. 09-12997 T13, 2013 WL 1290338, at *1 (Bankr. D.N.M. Mar. 27, 2013) (because "[t]he Scheduling Order did not include a deadline or amend pleadings[,] Fed. R. Civ. P. 16(b)(4)'s 'good cause' standard is not relevant").

to ensure any certified classes are properly defined.  For the same reasons as Plaintiffs seek to amend the Class and Subclass definitions (as discussed above and in Exhibit A hereto), it would be proper for the Court to order such revisions of its own accord.

### IV.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their Motion to Amend Proposed Class Definitions be granted.

Dated: May 20, 2020

Respectfully submitted,

/s/ Robert A. Izard
Robert A. Izard (ct01601)
*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*

SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:   206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:  612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road

Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:  985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:  504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:  516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:  866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*
LOCKRIDGE GRINDAL NAUEN,
P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone:  612-596-4097
Facsimile:  612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER

3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
Telephone: 206.448.1777
Facsimile: 206.728.2131
Brad@stritmatter.com

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile:  919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Additional Counsel for Plaintiffs