# Exhibit A



Robert A. Izard<br>rizard@ikrlaw.com

May 11, 2020

*Via email*
Brian Shaffer
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921

  Re: *Negron v. Cigna Health & Life Insurance*, No. 3:16-cv-1702 (D. Conn.)

Dear Brian,

I write to advise you that Plaintiffs intend to revise their class definitions to be consistent with their positions that they are not pursuing claims for plans on Facets and are not pursuing certain claims for plans that have a definition for the term "prescription drug charge."

First, Plaintiffs notified Defendants in 2019 that they are not pursuing claims for plans on Facets (*see* Shaffer July 22, 2019 Letter) and thus are not looking to certify any classes of participants in plans on Facets. Although the Classes (*i.e.*, ERISA Class, State Law Class, and RICO Class) were intended to comprise only participants in plans on Proclaim, we now realize that the definitions technically include some plans on Facets. *See, e.g.*, the Curols 2016 plan. Specifically, the Classes are defined, in relevant part, as individuals "who purchased prescription drugs pursuant to such plans or policies that provided that a member 'may be required to pay a portion of Covered Expenses.'" Because this phrase is found in both Proclaim and Facets plans, Plaintiffs intend to revise the definitions to also include the relevant language from the Covered Expenses section that is found in the Proclaim plans but not the Facets plans. The relevant "Covered Expenses" language describes such expenses as "expenses for charges made by a Pharmacy."

Second, as explained in Plaintiffs' motion for class certification, participants with plans that contain a definition for the term "prescription drug charge" are not part of the Classes (with respect to deductible payments) or the Subclasses. Plaintiffs intend to revise the definitions to further specify this limitation on the Classes.

Sincerely,

s/ Robert A. Izard