# Morgan Lewis

**Brian W. Shaffer**
Partner
+1.215.963.5103
brian.shaffer@morganlewis.com

May 21, 2020

**VIA ECF**

The Honorable Jeffrey A. Meyer
United States District Court for the District of Connecticut
Richard C. Lee United States Court House
141 Church Street, Courtroom 3
New Haven, CT 06510

Re: <u>Kimberly A. Negron, et al. v. Cigna Health and Life Insurance Co., et al., Case No. 3:16-cv-01702(JAM)</u>

Dear Judge Meyer:

We write on behalf of Cigna Health and Life Insurance Company ("Cigna") in connection with the above-referenced matter.  Cigna respectfully submits this letter in advance of today's telephonic status conference to address preliminarily Plaintiffs' Motion for Leave to Amend Class Definitions (ECF 253-254) (the "Motion") filed yesterday afternoon.  Although Cigna is still in the process of analyzing the proposed amended class definitions it received for the first time two days ago and intends to respond to the Motion in accordance with the time provided under the rules, Cigna respectfully requests that the Court immediately adjourn Defendants' current deadline (June 4, 2020) to respond to Plaintiffs' Motion for Class Certification pending a ruling on Plaintiffs' Motion.

Defendant OptumRx joins this request.  Both Defendants note that the deadline to respond to the Motion is June 10, 2020, six days after the current June 4, 2020 deadline for Defendants to respond to the pending Motion for Class Certification, the proposed class definitions of which Plaintiffs are seeking to amend by their Motion.

Plaintiffs' proposed class definitions have been a moving target.  Even in the past four months, Plaintiffs have revised or sought to change their proposed class definitions several times.  On February 5, 2020, Plaintiffs sought leave to file their Second Amended Consolidated Complaint to, among other things, "propos[e] revised class and subclass definitions."  (ECF 195 at 3).  Plaintiffs filed the Second Amended Consolidated Complaint on February 6, 2020.[1]  (ECF 198).  But just twenty-five (25) days later, Plaintiffs filed their Motion for Class Certification proposing yet another

---

[1] The class definitions in the Second Amended Consolidated Complaint filed in February 2020 were different than the definitions in the drafts of the Second Amended Consolidated Complaint that Plaintiffs shared with Defendants on December 16, 2019, and on January 31, 2020, only days before they filed their motion for leave to amend the complaint.

Hon. Jeffrey A. Meyer
May 21, 2020
Page 2

set of class definitions on March 2, 2020.  (ECF 205).  The definitions in the Motion for Class Certification were broader than those in the Second Amended Consolidated Complaint.

Now, just over two (2) weeks before the deadline for Defendants to respond to the Motion for Class Certification, Plaintiffs seek leave to pursue yet another set of class definitions.  Their request comes more than eleven (11) weeks after their deadline to move for class certification and after Defendants have already deposed Plaintiffs' expert who submitted a declaration in support of the Motion for Class Certification, each of the proposed class representatives, and two named plaintiffs who are absent members of the putative class.  Throughout this time, Cigna has operated under the unassailable belief that Plaintiffs were seeking to certify the classes and subclasses defined in their Motion for Class Certification.

Plaintiffs first advised Cigna of their intent to amend the class definitions on May 11, 2020.  Even then, Plaintiffs described only in general terms what they intended to accomplish by their amended class definitions.  They waited eight (8) days after that to send Defendants their actual proposed amended class definitions and nine (9) days to file the Motion.

Plaintiffs' proposed amended class definitions include fundamental and material changes that were not previously disclosed.  Attached as Exhibit 1 is a redline comparison of the operative proposed class definitions in the pending Motion for Class Certification and the proposed amended class definitions that Defendants received two (2) days ago (and which are the subject of the Motion).  In the Motion, Plaintiffs say that the definitions reflect two "substantive changes" and otherwise "have simply been reformatted with bullet points" and the "language changed and clarified to make the definitions more readable to Class Members."  (ECF 254 at 4).  Yet even at first blush, Plaintiffs' proposed changes are much more complicated and multifaceted than the two "substantive changes" that Plaintiffs actually acknowledge, neither of which is insignificant.  They also reflect the removal of a defined term central to their previous definitions ("Pharmacy Charge") and the addition of references to (and mischaracterizations of) several undefined terms and new concepts (e.g., "the amount the pharmacy agreed with Cigna or the pharmacy benefit manager to accept for such drugs").  The implications of these revisions are not straightforward, nor are they easily addressed in the two (2) weeks remaining until Defendants' response to the Motion for Class Certification is due.

Defendants would be prejudiced if they had to respond to Plaintiffs' Motion for Class Certification by June 4 using a class definition that is the subject of Plaintiffs' just-filed Motion, and it would seem incongruous—and a waste of the parties' and the Court's resources—to require Defendants to respond to Plaintiffs' Motion for Class Certification based on a class that Plaintiffs are no longer seeking to advance.  Accordingly, Defendants respectfully request that the class certification response deadline be deferred pending resolution of Plaintiffs' Motion to Amend Class Definitions.

We look forward to the telephonic status conference with the Court this afternoon and discussing this matter then.


Respectfully submitted,

/s/ Brian W. Shaffer

Brian W. Shaffer

c:  All counsel of record (via ECF)