# Exhibit 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated, | Civil No. 16-cv-1702 (JAM) |
| Plaintiffs, | |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al. | June 17, 2020 |
| Defendants. | |

**PLAINTIFFS KIMBERLY NEGRON'S AND DANIEL PERRY'S
OBJECTIONS AND RESPONSES TO DEFENDANT OPTUMRX INC.'S
FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure and the applicable Local Civil Rules,

Kimberly A. Negron and Daniel Perry ( "Plaintiffs"), through their undersigned counsel, hereby

submit these *Objections and Responses* to Defendant OptumRx Inc.'s *First Set of Interrogatories*.

Plaintiffs' responses to CHLIC's Interrogatories are made for the sole purpose of the

above-captioned action (the "Action"). Each response is subject to all evidentiary objections

including, but not limited to, competence, relevance, materiality, propriety, admissibility,

privilege, and privacy. These along with any and all other objections are reserved and may be

interposed at the time of trial.

While Plaintiffs' investigative efforts have been substantial, they have not completed their:

(a) factual investigation; (b) discovery; and (c) trial preparation. The following responses are

based upon information recalled at this time. Plaintiffs reserve the right to amend, modify, and

supplement these responses should additional findings, recollections, or discovery warrant such

amendment, modification, or supplementation. Plaintiffs reserve the right to use or introduce at

any deposition, hearing, and/or trial information responsive to OptumRx's Interrogatories but

discovered or recalled subsequent to the date of service of Plaintiffs' responses to OptumRx's

Interrogatories.

### GENERAL OBJECTION

Plaintiffs object to these Interrogatories, including their instructions and definitions, to the

extent that they seek to impose obligations upon Plaintiffs beyond those authorized by the Federal

Rules and/or the Local Rules. In responding to these Interrogatories, Plaintiffs will comply with

the Federal Rules and Local Rules.

### OBJECTIONS AND RESPONSES TO REQUESTS

1.      Describe any and all direct communications you have had with OptumRx
        including the timeframe and the nature of the communications.

RESPONSE:    Plaintiffs Negron and Perry do no recollect having direct communications with

OptumRx in connection with the claims at issue in this action.

---

2.      Describe in detail each and every fact that supports your allegation in
        paragraph 4 of the Complaint that OptumRx "violated the unambiguous
        Plan language."

RESPONSE:    Plaintiffs object to this Interrogatory because it is a premature contention

interrogatory.   "[B]ecause of their nature, [contention interrogatories] 'are more appropriate after

a substantial amount of discovery has been conducted.'" *McCarthy v. Paine Webber Group, Inc*.,

168 F.R.D. 448, 450 (D. Conn. 1996) (citation omitted) (Eginton, J.); *accord Harnage v. S.

Barrone*, 2017 WL 3448543, at *7 n.9 (D. Conn. Aug. 11, 2017) ("[C]ontention interrogatories

premature where no significant discovery has taken place.'"). "Contention interrogatories involve

'an opinion or contention that relates to fact or the application of law to fact.'" *Protex Intern.

Corp. v. Vanguard Products Group, Inc.*, 2006 WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006)

(quoting Fed. R. Civ. P. 33). "In other words, '[c]ontention interrogatories ask a party: to state what it contends; to state whether it makes a specific contention; to state all the facts upon which it bases a contention; to take a position, and to explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention.'" *Id.* (quoting *B. Braun Medical v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa 1994)). "[Contention interrogatories] are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations." *McCarthy*, 168 F.R.D. at 450.

Plaintiffs will answer this contention interrogatory after fact discovery has been substantially completed. *See, e.g.*, *Doe v. Darien Bd. of Educ.*, 2012 WL 4056737, at *2 (D. Conn. Sept. 14, 2012) (ruling that contention interrogatories did not need to be answered until discovery neared to close); *Short v. Connecticut Community Bank, N.A.*, 2010 WL 11569543, at *4 (D. Conn. June 28, 2010) (same); *In re Priceline.com Inc. Securities Litig.*, 233 F.R.D. 83, 87 (D. Conn. 2005) (same).

