# Exhibit 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, DANIEL PERRY, Individually and on Behalf of All Others Similarly Situated, COURTNEY GALLAGHER, Individually and on Behalf of All Others Similarly Situated, NINA CUROL, Individually and on Behalf of All Others Similarly Situated, and ROGER CUROL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and OPTUMRX, INC.,<br><br>Defendants. | Civil Action No. 3:16-cv-01702-WWE<br><br>**September 1, 2017** |

**RESPONSES AND OBJECTIONS OF DEFENDANTS CIGNA CORPORATION AND CIGNA HEALTH AND LIFE INSURANCE COMPANY TO PLAINTIFFS' <u>FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, Defendants Cigna Corporation and Cigna Health and Life Insurance Company (the "Cigna Defendants"), by and through their undersigned counsel, hereby respond and object to Plaintiffs' First Set of Interrogatories (the "Interrogatories") in the above-captioned action (the "Action"). The Cigna Defendants reserve the right to supplement or amend their objections and these responses (the "Responses") as may be necessary or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

-1-

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

**PRELIMINARY STATEMENT**

1. Plaintiffs' Interrogatories are premature, overly broad, and unduly burdensome, given that the Cigna Defendants have filed a Motion to Dismiss, which is currently pending. The Cigna Defendants' Motion to Dismiss "could significantly narrow, if not eliminate, the issues in the case," and permitting wide-ranging discovery while that Motion is pending would be "unduly burdensome" and "inefficient for both parties." *Cuartero v. United States*, No. 3:05-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006). The Interrogatories are extremely broad and wide-ranging; accordingly, it would be inequitable and unreasonable for the Cigna Defendants to respond to the Interrogatories in their entirety at this time given that the pending Motion to Dismiss may result in the termination or limitation of this case. Should the Court deny the Motion to Dismiss, the Cigna Defendants are willing to supplement these Responses and expressly reserve the right to do so.

2. The Responses are made solely for the purpose of the Action and are not to be used in connection with any other action.

3. The Responses reflect the Cigna Defendants' knowledge, information, and belief as of this date. The Cigna Defendants may engage in further investigation, discovery, and analysis, which may lead to changes in the Cigna Defendants' Responses herein. Such investigation and discovery are continuing, and the Cigna Defendants specifically reserve the right to supplement their Responses as necessary.

4. No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any information or the truth of any "facts" set forth or assumed in any Interrogatory.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

5. The Cigna Defendants will make reasonable efforts to respond to every Interrogatory, to the extent the Interrogatory has not been objected to, as the Cigna Defendants understand and interpret the Interrogatory. In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory that differs from that of the Cigna Defendants, the Cigna Defendants reserve the right to amend and/or supplement their Response, but undertake no obligation to do so.

6. In responding to Plaintiffs' Interrogatories, the Cigna Defendants do not waive, and hereby expressly reserve, (a) their right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories; (b) their right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories at any hearing, trial, or other point during the litigation; and (c) their right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories. The objections set forth by the Cigna Defendants are without prejudice to Defendants' right to assert additional grounds for objection, or otherwise amend their objections, should Defendants discover additional grounds for objections.

## **GENERAL OBJECTIONS**

The following General Objections apply to each and every Interrogatory, and should be considered part of the Cigna Defendants' response to each and every Interrogatory. Any specific objections provided below are made in addition to these General Objections, and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

1. The Cigna Defendants object to the Interrogatories to the extent that they are premature, overly broad, and unduly burdensome in light of the Cigna Defendants' pending Motion to Dismiss, which could significantly narrow, if not eliminate, the issues in the case and the scope of any putative class. Permitting wide-ranging discovery while that Motion is pending would be "unduly burdensome" and "inefficient for both parties." *Cuartero v. United States*, No. 3:05-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).

2. The Cigna Defendants object to the Interrogatories to the extent that they seek discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.

3. The Cigna Defendants object to the Interrogatories and Plaintiffs' instructions and definitions to the extent that they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut.

