# Exhibit 11



Deposition of:
# Launce B. Mustoe , Jr.

*April 17, 2020*

In the Matter of:

# Negron, Kimberly et al.v. Cigna Corporation et al.

Veritext Legal Solutions
888.777.6690 | cs-midatlantic@veritext.com | 215-241-1000

LAUNCE B. MUSTOE, JR.

Page 129

1          A.     That's correct.
2                 MR. RAABE:   Object to the form.
3     BY MR. SHAFFER:
4          Q.     Do you know whether or not the
5     transaction data that you reviewed with
6     respect to these transactions for your report
7     reflect data that came to Cigna from some
8     other party?
9          A.     I do not know.  I received the
10    data in one file.  Where that data come from,
11    I have no knowledge.
12         Q.     And, for example, you may be
13    aware from looking at the caption of the case
14    that OptumRX is a defendant in the litigation.
15    Are you familiar with OptumRX?
16         A.     I am familiar with OptumRX as
17    far as the PBM goes.
18         Q.     Do you have any understanding
19    of OptumRX's role with respect to the
20    transaction data that you are using and forms
21    the basis for your opinions here?
22         A.     I don't know if those claims
23    went to -- if any of those claims or if some
24    of those claims went through OptumRX.

1        Q.    That's, again, not something
2    that you considered as part of your methodology
3    or your opinions in the declaration?
4        A.    I did not consider them, no, sir.
5        Q.    As you sit here today, do you
6    know whether any member actually paid the
7    amounts that are reflected in the copayment
8    and deductible fields that are in the data
9    that you have?
10       A.    No, sir, I do not.
11       Q.    Does your methodology and your
12   opinions in this declaration assume that
13   members actually paid the amount listed in
14   the copayment and deductible fields?
15       A.    Our instructions were to look
16   at the clawbacks and see if they were
17   associated with either the deductibles or the
18   copays.  No idea whether those were paid or
19   not.
20       Q.    And because you don't know
21   whether they were paid or not, your
22   methodology doesn't account for any situation
23   where an individual did not pay those amounts.
24   Correct?

Page 262

1              C E R T I F I C A T E
2
3
              I do hereby certify that I am a Notary
4      Public in good standing, that the aforesaid
       testimony was taken before me, pursuant to
5      notice, at the time and place indicated; that
       said deponent was by me duly sworn to tell the
6      truth, the whole truth, and nothing but the
       truth; that the testimony of said deponent was
7      correctly recorded in machine shorthand by me
       and thereafter transcribed under my
8      supervision with computer-aided transcription;
       that the deposition is a true and correct
9      record of the testimony given by the witness;
       and that I am neither of counsel nor kin to
10     any party in said action, nor interested in
       the outcome thereof.
11
              WITNESS my hand and official seal this
12     26th day of April, 2020.
13
14

                     _____
15                   Linda Rossi-Rios, RPR, CSR
16                   Notary Public
17
18
19
20
21
22
23
24