UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br> vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>       Defendants. | No. 16-cv-1702 (JAM)<br>(Consolidated)<br><br>CLASS ACTION<br><br><br>July 6, 2020 |

### DECLARATION OF DANIELLE WEFELMEYER

I, Danielle Wefelmeyer, declare under penalty of perjury:

1. I am a Vice President, Retail Network Operations and Analytics at OptumRx, Inc. ("OptumRx"). I submit this declaration in support of OptumRx's Opposition to Plaintiffs' Motion for Class Certification.

2. I was previously employed by Catamaran PBM of Illinois, Inc. ("Catamaran"), which was acquired by OptumRx in 2015. Since 2013, I have been involved in Catamaran's (and then OptumRx's) relationship with Connecticut General Life Insurance Company ("Cigna") through the Pharmacy Benefit Management Agreement ("PBM Agreement" or "Cigna-OptumRx Contract") between OptumRx and Cigna.

3. In 2013, Cigna contracted with Catamaran to allow plan participants access to its network of over 70,000 retail pharmacies. The Cigna-OptumRx contract dictated the terms of Cigna's access to OptumRx's network, including rates that Cigna must pay OptumRx for the prescription drugs that OptumRx's network pharmacies provided to participants in CHLIC's clients' Plans. Under the CHLIC-OptumRx contract, OptumRx passed through its rates with the retail network pharmacies to Cigna.

4. While the original Cigna-OptumRx contract contemplated transferring the retail network claims processing for employer-sponsored commercial plans from Argus Health Systems, Inc. ("Argus") to Catamaran, that never occurred. Catamaran only provided such claims processing services on a trial basis for certain claims for a limited number of Cigna's clients for a brief period of time in 2014. Otherwise, the claims processing for such retail network transactions remained with Argus.

5. OptumRx was not involved in drafting Summary Plan Descriptions or Certificates of Coverage or other plan documents for participants in plans insured or administered by Cigna. In fact, OptumRx did not have knowledge of or access to these documents.

6. OptumRx also did not have knowledge regarding Cigna's agreements with its clients, the plan sponsors, and was not privy to the financial or pricing arrangements between those two parties.

7. The information contained in this declaration is based upon my personal knowledge and belief, and if called upon, I could testify thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                       _/s/ Danielle Wefelmeyer_
                                                      Danielle Wefelmeyer