# EXHIBIT 13

| | |
|---|---|
| **From:** | Christopher Barrett <cbarrett@ikrlaw.com> |
| **Sent:** | Wednesday, June 03, 2020 4:12 PM |
| **To:** | Farrell, Eleanor R. |
| **Cc:** | Robert Izard; Craig Raabe; William H. Narwold; Oliver, Meghan; Grant.Michelle@dorsey.com; Shaffer, Brian W.; Blumenfeld, Jeremy P.; Weddle, Lisa R.; Klayman, Matthew D. |
| **Subject:** | Re: Negron v. Cigna |
| **Attachments:** | 051078-07__114281063v1_Cigna_Negron - Stip re Amended Class Definitions DRAFT (Plaintiff Edit).DOCX |

[EXTERNAL EMAIL]
Ellie,

We have revised the stipulation so Plaintiffs can seek amendment only to address specific issues identified by the Court. The Court clearly has the authority under Rule 23 to raise issues and ask that Plaintiffs address them and, on behalf of the proposed class, we need to be able to do so. Please let us know if this is agreeable to Defendants, and we can file.

With respect to plans that use the the phrase "incur expenses for charges made by a Pharmacy" instead of "incurs expenses for charges made by a Pharmacy," Plaintiffs consider the phrases to be substantively the same and to have the same legal effect and thus participants with either version should be considered to be in the Classes.

From a practical standpoint, it is not clear if this difference is material because — based on a search of the plans produced by Cigna — the accounts that have plans with the "incur" phrase are listed in DST Report 2. Accordingly, the different conjugations do not seem to materially affect the damages number. We are still evaluating the issue, but please let us know whether Defendants disagree and/or would like to confer on this issue.

Thanks

Chris

**Christopher M. Barrett**
**IZARD, KINDALL & RAABE, LLP**
29 S. Main St, Suite 305
West Hartford, CT 06107
860 493 6292


> On Jun 3, 2020, at 11:48 AM, Farrell, Eleanor R. <eleanor.farrell@morganlewis.com> wrote:
>
> Bob,

Defendants CHLIC and Optum are willing to consent to Plaintiffs' motion to amend the class definitions, subject to certain conditions set forth in the attached proposed stipulation. Please let us know if it is agreeable to Plaintiffs or if you have any comments.

Relatedly, in reviewing the amended class definitions, we identified plans where the "Covered Expenses" provision includes the phrase "incur expenses for charges made by a Pharmacy." A sample plan is attached. Given the proposed stipulation, we also want to know now whether Plaintiffs intend for those plans to satisfy the requirements of the amended class definitions where the verb "incur" is conjugated differently than in the amended class definitions ("incurs . . . ."). We would appreciate clarification on that point.

Thanks,
Ellie

**Eleanor R. Farrell**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5194 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Cell: +1.814.769.1216
eleanor.farrell@morganlewis.com | www.morganlewis.com
Assistant: Fatima Sewell | +1.215.963.5382 | fatima.sewell@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

<051078-07__114281063v1_Cigna_Negron - Stip re Amended Class Definitions [DRAFT].DOCX><CIGNA04075426_CIGNA027.pdf>