UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br>                        Defendants. | Civ. A. No. 16-cv-1702 (JAM)<br><br>July 6, 2020 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL
DOCUMENTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR CLASS CERTIFICATION</u>**

**TABLE OF CONTENTS**

<u>**Page**</u>

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 3

    I.    STANDARD OF REVIEW ........................................................................................... 3

    II.    THE SUBJECT DOCUMENTS CONTAIN SENSITIVE PROPRIETARY FINANCIAL AND PRICING INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS............. 3

        A.    The Court Should Seal Sensitive Financial and Pricing Proposals From Negotiations with Plan Sponsors. ............................................................. 5

        B.    The Court Should Seal CHLIC's Administrative Agreements with Plan Sponsor Clients. ...................................................................................... 7

        C.    The Court Should Seal Protected Health Information Exempt from Disclosure Under HIPAA. .......................................................................... 9

CONCLUSION.................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bright v. Asset Acceptance, LLC*,
    292 F.R.D. 190 (D.N.J. 2013) ................................................................................................9

*China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*,
    No. 15-6210, 2017 WL 3718108 (D.N.J. Aug. 29, 2017) .......................................................7

*Grayson v. Gen. Elec. Co.*,
    No. 3:13CV1799 (WWE), 2017 WL 923907 (D. Conn. Mar. 7, 2017) ................................10

*In re Parmalat Secs. Litig.*,
    258 F.R.D. 236 (S.D.N.Y. 2009) ............................................................................................3

*In re Zyprexa Injunction*,
    474 F. Supp. 2d 385 (E.D.N.Y. 2007) ....................................................................................3

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ...................................................................................................3

*Mars, Inc. v. JCM Am. Corp.*,
    No. 05-3165, 2007 WL 496816 (D.N.J. Feb. 13, 2007) .........................................................7

*Offor v. Ctr.*,
    No. 15CV2219ADSSIL, 2016 WL 3566217 (E.D.N.Y. June 25, 2016) ..............................10

*Peters v. Aetna Inc.*,
    No. 1:15-00109, 2019 WL 2881615 (W.D.N.C. July 2, 2019) ..............................................9

*Reed v. AMCO Ins. Co.*,
    No. 3:09-CV-0328-LRH-RAM, 2012 WL 1964094 (D. Nev. May 31, 2012) .....................10

## INTRODUCTION

Pursuant to Local Civil Rule 5(e) and 7(a), Defendant Cigna Health and Life Insurance Company ("CHLIC") respectfully submits this motion to seal the unredacted versions of (i) Exhibits 2, 11-12, 14-19, 21, and 22 to the Declaration of Brian W. Shaffer ("Shaffer Declaration") (ECF 277); (ii) Exhibits A, B, and C to the Declaration of Christopher Mandy (Ex. 9 to the Shaffer Decl.); (iii) the Declaration of CHLIC's testifying expert, Sean May, Ph.D. (Ex. 4 to the Shaffer Decl.); and (iv) CHLIC's Memorandum in Support of its Motion to Exclude the Declaration and Testimony of Launce B. Mustoe, Jr. (ECF 279) (together, the "Subject Documents"), which CHLIC filed today in support of its Opposition to Plaintiffs' Motion for Class Certification.[1] (Appendix A, attached to this Motion, identifies each of the Subject Documents and provides other relevant information for the Court's convenience.) Specifically, CHLIC seeks an order sealing documents containing the following types of confidential, proprietary, and commercially sensitive information:

- highly propriety financial and pricing pharmacy benefit information exchanged between CHLIC and prospective plan sponsor client Putnam Investments;

- CHLIC's administrative services agreements with specific plan sponsor clients, containing highly sensitive financial and pricing terms that dictate the rates that

