# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KIMBERLY A. NEGRON, Individually and on
Behalf of All Others Similarly Situated, et al.,

Plaintiffs,

v.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, et al.,

Defendants.

Civil Action No. 3:16-cv-01702-
WWE

**June 17, 2019**

**OBJECTIONS AND RESPONSES OF DEFENDANT CIGNA HEALTH AND LIFE
INSURANCE COMPANY TO PLAINTIFFS' (1) FOURTH SET OF
INTERROGATORIES, AND (2) THIRD SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local

Rules of the District of Connecticut, Defendant Cigna Health and Life Insurance Company

("CHLIC"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs'

Fourth Set of Interrogatories (the "Interrogatories") and Third Set of Requests for Production

(the "Requests") in the above-captioned action (the "Action").[1]  CHLIC reserves the right to

supplement or amend its objections and these responses (the "Responses") as may be necessary

or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1.      The Responses are made solely for the purpose of the Action and are not to be

used in connection with any other action.

---

[1] Cigna Corporation has been dismissed from the Action, so these Responses are made by and on
behalf of CHLIC only.

-1-

2.      The Responses reflect CHLIC's knowledge, information, and belief as of this date.  CHLIC may engage in further investigation, discovery, and analysis, which may lead to changes in CHLIC's Responses herein.  Such investigation and discovery are continuing, and CHLIC specifically reserves the right to supplement its Responses as necessary.

3.      No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any information or the truth of any "facts" set forth or assumed in any Interrogatory and/or Request.

4.      CHLIC will make reasonable efforts to respond to every Interrogatory and Request, to the extent the Interrogatory and Request has not been objected to, as CHLIC understands and interprets the Interrogatory and Request.  In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory or Request that differs from that of CHLIC, CHLIC reserves the right to amend and/or supplement its Response, but undertakes no obligation to do so.

5.      In responding to Plaintiffs' Interrogatories and Requests, CHLIC does not waive, and hereby expressly reserves, (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories and Requests; (b) its right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories and Requests at any hearing, trial, or other point during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories and Requests.  The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to each and every Interrogatory and Request and should be considered part of CHLIC's response to each and every Interrogatory and Request. Any specific objection provided below in response to a particular Interrogatory and Request is made in addition to these General Objections and failure to reiterate a General Objection does not constitute a waiver or limitation of that or any other objection.

1.      CHLIC objects to the Interrogatories and Requests to the extent that they seek documents and information that is irrelevant and/or immaterial and/or not proportional to the needs of the case.

2.      CHLIC objects to the Interrogatories and Requests to the extent that they prematurely call for expert opinions and/or information that is within the scope of expert discovery.

3.      CHLIC objects to the Interrogatories and Requests and Plaintiffs' instructions and definitions to the extent that they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut.

4.      CHLIC objects to the Interrogatories and Requests to the extent that they seek discovery protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

5.      CHLIC objects to the Interrogatories and Requests to the extent that they seek information that cannot be disclosed without violating the privacy of CHLIC or its agents, employees, customers, and/or any other person or entity that is otherwise privileged or immune from discovery pursuant to state or federal statute, common law rights of privacy, and other

applicable law, including, without limitation, the privacy protections of certain health information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  CHLIC will limit and only provide HIPAA-governed information to the extent necessary for purposes of this case and pursuant to the Protective Order entered by the Court on April 24, 2017 [Docket No. 92] (the "Protective Order").

6.      CHLIC objects to the Interrogatories and Requests to the extent that they seek discovery that invades the privacy of persons not parties to this litigation and/or to the extent that they request personal information belonging to persons who are not parties to this litigation. CHLIC also objects to the Interrogatories and Requests to the extent that they call for disclosure of information and/or documents that is confidential and/or proprietary, including commercial, financial or other trade secret information.  CHLIC will only produce confidential and proprietary information pursuant to the Protective Order entered by the Court.

7.      CHLIC objects to the Interrogatories and Requests to the extent that they call for documents and/or information that CHLIC is prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

8.      CHLIC objects to the Interrogatories and Requests to the extent that they seek discovery relating to a period of time that is overly broad and/or encompasses dates irrelevant to this action.

9.      CHLIC objects to the Interrogatories and Requests to the extent that they are overly broad, unduly burdensome, abusive, harassing, and/or oppressive.

10.     CHLIC objects to the Interrogatories and Requests to the extent that they are vague, unclear, imprecise, and/or lacking particularity.

11.     CHLIC objects to the Interrogatories and Requests to the extent that they seek information and/or documents that are not within CHLIC's present possession, custody, or control, or seek information and/or documents that Plaintiffs can more easily and inexpensively obtain from other parties or third parties.

12.     CHLIC objects to the Interrogatories and Requests to the extent that they seek discovery that is equally available to Plaintiffs.

13.     CHLIC objects to the Interrogatories and Requests to the extent they are duplicative or redundant of each other.

## OBJECTIONS TO DEFINITIONS

1.     CHLIC objects to the definition of "Cigna" as overly broad and unduly burdensome because it purports to encompass "Cigna Corporation and any of its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on their behalf, including Cigna Health and Life Insurance Company ('CHL') and Cigna Pharmacy Management." By this definition, Plaintiffs improperly seek discovery from non-parties and information and documents protected by the attorney-client and/or work-product privileges. For purposes of these Responses, CHLIC will interpret "Cigna" to mean CHLIC only.

## OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FOURTH SET OF INTERROGATORIES

**Interrogatory No. 1:**  For purposes of class certification, identify each clause (e.g., "Your Payments," "Covered Expenses") in each plan that you contend makes a consequential fact more or less probable and the corresponding identifier for each form template for each such clause (e.g., "HC-PHR3 04-10 V4").

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement and each of the General Objections and Objections to Definitions as set forth above.  CHLIC further objects to this Interrogatory because Plaintiffs have already exceeded the 40 interrogatories permitted by the Amended Stipulated Joint Case Management Plan [Docket No. 158] entered by the Court. CHLIC objects to this Interrogatory as vague, ambiguous, and unclear because it asks, "for purposes of class certification," CHLIC to identify "each clause" in "each plan" that CHLIC contends "makes a consequential fact more or less probable," but CHLIC cannot determine which clauses, plans, or facts are consequential when Plaintiffs (i) have not clearly defined the scope of the putative class; (ii) have indicated that they intend to modify the existing class definitions but have not done so in the operative pleading; and (iii) have not identified what they contend may constitute "consequential fact[s]" for purposes of class certification.  For that same reason, CHLIC also objects to this Interrogatory to the extent that it asks CHLIC to define the putative class when it is Plaintiffs' burden to do so.  CHLIC further objects to this Interrogatory as vague, ambiguous, and unclear to the extent it relies on the class definitions set forth in Plaintiffs' pleadings, which constitute improper fail-safe classes.  CHLIC further objects to this Interrogatory as overly broad and unduly burdensome to the extent that it asks CHLIC to identify "each clause" in "each plan" that CHLIC contends "makes a consequential fact more or less probable" because Plaintiffs contend that the putative class relates to many thousands of plans and plan documents, and it would be unduly burdensome to compare and contrast all of the provisions of all of those thousands of documents.  CHLIC further objects to this Interrogatory as vague, ambiguous, and unclear because it does not define the terms "plans" and "templates," which may be construed in multiple and inconsistent ways.  CHLIC further objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiving these objections and the above General Objections, CHLIC responds as follows:  Plan documents must be read as a whole to determine whether there has been a violation thereof.  *See, e.g.*, *Dobson v. Hartford Fin. Servs. Grp., Inc.*, 389 F.3d 386, 399 (2d Cir. 2004) ("Under general principles of contract law, a failure to locate explicit contractual language does not mark the end of proper judicial interpretation and construction. Contracting parties often express their agreements imprecisely or incompletely.  In such cases, if the interpreting court can discern from the contract as a whole what the parties must have intended, it should enforce that intention despite a lack of express terminology.") (citation and internal quotation marks omitted); *Dwinnell v. Fed. Express Long Term Disability Plan*, 167 F. Supp. 3d 287, 292 (D. Conn. 2016) ("Courts use familiar rules of contract interpretation when addressing an ERISA plan.  One such well-established rule is that I must read the 'Plan as a whole, [and] giv[e] terms their plain meanings.'" (quoting *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002)).  Accordingly, each and every clause of each and every putative class member's plan documents may make a consequential fact more or less probable.  Moreover, whether a particular clause in a particular plan makes a consequential fact more or less probable may turn on a number of issues, including but not limited to, the peculiarities of plan design, the mutual understanding of the plan sponsor and CHLIC (in the ASO context), or the plan and CHLIC (in the fully-insured context) and/or how a particular beneficiary made use of his or her benefits under the plan at issue, which would require an individual-by-individual analysis.

Even if it were practicable to identify a subset of clauses from "each plan" that CHLIC contends "makes a consequential fact more or less probable" "[f]or purposes of class

certification," CHLIC could not identify such a subset at this time given the absence of necessary information from Plaintiffs.  Plaintiffs have not yet clearly defined the scope of the putative class and have indicated that they intend to modify their class definitions in the near future, but have not yet modified the definition in the operative pleading.  Asking CHLIC to identify plan provisions "[f]or purposes of class certification" is improper; defining an ascertainable class is Plaintiffs' burden, not CHLIC's.  Additionally, the class definitions set forth in Plaintiffs' pleading limits the class definitions to individuals who paid an amount for prescription drugs pursuant to a benefit plan or insurance policy issued or administered by CHLIC that was "higher than the participant payment amount provided by the health insurance plans or policies."  Am. Compl. ¶ 141 (ECF No. 166).  CHLIC contends that no individual paid an amount for prescription drugs that was "higher than the participant payment amount provided by" his or her benefit plan or insurance policy.  As a result, CHLIC could not identify any clauses that make a consequential fact more or less probable for purposes of class certification based on Plaintiffs' fail-safe class and subclasses as defined in the operative pleading.

To the extent that each of the Named Plaintiffs claims to be a putative class member, Attachment A hereto lists clauses from their plan documents that CHLIC contends may make a consequential fact for purposes of class certification more or less probable based on the class definition in the operative pleading, along with the corresponding identifier for each clause's form template, where applicable.  By way of further response, to the extent Plaintiffs are seeking to identify each and every variation on each and every one of the clauses identified in Exhibit A as may be present in the plans of absent class members, pursuant to Fed. R. Civ. P. 33(d), CHLIC directs Plaintiffs to the plan-related documents that CHLIC has produced in this Action, from which information sought by this Interrogatory may be able to be ascertained.

**Interrogatory No. 2:**  Identify, by claim number (i.e., CLM-MUM), each transaction in the prescription drug transaction data produced by Cigna on January 20, 2019 that was pursuant to a plan containing the sentence: "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge."

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement and each of the General

Objections set forth above.  CHLIC objects that this Interrogatory because Plaintiffs have already

exceeded the 40 interrogatories permitted by the Amended Stipulated Joint Case Management

Plan [Docket No. 158] entered by the Court.  CHLIC further objects to this Interrogatory to the

extent it prematurely calls for an expert opinion and/or information that is within the scope of

expert discovery.  CHLIC objects to this Interrogatory as vague, ambiguous, and unclear because

there is no field in the prescription drug transaction data produced by CHLIC entitled "CLM-

MUM".  For purposes of this Interrogatory, CHLIC interprets the Interrogatory to ask for CHLIC

to identify the claim number in the field entitled "CLM-NUM."

Subject to and without waiving these objections and the above General Objections,

CHLIC responds as follows:  After reasonable investigation, the information requested in this

Interrogatory is not maintained by Cigna in the ordinary course of business in the form and

format requested by Plaintiffs.  Further, to the extent that the information sought by this

Interrogatory may be able to be ascertained from the prescription drug transaction data, DST

language search results, and plan-related documents that CHLIC has produced in this Action, the

burden on locating and identifying such information is the same for Plaintiffs as CHLIC and

CHLIC directs Plaintiffs to those data and documents pursuant to Fed. R. Civ. P. 33(d).

## OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION

**Request No. 1:**  All documents (plans and templates) identified in response to Interrogatory 1 of the Fourth Set.

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement and each of the General Objections and Objections to Definitions as set forth above.  CHLIC also incorporates by reference its objections and responses to Interrogatory No. 1 from Plaintiffs' Fourth Set of Interrogatories to CHLIC.  CHLIC further objects to this Interrogatory to the extent that it asks CHLIC to define the putative class when it is Plaintiffs' burden to do so.  CHLIC objects to this Request as overly broad and unduly burdensome because it asks CHLIC to produce "[a]ll documents (plans and templates)" that CHLIC "identified in response to Interrogatory 1 of the Fourth Set" because Plaintiffs have not clearly defined the scope of the putative class and Plaintiffs have indicated that they intend to modify the existing class definitions, but have not done so in the operative pleading, so CHLIC cannot at this time identify all of the plans and templates that should be identified in response to Interrogatory No. 1 above.  CHLIC objects to this Request as vague, ambiguous, and unclear because it does not define the terms "plans" and "templates," which may be construed in multiple and inconsistent ways.  CHLIC further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome in that it seeks information beyond that which is relevant, and to the extent it is not limited to a timeframe that is relevant to this Action.  CHLIC further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiving these objections and the above General Objections, CHLIC responds as follows:  CHLIC has already produced the Named Plaintiffs' plan

documents and templates of "Your Payments" plan language variations, "Covered Expenses" plan language variations, and "Schedule of Benefits" plan language variations.  By way of further response, to the extent Plaintiffs seek the production of plan documents relevant to class certification, CHLIC directs Plaintiffs to all of the plan-related documents that CHLIC has produced or is in the process of producing in this Action.


Dated:  June 17, 2019

*/s/ Eleanor R. Farrell*

Michael D. Blanchard (ct25891)
Morgan, Lewis & Bockius LLP
One State Street
Hartford, CT  06103
Telephone:  +1.860.240.2731
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

Joseph J. Costello (*pro hac vice*)
Brian W. Shaffer (*pro hac vice*)
Eleanor R. Farrell (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  +1.215.963.5000
Facsimile: +1.215.963.5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com

**Attorneys for Defendant Cigna Health and Life Insurance Company**

# EXHIBIT A

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | FPINTRO4VI | CIGNA00000375 |
| Right to Appeal | You have the right to appeal any decision or action taken to deny, reduce, or terminate the provision of or payment for health care services covered by your plan or to rescind your coverage.  When a requested service or payment for the service has been denied, reduced or terminated based on a judgment as to the medical necessity, appropriateness, health care setting, level of care, or effectiveness of the health care service, you have the right to have the decision reviewed by an independent review organization not associated with CIGNA.<br><br>Except where life or health would be seriously jeopardized, you must first exhaust the internal appeal process set forth in your plan documents in the appeal section before your request for an external independent review will be granted.<br><br>Your appeal rights are outlined in your plan documents.  In addition, before a final internal adverse benefit determination is issued, if applicable, you will be provided, free of charge, any new or additional evidence considered, or rationale relied upon, in sufficient time to allow you the opportunity to respond before the final notice is issued. | NOT231 VIM | CIGNA00000377 |
| How To File Your Claim For Out-Of-Network Care | You may get the required claim forms from your Benefit Plan Administrator.  All fully completed claim forms and bills should be sent directly to your servicing CG Claim Office. | GM6000 CI 3 CLA9V42 | CIGNA00000380 |

Putnam 2012 (CN002)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Open Access Plus Medical Benefits – The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network, to receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.<br><br>Coinsurance – The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Copayments/Deductibles – Copayments are expenses to be paid by you or your Dependent for covered services. Deductibles are also expense to be paid by your or your Dependent. Deductible amounts are separate from and not reduced by Copayments.  Copayments and Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00000383 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00000411 |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | CIGNA00000411 |
| Charges | The term Charges means the amount charged by the Insurance Company to the plan when the Pharmacy is a participating Pharmacy, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy." | No Code | CIGNA00000411 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00000411 |
| Limitations | If you disagree with a coverage decision, you may appeal that decision in accordance with the provisions of the Policy, by submitting a written request stating why the Prescription Drugs or Related Supplies should be covered. | GM6000 PHARM 129 V11 | CIGNA00000413 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule. | GM6000 PHARM91 GM6000 PHARM85 PHARM114 | CIGNA00000413 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable. | GM6000 PHARM 129 V11 | CIGNA00000413 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form. | GM6000 PHARM94 V17 | CIGNA00000414 |
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | FDRL83 | CIGNA00000433 |

Putnam 2012 (CN002)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing [. . .].<br><br>We will do our best to resolve the matter on your initial contact.  If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | GM6000 APL728 | CIGNA00000435 |
| Internal Appeals Process | CG has an internal appeals process.  To initiate an appeal, you must submit a request for an appeal in writing within 365 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any supporting information. | GM6000 APL729 | CIGNA00000435 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | GM6000 APL675 | CIGNA00000438 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CG until you have completed the Internal Appeals process. | GM6000 APL675 | CIGNA00000438 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Participating Pharmacy | The term Participating Pharmacy means a retail pharmacy with which Connecticut General Life Insurance Company has contracted to provide prescription services to insureds; or a designated mail-order pharmacy with which CG has contracted to provide mail-order prescription services to insureds. | DFS1910 | CIGNA00000443 |

Putnam 2012 (CN002)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA00000478; CIGNA02392146 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 06-11 | CIGNA00000481-2; CIGNA02392149 |
| Open Access Plus Medical Benefits – The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network. To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.<br><br>Coinsurance – The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Deductibles – Deductibles are also expenses to be paid by your or your Dependent.  Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00000485; cigna02392152 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00000511; CIGNA02392179 |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | CIGNA00000511; CIGNA02392179 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Charges | The term Charges means the amount charged by the Insurance Company to the plan when the Pharmacy is a participating Pharmacy, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy. | No Code | CIGNA00000511; CIGNA02392179 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00000511; CIGNA02392179 |
| Calendar Year Deductible and Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | CIGNA00000511; CIGNA02392179 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule. | HC-PHR6 04-10 V1 | CIGNA00000513; CIGNA02392181 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable. | HC-PHR3 04-10 V2 | CIGNA00000514; CIGNA02392182 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form. | HC-PHR5 04-10 V2 | CIGNA00000514; CIGNA02392182 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | No Code | CIGNA00000532; CIGNA02392200 |
| Start with Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you can call our toll-free number and explain your concern to one of our Customer Service representatives.

