UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br>                    Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br>                    Defendants. | Civ. A. No. 16-cv-1702 (JAM)<br><br>September 17, 2020 |

**DECLARATION OF JUSTIN PITT IN SUPPORT OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S RESPONSE TO <u>PLAINTIFFS' MOTION TO SEAL DOCUMENTS (ECF 316)</u>**

I, Justin Pitt, declare as follows:

1.      I am over 18 years of age and have personal knowledge of the matters set forth herein based on my experience and review of documents produced in this case.  If called upon, I could testify competently and truthfully to the matters discussed below.

2.      I submit this declaration in support of Defendant CHLIC's Response to Plaintiffs' Motion to Seal (ECF 316).

3.      I am currently a Senior Proposal Manager at Cigna Corporation ("Cigna"), the parent company of Defendant Cigna Health and Life Insurance Company ("CHLIC").  I joined Cigna in 2001 as a sales administration analyst.  From 2010 to 2015, I was a Senior Financial Analyst with Cigna Pharmacy Management before becoming a Pharmacy Products Manager in in 2015.  Then, in 2017, I assumed my current position as Senior Proposal Manager.  As a result

of my experience in these roles within Cigna, I have an extensive understanding of CHLIC's pharmacy benefit management business and services and am able to speak to the confidential business information contained in the document below.

4.  I have been involved in various aspects of this litigation, including being deposed by Plaintiffs on July 22, 2020. Accordingly, I have an understanding of Plaintiffs' claims in this litigation.

5.  I have reviewed **Exhibit I** to the Declaration of Meghan S.B. Oliver. The document is an internal email regarding CHLIC's processing of prescription drug claims at Department of Defense ("DOD") pharmacies. The issues discussed in the email relate to a specific pharmacy agreement between CHLIC and the DOD. It is my understanding that this pharmacy contract was not part of Catamaran's (now Optum's) retail pharmacy network and, while the email discusses the possibility of moving those pharmacies to Catamaran's contracts, my understanding is that that did not occur. As a result, the discussion in Exhibit I does not concern transactions involving Catamaran's retail pharmacy network that are at issue in this litigation. Publicly disclosing the internal discussions and information in this document would needlessly cause CHLIC competitive injury by unnecessarily disclosing confidential internal client and vendor-related discussions to the public.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of September, 2020, in Hartford, Connecticut

*Justin Pitt*
Justin Pitt