IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Civ. A. No. 16-cv-1702 (JAM)<br><br><br><br><br>September 29, 2020 |

**DECLARATION OF BRIAN W. SHAFFER IN SUPPORT OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S MEMORANDUM IN <u>OPPOSITION TO MOTION TO STRIKE</u>**

I, Brian W. Shaffer, hereby declare as follows:

1. I am an attorney at law and a Partner with the law firm of Morgan, Lewis & Bockius LLP. I am admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey, and *pro hac vice* in this case as counsel for Defendant Cigna Health and Life Insurance Company ("CHLIC").

2. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify as stated herein. I make this declaration in support of Defendant CHLIC's Memorandum in Opposition to Motion to Strike.

**The DST Reports and CHLIC's Interrogatory Responses**

3. The concept of searching documents in CHLIC's Document Source Tool ("DST") system (a tool to create draft plan documents) and generating reports was originally borne to help Plaintiffs identify plans with certain language.

4. At an in-person meet and confer in mid-July 2018, Plaintiffs' counsel explored whether there was an alternative to reviewing all of the plans and plan-related documents encompassed by Plaintiffs' then even more broadly-defined class. CHLIC's counsel mentioned the capability of searching documents in CHLIC's DST system, which is something CHLIC did in one prior litigation, but is not how CHLIC uses the DST system in its regular course of business. Because CHLIC does not ordinarily generate the types of DST reports provided in this litigation, nor do they exist in its regular course of business, CHLIC's counsel indicated that CHLIC would need to see whether it could run such reports to identify plans with certain language for litigation purposes in this case too. For that same reason, CHLIC and its counsel were learning about the DST search capabilities, and how they could be used, during this litigation.

5. CHLIC had already produced more than 600 plan and plan-related documents (such as certificate riders) by fall 2018, but Plaintiffs continued to inquire regarding a system capability to identify plans with certain language, rather than reviewing the actual plans.

6. In January 2019, counsel for the parties met-and-conferred again to discuss several discovery items. Plaintiffs asked about CHLIC's ability to tie plan language excerpts to particular plans. During that discussion, CHLIC's counsel explained that DST reports do not contain information reflecting the end date for when a particular plan or plan-related document contained the specific phrase Plaintiffs requested for the DST search.

7. Notwithstanding the reports' limitations, CHLIC produced DST reports to Plaintiffs in response to their requests. CHLIC repeatedly advised that Plaintiffs should review the actual plans and plan-related documents to determine the language in effect at a

particular time because plan documents must be read as a whole and the DST reports might not accurately represent all plans or plan-related documents with certain language.

8. On March 18, 2019, counsel for the parties again met-and-conferred to discuss, among other things, Plaintiffs' request for CHLIC to run additional DST reports for additional language Plaintiffs wanted to try to identify in specific plans. During this meet-and-confer, Plaintiffs did not ask any other questions about the DST reports. For example, they did not say that they needed information to try to distinguish among different plans if a CHLIC plan sponsor had more than one benefit plan in a particular year.

9. In March of 2019, counsel for the parties began discussing the possibility of a mediation or Early Neutral Evaluation ("ENE") for purposes of exploring settlement. In May of 2019, the parties agreed to schedule an in-person Early Neutral Evaluation for July 30, 2019 ("ENE Session"). The parties had numerous discussions regarding the DST reports leading up to and following that ENE Session.

10. In mid-July 2019, counsel for the parties met and conferred regarding several discovery items, including CHLIC's responses to Plaintiffs' Fourth Set of Interrogatories. Plaintiffs' counsel asked whether CHLIC's response meant that CHLIC had no way of identifying whether transactions were adjudicated in accordance with their plan terms. We responded that CHLIC could not provide a compilation of the information in Plaintiffs' requested "form and format," especially given the many millions of transactions in the data. We also explained that CHLIC could do so for an individual transaction if presented with a particular transaction (the normal situation in which CHLIC might be asked that question). During our discussion, we also provided additional information about what information could be found in the three document and data sources mentioned in CHLIC's initial interrogatory

response (i.e., the prescription drug transaction data, DST language search results, and plan-related documents that CHLIC had produced).  With respect to the DST reports, we identified the information Plaintiffs could obtain through the DST reports, namely, those plans that the DST system indicated had the specific phrase that Plaintiffs had asked about in the interrogatory—the information which Plaintiffs had requested leading to the generation of the DST reports in the first place.

