# EXHIBIT F

| | |
|---|---|
| **From:** | Farrell, Eleanor R. |
| **Sent:** | Monday, January 14, 2019 4:39 PM |
| **To:** | Christopher Barrett; Shaffer, Brian W.; Costello, Joseph J.; Veasman, Lisa |
| **Cc:** | Robert Izard; Craig Raabe; William H. Narwold; Meghan Oliver; Grant Michelle ; schubert.kirsten@dorsey.com |
| **Subject:** | RE: Negron v. Cigna |

Chris,

We write in response to your January 9th email to address your list of discovery items.

**1. Prescription drug transaction records.** Cigna will produce the prescription drug transaction data for the putative class by January 31, 2019.

**2. Client generated plans.** Cigna is compiling the remaining client-generated plans and will do its best to produce those plans by January 31st. If that date is not feasible, we will let you know as soon as possible.

**3. Redacted Optum agreement.** The less-redacted version of the Optum agreement was produced on January 7, 2019. Although we do not think it is necessary for Plaintiffs to review the unredacted version, if you would like to set up a time to do so, we will make the unredacted agreement available in our Philadelphia office on an agreed-upon date. In advance, please let us know what categories of redactions Plaintiffs still take issue with so that we can be prepared to have a meaningful discussion about any remaining disputes.

**4. Ability to tie terms to plans.** We are continuing to investigate Cigna's ability to use search terms to identify plans. This functionality is not used in Cigna's normal course of business, and, as previously stated, we have not yet identified system capabilities that can identify which clients had particular language for particular time periods. However, Cigna has developed the ability to run text searches of the systems that store plan-related documents for clients whose claims are handled on the Proclaim or Facets systems. This capability can generate a list of plan documents with responsive language to an exact string of text. We are looking into whether the documents identified through these searches can be collected through an automated process, or whether collecting the responsive documents would require someone to pull each one from the system. We think it would be productive to set up a time later this week once we have more details about the search term capabilities to discuss (i) how to approach the plan document collection; (ii) realistically how long it will take to complete this effort; and (iii) the limitations inherent in this approach. Please let us know your availability on Thursday after 3:00 p.m. and on Friday.

**5. Copies of booklets.** We understand Plaintiffs to be seeking copies of all plans with prescription drug coverage during the putative class period only if Cigna does not have the capability to run targeted searches for certain plan language and plans as noted above. This request therefore may be resolved based on the outcome and discussion of the issues raised in No. 4. Cigna is also verifying whether it has the ability to copy all plans going back to 2010 and produce them. Our current understanding is that, if this capability exists, the process would not be able to differentiate which plans had prescription drug coverage and which did not, and it would also include other plan documents, such as dental and vision plans.

**6. Claims logic.** We are looking into your inquiry regarding all cost-share logics used for pharmacy transactions during the relevant period. At this point, we are unaware of any non-client-specific logic other than Copay G and Copay K.

**7. Custodians and search terms.**  You raise several inquiries regarding custodians and search terms.  Cigna has already identified custodians in response to Plaintiffs' discovery requests and, we believe, agreed with Plaintiffs on the appropriate custodians for this matter.  Moreover, Cigna's December 17th letter proposed additional possible custodians.  We have not received a response from Plaintiffs about those custodians or the proposal set forth in that letter.  Cigna cannot move forward with review of those custodians until the parties have agreed on an approach for the review.  Please let us know your position so we can begin to discuss appropriate search parameters and a realistic timeframe for production of responsive documents from those additional custodians.   Cigna has agreed to Plaintiffs' additional search terms regarding the phrase "inflated ingredient costs" identified by Plaintiffs in certain documents already produced to Plaintiffs, and pharmacy transaction data which Plaintiffs and their experts can assess themselves.

**8. "Negron" as search term.**  We further assessed the data that hit the "Negron" search term.  The vast majority of documents are false positives (i.e., involve other unrelated members around the country named "Negron") or are privileged/work product documents relating to this litigation.  Nonetheless, Cigna will run the "Negron" search term for the custodians previously agreed upon, subject to the following caveats:
    a)  Per Section IX(A)(1) of the ESI Protocol, Cigna will not produce or log any documents hitting the term "Negron," and that are dated after the filing of the initial complaint and reference a Cigna in-house attorney/paralegal or outside counsel; and
    b)  Cigna will not produce or log documents hitting the term "Negron" that are dated prior to the filing of the original complaint, but which do not reference this matter or Kimberly Negron or her dependents, as these documents are non-responsive.

