# EXHIBIT L

| | |
|---|---|
| **From:** | Christopher Barrett <cbarrett@ikrlaw.com> |
| **Sent:** | Friday, April 5, 2019 2:56 PM |
| **To:** | Costello, Joseph J.; Shaffer, Brian W.; Weddle, Lisa R.; Farrell, Eleanor R. |
| **Cc:** | Robert Izard; Craig Raabe; William H. Narwold; Meghan Oliver |
| **Subject:** | Re: Negron v. Cigna |

[EXTERNAL EMAIL]
Counsel,

We write to follow up on our March 18 meet and confer and concerning a few additional issues.

**Proposed custodians**

In our January 23 letter, we requested that the following nine individuals serve as custodians and explained the bases for selecting these individuals: David Cordani, Chris Hocevar, Edmund Skowronek, Mary Payeur, Tom McCarthy, Paul Schaeffer, Matt Manders, Jason Meade, and Kathleen Stevens.

Cigna counter-proposed, on March 18, that only three of these individuals (Edmund Skowronek, Paul Schaeffer, and Jason Meade) serve as custodians. While you explained that Mary Payeur and Kathleen Stevens were not required because they report to Mr. Skowronek, you did not provide a justification for removing the other custodians.

Plaintiffs will agree to drop Stevens and Meade but maintain that the other seven should serve as custodians given their positions and likelihood that they will possess highly relevant documents, as explained in our January 23 letter. Additionally, while Mary Payeur may have reported to Mr. Skowronek, she likely is more knowledgeable about the automation of the language. See CIGNA00050312.

Please let us know whether Cigna will agree to use the following seven individuals as custodians: David Cordani, Chris Hocevar, Edmund Skowronek, Mary Payeur, Tom McCarthy, Paul Schaeffer, and Matt Manders.

**Searches of DST System**

As part of the meet and confer process, Cigna proposed a process to find relevant plans, whereby Cigna would search its DST System for search terms proposed by Plaintiffs. On February 25, Plaintiffs proposed that Cigna search the DST System for the following four terms: (1) "Charges means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company"; (2) "provider has contracted directly or indirectly with Cigna for a different amount"; (3) "provider has contracted directly or indirectly with CG for a different amount"; and (4) "prescription drug charge".

On March 8, Cigna notified Plaintiffs that it was running the first and fourth terms, but refused to run the second and third, explaining, "The second and third searches . . . are phrases used in the definition of 'Charges' as it relates to medical benefits." As we explained in our March 8 email, Plaintiffs disagree that the definition of charges applies only to medical benefits and request that the second and third searches be run. During our March 18 meet and confer, Ellie had made a general proposal about searching for a different term but did not fully explain what she had in mind. Please (1) provide details of Ellie's proposal so that we may assess whether it is agreeable, (2) provide the date by when we can expect the reports of the first and fourth searches, (3)

1

explain the reporting process so we can understand why generating these reports takes over a month, and (4) confirm that the reports contain all data concerning the plans available on the DST system.

**Prescription Drug Charge language**

We also discussed whether we could determine electronically when the "Prescription Drug Charge" language came into effect on a plan by plan basis and whether we could use that information to determine the parameters of the case. Brian said he would get back to us last week, but we have not heard anything. Please let us know.

**Produce Plans as TIFFs as required by the Discovery Order**

Please confirm whether Cigna will re-produce the plans to conform to the Discovery Order or, alternatively, compensate Plaintiffs' counsel for all reasonable costs associated with converting the PDFs to the proper format. Our vendor has estimated that conversion of the plans already produced will cost between $6,125 and $7,000. Going forward, Plaintiffs expect Cigna to either comply with the Discovery Order or reimburse us for our reasonable costs.

**Communications with Connecticut Attorney General's office**

Please confirm whether Cigna will produce all communications with the Connecticut Attorney General's office, as referenced in the email chain starting at CIGNA00431000. Such documents are responsive to Requests 4 and 14.

**Documents withheld until agreement reached**

Based on our review, it seems that Cigna has withheld entirely 218 documents based on its continuing objection to the production of information it has unilaterally deemed irrelevant and commercially sensitive. These documents are replaced with a slip sheet in the database that reads "Document will be produced after parties reach agreement on redactions." We believe there is likely to be responsive, relevant information in those documents that should be produced without further delay. For example, Cigna has withheld drafts and mark-ups of Amendment 2 to the Catamaran agreement but has already produced a redacted version of the final Amendment 2. To the extent that Cigna is not claiming protection under attorney-client privilege or the work-product doctrine, please produce redacted versions of those documents.

We suggest a call next week. Please let us know some times next week when you are free.

Thanks,

Chris

**Christopher M. Barrett**

**IZARD, KINDALL & RAABE, LLP**
29 S. Main St., Suite 305
West Hartford, CT 06107
860 493 6292