# EXHIBIT N

| | |
|---|---|
| **From:** | Farrell, Eleanor R. |
| **Sent:** | Wednesday, May 15, 2019 9:47 AM |
| **To:** | Christopher Barrett |
| **Cc:** | Robert Izard; Craig Raabe; William H. Narwold; Meghan Oliver; Costello, Joseph J.; Shaffer, Brian W.; Veasman, Lisa; Diffee, Christopher M. |
| **Subject:** | RE: Negron v. Cigna |
| **Attachments:** | 051078-07_104001783v3_DST Report - _Prescription Drug Charge_ - (AEO) Cigna _ Negron.XLSX; 051078-07_104001595v3_DST Report - _Charges means the discounted amount_ - (AEO) Cigna _ Negron (2).XLSX |

Chris,

We write in response to your May 14th email.

First, we have attached two additional DST reports, which include any plan or related document since 1/1/2010 in the DST system that has the phrase (a) "Charges means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company," or (b) "prescription drug charge," respectively. (The report does not include any plans/related documents for Cigna participants/beneficiaries, where applicable, as such plans are excluded from Plaintiffs' class definition). We have designated these reports "Attorneys' Eyes Only" subject to the parties' protective order.

Second, on April 24, per your request, we sent you proposed language regarding "charges" to run as an additional DST search instead of Plaintiffs' proposed language from the general definition of "charges" related to medical benefits. We have not received a response to our proposal to use the phrase "incurs expenses for charges made by a Pharmacy" rather than the "provider" phrases suggested by Plaintiffs. Please let us know if Plaintiffs agree to our proposal, and Cigna will generate that report from a DST search.

Finally, Cigna agrees to Plaintiffs' May 7th proposal regarding additional custodians and search terms. Cigna will apply the search terms below to these custodians for review: Edmund Skowronek, Paul Schaeffer, Jason Meade, Kathleen Stevens, Mary Payeur, Chris Hocevar, Matt Manders, and Tom McCarthy.

| # | SEARCH TERMS |
|---|---|
| 1 | "claw back" OR clawback OR "claw-back" OR (claw* /5 back) |
| 2 | ("fox 8" OR "fox8") AND (drug* OR prescript* OR rx* OR pharm* OR clawbacks) |
| 3 | (lesser OR lower) /2 (2 OR 3 OR two OR three) |
| 4 | "lesser of logic" |
| 5 | "lower of logic" |
| 6 | "lower of three" |
| 7 | "pharmacy reimbursement overpayment" |
| 8 | "excess pharmacy payment" OR "excess pharmacy payments" OR "pharmacy over payment*" OR "pharmacy overpayment*" |
| 9 | "zero balance" /3 (logic or claim*) |

1

| 10 | ("cost-share" OR costshar* OR "cost share" OR deductible OR coins* OR co-insurance OR copay* OR co-pay OR co-payment) /5 (exceed* OR excess* OR negative OR zero OR retro* OR contract) |
| --- | --- |
| 11 | gag /20 pharm* |
| 12 | jared /3 hopkins |
| 13 | negative /10 (recoup* OR reimb*) |
| 14 | overpa* /15 (contract* /2 rate) |
| 15 | overpa* /15 ("catamaran rate" OR "client rate" OR "pharmacy rate") |
| 16 | exceed* /15 ("catamaran rate" OR "client rate" OR "pharmacy rate" OR "contract rate") |
| 17 | pharm* /20 (overpa* OR recoup*) |
| 18 | spread AND (drug* OR prescript* OR pharm* OR rx*) |
| 19 | Zbl |
| 20 | Zurik |
| 21 | negative /5 patient /5 pay |
| 22 | pbs /20 (spread OR recoupment OR overpayment) |
| 23 | "Senate Bill 445" |
| 24 | SB /2 445 |
| 25 | "S.B." /2 445 |
| 26 | "copay option g" OR "copayment g" OR "copay g" OR "co-pay g" |
| 27 | (inflate* /4 ingredient) AND (pharm* OR Argus OR OptumRx OR Catamaran) |
| 28 | "in no event will the copayment" OR "amount paid by the plan to the pharmacy" |
| 29 | "negative balance" AND (drug* OR prescript* OR rx* OR pharm* OR reimb*) |
| 30 | Negron |

Thanks,
Ellie

**Eleanor R. Farrell**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5194 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Cell: +1.814.769.1216
eleanor.farrell@morganlewis.com | www.morganlewis.com
Assistant: Fatima Sewell | +1.215.963.5382 | fatima.sewell@morganlewis.com

---

**From:** Christopher Barrett <cbarrett@ikrlaw.com>
**Sent:** Tuesday, May 14, 2019 11:00 AM
**To:** Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>
**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Meghan Oliver <moliver@motleyrice.com>; Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Veasman, Lisa <lisa.veasman@morganlewis.com>
**Subject:** Re: Negron v. Cigna

[EXTERNAL EMAIL]
Ellie,

As part of the meet and confer process, on February 25, Plaintiffs requested that Cigna search the proclaim plans on the DST system for four phrases. You represented that Cigna was running searches for two of these phrases on March 8. Then, on April 24, you represented that Cigna would provide DST reports for the two phrases by May 3. What is your availability today or tomorrow to discuss the status of the DST reports?

