# EXHIBIT Q

# Morgan Lewis

**Brian W. Shaffer**
Partner
+1.215.963.5103
brian.shaffer@morganlewis.com

December 17, 2018

**VIA ELECTRONIC MAIL**

Robert A. Izard, Esq.
Izard, Kindall & Raabe, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107

Re: *In re Cigna Corporation PBM Litigation – No 3:16-CV-1702 (WWE)*

Dear Bob:

We write in response to your October 16, 2018 letter (the "Letter") in which you further inquire about questions/issues discussed at the parties' meet-and-confer, and also ask additional follow-up questions not previously raised.

1. **Discovery Time-frame**

To clarify your Letter, we understand that you are asking about the burden or technological issues faced by Cigna in collecting the historical "Your Payment" templates for Proclaim for the three-month time period from October 2010 to January 2011, as well as identifying any other difficulties associated with gathering other templates back to October 2010. These templates cannot be collected because the database from which the "Your Payments" templates are maintained and collected did not exist before 2011. Cigna also agreed to produce the "Schedule of Benefits" and "Covered Expenses" templates for Proclaim. As previously described, these templates – maintained in the same tool as the "Your Payments" templates – are only available back to January 2011.

2. **Plan Provisions**

Your Letter asks for the status of the "Schedule of Benefits" and "Covered Expenses" templates. CHLIC produced the "Schedule of Benefits" templates for Proclaim on November 6, 2018 (Production 14). As with the previous templates, we produced additional data with this production in an effort to provide guidance as to when these provisions for the Proclaim system were approved for use in plan booklets. We anticipate starting production of the "Covered Expenses" templates before the end of the year.

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA 19103-2921      T +1.215.963.5000
United States                     F +1.215.963.5001

DB1/ 101144217.2

Robert A. Izard, Esq.
December 17, 2018
Page 2

### 3. Ability to tie provisions to plans

CHLIC previously explained that identifying the varying plan language for certain provisions through the use of the historical templates does not answer the question of which plan booklets include specific provisions and in which combination. In many cases, CHLIC's clients do not completely revise or update their plan booklets every year. Some clients, for example, refresh their plans on a 3-year cycle. That cycle varies from client to client. For example, one client could issue a new, updated plan in 2018 and then again in 2021, while a different client could issue a new, updated plan in 2017 and 2020. There is no set schedule that applies to all of the clients for which CHLIC provides administrative services.

CHLIC's systems do not track which version of a particular plan booklet section ultimately ends up in a plan booklet for a particular CHLIC client. We have not identified any system capabilities that can identify or pinpoint which CHLIC clients had particular benefit language in their plan booklets during particular time periods. It appears that a manual review of plan booklets would be required to determine such information. We therefore propose continuing to confer regarding the collection and production of additional plan documents.

### 4. Templates

We are gathering any procedures used during the creation of the plan booklet process and anticipate producing these documents, to the extent not otherwise produced in CHLIC's ESI document productions, in the next several weeks.

### 5. Facets

You asked why "Facets" is mentioned in the Proclaim "Your Payments" provision templates. Any green instruction is a Facets instruction, and those are included when there is a difference between what is necessary for Proclaim where those instructions are in blue. Additionally, we are looking into your inquiries regarding the approximate percentage of plans with prescription drug benefits administered or insured by CHLIC on Facets.

### 6. Curols' Proclaim plans

The Curols' plan for Island Operating Company was moved from the Facets to Proclaim platform. CHLIC will produce additional plans for the Curols if they exist and are within CHLIC's possession, custody, and control.

### 7. Volume of plans

Your Letter stated that you were reviewing the plans that CHLIC identified as being client-prepared to determine whether you intend to keep such plans in the proposed class. Given Plaintiffs' stated intention of December 4, 2018 to include all client-generated plans in the proposed class, and requested production of all such plans, we do not see value in expending further resources to attempt to more specifically identify the number of plans in various general descriptive "buckets." Moreover, we cannot respond to your specific questions in your December 3, 2018 email about client-prepared documents in the abstract. As stated in our December 7, 2018 email, please provide us with reference to a particular client or plan document and we can see if we can provide a simple answer to the inquiry. As for the request that we produce

Robert A. Izard, Esq.
December 17, 2018
Page 3

additional client-generated plans, we are looking into the burden and feasibility of doing so, and will be in touch to discuss any issues or concerns that we identify.

8. **Terms**

Your letter asks whether there are any "claims logics" other than Copay G and Copay K that were used during the relevant time period. Copay G and Copay K are two pharmacy transaction logics used by Argus to calculate participant cost-share for retail pharmacy transactions, but other "claims logic" was available.

