# EXHIBIT S

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE CIGNA CORPORATION PBM
LITIGATION

Civil No. 16-cv-1702

July 19, 2019

**PLAINTIFFS' FIFTH SET OF INTERROGATORIES AND
SIXTH SET OF REQUESTS FOR PRODUCTION TO:
CIGNA HEALTH AND LIFE INSURANCE COMPANY**

Pursuant to the Federal Rules of Civil Procedure, plaintiffs Kimberly A. Negron, Courtney Gallagher, Daniel Perry, Nina Curol, Roger Curol, and Billy Ray Blocker request that Defendant, Cigna Health and Life Insurance Company, within 30 days of service, (1) answer fully and under oath the below interrogatory, and (2) produce the documents requested herein.

**I.   Instructions to Interrogatories**

1. Each interrogatory must be answered separately and fully in writing.

2. The answers must include all information in your possession, custody, or control, or known by your agents.

3. If you cannot answer any interrogatory fully after exercising due diligence, (a) so state and answer such interrogatory to the full extent possible; (b) specify the portion of such interrogatory that you contend you are unable to answer fully and the facts on which you rely to support that contention; and (c) state the full extent of your knowledge, information and belief concerning the unanswered portion of such interrogatory.

4. To the extent that an interrogatory calls for the disclosure of privileged information, the written response to that interrogatory should so indicate, but should disclose the balance of the information not subject to a claim of privilege that falls within the scope of the interrogatory.

5. If any information responsive to any of these interrogatories is claimed to be privileged or otherwise protected from discovery in whole or in part, identify each person who has knowledge of such information, or to whom such information has been communicated, and state with particularity the nature and basis of the claim of privilege in sufficient detail to permit the Court to adjudicate the validity of such claim.

6. You are under a continuing obligation to supplement your answers to these interrogatories.

## II. Fifth Set of Interrogatories

1. Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies."

2. Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products."

3. Identify, by claim number (i.e., CLM_NUM), each deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy[, and the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy]."

4. Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products."

5. Identify, by claim number (i.e., CLM_NUM), each copayment transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of:
>
> > the Copayment or Coinsurance for the Prescription Drug Product; or
> >
> > the Prescription Drug Charge for the Prescription Drug Product; or
> >
> > the Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product."

6. Identify, by claim number (*i.e*., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "You are not entitled to the difference between the rate Cigna charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product. For the purposes of Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible for funding benefits in accordance with the terms and conditions outlined in this booklet/certificate."

7. Describe in detail how, including any policies, procedures and methodologies, Cigna exercised "discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plans," "including" the "computation of any and all benefit payments," and identify all documents relating thereto.

### III. Sixth Request for Production

1. All documents identified in response to Interrogatory 7 of the Fifth Set.

| | |
|---|---|
| July 19, 2019 | *s/ Robert A. Izard* |

        Robert A. Izard (ct01601)
        Craig A. Raabe (ct04116)
        Christopher M. Barrett (ct30151)
        IZARD, KINDALL & RAABE, LLP
        29 South Main Street, Suite 305
        West Hartford, CT 06107
        Telephone: 860-493-6292
        Facsimile: 860-493-6290
        rizard@ikrlaw.com
        craabe@ikrlaw.com
        cbarrett@ikrlaw.com

        William H. Narwold (ct00133)
        Mathew Jasinski (ct27520)
        MOTLEY RICE LLC
        One Corporate Center
        20 Church Street, 17th Floor
        Hartford, CT 06103
        Telephone: 860-882-1681
        Facsimile:  860-882-1682
        bnarwold@motleyrice.com
        mjasinski@motleyrice.com

        **Attorneys for Plaintiffs**

CERTIFICATE OF SERVICE

I, Robert A. Izard, certify that, on July 19, 2019 I caused a true and correct copy of the foregoing document to be served on counsel for all parties via email.

Executed this 19th day of July 2019 at West Harford, Connecticut.

*s/ Robert A. Izard*
Robert A. Izard (ct01601)