# EXHIBIT T

| | |
|---|---|
| **From:** | Veasman, Lisa |
| **Sent:** | Wednesday, August 14, 2019 3:58 PM |
| **To:** | 'Oliver, Meghan'; Costello, Joseph J.; Shaffer, Brian W.; Farrell, Eleanor R.; Klayman, Matthew D. |
| **Cc:** | 'Narwold, Bill'; 'Robert Izard'; 'Craig Raabe'; 'Christopher Barrett' |
| **Subject:** | RE: Negron v. Cigna - Follow-up on outstanding discovery |

Meghan:  Our responses to the items in your July 31 and August 12 emails, which we have confirmed with Cigna, are as follows:

- <u>Additional Transaction Data and Fields</u>:  As you were informed at the July 31 ENE session, Cigna is in the process of pulling the post-January 2017 data. Cigna is also working through the issues associated with possibly providing additional fields of data, and/or providing you with additional information regarding the fields you have inquired about.  At this point, however, it is clear that we will not be in a position to produce any  additional data to you by August 21 or immediately thereafter.  If that timing means that we need to postpone the September 11 mediation, we have no objection and, frankly, suspect that it makes sense to do so.  Perhaps the best thing to do is to alert David Geronemus, either by email or during our call next week, and ask him to provide us with some alternative dates. We think it would make sense to get multiple dates in October, November and/or December so we have them if we need them.  Please let us know how you would like to proceed in that regard.
- <u>Amending Cigna's Previous Interrogatory Responses</u>:  Cigna intends to supplement any discovery responses in the normal course, if and where appropriate, consistent with its obligations under the Federal Rules.  We anticipate supplementing our response which you have taken issue with regarding Cigna's administration of benefits in accordance with plan terms.
- <u>Plaintiffs' Fifth Set of Interrogatories</u>:  Cigna requires additional time to provide substantive responses.  Please let us know whether Plaintiffs' are willing to grant Cigna an additional 30 days to respond, which would make the responses due September 18, 2019.
- <u>Continued Productions</u>:  The Third Amended Stipulated Joint Case Management Plan does not require document production completion until October 4, 2019.  Nevertheless, Cigna is working expeditiously to meet that deadline and anticipates that it will make its next production at the end of next week, with additional rolling productions until completion by that October 4, 2019 date.
- <u>Revised Privilege Log</u>:  Although the Third Amended Stipulated Joint Case Management Plan orders that the final privilege log is to be provided on or before November 11, 2019, Cigna intends to provide a revised version of its March 1, 2019 privilege log by the end of this month.  Cigna's privilege log pertaining to any subsequent productions, however, will be served on or before the November 11, 2019 deadline.

Please let us know if you have any additional questions or would like to discuss any of these issues in advance of next Wednesday's call with David Geronemus.

**Lisa Veasman**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7334 | Main: +1.213.612.2500 | Fax: +1.213.612.2501
lisa.veasman@morganlewis.com | www.morganlewis.com
Assistant: Gloria R. Moonesinghe | +1.213.612.7330 | gloria.moonesinghe@morganlewis.com

**From:** Oliver, Meghan <moliver@motleyrice.com>
**Sent:** Monday, August 12, 2019 10:10 AM

**To:** Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>; Klayman, Matthew D. <matthew.klayman@morganlewis.com>
**Cc:** Narwold, Bill <bnarwold@motleyrice.com>; Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; Christopher Barrett <cbarrett@ikrlaw.com>; Veasman, Lisa <lisa.veasman@morganlewis.com>
**Subject:** RE: Negron v. Cigna - Follow-up on outstanding discovery

[EXTERNAL EMAIL]

All,

We never received a response to my email of 7/31 (below).

As Craig noted in his follow-up email, we will need three weeks to process any additional data in advance of the scheduled mediation on September 11. Our understanding at the mediation was that this process of pulling updated claims data was already underway or was about to begin. Because this information is critical to a meaningful discussion at our next session, we reiterate our request that this additional data be provided by August 21.

It has been a month since our last meet-and-confer during which you agreed to investigate the possibility of amending Cigna's previous interrogatory response regarding its ability to match claims to specific plan language, and three weeks since your last letter regarding additional claims fields. Please provide the requested information, as well as a timely response to our fifth set of interrogatories so that the parties are able to have productive discussions on 9/11.

Last, we have yet to receive any documents from the most recently designated custodians even though those custodians were agreed upon three months ago, and also have not yet received a revised privilege log despite Cigna's agreeing to provide one four months ago. Please let us know when you expect to provide those.

Best,
Meghan


**Meghan Oliver** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9492 | f. 843.216.9430 | moliver@motleyrice.com

---

**From:** Oliver, Meghan
**Sent:** Wednesday, July 31, 2019 4:09 PM
**To:** Costello, Joseph J. <joseph.costello@morganlewis.com>; Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>; matthew.klayman@morganlewis.com
**Cc:** bnarwold@motleyrice.com; Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; Christopher Barrett <cbarrett@ikrlaw.com>; Veasman, Lisa <lisa.veasman@morganlewis.com>
**Subject:** Negron v. Cigna - Follow-up on outstanding discovery

All,

Following up on discussions at the mediation yesterday, we'd like to confirm that the following discovery-related items are outstanding. We would appreciate receiving all of the items sufficiently in advance of the September 11 mediation to process and digest them before the session. That said, we have listed them in order of priority.

1. Remaining claims data from the last date of claims data provided in previous production (January 2017) through the present.

2. To the extent the fields exist and have not already been produced, the additional fields for which Cigna claimed in its July 22 letter that its investigation is ongoing. In that regard, we need to finalize the meet-and-confer as soon as possible regarding breaking out copayment and coinsurance claims in the combined data field. Please let us know when you are available.

3. Any amended interrogatory response that Cigna intends to provide regarding its ability to match claims to specific plan language, along with responses to the interrogatories regarding additional plan language.

4. Responsive documents from the additional custodians requested earlier this year (i.e., Edmund Skowronek, Paul Schaeffer, Jason Meade, Kathleen Stevens, Mary Payeur, Chris Hocevar, Matt Manders, and Tom McCarthy).

5. An updated and revised privilege log to provide the information required by the ESI Stipulation and the Federal Rules, and to cover documents withheld from Cigna's recent productions.

Best,
Meghan


**Meghan Oliver** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9492 | f. 843.216.9430 | moliver@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.