# EXHIBIT JJ

| | |
|---|---|
| **From:** | Shaffer, Brian W. |
| **Sent:** | Friday, July 3, 2020 10:52 PM |
| **To:** | Christopher Barrett; Weddle, Lisa R.; Farrell, Eleanor R. |
| **Cc:** | Robert Izard; Craig Raabe; William H. Narwold; Seth Klein; Oliver, Meghan; Grant.Michelle@dorsey.com; Blumenfeld, Jeremy P.; Klayman, Matthew D. |
| **Subject:** | RE: Negron v. Cigna Health and Life Insurance Company |

Chris and Bob,

Please accept this email as a preliminary response to your 7-page single-spaced June 27, 2020 letter. We do not intend to address every point that you raise in your letter at this time. But we disagree with Plaintiffs' characterization of the events involving the DST Reports and that Cigna has been misleading in its responses during discovery about these reports.

As you state in your letter, the parties began to discuss the possibility of generating these DST Reports, and their limitations, in 2018. As a reminder, these reports do not exist at Cigna in the ordinary course of business and their use in this litigation was something that we were willing to try using in a good-faith effort to address the volume of plan documents implicated by Plaintiffs' case. We certainly did not promise that the DST Reports would be a panacea or would be a substitute for review of the actual plan documents. We provided an initial DST Report on February 7, 2019, as part of these meet-and-confer efforts in response to Plaintiffs' request to identify Proclaim documents with certain language and given Plaintiffs' disinclination to receive all of the plan documents from Cigna. The reports were provided in the context of identifying Proclaim documents in the DST system that may have specific language identified by Plaintiffs. We acknowledged the limitations of these reports and also disclosed that not all fields were included. As noted, we provided you with fields for the parties to review the client information, the document type, the plan identifier, the funding arrangement, and the effective date of the document. Based on what we were told at that time about what Plaintiffs were interested in, we believed the other fields to be administrative and told you so. Plaintiffs could have conducted specific discovery about the DST system and these reports at any time, especially having knowledge of their limitations.

The parties used these reports for purposes of mediation in 2019, and Cigna continued to explain their limitations at that time. You continued to engage in meet-and-confer efforts in *Neufeld* as well, where it was confirmed to you on May 6, 2020, that benefit option codes could be included in the DST reports to the extent the data is populated for that field. In response to Plaintiffs' Eighth Set of Interrogatories, given the specific fields requested in this set of interrogatories, Cigna produced DST Reports on May 12, 2020, which included the "BenOpt Code." Plaintiffs have now served discovery about the DST system and these reports via Plaintiffs' Tenth Set of Interrogatories on June 30, 2020, and Plaintiffs' Rule 30(b)(6) Notice yesterday (July 2, 2020).

In response to your request, Cigna is willing to rerun the five DST Reports that Cigna previously provided in order to add the "BenOpt Code" to them. We have started that process, but we do not yet have an answer on how long that will take and when the reports can be provided (as previously explained, the searches are time consuming to run given the number of documents that the system queries), but should be able to provide you an update next week.

We do not think it productive to argue about Plaintiffs' characterization of what the reports will allow Plaintiffs to accomplish. Indeed, your letter recognizes that there continue to be limitations in identifying plan documents with specific language and connecting those documents to participant transactions. That being said, if after you receive the rerun reports you believe that you need to supplement your expert report to address the BenOpt Code, we are certainly willing to discuss possible ways to address that issue in the context of the overall schedule.

1

**Brian W. Shaffer**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5103 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.215.901.9252
brian.shaffer@morganlewis.com | www.morganlewis.com
Assistant: Marlene E. Mackason | +1.215.963.4930 | marlene.mackason@morganlewis.com

---

**From:** Christopher Barrett <cbarrett@ikrlaw.com>
**Sent:** Saturday, June 27, 2020 1:42 PM
**To:** Shaffer, Brian W. <brian.shaffer@morganlewis.com>; Weddle, Lisa R. <lisa.weddle@morganlewis.com>; Farrell, Eleanor R. <eleanor.farrell@morganlewis.com>
**Cc:** Robert Izard <rizard@ikrlaw.com>; Craig Raabe <craabe@ikrlaw.com>; William H. Narwold <bnarwold@motleyrice.com>; Seth Klein <sklein@ikrlaw.com>; Oliver, Meghan <moliver@motleyrice.com>; Grant.Michelle@dorsey.com
**Subject:** Negron v. Cigna Health and Life Insurance Company

[EXTERNAL EMAIL]
Counsel,

Please see the attached letter.


**Christopher M. Barrett**
**IZARD, KINDALL & RAABE, LLP**
29 S. Main St, Suite 305
West Hartford, CT 06107
860 493 6292