# EXHIBIT PP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.<br><br>　　　　　　　　　Defendants. | Civil No. 16-cv-1702 (JAM)<br><br>**August 3, 2020** |

**OBJECTIONS AND RESPONSES OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY TO PLAINTIFFS' TENTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, Defendant Cigna Health and Life Insurance Company ("CHLIC"), by and through its undersigned counsel, hereby provides its objections and responses to Plaintiffs' Tenth Set of Interrogatories (the "Interrogatories").[1] CHLIC reserves the right to supplement or amend its objections and these responses (the "Responses") as may be necessary or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1.　　　The Responses are made solely for the purpose of the Action and are not to be used in connection with any other action.

2.　　　The Responses reflect CHLIC's knowledge, information, and belief as of this date. CHLIC may engage in further investigation, discovery, and analysis, which may lead to

---

[1] Cigna Corporation has been dismissed from the Action, so these Responses are made by and on behalf of CHLIC only.

changes in CHLIC's Responses herein. Such investigation and discovery are continuing, and CHLIC specifically reserves the right to supplement its Responses as necessary.

3. No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any documents, information, or the truth of any "facts" set forth or assumed in any Interrogator.

4. CHLIC will make reasonable efforts to respond to every Interrogatory, to the extent the Interrogatory has not been objected to, as CHLIC understands and interprets the Interrogatory. In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory that differs from that of CHLIC, CHLIC reserves the right to amend and/or supplement its Response, but undertakes no obligation to do so.

5. In responding to Plaintiffs' Interrogatories, CHLIC does not waive, and hereby expressly reserves, (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories; (b) its right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories at any hearing, trial, or other point during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories. The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

### **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. CHLIC objects to Plaintiffs' instructions and definitions to the extent that they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut.

## OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' TENTH SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all databases and data fields that can be (a) queried by Cigna's Document Source Tool and/or (b) included in "DST reports."

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above. CHLIC objects to this Interrogatory because Plaintiffs have already exceeded the 40 interrogatories permitted by the Amended Stipulated Joint Case Management Plan [Docket No. 258] entered by the Court. CHLIC further objects to this Interrogatory on the grounds that it is compound and includes multiple subparts. CHLIC further objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and seeks information that is irrelevant and not proportional to the needs of the case in that, among other things, the Interrogatory is not limited to the issues in this case, as Plaintiffs have not narrowly tailored this Interrogatory to seek information regarding databases and data fields that relate to retail pharmacy prescription drug benefits. CHLIC further objects to this Interrogatory because it includes terms that are vague, ambiguous, and lack particularity, such as "data fields," "queried," and "included." CHLIC objects to this Request to the extent that it seeks discovery relating to a period of time that is overly broad and/or encompasses dates irrelevant to this action as it does not identify any specific time period. CHLIC further objects to this Interrogatories on the grounds that it calls for disclosure of information and/or documents that is confidential and/or proprietary, including commercial, financial or other trade secret information. CHLIC reserves the right to designate the information disclosed in response to this Interrogatory as confidential pursuant to the Protective Order entered by the Court.

3

Subject to and without waiving these objections, CHLIC responds as follows: The Document Source Tool is a complex tool that does not run searches or generate any "reports" in the ordinary course of business. Rather, the Document Source Tool is an application from which client-specific benefit selection options are pulled in from various data sources—including, but not limited to, ePro—to then generate draft plans and plan-related documents based on client benefit selections for accounts administered on CHLIC's Proclaim platform. The Document Source Tool is made of two parts: (1) the Chartbook Maintenance Tool; and (2) the Page Selection Tool. Using the Document Source Tool, Cigna contract analysts prepare these draft plans and plan-related documents individually and often manually modify them.

CHLIC's client contacts also review and manually modify the draft documents that CHLIC generates from the Document Source Tool. The Document Source Tool reports created for this litigation include data associated with not only final plans and plan-related documents, but also draft plans and plan-related documents that ultimately are not used by plan sponsors. For example, some plan sponsors may review the draft generated booklet and then draft their own benefit plan incorporating some elements of the Document Source Tool-created document. Other jobs may be started in the Document Source Tool, but the document remains in draft form and is never finalized. As a result, there may be instances where finalized plans and plan-related documents are either never generated, or not stored in the Document Source Tool. Additionally, CHLIC states that analysts often create "dummy jobs" to create test documents in the Document Source Tool, which are not used to create final plans or plan-related documents.

