# EXHIBIT QQ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, Individually and on Behalf of All Others Similarly Situated, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Civil Action No. 3:16-cv-01702-WWE |

**OBJECTIONS AND RESPONSES OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY TO PLAINTIFFS' (1) FIFTH SET OF INTERROGATORIES AND (2) SIXTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, Defendant Cigna Health and Life Insurance Company ("CHLIC"), by and through its undersigned counsel, hereby responds and objects to Plaintiffs' Fifth Set of Interrogatories (the "Interrogatories") and Sixth Set of Requests for Production (the "Requests") in the above-captioned action (the "Action").[1] CHLIC reserves the right to supplement or amend its objections and these responses (the "Responses") as may be necessary or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1. The Responses are made solely for the purpose of the Action and are not to be used in connection with any other action.

---

[1] Cigna Corporation has been dismissed from the Action, so these Responses are made by and on behalf of CHLIC only.

-1-
**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

2.      The Responses reflect CHLIC's knowledge, information, and belief as of this date.  CHLIC may engage in further investigation, discovery, and analysis, which may lead to changes in CHLIC's Responses herein.  Such investigation and discovery are continuing, and CHLIC specifically reserves the right to supplement its Responses as necessary.

3.      No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any documents, information, or the truth of any "facts" set forth or assumed in any Interrogatory and/or Request.

4.      CHLIC will make reasonable efforts to respond to every Interrogatory and Request, to the extent the Interrogatory and Request has not been objected to, as CHLIC understands and interprets the Interrogatory and Request.  In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory or Request that differs from that of CHLIC, CHLIC reserves the right to amend and/or supplement its Response, but undertakes no obligation to do so.

5.      In responding to Plaintiffs' Interrogatories and Requests, CHLIC does not waive, and hereby expressly reserves, (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories and Requests; (b) its right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories and Requests at any hearing, trial, or other point during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories and Requests.  The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

## OBJECTION TO INSTRUCTIONS

1.     CHLIC objects to Plaintiffs' instructions to the extent that they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut.

## OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' FIFTH SET OF INTERROGATORIES

**Interrogatory No. 1:**  Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies."

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement and its Objection to Plaintiffs' instructions as set forth above.  CHLIC objects to this Interrogatory because Plaintiffs have already exceeded the 40 interrogatories permitted by the Amended Stipulated Joint Case Management Plan [Docket No. 158] entered by the Court.  CHLIC further objects to this Interrogatory to the extent it prematurely calls for an expert opinion and/or information that is within the scope of expert discovery.  CHLIC objects to this Interrogatory as vague and ambiguous in that Plaintiffs do not define "Cigna."  For purposes of these Responses, CHLIC will interpret "Cigna" to mean Cigna Health and Life Insurance Company only.

Subject to and without waiving these objections, CHLIC responds as follows: After reasonable investigation, CHLIC does not maintain the information requested in this Interrogatory in the ordinary course of business in the form and format requested by Plaintiffs. Further, to the extent that the information sought by this Interrogatory may be able to be

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

ascertained from the prescription drug transaction data, DST language search results, and plan-related documents that CHLIC has produced in this Action, the burden of locating and identifying such information is the same for Plaintiffs as CHLIC and CHLIC directs Plaintiffs to those data and documents pursuant to Federal Rule of Civil Procedure 33(d).

By way of further response, each prescription drug transaction made by a participant in a plan insured or administered by Cigna is adjudicated in accordance with the applicable plan benefits.  In general, a Cigna client (i.e. benefit plan sponsor) selects the prescription drug benefits that it chooses to offer its plan participants, including but not limited to plan features such as copay logic, copayment amounts, coinsurance amounts, deductible amounts, and many more.  Cigna's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into Cigna's systems.

For clients on Proclaim, once Cigna obtains client approval (i.e. the client verifies that the selected benefits are correct), the client's benefit selections are loaded into Cigna's ePro system. Cigna uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option the client intends to offer to its participants.  The sample plan booklet(s) therefore contain plan language based on the client's benefit selections.  The ultimate decision whether to use the sample plan booklet is the client's choice, not Cigna's.  Certain identifying information is created in ePro for each benefit plan option for the particular client in ePro.  Using that identifying information, Cigna is able to trace a particular participant's benefit plan selection to the specific benefit plan.  Cigna's installation team configures the ePro information with the client's selected plan design, which Cigna's quality team then reviews.  For example, if the plan

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

design utilizes Copay G, Cigna takes that information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic. Cigna then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or "Argus"). In its role as claims administrator, Cigna interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions. The documents related to this answer are the plan documents that govern the prescription drug benefits of the named plaintiffs and putative class members.

**Interrogatory No. 2:** Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products."

**RESPONSE:**

CHLIC incorporates by reference as if fully restated here its objections and response to Interrogatory No. 1.

**Interrogatory No. 3:** Identify, by claim number (i.e., CLM_NUM), each deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy[, and the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy]."

**RESPONSE:**

CHLIC incorporates by reference as if fully restated here its objections and response to Interrogatory No. 1.

**Interrogatory No. 4:** Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

-5-
**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

> "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products."

**RESPONSE:**

CHLIC incorporates by reference as if fully restated here its objections and response to Interrogatory No. 1.

