# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated, <br><br>           Plaintiffs, <br><br> vs. <br><br> CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC., <br><br>           Defendants. | Civ. A. No. 16-cv-1702 (JAM) <br><br> September 29, 2020 |

## DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL DOCUMENTS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

     I.      STANDARD OF REVIEW ................................................................... 2

     II.     THE SUBJECT DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS. .......................................................... 3

          A.     CHLIC Maintains the Confidentiality of the Subject Documents. ............. 3

          B.     The Court Should Seal in Part Discussions of Documents Already Subject to Granted or Pending Motions to Seal (Exhibit OO to the Shaffer Declaration, CHLIC's Opposition, and CHLIC's Reply) .............. 3

CONCLUSION .................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Lugosch v. Pyramid Co. of Onondaga,*
    435 F.3d 110 (2d Cir. 2006).........................................................................................2

*In re Parmalat Secs. Litig.,*
    258 F.R.D. 236 (S.D.N.Y. 2009) ............................................................................2, 3

*In re Zyprexa Injunction,*
    474 F. Supp. 2d 385 (E.D.N.Y. 2007) ......................................................................2

## INTRODUCTION

Pursuant to Local Civil Rule 5(e) and 7(a), Defendant Cigna Health and Life Insurance Company ("CHLIC") respectfully submits this motion to seal the unredacted versions of (i) Exhibit OO to the Declaration of Brian W. Shaffer ("Shaffer Declaration") (ECF 348); (ii) CHLIC's Opposition to Plaintiffs' Motion to Strike ("CHLIC's Opposition") (ECF 347); and (iii) CHLIC's Reply in Support of its Motion to Exclude the Declaration and Testimony of Launce B. Mustoe, Jr. Offered in Support of Plaintiffs' Motion for Class Certification ("CHLIC's Reply") (ECF 345) (together, the "Subject Documents"), which CHLIC filed today.

Specifically, CHLIC seeks an order sealing the following types of information:

- Quotations and discussions of documents the Court has previously ordered sealed (or which have been filed under seal pursuant to a motion to seal currently before the Court) (Exhibit OO, CHLIC's Reply, and CHLIC's Opposition); and

- third-party names of CHLIC clients and similar personal identifying information (Exhibit OO and CHLIC's Opposition).

The Court has previously sealed either the exact or very similar materials that CHLIC seeks to seal again now.  The Court should seal the Subject Documents here for the same reasons.[1]  Among other things, certain of this information is not relevant to Plaintiffs' claims in this action, and disclosure of such confidentially and commercially-sensitive information could cause CHLIC (and its clients) significant competitive harm if publicly disclosed.  Such non-

---

[1] *See* March 13, 2017 Order (ECF 72) ("2017 Sealing Order") and ECF 71 at 2-3 (sealing sensitive financial information); *see* May 29, 2020 Order (ECF 259) at 10-12 ("May 2020 Sealing Order") (sealing PHI, private personal and pharmacy information, irrelevant information, and documents discussing highly sensitive, strategic CHLIC projects); *see* July 7, 2020 order (ECF 281) ("July 2020 Sealing Order") and ECF 276-1 at 1-2 (sealing documents reflecting proprietary financial and pricing information, as well as PHI and personal identifying information).

relevant materials have been previously sealed by the Court.[2]  In addition, the Court has

previously sealed personal identifying customer and client information,[3] and doing so again is

necessary to protect those privacy interests, and as required for PHI under the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996).  *See id.*

  For these reasons, and as discussed below, the interests of the parties in maintaining the

confidentiality of this information overrides the public's interest in viewing it.  CHLIC

respectfully requests that the Court grant CHLIC's Motion and seal the Subject Documents as

specified in this Motion.

## ARGUMENT

### I.   STANDARD OF REVIEW

  Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court

to decide when a protective order is appropriate and what degree of protection is required.  *In re*

*Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v.*

*Rhinehart*, 467 U.S. 20, 36 (1984)).  In assessing a motion to seal, courts balance the public right

to access to judicial records against "competing considerations," including the potential

competitive harm disclosure of confidential business information might cause.  *See Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258

F.R.D. 236, 244 (S.D.N.Y. 2009).  "Notwithstanding the presumption of public access to judicial

records, courts may deny access to records that are 'sources of business information that might

---

[2] *See* May 2020 Sealing Order at 12 (sealing internal discussion of "90-day Network" project
that do not appear "relevant to the claims at issue in this lawsuit"); *id*. at 13 (sealing internal
discussions of data migration and Argus design release "that appear[] to have no relation to the
claims at issue in this lawsuit").

