UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and OPTUMRX, INC.,<br><br>                              Defendants. | No. 16-cv-1702 (JAM)<br>(Consolidated)<br><br>CLASS ACTION<br><br>September 30, 2020 |

**PLAINTIFFS' REPLY MEMORANDUM REGARDING DEFENDANTS'
REQUESTS FOR SEALING OF DOCUMENTS**

Plaintiffs submit this Memorandum in response to Defendant Cigna's two filings [ECF Nos. 320, 339] in support of sealing or redacting certain documents that Plaintiffs filed under seal [ECF Nos. 316, 329] solely pursuant to their obligations under the controlling Protective Order [ECF No. 92].[1]

Cigna's attempt to cast as "confidential" (and thus seal or redact) its years-old documents concerning legacy plan language and its unlawful adjudication practices is improper. It is well established that documents may be sealed only if such sealing "is *essential* to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of*

---

[1] Cigna has also filed a Motion to Seal Documents in connection with various briefs it filed on September 29, 2020. *See* [ECF No. 349]. As Cigna notes ([ECF No. 349-1] at 3-4), all documents that Cigna seeks to seal by way of that Motion are already addressed in the earlier filings cited above and discussed herein. Accordingly, the Court's ruling on those filings will govern the outcome regarding the September 29 Motion as well.

*Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006) (emphasis added).  As the Court noted earlier in this litigation regarding a similar sealing dispute, "there is a strong presumption against sealing records from public inspection" and so "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need."  Ruling on Plaintiffs' Motion to De-Designate [ECF No. 259] ("De-Designate Ruling") at 3 (Garfinkel, J.).  Moreover, the burden is on *Cigna*, as the party seeking to maintain confidentiality, to justify the designations.  Protective Order [ECF No. 92] at ¶ 14 ("the burden shall be on the Designating Person to show why the designation is proper").  Here, Cigna has wholly failed to meet that burden.

## I. Cigna's Arguments for Sealing or Redacting Certain Documents Referenced in [ECF No. 315] Are Without Merit

The parties have met and conferred regarding the exhibits referenced in the Declaration of Meghan S.B. Oliver [ECF Nos. 314 (redacted) & 315 (unredacted)] and, as reported by Cigna, have reached agreement as to the treatment of the majority of the relevant documents.  *See* [ECF No. 320] at Appendix A.  As to the ten remaining documents, Plaintiffs respectfully submit that Cigna's request to seal or redact supposedly sensitive business information from those documents, as set forth in Cigna's Memorandum of Law [ECF No. 320] ("Cigna Mem. 1"), is without merit.[2]

---

[2] Plaintiffs agree with Defendant that personal health information (PHI) and personal identifying information (PII) regarding Cigna's *customers and clients* should properly be redacted, even from the documents regarding which the parties otherwise disagree about redaction or sealing. Accordingly, Plaintiffs agree with the redaction of PHI and PII from all of the documents discussed in Cigna Mem. 1 at Part H, even where Plaintiffs otherwise disagree with Defendants' proposed substantive redactions.

### A. Exhibit I to [ECF No. 315]

Cigna publicly admits in its (unredacted) brief that Exhibit I "is an internal email discussing Cigna's processing of prescription drug claims at Department of Defense ('DOD') pharmacies." Cigna Mem. 1 at 16. Accordingly, the identity of the Exhibit I counterparty (as redacted by Plaintiffs in [ECF No. 312] at 4) is no longer confidential.

Nonetheless, Cigna argues that Exhibit I should not be made public because the DOD contract discussed therein is not covered by the claims in this case. *Id.* However, wholly apart from the specifics of the DOD contract itself, Exhibit I provides substantial evidence of Cigna's ***state of mind*** regarding clawbacks (which are a core issue in this matter). Specifically, Exhibit I contains admissions from Cigna employees advising that "we can't be clawing back dollars" because "[a]pparently they don't like it! ☺" (Ex. I at CIGNA00321337), as well as discussion from management about whether to continue the clawbacks that it knew were not permitted. *See* Plaintiffs' Memorandum in Support of Motion to Strike [ECF No. 312] at 4. The attitude of Cigna employees is strong evidence of Cigna's intent or recklessness, and thus, at a minimum, is relevant to Plaintiffs' RICO claim.

Plaintiffs understand that Cigna may be embarrassed by the flippant attitude of its employees towards clawing back monies from the Department of Defense. However, the fact that documents might expose unflattering conduct, give rise to consumer concern or cause public relations issues is not a legitimate basis to seal documents from public view. *Charter Practices Int'l v. Robb.*, No. 3:12cv1768 (RNC), 2015 WL 1268295 at *5 (D. Conn. March 19, 2015) ("That information might embarrass plaintiffs is not a basis for documents to be held to be 'confidential' under Rule 26") (citing cases; quotation marks omitted); *see also Salomon Smith Barney, Inc. v. HBO & Co.,* No. 98CIV8721, 2001 WL 225040, at *2 (S.D.N.Y. Mar. 7, 2001)

(rejecting confidentiality designation when "real concern is the possibility of public embarrassment").

