UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br>        Defendant. | Civ. A. No. 16-cv-1702 (JAM)<br><br>November 3, 2020 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL DOCUMENTS (ECF 365 & 371)**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

    I.    STANDARD OF REVIEW .................................................................................. 3

    II.    THE SUBJECT DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS. .............................................................. 4

        A.    CHLIC Maintains the Confidentiality of the Subject Documents. .............. 4

        B.    The Court Should Seal Those Portions of Internal CHLIC Documents Reflecting CHLIC's Confidential and Commercially-Sensitive Customer Liability Procedures and Claims Reprocessing Practices (Exhibits CC and CD). .................................................................................... 4

        C.    The Court Should Seal Third-Party Personal Identifying Information (Exhibit CJ). ................................................................................................... 6

CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*,
   No. 15-6210, 2017 WL 3718108 (D.N.J. Dec. 28, 2017).........................................................6

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006).....................................................................................................3

*Mars, Inc. v. JCM Am. Corp.*,
   No. 05-3165, 2007 WL 496816 (D.N.J. Feb. 13, 2007) ...........................................................6

*In re Parmalat Secs. Litig.*,
   258 F.R.D. 236 (S.D.N.Y. 2009) ..............................................................................................3

*In re Zyprexa Injunction*,
   474 F. Supp. 2d 385 (E.D.N.Y. 2007) ......................................................................................3

**INTRODUCTION**

Pursuant to Local Civil Rule 5(e) and 7(a), Defendant Cigna Health and Life Insurance Company ("CHLIC"),[1] by and through its undersigned counsel, hereby files this response to Plaintiffs' two pending Motions to Seal (dated October 13, 2020, and October 26, 2020), providing the grounds on which to seal in part Exhibits CC, CD, and CJ to the Declaration of Meghan S.B. Oliver ("Oliver Decl.") (ECF 364), as well as those portions of Plaintiffs' related filings[2] that quote from, and rely upon, detailed information in those exhibits (together, the "Subject Documents").[3]

Specifically, CHLIC seeks an order sealing the following types of private, confidential and/or competitively-sensitive information:

- internal CHLIC documents discussing pharmacy management customer liability procedures and claim reprocessing practices (Exhibits CC and CD); and

- protected health information ("PHI") and personal identifying information, including CHLIC customer names, and customer account identifiers, pharmacy names and member identification numbers, and customer prescription drug transaction information (Exhibit CJ).

---

[1] Cigna Corporation has been dismissed from the Action, so this motion is made on behalf of Defendant CHLIC only.

[2] *See* Plaintiffs' Surreply in Opposition to Cigna's Motion to Exclude (ECF 358); Plaintiffs' Reply Memorandum Supporting Motion to Strike (ECF 360); and Plaintiffs' Response to Cigna's Surreply Regarding Plaintiffs' Motion for Class Certification (ECF 362).

[3] Appendix A, attached to this Motion, identifies each of the Subject Documents and provides relevant information for the Court's convenience, including whether Plaintiffs object to the proposed sealing of each document. A copy of each of the Subject Documents that CHLIC seeks to seal is being filed as an attachment to this Response for the Court's review. Documents that CHLIC seeks to seal in full state, on the first page in red, "Seal in Full." Documents that CHLIC seeks to seal in part will identify those portions to be redacted through yellow boxes with red borders (to distinguish them from highlighting in the original document).

The Court has previously ordered similar types of information to be sealed and should do so again.[4] *See* May 29, 2020 Order (ECF 259) at 10-12 ("May 2020 Sealing Order") (sealing PHI and other private personal and pharmacy information, documents discussing internal CHLIC projects, policies, and practices that are not relevant, and documents discussing highly sensitive, strategic CHLIC projects that could cause commercial harm to CHLIC if disclosed); *see* July 7, 2020 order (ECF 281) ("July 2020 Sealing Order") and ECF 276-1 at 1-2 (sealing documents reflecting proprietary financial and pricing information, as well as PHI and personal identifying information).

In addition, the parties and the Court have previously agreed to seal personal identifying customer and client information, including member and pharmacy identification numbers, client names, participant names, and individual prescription drug transaction data. *See* ECF 232 at 5-6 (agreeing to redact account identifiers); ECF 259 at 7, 10, 11, 12, 15 (ordering sealed "customer account identifiers," "pharmacy name and member ID," and "claim numbers/identification codes" for customer prescription drug transactions). Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996), PHI is to be kept confidential and exempt from disclosure, and its sealing here is appropriate. *See id.* In Plaintiffs' Motion to Seal, they reiterate their agreement to seal "third parties' personal identifying information and personal health information." *See* ECF 365 at 2. The Court should seal the Subject Documents here for the same reasons.

