UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, DANIEL PERRY, COURTNEY GALLAGHER, NINA CUROL, ROGER CUROL, and BILLY RAY BLOCKER, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>       Defendant. | Civ. A. No. 16-cv-1702 (JAM)<br><br>November 3, 2020 |

**DECLARATION OF TYLER LESTER IN SUPPORT OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL DOCUMENTS (ECF 365 & 371)**

1. I, Tyler Lester, declare as follows:

2. I am over 18 years of age and have personal knowledge of the matters set forth herein based on my experience and review of documents produced in this case. If called upon, I could testify competently and truthfully to the matters discussed below.

3. I submit this declaration in support of Defendant CHLIC's Response to Plaintiffs' Motion to Seal Documents (ECF 365 & 371).

4. I am Actuarial Managing Director in Pharmacy Economics at Cigna Corporation ("Cigna"), the parent company of Defendant Cigna Health and Life Insurance Company ("CHLIC"). I joined Cigna in 2009 as an Actuarial Senior Specialist. From 2010 to 2014, I was an Actuarial Manager with Cigna Pharmacy Pricing, and from 2014 to 2017, I was an Actuarial Director. As a result of these roles within Cigna, I have an extensive understanding of

CHLIC's pharmacy benefit management business and services and am able to speak to the confidential business information contained in the documents below.

5. I have reviewed each of the specific documents discussed in the paragraph below, which are exhibits to the Declaration of Meghan S. B. Oliver dated October 13, 2020 (ECF 365) (the "Exhibits").

6. **Exhibit CC** is an internal email thread involving members of Cigna Pharmacy Management ("CPM"). At the bottom of that chain, one member of CPM has inserted (for review and discussion by the group) an updated set of "Pharmacy Recovery Process and Guidelines" regarding customer liabilities for prescription drug benefits. The draft guidelines include eight "scenarios" in which CHLIC would need to reprocess customer pharmacy claims due to specific payment issues. For each scenario, the guidelines describe the issue causing the pharmacy claim to be reviewed, CHLIC's objective in reprocessing the claim, and the proposed "recovery" actions CHLIC would perform. Those recovery actions include specific kinds of internal reporting, the notification and involvement of specific CHLIC teams, and potential reimbursements for customers. CHLIC seeks to seal only those portions of the email chain that deal directly with the eight recovery scenarios described in the draft guidelines.

7. **Exhibit CD** is an internal CHLIC email thread that contains a related discussion of customer liability issues with respect to errors in processing prescription drug transactions. The bottom email in this chain describes those scenarios and summarizes CHLIC's current procedures and capabilities in those circumstances, including potentially changing existing procedures and processes, a proposed process to do so, and a discussion of how potential client reimbursements would be funded. In other parts of the email chain, CHLIC employees further discuss the client liability issue, including CHLIC's potential financial exposure and possible

regulatory and compliance issues. CHLIC seeks to seal only those portions of the email chain that deal directly with CHLIC's internal analysis of these liabilities issues, while leaving the rest of the email thread unsealed.

8. **Exhibits CC and CD** reflect confidential internal discussions of CHLIC pharmacy management practices dealing with the treatment of customers and clients whose disclosure would cause CHLIC commercial injury. Those materials are highly confidential and proprietary to CHLIC, and CHLIC maintains their confidentially and limits disclosure. Among other things, these documents reflect CHLIC's self-analysis of its existing procedures regarding customer payment issues and areas for potential revisions. Public disclosure of this information would be commercially harmful to CHLIC because it could be used by competitors to show potential limitations in CHLIC's processes and potentially lure current and future customers away from CHLIC. It also contains sensitive internal financial analysis, such as calculations of potential exposure from such scenarios, and internal discussions of potential regulatory issues. These are all highly sensitive topics, especially because they deal explicitly with CHLIC's customers and payment practices, which are not intended for public dissemination, and their disclosure would cause competitive commercial harm to CHLIC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3rd day of November, 2020, in Raleigh, North Carolina.

_____
Tyler Lester