# Morgan Lewis

**Jeremy P. Blumenfeld**
Partner
+1.215.963.5258
jeremy.blumenfeld@morganlewis.com

November 4, 2020

**VIA ECF**

The Honorable Jeffrey A. Meyer
United States District Court, District of Connecticut
Richard C. Lee U.S. Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

Re:   *Negron, et al. v. Cigna Health and Life Insurance Company,* Case No. 3:16-cv-01702(JAM)

Dear Judge Meyer:

Cigna Health and Life Insurance Company ("CHLIC") respectfully submits this letter brief pursuant to the Court's October 28, 2020 Order (ECF 375) to address "whether plaintiffs' proposed classes extend to plans containing 'the' before 'Covered Expenses.'"

The short answer is yes, Plaintiffs' proposed classes do extend to plans containing "the" before "Covered Expenses" in the phrase "may be required to pay a portion of the Covered Expenses."[1] This is not disputed.  *See* Oct. 28, 2020 Hrg. Tr. 104:2-4 (Plaintiffs' counsel correcting misstatement, explaining that "[t]he version [of the class definitions] with the 'the' excluded was an old version, so 'the' actually is in there.  And all of the 'the' plans are a part of it").  In fact, the word "the" before "Covered Expenses" is **required** for a plan to fall within the proposed class definitions.  Although Plaintiffs' original class motion did not include the word "the" before "Covered Expenses" in the excerpted phrase (ECF 205), Plaintiffs filed a motion to amend their class definitions, which specifically included "the" before "Covered Expenses."  *See* ECF 253 at 1, 3 (referring to the phrase "may be required to pay a portion of **the** Covered Expenses" in defining the ERISA Class and the RICO Class (emphasis added)).  That motion was then the subject of a stipulation revising the proposed class definitions (ECF 260), which the Court approved by Order dated June 4, 2020 (ECF 261).  Plaintiffs needed to make this change because, among other things, proposed class representative Kimberly Negron's 2014 prescription drug benefit plan—the sole plan that Plaintiffs filed in support of class certification—contains the word "the" before "Covered Expenses."  ECF 210-2 at 33.  Plaintiffs' interrogatory responses also identify the phrase "portion of **the** Covered Expenses" (emphasis added) as among numerous plan provisions that CHLIC allegedly violated as to the Named Plaintiffs.  *See* ECF 277, Ex. 11 at 11 (Negron 2014 Plan), 13 (Negron 2015 Plan), 16 (Perry 2015 Plan), 17 (Perry 2016 Plan), 18 (Blocker 2014 Plan), 19 (Blocker 2015 Rider).

---

[1] The phrase "may be required to pay a portion of the Covered Expenses" appears in both the medical and prescription drug benefits sections of various plans.  *See, e.g.*, ECF 210-2 at 10, 33.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921         ⓣ +1.215.963.5000
United States                                      ⓕ +1.215.963.5001

The Honorable Jeffrey A. Meyer
November 4, 2020
Page 2

The issue of whether Plaintiffs' proposed classes extend to plans containing "the" before "Covered Expenses" in certain excerpted phrases arose during the October 28 hearing in connection with Plaintiffs' efforts to explain away two plans (Exhibits 51 and 46) that CHLIC has relied on in opposition to class certification. As Plaintiffs' counsel originally stated at the hearing:

> So that "the" means [the plan is] not in the class because it's not within the confines of the class definition. And you can say, well, the "the" is immaterial, but the reason we tried to select this specific language is because these are the forms and it has implications that go to other portions of the plan.

Tr. at 96-97. The word "the" is significant to the class definitions because it has implications that go to other portions of the plans—portions that have material variations. Both of the plans in question do contain the class language and are properly before the Court. Plaintiffs have failed to meaningfully distinguish them, as summarized below.

**First**, Exhibit 51 provides in the Prescription Drug Benefits Schedule that participants "may be required to pay a portion of **the** Covered Expenses" for prescription drugs. ECF 275-51 at 10 (emphasis added). Then, under the heading "What's Covered? (Covered Expenses)," the plan describes situations in which participants "incur expenses for charges made by a Pharmacy" for prescription drugs. *Id.* at 32. These phrases satisfy the requirements of Plaintiffs' class definitions.[2] ECF 253 at 1, 3.

Plaintiffs did not actually dispute the materiality of the plan variations set forth in Exhibit 51.[3] Rather, Plaintiffs sought to avoid these material variations by attempting to exclude Exhibit 51 from the proposed classes based on the word "the." Plaintiffs are wrong. Exhibit 51 satisfies all the requirements of Plaintiffs' proposed class definitions and features material language variations illustrating why a plan-by-plan analysis is required.

