

November 24, 2020

The Honorable Jeffrey A. Meyer
Richard E. Lee U.S. Court House
141 Church Street, Courtroom 3
New Haven, CT 06510

      Re:    *Kimberly A. Negron, et al. v. CIGNA Health and Life Insurance Company.*
              Case No. 3:16-cv-01702-JAM (D. Conn.)

Dear Judge Meyer:

    We write to clarify any ambiguity that may have arisen at the hearing on Cigna's Motion to Exclude the testimony of Mr. Mustoe.

    At the hearing, Cigna argued that Mustoe's testimony was not relevant to any claims brought on behalf of a plan for breach of fiduciary duty and prohibited transactions, among others. Transcript of Continued Video Motions Hearing dated November 13, 2020 ("Tr.") at 114-116. In response to Cigna's argument, the Court asked which claims Plaintiffs were pursuing, including RICO and ERISA benefits claims. Tr. at 133. Plaintiffs, responding in the context of Cigna's argument, stated that they are not pursuing any claims on behalf of any plans but instead are pursuing claims on behalf of members to recover benefits due under their plans.

    In making this statement, Plaintiffs were distinguishing between a factual claim for a loss to a plan and a factual claim for a loss to an individual class member arising out of an overcharge in connection with that member's claim for prescription drug benefits. However, a factual claim for an overcharge can give rise to a number of different legal claims. As Plaintiffs noted later at the hearing, Plaintiffs assert claims for breaches of fiduciary duty arising out of these individual class member prescription drug claims and Mustoe's report relates to those claims. Tr. at 147, 150. Plaintiffs are not pursuing claims on behalf of Plans, but are pursuing all claims alleged on behalf of individuals in the Second Amended Complaint, including those which seek a broad range of equitable relief for individual class members such as reprocessing, surcharge, restitution, disgorgement of profits, accounting, etc. Mustoe's report relates to those forms of relief that seek recovery of class-member losses.

                                                Respectfully submitted,

                                                /s/ Robert A. Izard