# Morgan Lewis

**Jeremy P. Blumenfeld**
Partner
+1.215.963.5258
jeremy.blumenfeld@morganlewis.com

December 4, 2020

**VIA ECF**

The Honorable Jeffrey A. Meyer
United States District Court, District of Connecticut
Richard C. Lee U.S. Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

Re:   *Negron, et al. v. Cigna Health and Life Insurance Company*, Case No. 3:16-cv-01702-JAM

Dear Judge Meyer:

Cigna Health and Life Insurance Company ("CHLIC") respectfully responds to Plaintiffs' letter dated November 24, 2020.

Plaintiffs are shifting their legal theories yet again.  CHLIC previously noted Plaintiffs' failure to specify which of their ERISA claims they are pursuing on a classwide basis.  ECF 274 at 8 n.5; ECF 343 at 9–11.  Plaintiffs called this argument "peculiar" and said they are "pursuing all six of their ERISA claims, and have never indicated otherwise."  ECF 308 at 35 n.33.  At the hearing, in response to the undersigned explaining that Plaintiffs had not met their burden as to each of the claims alleged in the Second Amended Consolidated Complaint ("Complaint"), Plaintiffs changed course, suggesting that they were only pursuing "claims on behalf of the members for benefits, to recover benefits due."  ECF 384, 11/13/20 Tr. at 134.

Now, Plaintiffs offer a different position.  Plaintiffs admit they are not pursuing claims on behalf of the tens of thousands of plans at issue.  *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (explaining that claims under 29 U.S.C. §§ 1132(a)(2) and 1109 are "brought in a representative capacity on behalf of the plan").  But Plaintiffs argue they *are* pursuing "all claims alleged on behalf of individuals" in the Complaint—presumably not just the claim for benefits—without even identifying which specific claims Plaintiffs contend are brought on behalf of individuals (as opposed to the plans in which those individuals participate) or what relief Plaintiffs seek on a classwide basis on behalf of individuals as to each of those claims.

Perhaps it is acceptable for a pleading to be vague and generalized as to the legal theories asserted and the remedies sought.  But class certification is different.  Plaintiffs bear the burden of *proving* that the elements of the causes of action they are pursuing and the remedies they seek are capable of resolution on a classwide basis.  Plaintiffs' class certification motion and Mr. Mustoe's opinions do not satisfy that burden.  Neither offers a method for calculating relief that fits the claims addressed in the briefing, *i.e.*, claims under ERISA § 1132(a)(1)(B) and civil RICO.  *See, e.g.*, ECF 384, 11/13/20 Tr. at 117–27.  And neither offers a method for adjudicating on a classwide basis Counts II through VI of the Complaint, *i.e.*, claims under ERISA § 1104, § 1105(a), §§ 1106(a)(1)(C)–(D), and §§ 1106(b)(1)–(3), each of which Plaintiffs failed to address in the briefing.  *See, e.g.*, ECF 343 at

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921         ☏ +1.215.963.5000
United States                        ✉ +1.215.963.5001

The Honorable Jeffrey A. Meyer
December 4, 2020
Page 2

10–11.  In fact, Plaintiffs do not even explain which of those claims can be brought on behalf of individuals instead of ERISA plans, such that the Court can even know on which Counts Plaintiffs now seek class certification.  Merely saying that they seek "surcharge, restitution, disgorgement of profits, accounting, etc." (ECF 385 at 1) does not satisfy their burden under Rule 23 of demonstrating how this Court can decide these different forms of relief, applicable to different claims, on a classwide basis; these remedies were not addressed at all in Plaintiffs' 150+ pages of briefing or any of Mr. Mustoe's declarations.  *See, e.g.*, ECF 384, 11/13/20 Tr. at 113–17.  For example, Plaintiffs suggest such remedies may be appropriate if CHLIC received more in compensation than it was supposed to, but they did not (in their briefing or through Mr. Mustoe's declarations) demonstrate that the terms of CHLIC's compensation—set forth in thousands of separate ASO and/or insurance agreements, not plan documents—are uniform.  *See, e.g.*, ECF 343 at 10–11; ECF 384, 11/13/20 Tr. at 115–17.

Neither Plaintiffs nor Mr. Mustoe made the showings necessary to satisfy the requirements of Rule 23(a) and (b) as to any liability theory or claim for relief, whether actually addressed in the briefing or not.  Class certification should be denied.

Respectfully submitted,

*/s/ Jeremy P. Blumenfeld*

Jeremy P. Blumenfeld