## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

KIMBERLY A. NEGRON, DANIEL PERRY,
COURTNEY GALLAGHER, NINA CUROL,
ROGER CUROL, and BILLY RAY BLOCKER,
JR., Individually and on Behalf of All Others
Similarly Situated,

Plaintiffs,

vs.

CIGNA CORPORATION, CIGNA HEALTH
AND LIFE INSURANCE COMPANY and
OPTUMRX, INC.,

Defendants.

Civ. A. No. 16-cv-1702 (JAM)

April 30, 2021

## DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
## FURTHER RESPONSE TO PLAINTIFFS' MOTION TO SEAL DOCUMENTS (ECF 365)

As the Court directed at the status conference on April 9, 2021, Defendant Cigna Health and Life Insurance Company ("CHLIC") submits this response to Plaintiffs' Reply (ECF 393) in support of sealing in part Exhibits CC and CD.  In its prior submissions, CHLIC has already provided ample factual and legal support for sealing confidential and commercially-sensitive information in these exhibits, including a witness declaration.  *See* ECF 379 at 4-5 (CHLIC's Response); ECF 380 ¶¶ 6-7 (Decl. of Tyler Lester).  CHLIC will thus limit this response to the points in Plaintiffs' Reply.

Plaintiffs argue that the Court should unseal Exhibits CC and CD because they are "substantively similar" in subject matter and age to documents the Court previously unsealed. *See* Reply at 2 (discussing Exhibits U and W).  They are wrong.

***First***, Plaintiffs misconstrue the Court's prior decision as containing bright-line rules that materials on certain subjects or before certain dates should be unsealed.  It does not.  Rather, in

that decision, the Court performed an individualized assessment of each specific document before it, weighing specific factors in context, including commercial sensitivity, potential competitive harm, and relative age based on the content and context of each document. *See* ECF 259 at 6-16 (Court order separately discussing each exhibit at issue). But it did not draw a hard and fast rule that certain documents created at a certain point in time lose their commercial sensitivity and confidential nature as time passes.

Indeed, in that order, the Court **_sealed_** material from 2015, the same date as Exhibit CD at issue here. *See id.* at 14 (ordering Exhibit G, a "presentation from November 2015," sealed in full). The Court adhered to well-established case law, holding that while the age of confidential information may be relevant, business matters may cause competitive harm long after the date they are written. *See U.S. ex rel. Scott v. Humana, Inc.*, No. 3:18-61, 2019 WL 5964564, at *4 (W.D. Ky. Nov. 13, 2019) (ordering information on "bids and profit margins" that was "more than eight years old" sealed because the information, "even if historic, could be used by competitors to undercut [defendant's] marketplace standing"); *Encap LLC v. Scotts Co. LLC*, No. 11-685, 2015 WL 12991188, at *2 (E.D. Wis. Jan. 8, 2015) (granting defendants' motion to seal exhibits related to product development and marketing that were "more than a dozen years old" because "the market research data appears useful and there is no reason to believe it has lost its utility and value to [defendant] or its competitors"). The age of the documents, therefore, is not a reason for CHLIC's highly proprietary and confidential information to be publicly disclosed.

***Second***, Exhibits CC and CD are substantively different from the materials the Court unsealed before, despite Plaintiffs' claim that they should be unsealed because they relate to the same topics as previously unsealed exhibits. Again, the Court's prior order did not set any such bright line rule, and such a categorical rule makes no sense. It is *how* a topic is discussed and

what *specific content* is included—i.e., sensitive proprietary and commercially-damaging information, strategic perspectives, and candid discussions of potential risks—and not *simply the topic itself* that determines whether a document merits sealing.  Here, Exhibit CC contains Cigna's formal policy regarding its "Pharmacy Recovery Process," which CHLIC seeks to seal only in part.  *See* ECF 395-15.  Exhibit CD contains a related discussion of customer liability issues, summarizing CHLIC's procedures in each claim reprocessing scenario, which reflects candid internal discussions on CHLIC's potential financial exposure and regulatory and compliance issues.  *See* ECF 395-16.  By contrast, the materials the Court unsealed earlier did not contain formal CHLIC policies and procedures, nor did they contain frank internal discussions of compliance and regulatory exposure.  One document (Exhibit U) was an internal analysis of a single pharmacy processing error whose import was thus confined to that incident, whereas the second document (Exhibit W) was an email thread informally discussing reprocessing issues raised at a prior meeting.  *See* ECF 207-21 (Exhibit U); ECF 207-23 (Exhibit W).  Exhibits CC and CD, however, reflect broader and more formal Cigna policy and potential regulatory concerns that would cause CHLIC commercial injury if publicly disclosed, and they should be sealed in part for that reason.

    **Third,** Plaintiffs' other points are similarly unavailing.  Plaintiffs suggest that CHLIC purports to seal these materials simply because the information is non-public.  Reply at 3.  CHLIC did not make that simplistic argument.  CHLIC's prior briefing describes in detail the "competitive commercial harm to CHLIC" that would result from, among other things, publicly disseminating internal discussions of "highly sensitive" matters regarding "CHLIC's customers and payment practices."  *See* ECF 379 at 5-6.  Plaintiffs also argue the materials should be unsealed because "the putative class members and public at large" have a right to view

documents "directly relevant to this litigation."  Reply at 3.  But relevance is merely the first step in weighing the "competing considerations" that may lead a court to "deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'"  *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  CHLIC's prior briefing has established the "particular findings" that support, "for clear and compelling reasons," why the narrowly tailored sealing of these documents should be granted.  *See* Local Rule 5(e)(1)(a).

For reasons above and in CHLIC's prior briefing, the Court should order the narrowly tailored sealing of parts of Exhibits CC and CD.

Dated: April 30, 2021

Respectfully submitted,

/s/ Brian W. Shaffer
Brian W. Shaffer (phv08654)
Jeremy P. Blumenfeld (phv23943)
Eleanor R. Farrell (phv08309)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5000
Facsimile:  +1.215.963.5001
brian.shaffer@morganlewis.com
jeremy.blumenfeld@morganlewis.com
eleanor.farrell@morganlewis.com
matthew.klayman@morganlewis.com

Lisa R. Weddle (phv08957)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP

One State Street
Hartford, CT 06103
Telephone:  +1.860.240.2945
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life
Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2021, the foregoing document and any attachments thereto were filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Brian W. Shaffer
Brian W. Shaffer