# EXHIBIT 2

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al. <br><br> Defendants. | Civil No. 16-cv-1702 (JAM) |

**SUPPLEMENTAL OBJECTIONS AND RESPONSES OF DEFENDANT
CIGNA HEALTH AND LIFE INSURANCE COMPANY TO
INTERROGATORY NOS. 1-6 OF PLAINTIFFS' FIFTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut, Defendant Cigna Health and Life Insurance Company ("CHLIC" or "Cigna"), by and through its undersigned counsel, hereby supplements its objections and responses to Interrogatory Nos. 1-6 of Plaintiffs' Fifth Set of Interrogatories (the "Interrogatories").[1] CHLIC reserves the right to supplement or amend its objections and these responses (the "Responses") as may be necessary or appropriate in the future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1.     The Responses are made solely for the purpose of the Action and are not to be used in connection with any other action.

---

[1] Cigna Corporation has been dismissed from the Action, so these Responses are made by and on behalf of CHLIC only.

**CONFIDENTIAL**

2.      The Responses reflect CHLIC's knowledge, information, and belief as of this date. CHLIC may engage in further investigation, discovery, and analysis, which may lead to changes in CHLIC's Responses herein. Such investigation and discovery are continuing, and CHLIC specifically reserves the right to supplement its Responses as necessary.

3.      No Response made herein, or lack thereof, is an admission as to the existence or non-existence of any documents, information, or the truth of any "facts" set forth or assumed in any Interrogatory and/or Request.

4.      CHLIC will make reasonable efforts to respond to every Interrogatory, to the extent the Interrogatory has not been objected to, as CHLIC understands and interprets the Interrogatory.  In the event that Plaintiffs subsequently assert an interpretation of an Interrogatory that differs from that of CHLIC, CHLIC reserves the right to amend and/or supplement its Response, but undertakes no obligation to do so.

5.      In responding to Plaintiffs' Interrogatories, CHLIC does not waive, and hereby expressly reserves, (a) its right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to Plaintiffs' Interrogatories; (b) its right to object on any ground to the use of the information provided in response to Plaintiffs' Interrogatories at any hearing, trial, or other point during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Interrogatories.  The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

**CONFIDENTIAL**

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NOS. 1-6 FROM PLAINTIFFS' FIFTH SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies."

**SUPPLEMENTAL RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above and its

original and supplemental objections and responses to Plaintiffs' Fifth Set of Interrogatories.

Subject to and without waiving these objections, CHLIC responds as follows: After

reasonable investigation, CHLIC does not maintain the information requested in this

Interrogatory in the form and format requested by Plaintiffs (i.e., a listing or other compilation by

"claim number (i.e., CLM_NUM) . . . [of each] transaction in the prescription drug transaction

data produced by Cigna" where the beneficiary's plan contains the particular sentence Plaintiffs

quote (and modify twice via bracketed text) in this Interrogatory.  CHLIC can, however, link

specific prescription drug transactions to specific plan language.  In other words, CHLIC can

identify which plan document governs a particular prescription drug transaction using various

data sources and documents.

Certain information sought by this Interrogatory – namely prescription drug transactions

for plan participants on group plans insured or administered by CHLIC – can be found in the

prescription drug transaction data produced by CHLIC, including, but not limited to, the fields

MBR_NO (Member number), CLM_NUM (Claim Number), RX_ACCT_NUM (Cigna account

number), FILL_DT (Date the pharmacy filled the prescription), PLAN_OF_BEN (Plan of

benefit.  The burden of locating and identifying such information is the same for Plaintiffs as

3

**CONFIDENTIAL**

CHLIC, and CHLIC thus directs Plaintiffs to this transaction data pursuant to Federal Rule of Civil Procedure 33(d).

Certain other information sought by this Interrogatory – namely which plan documents contain the phrase (and modified phrases) selected by Plaintiffs in this Interrogatory – can be ascertained from the plan documents produced by CHLIC.  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to the plan documents pursuant to Federal Rule of Civil Procedure 33(d).[2]

By way of further response, and for purposes of clarification, CHLIC can determine whether each prescription drug transaction made by a participant in a plan insured or administered by CHLIC was adjudicated pursuant to a particular benefit plan.  In general, a CHLIC client (i.e., benefit plan sponsor) selects the prescription drug benefits it chooses to offer its plan participants, including but not limited to plan features such as cost-share logic, copayment amounts, coinsurance amounts, deductible amounts, and many more.  CHLIC's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into CHLIC's systems.

For clients on Proclaim, once CHLIC obtains client approval (i.e., the client verifies that the selected benefits are correct), the client's benefit selections are loaded into CHLIC's ePro

---

[2] Certain additional information sought by this Interrogatory can be ascertained from the "DST Report" produced by CHLIC on November 18, 2019 – namely, those group clients of CHLIC which CHLIC currently believes, at some point in time between January 1, 2010 and on or about July 5, 2019, had part of the sentence that Plaintiffs quote in this Interrogatory (i.e., the phrase "portion of the Covered Expenses for Prescription Drugs and Related Supplies") in one of their plan booklets and/or plan related documents on the Proclaim platform.  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to this DST Report pursuant to Federal Rule of Civil Procedure 33(d).

4

**CONFIDENTIAL**

system.  CHLIC uses the benefit information in ePro to generate a sample plan booklet for each

benefit plan option the client intends to offer to its participants.  The sample plan booklet

therefore contains plan language based on the client's benefit selections.  The ultimate decision

whether to use the sample plan booklet with its beneficiaries is the client's choice, not CHLIC's.

Certain identifying information – namely plan benefit options, certificate IDs, and finalized plan

documents – is then available in a Member Materials database for each benefit plan option for

the particular client.

