# EXHIBIT 3

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KIMBERLY A. NEGRON, Individually and on
Behalf of All Others Similarly Situated, DANIEL
PERRY, Individually and on Behalf of All Others
Similarly Situated, COURTNEY GALLAGHER,
Individually and on Behalf of All Others
Similarly Situated, NINA CUROL, Individually
and on Behalf of All Others Similarly Situated,
and ROGER CUROL, Individually and on Behalf
of All Others Similarly Situated,

               Plaintiffs

    v.

CIGNA CORPORATION, CIGNA HEALTH
AND LIFE INSURANCE COMPANY, and
OPTUMRX, INC.,

               Defendants.

Civil Action No. 3:16-cv-01702-
WWE

**MAY 25, 2018**

## SUPPLEMENTAL RESPONSES AND OBJECTIONS OF DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the District of Connecticut, defendant Cigna Health and Life Insurance Company ("CHLIC"),

by and through its undersigned counsel, hereby supplements its responses and objections to

Plaintiffs' First Request for Production of Documents (the "Requests") in the above-captioned

action (the "Action").[1]  CHLIC reserves the right to further supplement or amend its objections

---

[1] Plaintiffs' First Request for Production of Documents was served on CHLIC and Cigna Corporation, and both CHLIC and Cigna Corporation responded and objected to those requests on March 17, 2017.  Cigna Corporation has subsequently been dismissed from the Action, so these Supplemental Responses are made by and on behalf of CHLIC only.

**CONFIDENTIAL**

and these responses (the "Supplemental Responses") as may be necessary or appropriate in the

future in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

1.      The Supplemental Responses are made solely for the purpose of the Action and

are not to be used in connection with any other action.

2.      The Supplemental Responses reflect CHLIC's knowledge, information and belief

as of this date.  CHLIC may engage in further investigation, discovery, and analysis, which may

lead to changes in CHLIC's Supplemental Responses herein.  Such investigation and discovery

are continuing and CHLIC specifically reserves the right to further supplement its responses as

necessary.

3.      No Supplemental Response made herein, or lack thereof, is an admission as to the

existence or non-existence of any information or the truth of any "facts" set forth or assumed in

any Request.

4.      CHLIC will make reasonable efforts to respond to every Request, to the extent the

Request has not been objected to, as CHLIC understands and interprets the Request.  In the event

that Plaintiffs subsequently assert an interpretation of a Request that differs from that of CHLIC,

CHLIC reserves the right to amend and/or further supplement its response, but undertakes no

obligation to do so.

5.      In responding to Plaintiffs' Requests, CHLIC does not waive, and hereby

expressly reserves, (a) its right to assert any objections as to the competency, relevancy,

materiality, privilege or admissibility as evidence, for any purpose, of any information produced

in response to Plaintiffs' Requests; (b) its right to object on any ground to the use of the

information produced in response to Plaintiffs' Requests at any hearing, trial or other point

CONFIDENTIAL

during the litigation; and (c) its right to object on any ground at any time to a demand for further responses to Plaintiffs' Requests.  The objections set forth by CHLIC are without prejudice to CHLIC's right to assert additional grounds for objection, or otherwise amend its objections, should CHLIC discover additional grounds for objections.

## **GENERAL OBJECTIONS**

The following General Objections apply to each and every Request, and should be considered part of CHLIC's Supplemental Response to each and every Request.  Any specific objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

1.      CHLIC objects to the Requests to the extent that they seek discovery beyond that relevant to the claims asserted in the Consolidated Complaint.

2.      CHLIC objects to the Requests and Plaintiffs' instructions and definitions to the extent they seek to impose obligations that are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut.

3.      CHLIC objects to the Requests to the extent that they seek documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or other applicable privileges.  In preparing the Supplemental Responses to these Requests, CHLIC has assumed that the Requests are limited in time such that they do not seek attorney-client or attorney work-product material generated after the commencement of litigation.  Accordingly, and pursuant to Local Rule 26(e), CHLIC will not identify such material on any privilege log generated in this matter.

CONFIDENTIAL

4.     CHLIC objects to the Requests to the extent that they seek documents that cannot be disclosed without violating the privacy of CHLIC or its agents, employees, customers, and/or any other person or entity that is otherwise privileged or immune from discovery pursuant to state or federal statute, common law rights of privacy, and other applicable law, including, without limitation, the privacy protections of certain health information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  CHLIC will limit and only produce HIPAA-governed information to the extent necessary for purposes of this case and pursuant to the Protective Order entered by the Court on April 24, 2017 [Docket No. 92] (the "Protective Order").

5.     CHLIC objects to the Requests to the extent they seek documents containing information that invades the privacy of persons not parties to this litigation or to the extent they request documents containing personal information belonging to persons who are not parties to this litigation.  CHLIC also objects to the Requests to the extent that they call for disclosure of documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  CHLIC will only produce confidential and proprietary information pursuant to the Protective Order entered by the Court.

6.     CHLIC objects to the Requests to the extent they call for the production of documents or information that CHLIC is prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

7.     CHLIC objects to the Requests to the extent that they seek documents relating to a period of time that is overly broad and/or encompasses dates irrelevant to this action.  The date Plaintiffs unilaterally identify as marking the beginning of the "Relevant Period" – October 4, 2010 – does not even appear in the Consolidated Complaint.

CONFIDENTIAL

8.      CHLIC objects to the Requests to the extent that they seek documents that are irrelevant, immaterial, and/or not proportional to the needs of the case.

9.      CHLIC objects to the Requests to the extent that they are overly broad, unduly burdensome, abusive, harassing, and/or oppressive.

