# EXHIBIT 32

# EXHIBIT AP

**Message**

**From:** Pitt, Justin A B5PHR [Justin.Pitt@Cigna.com]
**Sent:** 10/22/2014 1:34:32 PM
**To:** Lester, Tyler 446 [Tyler.Lester@Cigna.com]
**Subject:** RE: ▮▮▮▮▮ Catamaran Retail Issue

Sounds good Tyler. Thanks.

---

**From:** Lester, Tyler 446
**Sent:** Wednesday, October 22, 2014 9:20 AM
**To:** Pitt, Justin A B5PHR
**Subject:** RE ▮▮▮▮▮ Catamaran Retail Issue

I put time on the calendar for today to at least talk through the issues. It makes sense to take a few more days to nail down the final response to the client.

**Tyler Lester**
Cigna Pharmacy Pricing
Phone: 919.854.8123



*Confidential, unpublished property of Cigna. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2014 Cigna*

---

**From:** Pitt, Justin A B5PHR
**Sent:** Wednesday, October 22, 2014 9:11 AM
**To:** Lester, Tyler 446; Butler, Brian L HHHH; Bird, Amber S C5PRC
**Cc:** Marshall Igunbor, Tamara A HHHH; Rose, Michael J 584
**Subject:** RE: ▮▮▮▮▮ Catamaran Retail Issue

Thank you Tyler.

This will laid out in the response that will be provided to this group for review. I will set up time to discuss. I plan on scheduling a meeting for early Friday, Monday at the latest. It will take some time to put together a response that is comprehensive enough for this client.

---

**From:** Lester, Tyler 446
**Sent:** Wednesday, October 22, 2014 9:04 AM
**To:** Butler, Brian L HHHH; Pitt, Justin A B5PHR; Bird, Amber S C5PRC
**Cc:** Marshall Igunbor, Tamara A HHHH; Rose, Michael J 584
**Subject:** RE: ▮▮▮▮▮ Catamaran Retail Issue

The client price is $43. The contractual price that Catamaran has with the pharmacy is less than that ($24). The $24 is all the pharmacy is entitled to. So the remainder is returned to Cigna (via Catamaran).

If the customer was in the copay phase here is what the math would look like. The pharmacy would get the same $24 they receive today, but would just get the remainder in their weekly payment.

Client Cost $43
Customer Copay $10
Client Billed $33 next week

Pharmacy Cost $24
Customer Copay $10
Pharmacy paid balance of $14 next week



EXHIBIT
59
6/23/20

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                        CIGNA00287640

Cigna spread = $33 billed to Client - $14 paid to pharmacy = $19

**Tyler Lester**
Cigna Pharmacy Pricing
Phone: 919.854.8123



*Confidential, unpublished property of Cigna. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2014 Cigna*

---

**From:** Butler, Brian L HHHH
**Sent:** Wednesday, October 22, 2014 8:54 AM
**To:** Lester, Tyler 446; Pitt, Justin A B5PHR; Bird, Amber S C5PRC
**Cc:** Marshall Igunbor, Tamara A HHHH; Rose, Michael J 584
**Subject:** RE: ▇▇▇▇▇ Catamaran Retail Issue

Thanks Tyler. I still don't understand why the need for the claw back of dollars from the pharmacy after POS. If the reimbursement to the pharmacy should be something less than $43 in this case, why not adjudicate that way at POS?

---

**From:** Lester, Tyler 446 <Tyler.Lester@Cigna.com>
**Date:** October 22, 2014 at 7:16:55 AM CDT
**To:** Pitt, Justin A B5PHR <Justin.Pitt@Cigna.com>,Bird, Amber S C5PRC <AMBER.BIRD@Cigna.com>,Butler, Brian L HHHH <Brian.Butler@Cigna.com>
**Cc:** Rose, Michael J 584 <Michael.Rose@Cigna.com>,Marshall Igunbor, Tamara A HHHH <Tamara.MarshallIgunbor@Cigna.com>
**Subject:** RE: ▇▇▇▇▇ Catamaran Retail Issue

To be clear, the price for the drug does NOT vary whether the customer is in their deductible phase. The total customer/client cost will always be $43. The only difference is that during the deductible phase the customer is paying the full $43 at the POS vs. a copy claim where only a small portion is paid upfront and the pharmacy balance is paid a week later (and the client balance is billed a week later).

**Tyler Lester**
Cigna Pharmacy Pricing
Phone: 919.854.8123



*Confidential, unpublished property of Cigna. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2014 Cigna*

---

**From:** Butler, Brian L HHHH
**Sent:** Tuesday, October 21, 2014 10:03 PM
**To:** Pitt, Justin A B5PHR; Bird, Amber S C5PRC
**Cc:** Lester, Tyler 446; Marshall Igunbor, Tamara A HHHH; Rose, Michael J 584
**Subject:** RE: ▇▇▇▇▇ Catamaran Retail Issue

Justin – I do need a response drafted as ▇▇▇▇▇ s now following up considering ▇▇▇▇▇ is an in-network provider based in Owatonna, MN (▇▇▇▇ HQ).

