UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., Individually and on Behalf of All Others Similarly Situated, | Case No. 3:16-cv-1702-JAM |
| Plaintiffs, | |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | June 7, 2021 |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO AMEND THE SCHEDULING ORDER TO PERMIT
THE FILING OF AN AMENDED CLASS CERTIFICATION MOTION**

After carefully reviewing the Court's Order Denying Plaintiffs' Motion for Class Certification ("Order")[ECF 401], Plaintiffs move to amend the scheduling order to permit Plaintiffs to file an amended motion for class certification narrowing the class definition to address specific issues that the Court identified. In a Stipulation with Cigna concerning the earlier class definition, which the Court approved, the parties contemplated that the Court might have issues concerning the class definition and, therefore, the parties agreed that the stipulated class definition was without prejudice to Plaintiffs' requesting permission to file this motion to seek to amend the class definition to address any concerns that the Court raised. Stipulation dated June 3, 2020 at 2 [ECF 260]; Order dated June 4, 2020 [ECF 261]. Accordingly, Plaintiffs made this request in their Reply Memorandum Supporting Motion for Class Certification at 40 [ECF 307]. As set forth below, there is good cause to permit Plaintiffs to do so and Defendants would not be unduly prejudiced.

Rule 23 states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C) (emphasis added). The Second Circuit

has explained that the district court has discretion to consider a revised class certification motion. "Nothing in our decision precludes the Petitioners from returning to the District Court to seek certification of a more modest class, one as to which the Rule 23 criteria might be met, according to the standards we have outlined. District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." *In re Initial Public Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007); *see also Hargrove v. Sleepy's LLC*, 974 F.3d 467 (3d Cir. 2020) ("[T]he language of Rule 23(c)(1)(C) . . . allows for multiple bites at the apple throughout the litigation . . . .").

Courts routinely deny motions for class certification without prejudice and later grant a renewed motion. *See, e.g.*, *de Lacour v. Colgate-Palmolive Co*., 2021 WL 1590208, at 1 (S.D.N.Y. Apr. 23, 2021 ) (after denying first certification motion, granting renewed motion "seeking more narrowly to certify three classes of consumers"). Courts frequently permit such "renewed" motions where plaintiffs propose to narrow a class definition to address issues that precluded certification of a broader class.  For example, in *de Lacour,* the Court considered the motion under the Rule 23 factors for certification of a class in the first instance without questioning plaintiff's right to bring such a motion.[1]

Similarly, in *In re: Tropicana Orange Juice Mktg. & Sales Pracs. Litig*., No. CV 2:11-07382, 2018 WL 6819331, at *2 (D.N.J. Dec. 28, 2018), the court determined that a renewed motion for class certification — seeking to certify a narrower class in response to "specific deficiencies" that the court highlighted in its denial of the original motion — was "both permitted

---

[1] In *de Lacour*, the motion for class certification was denied without prejudice. A denial without prejudice is not required for a motion to amend a class definition. *In re Initial Public Offering Sec. Lit.*, 483 F.3d 70, 73 (2d Cir. 2007). Given that the parties contemplated this very event in the Stipulation [ECF 260], which the Court approved [ECF 261], Plaintiffs' motion should be considered in a similar light.

and appropriate."  The *Tropicana* court specifically noted that the plaintiff might not prevail with respect to the renewed motion for class certification, but that did not preclude her from filing it, and it was appropriate for her to do so prior to summary judgment.  *Id.*[2]

Here too, Plaintiffs intend to propose a narrower class. In their original motion, Plaintiffs proposed six plaintiff classes: two types of classes (based on different plan language) for each of their three types of claims (*i.e.*, ERISA, RICO, and State Law).[3] The first of these two types of class — styled a "Class" in the first class certification motion — was defined by language found in the Prescription Drug Schedule and the Covered Expenses section. The second type of class — styled a "Subclass" in the first motion — was defined by language found in the Your Payments section.