---

3.   Describe in detail each and every fact that supports your allegation in paragraph 13 of the Compliant that "Defendants' entire prescription drug management system" flaunts OptumRx's alleged "duties under the Plans and laws."

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

4.   Describe in detail each and every fact that supports your allegation in paragraph 21 of the Complaint that OptumRx "misrepresented the purported costs of the prescription drugs to patients."

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

5.       Identify the individual "co-conspirators" referenced in paragraph 21 of the Complaint and explain the role of each such "co-conspirator" in this allegation.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

6.       Describe in detail each and every fact that supports any allegation in paragraph 21 that OptumRx "engaged in a scheme to defraud patients by overcharging patients for the cost of medically necessary prescription drugs."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

7.       Identify and describe in detail any persons who constitute "Defendants and/or their agents" described in paragraphs 30–40 of the Complaint and describe in detail the specific "unilateral discretion" employed by OptumRx, if any, in the "Clawback Scheme" as alleged in paragraph 30 of the Complaint.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

8.       Identify each and every provision of the Plan which you allege OptumRx specifically violated, including, but not limited to, by "establishing the 'spread' and taking illegal 'clawbacks'" as alleged in paragraph 46 of the Complaint.

RESPONSE:    Without waiving their objections that other Interrogatories are premature contention interrogatories, Plaintiffs have agreed to answer this Interrogatory at this time, subject to the parties' agreement that Plaintiffs have the right to amend their answers to this Interrogatory before the conclusion of discovery. Plaintiffs have identified in the following table the provisions in the Plans produced by Cigna Health and Life Insurance Company that Plaintiffs allege Defendants violated. The underlying Plan language controls to the extent any of the quoted

4

language below contradicts the Plans. Plaintiffs' responses incorporate any and all language necessary to interpret or construe the quoted provisions, including, but not limited to, definitions of terms in the quoted provisions. In answering this Interrogatory, Plaintiffs interpret "provision" to mean a distinct section of the Plan. *See* Black's Dictionary (8th ed.).

| Plan | Provisions that were violated |
|------|-------------------------------|
| Negron 2012 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider." CIGNA00000375.<br><br>• The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms:<br><br>    o  "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment, Deductible and/or Coinsurance." CIGNA00000411.<br><br>    o  "**Copayments**  Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies." CIGNA00000411.<br><br>    o  All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00000411-12.<br><br>• The provision "Covered Expenses" including, but not limited to, the term:  "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule." CIGNA00000413.<br><br>• The provision "Your Payments." CIGNA00000413.<br><br>• The provision "Claim Determination Procedures under ERISA." CIGNA00000427.<br><br>• The provision "When You Have A Concern or a Complaint." CIGNA00000434. |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | • The provision "Discretionary Authority." CIGNA00000433.<br><br>• The provision "Reimbursement/Filing a Claim." CIGNA00000414. |
| Negron 2013 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider." CIGNA00000478.<br><br>• The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. Just show your identification card and pay your share of the cost, if any;" CIGNA00000581.<br><br>• The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms:<br><br>   o "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment, Deductible and/or Coinsurance." CIGNA00000511.<br><br>   o "**Copayments** Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies." CIGNA00000511.<br><br>   o All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00000511-12.<br><br>• The provision "Covered Expenses" including, but not limited to, the term: "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule." CIGNA00000513.<br><br>• The provision "Your Payments." CIGNA00000514.<br><br>• The provision "Claim Determination Procedures under ERISA." CIGNA00000527.<br><br>• The provision "When You Have A Concern or a Complaint." CIGNA00000534. |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | • The provision "Discretionary Authority." CIGNA00000532. |
| | • The provision "Reimbursement/Filing a Claim." CIGNA00000513. |
| Negron 2014 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider." CIGNA00001674. |
| | • The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement." CIGNA00001675. |
| | • The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms: |
| |     o "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment, Deductible and/or Coinsurance." CIGNA00001701. |
| |     o "**Copayments** Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies." CIGNA00001701. |
| |     o All provisions setting the copay amount per tier. *See, e.g.*, CIGNA000001701-02. |
| | • The provision "Covered Expenses" including, but not limited to, the term: "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule." CIGNA000001703. |
| | • The provision "Your Payments" including, but not limited to, the term: "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge." CIGNA000001703. |