4. The Cigna Defendants object to the Interrogatories to the extent that they seek discovery protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

5. The Cigna Defendants object to the Interrogatories to the extent that they seek information that cannot be disclosed without violating the privacy of the Cigna Defendants or their agents, employees, customers, and/or any other person or entity that is otherwise privileged or immune from discovery pursuant to state or federal statute, common law rights of privacy, and other applicable law, including, without limitation, the privacy protections of certain health information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

6. The Cigna Defendants object to the Interrogatories to the extent that they seek information that invades the privacy of persons not parties to this litigation or to the extent they request personal information belonging to persons who are not parties to this litigation. The Cigna Defendants also object to the Interrogatories to the extent that they call for disclosure of information that is confidential and/or proprietary, including commercial, financial, or other trade secret information.

7. The Cigna Defendants object to the Interrogatories to the extent that they call for the production of discovery that the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

8. The Cigna Defendants object to the Interrogatories to the extent that they seek discovery relating to a period of time that is overly broad and/or encompasses dates irrelevant to this action. The date Plaintiffs unilaterally identify as marking the beginning of the "Relevant Period" – October 4, 2010 – does not even appear in the Consolidated Amended Complaint.

9. The Cigna Defendants object to the Interrogatories to the extent that they seek discovery that is irrelevant, immaterial, and/or not proportional to the needs of the case.

10. The Cigna Defendants object to the Interrogatories to the extent that they are overly broad, unduly burdensome, abusive, harassing, and/or oppressive.

11. The Cigna Defendants object to the Interrogatories to the extent that they are vague, unclear, imprecise, and/or lacking particularity.

12. The Cigna Defendants object to the Interrogatories to the extent that they seek information that is not within the Cigna Defendants' present possession, custody, or control, or seek information that Plaintiffs can more easily and inexpensively obtain from other parties or third parties.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

13. The Cigna Defendants object to the Interrogatories to the extent that they seek discovery that is equally available to Plaintiffs.

14. The Cigna Defendants object to the Interrogatories to the extent they are duplicative or redundant of each other.

## OBJECTIONS TO DEFINITIONS

1. The Cigna Defendants object to the definition of "Cigna Defendants" as overly broad and unduly burdensome because it purports to encompass and comingle defendants Cigna Corporation and Cigna Health and Life Insurance Company, as well as their "parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on their behalf." By this definition, Plaintiffs improperly seek discovery concerning non-parties and information protected by the attorney-client and/or work-product privileges. The Cigna Defendants further object to the definition of "Cigna Defendants" as misleading insofar as Cigna Pharmacy Management is not defined in the Interrogatories and is not a named defendant in the Action, and Cigna Corporation is a holding company and general corporation, not an insurance company, and has not entered into contracts with Plaintiffs, their employer-sponsored benefit plans, or any contractor or retail pharmacy relevant to the Action. For purposes of responding to Plaintiffs' Interrogatories, the Cigna Defendants interpret "Cigna Defendants" to mean Cigna Corporation and Cigna Health and Life Insurance Company only.

2. The Cigna Defendants object to the definition of "Cigna PBMs" or "its PBMs" as overly broad, unduly burdensome, vague, and ambiguous to the extent that the terms are defined

in the Interrogatories to refer to "PBMs utilized by Cigna to administer prescription drug benefits." By this definition, Plaintiffs specify neither the particular entities that constitute "Cigna PBMs" (a term that is objectionable for the reasons stated above) nor the particular "prescription drug benefits" that they "administer." The Cigna Defendants further object to the definition of "Cigna PBMs" or "its PBMs" as argumentative, vague, and ambiguous insofar as and to the extent that the definition incorrectly assumes that OptumRx, Inc. and Argus Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or insured medical plans that the Cigna Defendants administer and/or insure. Solely for purposes of responding to Plaintiffs' Interrogatories, the Cigna Defendants have interpreted "Cigna Group PBMs" and "its PBMs" to mean OptumRx PBM of Illinois, Inc. and/or Argus Health Systems, Inc. only.

3. The Cigna Defendants object to the definition of "Clawback" as argumentative, misleading, overly broad, unduly burdensome, vague, and ambiguous insofar as the term is defined in the Interrogatories to refer to amounts "paid or credited to Cigna or Cigna PBMs . . . when there is Spread in connection with the sale of prescription drugs, such as a negative reimbursement." The Cigna Defendants further object to this definition as overly broad, unduly burdensome, vague, and ambiguous insofar as it incorporates the objectionable terms "Cigna," "Cigna PBMs," and "Spread," and the undefined terms "paid or credited," "sale," "in connection with," "prescription drugs," and "negative reimbursement." The Cigna Defendants further object to this definition insofar as Plaintiffs specify neither the alleged seller(s) or purchaser(s) of prescription drugs that are purportedly the subject of the definition.