---

[1] This Motion provides the bases for sealing documents that CHLIC designated as "Confidential" or "Confidential—Attorney's Eyes Only" under the terms of the Protective Order. *See* ECF 92. Other exhibits that are the subject of this Motion were produced by and/or designated as "Confidential" or "Confidential—Attorney's Eyes Only" by Plaintiffs or Defendant OptumRx, Inc. ("Optum"). In accordance with the Protective Order, CHLIC files those documents/testimony under seal, but will allow those parties to separately submit information to the Court to the extent required to support the sealing of those materials. *See* Appendix A (listing all Subject Documents, including those designated by Plaintiffs and Optum). While CHLIC continues to have an independent obligation to seal protected health information and similar personal identifying information, CHLIC takes no position on whether the other materials Plaintiffs or Optum designated as "Confidential" merit sealing under Local Rule 5(e), the Court's prior rulings on sealing confidential material, and relevant case law.

specific clients negotiated to pay CHLIC for prescription drug benefit administrative services; and

- CHLIC's responses to Plaintiffs' expert, Mr. Launce Mustoe, which extensively discuss and analyze Mr. Mustoe's deposition testimony (which was designated as "Confidential" by Plaintiffs) and Mr. Mustoe's declaration (which was previously sealed by the Court because it is based upon and discusses confidential documents and data, including pharmacy transaction data).

The Court has previously ordered similar types of information to be sealed. In its March 13, 2017 order granting CHLIC's motion to seal ("2017 Sealing Order"), the Court sealed highly sensitive, proprietary contractual and financial terms negotiated with individual plan sponsor clients regarding prescription drug benefits. *See* ECF 72; *see also* ECF 71 at 2-3 (describing sealed documents). In its May 7, 2020 order granting Plaintiffs' motion to seal, the Court sealed the declaration of Plaintiffs' expert, Mr. Mustoe, based on its reliance on confidential CHLIC documents and data, including pharmacy transaction data. *See* ECF 250; *see also* ECF 207-01 at 2 (describing basis to seal Mr. Mustoe's declaration). And, in its May 29, 2020 order granting in part and denying in part Plaintiffs' motion to unseal ("2020 Sealing Order"), the Court sealed protected health information. *See* ECF 259. For the same reasons the Court previously ordered the sealing of documents containing similar information, it should do so again here. CHLIC maintains proprietary and commercially sensitive contract terms and pricing information in a confidential manner and limits their disclosure because such public disclosure would cause CHLIC (and perhaps its clients) significant competitive harm. Additionally, the Court should seal documents containing protected health information because federal law generally treats such information as confidential and exempt from disclosure. *See* Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996).

For these reasons, and as discussed below, the interests of the parties in maintaining the confidentiality of this information overrides the public's interest in viewing it. CHLIC respectfully requests that the Court grant this motion and seal the Subject Documents.

## ARGUMENT

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). In assessing a motion to seal, courts balance the public right to access to judicial records against "competing considerations," including the potential competitive harm disclosure of confidential business information might cause. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D. at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Local Civ. R. 5(e)(3).

### II. THE SUBJECT DOCUMENTS CONTAIN SENSITIVE PROPRIETARY FINANCIAL AND PRICING INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS.

Clear and compelling reasons exist to seal the Subject Documents under Local Rule 5(e) because they reflect commercially sensitive business information that would cause significant competitive harm to CHLIC if publicly disclosed. As a general matter, CHLIC requires its

3

employees to handle all such confidential information with care and limits access to the confidential information on a need-to-know basis. *See* Ex. 7 to the Shaffer Decl. (Declaration of David Kasper) ("Kasper Decl.") ¶ 13; *see also* ECF 226 (Declaration of Tyler Lester) ("Lester Decl.") ¶ 4 (describing CHLIC's confidentiality practices). In particular, CHLIC requires its employees to maintain the confidentiality of proprietary and sensitive business information. *Id*. Such information cannot be disclosed without appropriate prior authorization, and employees are instructed not to transmit confidential information to persons not entitled to it, or who have no reason to know the confidential information. *Id*.