We will do our best to resolve the matter on your initial contact. If you are not satisfied with the results of a coverage decision, you can start the appeals procedure. | HC-APL35 04-10 V1 | CIGNA00000534; CIGNA02392202 |
| Internal Appeals Process | Cigna has an internal appeals process.  To initiate an appeal, you must submit a request for an appeal in writing within 365 days of receipt of a denial notice to the following address:  [. . .]. You should state the reason why you feel your appeal should be approved and include any supporting information. | HC-APL35 04-10 V1 | CIGNA00000534; CIGNA02392202-3 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-APL35 04-10 V1 | CIGNA00000537; CIGNA02392205 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process. | HC-APL35 04-10 V1 | CIGNA00000537; CIGNA02392205 |
| Participating Pharmacy | The term Participating Pharmacy means a retail pharmacy with which Connecticut General Life Insurance Company has contracted to provide prescription services to insureds; or a designated mail-order pharmacy with which CG has contracted to provide mail-order prescription services to insureds. | HC-DFS60 04-10 V1 | CIGNA00000542; CIGNA02392210 |

Putnam 2013 (CN005; CN006)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP2 04-10 V1 | CIGNA00001674; CIGNA02385700 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 06-11 | CIGNA00001675; CIGNA02385701 |
| Open Access Plus Medical Benefits – The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network. To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Deductibles<br>Deductibles are also expenses to be paid by your or your Dependent.  Deductibles are in addition to any Coinsurance. Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00001678; CIGNA02385704 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00001701; CIGNA02385725 |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | CIGNA00001701; CIGNA02385725 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Charges | The term Charges means the amount charged by the Insurance Company to the plan when the Pharmacy is a participating Pharmacy, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy. | No Code | CIGNA00001701; CIGNA02385725 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00001701; CIGNA02385725 |
| Calendar Year Deductible and Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | CIGNA00001701; CIGNA02385725 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CG will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA00001703; CIGNA02385727 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.<br><br>In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual & Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA00001703-4; CIGNA02385727-8 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form. | HC-PHR5 04-10 V2 | CIGNA00001704; CIGNA02385728 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start with Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your ID card, explanation of benefits, or claim form and explain your concern to one of our Customer Service representatives.  You may also express that concern in writing. | HC-FED52 06-13 | CIGNA00001717-8; CIGNA02385741 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. | HC-FED52 06-13 | CIGNA00001718; CIGNA02385741-2 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | HC-FED52 06-13 | CIGNA00001718; CIGNA02385742 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED52 06-13 | CIGNA00001718-9; CIGNA02385742 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process. | HC-FED52 06-13 | CIGNA00001719; CIGNA02385742 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | No Code | CIGNA00001723; CIGNA02385747 |
| Participating Pharmacy | The term Participating Pharmacy means a retail pharmacy with which Connecticut General Life Insurance Company has contracted to provide prescription services to insureds; or a designated mail-order pharmacy with which CG has contracted to provide mail-order prescription services to insureds. | HC-DFS60 04-10 V1 | CIGNA00001729; CIGNA02385753 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA00001758; CIGNA02385321 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 01-11 V11 | CIGNA00001760-1; CIGNA02385323 |
| Open Access Plus Medical Benefits – The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network, to receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.

Coinsurance
The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.

Deductibles
Deductibles are expenses to be paid by your or your Dependent.  Deductibles are in addition to any Coinsurance. Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00001763; CIGNA02385326 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00001786; CIGNA02385348 |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | CIGNA00001786; CIGNA02385348 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Charges | The term Charges means the amount charged by the Insurance Company to the plan when the Pharmacy is a participating Pharmacy, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy. | No Code | CIGNA00001786; CIGNA02385348 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00001786; CIGNA02385348 |
| Calendar Year Deductible and Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | CIGNA00001786; CIGNA02385348 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA00001788; CIGNA02385350 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.

In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual & Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA00001788-9; CIGNA02385350-1 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form. | HC-PHR5 04-10 V2 | CIGNA00001789; CIGNA02385351 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start with customer service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your ID card, explanation of benefits, or claim form and explain your concern to one of our Customer Service representatives.  You may also express that concern in writing. | HC-FED60 03-14 | CIGNA00001803; CIGNA02385365 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. | HC-FED60 03-14 | CIGNA00001803; CIGNA02385365 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | HC-FED60 03-14 | CIGNA00001803-4; CIGNA02385365-6 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED60 03-14 | CIGNA00001804; CIGNA02385366 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process. | HC-FED60 03-14 | CIGNA00001804; CIGNA02385366 |
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | No Code | CIGNA00001808; CIGNA02385370 |
| Participating Pharmacy | The term Participating Pharmacy means a retail pharmacy with which Connecticut General Life Insurance Company has contracted to provide prescription services to insureds; or a designated mail-order pharmacy with which CG has contracted to provide mail-order prescription services to insureds. | HC-DFS60 04-10 V1 | CIGNA00001814; CIGNA02385376 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA02385618 |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | CIGNA02385618 |
| Charges | The term Charges means the amount charged by the Insurance Company to the plan when the Pharmacy is a participating Pharmacy, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy. | No Code | CIGNA02385618 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA02385618 |
| Calendar Year Deductible and Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | CIGNA02385618 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 08-15 V7 | CIGNA02385620 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | |
| Charges | The term Charges means the amount charged by the Insurance Company to the plan when the Pharmacy is a participating Pharmacy, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy. | No Code | |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | |
| Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 08-15 V7 | |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA02386374; CIGNA02379781 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 01-11 V11 | CIGNA02386378; CIGNA02379785 |
| Open Access Plus Medical Benefits – The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network, to receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.  Coinsurance The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.  Deductibles Deductibles are expenses to be paid by your or your Dependent.  Deductibles are in addition to any Coinsurance. Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA02386380; CIGNA02379787 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products.  That portion includes any applicable Copayment, Deductible and/or Coinsurance.<br><br>As applicable, your Deductible or Coinsurance payment will be based on the Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA02386402; CIGNA02379810 |
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drug Products that you or your Dependent are required to pay under this plan. | No Code | CIGNA02386402; CIGNA02379810 |
| Charges | The term Charges means the Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and it means the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA02386402; CIGNA02379810 |
| Copayments (Copay) | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drug Products. | No Code | CIGNA02386402; CIGNA02379810 |
| Calendar Year Deductible | Deductibles are expenses to be paid by you or your Dependent for Covered Prescription Drug Products.  These Deductibles are in addition to any Copayments or Coinsurance.  Once the Deductible maximum shown in The Schedule has been reached you and your family need not satisfy any further Prescription Drug Deductible for the rest of that year. | No Code | CIGNA02386402; CIGNA02379810 |
| Calendar Year Deductible and Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | CIGNA02386402; CIGNA02379810 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drug Products ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR136 10-16 | CIGNA02386405; CIGNA02379813 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Your Payments | Coverage for Prescription Drug Products purchased at a Pharmacy is subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums if applicable.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of:<br><br>The Copayment or Coinsurance for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product.<br><br>The amount you or your Dependent pays for any excluded Prescription Drug Product or other product or service will not be included in calculating any applicable plan Out-of-Pocket Maximum.  You are responsible for paying 100% of the cost (the amount the Pharmacy charges you) for any excluded Prescription Drug Product, and any negotiated Prescription Drug Charge will not be available to you. | HC-PHR138 10-16 | CIGNA02386406-7; CIGNA02379814-5 |
| Reimbursement/Filing a Claim | Retail Pharmacy<br><br>When you or your Dependents purchase your Prescription Drug Products through a retail Network Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase.  You do not need to file a claim form unless you purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | CIGNA02386408; CIGNA02379816 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your ID card, explanation of benefits, or claim form and explain your concern to one of our Customer Service representatives.  You may also express that concern in writing. | HC-FED82 03-14 | CIGNA02386421; CIGNA02379829 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. | HC-FED82 03-14 | CIGNA02386421-2; CIGNA02379829-30 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).

To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | HC-FED82 03-14 | CIGNA02386422; CIGNA02379830 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].

You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED82 03-14 | CIGNA02386422; CIGNA02379830 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network Services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | CIGNA02386422; CIGNA02379830 |
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 05-15 | CIGNA02386426; CIGNA02379834 |
| Participating Provider | The term Participating Provider means a hospital, a Physician or any other health care practitioner or entity that has a direct or indirect contractual arrangement with Cigna to provide covered services with regard to a particular plan under which the participant is covered. | HC-DFS45 04-10 V1 | CIGNA02386434; CIGNA02379842 |
| Prescription Drug Charge | The amount the plan pays to Cigna, including the applicable dispensing fee and any applicable sales tax, for a Prescription Drug Product dispensed at a Network Pharmacy. Cigna may pay a Network Pharmacy a different amount for a Prescription Drug Product than the plan pays to Cigna. | HCDFS853 10-16 | CIGNA02386434; CIGNA02379842 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP44 04-17 | CIGNA02392029 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 01-11 V11 | CIGNA02392032 |
| Open Access Plus Medical Benefits – The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network, to receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Deductibles<br>Deductibles are expenses to be paid by your or your Dependent.  Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA02392036-49 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products.<br><br>As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA02392058-60 |
| Coinsurance | The term Coinsurance means the percentage of charges for covered Prescription Drug Products that you or your Dependent are required to pay under this plan. | No Code | CIGNA02392058 |
| Copayments (Copay) | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drug Products. | No Code | CIGNA02392058 |
| Calendar Year Deductible and Out-of-Pocket Maximum | Refer to the Medical Benefits Schedule | No Code | CIGNA02392038 |
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drug Products ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR136 10-16 | CIGNA02392061 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Your Payments | Covered Prescription Drug Products purchased at a Pharmacy are subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums if applicable.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product subject to a Copayment requirement will always be the lowest of:<br><br>The Copayment for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product.<br><br>The amount you or your Dependent pays for any excluded Prescription Drug Product or other product or service will not be included in calculating any applicable plan Out-of-Pocket Maximum.  You are responsible for paying 100% of the cost (the amount the Pharmacy charges you) for any excluded Prescription Drug Product, and any negotiated Prescription Drug Charge will not be available to you. | HC-PHR234 09-17 | CIGNA02392062-3 |
| Reimbursement/Filing a Claim | Retail Pharmacy<br><br>When you or your Dependents purchase your Prescription Drug Products through a retail Network Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase.  You do not need to file a claim form unless you purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | CIGNA02392064 |

Putnam 2018 (ASO13)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your ID card, explanation of benefits, or claim form and explain your concern to one of our Customer Service representatives.  You may also express that concern in writing. | No Code | CIGNA02392078 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. | No Code | CIGNA02392078 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | No Code | CIGNA02392078 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | No Code | CIGNA02392078 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network Services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | CIGNA02392078 |
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | No Code | CIGNA02392083 |
| Charges | The term 'charges' means the actual billed charges; except when the provider has contracted directly or indirectly with Cigna for a different amount. | HC-DFS3 04-10 V1 | CIGNA02392085 |
| Participating Provider | The term Participating Provider means a hospital, a Physician or any other health care practitioner or entity that has a direct or indirect contractual arrangement with Cigna to provide covered services with regard to a particular plan under which the participant is covered. | HC-DFS45 04-10 V1 | CIGNA02392090 |

Negron

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Charge | The amount the plan pays to Cigna, including the applicable dispensing fee and any applicable sales tax, for a Prescription Drug Product dispensed at a Network Pharmacy.  Cigna may pay a Network Pharmacy a different amount for a Prescription Drug Product than the plan pays to Cigna.  You are not entitled to the difference between the rate Cigna charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product.  For the purposes of Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible for funding benefits in accordance with the terms and conditions outlined in this booklet/certificate. | HC-DFS1022 09-17 | CIGNA02392091 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.<br><br>For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00000755 |
| Prescription Drug Benefits | When a Member shows his/her ID card at a participating pharmacy, the pharmacist will collect the appropriate copay and the Member won't have to file a claim.<br><br>Covered expenses will be limited to the cost of a generic drug if a generic drug is available. | No Code | CIGNA00000780-1 |
| How to File Claims | A claim for benefits and services that have been provided may be filed by a Member, beneficiary or Authorized Representative. An Authorized Representative means a person authorized in writing by the Member or a court of law to represent the member's interests for claim submission, pretreatment requests and appeals.<br><br>All claim forms include instructions on how to complete and submit a claim.  Members can request a claim form from the Plan Administrator or visit the website shown on the Member ID card.  Complete and accurate claim information is necessary to avoid claim processing delays.  Claim decisions will not exceed the time frames described below, unless the Member, beneficiary or Authorized Representative agrees to a longer period of time. | No Code | CIGNA00000786 |

Island Operating Co. 2010

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan. A Member may submit a claim for prescription drugs if:<br><br>A copay amount was charged that the Member believes to be incorrect; or<br><br>All or a portion of the cost of a prescription drug or supply is paid by the member at the time the drug or supply is dispensed and the Member wants to request reimbursement for the amount paid; or<br><br>Prescription drugs or supplies are purchased at a pharmacy that is not a participating pharmacy.<br><br>Claim forms are available from Member Services and from the Employer. If a Member decides to pay full price to purchase a drug or supply, the Member should submit a claim to the prescription drug benefits manager for processing. Benefits will be processed subject to the provisions of the Plan. This includes any deductible, copayment percentage, coverage limitations and benefit maximum. | No Code | CIGNA00000786 |
| If A Claim Is Denied | If benefits are denied, in whole or in part, CIGNA will send the Member a written or electronic notice within the established time periods described in How to File Claims. The member or Authorized representative may appeal the denial as described below. The adverse determination notice will include the reason(s) for the denial, reference to the Plan provision(s) on which the denial is based, whether additional information is needed to process the claim and why the information is needed, the claim appeal procedures and time limits, and the Member's right to bring civil action under ERISA Section 502(a) after the required Plan appeals have been exhausted. | No Code | CIGNA00000787 |

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Appeal of a Health Benefit Claim Denial | After receiving notice of a claim denial, in whole in part, the Member, the Member's beneficiary, provider or Authorized Representative can appeal a claim denial by submitting a written request within:<br><br>180 days of the date the notice of denial of the initial claim is received; or<br><br>60 days of the date the notice of the initial appeal decision is received.<br><br>Two appeals are required before the Member may bring civil action under ERISA Section 502(a) as described in the Statement of ERISA Rights. | No Code | CIGNA00000787 |
| Complaint Process | For concerns or complaints, contact Member Services at the phone number shown on the ID card.  Whether the issue involves health care or the administration of coverage, CIGNA's representatives will do what they can to make sure it's addressed.  No retaliatory action will be taken by CIGNA against the Member because of a complaint.  CIGNA's goal is for the Member to be completely satisfied with the measures taken to resolve the issue.  However, if a Member is not satisfied, CIGNA's representatives can help the Member begin the formal complaint process.  If the issue is not resolved to the Member's satisfaction, the Member may appeal. | No Code | CIGNA00000792 |
| Legal Actions | A Member may bring a legal action to recover under the Plan.  Such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00000792 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00000795 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Right to Appeal | You have the right to appeal any decision or action taken to deny, reduce, or terminate the provision of or payment for health care services covered by your Plan or to rescind your coverage. When a requested service or payment for the service has been denied, reduced or terminated based on a judgment as to the medical necessity, appropriateness, health care setting, level of care, or effectiveness of the health care service, you have the right to have the decision reviewed by an independent review organization not associated with CIGNA.

Except where life or health would be seriously jeopardized, you must first exhaust the internal appeal process set forth in your Plan before your request for an external independent review will be granted.

Your appeal rights are outlined in your Plan. | No Code | CIGNA00000869 |
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.