11. At this same July 2019 meet-and-confer, and notwithstanding the points in the previous paragraph, Plaintiffs' counsel expressed the view that, because CHLIC responded that the information Plaintiffs requested in their interrogatory "is not maintained by Cigna in the ordinary course of business *in the form and format*" Plaintiffs requested, CHLIC was breaching its fiduciary duty to be able to verify it had adjudicated a prescription drug transaction in accordance with its plan terms.  Plaintiffs' counsel stated that they were most interested in learning about and getting the extent to which plan language matters and drives certain types of adjudications.  We explained that, if CHLIC and its client (plan sponsors) agree on benefit design, and agree on the terms for the pricing and adjudication, CHLIC implements those selections.

12. To address the concerns that Plaintiffs' counsel raised at the parties' mid-July 2019 meet and confer, on September 18, 2019, CHLIC supplemented its responses to Plaintiffs' Fourth Set of Interrogatories to provide factual information to refute Plaintiffs' new breach of fiduciary duty theory.  In its supplemental response, CHLIC provided additional information about the systems that CHLIC used to determine whether a particular transaction had been adjudicated in accordance with its plan terms, including its ePro system.[1]

---

[1] Additionally, CHLIC produced to Plaintiffs on October 2, 2018, a spreadsheet containing information regarding various CHLIC applications and systems, including DST, ePro, the Central Eligibility Database, and the data

13. In the late summer and fall of 2019, counsel for the parties discussed and agreed to participate in a mediation session with a mediator for purposes of exploring settlement. In October of 2019, the parties agreed to schedule an in-person mediation for November 20, 2019 ("Mediation Session"). The parties had numerous discussions regarding the DST reports leading up to and following that Mediation Session. In October 2019, prior to the Mediation Session, counsel for the parties arranged for a call between their respective experts, Sean May (for CHLIC) and Launce Mustoe (for Plaintiffs).

14. Plaintiffs did not serve additional discovery about the processes described in CHLIC's supplemental response to Plaintiffs' Fourth Set of Interrogatories, or CHLIC's responses to the Fifth Set of Interrogatories, or the ePro system discussed therein, until issuing a Rule 30(b)(6) deposition notice on July 2, 2020.

15. In response to Plaintiffs' Eighth Set of Interrogatories, served February 25, 2020, which asked for DST reports for additional specific language Plaintiffs wanted to try to identify in plans, and a field with Benefit Options Code information from the DST system (where available) ("BenOpt Code"), CHLIC agreed to and did produce that information on the DST reports once they were completed and produced in May 2020. CHLIC did the same for all subsequent interrogatory responses where it produced DST reports.

16. When Plaintiffs thereafter requested that CHLIC provide BenOpt Code information for previously-produced DST reports, CHLIC agreed to re-run them and has been producing new DST reports with that information. Last week, CHLIC re-produced four of the five DST reports that it previously provided in order to add the BenOpt Code field. CHLIC intends to produce the remaining re-run report as soon as it is finalized.

---

repository for pharmacy transactions (GHTR). Plaintiffs did not conduct discovery about any of those systems until deposing their first CHLIC witness on May 15, 2020.

17.     CHLIC's expert, Sean May, and Plaintiffs' expert, Launce Mustoe, have used the same DST reports for purposes of their opinions in this case.

### Deductible and Out-of-Pocket Maximum Accumulations

18.     In January 2019, CHLIC provided Plaintiffs with prescription drug transaction data for the putative class between October 13, 2010 and January 19, 2017 that was housed on one of two systems, Proclaim or Facets.[2] On September 20, 2019, CHLIC supplemented that production to include transactions through August 1, 2019.  That data, from CHLIC's GHTR system, includes information about each transaction that Plaintiffs have described to be in their class and sub-class definitions (as well as information about many other transactions that are no longer within Plaintiffs' current operative class definitions).  This was the "claims data" that the parties discussed in the context of discovery, the ENE Session and Mediation Session. CHLIC thus reasonably interpreted Plaintiffs' January 23, 2019 email inquiry regarding "all claims data that is relevant to proving liability and calculating damages for the Plaintiffs and the Classes" as relating to the prescription drug transaction data in GHTR.