**9. Prescription Drug Charge**.  As noted above, Cigna has already identified custodians in response to Plaintiffs' discovery requests and, we believe, agreed with Plaintiffs on the appropriate custodians for this matter.  Moreover, Cigna's December 17th letter proposed additional possible custodians, including Karen Montanaro and Claudia Skarvinko.

Cigna is likewise interested in completing discovery as expeditiously as possible and will be making another ESI production this week.  As noted above, we believe that much of the above discovery can be completed by January 31, 2019, but there are some items that will take additional time.  These include, for example, ESI review and production of the new custodians and production of the additional plan documents.  In addition, we are awaiting a response to our letter from January 9th regarding certain issues, including privilege logs.  We can discuss later this week.

Thanks,
Ellie

**Eleanor R. Farrell**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5194 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Cell: +1.814.769.1216
eleanor.farrell@morganlewis.com | www.morganlewis.com
Assistant: Fatima Sewell | +1.215.963.5382 | fatima.sewell@morganlewis.com

---

**From:** Christopher Barrett <cbarrett@ikrlaw.com>
**Sent:** Wednesday, January 9, 2019 6:09 PM
**To:** Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Costello, Joseph J. <joseph.costello@morganlewis.com>; Veasman, Lisa <lisa.veasman@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>
**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Meghan Oliver <moliver@motleyrice.com>; Grant Michelle  <grant.michelle@dorsey.com>; schubert.kirsten@dorsey.com
**Subject:** Negron v. Cigna

[EXTERNAL EMAIL]

Counsel,

Please let us know the status of Cigna's production. We would like to adhere to the January 31, 2019 completion date. We believe the outstanding issues are as follows:

**1. Claims data.** We have located documents in Cigna's production which list claims-data fields so the meeting proposed in your January 4 email is not necessary at this time.

As you know, Cigna has agreed to produce "prescription drug transaction records containing the prescription drug transactions of the Named Plaintiffs and the putative class members" for the relevant period. (See Cigna's supplemental responses to Plaintiffs' First RFPs.) Please let us know when this data will be produced.

 **2. Client generated plans.** Please let us know when the remaining "client-generated" (as term is used in Lisa's August 17, 2018 letter) plans will be produced. Please prioritize production of the 20 largest of such plans.

Lisa's August 17 letter notes that the plans that were produced were Proclaim plans. Please let us know whether there are also client-generated plans on FACETS (or other systems).

**3. Redacted Optum agreement.** Please let us know when we can review redacted and unredacted versions of the Optum Agreement.

**4. Ability to tie terms to plans.** Please provide an update as to whether the application mentioned by Brett during our first in-person meet and confer can be modified to identify plans that contain certain terms/provisions.

**5. Copies of booklets.** Please provide an update as to whether Cigna possesses PDFs of the booklets for all relevant plans during the time period, and if Cigna does not possess PDFs for all plans, please delineate which plans it does possess in PDF format and the form in which other plans are kept.

**6. Claims logic.** Please briefly describe the other cost-share logic used in connection with pharmacy transactions during the relevant period.

**7. Custodians and search terms.** As previously requested on November 13:


In an email drafted by Ms. Burns-McAvoy, she states that "the highest levels of Cigna management" support recouping spread from pharmacies. CIGNA00054927. Please confirm that these high-level Cigna communications and documents about recouping spread will be captured using the agreed-upon search terms and will be found within the files of the agreed-upon custodians. Please confirm that the individuals among the "highest levels of Cigna management" who supported collecting spread are among the agreed-upon custodians and, if not, please identify them.

In that same email, Ms. Burns-McAvoy mentions that "Argus inflate[d] the ingredient cost paid," which seems to have had the effect of concealing the fact that pharmacies were overpaid. Please confirm that documents about this inflation of ingredient costs will be captured using the agreed-upon search terms and will be found within the files of the agreed-upon custodians. Please also explain how this inflation is reflected (or is not reflected) in the claims data.

**8. "Negron" as search term.** As previously requested on November 13, please let us know whether Cigna is amenable to using the term "Negron" as a search term. A non-privileged email produced by Cigna suggests that the company changed its policies in response to this lawsuit. See CIGNA00170971.