Please also advise as to the status of the search for plans that contain "incurs expenses for charges made by a Pharmacy."

Lastly, please let us know whether Cigna agrees to the proposal made on May 7 with respect to custodians and search terms. To the extent, the parties do not have an agreement, please provide comments to the joint motion by tomorrow.

Thanks,

Chris


Sent from my iPhone

On Apr 24, 2019, at 11:37 PM, Farrell, Eleanor R. <eleanor.farrell@morganlewis.com> wrote:

> Chris,
>
> We write in response to your April 5th email in which you further inquire about certain discovery issues and also raise new issues not previously addressed.
>
> 1) **Proposed custodians.** During our March 18th meet-and-confer, we reiterated that Cigna has already identified the relevant custodians in response to Plaintiffs' discovery requests and agreed with Plaintiffs on twenty-six appropriate custodians. However, in an effort to continue to reach a compromise, we indicated that Cigna would be willing to add Edmund Skowronek, Paul Schaeffer, and Jason Meade as additional custodians if Plaintiffs agreed to withdraw their request for the other six custodians, who we believe are duplicative of other custodians and/or will result in large numbers of irrelevant and only few minimally relevant documents. You have rejected this proposal. For the reasons discussed above, Cigna will not agree to designate Cordani, Hocevar, Manders, McCarthy, and Payeur as custodians at this time, but we remain willing to discuss further.
>
> 2) **Searches of the DST System.** Your email asks several questions regarding the parties' agreement to search Cigna's DST system for plan and related documents with specific text. As discussed during our March 18 meet-and-confer, we proposed using language regarding "charges" found in the prescription drug benefits section of certain Proclaim plans instead of Plaintiffs' proposed language from the general definition of "charges" related to medical benefits. As explained, this is to ensure that we are including only plan and related documents with pharmacy benefits. You said that you would consider this proposal. To the extent that you are now requesting additional information to be able to evaluate your response, Cigna will agree to run the phrase "incurs expenses for charges made by a Pharmacy" in Cigna's DST system. This language is found, for example, in the Hampton Resources plan document that you referenced in your proposal.

3

Second, Cigna anticipates that it will be able to provide the reports by the end of next week for the following two searches that we agreed to run: (a) "Charges means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company," and (b) "prescription drug charge."

In addition, you have asked that Cigna confirm "that the reports contain all data concerning the plans available on the DST system." We are not sure what you mean by all data concerning the plans. However, with regard to the DST reports, we have provided you with all of the relevant data fields available for the report and which are necessary for the parties to review the client information, the document type, the plan identifier, the funding arrangement, and the effective date of the document. Certain administrative fields have not been produced.

3) **Prescription Drug Charge Language.** When the "Prescription Drug Charge" language went into effect on a plan-by-plan basis is related to the DST searches discussed above (No. 2). Once the parties review the DST report with the "Prescription Drug Charge" phrase, we are willing to discuss how, if at all, that information may be used by the parties with regard to the plans and/or parameters of the case.

4) **Format of Plan Document Production.** You have asked Cigna to reproduce approximately 139,000 plan and related documents as TIFF images rather than in PDFs as those documents are maintained in the DST database, or to cover your cost to convert those PDFs to TIFF images. We explained on our March 18 meet-and-confer that the cost to Cigna to produce this volume of plan and related documents in TIFFs was significant. However, Cigna has been able work with its vendor on a more cost-effective way to Cigna to reproduce these documents as TIFFs. Thus, Cigna will agree to reproduce the plan and related documents from the hard drive as TIFF images and will produce any additional plan and related documents as TIFFs in future productions.

5) **Communications with Connecticut Attorney General's Office.** You raise in your email and your April 22, 2019 letter questions regarding documents related to a CT Attorney General inquiry to Cigna in April 2014. As you know, Cigna has already produced a number of documents related to this inquiry and has withheld and included on its privilege log certain privileged documents related thereto. These documents were identified through the parties' agreed-upon search terms and custodians. Cigna is willing to conduct a reasonable search for and produce additional responsive, non-privileged documents related to this inquiry from the CT Attorney General.

Relatedly, it appears that the letter from Cigna to the CT Attorney General's Office attached to your April 22 letter did not come from Cigna's production, but rather from some other source. We do not believe that Plaintiffs produced a copy of that letter in response to Cigna's discovery requests to Plaintiffs (including, for example, RFP # 43) either. Please confirm that you will supplement Plaintiffs' document production with all documents that you have received in response to FOIA or other formal or informal requests to third-parties regarding the CT Attorney General inquiry and any other matters relevant to this case.

6) **Documents with Redactions.** You have asked us to reproduce certain documents that, as explained in our December 7, 2018 Letter, are related to the Optum agreement and were withheld until the parties reached agreement on the limited redactions to that agreement. We will produce these documents consistent with the approach taken with our revised, less-redacted version of the Optum Agreement.