Additionally, with respect to Plaintiffs' request for definitions for terms and acronyms used in the "Your Payments" Proclaim Templates, CHLIC responds as follows:

- "NGF" means non-grandfathered
- "ET" means extraterritorial
- "EGWP" means Employer Group Waiver Plan
- "MET" means Multiple Employer Trust
- ANE means ASO Non-ERISA
- Q-Document (Seton OOA) means QANI (QalCare Alliance Networks, Inc.) documents (Seton DSA = Delivery System Alliance Out-of-Area)

9. **Organization Charts & Additional Custodians**

As indicated in our September 25, 2018 Letter, rather than gather organizational charts for business units outside of Cigna Pharmacy Management ("CPM"), we concluded that it would be more productive for CHLIC to provide names of individuals who have roles related to pharmacy benefits and the issues in this litigation based on the business functions that you have identified. Below are the additional custodians CHLIC has identified.

| Function/Business Unit | Potential Custodians |
|---|---|
| Finance | None beyond those already disclosed. |
| Pharmacy Benefits | Claudia Skarvinko |
| Pharmacy Claims | None beyond those already disclosed. |
| Contract Drafting | We are unclear what is intended by contract drafting, but we have interpreted this to mean ASO Agreements or Certificates of Coverage. In any event, no custodians to identify. |
| Plan Design | Claudia Skarvinko<br>Karen Montanaro |
| Plan Administration | We are unclear what is intended by plan administration as CHLIC is not a plan administrator. To the extent Plaintiffs intended to refer to claims administration, there are no additional custodians to identify. |
| Media / Public Relations | Karen Eldred |
| Lobbying | None who work with Cigna Pharmacy Management. |

DB1/ 101144217.2

Robert A. Izard, Esq.
December 17, 2018
Page 4

| | |
|---|---|
| Marketing/Pharmacy/Provider Relations | Claire Burchill |
| Accounting/Bookkeeping | We interpret this to mean underwriting and identify Chalon Carpenter. |
| Government Affairs | None who work with Cigna Pharmacy Management |
| Compliance / Government Affairs | Karen Montanaro<br>Claire Burchill<br>Debra Nelson<br>Paula Easterling |
| Sales | None beyond those already disclosed. |

      Unlike the custodians within CPM or who solely work for CPM, these additional custodians work in business units where they support units other than CPM. Not all of their work relates to Cigna's pharmacy business, let alone commercial retail network pharmacies or issues involving the claims in this case. For that reason, and given the overbroad search terms previously requested by Plaintiffs, CHLIC will only agree to add these custodians if Plaintiffs agree that the searches to be run against their collected ESI and documents be limited to 10 searches that are targeted to find responsive documents.

      As for any historical organizational charts for those already produced, they are archived and it is proving difficult to obtain them. To date, CHLIC has produced thousands of documents for custodians who have been part of Cigna Pharmacy Management during the relevant time period. Any persons who were involved with the issues in this case, but who are not on the previously produced organizational charts, are identifiable from the documents produced to date, and those that will be produced. While CHLIC believes it has already identified the key custodians with relevant documents relating to the issues in this case, to the extent that there are additional custodians you contend should be added, please send us a list for consideration, and the reasons why you believe adding each additional custodian is necessary.

    10. **Accounting related to Catamaran contract**

      Your letter attempts to clarify the request by seeking – with reference to the Second Amendment to the Catamaran Agreement – documents showing the accounting necessary to calculate amounts that would be sent or credited to Cigna by either Optum or Argus when a participant's cost share exceeds the amount that pharmacy was actually paid. CHLIC previously explained that specific documents showing an accounting of "Spread" (as Plaintiffs define it) do not exist. CHLIC nevertheless agreed to conduct a reasonable and diligent search using agreed upon search terms and parameters, and produce responsive, non-privileged documents. This production is ongoing.

    11. **Prescription transaction data**

      Plaintiffs acknowledge that CHLIC has produced more than fifty pharmacy transaction data fields but fail to explain why that data is insufficient or what additional fields you believe are necessary. You indicated at the parties' July 2018 meeting that your expert believes that there are approximately 200 "standard format" codes for transmitting pharmacy transaction data. As stated in our September 25, 2018 letter, CHLIC remains willing to consider a request from Plaintiffs for specific additional data fields and to schedule a call involving the parties' experts to discuss.

***

DB1/ 101144217.2

Robert A. Izard, Esq.
December 17, 2018
Page 5

      We are available to further meet and confer with you after you have had an opportunity to consider the responses set forth herein and the documents forthcoming.

Very truly yours,

*/s Brian W. Shaffer*

Brian W. Shaffer

cc:    All counsel of record