Additionally, and as previously communicated to Plaintiffs, CHLIC states that any "report" generated using the Document Source Tool would not capture when a plan or plan-related document with a certain effective date was superseded and replaced by a new plan or

4

plan-related document. Determining when any document was superseded requires individualized inquiry of that plan and may not be possible to the extent that the Document Source Tool reports do not capture all plans and plan-related documents because it is only searching for the language identified by Plaintiffs and would not include documents without that language. Plan sponsors maintain different schedules for when their plan documents are updated with some plans being updated every year, every two years, etc. Plan sponsors also regularly update their plans with wrap documents or riders of specific plan language and benefit options available to plan participants. Plans also may be updated with compliance riders to ensure compliance with new, applicable federal or state laws and/or regulations.

    Accordingly, while final documents are generally stored on a server associated with the Document Source Tool, it is not meant to be the ultimate repository of final plans and plan-related documents; rather, it is an application used to draft documents. CHLIC has produced to Plaintiffs numerous plans and plan related-documents during discovery in this action. For these reasons and other previously explained, CHLIC states that there are significant limitations on the ability to match plans and plan-related documents identified in the Document Source Tool reports to the prescription drug transaction data. While CHLIC has agreed to generate Document Source Tool "reports" to reflect the results of searches for plans and plan-related documents created in DST with certain plan language identified by Plaintiffs, the operative terms of a given plan and whether the plan language governs a particular transaction can only be definitively known after a manual review of the plans and plan-related documents, including those that CHLIC has produced in this litigation. CHLIC reserves its right to supplement this answer should it learn of additional factors that could impact such matching.

By way of further response, CHLIC understands that given Plaintiffs' desire to avoid reviewing the actual plans and plan-related documents produced by CHLIC, Plaintiffs instead request that CHLIC utilize the Document Source Tool to generate "reports" to identify which plans and plan-related documents for accounts administered on the Proclaim system were drafted to contain certain specific language identified by Plaintiffs, even though those documents may not reflect the final plan or plan-related document.

As to the databases that the Document Source Tool can search to generate the types of reports Plaintiffs have asked for in this litigation, CHLIC responds that the Document Source Tool can search data elements in the Document Source Tool that may be used to create draft plan and plan-related documents, and also can search text in the plans and plan-related documents that are created using, and stored on a server associated with, the Document Source Tool. This information can be reflected in the Document Source Tool "reports." However, information in certain data elements associated with the documents created in the Document Source Tool may not be populated or complete for a variety reasons which are unknown without reviewing each specific entry.

Given the breadth and volume of the data elements that are pulled in from various data sources or created in Document Source Tool to draft these highly complex and customizable plans and plan-related documents in the Document Source Tool, CHLIC has met and conferred with Plaintiffs to better understand and narrow the scope of this Interrogatory to provide Plaintiffs with a meaningful response. In those discussions, counsel for Plaintiffs has identified the "BenOpt code" (which was already provided to Plaintiffs for certain "reports" CHLIC generated in response to Plaintiffs' requests), as something from the Document Search Tool that they desire for all previous "reports" CHLIC had provided. CHLIC has agreed to produce to

Plaintiffs revised reports that Plaintiffs previously requested be run in the Document Source Tool that will also include information for the BenOpt field. That process is underway. As also discussed during the parties' July 27, 2020 meet-and-confer teleconference, and pursuant to Rule 33(d), CHLIC produces to Plaintiffs along with this response a list of all of the data elements that can be searched and included in a Document Source Tool "report," which has been designated "Confidential" pursuant to the parties' Protective Order.  (*See* CIGNA12478782).

Dated: August 3, 2020

/s/ Eleanor R. Farrell
Michael D. Blanchard (ct25891)
Morgan, Lewis & Bockius LLP
One State Street
Hartford, CT 06103
Telephone: +1.860.240.2731
Facsimile: +1.860.240.2800
michael.blanchard@morganlewis.com

Brian W. Shaffer (*pro hac vice*)
Eleanor R. Farrell (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2020, a copy of the foregoing Objections and Responses of Defendant Cigna Health and Life Insurance Company to Plaintiffs' Tenth Set of Interrogatories was served via electronic mail on all counsel of record.

                                                              */s/ Eleanor R. Farrell*
                                                              Eleanor R. Farrell

**<u>VERIFICATION TO FOLLOW</u>**