**Interrogatory No. 5:** Identify, by claim number (i.e., CLM_NUM), each copayment transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "After satisfying the plan Deductible, if any, your responsibility for a covered Prescription Drug Product will always be the lowest of:
>
> > the Copayment or Coinsurance for the Prescription Drug Product; or
> >
> > the Prescription Drug Charge for the Prescription Drug Product; or
> >
> > the Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product."

**RESPONSE:**

CHLIC incorporates by reference as if fully restated here its objections and response to Interrogatory No. 1.

**Document Request No. 6:** Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "You are not entitled to the difference between the rate Cigna charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product. For the purposes of Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible for funding benefits in accordance with the terms and conditions outlined in this booklet/certificate."

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

**RESPONSE:**

CHLIC incorporates by reference as if fully restated here its objections and response to Interrogatory No. 1.

**Interrogatory No. 7:** Describe in detail how, including any policies, procedures and methodologies, Cigna exercised "discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plans," "including" the "computation of any and all benefit payments," and identify all documents relating thereto.

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement and its Objection to Plaintiffs' instructions as set forth above. CHLIC objects to this Interrogatory because Plaintiffs have already exceeded the 40 interrogatories permitted by the Amended Stipulated Joint Case Management Plan [Docket No. 158] entered by the Court. CHLIC further objects to this Interrogatory as overly broad to the extent Plaintiffs improperly seek information that is irrelevant to the claims or defenses of a party and not proportional to the needs of the case. CHLIC further objects to this Interrogatory as vague, ambiguous, and unintelligible because Plaintiffs quote from an unidentified source and because Plaintiffs do not define "Cigna." For purposes of these Responses, CHLIC will interpret "Cigna" to mean Cigna Health and Life Insurance Company only.

Subject to and without waiving these objections, CHLIC responds as follows: Each prescription drug transaction made by a participant in a plan insured or administered by Cigna is adjudicated in accordance with the applicable plan benefits. In general, a Cigna client (i.e. benefit plan sponsor) selects the prescription drug benefits that it chooses to offer its plan participants, including but not limited to plan features such as copay logic, copayment amounts, coinsurance amounts, deductible amounts, and many more. Cigna's sales and business

-7-
**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into Cigna's systems.

For clients on Proclaim, once Cigna obtains client approval (i.e. the client verifies that the selected benefits are correct), the client's benefit selections are loaded into Cigna's ePro system. Cigna uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option the client intends to offer to its participants. The sample plan booklet(s) therefore contain plan language based on the client's benefit selections. The ultimate decision whether to use the sample plan booklet is the client's choice, not Cigna's. Certain identifying information is created in ePro for each benefit plan option for the particular client in ePro. Using that identifying information, Cigna is able to trace a particular participant's benefit plan selection to the specific benefit plan. Cigna's installation team configures the ePro information with the client's selected plan design, which Cigna's quality team then reviews. For example, if the plan design utilizes Copay G, Cigna takes that information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic. Cigna then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or "Argus"). In its role as claims administrator, Cigna interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions. The documents related to this answer are the plan documents that govern the prescription drug benefits of the named plaintiffs and putative class members.

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

## OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION

**Request No. 1:** All documents identified in response to Interrogatory 7 of the Fifth Set.

**RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement and its Objection to Plaintiffs' instructions as set forth above.  CHLIC also incorporates by reference its objections and response to Interrogatory No. 7 from Plaintiffs' Fifth Set of Interrogatories to CHLIC.  CHLIC further objects to this Request to the extent that it is overly broad and unduly burdensome in that it seeks information beyond that which is relevant, and to the extent it is not limited to a timeframe that is relevant to this Action.  CHLIC further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.

Subject to and without waiving these objections, CHLIC responds that it has already produced copies of the Named Plaintiffs plan related documents.

| | |
|---|---|
| Dated:  September 18, 2019 | */s/ Eleanor R. Farrell* <br> Michael D. Blanchard (ct25891) <br> Morgan, Lewis & Bockius LLP <br> One State Street <br> Hartford, CT  06103 <br> Telephone:  +1.860.240.2731 <br> Facsimile:  +1.860.240.2800 <br> michael.blanchard@morganlewis.com <br><br> Joseph J. Costello (*pro hac vice*) <br> Brian W. Shaffer (*pro hac vice*) <br> Eleanor R. Farrell (*pro hac vice*) <br> Morgan, Lewis & Bockius LLP <br> 1701 Market Street <br> Philadelphia, PA  19103 <br> Telephone:  +1.215.963.5000 <br> Facsimile:  +1.215.963.5001 |

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

                                joseph.costello@morganlewis.com
                                brian.shaffer@morganlewis.com
                                eleanor.farrell@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

**CONFIDENTIAL – ATTORNEY'S EYES ONLY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2019, a copy of the foregoing Responses and Objections of Defendant Cigna Health and Life Insurance Company to Plaintiffs' Fifth Set of Interrogatories and Sixth Set of Requests for Production was served via electronic mail on all counsel of record.

*/s/ Eleanor R. Farrell*
Eleanor R. Farrell

# **VERIFICATION TO FOLLOW**

## VERIFICATION

I, _Tyler Lester_, am authorized to make this verification on behalf of Cigna Health and Life Insurance Company and hereby verify under penalty of perjury that the factual statements set forth in Defendant Cigna Health and Life Insurance Company's Responses to Plaintiffs' Fifth Set of Interrogatories are true and correct to the best of my knowledge, information, and belief, or based on information or documents provided to and/or obtained by me in the performance of my duties.

Dated: January 22, 2020