[3] *See* ECF 232 at 5-6 (agreeing to redact account identifiers); ECF 259 at 7, 10, 11, 12, 15
(ordering sealed "customer account identifiers," "pharmacy name and member ID," and "claim
numbers/identification codes" for customer prescription drug transactions).

harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D.  at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  Local Civ. R. 5(e)(3).

## II. THE SUBJECT DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS.

### A. CHLIC Maintains the Confidentiality of the Subject Documents.

CHLIC requires its employees to handle all confidential information, including the type in the Subject Documents, with care and limits access to the confidential information on a need-to-know basis.  *See* ECF 275-7 (Declaration of David Kasper ("Kasper Decl.") ¶ 13); *see also* ECF 226 (Declaration of Tyler Lester) ("Lester Decl.") ¶ 4.  CHLIC requires its employees to maintain the confidentiality of proprietary and sensitive business information.  *Id*.  Such information cannot be disclosed without appropriate prior authorization, and employees are instructed not to transmit confidential information to persons not entitled to it, or who have no reason to know the confidential information.  *Id*.

### B. The Court Should Seal in Part Discussions of Documents Already Subject to Granted or Pending Motions to Seal (Exhibit OO to the Shaffer Declaration, CHLIC's Opposition, and CHLIC's Reply)

CHLIC seeks to seal in part three documents that quote from and discuss documents that have already been before the Court in either granted or pending motions to seal:

- **Exhibit OO** is an excerpt from the deposition transcript of Tyler Lester, in which he is shown and extensively discusses an email that CHLIC has already sought to seal in full in its prior Response to Plaintiffs' Motion to Seal.  *See* CHLIC's Memorandum of Law in Support of Its Response to Plaintiffs' Motion to Seal Documents (ECF 320 at 16-17) (discussing Exhibit I to the Declaration of Meghan S. B. Oliver).  *See also* ECF 323 (Declaration of Justin Pitt) ¶ 5 (discussing Exhibit I).  The Court has referred this issue to the magistrate for resolution, and that motion to seal is currently

awaiting resolution.  *See* ECF 332 (order referring Plaintiffs' Motion to Seal (ECF 316) to the U.S. Magistrate Judge for determination).

- Similarly, **CHLIC's Opposition** contains a brief discussion of the same Exhibit I to the Oliver Declaration discussed above, which is currently before the U.S. Magistrate Judge for determination.  *See* ECF 332.

- **CHLIC's Reply** quotes from several documents that the Court had previously ordered sealed, such as portions of the Declaration of Plaintiffs' Expert, Launce Mustoe, which the Court previously ordered sealed.  *See* ECF 250 (sealing Declaration of Launce Mustoe (207-01)).

In order to conserve the time and resources of the Court, CHLIC will refer to the Court to the prior briefing and orders related to these materials.

## <u>CONCLUSION</u>

For the above reasons, the Court should grant CHLIC's motion to seal the Subject Documents.

Dated:  September 29, 2020                          Respectfully submitted,

                                                   /s/ Brian W. Shaffer
                                                     Brian W. Shaffer (phv08654)
                                                     Jeremy P. Blumenfeld (phv23943)
                                                     Eleanor R. Farrell (phv08309)
                                                     Matthew D. Klayman (phv08656)
                                                     MORGAN, LEWIS & BOCKIUS LLP
                                                     1701 Market Street
                                                     Philadelphia, PA 19103
                                                     Telephone:  +1.215.963.5000
                                                     Facsimile:  +1.215.963.5001
                                                     brian.shaffer@morganlewis.com
                                                     jeremy.blumenfeld@morganlewis.com
                                                     eleanor.farrell@morganlewis.com
                                                     matthew.klayman@morganlewis.com

                                                     Lisa R. Weddle (phv08957)
                                                     MORGAN, LEWIS & BOCKIUS LLP

                                                     4

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone: +1.860.240.2945
Facsimile: +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life
Insurance Company*

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 29, 2020, the foregoing document and all attachments thereto were filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Brian Shaffer
Brian Shaffer