In addition, Ex. I dates from May 2015 and so is over five years old. Cigna baldly states that making Exhibit I public could cause "competitive injury." Cigna Mem. 1 at 16. But this Court already concluded in this very case that, absent a specific showing, four- or five-year old information presumptively is no longer confidential. *See, e.g.,* De-Designate Ruling [ECF No. 259] at 8 (concluding that ostensibly confidential material no longer "still has commercial value nearly four years after the date of the Exhibit"), 11 (denying confidential treatment of information "that is over five years old" because "[e]ven if the information contained in [the exhibit] was competitively sensitive when it was created, CHLIC has not shown how it remains competitively sensitive in 2020…").

Accordingly, Exhibit I should be unsealed in full.

### B. Exhibit T to [ECF No. 315]

Cigna wrongly argues that Exhibit T should be sealed in part because it contains "detailed information on CPM prescription benefits drug options." Cigna Mem. 1 at 14. As with Exhibit I above, Exhibit T dates to 2015 and thus is comprised of old, out-of-date information. On that basis alone, this Court could reject Cigna's request to redact.

Moreover, page CIGNA0142284 of Exhibit T discusses the very copay processing logic alternatives (Copay K and Copay G) that lie at the heart of this case, and so directly implicates the clawbacks at issue here. The putative Class (and the public at large) have the right to review that information which, while now outdated, was contemporaneous with the actions giving rise to the claims in this case. *See* De-Designate Ruling [ECF No. 259] at 11 (de-designating document where "the information contained in the exhibit goes to the core of the allegations in

this litigation"), 12 (de-designating document that "addresses the 'clawbacks' at issue in this litigation"). Accordingly, CIGNA 0142284 should be filed in unredacted form.[3]

### C. Exhibits AJ, AZ, BA, BC and BD to [ECF No. 315]

Cigna's argument that Exhibit AJ should be sealed in full and that Exhibits AZ, BA, BC and BD should each be sealed in part (Cigna Mem. 1 at 14-16) likewise fails. As Cigna acknowledges, each of these documents reflect drafts of the plan language at the heart of this litigation. *See id.* at 15. As such, they are plainly of concern to members of the putative Class.

Although conceding that the draft plan language in each Exhibit should be public, Cigna argues that its "[i]nternal instructions and directions" in those documents, which inform Cigna employees when to apply different variants of that language, should be redacted. *Id.* But as with the exhibits discussed above, each of the relevant exhibits is out-of-date. Exhibit AJ appears to be from April 2010 (based on the date in the lower righthand corner of each page), while the remaining Exhibits are from 2016 or 2017. Cigna makes no claim that any of the language or instructions are current, Indeed, Plaintiffs believe that each has been specifically superseded by new plan language and instructions (in the case of Exhibits AZ, BA, BC and BD, as often as monthly). Where "business practices are no longer in effect," a party wishing to maintain confidentiality must specify "how this information remains 'confidential' or contains 'sensitive business information' in 2020 or how 'disclosure would cause significant competitive harm.'"

---

[3] Although the entirety of Exhibit T consists of out-of-date information, Plaintiffs are willing to accede to most of Cigna's proposed redactions (as Plaintiffs explained to Cigna during the meet-and-confer process) in order to minimize unnecessary dispute regarding matters not directly relevant to this litigation. *See* De-Designate Ruling [ECF No. 259] at 12 (unsealing 2013 information regarding clawbacks while allowing 2013 information about 90-day network to remain under seal).

De-Designate Ruling [ECF No. 259] at 14 (unsealing document).  Cigna has failed to do so here, and so these Exhibits should be fully public.

### D. Exhibits BJ and BK to [ECF No. 315]

These Exhibits concern pricing information regarding Cigna's contract with a former Pharmacy Benefit Manger, Catamaran.  *See* Cigna Mem. 1 at 5-8.  As Cigna acknowledges, it terminated its contract with Catamaran (Exhibit BK) approximately one year ago.  *Id.* at 6.  This Court has already held that where Cigna "no longer does business" with a PBM, documents related to that served relationship presumptively no longer contain confidential commercial information.  De-Designate Ruling [ECF No. 259] at 14.  Cigna's argument that the Catamaran contract set forth in Exhibit BK was a "10-year agreement" (and so would still be in force but for the cancellation) (*see* Cigna Mem. 1. At 6-7) is irrelevant.  Plaintiffs understand that this contract (which is itself over seven years old) has been amended several times during its effective life, so this Exhibit does not reflect the current terms.  Likewise, Exhibit BJ (an interoffice memo discussing Cigna's agreement with Catamaran) dates from July 2013, and so also is over seven years old.  Perhaps Cigna's financial arrangements under an ongoing contract would indeed be confidential.  But once that contract ended, so did the confidentiality of the financial terms.

### E. Exhibit BR to [ECF No. 315]

Exhibit BR consists of information concerning copayment errors and exposure on individual accounts.  Contrary to Cigna's description of the Exhibit as discussing "current issues," the Exhibit discusses financial impacts and exposure dating from 2010 through 2012.  *See* Exhibit BR.  As discussed above, such outdated financial information does not warrant being sealed.  Plaintiffs do not object to the redaction of the specific customer names, but respectfully submit that Exhibit BR should not otherwise be sealed.