---

[4] The Court has now considered numerous motions to seal, which included detailed descriptions of the documents at issue and declarations attesting to the confidentiality, proprietary, and commercial sensitivity of specific categories of documents. *See generally* ECF 71, 212, 276-1 (motions to seal). To conserve the Court's time and resources, and for purposes of efficiency, CHLIC refers, where appropriate, to previously submitted declarations regarding the confidential, proprietary, and commercially-sensitive nature of specific types of sealed materials.

For these reasons, and as discussed below, the interests of the parties in maintaining the confidentiality of this information overrides the public's interest in viewing it.  CHLIC respectfully requests that the Court grant the motions and seal the Subject Documents.

## ARGUMENT

### I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.  *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  In assessing a motion to seal, courts balance the public right to access to judicial records against "competing considerations," including the potential competitive harm disclosure of confidential business information might cause.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).  "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'"  *In re Parmalat Secs. Litig.*, 258 F.R.D.  at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  Local Civ. R. 5(e)(3).

## II. THE SUBJECT DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS.

### A. CHLIC Maintains the Confidentiality of the Subject Documents.

CHLIC requires its employees to handle all confidential information, including the type in the Subject Documents, with care and limits access to the confidential information on a need-to-know basis.  *See* ECF 275-7 (Declaration of David Kasper ("Kasper Decl.") ¶ 13); *see also* ECF 226 (Declaration of Tyler Lester) ("Lester Decl.") ¶ 4.  CHLIC requires its employees to maintain the confidentiality of proprietary and sensitive business information.  *Id*.  Such information cannot be disclosed without appropriate prior authorization, and employees are instructed not to transmit confidential information to persons not entitled to it, or who have no reason to know the confidential information.  *Id*.

### B. The Court Should Seal Those Portions of Internal CHLIC Documents Reflecting CHLIC's Confidential and Commercially-Sensitive Customer Liability Procedures and Claims Reprocessing Practices (Exhibits CC and CD).

CHLIC seeks to seal those portions of two internal CHLIC documents that reflect confidential and commercially-sensitive discussions of Cigna Pharmacy Management ("CPM") customer liability procedures and claims reprocessing practices:

- **Exhibit CC** is an internal CHLIC email thread that includes, at the bottom of that chain, an updated set of "Pharmacy Recovery Process and Guidelines" regarding customer liabilities for prescription drug benefits.  The draft set of guidelines describes eight "scenarios" in which CHLIC would reprocess customer pharmacy claims based on specific payment issues.  For each scenario, the guidelines describe the issue impacting the pharmacy claim, CHLIC's objective in reprocessing the claim, and the "recovery" actions CHLIC would perform (including, for instance, internal reporting requirements, participation of specific CHLIC teams, and potential customer reimbursements).  *See* CIGNA00179043-45.  CHLIC seeks to seal only those portions of the email chain that deal directly with the eight recovery scenarios analyzed in the draft guidelines.  *See* Declaration of Tyler Lester ("Lester Declaration") ¶ 6.

- **Exhibit CD** is an internal CHLIC email thread that contains a related discussion of customer liability issues with respect to errors in processing prescription drug transactions. The bottom email in this chain describes those scenarios and summarizes CHLIC's current procedures and capabilities in those circumstances, including potentially changing existing procedures and processes, a proposed process to do so, and a discussion of how funding for potential client reimbursements could occur. *See* CIGNA00302909-10. In other parts of the email chain, CHLIC employees further discuss the client liability issue, including CHLIC's potential financial exposure and possible regulatory and compliance issues. *See* CIGNA00302909. CHLIC seeks to seal only those portions of the email chain that deal directly with CHLIC's internal analysis of these liabilities issues. *See* Lester Decl. ¶ 7.

These exhibits reflect confidential internal discussions of CHLIC pharmacy management practices dealing with its treatment of customers and clients whose disclosure would cause CHLIC commercial injury. *See* Lester Decl. ¶ 8. Those materials are highly confidential and proprietary to CHLIC, and CHLIC maintains their confidentially and limits disclosure. *Id*. Among other things, these documents reflect CHLIC's own self-analysis of its existing procedures regarding customer payment issues and areas for potential revisions. *Id*. Public disclosure of this information would be commercially harmful to CHLIC because it could be used by competitors to show potential limitations in CHLIC's processes and potentially lure current and future customers away from CHLIC. *Id*. It also contains sensitive internal financial analysis, such as calculations of potential exposure from such scenarios, and internal discussions of potential regulatory issues. *Id*. These are all highly sensitive topics, especially because they deal explicitly with CHLIC's customers and payment practices, which are not intended for public dissemination, and their disclosure would cause competitive commercial harm to CHLIC. *Id*.