**Second**, Exhibit 46 provides that a participant "may be required to pay a portion of the Covered Expenses" for prescription drugs. ECF 275-46 at 48. It also includes a section with "Covered Expenses" in the heading that describes when a participant "incurs expenses for charges made by a Pharmacy" for prescription drugs. *Id.* at 50. Like the language in Exhibit 51, this language satisfies Plaintiffs' class definitions. ECF 253 at 1, 3.

---

[2] Plaintiffs have stated that plans with both "incur" or "incurs" in the excerpted phrase "incurs expenses for charges made by a Pharmacy" fall within their class definitions. ECF 274 at 9, n.7.

[3] Material variations include, among other things, (1) defining "Covered Expenses" by reference to the "Prescription Drug Charge," which is defined to mean "The amount the Plan pays to Cigna" (ECF 275-51 at 52), even though Plaintiffs contend that "Covered Expenses" never refer to the amount that plans pay to CHLIC; (2) disclosing expressly to participants that "Cigna may pay a different amount for a Prescription Drug Product than the Plan pays to Cigna" (ECF 275-51 at 52), even though Plaintiffs contend this fact was always hidden from participants; and (3) providing expressly that "A prescription given to a pharmacist is **not** a claim for benefits under the Plan" (ECF 275-51 at 39 (emphasis added)), even though Plaintiffs contend that a prescription given to a pharmacist was always a claim for benefits.

The Honorable Jeffrey A. Meyer
November 4, 2020
Page 3

As with Exhibit 51, Plaintiffs do not actually dispute the materiality of the plan variations set forth in Exhibit 46.  Exhibit 46 provides, among other things, that a participant "may be required to pay a portion of the Covered Expenses" and then clarifies "That portion is the Coinsurance," **not** a deductible payment. Accordingly, the phrase "a portion of the Covered Expenses" in Exhibit 46 has no bearing on a participant's deductible payments. But for the many deductible transactions associated with Exhibit 46 that Plaintiffs contend are actionable "overpayments," Plaintiffs' claims rise and fall on whether "a portion of the Covered Expenses" limits the amount of those deductible payments.  By its terms, it does not.  The rights of participants in Exhibit 46 thus differ materially from the rights of participants in other class plans, like proposed class representative Negron, in which the phrase "a portion of the Covered Expenses" is accompanied by other language arguably making the phrase applicable to deductible payments.

Plaintiffs also argued that the language in Exhibit 46 does not satisfy Plaintiffs' class definitions because it describes the "portion of the Covered Expenses" as "the Coinsurance" without any reference to copayments or deductible payments.  Tr. 98:14–18.  But the class definitions do not require that plans describe the "portion of the Covered Expenses" by reference to copayments or deductible payments.  ECF 253 at 1, 3.  Moreover, this plan is not excluded from the proposed class simply because participants in the plan may have coinsurance transactions, in addition to the deductible "overpayments" that Plaintiffs challenge.  There are many plans within the class definition that have both coinsurance and deductible transactions where the deductible transactions are being challenged, even if the coinsurance transactions are not.  Plaintiffs' proposed class definitions do not exclude such plans, or such deductible transactions, from their proposed classes.

Exhibit 46 materially undermines Plaintiffs' argument about the applicability of the class language to copayment or deductible transactions in that plan.  It confirms that the plans at issue are not substantially similar in all material respects and that Plaintiffs' case is not capable of classwide resolution.  There is no basis for concluding that Exhibit 46 does not satisfy the class definitions.[4]

In total, CHLIC filed 31 plan documents in opposition to class certification.  ECF 275, Exs. 21–25, 27–30, 48; ECF 346, Exs. 54–55.  Each contains the plan language set forth in Plaintiffs' proposed amended class definitions, including the phrase "may be required to pay a portion of **the** Covered Expenses."  Accordingly, each plan—and each material variation in those plans, including the examples that CHLIC described during oral argument—is within the proposed classes and properly before the Court.  The multitude of these plan variations that CHLIC cited in its briefing and during oral argument state what a plan participant was required to pay for prescription drugs with much greater specificity and variability than the general terms "a portion of **the** Covered Expenses" upon which Plaintiffs rely.  Therefore, when interpreting the plan terms to determine whether Plaintiffs were overcharged for prescription drugs, the Court must consider other plan terms that relate (sometimes with great detail) to the participant's cost-share—terms that vary from plan to plan.

---

[4] The Court asked Plaintiffs' counsel whether another plan—Exhibit 39—has members in the class because that plan includes "the" in the Covered Expenses excerpt (Tr. 101:5-12).  Exhibit 39 has the class language (ECF 275–39), but it also has material variations in other parts of the plan.  *Compare* Tr. 47:9-11 (describing the definition of "Charges" on page 43 of Exhibit 39), *with* ECF 307 at 8 n.8 (Plaintiffs relying on a different definition of "charges" to support their arguments about other plans).

The Honorable Jeffrey A. Meyer
November 4, 2020
Page 4

Respectfully submitted,

*/s/ Jeremy P. Blumenfeld*

Jeremy P. Blumenfeld