CHLIC's installation team configures the ePro information with the client's selected plan

design, which CHLIC's quality team then reviews.  CHLIC takes the information from ePro and

configures coding so that prescription drug transactions for that plan will be adjudicated

according to the plan terms and associated adjudication logic.  CHLIC then sends the

configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or

"Argus.").  In its role as claims administrator, CHLIC interprets and applies the terms of the

applicable plans in adjudicating prescription drug transactions.

With respect to the part of this Interrogatory that asks about a particular sentence in plan

documents, CHLIC responds that the benefit design and related plan document information for a

particular participant are input into CHLIC's Central Eligibility Database ("CED").  Using that

identifying information, along with the information in Member Materials, CHLIC is able to trace

a particular participant's benefit plan selection to the specific benefit plan and, in turn, plan

documents that govern the prescription drug benefit for any particular transaction.  CHLIC's

prescription drug transaction data includes a field ("PLAN_OF_BEN") that is associated with the

benefit options reflected in the CED for the participant and Member Materials for the plan

sponsor.

**CONFIDENTIAL**

Thus, CHLIC is able to confirm whether a particular transaction – by claim number (i.e., CLM_NUM) – in the prescription drug transaction data produced by CHLIC was pursuant to a plan containing the particular sentence Plaintiffs quote in this Interrogatory (or a sentence that would contain the modified language Plaintiffs offer in brackets). However, this is a manual process to review information across several data sources and documents. It has not been performed, and it would be unduly burdensome, costly and time-consuming to perform, for each of the millions of prescription drug transactions in the data produced by CHLIC to confirm which ones were adjudicated pursuant to the excerpted plan language quoted by Plaintiffs (and twice modified by Plaintiffs in brackets) in this Interrogatory.

To see how this confirmation process can be accomplished for an individual transaction, one could select any transaction from the prescription drug transaction data produced by CHLIC. For example, the following shows information from CHLIC's prescription drug transaction data for one of Plaintiff Perry's transactions:

| EMP_ID | MBR_NO | RX_ACCT_NUM | PLAN_OF_BEN | CLM_NUM | FILL_DT |
|--------|--------|-------------|-------------|---------|---------|
|        |        |             |             |         |         |

Using the Member Number field (MBR_NO) from the prescription drug transaction data, CHLIC can ascertain from the CED that Plaintiff Perry was a participant in a group health plan offered by Hampton Affiliates and administered by CHLIC as of the date of this transaction on March 20, 2015.

Next, CHLIC can search the Member Materials database using Hampton's account number from the CED or prescription drug transaction data. This information shows the plan and plan-related documents for Putnam, including the document identifier (e.g., the "Certificate ID") and effective dates for these documents. CHLIC can determine through the Member Materials database that the Certificate ID for this plan is "ASO2" and has an effective date of

6

**CONFIDENTIAL**

January 1, 2015, the plan year for the prescription drug transaction data excerpted above.  The "Details" tab for each plan and plan-related document shows which "Certificate ID" (or other document identifier) corresponds to which benefit option ("Benopt/Policy Codes").  Using the "Details" tab for ASO2, the benefit option code for this plan booklet is "OAP1."  This is the benefit option reflected in the CED and the plan prescription drug transaction data for Plaintiff Perry and his transaction on March 20, 2015.  From the "Details" tab and the main view of Member Materials, CHLIC can view the plan document ("ViewPDF").  This is the Hampton Affiliates (Account Number 3335031) ASO2 plan document effective January 1, 2015.  This plan document was produced at CIGNA00000137.  In reviewing this plan document, one can confirm that the language in this plan document has  excerpted language that Plaintiffs include in this Interrogatory – i.e., "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies." (*See* CIGNA00000167).

**INTERROGATORY NO. 2:** Identify, by claim number (i.e., CLM_NUM), each copayment and/or deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you [and your] [or your] Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products."

**SUPPLEMENTAL RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above and its original and supplemental objections and responses to Plaintiffs' Fifth Set of Interrogatories.

Subject to and without waiving these objections, CHLIC responds as follows: After reasonable investigation, CHLIC does not maintain the information requested in this Interrogatory in the form and format requested by Plaintiffs (i.e., a listing or other compilation by

7

**CONFIDENTIAL**

"claim number (i.e., CLM_NUM) . . . [of each] transaction in the prescription drug transaction data produced by Cigna" where the beneficiary's plan contains the particular sentence Plaintiffs quote (and modify twice via bracketed text) in this Interrogatory.  CHLIC can, however, link specific prescription drug transactions to specific plan language.  In other words, CHLIC can identify which plan document governs a particular prescription drug transaction using various data sources and documents.

Certain information sought by this Interrogatory – namely prescription drug transactions for plan participants on group plans insured or administered by CHLIC – can be found in the prescription drug transaction data produced by CHLIC, including, but not limited to, the fields MBR_NO (Member number), CLM_NUM (Claim Number), RX_ACCT_NUM (Cigna account number), FILL_DT (Date the pharmacy filled the prescription), PLAN_OF_BEN (Plan of benefit).  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to this transaction data pursuant to Federal Rule of Civil Procedure 33(d).

Certain other information sought by this Interrogatory – namely which plan documents contain the phrase (and modified phrases) selected by Plaintiffs in this Interrogatory – can be ascertained from the plan documents produced by CHLIC.  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to the plan documents pursuant to Federal Rule of Civil Procedure 33(d).

By way of further response, and for purposes of clarification, CHLIC can determine whether each prescription drug transaction made by a participant in a plan insured or administered by CHLIC was adjudicated pursuant to a particular benefit plan.  In general, a CHLIC client (i.e., benefit plan sponsor) selects the prescription drug benefits it chooses to offer

8

CONFIDENTIAL

its plan participants, including but not limited to plan features such as cost-share logic, copayment amounts, coinsurance amounts, deductible amounts, and many more.  CHLIC's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into CHLIC's systems.