10.     CHLIC objects to the Requests to the extent that they are vague, unclear, imprecise, and/or lacking particularity.

11.     CHLIC objects to the Requests to the extent that they seek documents not within CHLIC's present possession, custody, or control, or seek documents that can be obtained by Plaintiffs more easily and inexpensively from third parties.

12.     CHLIC objects to the Requests to the extent that they seek documents that are already in the possession of Plaintiffs or that are equally available to Plaintiffs.

13.     CHLIC objects to the Requests to the extent they are duplicative or redundant of each other.

14.     CHLIC objects to the Requests to the extent that they are not reasonably limited in geographic scope.

## OBJECTIONS TO DEFINITIONS

1.      CHLIC objects to the definition of "Cigna Group" as overly broad and unduly burdensome because it purports to encompass "Cigna Corporation and any of its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on their behalf."  By this definition, Plaintiffs improperly seek discovery from non-parties and information and documents protected by the

attorney-client and/or work-product privileges.  For purposes of these Supplemental Responses, CHLIC will interpret "Cigna Group" to mean CHLIC only.  To the extent Plaintiffs seek relevant information in the possession, custody or control of other Cigna entities, CHLIC is willing to meet and confer with Plaintiffs with regard to such Requests.

2. CHLIC objects to the definition of "PBM" as overly broad, unduly burdensome, vague, and ambiguous because Plaintiffs have not specified the particular entities that constitute "pharmacy benefits managers," and the particular "pharmacy benefits," and/or "pharmacy administrative services" that they "provide."  CHLIC further objects to the definition of "PBM" as argumentative, vague, and ambiguous because the definition incorrectly assumes that OptumRx, Inc. and Argus Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or insured medical plans that CHLIC administers and/or insures.  Solely for purposes of responding to Plaintiffs' Requests, CHLIC has interpreted "PBM" as defined in the Requests to mean OptumRx PBM of Illinois, Inc. and/or Argus Health Systems, Inc.

3. CHLIC objects to the definition of "Cigna Group PBMs" or "its PBMs" as overly broad, unduly burdensome, vague, and ambiguous to the extent that the terms are defined to refer to "PBMs utilized by Cigna Group to administer prescription drug benefits."  By this definition, Plaintiffs specify neither the particular entities that constitute "Cigna Group PBMs" (a term that is objectionable for the reasons stated above) nor the particular "prescription drug benefits" that they "administer."  CHLIC further objects to the definition of "PBM" as argumentative, vague, and ambiguous insofar as and to the extent that the definition incorrectly assumes that OptumRx, Inc. and Argus Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or insured medical plans that CHLIC administers and/or insures.  Solely, for purposes of responding to Plaintiffs' Requests, CHLIC has interpreted "Cigna Group PBMs" and

6
**CONFIDENTIAL**

"its PBMs" as defined in the Requests to mean OptumRx PBM of Illinois, Inc. and/or Argus Health Systems, Inc. only.

4.      CHLIC objects to the definition of "Clawback" as argumentative, misleading, overly broad, unduly burdensome, vague, and ambiguous insofar as the term is defined in the Requests to refer to amounts "paid by or credited back to Cigna Group or Cigna Group PBMs in connection with the sale of prescription drugs, such as negative reimbursement."  CHLIC further objects to this definition insofar as Plaintiffs specify neither the alleged seller(s) or purchaser(s) of prescription drugs that are purportedly the subject of the definition.

5.      CHLIC objects to the definition of "Cost-sharing" as misleading, overly broad, unduly burdensome, vague, and ambiguous insofar as the term is defined to refer to "the contractual arrangement between plan members, Insureds, participants, and beneficiaries and Cigna Group, pursuant to which Cigna Group and the plan members, Insureds, participants, and beneficiaries share in the cost of prescription drugs."  CHLIC further objects to this definition insofar as Plaintiffs do not identify a particular alleged "cost of prescription drugs" and do not specify the alleged seller(s) or the purchaser(s) in the alleged transaction that purportedly sets the "cost of prescription drugs" to which the definition refers.

6.      CHLIC objects to the definition of "Optum" as overly broad and unduly burdensome to the extent that it purports to encompass not only Defendant OptumRx, Inc. but OptumRx, Inc.'s "parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on their behalf." CHLIC further object to this definition to the extent Plaintiffs improperly seek information and

7
CONFIDENTIAL

documents that are irrelevant to the claims or defenses of a party and not proportional to the needs of the case.  Plaintiffs also improperly seek information and discovery protected by the attorney-client and/or work-product privileges.  CHLIC further objects to this definition to the extent that Plaintiffs seek by it documents that are more properly requested from Defendant OptumRx, Inc.

7.     CHLIC objects to the definition of "Participating Pharmacies" as overly broad, unduly burdensome, vague, and ambiguous to the extent the term is defined as "pharmacies participating in a PBM's . . . network of pharmacies that Cigna Group or Cigna Group PBMs authorize its plan members, Insureds, participants, and beneficiaries to use to fill prescriptions and have their covered prescription drug costs paid within the terms of their insurance plan with Cigna Group."  By this definition, Plaintiffs rely on and incorporate the terms "PBM," "Cigna Group," and "Cigna Group PBMs," all of which are objectionable for reasons stated above. Further, the Request is misleading, confusing, vague and ambiguous insofar as it states, without explanation or providing any further information, that "plan members, Insureds, participants, and beneficiaries" may "have their covered prescription drug costs paid within the terms of their insurance plan with Cigna Group."

8.     CHLIC objects to the definition of "Prescription Drug Transactions" as vague and ambiguous to the extent the term is defined without limitation as "including" various categories of information.