Visibility at POS is absolutely acceptable. I'm challenging why, during the deductible phase for a customer, would Catamaran allow a customer to pay $43 for a prescription, only to claw back $19 a couple weeks later. I'm very familiar

CONFIDENTIAL - ATTORNEYS' EYES ONLY

with 835 reports and so are independent pharmacies that match up, claim by claim, the reimbursement they are due. If I were the pharmacist in this situation, I'd be upset as well especially if the claw back isn't tied to an audit or Rx error.

I understand there may be contractual language that allows Catamaran this flexibility, but how does [REDACTED] explain to a customer that their cost share is different for a medication based on where they are in the deductible phase? And even if they could explain that, how then does [REDACTED] explain to the customer that while the customer paid $43 and the PBM took back $19 because the reimbursement was inappropriate, that none of that goes back to the customer?

Slippery slope if you ask me.

The client has now asked us to provide examples of how claims for these NDC's process at [REDACTED] which is in-network. Unfortunately, I don't need to do much research here because the claims processed exactly the same as with Astrup drug, just a different dispensing fee. Same $43.38 for the doxy scripts...see attached. Although I can't show how much is getting clawed back...and obviously wouldn't call that out. But I'm sure it will get called out for me.

We need to be strategic in our response and not just defer to Catamaran. While they manage the network and ultimately the rates we have in place for [REDACTED] contract is with Cigna...not Catamaran. They will expect we can explain this in detail.

Brian Butler, Pharm.D./MBA
Clinical Account Manager
CIGNA Pharmacy Management
Mobile: 515-657-1930
Email: Brian.Butler@Cigna.com
*Confidential, unpublished property of Cigna. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2014 Cigna.*

---

**From:** Pitt, Justin A B5PHR
**Sent:** Tuesday, October 21, 2014 6:42 PM
**To:** Bird, Amber S C5PRC; Butler, Brian L HHHH
**Cc:** Lester, Tyler 446
**Subject:** RE: [REDACTED] Catamaran Retail Issue

The negative balance is required to be transparent/visible to pharmacies. It is a request that Catamaran made and reviewed to be sure it was visible at POS. Whether it is visible at POS or not, the pharmacy notices the negative balance in their 835 reports (payment reports).

Brian, do you still need us to help draft a response, or does the documentation provided give you enough background and guidance to form a response back to the client. We can certainly if needed. If not, let me know and I will start work on it.

Thank you.

---

**From:** Bird, Amber S C5PRC
**Sent:** Tuesday, October 21, 2014 5:20 PM
**To:** Butler, Brian L HHHH
**Cc:** Lester, Tyler 446; Pitt, Justin A B5PHR
**Subject:** RE: [REDACTED] Catamaran Retail Issue

Hi Brian,

I forgot to mention that in my email, but I was also surprised that the claw back was visible at POS as I thought the solution with Argus was supposed to hide it. Tyler had a follow-up email to Justin regarding that, so hopefully he can reply to this smaller chain.

Thanks,

CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Amber Bird**
Office: 860-226-8889 | Cell: 860-707-6731
amber.bird@cigna.com



---

**From:** Butler, Brian L HHHH
**Sent:** Tuesday, October 21, 2014 5:07 PM
**To:** Bird, Amber S C5PRC
**Subject:** RE: ▮▮▮▮▮ Catamaran Retail Issue

Amber – why wouldn't we take spread at POs and not claw it back after the fact? What's the rationale there?

---

**From:** Bird, Amber S C5PRC <AMBER.BIRD@Cigna.com>
**Date:** October 21, 2014 at 3:37:08 PM CDT
**To:** Butler, Brian L HHHH <Brian.Butler@Cigna.com>,Pitt, Justin A B5PHR <Justin.Pitt@Cigna.com>
**Cc:** Lester, Tyler 446 <Tyler.Lester@Cigna.com>,Marshall Igunbor, Tamara A HHHH <Tamara.MarshallIgunbor@Cigna.com>,Rose, Michael J 584 <Michael.Rose@Cigna.com>
**Subject:** RE: ▮▮▮▮▮ Catamaran Retail Issue

I was rather flabbergasted when I saw the pharmacist's letter. The pharmacy is in breach of their contract for divulging confidential reimbursement information and should be reprimanded my Catamaran. This kind of behavior is unacceptable for a pharmacy within our network. Justin, I'm assuming you will escalate appropriately to Catamaran.

As Justin indicated in his talking points, Catamaran has contractual provisions to support its reimbursement to its pharmacies, which includes netting reimbursement to account for overpayment to pharmacies on zero balance claims. The examples cited by the pharmacy are claims where the member paid 100% and Catamaran/Cigna is recouping the overpayment (i.e. spread). Since ▮▮▮▮▮ is *not* a pass-through client, it should not come as a surprise that we are charging spread. Of course, we never want the exact amount being divulged as a claim-by-claim view of spread can be highly misleading.