---

[2] Likewise, in *Fair Housing of the Dakotas, Inc. v. Goldmark Property Management, Inc.*, No. 3:09-cv-58, 2011 WL 13118548 (D.N.D. Nov. 1, 2011), plaintiffs filed a renewed motion for class certification proposing narrower class definitions and substituting class representatives that would alleviate concerns raised by the court when it denied the prior motion for class certification. The plaintiffs argued that narrowing the class would serve the legitimate objectives of class action litigation and the court granted the motion under Fed. R. Civ. P. 23 (c)(1). Because the parties had already conducted extensive discovery on the class's claims and trial was scheduled approximately only six months in the future, the court found there was no prejudice to the defendants. *See also Loughlin v. Amerisave Mortgage Corp.*, 2019 WL 1495302 *5 (N.D. Ga. Feb. 4, 2019) ("Courts of Appeal have concluded that nothing precludes the plaintiffs from returning to the District Court to seek certification of a more modest class and have specifically invited district courts to reconsider denials of class certification") (citing *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007); *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 458 (11th Cir. 1996); *Calderon v. Presidio Valley Farmers Ass'n*, 863 F. 2d 384, 389 (5th Cir. 1989)); *accord Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592, 610-11 (D.N.M. 2017) ("Even after courts have denied a plaintiff's first attempt at class certification, courts allow plaintiffs to propose a refined class definition or different claims in an attempt to certify a different class than the one originally proposed") (citing cases); *Pettco Enterprises, Inc. v. White*, 162 F.R.D. 151, 156 (M.D. Ala. 1995) (allowing the plaintiffs to attempt to certify a class, even after the court had already denied certification once, and noting that the plaintiffs' new class definition changed the class and the claims). Rule 23 (c)(1) provides that an "order granting or denying class certification may be altered or amended before final judgment." Accordingly, an amended motion for class certification should be considered under the Rule 23 factors without any requirement "to prove a change in law or show new evidence." *Hargrove v. Sleepy's LLC*, 974 F.3d 467,476 (3d Cir. 2020) (amendment of class size from 193 to 111 members); *see also Loughlin*, 2019 WL 1495302, at *5; Abraham, 322 F.R.D. at 610-11.

[3] The State Law claims were subsequently dismissed. ECF 306.

Plaintiffs seek to modify the case schedule to file a motion to amend the class definition to an even more narrowed version of what was formerly the Subclass. Accordingly, Plaintiffs will no longer pursue a class defined by the Prescription Drug Schedule and the Covered Expenses sections of the Plans. Instead, the new Class will be defined by the "In no event" language that creates a cap on the amount that members should be charged for their copayments. In interpreting a contract provision using this same type of "in no event" proviso, the Second Circuit held:

> **It is difficult to imagine a clearer or more direct exclusionary clause** than the one in Section 9.08 above set forth. It expressly provides that '**in no event' shall** 'any grievance or dispute' arising out of the section be subject to the contract's arbitration provisions. (Emphasis supplied.) We believe **these words convey a clear and unambiguous directive** that no Section 9.08 disputes of any kind are arbitrable.

*Commun. Workers of Am., AFL-CIO v. New York Tel. Co*., 327 F.2d 94, 96 (2d Cir. 1964) (emphasis added). Like the Court held in *New York Telephone*, the "In no event" language in the plans of the new Proposed Class "convey[s] a clear and unambiguous directive" that members may not be charged a copayment that exceeds "the amount paid by the plan to the Pharmacy" or the pharmacy's usual and customary charge.  But, more to the point here, the plans in the proposed class will all have this language and thus satisfy the commonality requirement of Rule 23(a).

Plaintiffs will further narrow the new Class definition to address concerns that the Court raised. For example, the new class will be defined to include only claims for generic drugs, which will eliminate concerns relating to Plan terms concerning branded drugs. Order at 39-40. The new definition will also resolve the Court's concerns regarding Plan language relating to maintenance drugs prescriptions filled at retail rather than mail order pharmacies and relating to minimum and maximum copayments on generic drugs. Order at 40-41. Finally, the new definition will include the entirety of the "In no event" clause to eliminate any ambiguity in the class definition and will account for the "Usual & Customary" provision.

- 4 -

In other words, because all of the plans in the Proposed Class have the same controlling proviso, "a class-wide proceeding" will "generate common answers apt to drive the resolution of the litigation." *Negron v. Cigna Health and Life Ins. Co.*, 2021 WL 2010788 at *14 (D. Conn. May 20, 2021) (quoting *Wal-Mart Stores, Inc. v. Duke*, 564 U.S. 338, 350 (2011)).  Narrowing the class in this way will allow a substantial number of plan participants and their beneficiaries to efficiently litigate their claims as a class, while still addressing the Court's concerns.  *See, e.g., Ebert v. General Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016) ("A class action serves to conserve the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion."); *see also Loughlin v. Amerisave Mortg. Corp*., 1:14-CV-3497-LMM-LTW, 2019 WL 1495302, at *5 (N.D. Ga. Feb. 4, 2019), report and recommendation adopted, 114CV03497LMMLTW, 2019 WL 1996691 (N.D. Ga. Mar. 15, 2019) ("Now that there is some certainty with respect to [the legal issues litigated by the parties], it makes sense for Plaintiffs to be permitted to attempt to formulate an appropriate narrowed class.")