| Plan | Provisions that were violated |
|------|-------------------------------|
|  | • The provision "Claim Determination Procedures under ERISA." CIGNA00001716. |
|  | • The provision "Medical - When You Have A Complaint or an Appeal." CIGNA00001717. |
|  | • The provision "Discretionary Authority." CIGNA00001723. |
|  | • The provision "Reimbursement/Filing a Claim." CIGNA00001704. |
| Negron 2015 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities." CIGNA00001758. |
|  | • The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. just shove your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement." CIGNA00001760. |
|  | • The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms: |
|  |    o "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment, Deductible and/or Coinsurance." CIGNA00001786. |
|  |    o "**Copayments**  Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies." CIGNA00001786. |
|  |    o All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00001786-87. |
|  | • The provision "Covered Expenses" including, but not limited to, the term:  "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule." CIGNA00001788. |
| | • The provision "Your Payments" including, but not limited to, the term: "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge." CIGNA000001788. |
| | • The provision "Claim Determination Procedures under ERISA." CIGNA00001801. |
| | • The provision "Medical - When You Have A Complaint or an Appeal." CIGNA00001803. |
| | • The provision "Discretionary Authority." CIGNA00001808. |
| | • The provision "Reimbursement/Filing a Claim." CIGNA00001789. |
| Perry 2012 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities." CIGNA00000008. |
| | • The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement." CIGNA00000009. |
| | • The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms: |
| |  o "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment." CIGNA00000031. |
| |  o **Copayments** Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. CIGNA00000031. |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | o  All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00000031-32.<br><br>• The provision "Covered Expenses" including, but not limited to, the term:  "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician. CIGNA will provide coverage for those expenses as shown in the Schedule. CIGNA00000033.<br><br>• The provision "Your Payments." CIGNA00000034.<br><br>• The provision "Claim Determination Procedures under ERISA." CIGNA00000047.<br><br>• The provision "Medical - When You Have A Complaint or an Appeal." CIGNA00000048.<br><br>• The provision "Discretionary Authority." CIGNA00000054.<br><br>• The provision "Reimbursement/Filing a Claim." CIGNA00000034. |
| Perry 2012 Plan (Revised 5/23/2012) | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities." CIGNA00000069.<br><br>• The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement." CIGNA00000070.<br><br>• The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms:<br><br>o  "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment." CIGNA00000092. |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | o **Copayments**   Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. CIGNA00000092.<br><br>o All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00000092-93.<br><br>• The provision "Covered Expenses" including, but not limited to, the term:  "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician. CIGNA will provide coverage for those expenses as shown in the Schedule. CIGNA00000094.<br><br>• The provision "Your Payments." CIGNA00000094.<br><br>• The provision "Claim Determination Procedures under ERISA." CIGNA00000108.<br><br>• The provision "Medical - When You Have A Complaint or an Appeal." CIGNA00000109.<br><br>• The provision "Discretionary Authority." CIGNA00000115.<br><br>• The provision "Reimbursement/Filing a Claim." CIGNA00000095. |
| Perry 2015 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities." CIGNA00000143.<br><br>• The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement." CIGNA00000144.<br><br>• The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms:<br><br>o  "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | portion includes any applicable Copayment." CIGNA00000167. |
| |     o  **Copayments**  Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. CIGNA00000167. |
| |     o  All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00000167-68. |
| | • The provision "Covered Expenses" including, but not limited to, the term:  "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician. CIGNA will provide coverage for those expenses as shown in the Schedule. CIGNA00000169. |
| | • The provision "Your Payments" including, but not limited to, the term: "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge." CIGNA000000169. |
| | • The provision "Claim Determination Procedures under ERISA." CIGNA00000182. |
| | • The provision "Medical - When You Have A Complaint or an Appeal." CIGNA00000184. |
| | • The provision "Discretionary Authority." CIGNA00000189. |
| | • The provision "Reimbursement/Filing a Claim." CIGNA00000170. |
| Perry 2016 Plan | • The provision "Special Plan Provisions" including, but not limited to, the term: "When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities." CIGNA00000203. |
| | • The provision "How to File a Claim" including, but not limited to, the term: "There's no paperwork for In-Network care. Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement." CIGNA00000205. |