4. The Cigna Defendants object to the definition of "Fees Paid to Pharmacy" as overly broad, unduly burdensome, vague, and ambiguous insofar as the term is defined in the

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Interrogatories to be "the amount of fees to be paid, or credited, to a pharmacy by Defendants and/or Cigna PBMs for the sale of a particular prescription drug." The Cigna Defendants further object to this definition insofar as Plaintiffs do not define the terms "fees" and "sale," rely on the objectionable term "Cigna PBMs," and do not specify what is meant by "to be paid, or credited, to a pharmacy" or "a particular prescription drug."

5. The Cigna Defendants object to the definition of "Fees Paid by Insured" as overly broad, unduly burdensome, vague, and ambiguous insofar as the term is defined in the Interrogatories to be "the fees paid by an Insured to a pharmacy for the sale of a particular prescription drug, including, but not limited to, copayments, coinsurance, and money paid toward satisfying a deductible." The Cigna Defendants further object to this definition insofar as Plaintiffs do not define the terms "fees," "sale," "copayment," "coinsurance," and "deductible," and rely on the objectionable term "Insured."

6. The Cigna Defendants object to the definition of "Insureds" as overly broad, unduly burdensome, vague, and ambiguous insofar as the term is defined in the Interrogatories to be "plan members, patients, insureds, participants, and beneficiaries." The Cigna Defendants further object to this definition to the extent Plaintiffs improperly seek information that is irrelevant to the claims or defenses of a party and not proportional to the needs of the case. By this definition, Plaintiffs improperly seek information concerning non-parties, especially insofar as the Court has not certified the case for class treatment.

7. The Cigna Defendants object to the definition of "Optum" or "you" as overly broad and unduly burdensome to the extent that it purports to encompass not only Defendant OptumRx, Inc. but OptumRx, Inc.'s "parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, directors,

CONFIDENTIAL – ATTORNEY'S EYES ONLY

officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on their behalf." The Cigna Defendants further object to this definition to the extent that Plaintiffs improperly seek information that is irrelevant to the claims or defenses of a party and not proportional to the needs of the case. Plaintiffs also improperly seek discovery protected by the attorney-client and/or work-product privileges. The Cigna Defendants further object to this definition to the extent that Plaintiffs seek by it information that is more properly requested from Defendant OptumRx, Inc. The Cigna Defendants further object to this definition as nonsensical to the extent that the Interrogatories are directed to the Cigna Defendants but define the term "you" to mean Defendant OptumRx, Inc. Solely for purposes of responding to Plaintiffs' Interrogatories, the Cigna Defendants interpret "you" to mean Cigna Health and Life Insurance Company only, not Defendant OptumRx, Inc. or any other entity.

8. The Cigna Defendants object to the definition of "PBM" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs have not specified the particular entities that constitute "pharmacy benefits managers," and the particular "pharmacy benefits" that they "provide." The Cigna Defendants further object to the definition of "PBM" as argumentative, vague, and ambiguous because the definition incorrectly assumes that OptumRx, Inc. and Argus Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or insured medical plans that Cigna administers and/or insures. Solely for purposes of responding to Plaintiffs' Interrogatories, the Cigna Defendants have interpreted "PBM" as defined in the Interrogatories to mean OptumRx PBM of Illinois, Inc. and/or Argus Health Systems, Inc.

9. The Cigna Defendants object to the definition of "Spread" as vague and ambiguous because Plaintiffs define it to constitute "the amount, if any, that the Fees Paid by

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Insured exceed the Fees Paid to the Pharmacy." For the reasons set forth above, the phrases "Fees Paid by Insured" and "Fees Paid to the Pharmacy" are both objectionable in their own rights.

## OBJECTIONS TO INSTRUCTIONS

1. The Cigna Defendants object to Plaintiffs' instructions concerning the use of the terms Spread and Clawback as vague and ambiguous insofar as they direct the Cigna Defendants to "answer the interrogatories using the terms that Defendants have used to describe those amounts as described and defined herein." Plaintiffs' definitions of Spread and Clawback are objectionable for the reasons stated above, and the Cigna Defendants will not respond to objectionable interrogatories, especially when the phrase "amounts as described and defined herein" also is vague and ambiguous.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1. State the date on which you began creating Spread and the date on which you began taking Clawbacks.