The Subject Documents that CHLIC seeks to seal contain three categories of confidential and/or commercially sensitive business information: (1) financial and pricing proposals with individual plan sponsors; (2) administrative agreements with individual plan sponsors; and (3) protected health information under HIPAA. The Court has ordered similar information sealed in its prior orders to seal. *See generally* 2017 Sealing Order; 2020 Sealing Order.[2]

---

[2] CHLIC also moves to seal two documents that rely extensively upon the declaration and testimony of Plaintiff's expert, Mr. Launce B. Mustoe, as Mr. Mustoe's declaration was ordered sealed by the Court (*see* ECF 207-01) and his deposition testimony was designated as "Confidential" by Plaintiffs. First, CHLIC seeks to seal the declaration of CHLIC's expert, Sean May, Ph.D. (Ex. 4 to the Shaffer Decl.), submitted in support of its Opposition to Plaintiffs' Motion for Class Certification. Dr. May's declaration contains a detailed overview and evaluation of the methodology of Mr. Mustoe regarding the calculation of so-called pharmacy "clawbacks." This Court previously ordered Mr. Mustoe's declaration to be sealed in full because it was based upon confidential CHLIC documents and data. *See* ECF 250. Because Dr. May's declaration includes a detailed discussion of Mr. Mustoe's declaration and deposition testimony, it should also be sealed. Second, CHLIC seeks to seal in part CHLIC's Motion to Exclude the Declaration and Testimony of Launce B. Mustoe, Jr. Offered in Support of Plaintiff's Motion for Class Certification (ECF 279), which similarly includes extensive quotations from the sealed and/or confidential materials of Mr. Mustoe. For these reasons, these two documents should be sealed in accordance with the Court's sealing order and the Plaintiff's confidentiality designations.

### A.     The Court Should Seal Sensitive Financial and Pricing Proposals From Negotiations with Plan Sponsors.

First, CHLIC seeks to seal documents containing highly sensitive and proprietary financial and pricing information on prescription drug benefits that was exchanged between CHLIC and certain of its plan sponsor clients. *See* Exs. A, B, and C to the Declaration of Christopher Mandy ("Mandy Declaration") (Ex. 9 to the Shaffer Decl.). In particular, CHLIC senior account manager Christopher Mandy provided these documents to plan sponsor Putnam Investments ("Putnam") in response to Putnam's request for proposal ("RFP") as part of negotiations of prescription drug services and benefits for Putnam's employer-sponsored plan. These documents relate to the RFP and CHLIC's response thereto and reflect the highly propriety financial and pricing pharmacy benefit information of CHLIC and/or Putnam:

- Exhibit A to the Mandy Declaration is a prescription drug cost and utilization data spreadsheet provided to Putnam as part of negotiations of pharmacy benefits. The spreadsheet provides detailed, confidential financial information regarding Putnam's pharmacy benefits spending across various specific drug categories (including retail, specialty, mail order, and specialty mail-order).

- Exhibit B to the Mandy Declaration is a proposed pricing grid for prescription drug benefits also provided by CHLIC to Putnam as part of those negotiations. It reflects CHLIC's proposed annual pricing commitments for multiple years across specific retail and mail order drug categories (further divided into "generic drugs," "brand name drugs," and "specialty drugs" sections), and includes guaranteed pricing arrangements within each sub-category (for instance, indicating whether there will be a "AWP discount" for drugs not included in the Maximum Allowable Cost (MAC) program, the annual dispensing fees, and similar information).

- Exhibit C to the Mandy Declaration is another document from CHLIC's response to Putnam's RFP that provides background information regarding the scope of the RFP and CHLIC's response to the portion of the RFP regarding pricing of pharmacy benefits. The spreadsheet contains CHLIC's detailed responses to Putnam's benefit questions and requirements, and it includes detailed sections setting forth CHLIC's proposed prescription drug pricing structures, including specific financial offers to Putnam for pharmacy discounts across numerous individual retail, mail-order, and specialty prescription drug categories.