For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00000872 |
| Prescription Drug Benefits Summary | Covered expenses are subject to the Member cost share described here.  If the cost of a drug is less than the member's share, then the Member pays 100% of the cost of the drug.  If a prescription drug is not covered, the Member is responsible for 100% of the cost of the drug.  A prescription drug that is not covered may be available at a discounted price when the Member shows his/her ID card at a network pharmacy. | No Code | CIGNA00000879 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Retail Network Pharmacy | Includes a nationwide network of participating retail pharmacies. When a Member shows his/her ID card at a network pharmacy, the pharmacy will collect the appropriate Member cost share and the member won't have to file a claim. | No Code | CIGNA00000896 |
| Non-Network Pharmacy | A non-network pharmacy is one that is not a network pharmacy. | No Code | CIGNA00000896 |
| How to File Claims | A claim for benefits and services that have been provided may be filed by a Member, beneficiary or Authorized Representative. An Authorized Representative means a person authorized in writing by the Member or a court of law to represent the member's interests for claim submission, pretreatment requests and appeals.<br><br>All claim forms include instructions on how to complete and submit a claim.  Members can request a claim form from the Plan Administrator or visit the website shown on the Member ID card.  Complete and accurate claim information is necessary to avoid claim processing delays.  Claim decisions will not exceed the time frames described below, unless the Member, beneficiary or Authorized Representative agrees to a longer period of time. | No Code | CIGNA00000901 |

Island Operating Co. 2012

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan. A Member may submit a claim for prescription drugs if:<br><br>A copay amount was charged that the Member believes to be incorrect; or<br><br>All or a portion of the cost of a prescription drug or supply is paid by the member at the time the drug or supply is dispensed and the Member wants to request reimbursement for the amount paid; or<br><br>Prescription drugs or supplies are purchased at a pharmacy that is not a participating pharmacy.<br><br>Claim forms are available from Member Services and from the Employer. If a Member decides to pay full price to purchase a drug or supply, the Member should submit a claim to the prescription drug benefits manager for processing. Benefits will be processed subject to the provisions of the Plan. This includes any deductible, copayment percentage, coverage limitations and benefit maximum. | No Code | CIGNA00000901 |
| If A Claim Is Denied | If benefits are denied, in whole or in part, CIGNA will send the Member a written or electronic notice within the established time periods described in How to File Claims. The member or Authorized representative may appeal the denial as described below. The adverse determination notice will include the reason(s) for the denial, reference to the Plan provision(s) on which the denial is based, whether additional information is needed to process the claim and why the information is needed, the claim appeal procedures and time limits, and the Member's right to bring civil action under ERISA Section 502(a) after the required Plan appeals have been exhausted. | No Code | CIGNA00000902 |

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Appeal of a Health Benefit Claim Denial | After receiving notice of a claim denial, in whole in part, the Member, the Member's beneficiary, provider or Authorized Representative can appeal a claim denial by submitting a written request within:<br><br>180 days of the date the notice of denial of the initial claim is received; or<br><br>60 days of the date the notice of the initial appeal decision is received.<br><br>Two appeals are required before the Member may bring civil action under ERISA Section 502(a) as described in the Statement of ERISA Rights. | No Code | CIGNA00000902 |
| Complaint Process | For concerns or complaints, contact Member Services at the phone number shown on the ID card.  Whether the issue involves health care or the administration of coverage, CIGNA's representatives will do what they can to make sure it's addressed.  No retaliatory action will be taken by CIGNA against the Member because of a complaint.  CIGNA's goal is for the Member to be completely satisfied with the measures taken to resolve the issue.  However, if a Member is not satisfied, CIGNA's representatives can help the Member begin the formal complaint process.  If the issue is not resolved to the Member's satisfaction, the Member may appeal. | No Code | CIGNA00000907 |
| Legal Actions | A Member may bring a legal action to recover under the Plan. Such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00000907 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00000910 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.<br><br>For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00000976 |
| Prescription Drug Benefits Summary | Covered expenses are subject to the Member cost share described here.<br><br>In no event will the Member cost share exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established pharmacy retail case price, less all applicable customer discounts the pharmacy usually applies to its customers, regardless of the customer's payment source.<br><br>If the cost of a drug is less than the member's share, then the Member pays 100% of the cost of the drug.<br><br>If a prescription drug is not covered, the Member is responsible for 100% of the cost of the drug.  A prescription drug that is not covered may be available at a discounted price when the Member shows his/her ID card at a network pharmacy. | No Code | CIGNA00000983 |
| How does the plan work? | When you select a network provider from the PPO Network, this Plan pays a greater share of the costs than if you select a provider that is not a network provider. | No Code | CIGNA00000989 |

Island Operating Co. 2013

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Retail Network Pharmacy | Includes a nationwide network of participating retail pharmacies. When a Member shows his/her ID card at a network pharmacy, the pharmacy will collect the appropriate Member cost share and the member won't have to file a claim. | No Code | CIGNA00000998 |
| Non-Network Pharmacy | A non-network pharmacy is one that is not a network pharmacy. | No Code | CIGNA00000998 |
| How to File Claims | A claim for benefits and services that have been provided may be filed by a Member, beneficiary or Authorized Representative. An Authorized Representative means a person authorized in writing by the Member or a court of law to represent the member's interests for claim submission, pretreatment requests and appeals.<br><br>All claim forms include instructions on how to complete and submit a claim.  Members can request a claim form from the Plan Administrator or visit the website shown on the Member ID card.  Complete and accurate claim information is necessary to avoid claim processing delays.  Claim decisions will not exceed the time frames described below, unless the Member, beneficiary or Authorized Representative agrees to a longer period of time. | No Code | CIGNA00001004 |

Island Operating Co. 2013

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan.  A Member may submit a claim for prescription drugs if:<br><br>A copay amount was charged that the Member believes to be incorrect; or<br><br>All or a portion of the cost of a prescription drug or supply is paid by the member at the time the drug or supply is dispensed and the Member wants to request reimbursement for the amount paid; or<br><br>Prescription drugs or supplies are purchased at a pharmacy that is not a participating pharmacy.<br><br>Claim forms are available from Member Services and from the Employer.  If a Member decides to pay full price to purchase a drug or supply, the Member should submit a claim to the prescription drug benefits manager for processing.  Benefits will be processed subject to the provisions of the Plan.  This includes any deductible, copayment percentage, coverage limitations and benefit maximums. | No Code | CIGNA00001004 |
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may contact member Services at the he website or phone number shown on the Member ID card, explanation of benefits or claim form and explain your concern to a Member Services representative.  You may also express that concern in writing. | No Code | CIGNA00001007 |
| Appeals Procedure | To initiate an appeal you must submit a request for an appeal in writing to Cigna within 180 days of the date the notice of denial is received. | No Code | CIGNA00001007 |
| Appeals Procedure - Legal Action | You have the right to bring a civil action under ERISA Section 502(a) if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Level I and Level II appeal processes, as applicable. | No Code | CIGNA00001009 |

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Complaint Process | For concerns or complaints, contact Member Services at the phone number shown on the ID card.  Whether the issue involves health care or the administration of coverage, CIGNA's representatives will do what they can to make sure it's addressed.  No retaliatory action will be taken by CIGNA against the Member because of a complaint.  CIGNA's goal is for the Member to be completely satisfied with the measures taken to resolve the issue.  However, if a Member is not satisfied, CIGNA's representatives can help the Member begin the formal complaint process.  If the issue is not resolved to the Member's satisfaction, the Member may appeal. | No Code | CIGNA00001013 |
| Legal Actions | A Member may bring a legal action to recover under the Plan.  Such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00001013 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00001017 |

Island Operating Co. 2013

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.<br>o For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00000923 |
| Prescription Drug Benefits Summary | Covered expenses are subject to the Member cost share described here.<br><br>In no event will the Member cost share exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established pharmacy retail case price, less all applicable customer discounts the pharmacy usually applies to its customers, regardless of the customer's payment source.<br><br>If the cost of a drug is less than the member's share, then the Member pays 100% of the cost of the drug.<br><br>If a prescription drug is not covered, the Member is responsible for 100% of the cost of the drug.  A prescription drug that is not covered may be available at a discounted price when the Member shows his/her ID card at a network pharmacy. | No Code | CIGNA00000931-2 |
| How does the plan work? | When you select a network provider from the PPO Network, this Plan pays a greater share of the costs than if you select a provider that is not a network provider. | No Code | CIGNA00000938 |
| Retail Network Pharmacy | Includes a nationwide network of participating retail pharmacies.  When a Member shows his/her ID card at a network pharmacy, the pharmacy will collect the appropriate Member cost share and the member won't have to file a claim. | No Code | CIGNA00000947 |

Island Operating Co. 2014

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Non-Network Pharmacy | A non-network pharmacy is one that is not a network pharmacy. | No Code | CIGNA00000947 |
| How to File Claims | A claim form can be requested from the Plan Administrator, through the website address or by calling Member Services at the phone number shown on your ID card. | No Code | CIGNA00000952 |
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan.  A Member may submit a claim for prescription drugs if:<br><br>A copay amount was charged that the Member believes to be incorrect; or<br><br>All or a portion of the cost of a prescription drug or supply is paid by the member at the time the drug or supply is dispensed and the Member wants to request reimbursement for the amount paid; or<br><br>Prescription drugs or supplies are purchased at a pharmacy that is not a participating pharmacy.<br><br>Claim forms are available from Member Services and from the Employer.  If a Member decides to pay full price to purchase a drug or supply, the Member should submit a claim to the prescription drug benefits manager for processing.  Benefits will be processed subject to the provisions of the Plan.  This includes any deductible, copayment percentage, coverage limitations and benefit maximums. | No Code | CIGNA00000952 |
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may contact member Services at the he website or phone number shown on the Member ID card, explanation of benefits or claim form and explain your concern to a Member Services representative.  You may also express that concern in writing. | No Code | CIGNA00000954 |
| Internal Appeals Procedure | To initiate an appeal you must submit a request for an appeal in writing to Cigna within 180 days of the date the notice of denial is received.  If you are unable or choose not to write, you may ask Cigna to register your appeal by telephone.  Call Customer Service at the phone number shown on your ID card, explanation or benefits or claim form. | No Code | CIGNA00000955 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify Cigna's Appeals Coordinator within 4 months of receipt of Cigna's appeal review denial. | No Code | CIGNA00000955 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under ERISA Section 502(a) if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the appeal processes, as applicable. | No Code | CIGNA00000956 |
| Legal Actions | A Member may bring a legal action to recover under the Plan. Such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00000960 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00000962 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.<br><br>For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00001030 |
| Prescription Drug Benefits Summary | Covered expenses are subject to the Member cost share described here.<br><br>In no event will the Member cost share exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established pharmacy retail case price, less all applicable customer discounts the pharmacy usually applies to its customers, regardless of the customer's payment source.<br><br>If the cost of a drug is less than the member's share, then the Member pays 100% of the cost of the drug.<br><br>If a prescription drug is not covered, the Member is responsible for 100% of the cost of the drug.  A prescription drug that is not covered may be available at a discounted price when the Member shows his/her ID card at a network pharmacy. | No Code | CIGNA00001038 |
| How does the plan work? | When you select a network provider from the PPO Network, this Plan pays a greater share of the costs than if you select a provider that is not a network provider. | No Code | CIGNA00001044 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Retail Network Pharmacy | Includes a nationwide network of participating retail pharmacies. When a Member shows his/her ID card at a network pharmacy, the pharmacy will collect the appropriate Member cost share and the member won't have to file a claim. | No Code | CIGNA00001053 |
| Non-Network Pharmacy | A non-network pharmacy is one that is not a network pharmacy. | No Code | CIGNA00001053 |
| How to File Claims | A claim form can be requested from the Plan Administrator, through the website address or by calling Member Services at the phone number shown on your ID card. | No Code | CIGNA00001058 |
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan.  A claim for prescription drugs may be submitted if all or a portion of the cost of a prescription drug or supply is paid by you when the drug or supply is dispensed, and you want to request reimbursement for the amount paid.  Benefits will be processed subject to Plan provisions. | No Code | CIGNA00001058 |
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may contact member Services at the he website or phone number shown on the Member ID card, explanation of benefits or claim form and explain your concern to a Member Services representative.  You may also express that concern in writing. | No Code | CIGNA00001060 |
| Internal Appeals Procedure | To initiate an appeal you must submit a request for an appeal in writing to Cigna within 180 days of the date the notice of denial is received.  If you are unable or choose not to write, you may ask Cigna to register your appeal by telephone.  Call Customer Service at the phone number shown on your ID card, explanation or benefits or claim form. | No Code | CIGNA00001061 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).

To request a review, you must notify Cigna's Appeals Coordinator within 4 months of receipt of Cigna's appeal review denial. | No Code | CIGNA00001061 |

Island Operating Co. 2015

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under ERISA Section 502(a) if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the appeal processes, as applicable.  Legal action must be taken for network expenses within 3 years after a claim is submitted, and for expenses other than network expenses within 3 years after proof of claim is required under the Plan. | No Code | CIGNA00001062 |
| Legal Actions | A Member may bring a legal action to recover under the Plan.  Such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00001066 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00001069 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.

For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00001407 |
| Prescription Drug Benefits Summary | Covered expenses are subject to the Member cost share described here.

In no event will the Member cost share exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established pharmacy retail case price, less all applicable customer discounts the pharmacy usually applies to its customers, regardless of the customer's payment source.

If the cost of a drug is less than the member's share, then the Member pays 100% of the cost of the drug.

If a prescription drug is not covered, the Member is responsible for 100% of the cost of the drug.  A prescription drug that is not covered may be available at a discounted price when the Member shows his/her ID card at a network pharmacy. | No Code | CIGNA00001417-8 |
| How does the plan work? | When you select a network provider from the PPO Network, this Plan pays a greater share of the costs than if you select a provider that is not a network provider. | No Code | CIGNA00001424-5 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Retail Network Pharmacy | Includes a nationwide network of participating retail pharmacies. When a Member shows his/her ID card at a network pharmacy, the pharmacy will collect the appropriate Member cost share and the member won't have to file a claim. | No Code | CIGNA00001435 |
| Non-Network Pharmacy | A non-network pharmacy is one that is not a network pharmacy. | No Code | CIGNA00001435 |
| How to File Claims | A claim form can be requested from the Plan Administrator, through the website address or by calling Member Services at the phone number shown on your ID card. | No Code | CIGNA00001440 |
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan.  A claim for prescription drugs may be submitted if all or a portion of the cost of a prescription drug or supply is paid by you when the drug or supply is dispensed, and you want to request reimbursement for the amount paid.  Benefits will be processed subject to Plan provisions. | No Code | CIGNA00001435 |
| Start with Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may contact member Services at the he website or phone number shown on the Member ID card, explanation of benefits or claim form and explain your concern to a Member Services representative.  You may also express that concern in writing. | No Code | CIGNA00001442 |
| Internal Appeals Procedure | To initiate an appeal you must submit a request for an appeal in writing to Cigna within 180 days of the date the notice of denial is received.  If you are unable or choose not to write, you may ask Cigna to register your appeal by telephone.  Call Customer Service at the phone number shown on your ID card, explanation or benefits or claim form. | No Code | CIGNA00001443 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify Cigna's Appeals Coordinator within 4 months of receipt of Cigna's appeal review denial. | No Code | CIGNA00001443 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under ERISA Section 502(a) if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the appeal processes, as applicable.  Legal action must be taken for network expenses within 3 years after a claim is submitted, and for expenses other than network expenses within 3 years after proof of claim is required under the Plan. | No Code | CIGNA00001444 |
| Legal Actions | A Member may bring a legal action to recover under the Plan.  For legal actions not related to the Plan's Appeals Procedure, such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00001449 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00001452 |

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded medical and drug benefit Plan.  The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.<br><br>For initial claim determination, the Plan Administrator has the discretionary authority to determine eligibility and to interpret the Plan.  For claim appeals, the Plan Administrator has designated CIGNA as the appeals fiduciary.  CIGNA will have the discretionary authority to determine whether a claim should be paid or denied on appeal and according to the Plan provisions. | No Code | CIGNA00001084 |
| Prescription Drug Benefits Summary | You and your covered Dependent(s) (the Member) may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable deductible, copay or coinsurance.<br><br>In no event will the applicable copay or coinsurance paid by you and your covered Dependent(s) for the Prescription Drug or Related Supply exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established pharmacy retail cash price, less all applicable customer discounts the pharmacy usually applies to its customers, regardless of the customer's payment source. | No Code | CIGNA00001095-7 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Copays | A copay is the amount you and your covered Dependent(s) are required to pay for covered Prescription Drugs and Related Supplies charges under this Plan.<br><br>A charge is the amount charged by Cigna to the Plan when the Pharmacy is a Network Pharmacy, and it means the actual billed charges when the pharmacy is not a Network Pharmacy.<br><br>If the cost of a Prescription Drug or Related Supply is less than the copay, then you and your covered Dependent(s) pay 100% of the cost.<br><br>If a Prescription Drug or Related Supply is not covered, then you and your covered Dependent(s) are responsible for 100% of the cost. | No Code | CIGNA00001095 |
| Retail Network Pharmacy | This includes a nationwide network of retail Network Pharmacies. | No Code | CIGNA00001095-6 |
| Non-Network Pharmacy | A Non-Network Pharmacy is a Pharmacy that is not a Network Pharmacy. | No Code | CIGNA00001095 |
| How does the plan work? | When you select a network provider from the PPO Network, this Plan pays a greater share of the costs than if you select a provider that is not a network provider. | No Code | CIGNA00001103 |
| Prescription Drug Benefits | If you and your covered Dependent(s) (the Member), while covered by the Plan, incur expenses for Pharmacy charges for Medically Necessary Prescription Drugs or Related Supplies prescribed by a Doctor, the Plan will provide coverage for those eligible expenses shown on the Prescription Drug Benefits Summary and as described in this booklet.<br><br>Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the applicable copay or coinsurance shown on the Prescription Drug Benefits Summary, after you and your covered Dependent(s) satisfy any applicable deductible. | No Code | CIGNA00001114-5 |
| How to File Claims | A claim form can be requested from the Plan Administrator, through the website address or by calling Member Services at the phone number shown on your ID card. | No Code | CIGNA00001120 |

Island Operating Co. 2016

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits | A prescription given to a pharmacist is not a claim for benefits under the Plan.  A claim for prescription drugs may be submitted if all or a portion of the cost of a prescription drug or supply is paid by you when the drug or supply is dispensed, and you want to request reimbursement for the amount paid.  Benefits will be processed subject to Plan provisions. | No Code | CIGNA00001120 |
| Start with Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may contact member Services at the he website or phone number shown on the Member ID card, explanation of benefits or claim form and explain your concern to a Member Services representative.  You may also express that concern in writing. | No Code | CIGNA00001122 |
| Internal Appeals Procedure | To initiate an appeal you must submit a request for an appeal in writing to Cigna within 180 days of the date the notice of denial is received.  If you are unable or choose not to write, you may ask Cigna to register your appeal by telephone.  Call Customer Service at the phone number shown on your ID card, explanation or benefits or claim form. | No Code | CIGNA00001122 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).