19.     In July 2019, after Plaintiffs revealed more information about their damages model to CHLIC, CHLIC indicated to Plaintiffs CHLIC's belief that the failure to consider accumulation of deductibles and out-of-pocket maximums on individual transactions was problematic for the damages theory.  CHLIC explained, on more than one occasion, that one of the many issues with Plaintiffs' damages model was that it failed to address accumulation of deductibles and out-of-pocket maximums, which is necessary and requires individual assessments of whether a putative class member hit his or her out-of-pocket maximum or

---

[2] On June 30, 2017, CHLIC produced to Plaintiffs the same prescription drug transaction data for each Named Plaintiff, as well as their dependents.

deductible, while taking into account all of the unique aspects of each plan's design. CHLIC explained these same limitations again in November 2019.

20. Plaintiffs, however, never served a discovery request to CHLIC asking for it to produce any data necessary to reprocess the pharmacy transactions at issue while accounting for accumulation toward deductibles and out-of-pocket maximums.

21. Plaintiffs did not ever ask for a meet-and-confer session regarding, or file a motion to compel production of, deductible or out-of-pocket maximum data.

22. CHLIC's expert, Sean May, and Plaintiffs' expert, Launce Mustoe, have used the same prescription drug transaction data for purposes of their opinions in this case.

## Exhibits

23. Attached hereto are true and correct copies of the following:

| EXHIBIT LETTER | DESCRIPTION |
|---|---|
| A | July 31, 2018 Letter from L. Veasman to C. Raabe producing documents, which bear Bates numbers CIGNA00007017 through CIGNA00039550 |
| B | August 18, 2018 Letter from L. Veasman to C. Raabe producing documents, which bear Bates numbers CIGNA00039551 through CIGNA00049791 |
| C | August 5, 2020 Letter from B. Shaffer to R. Izard and C. Barrett in response to June 27, 2020 letter and as a follow-up to our July 17, 2020 and July 27, 2020 teleconferences |
| D | January 3, 2019 Email from C. Barrett to E. Farrell, cc'ing distribution list re: *Negron, et al. v. Cigna Corp., et al.* |
| E | January 9, 2019 Email from C. Barrett to B. Shaffer, J. Costello, L. Veasman and E. Farrell, cc'ing distribution list re: *Negron v. Cigna* |
| F | January 14, 2019 Email from E. Farrell to C. Barrett, B. Shaffer, J. Costello, L. Veasman and, cc'ing distribution list re: *Negron v. Cigna* |
| G | January 17, 2019 Email from C. Barrett to E. Farrell, cc'ing distribution list re: *Negron v. Cigna* |
| H | February 7, 2019 Email from E. Farrell to R. Izard, C. Raabe, C. Barrett, W. Narwold, and M. Oliver, cc'ing distribution list re: *Negron v. Cigna* |
| I | February 25, 2019 Email from C. Barrett to E. Farrell, cc'ing distribution list *Negron v. Cigna* |
| J | February 27, 2019 Letter from C. Diffee to C. Raabe producing a hard drive, which bears Bates number CIGNA00607847 |