**9. Prescription Drug Charge**. In your  September 25 letter, you agreed that Cigna would use the term "Prescription Drug Charge" as a search term. This implies that it will use the term against documents possessed by custodians who were involved in the decision to add that term to plans. Please confirm that some of the custodians were involved in the decision to add this term to plans and identify them.

Obviously, we are quite near the end of the period for document production and need to raise open issues with Judge Garfinkel. Accordingly please provide your response by Monday.

Thanks,

Chris

Christopher M. Barrett
**Izard, Kindall & Raabe, LLP**
29 South Main St., Suite 305
West Hartford, CT 06107
cbarrett@ikrlaw.com
860 513 2937

On Jan 4, 2019, at 9:48 AM, Shaffer, Brian W. <brian.shaffer@morganlewis.com> wrote:

Chris,

We'll respond to the other points in your email below in due course, but as to the last point, let me know your and your experts' availability for a call next week with us and our experts to discuss the claim fields.  I think that discussion will go a long way towards addressing the issue and minimizing or crystallizing any dispute that still needs to be brought to Judge Garfinkel.

Thanks,
Brian

**Brian W. Shaffer**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5103 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
brian.shaffer@morganlewis.com | www.morganlewis.com
Assistant: Marlene E. Mackason | +1.215.963.4930 | marlene.mackason@morganlewis.com

**From:** Christopher Barrett <cbarrett@ikrlaw.com>
**Sent:** Thursday, January 3, 2019 1:38 PM
**To:** Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>
**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Meghan Oliver <moliver@motleyrice.com>; Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Grant Michelle  <grant.michelle@dorsey.com>; schubert.kirsten@dorsey.com; Veasman, Lisa <lisa.veasman@morganlewis.com>
**Subject:** Re: Negron, et al. v. Cigna Corp., et al. [IWOV-DB1.FID6025602]

[EXTERNAL EMAIL]
Ellie,

I write in response to Cigna's December 17 letter.

• Brian stated that you "have not identified any system capabilities that can identify or pinpoint which CHLIC clients had particular benefit language in their plan booklets during particular time periods." During our first in-person meet and confer, Brett stated that Cigna had developed an application in connection with another lawsuit that might have this functionality. Please explain why the application mentioned by Brett cannot be modified to suit our needs.

4

• And, if the application can't be modified, the only alternative we see is production of every plan document for every year. In that regard, also please tell us whether Cigna possesses PDFs of the booklets for all relevant plans during the time period, and if Cigna does not possess PDFs for all plans, please delineate which plans it does possess in PDF format and the form in which other plans are kept.

• Please describe all claims logic that were used in connection with pharmacy transactions during the relevant period.

• Given that the parties cannot come to an agreement with respect to Cigna's refusal to describe all claim fields, we believe this issue is ripe to bring to Magistrate Judge Garfinkel. Please let us know your availability this month to confer with him.

Thanks.

Chris

Christopher M. Barrett
**Izard, Kindall & Raabe, LLP**
29 South Main St., Suite 305
West Hartford, CT 06107
cbarrett@ikrlaw.com
860 513 2937

> On Dec 17, 2018, at 4:58 PM, Farrell, Eleanor R. <eleanor.farrell@morganlewis.com> wrote:
>
> Chris,
>
> Please see the attached correspondence.
>
> Thanks,
> Ellie
>
> **Eleanor R. Farrell**
> **Morgan, Lewis & Bockius LLP**
> 1701 Market Street | Philadelphia, PA 19103-2921
> Direct: +1.215.963.5194 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Cell: +1.814.769.1216
> eleanor.farrell@morganlewis.com | www.morganlewis.com
> Assistant: Fatima Sewell | +1.215.963.5382 | fatima.sewell@morganlewis.com
>
>> **From:** Veasman, Lisa
>> **Sent:** Friday, December 7, 2018 5:30 PM
>> **To:** Christopher Barrett <cbarrett@ikrlaw.com>

5

**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Meghan Oliver <moliver@motleyrice.com>; Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>;
Grant Michelle <grant.michelle@dorsey.com>;schubert.kirsten@dorsey.com
**Subject:** RE: Negron, et al. v. Cigna Corp., et al. [IWOV-DB1.FID6025602]