4

Thanks,
Ellie

**Eleanor R. Farrell**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5194 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Cell: +1.814.769.1216
eleanor.farrell@morganlewis.com | www.morganlewis.com
Assistant: Fatima Sewell | +1.215.963.5382 | fatima.sewell@morganlewis.com

**From:** Christopher Barrett <cbarrett@ikrlaw.com>
**Sent:** Friday, April 5, 2019 2:56 PM
**To:** Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Veasman, Lisa <lisa.veasman@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>
**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Meghan Oliver <moliver@motleyrice.com>
**Subject:** Re: Negron v. Cigna

[EXTERNAL EMAIL]
Counsel,

We write to follow up on our March 18 meet and confer and concerning a few additional issues.

**Proposed custodians**

In our January 23 letter, we requested that the following nine individuals serve as custodians and explained the bases for selecting these individuals: David Cordani, Chris Hocevar, Edmund Skowronek, Mary Payeur, Tom McCarthy, Paul Schaeffer, Matt Manders, Jason Meade, and Kathleen Stevens.

Cigna counter-proposed, on March 18, that only three of these individuals (Edmund Skowronek, Paul Schaeffer, and Jason Meade) serve as custodians. While you explained that Mary Payeur and Kathleen Stevens were not required because they report to Mr. Skowronek, you did not provide a justification for removing the other custodians.

Plaintiffs will agree to drop Stevens and Meade but maintain that the other seven should serve as custodians given their positions and likelihood that they will possess highly relevant documents, as explained in our January 23 letter. Additionally, while Mary Payeur may have reported to Mr. Skowronek, she likely is more knowledgeable about the automation of the language. See CIGNA00050312.

Please let us know whether Cigna will agree to use the following seven individuals as custodians: David Cordani, Chris Hocevar, Edmund Skowronek, Mary Payeur, Tom McCarthy, Paul Schaeffer, and Matt Manders.

**Searches of DST System**

As part of the meet and confer process, Cigna proposed a process to find relevant plans, whereby Cigna would search its DST System for search terms proposed by Plaintiffs. On February 25, Plaintiffs proposed that Cigna search the DST System for the following four terms: (1) "Charges

5

means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company"; (2) "provider has contracted directly or indirectly with Cigna for a different amount"; (3) "provider has contracted directly or indirectly with CG for a different amount"; and (4) "prescription drug charge".

On March 8, Cigna notified Plaintiffs that it was running the first and fourth terms, but refused to run the second and third, explaining, "The second and third searches . . . are phrases used in the definition of 'Charges' as it relates to medical benefits." As we explained in our March 8 email, Plaintiffs disagree that the definition of charges applies only to medical benefits and request that the second and third searches be run. During our March 18 meet and confer, Ellie had made a general proposal about searching for a different term but did not fully explain what she had in mind. Please (1) provide details of Ellie's proposal so that we may assess whether it is agreeable, (2) provide the date by when we can expect the reports of the first and fourth searches, (3) explain the reporting process so we can understand why generating these reports takes over a month, and (4) confirm that the reports contain all data concerning the plans available on the DST system.

**Prescription Drug Charge language**

We also discussed whether we could determine electronically when the "Prescription Drug Charge" language came into effect on a plan by plan basis and whether we could use that information to determine the parameters of the case. Brian said he would get back to us last week, but we have not heard anything. Please let us know.

**Produce Plans as TIFFs as required by the Discovery Order**

Please confirm whether Cigna will re-produce the plans to conform to the Discovery Order or, alternatively, compensate Plaintiffs' counsel for all reasonable costs associated with converting the PDFs to the proper format. Our vendor has estimated that conversion of the plans already produced will cost between $6,125 and $7,000. Going forward, Plaintiffs expect Cigna to either comply with the Discovery Order or reimburse us for our reasonable costs.

**Communications with Connecticut Attorney General's office**

Please confirm whether Cigna will produce all communications with the Connecticut Attorney General's office, as referenced in the email chain starting at CIGNA00431000. Such documents are responsive to Requests 4 and 14.

**Documents withheld until agreement reached**

Based on our review, it seems that Cigna has withheld entirely 218 documents based on its continuing objection to the production of information it has unilaterally deemed irrelevant and commercially sensitive. These documents are replaced with a slip sheet in the database that reads "Document will be produced after parties reach agreement on redactions." We believe there is likely to be responsive, relevant information in those documents that should be produced without further delay. For example, Cigna has withheld drafts and mark-ups of Amendment 2 to the Catamaran agreement but has already produced a redacted version of the final Amendment 2. To the extent that Cigna is not claiming protection under attorney-client privilege or the work-product doctrine, please produce redacted versions of those documents.

We suggest a call next week. Please let us know some times next week when you are free.

Thanks,

Chris

**Christopher M. Barrett**

**IZARD, KINDALL & RAABE,** LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
860 493 6292

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.