## II. Cigna's Arguments for Sealing or Redacting Certain Documents Referenced in [ECF No. 329] Are Without Merit

The parties have also met and conferred regarding the exhibits attached to Plaintiffs' September 21, 2020, letter response regarding the parties' discovery dispute [ECF Nos. 328 (redacted) & 329 (unredacted)], and have reached agreement as to the treatment of the several of the relevant attachments.  *See* [ECF No. 339] at Appendix A.[4]  However, Plaintiffs believe that certain information in two documents (Exhibits E and G to [ECF No. 329]) that Cigna seeks in its Memorandum of Law submitted at [ECF No. 339] ("Cigna Mem. 2") to maintain under seal should be public.

### A. Exhibit E to [ECF No. 329]

Exhibit E is a Monthly Operating Result report dated September 19, 2013.  As a preliminary matter, Cigna's argument that this seven-year-old document constitutes "highly sensitive financial and strategic analysis" (Cigna Mem. 2 at 5-6) is without merit and should be rejected, as discussed above.

Cigna's additional argument that portions of Exhibit E are not relevant to Plaintiffs' claim (Cigna Mem. 2 at 6-7) does not justify its proposed redaction of all but (1) a brief discussion of "retail spread capture" on CIGNA 07864278 (with the dollar value of the capture redacted); and (2) a second-level bullet point on page CIGNA07846280.  Those brief extracts, viewed in isolation and with no context, will have no meaning to a Class member or member of the public.  At a minimum, the specific dollar values and section headings and higher-level bullet

---

[4] As Cigna notes, the parties also disagree about the treatment of sealed language on p. 4 of Plaintiffs' letter submission at [ECF No. 325], insofar as Plaintiffs in that letter quote from the document discussed as Exhibit I above.  Plaintiffs agree with Cigna that the ultimate need for maintaining [ECF No. 325] in partially redacted (rather than fully public) form will be governed by this Court's conclusions as to Exhibit I.

points under which the unredacted passages are nested must also be unredacted in order for them to be intelligible and meaningful to the public.[5]

### B. Exhibit G to [ECF No. 329]

Exhibit G is a 2014 internal Cigna spreadsheet with an earnings estimate. During the meet-and-confer process, Plaintiffs agreed with Cigna (*see* Cigna Mem. 2 at 6-7) that much of Exhibit G is not relevant to this litigation. However, the redactions that Cigna proposed to Plaintiffs (identical to the proposed redactions that Cigna has now filed with the Court) were excessive. Specifically, Cigna proposed (and continues to propose) leaving in the "Zero Balance Due" line with the comment "Cigna owns the ZBD for all pharmacies except for CVS and Walgreen," but redacting the numbers in that same line showing the financial impact, as well as the column headers and document titles showing what was being discussed. Plaintiffs proposed including the numbers on the Zero Balance Due line and the column and document titles, which Cigna rejected.

Plaintiffs respectfully submit that their proposal was appropriate and should be approved. Cigna's approach (as with its approach to Exhibit E) leaves context-free fragments of text that in isolation are indecipherable and will have limited or no meaning to Class members seeking to educate themselves about this case. Plaintiffs' approach redacts all irrelevant material, while still allowing members of the public to understand the context of the information that is *not* redacted. *See* De-Designate Ruling [ECF No. 259] at 12. Moreover, as with Exhibit E, there is no specific evidence (beyond Cigna's bald assertion; *see* Cigna Mem. 2 at 5-6) that this six-year-old financial analysis can still in 2020 be considered as "highly sensitive." Accordingly, redactions

---

[5] As with Exhibit T to [ECF No. 316] above, although the entirety of Exhibit E consists of out-of-date information, Plaintiffs are willing to accede to most of Cigna's proposed redactions in order to minimize dispute. *See* De-Designate Ruling [ECF No. 259] at 12.

to Exhibit G should only be allowed in a manner that meaningfully preserves the public's access to non-sealed information.

### III.     CONCLUSION

For the foregoing reasons, Cigna should be ordered to remove the confidentiality designations from certain documents attached to [ECF Nos. 316 & 329] as set forth above.

Dated: September 30, 2020                    Respectfully submitted,

*s/ Robert A. Izard*
Robert A. Izard (ct01601)
*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
sklein@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Meghan S. Oliver, *pro hac vice*
Charlotte Loper, *pro hac vice*
MOTLEY RICE LLC
28 Bridgeside Blvd.

Mount Pleasant, SC 29464
Telephone: 843-216-9000
moliver@motleyrice.com
cloper@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:   206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400

Facsimile:  612-341-0844
brian.gudmundson@zimmreed.com


Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:  985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:  504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:  516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:  866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*
LOCKRIDGE GRINDAL NAUEN,
P.L.L.P.
100 Washington Avenue S, Suite 2200

Minneapolis, MN 55401
Telephone:  612-596-4097
Facsimile:   612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN
KOEHLER MOORE KAHLER
3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
Telephone: 206.448.1777
Facsimile: 206.728.2131
Brad@stritmatter.com

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile:  919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Additional Counsel for Plaintiffs