The Court previously determined that disclosure of sensitive internal CHLIC discussions would competitively harm CHLIC and that such materials should be sealed. *See* May 2020 Sealing Order at 14. Further, the Court has previously sealed documents reflecting sensitive non-public financial information and analysis. *See* 2017 Sealing Order (sealing financial and

pricing terms in CHLIC agreements with plan sponsor clients); *see* July 2020 Sealing Order (sealing CHLIC agreements with client based on sensitive financial and pricing information, and sealing CHLIC responses to client Requests for Proposals containing annual pricing commitments); *see also* ECF 276-1 at 5-7.  Like those previously sealed documents, Exhibit CD contains financial analysis regarding CHLIC's potential exposure connected with these customer payment scenarios.  Other courts have sealed similar kinds of documents based on the significant competitive injury that could result from their public disclosure.  *See China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. 15-6210, 2017 WL 3718108, *2 (D.N.J. Dec. 28, 2017) (sealing "detailed pricing information"); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (sealing confidential documents not publicly available on the grounds that public disclosure could have negatively affected the party's "negotiating position in its business").  Thus, the Court should seal Exhibits CC and CD.

      **C.**    **The Court Should Seal Third-Party Personal Identifying Information (Exhibit CJ).**

Lastly, CHLIC seeks to seal in part Exhibit CJ, which is a Declaration from Plaintiffs' expert Launce Mustoe discussing CHLIC prescription drug transaction data and other confidential materials produced by CHLIC that contains personal identifying information.  Specifically, Exhibit CJ includes the names of third-party clients of CHLIC and their account numbers.  Plaintiffs agree in their Motion to Seal that such information should be sealed by the Court.  *See* ECF 365 at 2 (agreeing to seal "third parties' personal identifying information and personal health information").

This Court has previously ordered similar third-party personal identifying information and PHI to be sealed, including client names and account numbers, customer transaction claim numbers, pharmacy claim transaction number, and health plan member identification numbers.

*See* 2020 Sealing Order at 7 (sealing of "personal account identifiers"); *id*. at 10 (sealing "[c]ustomer account identifiers, including customs number, identification number and customer claim number"); *id*. at 12 (sealing "claims numbers/identification codes for 'individual customer prescription drug transactions'"); *id*. at 15 (sealing "information identifying client accounts, pharmacy chains and member IDs").

For the same reasons the Court previously sealed this type of personal information, the Court should now seal the personal identifying information and third-party identifiers in Exhibit CJ.

## **CONCLUSION**

For the above reasons, the Court should grant Plaintiffs' motion to seal the Subject Documents as described in this Response.

Dated:  November 3, 2020          Respectfully submitted,

/s/ Brian W. Shaffer
  Brian W. Shaffer (phv08654)
  Jeremy P. Blumenfeld (phv23943)
  Eleanor R. Farrell (phv08309)
  Matthew D. Klayman (phv08656)
  MORGAN, LEWIS & BOCKIUS LLP
  1701 Market Street
  Philadelphia, PA 19103
  Telephone:  +1.215.963.5000
  Facsimile:  +1.215.963.5001
  brian.shaffer@morganlewis.com
  jeremy.blumenfeld@morganlewis.com
  eleanor.farrell@morganlewis.com
  matthew.klayman@morganlewis.com

  Lisa R. Weddle (phv08957)
  MORGAN, LEWIS & BOCKIUS LLP

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  +1.860.240.2945
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2020, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                           /s/ Brian Shaffer
                                             Brian Shaffer

## Appendix A – List of Subject Documents

| Document | CHLIC's Proposed Treatment | Do Plaintiffs' Object to CHLIC's Proposed Treatment? (Y/N) |
|---|---|---|
| ECF 364-01 - Exhibit BW | unseal | n/a |
| ECF 364-01 - Exhibit BZ | unseal | n/a |
| **ECF 364-01 - Exhibit CC** | **seal in part** | **Y** |
| **ECF 364-01 - Exhibit CD** | **seal in part** | **Y** |
| ECF 364-01 - Exhibit CE | unseal | n/a |
| ECF 364-01 - Exhibit CG | unseal | n/a |
| ECF 364-01 - Exhibit CJ | seal in part | N |
| ECF 369-01 - Exhibit CK | unseal | n/a |