For clients on Proclaim, once CHLIC obtains client approval (i.e., the client verifies that the selected benefits are correct), the client's benefit selections are loaded into CHLIC's ePro system.  CHLIC uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option the client intends to offer to its participants.  The sample plan booklet therefore contains plan language based on the client's benefit selections.  The ultimate decision whether to use the sample plan booklet with its beneficiaries is the client's choice, not CHLIC's. Certain identifying information – namely plan benefit options, certificate IDs, and finalized plan documents – is then available in a Member Materials database for each benefit plan option for the particular client.

CHLIC's installation team configures the ePro information with the client's selected plan design, which CHLIC's quality team then reviews.  CHLIC takes the information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic.  CHLIC then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or "Argus.").  In its role as claims administrator, CHLIC interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions.

9

**CONFIDENTIAL**

With respect to the part of this Interrogatory that asks about a particular sentence in plan documents, CHLIC responds that the benefit design and related plan document information for a particular participant are input into CHLIC's Central Eligibility Database ("CED").  Using that identifying information, along with the information in Member Materials, CHLIC is able to trace a particular participant's benefit plan selection to the specific benefit plan and, in turn, plan documents that govern the prescription drug benefit for any particular transaction.  CHLIC's prescription drug transaction data includes a field ("PLAN_OF_BEN") that is associated with the benefit options reflected in the CED for the participant and Member Materials for the plan sponsor.

Thus, CHLIC is able to confirm whether a particular transaction – by claim number (i.e., CLM_NUM) – in the prescription drug transaction data produced by CHLIC was pursuant to a plan containing the particular sentence Plaintiffs quote in this Interrogatory (or a sentence that would contain the modified language Plaintiffs offer in brackets).  However, this is a manual process to review information across several data sources and documents.  It has not been performed, and it would be unduly burdensome, costly and time-consuming to perform, for each of the millions of prescription drug transactions in the data produced by CHLIC to confirm which ones were adjudicated pursuant to the excerpted plan language quoted by Plaintiffs (and twice modified by Plaintiffs in brackets) in this Interrogatory.

To see how this confirmation process can be accomplished for an individual transaction, one could select any transaction from the prescription drug transaction data produced by CHLIC. For example, the following shows information from CHLIC's prescription drug transaction data for one of Plaintiff Roger Curol's transactions:

10

**CONFIDENTIAL**

| EMP_ID | MBR_NO | RX_ACCT_NUM | PLAN_OF_BEN | CLM_NUM | FILL_DT |
|---|---|---|---|---|---|
| | | | | | |

Using the Member Number field (MBR_NO) from the prescription drug transaction data, CHLIC can ascertain from the CED that Plaintiff Roger Curol was a participant in a group health plan offered by Island Operating Company, Inc. and administered by CHLIC as of the date of this transaction on March 10, 2017.

Next, CHLIC can search the Member Materials database using Island Operating Company, Inc.'s account number from the CED or prescription drug transaction data.  This information shows the plan and plan-related documents for Putnam, including the document identifier (e.g., the "Certificate ID") and effective dates for these documents.  CHLIC can determine through the Member Materials database that the Certificate ID for this plan is "ASO2" and has an effective date of January 1, 2017, the plan year for the prescription drug transaction data excerpted above.  The "Details" tab for each plan and plan-related document shows which "Certificate ID" (or other document identifier) corresponds to which benefit option ("Benopt/Policy Codes").  Using the "Details" tab for ASO2, the benefit option code for this plan booklet is "OAPS."  This is the benefit option reflected in the CED and the plan prescription drug transaction data for Plaintiff Roger Curol and his transaction on March 10, 2017.  From the "Details" tab and the main view of Member Materials, CHLIC can view the plan document ("ViewPDF").  This is the Island Operating Company, Inc. (Account Number 3335622) ASO2 plan document effective January 1, 2017.  This plan document was produced at CIGNA 00036937.  In reviewing this plan document, one can confirm that the language in this plan document has excerpted language that Plaintiffs include in this Interrogatory – i.e., "To receive Prescription Drug Benefits, you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products."  (*See* CIGNA00036974).

11

**CONFIDENTIAL**

**INTERROGATORY NO. 3:** Identify, by claim number (i.e., CLM_NUM), each deductible transaction in the prescription drug transaction data produced by Cigna that was pursuant to a plan containing the following provision:

> "As applicable, your Deductible or Coinsurance payment will be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy[, and the Usual and Customary Charge when the Pharmacy is a non-Network Pharmacy]."

**SUPPLEMENTAL RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above and its original and supplemental objections and responses to Plaintiffs' Fifth Set of Interrogatories.

Subject to and without waiving these objections, CHLIC responds as follows: After reasonable investigation, CHLIC does not maintain the information requested in this Interrogatory in the form and format requested by Plaintiffs (i.e., a listing or other compilation by "claim number (i.e., CLM_NUM) . . . [of each] transaction in the prescription drug transaction data produced by Cigna" where the beneficiary's plan contains the particular sentence Plaintiffs quote (and modify via bracketed text) in this Interrogatory.  CHLIC can, however, link specific prescription drug transactions to specific plan language.  In other words, CHLIC can identify which plan document governs a particular prescription drug transaction using various data sources and documents.

Certain information sought by this Interrogatory – namely prescription drug transactions for plan participants on group plans insured or administered by CHLIC – can be found in the prescription drug transaction data produced by CHLIC, including, but not limited to, the fields MBR_NO (Member number), CLM_NUM (Claim Number), RX_ACCT_NUM (Cigna account number), FILL_DT (Date the pharmacy filled the prescription), PLAN_OF_BEN (Plan of benefit).  The burden of locating and identifying such information is the same for Plaintiffs as

12

**CONFIDENTIAL**

CHLIC, and CHLIC thus directs Plaintiffs to this transaction data pursuant to Federal Rule of Civil Procedure 33(d).