9.     CHLIC objects to the definition of "Argus" as overly broad and unduly burdensome to the extent the term is defined to refer to unspecified "subsidiaries and affiliates" of Argus Health Systems, Inc.  For purposes of responding to Plaintiffs' Requests, CHLIC will interpret "Argus" to mean Argus Health Systems, Inc. only.  CHLIC further objects to this

**CONFIDENTIAL**

definition to the extent that Plaintiffs seek by it documents that are more properly requested from Argus Health Systems, Inc.

## OBJECTIONS TO INSTRUCTIONS

1.      CHLIC objects to Plaintiffs' Requests to the extent they demand that responsive documents be produced "within 30 days from the conference held pursuant to Fed. R. Civ. P. 26(f)" on the grounds that such a time period is unreasonable, oppressive, and unduly burdensome given that Plaintiffs have issued extremely broad and wide-ranging requests for documents.  Any documents that CHLIC agrees to produce at this juncture will be produced at a time and in a manner that is mutually agreeable to the parties and consistent with the Joint Case Management Plan to be entered by the Court.

2.      CHLIC objects to Plaintiffs' demand that CHLIC produce all responsive documents that are in "your possession custody, or control, or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives" as overly broad, unduly burdensome, and oppressive to the extent the demand encompasses persons who are not under CHLIC's direct control.  CHLIC further objects to this instruction as overly broad, unduly burdensome, and oppressive to the extent it is interpreted to require CHLIC to conduct nationwide searches of each and every employee's documents, as such a search would be unreasonable.

3.      CHLIC objects to Plaintiffs' instructions concerning the form of production to the extent that they are inconsistent with the terms and provisions set forth in the Stipulation and Order Regarding Discovery of Electronically Stored Information agreed to by the parties and entered by the Court.

CONFIDENTIAL

## OBJECTIONS, RESPONSES, AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show Your organizational structure and management hierarchy, Including the groups, divisions, and all employees involved with prescription drug benefits, prescription drug pricing, and pricing policies and procedures concerning the sale of prescription drugs.

### OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and seeks documents that are not relevant to any party's claim or defense or proportional to the needs of the case because, among other things, it requests "documents sufficient to show…all employees involved with prescription drug benefits, prescription drug pricing, and pricing policies and procedures concerning the sale of prescription drugs."  For these same reasons, the Request fails to describe with reasonable particularity the documents Plaintiffs seek.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "organizational structure," "management hierarchy," "prescription drug benefits," "prescription drug pricing," "pricing policies and procedures," and "sale of prescription drugs."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.

CONFIDENTIAL

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce documents sufficient to show the organization of the Cigna Pharmacy Management business unit as it pertains to commercial retail pharmacy network operations.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 1.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  Because CHLIC has already produced documents sufficient to show the organization of the Cigna Pharmacy Management business unit as it pertains to commercial retail pharmacy network operations, no further documents will be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify each Participating Pharmacy, Including the length of time the pharmacy has been a Participating Pharmacy.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and fails to describe with reasonable particularity the documents Plaintiffs seek

**CONFIDENTIAL**

because it seeks all "[d]ocuments *sufficient to identify* each Participating Pharmacy" that also show "the length of time" each has been a "Participating Pharmacy," and because it is not limited to a timeframe that is relevant to this Action.  The Cigna Defendants also object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party to this Action nor proportional to the needs of the case because, among other things, it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to identify" and "length of time."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce responsive documents if any exist sufficient to identify, based on the information available to the Cigna Defendants, the retail pharmacies implicated by the claims of the Named Plaintiffs.

CONFIDENTIAL

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 2.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC will produce, based on information available to it, prescription drug transaction records sufficient to identify the retail pharmacies implicated by the claims of the Named Plaintiffs and the putative class members from January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint.  CHLIC reserves the right to redact and/or not produce any identifiable information regarding any person or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents constituting agreements pursuant to which a PBM (Including but not limited to Optum and Argus) administers prescription drug benefits purchased through health insurance and/or prescription drug policies or plans issued or administered by Cigna Group.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Request is not limited to portions of the agreement that are relevant to Plaintiffs' claims.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "agreements," "pursuant to," "administers," "prescription drug benefits,"

13

"purchased through," and "health insurance and/or prescription drug policies or plans issued or administered."  The Cigna Defendants further object to this Request because the definition of the term "PBM" is argumentative, vague, and ambiguous, as it incorrectly assumes that OptumRx, Inc. and Argus Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or insured medical plans that Cigna administers and/or insures.  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  Upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce copies of (1) the relevant portions of the agreement between Defendant Cigna Health and Life Insurance Company and OptumRx PBM of Illinois, Inc. concerning commercial retail pharmacy operations, and (2) the relevant portions of the agreements between the Cigna Defendants' affiliate Cigna Corporate Services, LLC and Argus Health Systems, Inc. concerning commercial retail pharmacy operations.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 3.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  Because CHLIC has already produced (1) the relevant portions of the agreement between CHLIC and OptumRx PBM of Illinois, Inc. concerning commercial retail pharmacy operations, and (2) the relevant portions of the agreements between

the CHLIC's affiliate Cigna Corporate Services, LLC and Argus Health Systems, Inc.

concerning commercial retail pharmacy operations, no further documents will be produced in

response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

      All Documents and Communications relating to Spread or Clawbacks, Including

Communications between or among employees, officers, and/or directors of Cigna Group and/or

Optum and/or Argus and/or any other PBM, insurance company, or other Person.