Tyler – Attaching the letter from the pharmacy to ▮▮▮▮▮ CEO as background. Any other talking points you would add?

Amber Bird
Office: 860-226-8889 | Cell: 860-707-6731
amber.bird@cigna.com

---

**From:** Butler, Brian L HHHH
**Sent:** Tuesday, October 21, 2014 12:46 PM
**To:** Bird, Amber S C5PRC; Pitt, Justin A B5PHR
**Cc:** Rose, Michael J 584; Marshall Igunbor, Tamara A HHHH
**Subject:** FW: ▮▮▮▮▮ Catamaran Retail Issue
**Importance:** High

Amber – Should have cc'd you on this as well.

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Please respond to this email trail.

Brian Butler, Pharm.D./MBA
Clinical Account Manager
CIGNA Pharmacy Management
Mobile: 515-657-1930
Email: Brian.Butler@Cigna.com

*Confidential, unpublished property of Cigna. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2014 Cigna.*

---

**From:** Butler, Brian L HHHH
**Sent:** Tuesday, October 21, 2014 11:36 AM
**To:** Pitt, Justin A B5PHR
**Cc:** Marshall Igunbor, Tamara A HHHH; Rose, Michael J 584
**Subject:** RE: ███████████ Catamaran Retail Issue
**Importance:** High

Justin – I believe I have a similar situation with ███████ (payer client). See attached escalation to the CEO of ███████

I attempted to contact the Pharmacist who drafted the communication, but he is out until Thursday. Mike is pulling a report utilizing NDC (all customer-specific info has been blacked out) for a couple of these claims to see how they actually adjudicated in the system.

I'm thinking the same bullet points you provided for the ███████████ escalation below will be similar for this case. However, I need you to confirm that for me when Mike gets you the claim information.

Mike – Will you please respond back to this group based on what you find for a couple of the claim examples?

<< Message: FW: ltr from Astrupdrug - Austin, MN >>

Justin – As a heads up, the bullet points provided below will not suffice for ███████ They are a sophisticated client and they have included the consultant intentionally on the escalation…typically Dennis comes directly to me. With that said, the "run of the mill" responses below are not going to satisfy the inquiry. They will want to know how Catamaran can adjudicate a claim charging a copay of $43.38 only to reduce the claim by directly cutting back their reimbursement check by $18.97. Seems to me like that should be done at time of adjudication unless it's related to an audit on that claim. I don't understand this reimbursement methodology and it concerns me because I've seen and heard several examples of this….all specific to independent pharmacies.

Brian Butler, Pharm.D./MBA
Clinical Account Manager
CIGNA Pharmacy Management
Mobile: 515-657-1930
Email: Brian.Butler@Cigna.com

*Confidential, unpublished property of Cigna. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2014 Cigna.*

---

**From:** Pitt, Justin A B5PHR
**Sent:** Tuesday, August 19, 2014 10:17 AM

CONFIDENTIAL - ATTORNEYS' EYES ONLY

**To:** Robinson, Shirley A 474; Johnson, Mark HHHH; Owen, Alan T B5PHR; Smith, John M 357; Butler, Brian L HHHH; Goldstein, Nancy D 338; Stacey, Edward V B5PHR; Mulrooney, John M HHHH
**Subject:** RE: ▇▇▇▇▇▇ Catamaran Retail Issue

Hello all,

Here are the bullet/talking points for the ▇▇▇▇▇▇ claim in question. Thank you and if you have any questions/concerns, please let us know.

The following points will help to explain the question on claim processing forwarded to ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

His question relates to a claim in which the customer paid 100% of the client cost of the drug (in deductible phase) and the pharmacy had to return a portion of the payment back to Cigna.

- First, the entire transaction was in accordance with contractual provisions. For the customer, the payment made was in accordance with the benefit plan provisions. For the pharmacy, the payment due was in accordance with their pharmacy contract with Catamaran.
- Catamaran, as the Pharmacy Benefit Manager, has contractual provisions to support its reimbursement to the pharmacies including this type of transaction.
- We have requested Catamaran contact ▇▇▇▇▇▇ and discuss the transaction and the applicable contract provisions.


-----Original Appointment-----
**From:** Robinson, Shirley A 474
**Sent:** Monday, August 18, 2014 8:03 PM
**To:** Robinson, Shirley A 474; Pitt, Justin A B5PHR; Johnson, Mark HHHH; Owen, Alan T B5PHR; Smith, John M 357; Butler, Brian L HHHH; Goldstein, Nancy D 338; Stacey, Edward V B5PHR; Mulrooney, John M HHHH
**Subject:** ▇▇▇▇▇▇ Catamaran Retail Issue
**When:** Tuesday, August 19, 2014 10:00 AM-10:30 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** 1.888.244.6260, 424772


Not sure who really needs to be on this internal call. In essence of time, all invited.

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                                                   CIGNA00287645