Moreover, given commonality of the Plan language and universality of Cigna's clawback scheme, certification of a class in this case will serve the legitimate objectives of class action litigation. *See Fair Housing of the Dakotas*, at *1; *see also Shekar v. Accurate Background, Inc*., No. 17-C-0585, 2020 WL 2563437, *3 (E.D. Wis. May 14, 2020) (because "it is possible that a class could be certified in this case, it strikes me as unjust to preclude certification of a clearly appropriate class.").

There will be no undue prejudice to Defendants if the Court considers a narrower class. Indeed, Plaintiffs are following the precise procedure contemplated by the parties pursuant to the Stipulation which was subsequently Ordered by the Court.

Moreover, as in *Fair Housing of the Dakotas*, the parties have engaged in full discovery on the issues relating to the proposed amended class because it is comprised entirely of a subset of the class that Plaintiffs originally proposed. Moreover, unlike *Fair Housing of the Dakotas*, this case is still far from trial. For example, all deadlines concerning expert discovery have been adjourned, [ECF 337, 351]. In addition, because of Cigna's discovery tactics, non-expert fact discovery will continue as Plaintiffs are entitled to seek additional discovery concerning the claims data. Order at 19. Accordingly, if this motion is granted and Plaintiffs are permitted to file a second class certification motion, Cigna will not suffer any undue prejudice other than having to respond to the motion, which is not undue prejudice in a significant case like this one.

As the Court noted in its ruling, Plaintiffs presented evidence that "shows Cigna knew that it was wrongly profiting from clawbacks and how some at Cigna feared it might face a class action lawsuit one day." Order at 51. Based on that indisputable evidence, Plaintiffs diligently pursued their initial class certification motion and sought to obtain relief for as many consumers as Plaintiffs believed was possible through the class action mechanism. The Court disagreed and Plaintiffs are respecting that decision. Rather than filing a motion to appeal under Rule 23(f), Plaintiffs seek to reduce the scope of the class to obtain relief for a smaller group of consumers. The interests of justice for the plan members that Cigna predicted would bring this class action are served through this motion.

Alternatively, if Plaintiffs went to trial on a non-class action basis and succeeded at trial in proving that they were overcharged because Cigna violated the "In no event" provision, that finding would apply to all Cigna members with that language, not just the Plaintiffs. Rather than multiple Cigna members filing individual cases seeking relief under principles of *res judicata*, or another person who was harmed in a similar way filing a new class action seeking to certify a

narrower class, Plaintiffs respectfully submit that it makes the most sense to file a second motion for class certification seeking to certify a narrower class.

Plaintiffs have expeditiously filed this motion to amend the scheduling order. Upon the filing of the Order, Plaintiffs diligently reviewed the Order and began working on ways to address the bases for the denial. Moreover, Plaintiffs do not seek to add claims or parties or to broaden the class, but rather the renewed motion seeks to certify a much narrower class — a class that satisfies the Court's concerns about Rule 23's commonality requirements. Based on the foregoing, Plaintiffs have demonstrated good cause to amend the Scheduling Order.

Dated: June 7, 2021                                    Respectfully submitted,

                                                *s/ Robert A. Izard*
                                        Robert A. Izard (ct01601)
                                        *Plaintiffs' Interim Co-Lead Class Counsel*
                                        Craig A. Raabe (ct04116)
                                        Christopher M. Barrett (ct30151)
                                        IZARD, KINDALL & RAABE, LLP
                                        29 South Main Street, Suite 305
                                        West Hartford, CT 06107
                                        860-493-6292
                                        860-493-6290 fax
                                        rizard@ikrlaw.com
                                        craabe@ikrlaw.com
                                        cbarrett@ikrlaw.com

                                        William H. Narwold (ct00133)
                                        *Plaintiffs' Interim Co-Lead Class Counsel*
                                        Mathew Jasinski, (ct27520)
                                        MOTLEY RICE LLC
                                        One Corporate Center
                                        20 Church Street, 17th Floor
                                        Hartford, CT 06103
                                        860-882-1681
                                        860-882-1682 fax
                                        bnarwold@motleyrice.com
                                        mjasinski@motleyrice.com

                                        ***Attorneys for Plaintiffs***