| Plan | Provisions that were violated |
|------|-------------------------------|
| | • The provision "Prescription Drug Benefits. The Schedule," including, but not limited to, the following terms: <br><br>    o "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies. That portion includes any applicable Copayment." CIGNA00000031. <br><br>    o **Copayments** Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. CIGNA00000031. <br><br>    o All provisions setting the copay amount per tier. *See, e.g.*, CIGNA00000031-32. <br><br> • The provision "Covered Expenses" including, but not limited to, the term: "if you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician. CIGNA will provide coverage for those expenses as shown in the Schedule. CIGNA00000033. <br><br> • The provision "Your Payments" including, but not limited to, the term: "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge." CIGNA00000231. <br><br> • The provision "Claim Determination Procedures under ERISA." CIGNA00000244. <br><br> • The provision "Medical - When You Have A Complaint or an Appeal." CIGNA00000246. <br><br> • The provision "Discretionary Authority." CIGNA00000250. <br><br> • The provision "Reimbursement/Filing a Claim." CIGNA00000231. |

9.      Describe in detail the basis for any allegation in paragraphs 46–51 of the Complaint that OptumRx violated ERISA.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

10.     Describe each and every fact supporting any allegation in paragraph 53 of the Complaint that OptumRx violated RICO by "overcharging patients for the cost of medically necessary prescription drugs and are liable to the Class for all statutory remedies."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

11.     Describe each and every fact supporting any allegations in paragraphs 80–83 of the Complaint that OptumRx was involved in the alleged "clawback scheme" described in these paragraphs.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

12.     Describe in detail each and every fact supporting your allegation in paragraph 119 of the Complaint that OptumRx's "internal documents show that the purpose [of 'gag clauses'] was to prevent employers and members from getting insight into "spread" and "clawbacks."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

13.     Describe in detail each and every fact supporting any allegation in paragraph 128 of the Complaint that OptumRx "engaged in concerted efforts to conceal the 'Clawback Scheme.'"

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

14

14.     Describe in detail each and every fact supporting any allegation in paragraphs 129–131 of the Complaint that OptumRx breached its fiduciary duties.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

15.     Describe in detail each and every fact supporting any allegation in paragraph 131 of the Complaint that OptumRx failed to adjudicate prescription claims appropriately.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

16.     Describe in detail each and every fact supporting any allegation in paragraph 139 of the Complaint that OptumRx "intentionally and fraudulently violated [its] obligation to follow reasonable claim procedures."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

17.     Describe in detail each and every fact supporting any allegation in paragraph 157 of the Complaint that OptumRx "received direct and indirect compensation . . . some of which was in the form of excess 'clawback' fees."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

18.     Describe in detail each and every fact supporting any allegation in paragraph 170 of the Complaint that OptumRx "breached the terms of the Plans and [its] legal obligations."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

19.    Describe in detail each and every fact that supports any allegation in paragraph 240 of the Complaint that OptumRx charged Cigna insured for prescription medications.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

20.    Describe in detail each and every fact that supports any allegation in paragraphs 251–252 of the Complaint that OptumRx knowingly "participated in the breaches" by "other fiduciaries."