**RESPONSE:** The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above. The Cigna Defendants further object to this Interrogatory to the extent that it is premature and overly broad given the Cigna Defendants' pending motion to dismiss. The Cigna Defendants object to this Interrogatory to the extent that it seeks information that is confidential and/or proprietary, including commercial, financial, or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

The Cigna Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, and lacking particularity because of the undefined terms "began creating" and "began taking," and the defined terms "Spread" and "Clawbacks," which likewise are vague, ambiguous, and argumentative. The Cigna Defendants further object to this Interrogatory as unintelligible and nonsensical to the extent that it is directed to the Cigna Defendants but uses the term "you," which Plaintiffs define to mean Defendant OptumRx, Inc. For purposes of responding to this Interrogatory, the Cigna Defendants have interpreted "you" to mean Cigna Health and Life Insurance Company only.

The Cigna Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous because it assumes that the Cigna Defendants "creat[e]" what Plaintiffs call "Spread" and "tak[e]" what Plaintiffs call "Clawbacks." The Cigna Defendants further object to this Interrogatory to the extent that it seeks discovery protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:

During the "Relevant Period" defined by Plaintiffs in their Interrogatories, participants in prescription drug benefit plans that CHLIC insured or for which CHLIC provided claims administration services made payments to retail pharmacies for prescription drugs according to the terms of their benefit plans. The participants' payments sometimes exceeded, sometimes were the same as, and sometimes were less than, the amount the pharmacy had contractually agreed to be paid for the prescription drug transaction at issue ("Pharmacy Contract Rate"). Prior to September 9, 2013, the contracted retail pharmacies retained any differential that was generated when a participant's pharmacy benefit payment exceeded the Pharmacy Contract Rate.

-11-
**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

In 2013, CHLIC entered into a contract with Catamaran PBM of Illinois, Inc. ("Catamaran") through which CHLIC obtained access to certain Catamaran-contracted networks of retail pharmacies in the United States as of September 9, 2013.  To manage the parties' contract performance and payment obligations, Catamaran periodically provided CHLIC with rates for CHLIC to pay to Catamaran for prescription drug transactions that represented an estimate of CHLIC's contractually-guaranteed prescription drug cost at a particular point in time ("Catamaran Rate").  In and around the February-May 2014 time period, Argus Health Systems, Inc., the vendor that provided CHLIC's retail pharmacy claim processing platform, implemented the operational capability for CHLIC to track and reconcile the differential in instances where a participant's payment to a Catamaran network pharmacy exceeded the Catamaran Rate, and Catamaran credited CHLIC with that differential as part of Catamaran's contractual payment reconciliation process with CHLIC.  That arrangement has continued since OptumRx, Inc. acquired Catamaran in 2015.

2. State whether you have stopped creating Spread and whether you have stopped taking Clawbacks, and, if you have stopped either or both, state the dates that you stopped and the reasons that you stopped.

**RESPONSE:**  The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants further object to this Interrogatory to the extent that it is premature and overly broad given the Cigna Defendants' pending motion to dismiss.  The Cigna Defendants object to this Interrogatory to the extent that it seeks information that is confidential and/or proprietary, including commercial, financial, or other trade secret information, or which

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

The Cigna Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, and lacking particularity because of the undefined terms "stopped creating," "stopped taking," and "reasons that you stopped," as well as the defined terms "Spread" and "Clawbacks," which likewise are vague, ambiguous, and argumentative.  The Cigna Defendants further object to this Interrogatory as unintelligible and nonsensical to the extent that it is directed to the Cigna Defendants but uses the term "you," which Plaintiffs to mean Defendant OptumRx, Inc.  For purposes of responding to this Interrogatory, the Cigna Defendants have interpreted "you" to mean Cigna Health and Life Insurance Company only.

The Cigna Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous because it assumes that the Cigna Defendants "creat[e]" what Plaintiffs call "Spread" and "tak[e]" what Plaintiffs call "Clawbacks."  The Cigna Defendants further object to this Interrogatory to the extent that it seeks discovery protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  See Cigna's response to Interrogatory No. 1.


3. For each Plaintiff, state by total dollars and by percentage allocation between Cigna and Cigna PBMs (broken out by each PBM) the amount of Spread that you created and the amount of Clawbacks that you took.