The information CHLIC provided in connection with the Putnam pharmacy RFP is highly sensitive financial and pricing information that was part of individual negotiations between CHLIC and Putnam. It reflects the specific terms Putnam requested for its proposals and CHLIC's bid in response. Those materials are highly confidential and proprietary to CHLIC, and CHLIC maintains its RFP responses confidentially and limits disclosure. *See* Kasper Decl. ¶ 13. As described in detail above, these documents contain information about the specific pricing terms CHLIC was willing to offer to Putnam in response to its RFP. *Id*. That RFP response was prepared specifically for Putnam and not for any of CHLIC's other clients or any prospective CHLIC plan sponsor clients. The public disclosure of that sensitive information would result in significant, irreparable economic injury if provided to CHLIC's competitors—including even Optum, which is a pharmacy benefits manager ("PBM") that also competes with CHLIC for plan sponsor clients such as Putnam. *Id*. Those competitors could use that information to try to outbid CHLIC and obtain the pharmacy business CHLIC was working to retain or add, both with respect to a specific plan sponsor or in connection with other plan sponsors or future business. *Id*. Additionally, the information in the Putnam's RFP is highly confidential and proprietary to Putnam because it contains information about what the plan sponsor spends on benefits it offers to its employees (i.e., the drug cost and utilization data provided in Exhibit A to the Mandy Declaration). *Id*. Such information is highly competitive and could be used to the disadvantage of Putnam if disclosed. *Id*.

The Court has previously sealed similar confidential financial and pricing information between CHLIC and its plan sponsor clients, which could competitively harm CHLIC if publicly disclosed. *See* 2017 Sealing Order (sealing financial and pricing terms CHLIC negotiated with plan sponsor clients). Other courts have done so as well because of the significant competitive

injury that could result from its public disclosure. *See China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017) (sealing "detailed pricing information" and finding that public disclosure could cause competitive injury by allowing other prospective clients to negotiate more favorable terms and allow competitors to "use that pricing information to gain a competitive edge over Defendant in the marketplace by offering Defendant's customers more favorable sale prices and terms and conditions" for similar products); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in sealing a "confidential business agreement not otherwise available to the public" when public disclosure of the information could have negatively affected the party's "negotiating position in its business"). Accordingly, the Court should order sealing of Exhibits A, B, and C to the Mandy Declaration.

### B. The Court Should Seal CHLIC's Administrative Agreements with Plan Sponsor Clients.

For the same reasons, CHLIC seeks to seal the administrative services agreements that it negotiated with individual plan sponsor clients. *See* Ex. 21 to the Shaffer Decl. (CHLIC's Administrative Services Only Agreement with Putnam) ("Putnam ASO Agreement"); Ex. 22 to the Shaffer Decl. (CHLIC's Administrative Services Only Agreement with Hampton Affiliates). These documents are the result of non-public negotiations between CHLIC and individual plan sponsor clients, and contain terms and information that are not shared with competitors or other prospective clients.[3] Among other things, they include extremely sensitive financial and pricing

---

[3] For instance, the first page of the Hampton Affiliates Agreement states at the bottom: "THIS AGREEMENT AND ITS TERMS ARE PROPRIETARY AND CANNOT BE DISCLOSED WITHOUT THE PERMISSION OF EACH OF THE PARTIES." *See* Ex. 22 at CIGNA00001817. The Putnam Agreement contains identical language. *See* Ex. 21 at CIGNA00002315.

terms that dictate the rates that Putnam and Hampton Affiliates, respectively, agreed to pay CHLIC for the provision of prescription drug benefit administrative services.

In particular, the agreement with Hampton Affiliates (Ex. 22) contains a variety of negotiated contract terms regarding funding and payment of claims (*see* CIGNA00001820), as well as a detailed, seven-page "Schedule of Financial Charges" (*see* CIGNA00001828 – CIGNA00001835) that sets forth the specific financial terms of CHLIC and Hampton Affiliates' prescription benefit services, including benefit management service charges (CIGNA00001828-29), prescription drug charges (CIGNA00001829-30), processing fees (CIGNA00001831), cost containment fees (CIGNA00001832-33), external review fees (CIGNA00001833), and charges for additional CHLIC services (CIGNA00001834).  The Putnam ASO Agreement reflects the same types of confidential pricing rates and financial terms as the Hampton Agreement.  *See, e.g.*, Exhibit 21 at CIGNA00002326-37 (Schedule of Financial Charges), CIGNA0000232 (medical and vision administration charges), CIGNA00002328 (pharmacy benefit drug charges), CIGNA 00002331 (fees for run-out claims), CIGNA00002332 (cost containment fees), CIGNA 00002335 (charges for additional services).