To request a review, you must notify Cigna's Appeals Coordinator within 4 months of receipt of Cigna's appeal review denial. | No Code | CIGNA00001123 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under ERISA Section 502(a) if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the appeal processes, as applicable.  Legal action must be taken for network expenses within 3 years after a claim is submitted, and for expenses other than network expenses within 3 years after proof of claim is required under the Plan. | No Code | CIGNA00001123 |

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Legal Actions | A Member may bring a legal action to recover under the Plan. For legal actions not related to the Plan's Appeals Procedure, such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under the terms of the Plan. | No Code | CIGNA00001129 |
| Network Pharmacy | A retail Pharmacy with which Cigna has contracted to provide prescription services to Members, or a designated home delivery Pharmacy with which Cigna has contracted to provide home delivery prescription services to Members.  A home delivery Pharmacy is a Pharmacy that provides prescription services through mail order. | No Code | CIGNA00001132 |
| Plan | The medical and drug benefits described in this booklet. | No Code | CIGNA00001132 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. | HC-SPP1 04-10 V1 | CIGNA00036683 |
| How to File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 01-11 V11 | CIGNA00036686-7 |
| Open Access Plus Medical Benefits -- The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of Network.  To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.

Coinsurance
The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.

Copayments/Deductibles
Copayments are expenses to be paid by you or your Dependent for covered services.  Deductibles are also expenses to be paid by you or your Dependent.  Deductible amounts are separate from and not reduced by Copayments.  Copayments and Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00036689-704 |
| Prescription Drug Benefits -- The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products.  That portion includes any applicable Copayment, Deductible and/or Coinsurance.

As applicable, your Deductible or Coinsurance payment will be based on the Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and the usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA00036715 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drug Products that you or your Dependent are required to pay under this plan. | No Code | CIGNA00036715 |
| Charges | The term Charges means the Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and it means the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA00036715 |
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and are shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy for Medically necessary Prescription Drug Products ordered by a Physician, Cigna will provide coverage for those expenses as shown in The Schedule. | HC-PHR136 10-16 | CIGNA00036718 |
| Your Payments | Covered Prescription Drug Products purchased at a Pharmacy are subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule.  Please refer to The Schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of:<br><br>The Copayment or Coinsurance for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product. | HC-PHR138 10-16 | CIGNA00036720 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Retail Pharmacy | When you or your Dependents purchase your Prescription Drug Products through a retail Network Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase.  You do not need to file a claim form unless you purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | CIGNA00036721 |
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your ID card, explanation of benefits, or claim form and explain your concern to one of our Customer Service representatives.  You may also express that concern in writing. | HC-FED82 03-14 | CIGNA00036734 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. | HC-FED82 03-14 | CIGNA00036734-5 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).

To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | HC-FED82 03-14 | CIGNA00036735 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network Services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | CIGNA00036735 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 05-15 | CIGNA00036739 |
| Participating Provider | The term Participating Provider means a hospital, a Physician or any other health care practitioner or entity that has a direct or indirect contractual arrangement with Cigna to provide covered services with regard to a particular plan under which the participant is covered. | HC-DFS45 04-10 V1 | CIGNA00036747 |
| Prescription Drug Charge | The amount the plan pays to Cigna, including the applicable dispensing fee and any applicable sales tax, for a Prescription Drug Product dispensed at a Network Pharmacy. Cigna may pay a Network Pharmacy a different amount for a Prescription Drug Product than the plan pays to Cigna. | HC-DFS853 10-16 | CIGNA00036748 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. | HC-SPP1 04-10 V1 | CIGNA00036683 |
| How to File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM25 01-11 V11 | CIGNA00036686 |
| Open Access Plus Medical Benefits -- The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of Network.  To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.

Coinsurance
The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.

Copayments/Deductibles
Copayments are expenses to be paid by you or your Dependent for covered services.  Deductibles are also expenses to be paid by you or your Dependent.  Deductible amounts are separate from and not reduced by Copayments.  Copayments and Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00386689-704 |
| Prescription Drug Benefits -- The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products.  That portion includes any applicable Copayment, Deductible and/or Coinsurance.

As applicable, your Deductible or Coinsurance payment will be based on the Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and the usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA00036715-17 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drug Products that you or your Dependent are required to pay under this plan. | No Code | CIGNA00036715 |
| Charges | The term Charges means the Prescription Drug Charge when the Pharmacy is a Network Pharmacy, and it means the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy. | No Code | CIGNA00036715 |
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and are shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy for Medically necessary Prescription Drug Products ordered by a Physician, Cigna will provide coverage for those expenses as shown in The Schedule. | HC-PHR136 10-16 | CIGNA00036718 |
| Your Payments | Covered Prescription Drug Products purchased at a Pharmacy are subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule.  Please refer to The Schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of:<br><br>The Copayment or Coinsurance for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product. | HC-PHR138 10-16 | CIGNA00036720 |

Curol

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Retail Pharmacy | When you or your Dependents purchase your Prescription Drug Products through a retail Network Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase.  You do not need to file a claim form unless you purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | CIGNA00036721 |
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your ID card, explanation of benefits, or claim form and explain your concern to one of our Customer Service representatives.  You may also express that concern in writing. | HC-FED82 03-14 | CIGNA00036734 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. | HC-FED82 03-14 | CIGNA00036734 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | HC-FED82 03-14 | CIGNA00036735 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna until you have completed the Internal Appeals process.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network Services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | CIGNA00036736 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 05-15 | CIGNA00036739 |
| Participating Provider | The term Participating Provider means a hospital, a Physician or any other health care practitioner or entity that has a direct or indirect contractual arrangement with Cigna to provide covered services with regard to a particular plan under which the participant is covered. | HC-DFS45 04-10 V1 | CIGNA00036747 |
| Prescription Drug Charge | The amount the plan pays to Cigna, including the applicable dispensing fee and any applicable sales tax, for a Prescription Drug Product dispensed at a Network Pharmacy. Cigna may pay a Network Pharmacy a different amount for a Prescription Drug Product than the plan pays to Cigna. | HC-DFS853 10-16 | CIGNA000367478 |

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HP-SPP1 04-10 V1 | CIGNA00000008 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 06-11 | CIGNA00000009 |
| Open Access Plus Medical Benefits – The Schedule | For You and Your Dependents<br>To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Copayments/Deductibles<br>Copayments are expenses to be paid by you or your Dependent for covered services.  Deductibles are also expenses to be paid by you or your Dependent.  Deductible amounts are separate from and not reduced by Copayments.  Copayments and Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year." | No Code | CIGNA00000012-21 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment. | No Code | CIGNA00000031-2 |

Hampton 2012 (ASO1)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00000031 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA00000033 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable. | HC-PHR3 04-10 V2 | CIGNA00000034 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA00000034-5 |
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.<br><br>"If you are not satisfied with the results of a coverage decision, you may start the appeals procedure." | HC-FED34 04-11 | CIGNA00000048-9 |

Hampton 2012 (ASO1)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Appeals Procedure | CIGNA has a two-step appeals procedure for coverage decisions.  To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 365 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to r choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED34 04-11 | CIGNA00000049 |
| Level-One Appeal | For level-one appeals, we will respond in writing within 15 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination, and within 30 calendar days after we receive an appeal for a postservice coverage determination. | HC-FED34 04-11 | CIGNA00000049 |
| Level-Two Appeal | If you are dissatisfied with our level-one appeal decision, you may request a second review.  To initiate a level-two appeal, follow the same process required for a level-one appeal. | HC-FED34 04-11 | CIGNA00000049 |
| Indepenent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review you may request that your appeal be referred to an Independent Review Organization.<br><br>To request a review, you must notify the Appeals Coordinator within 180 days of your receipt of CIGNA's level-two appeal review denial. | HC-FED34 04-11 | CIGNA00000049-50 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .]. | HC-FED34 04-11 | CIGNA00000050 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the Level-One and Level-Two appeal processes.  If your appeal is expedited, there is no need to complete the Level-Two process prior to bringing legal action. | HC-FED34 04-11 | CIGNA00000050 |

Hampton 2012 (ASO1)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED25 10-10 | CIGNA00000054 |
| Charges | The term charges means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | CIGNA00000056 |
| Participating Pharmacies | The term Participating Pharmacy means a retail Pharmacy with which CIGNA has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which CIGNA has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA00000060 |

Hampton 2012 (ASO1)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA00000069 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 06-11 | CIGNA00000070 |
| Open Access Plus Medical Benefits – The Schedule | For You and Your Dependents<br>To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Copayments/Deductibles<br>Copayments are expenses to be paid by you or your Dependent for covered services.  Deductibles are also expenses to be paid by you or your Dependent.  Deductible amounts are separate from and not reduced by Copayments.  Copayments and Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year." | No Code | CIGNA00000073-82 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment. | No Code | CIGNA00000092-3 |

Hampton 2012 (ASO1A)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00000092 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA00000094 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable. | HC-PHR3 04-10 V2 | CIGNA00000095 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA00000095-6 |
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.

We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.

If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED34 04-11 | CIGNA00000109-10 |

Hampton 2012 (ASO1A)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Appeals Procedure | CIGNA has a two-step appeals procedure for coverage decisions.  To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 365 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to r choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED34 04-11 | CIGNA00000110 |
| Level-One Appeal | For level-one appeals, we will respond in writing within 15 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination, and within 30 calendar days after we receive an appeal for a postservice coverage determination. | HC-FED34 04-11 | CIGNA00000110 |
| Level-Two Appeal | If you are dissatisfied with our level-one appeal decision, you may request a second review.  To initiate a level-two appeal, follow the same process required for a level-one appeal. | HC-FED34 04-11 | CIGNA00000110 |
| Independent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review you may request that your appeal be referred to an Independent Review Organization.

To request a review, you must notify the Appeals Coordinator within 180 days of your receipt of CIGNA's level-two appeal review denial. | HC-FED34 04-11 | CIGNA00000110-11 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .]. | HC-FED34 04-11 | CIGNA00000110-11 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the Level-One and Level-Two appeal processes.  If your appeal is expedited, there is no need to complete the Level-Two process prior to bringing legal action. | HC-FED34 04-11 | CIGNA00000110-11 |

Hampton 2012 (ASO1A)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED25 10-10 | CIGNA00000115 |
| Charges | The term charges means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | CIGNA00000117 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which CIGNA has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which CIGNA has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA00000121 |

Hampton 2012 (ASO1A)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA00000143 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 01-11 V11 | CIGNA00000144-5 |
| Open Access Plus Medical Benefits – The Schedule | For You and Your Dependents<br>To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Deductibles<br>Deductibles are expenses to be paid by you or your Dependent. Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00000147-57 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00000167-8 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00000167 |

Hampton 2015 (ASO2)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Out-of-Pocket Maximum | Individual – Refer to the Medical Benefits Schedule<br>Family – Refer to the Medical Benefits Schedule | No Code | CIGNA00000167 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-COV1 06-14 V12 | CIGNA00000158-60 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.<br><br>In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual & Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR1 04-10 V2 | CIGNA00000169 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA00000170-1 |

Hampton 2015 (ASO2)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.<br><br>If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED60 03-14 | CIGNA00000184 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to r choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED60 03-14 | CIGNA00000184 |
| Independent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of CIGNA's level-two appeal review denial. | HC-FED60 03-14 | CIGNA00000184 |

Hampton 2015 (ASO2)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED60 03-14 | CIGNA00000185 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the appeal processes.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED60 03-14 | CIGNA00000185 |

Hampton 2015 (ASO2)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED68 08-14 M | CIGNA00000189 |
| Charges | The term charges means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | CIGNA00000190 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which CIGNA has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which CIGNA has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA00000194 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA00000203 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 01-11 V11 | CIGNA00000205 |
| Open Access Plus Medical Benefits – The Schedule | For You and Your Dependents<br>To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Deductibles<br>Deductibles are expenses to be paid by you or your Dependent. Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA00000208-18 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00000228-9 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00000228 |

Hampton 2016 (ASO3)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Out-of-Pocket Maximum | Individual – Refer to the Medical Benefits Schedule<br>Family – Refer to the Medical Benefits Schedule | No Code | CIGNA00000228 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 08-15 V7 | CIGNA00000230 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.<br><br>In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual & Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA00000230 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR3 04-10 V4 | CIGNA00000231 |

Hampton 2016 (ASO3)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start with Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.<br><br>If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED60 03-14 | CIGNA00000245 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to r choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED60 03-14 | CIGNA00000245 |
| Independent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of CIGNA's level-two appeal review denial. | HC-FED60 03-14 | CIGNA00000246 |

Hampton 2016 (ASO3)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED60 03-14 | CIGNA00000246 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the appeal processes.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED60 03-14 | CIGNA00000246 |

Hampton 2016 (ASO3)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 05-15 | CIGNA00000250 |
| Charges | The term charges means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | CIGNA00000252 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which CIGNA has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which CIGNA has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA00000255 |

Hampton 2016 (ASO3)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP1 04-10 V1 | CIGNA02987213 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 01-11 V11 | CIGNA02987215 |
| Open Access Plus Medical Benefits – The Schedule | For You and Your Dependents<br>To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Deductibles<br>Deductibles are expenses to be paid by you or your Dependent.  Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA02987217-29 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA02987239 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA02987239 |
| Out-of-Pocket Maximum | Individual – Refer to the Medical Benefits Schedule<br>Family – Refer to the Medical Benefits Schedule | No Code | CIGNA02987239 |

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 08-15 V7 | CIGNA02987241 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.

In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual & Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA02987242 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | No Code | CIGNA02987242-3 |

Hampton 2017 (ASO4)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.<br><br>If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED82 03-14 | CIGNA02987256 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to r choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED82 03-14 | CIGNA02987256-7 |
| Independent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of CIGNA's level-two appeal review denial. | HC-FED82 03-14 | CIGNA02987257 |

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED82 03-14 | CIGNA02987257 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the appeal processes.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | CIGNA02987257 |
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 5-15 | CIGNA02987261 |

Hampton 2017 (ASO4)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Charges | The term charges means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | CIGNA02987263 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which CIGNA has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which CIGNA has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA02987267 |

Hampton 2017 (ASO4)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP44 04-17 | CIGNA02986862 |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 01-11 V11 | CIGNA02986865 |
| Open Access Plus Medical Benefits – The Schedule | To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Deductible or Coinsurance.

Coinsurance
The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.

Deductibles
Deductibles are expenses to be paid by you or your Dependent. Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | CIGNA02986868-80 |
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products.

As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy. | No Code | CIGNA02986889-93 |
| Copayments (Copay) | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drug Products. | No Code | CIGNA02986889 |

Hampton 2018 (ASO5)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Out-of-Pocket Maximum | Individual – Refer to the Medical Benefits Schedule<br>Family – Refer to the Medical Benefits Schedule | No Code | CIGNA02986889 |
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and are shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-PHR136 10-16 | CIGNA02986894 |

Hampton 2018 (ASO5)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Your Payments | Covered Prescription Drug Products purchased at a Pharmacy are subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule. Please refer to The Schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product subject to a Copayment requirement will always be the lowest of:<br><br>The Copayment for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) Charge for the Prescription Drug Product.<br><br>The amount you or your Dependent pays for any excluded prescription Drug Product or other product or service will not be included in calculating any applicable plan Out-of-Pocket Maximum.  You are responsible for paying 100% of the cost (the amount the Pharmacy charges you) for any excluded Prescription Drug Product or other product, and any negotiated Prescription Drug Charge will not be available to you. | HC-PHR234 09-17 | CIGNA02986896 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | CIGNA02986897 |

Hampton 2018 (ASO5)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.<br><br>If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED82 03-14 | CIGNA02986911 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to or choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED82 03-14 | CIGNA02986911-2 |
| Independent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of CIGNA's level-two appeal review denial. | HC-FED82 03-14 | CIGNA02986912 |

Hampton 2018 (ASO5)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED82 03-14 | CIGNA02986912 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the appeal processes.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | CIGNA02986913 |

Hampton 2018 (ASO5)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 5-15 | CIGNA02986916 |
| Charges | The term 'charges' means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | CIGNA02986919 |
| Participating Provider | The term Participating Provider means a hospital, a Physician or any other health care practitioner or entity that has a direct or indirect contractual arrangement with CIGNA to provide covered services with regard to a particular plan under which the participant is covered. | HC-DFS45 04-10 V1 | CIGNA02986924 |
| Prescription Drug Charge | The amount Cigna charges to the Plan, including the applicable dispensing fee and any applicable sales tax and prior to application of any Deductible, Copayment or Coinsurance amounts, for a Prescription Drug Product dispensed at a network Pharmacy. Cigna may pay a Network Pharmacy a different amount for a prescription Drug Product than the Plan pays to Cigna. You are not entitled to the difference between the rate Cigna charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product. For the purposes of Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible for funding benefits in accordance with the terms and conditions outlined in this booklet/certificate. | HC-DFS1022 09-17 | CIGNA02986924 |

Hampton 2018 (ASO5)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Usual & Customary Charge | The usual fee that a Pharmacy charges individuals for a Prescription Drug Product (and any services related to the dispensing thereof) without reference to reimbursement to the Pharmacy by third parties. The usual and Customary (U&C) Charge includes a dispensing fee and any applicable sales tax. | HC-DFS861 10-16 | CIGNA02986927 |

Hampton 2018 (ASO5)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider.  Participating Providers include Physicians, Hospitals and Other Health Care Professionals and Other Health Care Facilities. | HC-SPP44 04-17 | |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to CIGNA for reimbursement. | HC-CLM25 01-11 V11 | |
| Open Access Plus Medical Benefits – The Schedule | To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.

Coinsurance
The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.