| EXHIBIT LETTER | DESCRIPTION |
|---|---|
| K | May 10, 2019 Letter from C. Diffee to C. Raabe producing documents, which bear Bates numbers CIGNA00679942 through CIGNA07388767 |
| L | April 5, 2019 Email from C. Barrett to J. Costello, B. Shaffer, L. Weddle and E. Farrell, cc'ing distribution list re: *Negron v. Cigna* |
| M | April 24, 2019 Email from E. Farrell to C. Barrett cc'ing distribution list re: *Negron v. Cigna* |
| N | May 15, 2019 Email from E. Farrell to C. Barrett cc'ing distribution list re: *Negron v. Cigna* |
| O | September 29, 2020 D. Hellandbrand Declaration |
| P | June 6, 2020, Plaintiffs' Tenth Set of Interrogatories to Cigna Health and Life Insurance Company |
| Q | December 17, 2018 Letter from B. Shaffer to R. Izard in response to the October 16, 2018 Letter |
| R | July 11, 2019 Email from E. Farrell to Counsel re: *Negron v. Cigna* |
| S | July 19, 2019, Plaintiffs' Fifth Set of Interrogatories and Sixth Set of Requests for Production of Documents to Cigna Health and Life Insurance Company |
| T | August 14, 2019 Email from L. Weddle to M. Oliver, J. Costello, B. Shaffer, E. Farrell, M. Klayman, cc'ing distribution list re: *Negron v. Cigna* - Follow-up on outstanding discovery |
| U | July 22, 2019 Letter from B. Shaffer to R. Izard in follow-up to our meet and confer on July 12, 2019 |
| V | October 9, 2019 Letter from C. Diffee to C. Raabe producing documents, which bear Bates numbers CIGNA07865947 to CIGNA12360662 |
| W | December 12, 2019 Email from C. Barrett to E. Farrell, cc'ing distribution list re: DST Report Request |
| X | November 18, 2019 Email from E. Farrell to C. Raabe, C. Barrett, and M. Oliver, cc'ing distribution list re: Cigna/Negron |
| Y | January 13, 2020 Plaintiffs' Sixth Set of Interrogatories to Cigna Health and Life Insurance Company |
| Z | August 27, 2020 Email from B. Shaffer to R. Izard, C. Barrett, E. Farrell, M. Klayman, G. Michelle, J. Blumenfeld, and L. Weddle, cc'ing, distribution list, re: Cigna/Negron - 30(b)(6) Designation |
| AA | February 25, 2020 Plaintiffs' Eighth Set of Interrogatories to Cigna Health and Life Insurance Company |
| BB | May 12, 2020 Letter from E. Farrell to C. Barrett re: discovery |
| CC | Putnam Investments, Inc. Plan (Open Access Plus Medical Benefits), Effective Date January 1, 2012, which bears Bates No. CIGNA00000369 through CIGNA00000444 |
| DD | May 3, 2020 Plaintiffs' Fourth Set of Interrogatories and Third Set of Requests for Production of Documents to Cigna Health and Life Insurance Company |
| EE | March 11, 2019 Email from C. Barrett to B. Shaffer, J. Costello, L. Weddle and E. Farrell, cc'ing distribution list re: *Negron v. Cigna* |

| EXHIBIT LETTER | DESCRIPTION |
|---|---|
| FF | Excerpts of the T. Lester 30(b)(6) Deposition Transcript dated August 28, 2020 |
| GG | September 22, 2020 Letter from E. Farrell to C. Barrett producing documents, which bear Bates numbers CIGNA12478783 through CIGNA12478786 |
| HH | September 25, 2020 Letter from E. Farrell to C. Barrett responding to our August 5, 2020 letter and other communications, enclosed is an updated DST report that includes information from the BenOpt Code field in the DST system |
| II | June 29, 2020 Plaintiffs' 30(b)(6) Notice of Deposition to CHLIC |
| JJ | July 3, 2020 Email from B. Shaffer to C. Barrett, L. Weddle, and E. Farrell, cc'ing, distribution list, re: *Negron v. Cigna Health and Life Insurance Company* |
| KK | January 30, 2019 Letter from C. Diffee to C. Raabe producing documents, which bear Bates numbers CIGNA00207583 - CIGNA00380619 (Vol. 21); CIGNA00380620 - CIGNA00384030 (Vol. 22); CIGNA00606946 - CIGNA00606948 (Transaction Data) |
| LL | June 27, 2020 Letter from R. Izard to B. Shaffer re: discovery |
| MM | June 28, 2019 Email from L. Veasman to C. Barrett to B. Shaffer, J. Costello, and E. Farrell, cc'ing distribution list re: *Negron v. Cigna* |
| NN | June 24, 2019 Email from C. Barrett to J. Costello, B. Shaffer, L. Weddle, and E. Farrell, cc'ing distribution list re: *Negron v. Cigna* |
| OO | Excerpts of the T. Lester Deposition Transcript dated June 23, 2020 (SEALED – REDACTION) |
| PP | August 3, 2020 CHLIC's Objections and Responses to Plaintiffs' Tenth Set of Interrogatories |
| QQ | September 18, 2019 Objections and Responses of Defendant CHLIC to Plaintiffs' Fifth Set of Interrogatories and Sixth Set of Requests for Production |
| RR | May 1, 2020 Letter from B. Shaffer to R. Izard in response to Plaintiffs' April 22, 2020 letter |

I hereby certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 29th day of September, 2020.

Brian W. Shaffer

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 29, 2020, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ *Brian W. Shaffer*
         Brian W. Shaffer