Chris,

We continue to work through the many discovery tasks and questions Plaintiffs have asked concerning plan documents and other items. To respond to the questions raised in your email below, we note the following:

- Nos. 1 and 2: Given Plaintiffs' stated intention to include all client-generated plans in the proposed class, and requested production of all such plans, we do not see value in expending further resources to attempt to more specifically identify the number of plans in various general descriptive "buckets." Moreover, we cannot respond to your specific questions about client-prepared documents in the abstract. Please provide us with reference to a particular client or plan document and we can see if we can provide a simple answer to the inquiry. As for the request that we produce additional client-generated plans, we are looking into the burden and feasibility of doing so, and will be in touch to discuss any issues or concerns that we identify.

- No. 3: The production that CHLIC made on August 17, 2018 included "158 additional plan documents and/or summary plan descriptions." Please provide us copies of or direct us to the Bates numbers for those documents that you claim "appear to be shorter summaries (15-25 pages) rather than longer full plan documents." In the abstract, CHLIC is not in a position to answer why there may be different lengths of plans (which CHLIC did not prepare). CHLIC has produced the versions of the documents that its clients have made available to it.

- No. 4: We are looking into this new request/issue and will get back to you.

- No. 5: Our response to the 10/16/2018 correspondence will be provided in the next few days. We are continuing to work with our client on the less-redacted versions of the Catamaran agreement and Argus agreement. There are numerous documents that make up these agreements, so this has taken longer than expected. We should have them produced before the holidays.

- No. 6: CHLIC does not agree to the additional search terms. We will respond to Meghan's November 13, 2018 letter in the next few days.

Thanks, and have a good weekend.
Lisa

**Lisa Veasman**
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7334 | Main: +1.213.612.2500 | Fax: +1.213.612.2501

lisa.veasman@morganlewis.com | www.morganlewis.com
Assistant: Sue Reimers | +1.213.612.7281 | sue.reimers@morganlewis.com

---

**From:** Christopher Barrett <cbarrett@ikrlaw.com>
**Sent:** Monday, December 3, 2018 2:44 PM
**To:** Veasman, Lisa <lisa.veasman@morganlewis.com>
**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Meghan Oliver <moliver@motleyrice.com>; Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>; Grant Michelle <grant.michelle@dorsey.com>; schubert.kirsten@dorsey.com
**Subject:** Re: Negron, et al. v. Cigna Corp., et al.

[EXTERNAL EMAIL]
Lisa,

I write to address and follow up on a few issues.

First, we currently intend to include "client-generated" plans in our Class so please produce all such plans.

Second, and related to the first, we would like to clear up what seems to be a misunderstanding of terms. Based on Brett's comments during our July 2018 in-person meeting, we understand there to be three buckets of plans: (1) client generated plans, which were wholly drafted by clients; (2) client customized plans, which are plans that have been "tweaked" by the clients; and (3) off the shelf plans. On August 17, you produced 158 plan documents that you characterized as being "client generated"; however, many of these plans appear to us to be client customized or off the shelf because of their similarity to the Negron, Gallagher, and Perry plans (i.e., same typeface and terms) and/or are called "Open Access" plans. Can you please confirm whether Cigna considers these 158 plans to be "client generated" as the term was used by Brett in July?

Third, many of the 158 plans appear to be shorter summaries (15-25 pages) rather than longer full plan documents. Please produce the full plan documents for these plans.

Fourth, please produce native files for all presentations, including, but not limited to, Powerpoint files. The presentation files produced thus far are in many instances illegible because the TIFF files do not appear to be have been produced at 300 dpi, as required, and do not allow us to view any notes, comments, or other metadata that may be contained in the native files.

Fifth, please provide dates by when Cigna will (a) respond to Bob's October 16 letter and (b) produce the less-redacted versions of the Catamaran and Argus agreements.

Sixth, please confirm that Cigna agrees to the additional search terms and custodian requests made in Meghan's November 13 letter, or if Cigna does not agree, please provide a counterproposal.

Let us know if you would like to discuss any of these issues.

Thanks,

Chris

Christopher M. Barrett
**Izard, Kindall & Raabe, LLP**
29 South Main St., Suite 305
West Hartford, CT 06107
cbarrett@ikrlaw.com
860 513 2937


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
<2018.12.17 - Letter re Discovery - Negron v. CHLIC.pdf>