Certain other information sought by this Interrogatory – namely which plan documents contain the phrase (and modified phrase) selected by Plaintiffs in this Interrogatory – can be ascertained from the plan documents produced by CHLIC.  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to the plan documents pursuant to Federal Rule of Civil Procedure 33(d).[3]

By way of further response, and for purposes of clarification, CHLIC can determine whether each prescription drug transaction made by a participant in a plan insured or administered by CHLIC was adjudicated pursuant to a particular benefit plan.  In general, a CHLIC client (i.e., benefit plan sponsor) selects the prescription drug benefits it chooses to offer its plan participants, including but not limited to plan features such as cost-share logic, copayment amounts, coinsurance amounts, deductible amounts, and many more.  CHLIC's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into CHLIC's systems.

For clients on Proclaim, once CHLIC obtains client approval (i.e., the client verifies that the selected benefits are correct), the client's benefit selections are loaded into CHLIC's ePro system.  CHLIC uses the benefit information in ePro to generate a sample plan booklet for each

---

[3] Certain additional information sought by this Interrogatory can be ascertained from the "DST Report" produced by CHLIC on May 15, 2019 – namely, those group clients of CHLIC which CHLIC currently believes, at some point in time between January 1, 2010 and on or about April 12, 2019, had part of the sentence that Plaintiffs quote in this Interrogatory (i.e., the phrase "prescription drug charge") in one of their plan booklets and/or plan related documents on the Proclaim platform.  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to this DST Report pursuant to Federal Rule of Civil Procedure 33(d).

**CONFIDENTIAL**

benefit plan option the client intends to offer to its participants.  The sample plan booklet therefore contains plan language based on the client's benefit selections.  The ultimate decision whether to use the sample plan booklet with its beneficiaries is the client's choice, not CHLIC's. Certain identifying information – namely plan benefit options, certificate IDs, and finalized plan documents – is then available in a Member Materials database for each benefit plan option for the particular client.

CHLIC's installation team configures the ePro information with the client's selected plan design, which CHLIC's quality team then reviews.  CHLIC takes the information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic.  CHLIC then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or "Argus.").  In its role as claims administrator, CHLIC interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions.

With respect to the part of this Interrogatory that asks about a particular sentence in plan documents, CHLIC responds that the benefit design and related plan document information for a particular participant are input into CHLIC's Central Eligibility Database ("CED").  Using that identifying information, along with the information in Member Materials, CHLIC is able to trace a particular participant's benefit plan selection to the specific benefit plan and, in turn, plan documents that govern the prescription drug benefit for any particular transaction.  CHLIC's prescription drug transaction data includes a field ("PLAN_OF_BEN") that is associated with the benefit options reflected in the CED for the participant and Member Materials for the plan sponsor.

**CONFIDENTIAL**

Thus, CHLIC is able to confirm whether a particular transaction – by claim number (i.e., CLM_NUM) – in the prescription drug transaction data produced by CHLIC was pursuant to a plan containing the particular sentence Plaintiffs quote in this Interrogatory (or a sentence that would contain the modified language Plaintiffs offer in brackets).  However, this is a manual process to review information across several data sources and documents.  It has not been performed, and it would be unduly burdensome, costly and time-consuming to perform, for each of the millions of prescription drug transactions in the data produced by CHLIC to confirm which ones were adjudicated pursuant to the excerpted plan language quoted by Plaintiffs (and modified by Plaintiffs in brackets) in this Interrogatory.

To see how this confirmation process can be accomplished for an individual transaction, one could select any transaction from the prescription drug transaction data produced by CHLIC.  For example, the following shows information from CHLIC's prescription drug transaction data for one of Plaintiff Perry's transactions:

| EMP_ID | MBR_NO | RX_ACCT_NUM | PLAN_OF_BEN | CLM_NUM | FILL_DT |
|--------|--------|-------------|-------------|---------|---------|
|        |        |             |             |         |         |

Using the Member Number field (MBR_NO) from the prescription drug transaction data, CHLIC can ascertain from the CED that Plaintiff Perry was a participant in a group health plan offered by Hampton Affiliates and administered by CHLIC as of the date of this transaction on August 15, 2018.

Next, CHLIC can search the Member Materials database using Hampton's account number from the CED or prescription drug transaction data.  This information shows the plan and plan-related documents for Putnam, including the document identifier (e.g., the "Certificate ID") and effective dates for these documents.  CHLIC can determine through the Member Materials database that the Certificate ID for this plan is "ASO5" and has an effective date of

15

CONFIDENTIAL

effective January 1, 2018, the plan year for the prescription drug transaction data excerpted

above.  The "Details" tab for each plan and plan-related document shows which "Certificate ID"

(or other document identifier) corresponds to which benefit option ("Benopt/Policy Codes").

Using the "Details" tab for ASO5, the benefit option code for this plan booklet is "OAP1."  This

is the benefit option reflected in the CED and the plan prescription drug transaction data for

Plaintiff Perry and his transaction on August 15, 2018.  From the "Details" tab and the main

view of Member Materials, CHLIC can view the plan document ("ViewPDF").  This is the

Hampton Affiliates (Account Number 3335031) ASO5 plan document effective January 1, 2018.

This plan document was produced at CIGNA02986856.  In reviewing this plan document, one

can confirm that the language in this plan document has excerpted language that Plaintiffs

include in this Interrogatory – i.e., "As applicable, your Deductible or Coinsurance payment will

be based on the Plan's Prescription Drug Charge when the Pharmacy is a Network Pharmacy."

(*See* CIGNA02986891).


**INTERROGATORY NO. 4:** Identify, by claim number (i.e., CLM_NUM), each copayment
and/or deductible transaction in the prescription drug transaction data produced by Cigna that
was pursuant to a plan containing the following provision:

> "To receive Prescription Drug Benefits, you and your Dependents may be required to pay
> a Deductible, Copayment or Coinsurance requirement for Covered Expenses for
> Prescription Drug Products."

**SUPPLEMENTAL RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above and its

original and supplemental objections and responses to Plaintiffs' Fifth Set of Interrogatories.