**OBJECTIONS AND RESPONSE:**

      The Cigna Defendants reassert and incorporate their Preliminary Statement and each of

the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are neither relevant to the claims or defenses of a party

nor proportional to the needs of the case because, among other things, it seeks all documents and

communications regarding "Spread or Clawbacks" even if they pertain to other insurance

companies and have no relation to this Action.  The Cigna Defendants further object to this

Request on the grounds that it is vague, ambiguous, and lacks particularity because of the

undefined terms "relating to," "between or among" and "insurance company."   The Cigna

Defendants further object to this Request because the definition of the term "PBM" is

argumentative, vague, and ambiguous, as it incorrectly assumes that OptumRx, Inc. and Argus

Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or

insured medical plans that Cigna administers and/or insures.  The Cigna Defendants further

object to this Request to the extent that it seeks documents containing information that is

confidential and/or proprietary, including commercial, financial or other trade secret information,

**CONFIDENTIAL**

or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.  The Cigna Defendants further object to this Request to the extent that it is duplicative of Request Nos. 5–9, 12–15, and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce non-privileged, responsive documents if any exist and that pertain to commercial retail pharmacy network operations and the categories of documents the Cigna Defendants identify for discovery concerning the claims of the Named Plaintiffs pending resolution of the Motion to Dismiss in the parties' Rule 26(f) Report, ECF No. 61.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 4.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or

unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations. To the extent this Request encompasses agreements sought by Request No. 3, CHLIC incorporates its supplemental response to Request No. 3 as though set forth fully herein. To the extent this Request encompasses agreements with, and/or policies and/or plan documents provided to, customers and/or plan beneficiaries or participants, because CHLIC has already produced, based on the allegations in the Consolidated Complaint, copies of the plan documents relevant to the claims of the Named Plaintiffs, and producing all potentially responsive plan documents would be both overly broad and unduly burdensome, no further such documents will be produced in response to this Request at this time. This is because from January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint, CHLIC has insured and/or administered thousands of different benefit plans and millions of insureds, participants, and beneficiaries, each of whom has his or her own, unique prescription drug use history, or none at all. Additionally, during that timeframe, CHLIC entered into thousands of agreements with its ASO clients setting forth the terms of those business relationships. The burden of identifying, compiling, and reviewing those agreements, policies, and plan documents to determine if they "relat[e] to Spread or Clawbacks" would be massive, undue, and disproportional to the needs of the case. CHLIC, however, is willing to discuss a reasonable and appropriate protocol to provide additional such documents.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to the decision to create Spread income or to seek or obtain Clawbacks.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above. The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case to the extent, among other things, it pertains to a "decision" made by a person or entity that is not a party to this Action and is not limited to commercial retail pharmacy network operations and, thus, does not relate to Plaintiffs' claims. The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "the decision," "to create," and "seek or obtain." The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law. The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties. The Cigna

Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  Accordingly, at this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 5.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations.

## REQUEST FOR PRODUCTION NO. 6:

Documents sufficient to identify all prescription drugs that were subject to Spread income or Clawbacks either directly or indirectly.

CONFIDENTIAL

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it requests documents identifying "all prescription drugs" rather than prescription drugs relevant to the claims or defenses of a party.  The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to identify," "subject to," and "directly or indirectly."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.  The Cigna Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

CONFIDENTIAL

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce, based on information available to them, documents sufficient to show the prescription drug claims of the Named Plaintiffs.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 6.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will produce, based on information available to it, prescription drug transaction records containing the prescription drug transactions of the Named Plaintiffs and the putative class members from January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint.  CHLIC reserves the right to redact and/or not produce any identifiable information regarding any person or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case.

## REQUEST FOR PRODUCTION NO. 7:

Documents sufficient to identify the amount of all Clawbacks, Including the amount of Spread income generated.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above. The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to "Clawback" or "Spread" amounts that may pertain to Plaintiffs' claims. The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class. The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to identify" and "generated." The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law. The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control. The Cigna Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows: This Request is premature and overly broad given the

Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce, based on information available to them, documents sufficient to show the prescription drug claims of the Named Plaintiffs.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 7.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will produce, based on information available to it, prescription drug transaction records containing the prescription drug transactions of the Named Plaintiffs and the putative class members from January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint.  CHLIC reserves the right to redact and/or not produce any identifiable information regarding any person or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case.

## REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to show the monthly revenues, profits, and other consideration received or credited from prescription drug premiums, Clawbacks, and Spread.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case.  The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to show," "monthly revenues," "profits," "other consideration," "received or credited," and "prescription drug premiums."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.  Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or

produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 8. Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows: While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will produce, based on information available to it, prescription drug transaction records containing the prescription drug transactions of the Named Plaintiffs and the putative class members from January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint. CHLIC reserves the right to redact and/or not produce any identifiable information regarding any person or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case.

## REQUEST FOR PRODUCTION NO. 9:

Documents sufficient to show the recipient(s) and amount of money or other consideration paid, sent, transferred, or credited relating to Clawbacks or Spread.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above. The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of a party and not proportional to the needs of the case because, among other things, the Request is not tailored to recipients of any "Clawbacks or Spread" relating to Plaintiffs' payments for prescription drugs

nor commercial retail pharmacy network operations.  The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to show," "recipient(s)," "amount of money," "other consideration," "paid," "sent," "transferred," and "credited."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.  Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

**CONFIDENTIAL**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 9.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC incorporates its supplemental response to Request No. 4 as though set forth fully herein.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to actions or policies to enforce limitations on Participating Pharmacies' ability to inform plan members, Insureds, participants and beneficiaries, or any other Person of the option to pay the pharmacies' retail price for a prescription drug directly and outside of their insurance coverage, Including when such a payment would be less expensive than the Fees Paid by Insured if the prescription were filled through the insurance coverage.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Request is not limited to informing Plaintiffs or persons who could potentially be class members or persons with claims concerning commercial retail pharmacy network operations.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "actions or policies," "enforce," "limitations," "ability," "inform," "plan members," "option," "retail price," "directly," "outside of their insurance

CONFIDENTIAL

coverage," and "through the insurance coverage."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 10.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are

within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network.