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

21.    Describe in detail each and every fact that supports any allegation in paragraphs 271–281 of the Complaint that OptumRx, in particular, knowingly participated in an unlawful endeavor where the claims adjudication information, including pricing and determination of copayments, was provided by Cigna and/or CHL as alleged by Plaintiffs in paragraph 271 of the Complaint.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

22.    Describe in detail each and every fact supporting any allegation in paragraph 276 of the Complaint that OptumRx retained any alleged "clawbacks" recouped from pharmacies.

RESPONSE:    Plaintiffs incorporate by reference as if fully restated here their response to Interrogatory 2.

---

23.    Describe in detail each and every fact that supports any allegation in paragraph 298 of the Complaint that OptumRx, in particular, was a knowing participant in the "clawback scheme" and distinguish its role from that of PBM CHL, Argus, and "other unnamed PBM's" played in the alleged scheme.

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to

Interrogatory 2.

---

24.   Identify and describe in detail each and every alleged statement by OptumRx on which you allegedly reasonably relied, as alleged in paragraph 288 of the Complaint.

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to

Interrogatory 2.

---

25.   Identify and describe in detail each and every representation, whether oral or written, or omission that you allege forms the basis for any allegation in paragraph 284 of the Complaint that OptumRx, in particular, misrepresented the "correct charge for medically necessary prescriptions."

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to

Interrogatory 2.

---

26.   Identify and describe in detail each of the "statements," "writings, signs, signals, pictures, and sounds" that you allege "Cigna and/or CHL directed OptumRx to deliver," as alleged in paragraph 289 of the Complaint and its subparts.

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to

Interrogatory 2.

---

27.   Describe in detail each and every fact supporting the basis for your allegation in paragraph 293 of the Complaint that "the predicated acts could not have been conducted, nor Cigna and/or CHL's schemed effectuated, without the existence and use of . . . OptumRx."

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to

Interrogatory 2.

---

28.     Describe in detail each and every fact that supports your  allegation that "OptumRx used the U.S. Mail and/or interstate wire to effectuate the 'Clawback   Scheme' by transmitting various misrepresentations and omissions of material fact," including   identification of each misrepresentation and omission of material fact by OptumRx.

RESPONSE:   Plaintiffs incorporate by reference as if fully restated here their response to

Interrogatory 2.

---

29.     Identify and describe in detail each and every non-privileged communication you had relating to the claims or facts underlying your allegations in  the Complaint, including all such communications with an employee, agent or representative of  Defendants, a pharmacy,  trade association, industry group, organization, company, or lobbyist,  and all such communications with a journalist, reporter, or member of the media.

RESPONSE:   Plaintiffs object to this Interrogatory as vague, overly broad, and unduly

burdensome. Plaintiffs further object to this Interrogatory because it could be interpreted as

seeking confidential work product. Plaintiffs further object to this Interrogatory to the extent it

does not seek information that is relevant to any party's claim or defense.

---

30.     Identify each and every person who provided  information used to answer these Interrogatories, and identify the Interrogatory or Interrogatories  for which that person provided information.

RESPONSE:   Plaintiffs object to this Interrogatory because it could be interpreted as seeking

information protected by the attorney-client privilege.  Plaintiffs further object to this

Interrogatory to the extent it does not seek information that is relevant to any party's claim or

defense.  Subject to these objections, each interrogatory was answered by the Plaintiffs and/or

their counsel.

---

 June 17, 2020

                                        *s/ Christopher M. Barrett*
                                 Robert A. Izard (ct01601)

18

Craig A. Raabe (ct04116)
Seth Klein (ct18121)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
860-493-6292
860-493-6290 fax
rizard@ikrlaw.com
craabe@ikrlaw.com
sklein@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
Mathew Jasinski  (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
860-882-1681
860-882-1682 fax
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Meghan S. B. Oliver
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9000
moliver@motleyrice.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that, on  June 17, 2020, I caused a true and correct copy of the foregoing

document to be served on counsel for all parties via the email.

Executed this 17th day of June 2020 at West Hartford, Connecticut.

*s/ Christopher M. Barrett*
Christopher M. Barrett

IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
(860) 493-6292
(860) 493-6290 fax
cbarrett@ikrlaw.com