**RESPONSE:**  The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

set forth above.  The Cigna Defendants object to this Interrogatory to the extent that it is premature and overly broad given the Cigna Defendants' pending motion to dismiss.  The Cigna Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, and lacking particularity because of the undefined terms "Cigna," "percentage allocation," "created," and "took," and the defined terms "Spread" and "Clawbacks," which are likewise vague, ambiguous, and argumentative.  The Cigna Defendants further object to this Interrogatory as unintelligible and nonsensical to the extent that it is directed to the Cigna Defendants but uses the term "you," which Plaintiffs to mean Defendant OptumRx, Inc.  For purposes of responding to this Interrogatory, the Cigna Defendants have interpreted "you" to mean Cigna Health and Life Insurance Company only.  The Cigna Defendants further object to this Interrogatory to the extent that it seeks information that is confidential and/or proprietary, including commercial, financial, or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Interrogatory to the extent that it seeks discovery protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.   The Cigna Defendants further object to this Interrogatory to the extent that it prematurely calls for an expert opinion.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

4.  State whether the two sentences in the following email were true when made and, if either or both were not true, state why they were made and identify who was aware that they were being made.

> From: Stearns, Matthew H
> Sent: Thursday, May 05, 2016 8:24 PM
> To: Zurik, Lee
> Subject: From Optum
>
> "OptumRx's Pharmacy Reimbursement Overpayment program helps ensure the millions of people we serve have affordable access to the drugs they need by recouping overpayments pharmacies receive for prescription drugs. Those recouped overpayments are returned to the health plan to reduce overall health plan costs."

**RESPONSE:**  The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions as set forth above. The Cigna Defendants object to this Interrogatory to the extent that it is premature and overly broad given the Cigna Defendants' pending Motion to Dismiss.  The Cigna Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, and lacking particularity to the extent that it asks the Cigna Defendants to state the veracity of statements in a communication that, upon information and belief, was sent by an employee of another company, and neither was sent to nor mentions the Cigna Defendants; thus, it calls for speculation and requires knowledge and information outside of the Cigna Defendants' present possession, custody, or control.  The Cigna Defendants further object to this Interrogatory as calling for speculation to the extent it asks for the reasons the statements were made and which persons at another company were aware of the statements.  The Cigna Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, and lacking particularity because of the undefined terms "Pharmacy Reimbursement Overpayment program," "affordable access to the drugs they need," "recouping," "overpayments," "receive," "prescription drugs," "recouped," "returned," "health plan," "overall health plan costs," and "aware."

-15-

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:

After reasonable investigation, the Cigna Defendants cannot answer this Interrogatory because they lack sufficient information and knowledge about the statements in the referenced communication that, upon information and belief, was sent by an employee of another company, and neither was sent to nor mentions the Cigna Defendants.  As a result, the Cigna Defendants do not know the intended meaning of the statements in the above-referenced communication, and thus cannot speak to their truth, the reason they were made, or persons who may have been "aware" of the statement(s).

Dated:  September 1, 2017

*/s/ Brian W. Shaffer*

MORGAN, LEWIS & BOCKIUS LLP
Michael D. Blanchard (ct25891)
One State Street
Hartford, CT  06103
Telephone:  +1.860.240.2731
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

Joseph J. Costello (*pro hac vice*)
Brian W. Shaffer (*pro hac vice*)
Eleanor R. Farrell (*pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  +1.215.963.5000
Facsimile: +1. 215.963.5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com

*Attorneys for Cigna Corporation and Cigna Health and Life Insurance Company*

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

## **CERTIFICATE OF SERVICE**

    I certify that on September 1, 2017, a copy of the foregoing Responses and Objections of Defendants Cigna Corporation and Cigna Health and Life Insurance Company to Plaintiffs' First Set of Interrogatories was served via electronic mail upon on all counsel of record.

                                                        */s/ Eleanor R. Farrell*
                                                        Eleanor R. Farrell

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

## VERIFICATION

I, Deborah Kronberg, am authorized to make this verification on behalf of Cigna Corporation and Cigna Health and Life Insurance Company and hereby verify under penalty of perjury that the factual statements set forth in Defendants Cigna Corporation and Cigna Health and Life Insurance Company's Responses to Plaintiffs' First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief, or based on information or documents provided to and/or obtained by me in the performance of my duties.

Dated: Sept 1, 2017

_Deborah Kronberg_
Deborah Kronberg