Such information is kept strictly confidential by CHLIC.  *See* Kasper Decl. ¶ 13.  Public disclosure of such pricing and other negotiated terms between CHLIC and its plan sponsor clients would cause CHLIC competitive injury.  *Id*.  Among other things, such sensitive pricing and contractual terms could be used by CHLIC's competitors—i.e., other PBMs—to offer superior contractual terms to prospective clients, while prospective plan sponsor clients of CHLIC could use this information as part of contractual negotiations with CHLIC.  *Id*.

This Court has previously ordered nearly identical administrative services agreements between CHLIC and plan sponsors to be sealed based on the sensitive financial and pricing terms

reflected in those contracts. *See* 2017 Sealing Order (sealing plan sponsor Administrative Services Agreements). In addition, other courts routinely seal similar agreements that reflect sensitive financial terms and pricing rate information. *See Peters v. Aetna Inc.,* No. 1:15-00109, 2019 WL 2881615, at *1 (W.D.N.C. July 2, 2019) (sealing materials related to "an Administrative Services Agreement, which the court has allowed to be filed under seal due to the commercially sensitive information contained therein"); *Bright v. Asset Acceptance, LLC*, 292 F.R.D. 190, 203 (D.N.J. 2013) (sealing business agreement between defendant and non-party based on the "legitimate private interests at stake" if the agreement were disclosed and the potential "harm to [defendant]'s competitive standing in the market place"). As this Court and others have done before, the Court should seal Exhibits 21 and 22 to the Shaffer Declaration.

    **C.    The Court Should Seal Protected Health Information Exempt from Disclosure Under HIPAA.**

Finally, CHLIC seeks to seal in part certain Subject Documents that reflect the protected health information of third parties, including plan participant prescription drug transaction data. *See* Ex. 12 to the Shaffer Decl. CHLIC has an independent legal obligation under HIPAA to seal protected health information, including the name, address, Social Security Number, and medical information related to an individual. *See generally* 45 C.F.R. Parts 160, 162, and 164.[4] This Court has previously ordered similar third-party personal identifying information and protected health information to be sealed, including customer transaction claim numbers, client account numbers, pharmacy claim transaction number, and health plan member identification numbers. *See* 2020 Sealing Order at 7 (sealing of "personal account identifiers"); *id*. at 10 (sealing

---

[4] *See also* U.S. District Court for the District of Connecticut, *Electronic Policies and Procedures* (rev. Oct. 11, 2018) § III.C (requiring parties to file certain personal data identifiers under seal pursuant to the E-Government Act of 2002, including "personal identifying number[s]" and "medical records, treatment and diagnosis").

"[c]ustomer account identifiers, including customs number, identification number and customer claim number"); *id*. at 12 (sealing "claims numbers/identification codes for 'individual customer prescription drug transactions'"); *id*. at 15 (sealing "information identifying client accounts, pharmacy chains and member IDs").  Courts frequently order such information to be sealed and have even sanctioned attorneys who failed to redact such information.  *See, e.g.*, *Grayson v. Gen. Elec. Co.*, No. 3:13CV1799 (WWE), 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (sealing consumer personal identifying information); *Offor v. Ctr.*, No. 15CV2219ADSSIL, 2016 WL 3566217, at *4 (E.D.N.Y. June 25, 2016), *aff'd sub nom. Offor v. Mercy Med. Ctr.*, 698 F. App'x 11 (2d Cir. 2017) (sanctioning lawyers for publicly filing "unredacted medical records" in violation of HIPAA).[5]  For these same reasons, CHLIC now requests these that the personal identifying information and protected health information identified above be sealed for the Subject Documents.