Copayments/Deductibles
Copayments are expenses to be paid by you or your Dependent for covered services.  Deductibles are also expenses to be paid by you or your Dependent.  Deductible amounts are separate from and not reduced by Copayments.  Copayment sand Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your fmaily need not satisfy any further medical deductible for the rest of that year. | No Code | |

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products.<br><br>As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy. | No Code | |
| Copayments (Copay) | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drug Products. | No Code | |
| Out-of-Pocket Maximum | Individual – Refer to the Medical Benefits Schedule<br>Family – Refer to the Medical Benefits Schedule | No Code | |
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and are shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, CIGNA will provide coverage for those expenses as shown in the Schedule. | HC-PHR136 10-16 | |

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Your Payments | Covered Prescription Drug Products purchased at a Pharmacy are subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule. Please refer to The Schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product subject to a Copayment requirement will always be the lowest of:<br><br>The Copayment for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) Charge for the Prescription Drug Product.<br><br>The amount you or your Dependent pays for any excluded prescription Drug Product or other product or service will not be included in calculating any applicable plan Out-of-Pocket Maximum.  You are responsible for paying 100% of the cost (the amount the Pharmacy charges you) for any excluded Prescription Drug Product or other product, and any negotiated Prescription Drug Charge will not be available to you. | HC-PHR234 09-17 | |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form unless you purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | |

Hampton 2019 (ASO6)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.<br><br>If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED82 03-14 | |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to CIGNA within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable to or choose not to write, you may ask CIGNA to register your appeal by telephone. | HC-FED82 03-14 | |
| Independent Review Procedure | If you are not fully satisfied with the decision of CIGNA's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of CIGNA's level-two appeal review denial. | HC-FED82 03-14 | |

Hampton 2019 (ASO6)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED82 03-14 | |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the appeal processes.  However, no action will be brought at all unless brought within three years after proof of claim is required under the Plan.  However, no action will be brought at all unless brought within 3 years after a claim is submitted for In-Network services or within three years after proof of claim is required under the Plan for Out-of-Network services. | HC-FED82 03-14 | |

Hampton 2019 (ASO6)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments.  The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED72 5-15 | |
| Charges | The term 'charges' means the actual billed charges; except when the provider has contracted directly or indirectly with CIGNA for a different amount. | HC-DFS3 04-10 V1 | |
| Participating Provider | The term Participating Provider means a hospital, a Physician or any other health care practitioner or entity that has a direct or indirect contractual arrangement with CIGNA to provide covered services with regard to a particular plan under which the participant is covered. | HC-DFS45 04-10 V1 | |
| Prescription Drug Charge | The amount Cigna charges to the Plan, including the applicable dispensing fee and any applicable sales tax and prior to application of any Deductible, Copayment or Coinsurance amounts, for a Prescription Drug Product dispensed at a network Pharmacy. Cigna may pay a Network Pharmacy a different amount for a prescription Drug Product than the Plan pays to Cigna. You are not entitled to the difference between the rate Cigna charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product. For the purposes of Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible for funding benefits in accordance with the terms and conditions outlined in this booklet/certificate. | HC-DFS1022 09-17 | |

Hampton 2019 (ASO6)

Perry

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Usual & Customary Charge | The usual fee that a Pharmacy charges individuals for a Prescription Drug Product (and any services related to the dispensing thereof) without reference to reimbursement to the Pharmacy by third parties. The usual and Customary (U&C) Charge includes a dispensing fee and any applicable sales tax. | HC-DFS861 10-16 | |

Hampton 2019 (ASO6)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA01715941-2 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA01715941 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA01715943 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable.  Please refer to the schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.

In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA01715943-4 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related Supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase. You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA01715945 |

Blocker

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.  If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED38 04-12 | CIGNA01715955 |
| Appeals Procedure | Cigna has a two-step appeals procedure for coverage decisions. To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 365 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal.  If you are unable to or choose not to write, you may ask Cigna to register your appeal by telephone. Call or write us at the toll-free number on your Benefit Identification card, explanation of benefits, or claim form. | HC-FED38 04-12 | CIGNA01715955 |
| Level-One Appeal | For level-one appeals, we will respond in writing within 15 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination, and within 30 calendar days after we receive an appeal for a postservice coverage determination. | HC-FED38 04-12 | CIGNA01715955-6 |
| Level-Two Appeal | If you are dissatisfied with our level-one appeal decision, you may request a second review.  To initiate a level-two appeal, follow the same process required for a level-one appeal.<br><br>For required preservice and concurrent care coverage determinations the Committee review will be completed within 15 calendar days and for post service claims, the Committee review will be completed within 30 calendar days. | HC-FED38 04-12 | CIGNA01715956 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Independent Review Procedure | If you are not fully satisfied with the decision of Cigna's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization.<br><br>To request a review, you must notify the Appeals Coordinator within 180 days of your receipt of Cigna's level-two appeal review denial. | HC-FED38 04-12 | CIGNA01715956 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED38 04-12 | CIGNA01715956-7 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the Level-One and Level-Two appeal processes. | HC-FED38 04-12 | CIGNA01715957 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which Cigna has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which Cigna has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA01715961 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA01707159 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA01707159 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA01707161 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable.  Please refer to the schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.<br><br>In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and ustomary (U&C) charge.  Usual and Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA01707161-2 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related Supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA01707163 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.  If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED38 4-12 | CIGNA01707173 |
| Appeals Procedure | Cigna has a two-step appeals procedure for coverage decisions. To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 365 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal.  If you are unable to or choose not to write, you may ask Cigna to register your appeal by telephone. Call or write us at the toll-free number on your Benefit Identification card, explanation of benefits, or claim form. | HC-FED38 4-12 | CIGNA01707173 |
| Level-One Appeal | For level-one appeals, we will respond in writing within 15 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination, and within 30 calendar days after we receive an appeal for a postservice coverage determination. | HC-FED38 4-12 | CIGNA01707173-4 |
| Level-Two Appeal | If you are dissatisfied with our level-one appeal decision, you may request a second review.  To initiate a level-two appeal, follow the same process required for a level-one appeal.<br><br>For required preservice and concurrent care coverage determinations the Committee review will be completed within 15 calendar days and for post service claims, the Committee review will be completed within 30 calendar days. | HC-FED38 4-12 | CIGNA01707174 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Independent Review Procedure | If you are not fully satisfied with the decision of Cigna's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization.<br><br>To request a review, you must notify the Appeals Coordinator within 180 days of your receipt of Cigna's level-two appeal review denial. | HC-FED38 4-12 | CIGNA01707174 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED38 4-12 | CIGNA01707174-5 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the Level-One and Level-Two appeal processes. | HC-FED38 4-12 | CIGNA01707175 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which Cigna has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which Cigna has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA01707179 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA01707196-7 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA01707196 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 04-10 V2 | CIGNA01707198 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable.  Please refer to the schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.<br><br>In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA01707198-9 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related Supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase. You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA01707200 |
| Start With Member Services | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.  If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED38 04-12 | CIGNA01707210 |
| Appeals Procedure | Cigna has a two-step appeals procedure for coverage decisions. To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 365 days of receipt of a denial notice.  You should state the reason why you feel your appeal should be approved and include any information supporting your appeal.  If you are unable to or choose not to write, you may ask Cigna to register your appeal by telephone. Call or write us at the toll-free number on your Benefit Identification card, explanation of benefits, or claim form. | HC-FED38 04-12 | CIGNA01707210 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Level-One Appeal | For level-one appeals, we will respond in writing within 15 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination, and within 30 calendar days after we receive an appeal for a postservice coverage determination. | HC-FED38 04-12 | CIGNA01707210-1 |
| Level-Two Appeal | If you are dissatisfied with our level-one appeal decision, you may request a second review.  To initiate a level-two appeal, follow the same process required for a level-one appeal.<br><br>For required preservice and concurrent care coverage determinations the Committee review will be completed within 15 calendar days and for post service claims, the Committee review will be completed within 30 calendar days. | HC-FED38 04-12 | CIGNA01707211 |
| Independent Review Procedure | If you are not fully satisfied with the decision of Cigna's level-two appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization.<br><br>To request a review, you must notify the Appeals Coordinator within 180 days of your receipt of Cigna's level-two appeal review denial. | HC-FED38 04-12 | CIGNA01707211 |

Cobb Cty. 2014 (ASO5)

Blocker

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED38 04-12 | CIGNA01707211-2 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the Level-One and Level-Two appeal processes. | HC-FED38 04-12 | CIGNA01707212 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which Cigna has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which Cigna has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA01707216 |

Blocker

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA01716190 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA01716190 |
| Out-of-Pocket Expenses | Out-of-Pocket Expenses are Covered Expenses incurred at a Pharmacy for Prescription Drugs and Related Supplies for which no payment is provided because of the Coinsurance factor and any Copayments or Deductibles.  When the Out-of-Pocket maximum shown in The Schedule is reached, benefits are payable at 100%. | No Code | CIGNA01716190 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | CIGNA00024202 |
| Copayments | Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drugs and Related Supplies. | No Code | CIGNA00024202-3 |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR1 08-15 V7 | CIGNA00024204 |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable.  Please refer to the schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable.

In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge.  Usual and Customary (U&C) means the established Pharmacy retail cash price, less all applicable customer discounts that Pharmacy usually applies to its customers regardless of the customer's payment source. | HC-PHR3 04-10 V4 | CIGNA00024204-5 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related Supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase. You do not need to file a claim form unless you are unable to purchase Prescription Drugs at a Participating Pharmacy for Emergency Services. | HC-PHR5 04-10 V2 | CIGNA00024206 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, contractual benefits, or a rescission of coverage, you may call the toll-free number on your Benefit Identification card, explanation of benefits, or claim form and explain your concern to one of our Member Services representatives.  You may also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.  If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-FED60 03-14 | CIGNA00024214 |
| Internal Appeals Procedure | To initiate an appeal, you must submit a request for an appeal in writing to Cigna within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal.<br><br>We will respond in writing with a decision within 30 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination or a postservice Medical Necessity determination.  We will respond within 60 calendar days after we receive an appeal for any other postservice coverage determination. | HC-FED60 03-14 | CIGNA00024214-5 |
| External Review Procedure | If you are not fully satisfied with the decision of Cigna's internal appeal review and the appeal involves medical judgment or a rescission of coverage, you may request that your appeal be referred to an Independent Review Organization (IRO).<br><br>To request a review, you must notify the Appeals Coordinator within 4 months of your receipt of Cigna's appeal review denial. | HC-FED60 03-14 | CIGNA00024215 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-FED60 03-14 | CIGNA00024215 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against CIGNA until you have completed the Level-One and Level-Two appeal processes. | HC-FED60 03-14 | CIGNA00024215 |
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which Cigna has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which Cigna has contracted to provide home delivery prescription services to insureds.  A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | CIGNA00024220 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Prescription Drug Benefits – The Schedule | This plan provides Prescription Drug benefits for Prescription Drug Products provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products.  That portion includes any applicable Copayment, Deductible and/or Coinsurance.<br><br>As applicable, your Deductible or Coinsurance payment will be based on the Prescription Drug Charge when the Pharmacy is a Network Pharmacy. | No Code | CIGNA01707248-50 |
| Copayments | ☐ Copayments are expenses to be paid by you or your Dependent for Covered Prescription Drug Products. | No Code | CIGNA01707248 |
| Covered Expenses | Your plan provides benefits for Prescription Drug Products dispensed by a Pharmacy.  Details regarding your plan's Covered Expenses, Limitations and Exclusions are provided below and are shown in The Schedule.<br><br>If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule.  Your benefits may vary depending on which of the Prescription Drug List tiers the Prescription Drug Product is listed, or the Pharmacy that provides the Prescription Drug Product. | HC-PHR136 10-16 | CIGNA01707251 |

Blocker

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Your Payments | Covered Prescription Drug Products purchased at a Pharmacy are subject to any applicable Deductible, Copayments or Coinsurance shown in The Schedule.  Please refer to the schedule for any required Copayments, Coinsurance, Deductibles or Out-of-Pocket Maximums if applicable.<br><br>After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of:<br><br>The Copayment or Coinsurance for the Prescription Drug Product; or<br><br>The Prescription Drug Charge for the Prescription Drug Product; or<br><br>The Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product. | HC-PHR138 10-16 | CIGNA01707252-3 |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drug Products through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in The Schedule at the time of purchase.  You do not need to file a claim form unless you are unable to purchase a Prescription Drug Product at a non-Network Pharmacy. | HC-PHR140 10-16 | CIGNA01707255 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Start With Customer Service | If you have a concern regarding a person, a service, the quality of care, you can call our toll-free number and explain your concern to one of our Customer Service representatives. Please call us at the Customer Service Toll-Free Number that appears on your Benefit Identification card, explanation of benefits or claim form.<br><br>We will do our best to resolve the matter on your initial contact. If we need more time to review or investigate your concern, we will get back to you as soon as possible, but in any case within 30 days.  If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-APL46 05-14 V2 | CIGNA01707265 |
| Appeals Procedure | Cigna has a two step appeals procedure for coverage decisions.  To initiate an appeal, you must submit a request for an appeal in writing, within 365 days of receipt of a denial notice, to the following address: […].<br><br>You should state the reason why you feel your appeal should be approved an include any information supporting your appeal. If you are unable or choose not to write, you may ask to register your appeal by telephone.  Call us at the toll-free number on your Benefit Identification card, explanation of benefits or claim form. | HC-APL46 05-14 V2 | CIGNA01707265 |
| Level-One Appeal | For level-one appeals, we will respond in writing with a decision within 15 calendar days after we receive an appeal for a required preservice or concurrent care coverage determination (decision).  We will respond within 30 calendar days after we receive an appeal for a postservice coverage determination. | HC-APL46 05-14 V2 | CIGNA01707266 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Level-Two Appeal | If you are dissatisfied with our level one appeal decision, you may request a second review.  To start a level two appeal, follow the same process required for a level one appeal.<br><br>For required preservice and concurrent care coverage determinations, the Committee review will be completed within 15 calendar days.  For postservice claims, the Committee review will be completed within 30 calendar days. | HC-APL46 05-14 V2 | CIGNA01707266 |
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include: [. . .] a statement describing any voluntary appeal procedures offered by the plan and the claimant's right to bring an action under ERISA section 502(a) [. . .].<br><br>You also have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the decision on review.  You or your plan may have other voluntary alternative dispute resolution options such as Mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance regulatory agency.  You may also contact the Plan Administrator. | HC-APL46 05-14 V2 | CIGNA01707266-7 |
| Legal Action | If your plan is governed by ERISA, you have the right to bring a civil action under section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure.  In most instances, you may not initiate a legal action against Cigna in federal court until you have completed the level one and level two Appeal processes. | HC-APL46 05-14 V2 | CIGNA01707267 |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Network Pharmacy | A retail or home delivery Pharmacy that has:<br><br>Entered into an agreement with Cigna or an entity contracting on Cigna's behalf to provide Prescription Drug Products to plan enrollees.<br><br>Agreed to accept specified reimbursement rates for dispensing Prescription Drug Products.<br><br>Been designated as a Network Pharmacy for the purposes of coverage under your Employer's plan. | HC-DFS849 10-16 | CIGNA01707270 |
| Prescription Drug Charge | The amount the plan pays to Cigna, including the applicable dispensing fee and any applicable sales tax, for a Prescription Drug Product dispensed at a Network Pharmacy.  Cigna may pay a Network Pharmacy a different amount for a Prescription Drug Product than the plan pays to Cigna. | HC-DFS853 10-16 | CIGNA01707270 |
| Usual & Customary (U&C) Charge | The usual fee that a Pharmacy charges individuals for a Prescription Drug Product (and any services related to the dispensing thereof) without reference to reimbursement to the Pharmacy by third parties.  The Usual and Customary (U&C) Charge includes a dispensing fee and any applicable sales tax. | HC-DFS861 10-16 | CIGNA01707272 |

Gallagher

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Deductible | There is a combined deductible of $25 per covered individual/$75 per family every year, for the retail and mail order services under the Medco Pharmacy Program. Each family member must meet the individual deductible amount unless the family deductible has already been met. | No Code | CIGNA00383368 |
| Out-of-Pocket Maximum | The out-of-pocket maximum is the amount you will pay before the Plan pays 100% of your prescription expenses for the rest of the calendar year.  There is a combined out-of-pocket maximum of $2,000 per covered individual/$3,000 per family every year for the retail and mail order services under the Medco Pharmacy Program. | No Code | CIGNA00383369 |
| Coinsurance/Copayment | Present your ID card at the time of purchase and the pharmacist will use an automated system to verify your coverage and prescription cost.

There are no claim forms to fill out unless you purchase the drug at a non-participating pharmacy. | No Code | CIGNA00383369-70 |
| Procedure for Claims Other than Group Health or Disability | If you believe you are entitled to a benefit other than a Group Health or Disability Benefit and you have not been notified that one is payable, or if you disagree with the amount of the benefit that is payable, you may file a written claim with the appropriate Plan's Claims Administrator.

If a claim is denied in part or in whole, you, your dependent, or your beneficiary will receive written notification from the Plan's Claims Administrator.