Subject to and without waiving these objections, CHLIC responds as follows: After

reasonable investigation, CHLIC does not maintain the information requested in this

**CONFIDENTIAL**

Interrogatory in the form and format requested by Plaintiffs (i.e., a listing or other compilation by "claim number (i.e., CLM_NUM) . . . [of each] transaction in the prescription drug transaction data produced by Cigna" where the beneficiary's plan contains the particular sentence Plaintiffs quote in this Interrogatory.  CHLIC can, however, link specific prescription drug transactions to specific plan language.  In other words, CHLIC can identify which plan document governs a particular prescription drug transaction using various data sources and documents.

Certain information sought by this Interrogatory – namely prescription drug transactions for plan participants on group plans insured or administered by CHLIC – can be found in the prescription drug transaction data produced by CHLIC, including, but not limited to, the fields MBR_NO (Member number), CLM_NUM (Claim Number), RX_ACCT_NUM (Cigna account number), FILL_DT (Date the pharmacy filled the prescription), PLAN_OF_BEN (Plan of benefit).  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to this transaction data pursuant to Federal Rule of Civil Procedure 33(d).

Certain other information sought by this Interrogatory – namely which plan documents contain the phrase selected by Plaintiffs in this Interrogatory – can be ascertained from the plan documents produced by CHLIC.  The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to the plan documents pursuant to Federal Rule of Civil Procedure 33(d).[4]

---

[4] Certain additional information sought by this Interrogatory can be ascertained from the "DST Report" produced by CHLIC on May 12, 2020 – namely, those group clients of CHLIC which CHLIC currently believes, at some point in time between January 1, 2010 and on or about April 27, 2020, had part of the sentence that Plaintiffs quote in this Interrogatory (i.e., the phrase "may be required to pay a Deductible, Copayment or Coinsurance requirement for Covered Expenses for Prescription Drug Products") in one of their plan booklets and/or plan related documents on the Proclaim platform. The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to this DST Report pursuant to Federal Rule of Civil Procedure 33(d).

CONFIDENTIAL

By way of further response, and for purposes of clarification, CHLIC can determine whether each prescription drug transaction made by a participant in a plan insured or administered by CHLIC was adjudicated pursuant to a particular benefit plan. In general, a CHLIC client (i.e., benefit plan sponsor) selects the prescription drug benefits it chooses to offer its plan participants, including but not limited to plan features such as cost-share logic, copayment amounts, coinsurance amounts, deductible amounts, and many more. CHLIC's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into CHLIC's systems.

For clients on Proclaim, once CHLIC obtains client approval (i.e., the client verifies that the selected benefits are correct), the client's benefit selections are loaded into CHLIC's ePro system. CHLIC uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option the client intends to offer to its participants. The sample plan booklet therefore contains plan language based on the client's benefit selections. The ultimate decision whether to use the sample plan booklet with its beneficiaries is the client's choice, not CHLIC's. Certain identifying information – namely plan benefit options, certificate IDs, and finalized plan documents – is then available in a Member Materials database for each benefit plan option for the particular client.

CHLIC's installation team configures the ePro information with the client's selected plan design, which CHLIC's quality team then reviews. CHLIC takes the information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic. CHLIC then sends the

18

**CONFIDENTIAL**

configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or

"Argus.").  In its role as claims administrator, CHLIC interprets and applies the terms of the

applicable plans in adjudicating prescription drug transactions.

With respect to the part of this Interrogatory that asks about a particular sentence in plan

documents, CHLIC responds that the benefit design and related plan document information for a

particular participant are input into CHLIC's Central Eligibility Database ("CED").  Using that

identifying information, along with the information in Member Materials, CHLIC is able to trace

a particular participant's benefit plan selection to the specific benefit plan and, in turn, plan

documents that govern the prescription drug benefit for any particular transaction.  CHLIC's

prescription drug transaction data includes a field ("PLAN_OF_BEN") that is associated with the

benefit options reflected in the CED for the participant and Member Materials for the plan

sponsor.

Thus, CHLIC is able to confirm whether a particular transaction – by claim number (i.e.,

CLM_NUM) – in the prescription drug transaction data produced by CHLIC was pursuant to a

plan containing the particular sentence Plaintiffs quote in this Interrogatory.  However, this is a

manual process to review information across several data sources and documents.  It has not

been performed, and it would be unduly burdensome, costly and time-consuming to perform, for

each of the millions of prescription drug transactions in the data produced by CHLIC to confirm

which ones were adjudicated pursuant to the excerpted plan language quoted by Plaintiffs in this

Interrogatory.

To see how this confirmation process can be accomplished for an individual transaction,

one could select any transaction from the prescription drug transaction data produced by CHLIC.

**CONFIDENTIAL**

For example, the following shows information from CHLIC's prescription drug transaction data for one of Plaintiff Perry's transactions:

| EMP_ID | MBR_NO | RX_ACCT_NUM | PLAN_OF_BEN | CLM_NUM | FILL_DT |
|--------|--------|-------------|-------------|---------|---------|
|        |        |             |             |         |         |

Using the Member Number field (MBR_NO) from the prescription drug transaction data, CHLIC can ascertain from the CED that Plaintiff Perry was a participant in a group health plan offered by Hampton Affiliates and administered by CHLIC as of the date of this transaction on August 15, 2018.