## REQUEST FOR PRODUCTION NO. 11:

All Documents and Communications relating to any limitation on Participating Pharmacies' ability to inform plan members, Insureds, participants and beneficiaries, or any other Person, of the option to pay the pharmacies' retail price for a prescription drug directly and outside of their insurance coverage, Including when such a payment would be less expensive than the Fees Paid by Insured if the prescription were filled through the insurance coverage.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above. The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Request is not limited to informing Plaintiffs or persons who could potentially be class members or persons with claims pertaining to commercial retail pharmacy network operations. The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "limitations," "ability," "inform," "plan members," "option," "retail price," "directly," "outside of their insurance coverage," and "through the insurance coverage." The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law. The

**CONFIDENTIAL**

Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 11.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network.

## REQUEST FOR PRODUCTION NO. 12:

All Documents and Communications relating to any actual or potential media coverage of Spread or Clawbacks.  This request Includes documents concerning the investigation by the New Orleans television station WVUE New Orleans FOX 8.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to any "any actual or potential media coverage of Spread or Clawbacks" that could pertain to the Cigna Defendants.  The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "actual or potential" and "media coverage."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession,

CONFIDENTIAL

custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties. Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows: This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment. At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 12. Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows: While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations.

## REQUEST FOR PRODUCTION NO. 13:

All Documents relating to Communications with any third-party relating to Clawbacks and Spreads, Including Communications with trade groups, lobbyists, government agencies, and consultants. Trade groups Include groups representing pharmacies, such as the National

Pharmacists Association, the National Community Pharmacists Association, and the Louisiana

Independent Pharmacies Association.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of

the General Objections and Objections to Definitions and Instructions as set forth above. The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are neither relevant to the claims or defenses of a party

nor proportional to the needs of the case because, among other things, it is not limited to any

"Clawbacks and Spread" that in any way relate to the Cigna Defendants or pertain to commercial

retail pharmacy network operations.  The Cigna Defendants object to this Request on the

grounds that it is premature and overly broad because it seeks information beyond that which is

relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The

Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and

lacks particularity because of the undefined terms "relating to," "trade groups," "lobbyists,"

"government agencies," "consultants," and "representing."  The Cigna Defendants further object

to this Request to the extent that it seeks documents containing information that is confidential

and/or proprietary, including commercial, financial or other trade secret information, or which

the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule,

regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks

information or documents that are protected from disclosure by the attorney-client privilege

and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the

extent it seeks documents not within their present possession, custody, or control and to the

extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.

**CONFIDENTIAL**

Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 13.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents produced to any government agency relating to Clawbacks and Spreads.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to any "Clawbacks or Spread" that in any way relates to the Cigna Defendants.  The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "produced" and "government agency."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

CONFIDENTIAL

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 14.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications relating to complaints from any Person (Including PBMs, employees, former employees, pharmacies, groups representing PBMs or pharmacies, plan members, Insureds, participants, and beneficiaries) concerning Clawbacks, Spreads, or Fees Paid by the Insured being higher than a Participating Pharmacy's retail price for a prescription if paid for directly without insurance.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to any "Clawbacks, Spread, or Fees" that in any way relates to the Cigna Defendants or commercial retail pharmacy network operations.  The Cigna Defendants object to this Request on the

grounds that it is premature and overly broad because it seeks information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any class.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "complaints," "groups representing," "plan members," "concerning," "retail price," and "paid for directly."  The Cigna Defendants further object to this Request because the definition of the term "PBM" is argumentative, vague, and ambiguous, as it incorrectly assumes that OptumRx, Inc. and Argus Health Systems, Inc. are "pharmacy benefit managers" for the employer-sponsored and/or insured medical plans that Cigna administers and/or insures.  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information. The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.  Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or

**CONFIDENTIAL**

produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 15.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations.  CHLIC reserves the right to redact and/or not produce any identifiable information regarding any person or customer, other than the Named Plaintiffs, to protect his or her privacy and because no class has been certified in this case.

## REQUEST FOR PRODUCTION NO. 16:

Documents sufficient to identify the computer system(s) used to adjudicate pharmacy benefits and to determine the amount of any Clawback or Spread.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to any

"Clawbacks or Spread" that in any way relates to the Cigna Defendants or commercial retail pharmacy network operations.  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to identify," "computer system(s)," and "adjudicate."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent it seeks documents not within their present possession, custody, or control and to the extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.  Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce, based on information available to them, documents sufficient to show the computer system(s) that adjudicate the prescription drug claims of the Named Plaintiffs.

CONFIDENTIAL

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 16.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, because CHLIC has already produced documents sufficient to show the computer system(s) that adjudicate the prescription drug transactions of the Named Plaintiffs, no further documents will be produced in response to this Request.

## REQUEST FOR PRODUCTION NO. 17:

All Documents supporting, providing a basis for, contradicting, or otherwise concerning or relating to any claim or defense asserted in the Action, Including both claims and defenses on the merits, as well as any defenses or opposition to class certification.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case." *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants object to this Request on the grounds that it is premature and overly broad because it seeks merits based discovery and information beyond that which is relevant to the named Plaintiffs' individual claims, but the Court has not certified any

class.  The Cigna Defendants further object to this Request on the grounds that it is vague,

ambiguous, and lacks particularity because of the undefined terms "supporting," "providing a

basis for," "contradicting," "concerning," and "relating to."  The Cigna Defendants further object

to this Request to the extent that it seeks documents containing information that is confidential

and/or proprietary, including commercial, financial or other trade secret information, or which

the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule,

regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks

information or documents that are protected from disclosure by the attorney-client privilege

and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the

extent it seeks documents not within their present possession, custody, or control and to the

extent Plaintiffs' can more easily obtain responsive documents from other parties or third parties.