## CONCLUSION

For the above reasons, the Court should grant CHLIC's motion to seal the Subject Documents.

Dated:  July 6, 2020  Respectfully submitted,

/s/ Brian W. Shaffer
Brian W. Shaffer (phv08654)
Jeremy P. Blumenfeld (phv23943)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP

---

[5] *See also Reed v. AMCO Ins. Co.,* No. 3:09-CV-0328-LRH-RAM, 2012 WL 1964094, at *1 (D. Nev. May 31, 2012) (awarding attorneys' fees because opposing counsel filed "several documents with improper confidential information"); *Weakley v. Redline Recovery Servs., LLC*, No. 09-CV-1423 (BEN) (WMC), at *2 (S.D. Cal. Apr. 20, 2011) (imposing a $900 sanction on defendant's counsel because counsel publicly filed documents containing the plaintiff's social security number, without redaction, in violation of Federal Rule of Civil Procedure 5.2).

1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
brian.shaffer@morganlewis.com
jeremy.blumenfeld@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Lisa R. Weddle (ca259050)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone: +1.860.240.2945
Facsimile: +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2020, the foregoing document and all attachments thereto were filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Brian Shaffer
Brian Shaffer

## Appendix A – List of Subject Documents

| Document | Party Designating as Confidential | Proposed Treatment |
|---|---|---|
| **Exhibits to the Shaffer Declaration in Support of CHLIC's Opposition to Plaintiffs' Motion for Class Certification** | | |
| Exhibit 2<br><br>(Variations Among Proposed Class Representatives) | Plaintiffs | Seal in full |
| Exhibit 11<br><br>(Plaintiffs' Second Amended Objections and Responses to CHLIC's First Set of Interrogatories) | Plaintiffs | Seal in full |
| Exhibit 12<br><br>(Second Supplemental Objections and Responses of Defendant CIGNA Health and Life Insurance Company to Interrogatory No. 2 from Plaintiffs' Fourth Set of Interrogatories) | CHLIC | Seal in part (redact) |
| Exhibit 14<br><br>(Excerpts from the Deposition Transcript of Launce B. Mustoe) | Plaintiffs | Seal in full |
| Exhibit 15<br><br>(Excerpts from the Deposition Transcript of Kimberly Negron) | Plaintiffs | Seal in full |
| Exhibit 16<br><br>(Excerpts from the Deposition Transcript of Daniel Perry) | Plaintiffs | Seal in full |
| Exhibit 17<br><br>(Excerpts from the Deposition Transcript of Billy Ray Blocker, Jr.) | Plaintiffs | Seal in full |

| Document | Party Designating as Confidential | Proposed Treatment |
|---|---|---|
| Exhibit 18<br><br>(Excerpts from the Deposition Transcript of Nina Curol) | Plaintiffs | Seal in full |
| Exhibit 19<br><br>(Excerpts from the Deposition Transcript of Roger Curol) | Plaintiffs | Seal in full |
| Exhibit 21<br><br>(Putnam Administrative Services Only Agreement) | CHLIC | Seal in full |
| Exhibit 22<br><br>(Hampton Administrative Services Only Agreement) | CHLIC | Seal in full |
| **Exhibits to the Declaration of Christopher Mandy (Ex. 9 to the Shaffer Decl.)** | | |
| Exhibit A to Mandy Declaration | CHLIC | Seal in full |
| Exhibit B to Mandy Declaration | CHLIC | Seal in full |
| Exhibit C to Mandy Declaration | CHLIC | Seal in full |
| **CHLIC's Responses to the Declaration and Testimony of Plaintiffs' Expert, Launce B. Mustoe, Jr.** | | |
| ECF 279<br><br>(CHLIC's Memorandum in Support of its Motion to Exclude the Declaration and Testimony of Launce B. Mustoe, Jr. Offered In Support of Plaintiff's Motion for Class Certification | CHLIC | Seal in part (redact) |
| Exhibit 4 to the Shaffer Declaration<br><br>(Declaration of Sean M. May, Ph.D.) | CHLIC | Seal in full |