An appeal on claim decisions under the Flexible Benefits Plans is made to the Administrative Committee of Siemens Corporation.  The appeal must be submitted within 60 days after the date you receive a denial, by writing … | No Code | CIGNA00383378-9 |

Siemens 2008

Gallagher

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Special Plan Provisions | When you select a Participating Provider, this Plan pays a greater share of the costs than if you select a non-Participating Provider. | HC-SPP1 04-10 V1 | |
| How To File Your Claim | There's no paperwork for In-Network care.  Just show your identification card and pay your share of the cost, if any; your provider will submit a claim to Cigna for reimbursement. | HC-CLM1 04-10 V6 | |
| Open Access Plus Medical Benefits -- The Schedule | Open Access Plus Medical Benefits provide coverage for care In-Network and Out-of-Network.  To receive Open Access Plus Medical Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for services and supplies.  That portion is the Copayment, Deductible or Coinsurance.<br><br>Coinsurance<br>The term Coinsurance means the percentage of charges for Covered Expenses that an insured person is required to pay under the plan.<br><br>Copayments/Deductibles<br>Copayments are expenses to be paid by you or your Dependent for covered services.  Deductibles are also expenses to be paid by your or your Dependent.  Deductible amounts are separate from and not reduced by Copayments.  Copayments and Deductibles are in addition to any Coinsurance.  Once the Deductible maximum in The Schedule has been reached, you and your family need not satisfy any further medical deductible for the rest of that year. | No Code | |
| Prescription Drug Benefits -- The Schedule | This plan provides Prescription Drug benefits for Prescription Drugs and Related Supplies provided by Pharmacies as shown in this Schedule.  To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for the Prescription Drugs and Related Supplies.  That portion includes any applicable Copayment, Deductible and/or Coinsurance. | No Code | |

Sivantos 2015 (CN004)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Coinsurance | The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan. | No Code | |
| Charges | The term Charges means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company with respect to Participating Pharmacies, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy. | No Code | |
| Out-of-Pocket Expenses | Out-of-Pocket Expenses are Covered Expenses incurred at a Pharmacy for Prescription Drugs and Related Supplies for which no payment is provided because of the Coinsurance factor and any Copayments or Deductibles.  When the Out-of-Pocket maximum shown in The Schedule is reached, benefits are payable at 100%. | No Code | |
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR16 04-10 V1 M | |
| Your Payments | Coverage for Prescription Drugs and Related Supplies purchased at a Pharmacy is subject to the Copayment or Coinsurance shown in the Schedule, after you have satisfied your Prescription Drug Deductible, if applicable. In no event will the Copayment exceed the retail cost of the Prescription Drug or Related Supply.  Please refer to the Schedule for any required Copayments, Coinsurance, Deductibles or Maximums if applicable. | HC-PHR18 04-10 V1 | |
| Reimbursement/Filing a Claim | When you or your Dependents purchase your Prescription Drugs or Related supplies through a retail Participating Pharmacy, you pay any applicable Copayment, Coinsurance or Deductible shown in the Schedule at the time of purchase.  You do not need to file a claim form. | HC-PHR5 04-10 V2 | |

Sivantos 2015 (CN004)

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Discretionary Authority | The plan Administrator delegates to CIGNA the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan.  Such discretionary authority is intended to include, but not limited to, the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CIGNA the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative. | HC-FED68 08-14 | |
| Start with Member Services | If you have a specific concern or complaint regarding a person, a service, the quality of care, choice of or access to providers, provider network adequacy or contractual benefits, you or your designated representative (including your treating Provider) can call our toll-free number and explain your concern to one of our Customer Service representatives.  You can also express that concern in writing.<br><br>We will do our best to resolve the matter on your initial contact.<br><br>If you are not satisfied with the results of a coverage decision, you may start the appeals procedure. | HC-APL26 04-10 V1 | |
| Administrative Appeals Procedure | Cigna has a two step appeals procedure for coverage decisions. To initiate an Administrative appeal, you must submit a request for an appeal in writing within 180 days of receipt of a denial notice. You should state the reason why you feel your appeal should be approved and include any information supporting your appeal. If you are unable or choose not to write, you may ask to register your appeal by calling the toll-free number on your Benefit Identification card. | HC-APL26 04-10 V1 | |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Level One Appeal | For level one appeals, we will acknowledge in writing that we have received your request within 10 business days and respond in writing with a decision within 30 calendar days after we receive an appeal for a post-service coverage determination or within 15 calendar days for a pre-service coverage determination. | HC-APL26 04-10 V1 | |
| Level Two Appeal | If you are dissatisfied with our level one appeal decision, you may request a second review. To initiate a level two appeal, follow the same process required for a level one appeal, except that such a request must be submitted within 60 days from your receipt of a Level One Appeal decision.<br><br>Receipt of requests for a second review will be acknowledged in writing within 10 business days. Post-service requests will be completed within 30 calendar days, while most pre-service requests will be completed within 15 calendar days. | HC-APL26 04-10 V1 | |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Notice of Benefit Determination on Appeal | Every notice of a determination on appeal will be provided in writing or electronically and, if an adverse determination, will include:<br>the specific reason or reasons for the adverse determination;<br><br>reference to the specific plan provisions on which the determination is based;<br><br>a statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to and copies of all documents, records, and other Relevant Information as defined;<br><br>a statement describing:<br><br>the procedure to initiate the next level of appeal;<br><br>any voluntary appeal procedures offered by the plan; and<br><br>the claimant's right to bring an action under ERISA section 502(a); [...].<br><br>You also have the right to bring a civil action under Section 502(a) of ERISA if you are not satisfied with the Level Two Appeal decision (or with the Level One Appeal decision if expedited). You or your plan may have other voluntary alternative dispute resolution options such as Mediation. One way to find out what may be available is to contact your local U.S. Department of Labor office and your State insurance | HC-APL26 04-10 V1 | |
| Legal Action Following Appeals | If your plan is governed by ERISA, you have the right to bring a civil action in federal court under Section 502(a) of ERISA if you are not satisfied with the outcome of the Appeals Procedure. In most instances, you may not initiate a legal action against Cigna until you have completed the Level One and Level Two Appeal processes. | HC-APL26 04-10 V1 | |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Participating Pharmacy | The term Participating Pharmacy means a retail Pharmacy with which Cigna has contracted to provide prescription services to insureds, or a designated home delivery Pharmacy with which Cigna has contracted to provide home delivery prescription services to insureds. A home delivery Pharmacy is a Pharmacy that provides Prescription Drugs through mail order. | HC-DFS60 04-10 V1 | |

| Name of Provision | Text of Provision | Template Code | Bates Number |
|---|---|---|---|
| Covered Expenses | If you or any one of your Dependents, while insured for Prescription Drug Benefits, incurs expenses for charges made by a Pharmacy, for Medically Necessary Prescription Drugs or Related Supplies ordered by a Physician, Cigna will provide coverage for those expenses as shown in the Schedule. | HC-PHR16 04-10V1 | |

**VERIFICATION TO FOLLOW**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2019, a copy of the foregoing Objections and Responses of Defendant Cigna Health and Life Insurance Company to Plaintiffs' (1) Fourth Set of Interrogatories, and (2) Third Set of Requests for Production was served via electronic mail on all counsel of record.

*/s/ Eleanor R. Farrell*
Eleanor R. Farrell

# EXHIBIT B

**Filed Under Seal**

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated, | Civil No. 16-cv-1702 (JAM) |
| Plaintiffs, | |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al. | February 13, 2020 |
| Defendants. | |

**OBJECTIONS AND RESPONSES OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, Defendant Cigna Health and Life Insurance Company ("CHLIC"), by and through its undersigned counsel, hereby provides its objections and responses to Interrogatory No. 1 of Plaintiffs' Sixth Set of Interrogatories (the "Interrogatories").[1]  CHLIC reserves the right to supplement or amend its objections and these responses (the "Responses") as may be necessary or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1.     The Responses are made solely for the purpose of the Action and are not to be used in connection with any other action.

---

[1] Cigna Corporation has been dismissed from the Action, so these Responses are made by and on behalf of CHLIC only.

2.      The Responses reflect CHLIC's knowledge, information, and belief as of this date.  CHLIC may engage in further investigation, discovery, and analysis, which may lead to changes in CHLIC's Responses herein.  Such investigation and discovery are continuing, and CHLIC specifically reserves the right to supplement its Responses as necessary.

3.      No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any documents, information, or the truth of any "facts" set forth or assumed in any Interrogatory.

4.      CHLIC will make reasonable efforts to respond to every Interrogatory, to the extent the Interrogatory has not been objected to, as CHLIC understands and interprets the Interrogatory.  In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory that differs from that of CHLIC, CHLIC reserves the right to amend and/or supplement its Response, but undertakes no obligation to do so.

5.      In responding to Plaintiffs' Interrogatories, CHLIC does not waive, and hereby expressly reserves, (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories; (b) its right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories at any hearing, trial, or other point during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories.  The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

## OBJECTIONS AND RESPONSES TO
## <u>PLAINTIFFS' SIXTH SET OF INTERROGATORIES</u>

**<u>Interrogatory No. 1:</u>** For the period beginning on October 13, 2010 and continuing to the present, identify each plan and certificate that contain both of the following clauses: (1) "Charges means the discounted amount that the pharmacy benefits manager makes available" and (2) "Coinsurance means the percentage of Charges for covered Prescription Drugs"; and for each identified plan/certificate provide the account number, account name, document type, CN Number (as used in the previously produced "DST Reports"), funding arrangement, date plan/certificate went into effect, date plan/certificate came out of effect, and Group ID (which should include the Benefit Option/Plan of Benefit).

## <u>RESPONSE:</u>

1.      CHLIC reasserts and incorporates its Preliminary Statement as set forth above.

CHLIC objects to this Interrogatory because Plaintiffs have already exceeded the 40

interrogatories permitted by the Amended Stipulated Joint Case Management Plan [Docket No.

192] entered by the Court.  CHLIC further objects to this Interrogatory on the ground that it is

overly broad, unduly burdensome, and seeks information that is irrelevant to this Action and not

proportional to the needs of the case.  Among other things, this Interrogatory seeks information

about thousands of plans containing certain coinsurance plan provisions, but Plaintiffs' Second

Amended Complaint makes clear that "coinsurance claims . . . are not part of the class claims."

*See* Sec. Am. Compl. ¶ 29.  CHLIC further objects to this Interrogatory to the extent that it seeks

discovery that is equally available to Plaintiffs – in particular, CHLIC has already produced plan

and related documents and other information that contain information sought by this

Interrogatory.

Subject to and without waiving these objections, CHLIC directs Plaintiffs to the

following documents and data pursuant to Federal Rule of Civil Procedure 33(d):  (1) the plan

and related documents that CHLIC has produced in this Action containing the phrases "Charges

means the discounted amount that the pharmacy benefits manager makes available" and

3

"Coinsurance means the percentage of Charges for covered Prescription Drugs," and (2) the DST

Report that CHLIC produced on May 15, 2019 for plan and related documents in the DST

system that have the phrase "Charges means the discounted amount that the pharmacy benefits

manager makes available to the Insurance Company" pursuant to Plaintiffs' previous request.

Dated:  February 13, 2020

*/s/ Eleanor R. Farrell*
Michael D. Blanchard (ct25891)
Morgan, Lewis & Bockius LLP
One State Street
Hartford, CT  06103
Telephone:  +1.860.240.2731
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

Joseph J. Costello (*pro hac vice*)
Brian W. Shaffer (*pro hac vice*)
Eleanor R. Farrell (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  +1.215.963.5000
Facsimile: +1.215.963.5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com

*Attorneys for Defendant Cigna Health
and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2020, a copy of the foregoing Objections and

Responses of Defendant Cigna Health and Life Insurance Company to Plaintiffs' Sixth Set of

Interrogatories was served via electronic mail on all counsel of record.

*/s/ Eleanor R. Farrell*
Eleanor R. Farrell

## VERIFICATION

I, ~~Tyler Lester~~, am authorized to make this verification on behalf of Cigna Health and Life Insurance Company and hereby verify under penalty of perjury that the factual statements set forth in Defendant Cigna Health and Life Insurance Company's Responses to Plaintiffs' Sixth Set of Interrogatories are true and correct to the best of my knowledge, information, and belief, or based on information or documents provided to and/or obtained by me in the performance of my duties.

Dated: ~~February 12~~, 2020

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Civil No. 16-cv-1702 (JAM) |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al. | March 26, 2020 |
| Defendants. | |

### OBJECTIONS AND RESPONSES OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY TO PLAINTIFFS' EIGHTH SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, Defendant Cigna Health and Life Insurance Company ("CHLIC"), by and through its undersigned counsel, hereby provides its objections and responses to Interrogatory Nos. 1 and 2 of Plaintiffs' Eighth Set of Interrogatories (the "Interrogatories").[1] CHLIC reserves the right to supplement or amend its objections and these responses (the "Responses") as may be necessary or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

1.    The Responses are made solely for the purpose of the Action and are not to be used in connection with any other action.

---

[1] Cigna Corporation has been dismissed from the Action, so these Responses are made by and on behalf of CHLIC only.

2.      The Responses reflect CHLIC's knowledge, information, and belief as of this date. CHLIC may engage in further investigation, discovery, and analysis, which may lead to changes in CHLIC's Responses herein. Such investigation and discovery are continuing, and CHLIC specifically reserves the right to supplement its Responses as necessary.

3.      No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any documents, information, or the truth of any "facts" set forth or assumed in any Interrogatory and/or Request.

4.      CHLIC will make reasonable efforts to respond to every Interrogatory, to the extent the Interrogatory has not been objected to, as CHLIC understands and interprets the Interrogatory. In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory that differs from that of CHLIC, CHLIC reserves the right to amend and/or supplement its Response, but undertakes no obligation to do so.

5.      In responding to Plaintiffs' Interrogatories, CHLIC does not waive, and hereby expressly reserves, (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories; (b) its right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories at any hearing, trial, or other point during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories. The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

**OBJECTIONS AND RESPONSES TO
PLAINTIFFS' EIGHTH SET OF INTERROGATORIES**

**Interrogatory No. 1:** For the period beginning on October 13, 2010 and continuing to the present, identify each plan and certificate that contain the phrase "may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products"; and for each identified plan/certificate provide the account number, account name, document type, CN Number (as used in the previously produced "DST Reports"), funding arrangement, the date period the plan/certificate was in effect, Group ID (which should include the Benefit Option/Plan of Benefit), and the BRANCH_POLICY_CDES.

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above. CHLIC objects to this Interrogatory because Plaintiffs have already exceeded the 40 interrogatories permitted by the Amended Stipulated Joint Case Management Plan [Docket No. 192] entered by the Court. CHLIC further objects to this Interrogatory on the ground that it is unduly burdensome, overly broad, and seeks information that is not proportional to the needs of the case in the form and format requested by Plaintiffs. Among other things, this Interrogatory seeks information about plans beyond the scope of Plaintiffs' class definitions (*see* Sec. Am. Compl. ¶ 179) where "excess payment above the Pharmacy Charge" was not "'clawed-back' by Cigna." CHLIC further objects to this Interrogatory to the extent that it seeks discovery that is equally available to Plaintiffs – in particular, CHLIC has already produced plan and related documents and other information that contain information sought by this Interrogatory.

Subject to and without waiving these objections, CHLIC responds as follows: After reasonable investigation, CHLIC does not maintain the information requested in this Interrogatory in the ordinary course of business for tens of thousands of documents in the form and format requested by Plaintiffs. Further, the information sought by this Interrogatory may be able to be ascertained from the prescription drug transaction data and plans and plan related documents that CHLIC has produced in this Action, and CHLIC directs Plaintiffs to those data

3

and documents pursuant to Federal Rule of Civil Procedure 33(d). By way of further response,

CHLIC will produce a DST report for plans and plan related documents since January 1, 2010 in

the DST system that have the phrase "may be required to pay a Deductible, Copayment or

Coinsurance requirement for Covered Expenses for Prescription Drug Products." This report will

not include the "Group ID" and the "BRANCH_POLICY_CDES" as those are not fields

available in the DST system.

**Interrogatory No. 2:** For the period beginning on October 13, 2010 and continuing to
the present, identify each plan and certificate that contain the phrase "discretionary authority to
interpret and apply plan terms"; and for each identified plan/certificate provide the account
number, account name, document type, CN Number (as used in the previously produced "DST
Reports"), funding arrangement, the date period the plan/certificate was in effect, Group ID
(which should include the Benefit Option/Plan of Benefit), and the BRANCH_POLICY_CDES.

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above. CHLIC

objects to this Interrogatory because Plaintiffs have already exceeded the 40 interrogatories

permitted by the Amended Stipulated Joint Case Management Plan [Docket No. 192] entered by

the Court. CHLIC further objects to this Interrogatory on the ground that it is unduly

burdensome, overly broad, and seeks information that is not proportional to the needs of the case

in the form and format requested by Plaintiffs. Among other things, this Interrogatory seeks

information about plans beyond the scope of Plaintiffs' class definitions (*see* Sec. Am. Compl. ¶

179) where "excess payment above the Pharmacy Charge" was not "'clawed-back' by Cigna."

CHLIC further objects to this Interrogatory to the extent that it seeks discovery that is equally

available to Plaintiffs – in particular, CHLIC has already produced plan and related documents

and other information that contain information sought by this Interrogatory.

Subject to and without waiving these objections, CHLIC responds as follows: After

reasonable investigation, CHLIC does not maintain the information requested in this

Interrogatory in the ordinary course of business for tens of thousands of documents in the form and format requested by Plaintiffs. Further, the information sought by this Interrogatory may be able to be ascertained from the prescription drug transaction data and plans and plan related documents that CHLIC has produced in this Action, and CHLIC directs Plaintiffs to those data and documents pursuant to Federal Rule of Civil Procedure 33(d). By way of further response, CHLIC will produce a DST report for plans and plan related documents since January 1, 2010 in the DST system that have the phrase "discretionary authority to interpret and apply plan terms." This report will not include the "Group ID" and the "BRANCH_POLICY_CDES" as those are not fields available in the DST system.

Dated:  March 26, 2020

/s/ Eleanor R. Farrell
Michael D. Blanchard (ct25891)
Morgan, Lewis & Bockius LLP
One State Street
Hartford, CT  06103
Telephone:  +1.860.240.2731
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

Joseph J. Costello (*pro hac vice*)
Brian W. Shaffer (*pro hac vice*)
Eleanor R. Farrell (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  +1.215.963.5000
Facsimile: +1.215.963.5001
joseph.costello@morganlewis.com
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2020, a copy of the foregoing Objections and

Responses of Defendant Cigna Health and Life Insurance Company to Plaintiffs' Eighth Set of

Interrogatories was served via electronic mail on all counsel of record.

*/s/ Eleanor R. Farrell*
Eleanor R. Farrell

## <u>VERIFICATION</u>

I, _____Tyler Lester_____, am authorized to make this verification on behalf of Cigna Health and Life Insurance Company and hereby verify under penalty of perjury that the factual statements set forth in Defendant Cigna Health and Life Insurance Company's Responses to Plaintiffs' Eighth Set of Interrogatories are true and correct to the best of my knowledge, information, and belief, or based on information or documents provided to and/or obtained by me in the performance of my duties.