Next, CHLIC can search the Member Materials database using Hampton's account number from the CED or prescription drug transaction data. This information shows the plan and plan-related documents for Putnam, including the document identifier (e.g., the "Certificate ID") and effective dates for these documents. CHLIC can determine through the Member Materials database that the Certificate ID for this plan is "ASO5" and has an effective date of effective January 1, 2018, the plan year for the prescription drug transaction data excerpted above. The "Details" tab for each plan and plan-related document shows which "Certificate ID" (or other document identifier) corresponds to which benefit option ("Benopt/Policy Codes"). Using the "Details" tab for ASO5, the benefit option code for this plan booklet is "OAP1." This is the benefit option reflected in the CED and the plan prescription drug transaction data for Plaintiff Perry and his transaction on August 15, 2018. From the "Details" tab and the main view of Member Materials, CHLIC can view the plan document ("ViewPDF"). This is the Hampton Affiliates (Account Number 3335031) ASO5 plan document effective January 1, 2018. This plan document was produced at CIGNA02986856. In reviewing this plan document, one can confirm that the language in this plan document has excerpted language that Plaintiffs include in this Interrogatory – i.e., "To receive Prescription Drug Benefits, you and your

20

**CONFIDENTIAL**

Dependents may be required to pay a Deductible, Copayment or Coinsurance requirement for

Covered Expenses for Prescription Drug Products."  (*See* CIGNA02986891).


**INTERROGATORY NO. 5:** Identify, by claim number (i.e., CLM_NUM), each copayment
transaction in the prescription drug transaction data produced by Cigna that was pursuant to a
plan containing the following provision:

> "After satisfying the plan Deductible, if any, your responsibility for a covered
> Prescription Drug Product will always be the lowest of:
> the Copayment or Coinsurance for the Prescription Drug Product; or
> the Prescription Drug Charge for the Prescription Drug Product; or
> the Pharmacy's Usual and Customary (U&C) charge for the Prescription Drug Product."

**SUPPLEMENTAL RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above and its

original and supplemental objections and responses to Plaintiffs' Fifth Set of Interrogatories.

Subject to and without waiving these objections, CHLIC responds as follows: After

reasonable investigation, CHLIC does not maintain the information requested in this

Interrogatory in the form and format requested by Plaintiffs (i.e., a listing or other compilation by

"claim number (i.e., CLM_NUM) . . . [of each] transaction in the prescription drug transaction

data produced by Cigna" where the beneficiary's plan contains the particular sentence Plaintiffs

quote in this Interrogatory.  CHLIC can, however, link specific prescription drug transactions to

specific plan language.  In other words, CHLIC can identify which plan document governs a

particular prescription drug transaction using various data sources and documents.

Certain information sought by this Interrogatory – namely prescription drug transactions

for plan participants on group plans insured or administered by CHLIC – can be found in the

prescription drug transaction data produced by CHLIC, including, but not limited to, the fields

MBR_NO (Member number), CLM_NUM (Claim Number), RX_ACCT_NUM (Cigna account

21

**CONFIDENTIAL**

number), FILL_DT (Date the pharmacy filled the prescription), PLAN_OF_BEN (Plan of

benefit).  The burden of locating and identifying such information is the same for Plaintiffs as

CHLIC, and CHLIC thus directs Plaintiffs to this transaction data pursuant to Federal Rule of

Civil Procedure 33(d).

Certain other information sought by this Interrogatory – namely which plan documents

contain the phrase selected by Plaintiffs in this Interrogatory – can be ascertained from the plan

documents produced by CHLIC.  The burden of locating and identifying such information is the

same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to the plan documents pursuant

to Federal Rule of Civil Procedure 33(d).[5]

By way of further response, and for purposes of clarification, CHLIC can determine

whether each prescription drug transaction made by a participant in a plan insured or

administered by CHLIC was adjudicated pursuant to a particular benefit plan.  In general, a

CHLIC client (i.e., benefit plan sponsor) selects the prescription drug benefits it chooses to offer

its plan participants, including but not limited to plan features such as cost-share logic,

copayment amounts, coinsurance amounts, deductible amounts, and many more.  CHLIC's sales

and business implementation teams interact with the client to confirm the client's intent

regarding the benefits that the client selected, to obtain the client's approval that the selected

benefits are correct, and to complete the process to load the client's benefit selections into

CHLIC's systems.

---

[5] Certain additional information sought by this Interrogatory can be ascertained from the "DST Report" produced by
CHLIC on May 15, 2019 – namely, those group clients of CHLIC which CHLIC currently believes, at some point in
time between January 1, 2010 and on or about April 12, 2019, had part of the sentence that Plaintiffs quote in this
Interrogatory (i.e., the phrase "prescription drug charge") in one of their plan booklets and/or plan related documents
on the Proclaim platform. The burden of locating and identifying such information is the same for Plaintiffs as
CHLIC, and CHLIC thus directs Plaintiffs to this DST Report pursuant to Federal Rule of Civil Procedure 33(d).

CONFIDENTIAL

For clients on Proclaim, once CHLIC obtains client approval (i.e., the client verifies that the selected benefits are correct), the client's benefit selections are loaded into CHLIC's ePro system.  CHLIC uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option the client intends to offer to its participants.  The sample plan booklet therefore contains plan language based on the client's benefit selections.  The ultimate decision whether to use the sample plan booklet with its beneficiaries is the client's choice, not CHLIC's.  Certain identifying information – namely plan benefit options, certificate IDs, and finalized plan documents – is then available in a Member Materials database for each benefit plan option for the particular client.

CHLIC's installation team configures the ePro information with the client's selected plan design, which CHLIC's quality team then reviews.  CHLIC takes the information from ePro and configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic.  CHLIC then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or "Argus.").  In its role as claims administrator, CHLIC interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions.

With respect to the part of this Interrogatory that asks about a particular sentence in plan documents, CHLIC responds that the benefit design and related plan document information for a particular participant are input into CHLIC's Central Eligibility Database ("CED").  Using that identifying information, along with the information in Member Materials, CHLIC is able to trace a particular participant's benefit plan selection to the specific benefit plan and, in turn, plan documents that govern the prescription drug benefit for any particular transaction.  CHLIC's prescription drug transaction data includes a field ("PLAN_OF_BEN") that is associated with the

23

**CONFIDENTIAL**

benefit options reflected in the CED for the participant and Member Materials for the plan sponsor.