Subject to and without waiving these objections and the above General Objections, the

Cigna Defendants respond as follows:  This Request is premature and overly broad given the

Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the

named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for

class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and

order concerning ESI protocol, the Cigna Defendants will produce non-privileged, responsive

documents if any exist and that pertain to commercial retail pharmacy network operations and

the categories of documents the Cigna Defendants identify for discovery concerning the claims

of the Named Plaintiffs pending resolution of the Motion to Dismiss in the parties' Rule 26(f)

Report, ECF No. 61.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 17.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC it will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations and that relate to the Named Plaintiffs and/or which pertain to the requirements for class certification.  Further, CHLIC incorporates its supplemental response to Request No. 4 as though set forth fully herein.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show policies or practices concerning the retention, destruction, disposal, or preservation of Documents, ESI, and Structured Data, Including any changes to, or different versions of, such policies or practices, in effect during the Relevant Period.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case." *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds

that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to show" or "policies or practices."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 18.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC will produce its document retention policies applicable to CHLIC's commercial retail pharmacy network operations in effect on January 19, 2017, the date of filing of the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show all steps taken to preserve all Documents concerning the claims or events at issue in the Action.

**CONFIDENTIAL**

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case."  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "sufficient to show," "steps taken" and "at issue."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

**CONFIDENTIAL**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 19.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC stands on its objections and will not search for, review, and/or produce materials responsive to this Request.  CHLIC is willing to discuss with Plaintiffs any specific questions or concerns they have relating to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning any insurance policies, indemnification agreements, hold harmless agreements, or by-laws under which you may claim coverage to satisfy part or all of any possible liabilities resulting from any of the claims asserted in the Action.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case."  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "concerning" and "by-laws."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from

disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 20.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  As disclosed in its Initial Disclosures, CHLIC is not aware of any insurance policy that would provide coverage in this case.  Further, CHLIC incorporates its supplemental response to Request No. 4 as though set forth fully herein.  No further documents will be produced in response to this Request.

## OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS DIRECTED TO THE CIGNA DEFENDANTS ONLY

## REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to identify all Cigna Group health and/or prescription drug policies or plans regulated by ERISA (e.g., offered as part of an employee benefit plan).

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of

46
**CONFIDENTIAL**

the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are neither relevant to the claims or defenses of a party

nor proportional to the needs of the case because, among other things, the Cigna Defendants'

have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the

case" and the scope of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-

1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants

further object to this Request on the grounds that it is vague, ambiguous, lacks particularity

because of the undefined term "sufficient to identify."  The Cigna Defendants further object to

this Request to the extent that it seeks documents containing information that is confidential

and/or proprietary, including commercial, financial or other trade secret information.  The Cigna

Defendants further object to this Request to the extent that it seeks information or documents that

are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the

Cigna Defendants respond as follows:  This Request is premature and overly broad given the

Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the

named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for

class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and

order concerning ESI protocol, the Cigna Defendants will produce copies of the plan documents

relevant to the claims of the Named Plaintiffs.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

CHLIC reasserts and incorporates its objections set forth in its previous response to

Request No. 21.  Subject to and without waiving those objections and the above General

Objections, CHLIC responds as follows:  CHLIC has already produced copies of the plan

documents relevant to the claims of the Named Plaintiffs.  Additionally, CHLIC will produce,

based on information available to it, (a) prescription drug transaction records containing the

prescription drug transactions of the Named Plaintiffs and the putative class members from

January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint, and

(b) information sufficient to identify which commercial retail network pharmacy prescription

drug transactions involved a participant or beneficiary of an ERISA policy or plan.  CHLIC

reserves the right to redact and/or not produce any identifiable information regarding any person

or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and

because no class has been certified in this case.

### REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to identify the approximate number of Persons covered by each

policy or plan responsive to Request No. 21 on December 31, 2010, 2011, 2012, 2013, 2014,

2015 and 2016.

### OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of

the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are neither relevant to the claims or defenses of a party

nor proportional to the needs of the case because, among other things, the Cigna Defendants'

have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the

case" and the scope of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-

1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants

further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity

due to the undefined terms "sufficient to identify," "approximate number," and "covered."  The

Cigna Defendants further object to this Request to the extent that it seeks documents containing

information that is confidential and/or proprietary, including commercial, financial or other trade

secret information.  The Cigna Defendants further object to this Request to the extent that it

seeks information or documents that are protected from disclosure by the attorney-client

privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the

Cigna Defendants respond as follows:  This Request is premature and overly broad given the

Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the

named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for

class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or

produce materials responsive to this Request, to the extent any responsive materials do, in fact,

exist.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

CHLIC reasserts and incorporates its objections set forth in its previous response to

Request No. 22.  Subject to and without waiving those objections and the above General

Objections, CHLIC responds as follows:  CHLIC will produce, based on information available to

it, prescription drug transaction records containing the prescription drug transactions of the

Named Plaintiffs and the putative class members from January 1, 2014 through January 19,

2017, the date of filing of the Consolidated Complaint.  CHLIC reserves the right to redact

and/or not produce any identifiable information regarding any person or customer, other than the

Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify all Cigna Group health and/or prescription drug policies or plans not regulated by ERISA (e.g., not offered through employer).