Dated: ___March 25__, 2020                   _____

# EXHIBIT E

## Filed Under Seal

# EXHIBIT F



Craig A. Raabe
craabe@ikrlaw.com

January 23, 2019

*Via email*
Brian Shaffer
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Los Angeles, CA 90071

   Re: *Negron v. Cigna Health & Life Insurance*, No. 3:16-cv-1702 (D. Conn.)

Dear Brian:

We write in furtherance of last Thursday's meet and confer during which we discussed, among
other things, document production, custodians, claims data, and Cigna's ability to tie provisions
to plans.

**1. Cigna's document production and custodians**

As you are aware, there were internal discussions in Cigna about ███████████████
█████████████ For example, (and as previously explained in our November 13, 2018 letter) on
November 1, 2013, ███████████████████████████████████████████████████████████
██████████████████████████████████████████████ CIGNA00055862. As
explained ███████████████████████████████████████████████████████████████████
████████████
████████████" *Id.* ███████████████ by customers in excess of ███████████ is the heart
of this case as it relates to cost-sharing payments and thus any documents concerning such
collection of spread are highly relevant and must be produced.

Important for our discussion here, ████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████
████████████████ (emphasis added). This ████████████████████████████████████
█████████████████████████████████████████████████████████████████████████

Brian Shaffer
January 23, 2019
Page 2



We have not seen documents concerning (1) ▮▮▮▮▮▮▮▮▮
▮▮ (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On November 13,
2018, we requested that Cigna confirm that the individuals ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are among the agreed-upon custodians. Although
Cigna responded to that letter on December 13, it ignored this request for confirmation. We
repeated our request in a January 9, 2019 email, but Cigna again ignored our request for
confirmation in its January 14 response.

Given that you and your client are in the best position to identify these individuals, we again
request that you **(1)** confirm that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are custodians. Please also **(2)** identify these
individuals and **(3)** confirm that the custodians and search terms being used will find documents
concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and the projected and actual revenue that Cigna receives
from spread.

With respect to custodians, we note that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮, including, for example,
▮▮▮▮▮▮, which is the ▮▮▮▮▮ described above. *See* CIGNA00054733. The purpose of
this ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
CIGNA00054734; *see also, e.g.*, CIGNA00057251
▮▮▮▮▮▮▮▮▮, CIGNA00057641
▮▮▮▮▮▮▮ Please **(4)** ensure that Mr. ▮▮▮▮ is a
custodian and that responsive documents possessed or controlled by him are produced.

Lastly, and without limiting who should be designated by Cigna as custodians, it has come to our
attention that other individuals likely to possess or control highly relevant documents were not
used as custodians. For example:

• According to an internal email, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮ CIGNA00050312.

• According to internal documents, ▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, CIGNA00177523.

Brian Shaffer
January 23, 2019
Page 3

- Internal documents show that ██████████████████████████
  ████████████████████ *See, e.g.*, CIGNA00155518.

Please **(5)** ensure that these eight individuals are custodians and that responsive documents possessed or controlled by them are produced and also **(6)** confirm that the appropriate individuals from the Financial Planning and Analysis unit are or will be custodians.

## 2.   Organizational charts and Cigna's proposal concerning custodians

Plaintiffs have been requesting organizational charts since February 2017. While Cigna did produce four organizational charts purportedly from 2017, organizational charts from prior to 2017 are relevant given that the relevant conduct at issue goes back to 2010 and indeed the decision to collect spread from pharmacies seemingly occurred in the 2013-2014 time period. In September 2018, you represented that Cigna was *still* investigating whether historical organizational charts could be located from archives. On December 17, you conceded that these charts existed in archived form but noted, without explanation, that "it is proving difficult to obtain them." Instead of producing the requested organization charts, Cigna proposed instead that it would "provide names of individuals who have roles related to pharmacy benefits and the issues in this litigation based on the business functions that you have identified."

But now that Cigna has identified these individuals, it will only agree to add them as custodians if Plaintiffs agree to limit the searches to be run against their collected ESI to 10 searches targeted to responsive documents, rather than the search terms negotiated by the parties. The purported reason for this condition is that "these additional custodians work in business units where they support units other than CPM" and Plaintiffs' "overbroad search terms" are not limited to Cigna's pharmacy business. The parties negotiated the search terms **for over four months** in an effort to limit their scope. The search terms that Cigna agreed to should be used and we see no reason to limit these custodians to ten searches. If you still disagree, please identify the search terms that you claim are too broad for these custodians, and please provide evidence in support of your claims of overbreadth and burden.  *See e.g.*, *Sullivan v. StratMar Sys., Inc.*, 276 F.R.D. 17, 20 (D. Conn. 2011) ("[Defendant] must specifically show how plaintiff's requests and questions are overly broad, burdensome or oppressive 'by submitting affidavits or offering evidence revealing the nature of the burden.'" (internal citation omitted)). To the extent that Cigna agrees that certain of the search terms do not present burden or overbreadth issues, we reiterate our request that Cigna run those searches without further delay.

With respect to the organizational charts, as Plaintiffs explained in our October 16 letter, we would let you know whether we believe organizational charts are still necessary after you had identified the names of individuals who have roles related to pharmacy benefits and the issues in this litigation based on the business functions we have identified. Now that we have reviewed the

Brian Shaffer
January 23, 2019
Page 4

limited number of individuals provided, we believe that organizational charts are still necessary, and we request that they be produced. To the extent you are claiming that providing these documents — which we first requested almost two years ago — is unduly burdensome, please specifically explain why. *See id*.

**3.      Claims data**

With respect to claims data, Plaintiffs expect Cigna to produce all claims data that is relevant to proving liability and calculating damages for the Plaintiffs and the Classes. For example, all claims data should be produced to the extent it can be used to identify and calculate overcharges, calculate deductible payment balances, calculate coinsurance obligations, tie transactions to employers and plans, identify cost-share logic, identify and provide the pricing logic or algorithms used to calculate cost share payments, identify reversed transactions, and understand whether any amounts or other data were inflated or changed by, for example, Argus or Catamaran. To the extent Plaintiffs discover that relevant data possessed or controlled by Cigna was not produced, Plaintiffs reserve all rights.

Best regards,

Craig A. Raabe

# EXHIBIT G



Robert A. Izard
rizard@ikrlaw.com

April 22, 2020

*Via email*
Brian Shaffer
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921

Re:  *Negron v. Cigna Health & Life Insurance*, No. 3:16-cv-1702 (D. Conn.)

Dear Brian,

We write to again address the deficiencies of Cigna's responses to interrogatories asking Cigna to identify claims pursuant to plans containing certain provisions. Specifically, Interrogatory 2 (of the 4th Set) and Interrogatories 1 through 6 (of the 5th Set) ask Cigna to identify prescription drug transactions pursuant to a plans containing the following provisions, respectively:

> "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge." Interrogatory 2 (of the 4th Set).

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies." Interrogatory 1 (of the 5th Set).

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products." Interrogatory 2 (of the 5th Set).

> "As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy[, and the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy]." Interrogatory 3 (of the 5th Set).

> "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products." Interrogatory 4 (of the 5th Set).

Brian Shaffer
April 22, 2020
Page 2 of 4

"After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of: the Copayment or Coinsurance for the Prescription Drug Product; or the Prescription Drug Charge for the Prescription Drug Product; or the Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product." Interrogatory 6 (of the 5th Set).

"You are not entitled to the difference between the rate Cigna charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product. For the purposes of Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible for funding benefits in accordance with the terms and conditions outlined in this booklet/certificate." Interrogatory 6 (of the 5th Set).

Cigna did not answer these interrogatories, but instead improperly attempts to rely on Rule 33(d). Cigna provided, in relevant part, the following response to both interrogatories:

After reasonable investigation, CHLIC does not maintain the information requested in this Interrogatory in the ordinary course of business in the form and format requested by Plaintiffs. Further, to the extent that the information sought by this Interrogatory may be able to be ascertained from the prescription drug transaction data, DST language search results, and plan related documents that CHLIC has produced in this Action, the burden of locating and identifying such information is the same for Plaintiffs as CHLIC and CHLIC directs Plaintiffs to those data and documents pursuant to Federal Rule of Civil Procedure 33(d).

In a Supplemental Response, Cigna stated as follows:

CHLIC states that each prescription drug transaction made by a participant in a plan insured or administered by Cigna is adjudicated in accordance with the applicable plan benefits. In general, a Cigna client (i.e. benefit plan sponsor) selects the prescription drug benefits that it chooses to offer its plan participants, including but not limited to plan features such as copay logic, copayment amounts, coinsurance amounts, deductible amounts, and many more. Cigna's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into Cigna's systems.

Brian Shaffer
April 22, 2020
Page 3 of 4

>For clients on Proclaim, once Cigna obtains client approval (i.e. the client verifies that the selected benefits are correct), the client's benefit selections are loaded into Cigna's ePro system.  Cigna uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option for the particular client in ePro.  Using that identifying information, Cigna is able to trace a particular participant's benefit plan selection to the specific benefit plan. Cigna's installation team configures the ePro information with the client's selected plan design, which Cigna's quality team then reviews.  For example, if the plan design utilizes Copay G, Cigna takes that information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic. Cigna then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or 'Argus').  In its role as claims administrator, Cigna interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions.  The documents related to this answer are the plan documents that govern the prescription drug benefits of the named plaintiffs and putative class members."

This response is deficient because, although Cigna seemingly relies on Rule 33(d), the response does not comply with the Rule.

***First***, Cigna did not answer that the answers can be ascertained by examining the referenced documents but instead only answered that it was relying on 33(d) "***to the extent that*** the information sought by this Interrogatory ***may be able to be*** ascertained" from the referenced documents. This is improper because "the party invoking the option under Rule [33(d) ] may not do so if all which can be said is that the answer 'might' be found in the records; the party invoking the option must be able to represent that the party will be able to secure the information which is sought by the interrogatory in the records." *Process Specialties, Inc. v. Sematech, Inc.*, 2002 WL 35646608, at \*3 (E.D. Cal. Sept. 25, 2002) (citation omitted); *see also In re Master Key*, 53 F.R.D. 87, 90 (D. Conn. 1971) ("[The Rule] does not shift to the interrogating party the obligation to find out *whether* sought after information is ascertainable from the files tendered.") Please explain whether and how the documents answer the precise questions asked. In that regard, the supplemental answer appears to suggest that Cigna can only link the claims data to the coding or "client's benefit selections" in the ePro system, not to member plans. If Cigna is unable to link member claims to member plans, please confirm that fact.

***Second***, even assuming the answers were ascertainable from the referenced documents, Cigna's reliance on 33(d) is improper because "the burden of deriving or ascertaining the answer" is not "substantially the same for either party." The applications, platforms, databases, and accumulators used to process claims are under the control of Cigna. Cigna also has the knowledge and experience of processing claims using these platforms, databases, and

Brian Shaffer
April 22, 2020
Page 4 of 4

accumulators. *See* Fed. R. Civ. P. 33 committee notes ("A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records."). Accordingly, the burden on Cigna to ascertain the answers to these interrogatories is undoubtedly substantially less than the burden on Plaintiffs and, for this reason, Cigna must answer them. *See Powerhouse Marks, L.L.C. v. Chi Hsin Impex, Inc*., 2006 WL 83477, at *3 (E.D. Mich. Jan. 12, 2006) ("[G]iven the nature of the raw data and the fact that it is much more easily used in conjunction with a financial database, Defendant's burden in deriving the information sought in Plaintiffs' interrogatories is significantly less than Plaintiffs'."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 13152491, at *2 (N.D. Cal. Nov. 10, 2011) ("[S]ince Motorola could so easily glean the answers to [the interrogatories] from its own data, it should have done so instead of foisting this task onto AUO.")

Please confirm by April 24 that Cigna will amend its responses by May 1. We believe we have already met and conferred concerning this deficiency. To the extent you believe further meet and confers will be helpful, please let us know your availability to discuss this week.

Sincerely,

s/ Robert A. Izard

# EXHIBIT H

# Morgan Lewis

**Brian W. Shaffer**
Partner
+1.215.963.5103
brian.shaffer@morganlewis.com

February 7, 2019

**VIA ELECTRONIC MAIL**

Craig A. Raabe, Esq.
Izard, Kindall & Raabe, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107

Re:    *In re Cigna Corporation PBM Litigation* – No 3:16-CV-1702 (WWE)

Dear Craig:

We write in response to your January 23, 2019 letter (the "Letter") in which you further inquire about Cigna's document production, and also request that Cigna add another nine custodians.

## 1. Cigna's document production and custodians

Although you state otherwise in your Letter, Cigna has already responded to your inquiries regarding custodians. As confirmed in our December 13, 2018, December 17, 2018, and January 14, 2019 correspondence, Cigna has already identified relevant custodians in response to Plaintiffs' discovery requests and, we believe, agreed with Plaintiffs on the appropriate custodians for this matter. Cigna is still evaluating and assessing its position as to the nine (9) additional custodians requested in your January 23, 2019 letter. We can confirm for you, however, that ████ ████████ within Cigna Pharmacy Management are already custodians in this case. That is evident from the organizational charts and numerous other documents Cigna has produced to date. In addition, Cigna's document production already includes thousands of documents to/from or copied to those additional custodians, suggesting that any materially relevant communications have already been captured. Nonetheless, we will be in touch when Cigna has completed its assessment of your request.

As for your statement that you "have not seen documents concerning (1) ████████████ ████████████████████████████████████████████████ ████████████████ we reiterate that, assuming any such documents exist, they should be captured in Cigna's document production, including the almost-400,000 pages that Cigna recently produced.

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921
United States

Ⓣ +1.215.963.5000
Ⓕ +1.215.963.5001

DB1/ 102099186

Craig A. Raabe, Esq.
February 7, 2019
Page 2

### 2.  Organizational charts and Cigna's proposal concerning custodians

As you know, we have been meeting-and-conferring about other methods to identify appropriate custodians, rather than produce organizational charts, which provide no information about the roles or responsibilities individuals may have had with respect to the issues involved in this case. To that end, on December 17, 2018, Cigna identified another 7 custodians based on the additional business units about which Plaintiffs inquired.  Additionally, we invited Plaintiffs to list other potential custodians for Cigna's consideration given the numerous documents Cigna has produced, which you have done.  Despite these additional efforts to help Plaintiffs identify appropriate custodians, we understand that you still want organizational charts.  Although we believe they will not be probative of any issue, we have worked with our client to try to locate and obtain historical organizational charts.  As we noted previously, they were not readily available and are maintained in archives.  From October 2010 through 2018, Cigna's organizational charts have been kept on an internal Cigna website in a webpage format.  Cigna does not have copies of its organizational charts for any given time, but does have charts that were generally captured on a monthly basis from that internal webpage.  Notwithstanding Cigna's objections, we agree to produce those charts.  Additionally, Cigna will produce relevant pharmacy-related organizational announcements.

As for Cigna's offer to run 10 searches against the 7 custodians we added, we understand that Plaintiffs reject that offer and are demanding that Cigna use all previously agreed-to search terms, or explain why certain of those terms are unduly burdensome or overly broad in the 7 additional custodians.  We are conducting further analysis on those custodians and their data and will respond to you about search terms as soon as possible.

### 3.  Claims data

On January 31, 2019, Cigna produced the prescription drug transaction data for the putative class. That data included all available fields that are relevant for purposes of this case.  As for data fields regarding deductible information, Cigna's data only contains data fields regarding the dollar amount applied toward a customer's deductible for a particular transaction (DEDCT_APPLD_AMT). Our understanding is that the data is transaction-based and thus does not track the accumulation toward a particular customer's overall plan deductible.

***

We are available to further meet and confer with you after you have had an opportunity to consider the responses set forth herein and the documents recently produced.