Thus, CHLIC is able to confirm whether a particular transaction – by claim number (i.e., CLM_NUM) – in the prescription drug transaction data produced by CHLIC was pursuant to a plan containing the particular sentence Plaintiffs quote in this Interrogatory.  However, this is a manual process to review information across several data sources and documents.  It has not been performed, and it would be unduly burdensome, costly and time-consuming to perform, for each of the millions of prescription drug transactions in the data produced by CHLIC to confirm which ones were adjudicated pursuant to the excerpted plan language quoted by Plaintiffs in this Interrogatory.

To see how this confirmation process can be accomplished for an individual transaction, one could select any transaction from the prescription drug transaction data produced by CHLIC. For example, the following shows information from CHLIC's prescription drug transaction data for one of Plaintiff Perry's transactions:

| EMP_ID | MBR_NO | RX_ACCT_NUM | PLAN_OF_BEN | CLM_NUM | FILL_DT |
|--------|--------|-------------|-------------|---------|---------|
|        |        |             |             |         |         |

Using the Member Number field (MBR_NO) from the prescription drug transaction data, CHLIC can ascertain from the CED that Plaintiff Perry was a participant in a group health plan offered by Hampton Affiliates and administered by CHLIC as of the date of this transaction on August 15, 2018.

Next, CHLIC can search the Member Materials database using Hampton's account number from the CED or prescription drug transaction data.  This information shows the plan and plan-related documents for Putnam, including the document identifier (e.g., the "Certificate ID") and effective dates for these documents.  CHLIC can determine through the Member

24

**CONFIDENTIAL**

Materials database that the Certificate ID for this plan is "ASO5" and has an effective date of

effective January 1, 2018, the plan year for the prescription drug transaction data excerpted

above.  The "Details" tab for each plan and plan-related document shows which "Certificate ID"

(or other document identifier) corresponds to which benefit option ("Benopt/Policy Codes").

Using the "Details" tab for ASO5, the benefit option code for this plan booklet is "OAP1."  This

is the benefit option reflected in the CED and the plan prescription drug transaction data for

Plaintiff Perry and his transaction on August 15, 2018.  From the "Details" tab and the main

view of Member Materials, CHLIC can view the plan document ("ViewPDF").  This is the

Hampton Affiliates (Account Number 3335031) ASO5 plan document effective January 1, 2018.

This plan document was produced at CIGNA02986856.  In reviewing this plan document, one

can confirm that the language in this plan document has excerpted language that Plaintiffs

include in this Interrogatory – i.e., "After satisfying the plan Deductible, if any, your

responsibility for a covered Prescription Drug Product subject to a Copayment requirement will

always be the lowest of: the Copayment for the Prescription Drug Product; or the Prescription

Drug Charge for the Prescription Drug Product; or the Pharmacy's Usual and Customary (U&C)

Charge for the Prescription Drug Product."  (*See* CIGNA02986896).


**INTERROGATORY NO. 6:** Identify, by claim number (i.e., CLM_NUM), each copayment
and/or deductible transaction in the prescription drug transaction data produced by Cigna that
was pursuant to a plan containing the following provision:

> "You are not entitled to the difference between the rate Cigna charges to the Plan and the
> rate Cigna pays to the Pharmacy for a Prescription Drug Product. For the purposes of
> Prescription Drug benefit payments, the "Plan" is the entity or business unit responsible
> for funding benefits in accordance with the terms and conditions outlined in this
> booklet/certificate."

**CONFIDENTIAL**

**SUPPLEMENTAL RESPONSE:**

CHLIC reasserts and incorporates its Preliminary Statement as set forth above and its original and supplemental objections and responses to Plaintiffs' Fifth Set of Interrogatories.

Subject to and without waiving these objections, CHLIC responds as follows: After reasonable investigation, CHLIC does not maintain the information requested in this Interrogatory in the form and format requested by Plaintiffs (i.e., a listing or other compilation by "claim number (i.e., CLM_NUM) . . . [of each] transaction in the prescription drug transaction data produced by Cigna" where the beneficiary's plan contains the particular sentence Plaintiffs quote in this Interrogatory. CHLIC can, however, link specific prescription drug transactions to specific plan language. In other words, CHLIC can identify which plan document governs a particular prescription drug transaction using various data sources and documents.

Certain information sought by this Interrogatory – namely prescription drug transactions for plan participants on group plans insured or administered by CHLIC – can be found in the prescription drug transaction data produced by CHLIC, including, but not limited to, the fields MBR_NO (Member number), CLM_NUM (Claim Number), RX_ACCT_NUM (Cigna account number), FILL_DT (Date the pharmacy filled the prescription), PLAN_OF_BEN (Plan of benefit). The burden of locating and identifying such information is the same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to this transaction data pursuant to Federal Rule of Civil Procedure 33(d).

Certain other information sought by this Interrogatory – namely which plan documents contain the phrase selected by Plaintiffs in this Interrogatory – can be ascertained from the plan documents produced by CHLIC. The burden of locating and identifying such information is the

26

**CONFIDENTIAL**

same for Plaintiffs as CHLIC, and CHLIC thus directs Plaintiffs to the plan documents pursuant to Federal Rule of Civil Procedure 33(d).

By way of further response, and for purposes of clarification, CHLIC can determine whether each prescription drug transaction made by a participant in a plan insured or administered by CHLIC was adjudicated pursuant to a particular benefit plan.  In general, a CHLIC client (i.e., benefit plan sponsor) selects the prescription drug benefits it chooses to offer its plan participants, including but not limited to plan features such as cost-share logic, copayment amounts, coinsurance amounts, deductible amounts, and many more.  CHLIC's sales and business implementation teams interact with the client to confirm the client's intent regarding the benefits that the client selected, to obtain the client's approval that the selected benefits are correct, and to complete the process to load the client's benefit selections into CHLIC's systems.