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, lacks particularity because of the undefined term "sufficient to identify."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the

**CONFIDENTIAL**

named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for

class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and

order concerning ESI protocol, the Cigna Defendants will produce, based on the allegations in

the Consolidated Complaint, copies of the plan documents relevant to the claims of the Named

Plaintiffs.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

CHLIC reasserts and incorporates its objections set forth in its previous response to

Request No. 23.  Subject to and without waiving those objections and the above General

Objections, CHLIC responds as follows:  CHLIC has already produced copies of the plan

documents relevant to the claims of the Named Plaintiffs.  Additionally, CHLIC will produce,

based on information available to it, (a) prescription drug transaction records containing the

prescription drug transactions of the Named Plaintiffs and the putative class members January 1,

2014 through January 19, 2017, the date of filing of the Consolidated Complaint, and (b)

information sufficient to identify which commercial retail network pharmacy prescription drug

transactions involved a participant or beneficiary of a non-ERISA policy or plan.  CHLIC

reserves the right to redact and/or not produce any identifiable information regarding any person

or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and

because no class has been certified in this case.

## REQUEST FOR PRODUCTION NO. 24:

Documents sufficient to identify the approximate number of Persons covered by each

policy or plan responsive to Request No. 23 on December 31, 2010, 2011, 2012, 2013, 2014,

2015 and 2016.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity due to the undefined terms "sufficient to identify," "approximate number," and "covered."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information. The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, the Cigna Defendants will not search for, review, and/or

**CONFIDENTIAL**

produce materials responsive to this Request, to the extent any responsive materials do, in fact, exist.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 24. Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows: CHLIC will produce, based on information available to it, prescription drug transaction records containing the prescription drug transactions of the Named Plaintiffs and the putative class members January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint. CHLIC reserves the right to redact and/or not produce any identifiable information regarding any person or customer, other than the Named Plaintiffs, in the data in order to protect his or her privacy and because no class has been certified in this case.

**REQUEST FOR PRODUCTION NO. 25:**

A copy of each form of group and individual health and prescription drug insurance policies issued by Cigna Group under which Clawbacks have been paid.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above. The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope of any putative class. *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL

**CONFIDENTIAL**

3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity due to the undefined terms "issued by" and "under which."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. The Cigna Defendants also object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce, based on the allegations in the Consolidated Complaint, copies of the plan documents relevant to the claims of the Named Plaintiffs.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 25.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC has already produced, based on the allegations in the Consolidated Complaint,

54<br>CONFIDENTIAL

copies of the plan documents relevant to the claims of the Named Plaintiffs.  Because producing

all potentially responsive plan documents would be both overly broad and unduly burdensome,

no further documents will be produced in response to this Request at this time.  This is because

from January 1, 2014 through January 19, 2017, the date of filing of the Consolidated Complaint,

CHLIC has insured and/or administered thousands of different benefit plans and millions of

insureds, participants, and beneficiaries, each of whom has his or her own, unique prescription

drug use history, or none at all.  Additionally, during that timeframe, CHLIC entered into

thousands of agreements with its ASO clients setting forth the terms of those business

relationships.  The burden of identifying, compiling, and reviewing those agreements, policies,

and plan documents to determine if they "relat[e] to Spread or Clawbacks" would be massive,

undue, and disproportional to the needs of the case.  CHLIC, however, is willing to discuss a

reasonable and appropriate protocol to provide additional such documents.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the determination of premiums or fees under policies or plans

issued by Cigna Group under which Clawbacks have been paid.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of

the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are neither relevant to the claims or defenses of a party

nor proportional to the needs of the case because, among other things, it is not limited to

commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion

to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope

of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL

CONFIDENTIAL

3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "determination," "premiums or fees," and "under which."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4 and 17.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce, based on the allegations in the Consolidated Complaint, copies of the plan documents relevant to the claims of the Named Plaintiffs.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 26.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or

unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other

parameters (including time period) for custodians, each as agreed upon by the parties, and will

produce non-privileged documents, if any exist, that are within its possession, custody, or control

relating to the Named Plaintiffs' and putative class members' policies or plans.  Further, CHLIC

incorporates its supplemental response to Request No. 4 as though set forth fully herein.

## REQUEST FOR PRODUCTION NO. 27:

All Documents supporting the determination of premiums under policies or plans issued

by Cigna Group under which Clawbacks have been paid that have been filed with a State

department of insurance or similar State agency.

## OBJECTIONS AND RESPONSE:

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of

the General Objections and Objections to Definitions and Instructions as set forth above.  The

Cigna Defendants object to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents that are neither relevant to the claims or defenses of a party

nor proportional to the needs of the case because, among other things, it is not limited to

commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion

to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope

of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL

3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this

Request on the grounds that it is vague, ambiguous, and lacks particularity because of the

undefined terms "supporting," "determination," "under," "under which," and "similar State

agency."  The Cigna Defendants further object to this Request to the extent that it seeks

documents containing information that is confidential and/or proprietary, including commercial,

financial or other trade secret information.  The Cigna Defendants further object to this Request

57

**CONFIDENTIAL**

to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent that it is cumulative or duplicative of Request Nos. 4, 17, and 26.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce, based on the allegations in the Consolidated Complaint, copies of the plan documents relevant to the claims of the Named Plaintiffs.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 27.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged documents, if any exist, that are within its possession, custody, or control relating to the Named Plaintiffs' and putative class members' policies or plans.  Further, CHLIC incorporates its supplemental response to Request No. 4 as though set forth fully herein.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to Cigna Group's relationships with Participating Pharmacies, Including agreements, policies, procedures, manuals, handbooks, guidelines, formulas, methodologies, practices, and/or rules related thereto.