Very truly yours,

*/s Brian W. Shaffer*

Brian W. Shaffer

cc:   All counsel of record

# EXHIBIT I

**Filed Under Seal**

# EXHIBIT J

**Filed Under Seal**

# EXHIBIT K

Page 1

```
 1
 2          IN THE UNITED STATES DISTRICT COURT
 3            FOR THE DISTRICT OF CONNECTICUT
 4
 5     KIMBERLY A. NEGRON,          )
       Individually and on         )
 6     Behalf of All Others        )
       Similarly Situated,         )CIVIL ACTION NO.
 7     DANIEL PERRY,               )3:16-cv-1702
       Individually and on         )(JAM)
 8     Behalf of All Others        )
       Similarly Situated,         )
 9     COURTNEY GALLAGHER,         )
       Individually and on         )
10     Behalf of All Others        )
       Similarly Situated,         )
11     NINA CUROL,                 )
       Individually and on         )
12     Behalf of All Others        )
       Similarly Situated,         )
13     ROGER CUROL,                )
       Individually and on         )
14     Behalf of All Others        )
       Similarly Situated, and     )
15     BILLY RAY BLOCKER,          )
       Individually and on         )
16     Behalf of All Others        )
       Similarly Situated,         )
17              Plaintiffs,        )
       vs.                         )
18                                 )
       CIGNA CORPORATION,          )
19     CIGNA HEALTH AND LIFE       )
       INSURANCE COMPANY, and      )
20     OPTUMRX, INC.,              )
              Defendants.          )
21     _____)
22     REMOTE DEPOSITION OF TYLER LESTER
23          Tuesday, June 23, 2020
24
       Reported By:
25     CATHI IRISH, RPR, CRR, CLVS, CCR
```

```
                                        Page 17

  1                   LESTER
  2      who hires Cigna to offer a plan for health
  3      benefits and drug benefits and then you
  4      have the employer's employee who is
  5      actually getting the prescription.  What
  6      terminology do you like to use for those
  7      people because I've seen customer, member,
  8      a variety of terms, and I want to make
  9      sure we're speaking the same language
 10      here.
 11          A.   Sure.  I think what would
 12      probably be easier today is to think of
 13      the employer and use the terminology plan
 14      since it might not always be a employer,
 15      and then for customer, a customer or
 16      member is okay with me.  I generally use
 17      those interchangeably.
 18          Q.   What does Optum do in this
 19      process, if anything?
 20          A.   So our services that we receive
 21      from Optum, were contracting the retail
 22      pharmacy network and providing a certain
 23      level of discounts to Cigna within that
 24      network.  The way that operated at the
 25      time is Optum would provide pricing
```

```
 1                        LESTER

 2      information to Cigna for Cigna to provide

 3      to Argus for adjudication so there wasn't

 4      a direct connection.  I'm not sure of the

 5      actual reason why, whether it was

 6      contractual between Optum and Argus, but

 7      in those cases Cigna acted as a go

 8      between, an intermediary to take whatever

 9      pharmacy rates, whatever pharmacy that

10      should be in the network, they would

11      provide them to Cigna and we would pass

12      that information through to Argus to set

13      up the Argus plan adjudication system.

14           Q.   Just so I understand a little

15      more when you talk about discounts, so

16      Cigna and Optum enter into a I guess

17      contract pursuant to which Cigna can buy

18      or pay for drugs that are given to Cigna

19      customers through the Optum network; is

20      that fair?

21              MR. SHAFFER:  Objection to form.

22      BY MR. IZARD:

23           Q.   You can go ahead and answer,

24      Mr. Lester.

25           A.   That's right.  We contracted with
```

```
                                    Page 19
 1                    LESTER
 2     Optum and based on that contract were fees
 3     paid by Cigna in exchange for a certain
 4     level of pricing and that came in the form
 5     of discounts at retail pharmacies.
 6          Q.   And when you say pricing, these
 7     would be the prices at which Cigna plans
 8     would be buying drugs from Optum's network
 9     pharmacies?
10               MR. SHAFFER:  Objection to form.
11     BY MR. IZARD:
12          Q.   You can go ahead and answer.
13          A.   I would describe it a little
14     differently that we had a contract where
15     Optum had to provide a certain level of
16     discounts through retail pharmacies and
17     Optum was providing us information on how
18     they wanted those retail pharmacies to be
19     reimbursed.
20          Q.   When you say discounts, these are
21     discounts on the sale of prescription
22     drugs?
23               MR. SHAFFER:  Objection to form.
24               THE WITNESS:  That's correct.
25     ///
```

```
                                        Page 22

 1                      LESTER
 2        A.    Can you rephrase that?
 3        Q.    I was wondering if you were a
 4    pharmacy and you wanted to get into the
 5    Optum network, did you sign a contract
 6    with Optum; do you know about that?
 7        A.    That was my understanding.  I
 8    don't know the details of how Optum
 9    negotiated with pharmacies, but that is my
10    understanding.
11        Q.    Do you know if Optum set the
12    terms pursuant to which the pharmacies
13    would be paid for particular prescription
14    drugs?
15              MS. GRANT:  Form.
16              MR. IZARD:  Sorry.
17              THE WITNESS:  That was my
18        understanding.
19    BY MR. IZARD:
20        Q.    So Cigna wasn't part of the
21    contracts between Optum and the
22    pharmacies?
23        A.    We were not.
24        Q.    Does Cigna know the terms
25    pursuant to which Optum would set the
```

Page 23

```
 1                    LESTER
 2    pricing with the pharmacies?
 3            MR. SHAFFER:  Objection to form.
 4            THE WITNESS:  We did not have
 5        knowledge of the terms.  All we saw
 6        were, because we were a pass-through,
 7        we saw I will call it the kind of
 8        point in time what they asked us to
 9        set up in the Argus system but I have
10        no knowledge of whether that actually
11        represented Optum's full contract with
12        that retail pharmacy.
13    BY MR. IZARD:
14        Q.   What's a pass-through?
15        A.   So in this situation, Cigna was
16    acting as an intermediary.  For whatever
17    reason Argus and Optum weren't working
18    directly together so in order for the
19    Argus system to be set up with the correct
20    pricing, Optum had to pass information
21    related to discounts and drug pricing to
22    Cigna and we simply pass that information
23    through to Argus.  We didn't make changes
24    to it on the Cigna side.  We were more
25    providing that operational support to get
```

```
                                        Page 40

 1                      LESTER
 2      three transactions.  My only question for
 3      you is:  Is this a small subset of the
 4      transaction data that was produced that
 5      you referred to in your answer to -- I'm
 6      sorry, the answer to interrogatory number
 7      4 where you talk about prescription drug
 8      transaction data?
 9          A.   That's correct, this subset is a
10      portion of that pharmacy transaction data.
11          Q.   Now, there are 57 fields here.  I
12      think you said earlier there are a lot of
13      fields with the data.  Are all the fields
14      represented here?
15          A.   All the fields in the pharmacy
16      transaction data?
17          Q.   Yes.
18          A.   I don't know.
19          Q.   Do you know how these fields came
20      to be selected?
21          A.   My understanding was we were
22      looking for all fields that represented
23      the financial information of how a
24      pharmacy transaction was processed and
25      through that we identified all of these
```

```
 1                     LESTER
 2     fields that impact that financial picture
 3     of a transaction.
 4         Q.   And were you part of the process
 5     of selecting the fields or you saw the
 6     result of the search?
 7         A.   I saw the results of this.  I was
 8     consulted on whether I thought there was
 9     anything missing at the time when these
10     were compiled but they were I believe
11     pulled together -- I'm not actually sure
12     who did the initial view of all the
13     financial -- the claims that impact the
14     financial -- the financial part of the
15     transaction.
16         Q.   Did you think anything was
17     missing or do you think anything is
18     missing?
19         A.   I don't believe so.
20             MR. IZARD:  Let's go to the next
21         exhibit, please.
22             (Exhibit 23, DST report, marked
23         for identification.)
24     BY MR. IZARD:
25         Q.   Can we look at Exhibit 23,
```

```
 1                      LESTER
 2     when Argus gets the request for benefits
 3     from the pharmacy when the pharmacist
 4     types it into the computer?
 5          A.   Yes.
 6          Q.   Six, where it says Rx account
 7     number, that's the Cigna employer client
 8     number; is that right?
 9          A.   Yes.
10          Q.   Okay.  Number 9, line 9, Plan of
11     Ben, is that the benefit option code?
12          A.   Yes.
13          Q.   That's a benefit option code that
14     would come out of ePro?
15          A.   Yes.
16          Q.   Let's look at 14, 15 and 16.  14
17     is the date the prescription is written.
18     Is that the date the prescription is given
19     to the pharmacist?
20          A.   I'm not sure.
21          Q.   Okay.
22          A.   Whether it represents that or
23     when the physician actually wrote it down
24     on paper if it's paper.
25          Q.   So line 15 is the date pharmacy
```

```
 1                    LESTER
 2     filled prescription so that's where the
 3     pharmacy puts the pills in the bottle?
 4          A.    That's right.
 5          Q.    And then 16 is the date the
 6     pharmacy was paid.  So that would be the
 7     date the pharmacy was paid by Argus?
 8          A.    That's right.
 9          Q.    So we look across at column D, we
10     can see that the prescription was written
11     on August 5, 2016, it was filled on August
12     5, 2016 and it was paid on August 6, 2016;
13     is that right?
14          A.    That's right.
15          Q.    So this was all handled
16     electronically very rapidly, this reflects
17     that's an electronic point of sale
18     transaction; right?
19          A.    That's right.
20          Q.    What's 18, deductible applied
21     amount?
22          A.    That field represents any cost
23     share that the customer is paying at the
24     point of sale that is applied towards
25     their deductible.
```

```
 1                      LESTER
 2        Q.    That would be for each separate
 3   transaction?
 4        A.    Can you repeat that?
 5        Q.    Sure.
 6              So the deductible amount applied
 7   amount would relate to the deductible paid
 8   on each separate claim?
 9        A.    That's right, each claim could
10   potentially have a deductible amount
11   depending on where the customer is in
12   their overall deductible paid.
13        Q.    Now, 22 says ingredient cost to
14   client.  That would be the cost -- that
15   would be the amount that the client owes
16   Cigna for each of the drugs?
17        A.    That's right.
18        Q.    24 is the dispensable fee amount,
19   dispensing fee charged to client.  Is that
20   different sometimes from the dispensing
21   fee paid to the pharmacy, can they be
22   different?
23        A.    Yes.
24        Q.    So, for example, the client may
25   pay a larger dispensing fee than the
```

```
 1                     LESTER
 2        Q.   48 is the sum of 45, 46 and 47?
 3        A.   Sorry, you're asking about line
 4   48?
 5        Q.   Yes.
 6        A.   Line 48 would also capture any
 7   cost share paid by the customer at the
 8   point of sale.
 9        Q.   Okay.  I see.  So if we look
10   across 48, column D, shows the line is
11   $12.45.
12             Do you see that?
13        A.   Yes.
14        Q.   So that would be the cost share
15   was greater than the amount that Cigna --
16   or the pharmacy, so the pharmacy had to
17   pay $12.45 back to Cigna?
18        A.   I believe based on the flows of
19   funds, it's technically dollars back to
20   Optum but that Cigna would then be part of
21   that Optum reconciliation if I think
22   through the flow of funds properly.
23        Q.   So the pharmacy -- so the member
24   pays a cost share greater than the cost of
25   the drug and the excess amount is paid by
```

```
 1                    LESTER
 2      the pharmacist to Optum and Optum pays
 3      Cigna?
 4             MR. SHAFFER:  Objection to form.
 5      BY MR. IZARD:
 6          Q.   You can answer.
 7          A.   Instead you would have -- so the
 8      pharmacy, the amount that you see here
 9      isn't paid by the pharmacy through any of
10      these value streams.  Instead it is offset
11      against all of the payments that a
12      pharmacy might receive over a several-week
13      period and the process that was set up
14      with Argus funding the pharmacies, Cigna
15      funding Argus, Optum funding Cigna because
16      ultimately Optum owns these contracts
17      means those dollars are ultimately making
18      their way to Optum and Cigna is still
19      responsible for paying Optum the sum of
20      all of the claims that occurred over time
21      and really netting out any negative
22      amounts with positive amounts.
23          Q.   So the first step is between
24      Optum and the pharmacist, they are going
25      to net out the positive, negative numbers
```

```
 1                    LESTER
 2        A.    Got it.
 3        Q.    Okay.  And up at the top it says
 4   excerpt from CIGNA 12365596.
 5             Do you see that?
 6        A.    Yes.
 7             MR. SHAFFER:  Hang on one second,
 8        Bob.  Sorry, where is that?
 9             MR. IZARD:  It's the third one
10        down from the top.
11             MR. SHAFFER:  Despard 7, thanks.
12   BY MR. IZARD:
13        Q.    I just want to clarify.  My
14   understanding, Mr. Lester, is what this
15   chart shows is whether a plan is covered
16   by ERISA or not, and column E says
17   erisa_ind, and if it's a Y, that means it
18   is covered by ERISA, if it's an N it is
19   not covered by ERISA.  Is that your
20   understanding?
21        A.    I believe this document is based
22   on what we house within Cigna as to a
23   client's ERISA, how the client has told us
24   to set up their ERISA status.  Yes.
25        Q.    So you rely on a client to tell
```

```
 1                   LESTER
 2    you whether they are ERISA or not ERISA?
 3         A.    That's correct.
 4         Q.    All right.  Let's go back to the
 5    exhibits again.  I want to go to the
 6    answers to the eight set of
 7    interrogatories.  Let's see if we can find
 8    those in here.
 9              MR. BARRETT:  It's marked Exhibit
10         38, Bob.
11              (Exhibit 38, objections and
12         responses to eighth set of
13         interrogatories, marked for
14         identification.)
15    BY MR. IZARD:
16         Q.    So if you could look at 38,
17    please.
18         A.    Got it.
19         Q.    And on the last page, Mr. Lester,
20    you can see your verification there?
21         A.    Yes.
22         Q.    What information or documents did
23    you rely upon for these answers?
24              MR. SHAFFER:  If you need to take
25         a minute to review them, Tyler, please
```

```
 1                    LESTER
 2          MR. IZARD:  Do you want me to
 3     rephrase that?
 4          MR. SHAFFER:  Yeah, if you
 5     weren't done, then I'll withdraw the
 6     objection.
 7   BY MR. IZARD:
 8     Q.   Do you understand what I'm
 9   talking about here?
10     A.   I think if you can start -- I
11   know you were talking about the benefit
12   option but it might be --
13     Q.   It's also so we can talk about
14   how everything is traced.
15          The last sentence says, "CHLIC's
16   prescription drug transaction data
17   includes a field Plan of Ben."
18          Do you see that?
19     A.   Yes.
20     Q.   I think earlier you said that's a
21   Ben Opt code that's in ePro?
22     A.   That's correct.
23     Q.   So my question is for this
24   tracing through the central eligibility
25   database and Member Materials and the
```

1              LESTER

2

3

4           MR. SHAFFER:  Objection to form.

5           THE WITNESS:  That's correct.

6    BY MR. IZARD:

7       Q.   And what this means is to the

8

9

10

11

12       A.   That's right, this is in regards

13    to the guarantee reconciliation between

14    Cigna and Optum.

15       Q.

16

17

18

19

20           MR. SHAFFER:  Object to the form.

21           THE WITNESS:  Yes that's right,

22       the reconciliation, there would be

23       that adjustment made, that's right.

24    BY MR. IZARD:

25       Q.

Page 227

1            L E S T E R

2

3

4

5        A.

6

7

8        Q.

9

10

11

12

13

14

15

16

17

18        A.

19        Q.

20        A.

21

22        Q.

23

24

25        A.



Page 276

```
 1                    LESTER
 2     targets for the year."
 3              Do you see that?
 4        A.    I do.
 5        Q.    What's a ZBL clawback?
 6        A.    I didn't write this one but my
 7     assumption kind of reading through the
 8     e-mail chain is it's his likely related to
 9     the negative reimbursement that the Argus
10     project was seeking to implement for
11     March.
12        Q.    Are you familiar with the phrase
13     clawback?
14        A.    I am.
15        Q.    And what's a clawback?
16        A.    Clawback is the term that we
17     heard largely from retail pharmacies
18     around the implementation of negative
19     reimbursement.
20        Q.    And, in fact, you've used the
21     term clawback before, haven't you?
22        A.    I probably have.
23        Q.    Everybody was using it at Cigna,
24     weren't they?
25              MR. SHAFFER:  Objection to form.
```

Page 277

```
 1                    LESTER
 2           THE WITNESS:  I don't know if
 3      everyone was.  I know that -- but it
 4      was I think at one point in time used
 5      by folks as we talked about the
 6      overpayment project.
 7  BY MR. IZARD:
 8      Q.   When he says deep discounts, he's
 9  basically talking about deep discounts to
10  the client in order to basically eliminate
11  the spread between the client rate and the
12  pharmacy rate; is that right?
13           MR. SHAFFER:  Objection to form.
14           THE WITNESS:  I'm not sure here
15      because the idea of going out with
16      deep discounts would actually result
17      in overperformance for clients and he
18      contradicts himself by talking about
19      underperforming for two months so I'm
20      not actually clear six and a half
21      years later on what he was trying to
22      get at in this sentence or this
23      suggestion.
24           MR. IZARD:  All right, let's go
25      back to the documents.  We'll move on
```

Page 294

                          LESTER

1
2      do you see that?
3           A.   I do.
4           Q.   It says, "Hi, Brian I forgot to
5      mention that in my e-mail that I was also
6      surprised that the clawback was visible at
7      POS as I thought the solution was that
8      Argus was supposed to hide it."
9                Do you know what that refers to?
10          A.   I know POS would be the point of
11     sale.  And from reading this, it sounds
12     like Amber didn't know what information
13     was available to the retail pharmacy at
14     the point of sale versus in weekly
15     reconciliations or however the pharmacy is
16     actually reimbursed but it sounds like she
17     was surprised that at the point of sale
18     the pharmacy saw the customer cost share
19     and the negative reimbursement.
20          Q.   Was there a reason to keep the
21     information from the pharmacies?
22               MR. SHAFFER:  Objection to form.
23     BY MR. IZARD:
24          Q.   You can answer.
25          A.   I don't know.  I never directly

1              LESTER

2        A.    Not off the top of my head.

3        Q.    So my question is:  Why did you

4    need to understand the potential liability

5    before you stopped collecting cost share

6    payments from veterans?

7              MR. SHAFFER:  Objection, assumes

8         facts not in evidence, calls for

9         speculation, argumentative.

10   BY MR. IZARD:

11       Q.    You can answer.

12       A.    So I don't make the final

13   decisions.  I was in a manager level role.

14   I wanted to understand the potential

15   liability because I'm in the financial

16   area but I had no control over how quickly

17   our operations team moved to make changes.

18       Q.    I know.  I heard that before but

19   I want you to listen to my specific

20   question.  The question is why did you,

21   because it says I'd like to see the impact

22   analysis before we stop collecting

23   spreads.

24              So my question is why did you

25   want to see the impact analysis before you

Page 312

```
 1                    LESTER
 2    stopped collecting spread from claims at
 3    Veterans and DoD pharmacies?
 4              MR. SHAFFER:  I'm going to
 5         instruct the witness not to answer.
 6         He's answered the question, Bob,
 7         you're harassing him and being
 8         argumentative.  I instruct him not to
 9         answer the question.  Let's take a
10         break.
11              Can I get an accounting from the
12         videographer, the time on the record?
13              THE VIDEOGRAPHER:  Give me one
14         second.  The time is 5:08.  We're off
15         the record.
16              (Recess taken from 5:08 p.m. to
17         5:19 p.m.)
18              We're back on the record.  The
19         time is 5:19.
20    BY MR. IZARD:
21         Q.   Mr. Lester, just before the
22    break, Mr. Shaffer instructed you not to
23    answer a question.  Are you going to
24    follow that instruction?
25         A.   I am.
```