For clients on Proclaim, once CHLIC obtains client approval (i.e., the client verifies that the selected benefits are correct), the client's benefit selections are loaded into CHLIC's ePro system.  CHLIC uses the benefit information in ePro to generate a sample plan booklet for each benefit plan option the client intends to offer to its participants.  The sample plan booklet therefore contains plan language based on the client's benefit selections.  The ultimate decision whether to use the sample plan booklet with its beneficiaries is the client's choice, not CHLIC's.  Certain identifying information – namely plan benefit options, certificate IDs, and finalized plan documents – is then available in a Member Materials database for each benefit plan option for the particular client.

CHLIC's installation team configures the ePro information with the client's selected plan design, which CHLIC's quality team then reviews.  CHLIC takes the information from ePro and

27

**CONFIDENTIAL**

configures coding so that prescription drug transactions for that plan will be adjudicated according to the plan terms and associated adjudication logic.  CHLIC then sends the configuration to its vendor, DST Pharmacy Solutions (formerly Argus Health Systems, Inc. or "Argus.").  In its role as claims administrator, CHLIC interprets and applies the terms of the applicable plans in adjudicating prescription drug transactions.

With respect to the part of this Interrogatory that asks about a particular sentence in plan documents, CHLIC responds that the benefit design and related plan document information for a particular participant are input into CHLIC's Central Eligibility Database ("CED").  Using that identifying information, along with the information in Member Materials, CHLIC is able to trace a particular participant's benefit plan selection to the specific benefit plan and, in turn, plan documents that govern the prescription drug benefit for any particular transaction.  CHLIC's prescription drug transaction data includes a field ("PLAN_OF_BEN") that is associated with the benefit options reflected in the CED for the participant and Member Materials for the plan sponsor.

Thus, CHLIC is able to confirm whether a particular transaction – by claim number (i.e., CLM_NUM) – in the prescription drug transaction data produced by CHLIC was pursuant to a plan containing the particular sentence Plaintiffs quote in this Interrogatory.  However, this is a manual process to review information across several data sources and documents.  It has not been performed, and it would be unduly burdensome, costly and time-consuming to perform, for each of the millions of prescription drug transactions in the data produced by CHLIC to confirm which ones were adjudicated pursuant to the excerpted plan language quoted by Plaintiffs in this Interrogatory.

28

**CONFIDENTIAL**

To see how this confirmation process can be accomplished for an individual transaction, one could select any transaction from the prescription drug transaction data produced by CHLIC. For example, the following shows information from CHLIC's prescription drug transaction data for one of Plaintiff Perry's transactions:

| EMP ID | MBR NO | RX ACCT NUM | PLAN OF BEN | CLM NUM | FILL DT |
|--------|--------|-------------|-------------|---------|---------|
|        |        |             |             |         |         |

Using the Member Number field (MBR_NO) from the prescription drug transaction data, CHLIC can ascertain from the CED that Plaintiff Perry was a participant in a group health plan offered by Hampton Affiliates and administered by CHLIC as of the date of this transaction on August 15, 2018.

Next, CHLIC can search the Member Materials database using Hampton's account number from the CED or prescription drug transaction data. This information shows the plan and plan-related documents for Putnam, including the document identifier (e.g., the "Certificate ID") and effective dates for these documents. CHLIC can determine through the Member Materials database that the Certificate ID for this plan is "ASO5" and has an effective date of effective January 1, 2018, the plan year for the prescription drug transaction data excerpted above. The "Details" tab for each plan and plan-related document shows which "Certificate ID" (or other document identifier) corresponds to which benefit option ("Benopt/Policy Codes"). Using the "Details" tab for ASO5, the benefit option code for this plan booklet is "OAP1." This is the benefit option reflected in the CED and the plan prescription drug transaction data for Plaintiff Perry and his transaction on August 15, 2018. From the "Details" tab and the main view of Member Materials, CHLIC can view the plan document ("ViewPDF"). This is the Hampton Affiliates (Account Number 3335031) ASO5 plan document effective January 1, 2018. This plan document was produced at CIGNA02986856. In reviewing this plan document, one

29

can confirm that the language in this plan document has excerpted language that Plaintiffs

include in this Interrogatory – i.e.,  "You are not entitled to the difference between the rate Cigna

charges to the Plan and the rate Cigna pays to the Pharmacy for a Prescription Drug Product. For

the purposes of Prescription Drug benefit payments, the 'Plan' is the entity or business unit

responsible for funding benefits in accordance with the terms and conditions outlined in this

booklet/certificate."  (*See* CIGNA02986924).


Dated:  June 18,  2020

*/s/ Eleanor R. Farrell*
Michael D. Blanchard (ct25891)
Morgan, Lewis & Bockius LLP
One State Street
Hartford, CT  06103
Telephone:  +1.860.240.2731
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

Brian W. Shaffer (*pro hac vice*)
Eleanor R. Farrell (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  +1.215.963.5000
Facsimile: +1.215.963.5001
brian.shaffer@morganlewis.com
eleanor.farrell@morganlewis.com

*Attorneys for Defendant Cigna Health
and Life Insurance Company*

**CONFIDENTIAL**

## <u>VERIFICATION</u>

I, _____Tyler Lester_____, am authorized to make this verification on behalf of

Cigna Health and Life Insurance Company and hereby verify under penalty of perjury that the

factual statements set forth in Defendant Cigna Health and Life Insurance Company's

Supplemental Responses to Plaintiffs' Fifth Set of Interrogatories are true and correct to the best

of my knowledge, information, and belief, or based on information or documents provided to

and/or obtained by me in the performance of my duties.

Dated: ___June 18_____, 2020          _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2020, a copy of the foregoing Defendant Cigna Health and Life Insurance Company's Supplemental Objections and Responses to Interrogatory Nos. 1-6 of Plaintiffs' Fifth Set of Interrogatories was served via electronic mail on all counsel of record.

*/s/ Eleanor R. Farrell*
Eleanor R. Farrell