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "relating to," "relationships," "practices," "rules," and "related thereto."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information, or which the Cigna Defendants are prohibited from disclosing by contract, agreement, order, statute, rule, regulation, or law.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent that it is duplicative of Request No. 3.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and order concerning ESI protocol, the Cigna Defendants will produce non-privileged copies of (1) the relevant portions of the agreement between the Defendant Cigna Health and Life Insurance Company and OptumRx PBM of Illinois, Inc. concerning commercial retail pharmacy operations, and (2) the relevant portions of the agreements between the Cigna Defendants' affiliate Cigna Corporate Services, LLC and Argus concerning commercial retail pharmacy operations.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 28.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning information provided to actual or potential plan members or beneficiaries about prescription drug benefits, Fees Paid by Insureds, Spreads, or Clawbacks.

60
**CONFIDENTIAL**

**OBJECTIONS AND RESPONSE:**

The Cigna Defendants reassert and incorporate their Preliminary Statement and each of the General Objections and Objections to Definitions and Instructions as set forth above.  The Cigna Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of a party nor proportional to the needs of the case because, among other things, it is not limited to commercial retail pharmacy network operations and the Cigna Defendants' have filed a Motion to Dismiss that "could significantly narrow, if not eliminate, the issues in the case" and the scope of any putative class.  *See Cuartero v. United States*, No. 3:05-CV-1161(RNC), 2006 WL 3190521, at *1, *3 (D. Conn. Nov. 1, 2006).  The Cigna Defendants further object to this Request on the grounds that it is vague, ambiguous, and lacks particularity because of the undefined terms "concerning," "information," "actual or potential," and "plan members."  The Cigna Defendants further object to this Request to the extent that it seeks documents containing information that is confidential and/or proprietary, including commercial, financial or other trade secret information.  The Cigna Defendants further object to this Request to the extent that it seeks information or documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.  The Cigna Defendants further object to this Request to the extent that it is duplicative of Request Nos. 4, 17, 21, 23, and 25.

Subject to and without waiving these objections and the above General Objections, the Cigna Defendants respond as follows:  This Request is premature and overly broad given the Cigna Defendants' pending motion to dismiss and seeks discovery beyond that relevant to the named Plaintiffs' individual claims, especially insofar as the Court has not certified the case for class treatment.  At this juncture, and upon entry of a mutually agreeable protective order and

**CONFIDENTIAL**

order concerning ESI protocol, the Cigna Defendants will produce, based on the allegations in the Consolidated Complaint, copies of the plan documents relevant to the claims of the Named Plaintiffs.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

CHLIC reasserts and incorporates its objections set forth in its previous response to Request No. 29.  Subject to and without waiving those objections and the above General Objections, CHLIC responds as follows:  While CHLIC disagrees that any negative reimbursement, which Plaintiffs refer to as "Clawback" or "Spread," was in any way improper or unlawful, CHLIC will conduct a reasonable and diligent search, using search terms and other parameters (including time period) for custodians, each as agreed upon by the parties, and will produce non-privileged, responsive documents, if any exist, that are within its possession, custody, or control relating to CHLIC's commercial retail pharmacy network operations.  To the extent this Request encompasses agreements with, and/or policies and/or plan documents provided to, customers and/or plan beneficiaries or participants, CHLIC incorporates its supplemental response to Request No. 4 as though set forth fully herein.

**REQUESTS FOR PRODUCTION NOS. 30-35 DIRECTED TO OPTUM ONLY**

Request Nos. 30–35 are not directed to the Cigna Defendants and therefore warrant no response from the Cigna Defendants.  In the event that Plaintiffs contend that those Requests were directed at the Cigna Defendants, the Cigna Defendants object to Request Nos. 30-35 for each of the reasons set forth in the above General Objections and Objections to Definitions and Instructions.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NOS. 30-35:**

CHLIC reasserts and incorporates its objections set forth in its previous response to

Request Nos. 30-35.  Subject to and without waiving those objections and the above General

Objections, CHLIC responds as follows:  Request Nos. 30–35 are not directed to CHLIC and

therefore warrant no response from CHLIC.  In the event that Plaintiffs contend that those

Requests were directed at CHLIC, CHLIC objects to Request Nos. 30-35 for each of the reasons

set forth in the above General Objections and Objections to Definitions and Instructions.


Dated:  May 25, 2018

                                        /s/ Joseph J. Costello
                                        Joseph J. Costello (ct14917)
                                        Brian W. Shaffer (phv08654)
                                        Eleanor R. Farrell (phv08309)
                                        Matthew D. Klayman (phv08656)
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1701 Market Street
                                        Philadelphia, PA 19103
                                        Telephone:  215-963-5000
                                        Facsimile:  215-963-5001
                                        joseph.costello@morganlewis.com
                                        brian.shaffer@morganlewis.com
                                        eleanor.farrell@morganlewis.com
                                        matthew.klayman@morganlewis.com

                                        Michael D. Blanchard
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        One State Street
                                        Hartford, CT 06103
                                        Telephone:  860-240-2731
                                        Facsimile:  860-240-2800
                                        michael.blanchard@morganlewis.com

                                        *Attorneys for Defendant Cigna Health and Life
                                        Insurance Company*

**CONFIDENTIAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 25, 2018, a copy of the foregoing Supplemental Responses and

Objections of Defendant Cigna Health and Life Insurance Company to Plaintiffs' First Request

for Production of Documents was served via electronic mail upon on all counsel of record.

*/s/ Matthew D. Klayman*
Matthew D. Klayman

**CONFIDENTIAL**