# EXHIBIT K

# EXHIBIT  K

Reference No. 14760

Scanned Date:

# Administrative Services Only Agreement

## By and Between

## Cobb County Government
## "Employer"

## And

## Cigna Health and Life Insurance Company

## "CHLIC"

## Effective Date:  January 1, 2014

THIS AGREEMENT AND ITS TERMS ARE PROPRIETARY AND CANNOT BE DISCLOSED
WITHOUT THE PERMISSION OF EACH OF THE PARTIES

CONFIDENTIAL

CIGNA12361815

## Table of Contents

Definitions.................................................................................................................................3
Section 1.  Term and Termination of Agreement....................................................................4
Section 2.  Claim Administration and Additional Services.....................................................4
Section 3.  Funding and Payment of Claims ...........................................................................5
Section 4.  Charges..................................................................................................................6
Section 5.  Enrollment and Determination of Eligibility.........................................................6
Section 6.  Claim Audits and Confidentiality..........................................................................7
Section 7.  Plan Benefit Liability ............................................................................................8
Section 8.  Modification of Plan and Charges.........................................................................8
Section 9.  Modification of Agreement ...................................................................................8
Section 10.  Laws Governing Contract ...................................................................................9
Section 11.  Information in CHLIC's Processing Systems ......................................................9
Section 12.  Resolution of Disputes ........................................................................................9
Section 13.  Third Party Beneficiaries.....................................................................................9
Section 14.  Waivers..............................................................................................................10
Section 15.  Headings............................................................................................................10
Section 16.  Severability........................................................................................................10
Section 17.  Force Majeure....................................................................................................10
Section 18.  Assignment and Subcontracting ........................................................................10
Section 19.  Notices...............................................................................................................10
Section 20.  Identifying Information and Internet Usage .......................................................11
Section 21. Compliance with Georgia Security and Immigration Compliance Act...........................11
SIGNATURES ........................................................................................................................12
Schedule of Financial Charges ..............................................................................................13
Exhibit A - Plan Document ....................................................................................................20
Exhibit B – Services ..............................................................................................................21
Exhibit C – Claim Audit Agreement (Sample) .....................................................................24
Exhibit D – Privacy Addendum .............................................................................................27
EXHIBIT E Contractor Affidavit...........................................................................................34

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

**THIS AGREEMENT**, effective January 1, 2014 (the "**Effective Date**") is by and between Cobb County Government ("**Employer**") and Cigna Health and Life Insurance Company ("**CHLIC**").

RECITALS:

**WHEREAS**, Employer, as Plan sponsor, has adopted the benefit described in Exhibit A, as may be amended, ("**Plan**") for certain of its employees/members and their eligible dependents (collectively "**Members**"); and

**WHEREAS**, Employer has requested, CHLIC to furnish certain administration services in connection with the Plan 3214996.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, it is hereby agreed as follows:

**<u>Definitions</u>**

**<u>Agreement</u>** – this entire document including the Schedule of Financial Charges and all Exhibits.

**<u>Applicable Law</u>** – means the state, federal and international laws and regulations that apply. Applicable Law includes but is not limited to the Employee Retirement Income Security Act of 1974, as amended and the rules and regulations thereunder ("**ERISA**"), the Health Insurance Portability and Accountability Act of 1996, as amended and the rules and regulations thereunder ("**HIPAA**"), the Foreign Corrupt Practices Act ("**FCPA**") and any other anti-bribery or anti-corruption laws in the countries where the Parties conduct business.

**<u>Bank Account</u>** – a benefit plan account with a bank designated by CHLIC; established and maintained by Employer in its or a nominee's name.

**<u>ERISA</u>** – the Employee Retirement Income Security Act of 1974, as amended and related regulations.

**<u>Extra-Contractual Benefits</u>** – Payments which Employer has instructed CHLIC to make for health care services and/or products that CHLIC has determined are not covered under the Plan.

**<u>Member</u>** – a person eligible for and enrolled in the Plan as an employee or dependent.

**<u>Participant/Participating Members</u>** – Member(s) who is (are) participating in a specific program and/or product available to Members under the Plan.

**<u>Participating Providers</u>** – providers of health care services and/or products, who/which contract directly or indirectly with CHLIC to provide services and/or products to Members.

**<u>Plan Benefits</u>** – Amounts payable for covered health care services and products under the terms of the Plan.

**<u>Party/Parties</u>** – refers to Employer and CHLIC, each a "Party" and collectively, the "Parties".

**<u>Plan Year</u>** – the twelve (12) month period, beginning on the Effective Date and, thereafter, each subsequent twelve (12) month period.

**<u>Run-Out Claims</u>** – claims for Plan Benefits relating to health care services and products that are incurred prior to termination of this Agreement; termination of a Plan benefit option or eligible Members, as applicable.

07/30/2014

3

CONFIDENTIAL

CIGNA12361817

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

## Section 1.  Term and Termination of Agreement

All provisions in this Agreement reasonably related to CHLIC's administration of the Plan's Pharmacy Benefit (as such term is defined in the Schedule of Financial Charges) (the "Pharmacy Benefit Provisions"), shall continue in effect for no less than thirty-six (36) months commencing on the Effective Date, except that, if any of the following dates occurs, the Pharmacy Benefit Provisions will cease being in effect as of such date:

   a.  This Agreement shall terminate absolutely and without further obligation on the part of Employer at the close of the calendar year in which it was executed, and at the close of each succeeding calendar year for which it may be renewed as provided in O.C.G.A. Section 36-60-13. This Agreement shall automatically renew for each of the remaining calendar years provided for in this Agreement, unless terminated earlier in accordance with this section.

   b.  The effective date of any Applicable Law or governmental action which prohibits performance of the activities in connection with the Pharmacy Benefit required by this Agreement;

   c.  The date upon which Employer fails to fund the Bank Account as required by this Agreement for claims under the Pharmacy Benefit or fails to pay CHLIC any charges in connection with the Pharmacy Benefit identified in this Agreement when due, provided CHLIC notifies Employer of its election to terminate the Pharmacy Benefit Provisions; or

   d.  The date that is sixty (60) days after notice by one Party ("non-defaulting party") of the material breach by the other Party (the "defaulting party") of a material obligation of the defaulting party related to the Pharmacy Benefit (other than failure to fund the Bank Account or failure to pay any charges when due pursuant to Section 1.b above) that is not cured to the reasonable satisfaction of the non-defaulting party within a reasonable time following the initial notice of breach.

   e.  The date that is sixty (60) days after notice by Employer that it will not accept a revision to charges made by CHLIC under Section 8 of this Agreement.

During such thirty-six (36) month period (or shorter period, as applicable above), CHLIC will continue to be the exclusive provider of Pharmacy Benefit administration services for the Plan's Pharmacy Benefit.

In the event that Employer purports to terminate such arrangement or enters into an agreement with another pharmacy benefit manager ("PBM") or other third party to provide any or all pharmacy benefit management services for Employer's benefit plan prior to the end of such thirty-six (36) month period, then, within thirty (30) days of CHLIC's written request, Employer shall pay CHLIC the amount of $1.25 per the average monthly number of Members who were enrolled in the Plan's Pharmacy Benefit from the beginning the thirty-six (36) month period to the effective date of such purported termination or other agreement multiplied by the number of months remaining until the end of the thirty-six (36) month period. This provision does not apply to: (i) drugs dispensed at Employer's on-site clinics or Kaiser; or (ii) if Employer terminates this Agreement under Section 1(d) or (e) above.

## Section 2.  Claim Administration and Additional Services

a.  While this Agreement is in effect, CHLIC shall, consistent with, the claim administration policies and procedures then applicable to its own health care insurance business (i) receive and review claims for Plan Benefits; (ii) determine the Plan Benefits, if any, payable for such claims; (iii) disburse payments of Plan Benefits to claimants; and (iv) provide in the manner and within the time limits required by Applicable Law, notification to claimants of (a) the coverage determination or (b) any anticipated delay in making a coverage determination beyond the time required by Applicable Law.

CONFIDENTIAL                                                                                        CIGNA12361818

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

b.  Following (i) termination of this Agreement, except pursuant to Section 1 (iii); (ii) termination of Plan benefit option or (iii) termination of eligible Members, if the required fees have been paid in full, if any, CHLIC shall process Run-Out Claims for the applicable Run-Out Period (See Schedule of Financial Charges for applicable fees and Run-Out Period).

At the termination of any applicable Run-Out Period, CHLIC shall cease processing Run-Out Claims and, subject to the requirements of Section 6.b, make all relevant records in its possession relating to such claims reasonably available to Employer or Employer's designee.  CHLIC is not required to provide proprietary information to Employer or any other party.

c.  Employer hereby delegates to CHLIC the authority, responsibility and discretion to determine coverage under the Plan based on the eligibility and enrollment information provided to CHLIC by Employer. Employer also hereby delegates to CHLIC the authority, responsibility and discretion to (i) make factual determinations and to interpret the provisions of the Plan to make coverage determinations on claims for Plan Benefits, (ii) conduct a full and fair review of each claim which has been denied as required by ERISA, (iii) decide level one mandatory appeals of "Urgent Care Claims" "Concurrent", "Pre-service" and "Post-service" claims (as those terms are defined under ERISA) and notify the Member or the Member's authorized representative of its decision.  Employer will ensure that all summary plan description materials provided to Members reflect this delegation.

d.  In addition to the basic claim administrative duties described above, CHLIC shall also perform the Plan-related administrative duties agreed upon by the Parties and specified in Exhibit B.

## Section 3.  Funding and Payment of Claims

a.  Employer shall establish a Bank Account, and maintain in the Bank Account an amount sufficient at all times to fund checks written on it for the following (collectively "**Bank Account Payments**"): (i) Plan Benefits; (ii) those charges and fees identified in the Schedule of Financial Charges as payable through the Bank Account; and (iii) any sales or use taxes, or any similar benefit- or Plan-related charge or assessment however denominated, which may be imposed by any governmental authority.  Bank Account Payments may include without limitation: (i) capitated (i.e. fixed per Member) payments to Participating Providers; (ii) amounts owed to CHLIC; and (iii) amounts paid to CHLIC's affiliates and/or subcontractors for, among other things, network access or in- and out-of network health care services/products provided to Members.  CHLIC may credit the Bank Account with payments due Employer under a stop loss policy issued by CHLIC or an affiliate.

b.  CHLIC, as agent for the Employer, shall make Bank Account Payments from the Bank Account, in the amount CHLIC reasonably determines to be proper under the Plan and/or under this Agreement.

c.  In the event that sufficient funds are not available in the Bank Account to pay all Bank Account Payments when due, CHLIC shall cease to process claims for Plan Benefits including Run-Out Claims.

d.  CHLIC will promptly adjust any underpayment of Plan Benefits by drawing additional funds due the claimant from the Bank Account.  In the event CHLIC overpays a claim for Plan Benefits or pays Plan Benefits to the wrong party, it shall take all reasonable steps to recover the overpayment; however, CHLIC shall not be required to initiate court, mediation, arbitration or other administrative proceedings to recover any overpayment. CHLIC shall not be responsible for reimbursing any unrecovered payments of Plan Benefits unless made as a result of its gross negligence or intentional wrongdoing.

e.  Following termination of this Agreement, Employer shall remain liable for payment of all due Bank Account Payments and for all reimbursements due Members under the Plan.  Employer shall promptly reimburse CHLIC for any Bank Account Payments paid by CHLIC with its own funds and no such payment by CHLIC shall be construed as an assumption of any of Employer's liability.

This Section 3 shall survive termination of this Agreement.

07/30/2014

5

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

## Section 4.  Charges

a.  <u>Charges</u>.  CHLIC shall provide to Employer a monthly statement of all charges Employer is obligated to pay under this Agreement that are not paid as Bank Account Payments. Payment of all billed charges shall be due on the first day of the month, as indicated on the monthly statement. Payments received after the last day of the month in which they are due, shall be subject to late payment charges, from the due date at a rate calculated as follows: the one (1) year Treasury constant maturities rate for the first week ending in January plus five percent (5%). For purposes of calculating late payment charges, payments received will be applied first to the oldest outstanding amount due. CHLIC may reasonably revise the methodology for calculating late payment charges upon thirty (30) days' advance written notice to Employer.

b.  <u>Member Changes – Additions and Terminations</u>.  If a Member's effective date is on or before the fifteenth (15th) day of the month, full charges applicable to that Member shall be due for that Member for that month.  If coverage does not start or ceases on or before the fifteenth (15th) day of the month for a Member, no charges shall be due for that Member for that month.

c.  <u>Retroactive Member Changes and Terminations</u>. Employer shall remain responsible for all charges and Bank Account Payments incurred or charged through the date CHLIC processed Employer's notice of a retroactive change or termination of Membership. However, if the change or termination would result in a reduction in charges, CHLIC shall credit to Employer the reduction in charges charged for the shorter of (a) the sixty (60) day period preceding the date CHLIC processes the notice, or (b) the period from the date of the change or termination to the date CHLIC processes the notice.

This Section 4 shall survive termination of this Agreement.

## Section 5.  Enrollment and Determination of Eligibility

a.  <u>Eligibility Determinations and Information</u>. Employer is responsible for administering Plan enrollment. In determining any person's right to benefits under the Plan, CHLIC shall rely upon enrollment and eligibility information provided by the Employer. Such information shall identify the effective date of eligibility and the termination date of eligibility and shall be provided promptly to CHLIC in a format and with such other information as reasonably may be required by CHLIC for the proper administration of the Plan.

b.  <u>Release of Liability</u>. Notwithstanding any inconsistent provision of this Agreement to the contrary, if Employer, fails to provide CHLIC with accurate enrollment and eligibility information, benefit design requirements, or other agreed-upon information in CHLIC's standard timeframe and format, CHLIC shall have no liability under this Agreement for any act or omission by CHLIC, or its employees, affiliates, subcontractors, agents or representatives, directly or indirectly caused by such failure .

c.  <u>Reconciliation of Eligibility and Information and Default Terminations.</u> CHLIC will periodically share potential discrepancies in eligibility information with Employer. Employer will review and reconcile any discrepancies within thirty (30) days of receipt. If Employer fails to timely do so, CHLIC may terminate coverage for any Member not listed as eligible in Employer's submitted eligibility information.

07/30/2014

CONFIDENTIAL                                                                  CIGNA12361820

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

<u>Section 6.  Claim Audits and Confidentiality</u>

a.  <u>Claim Audit.</u> Employer may, in accordance with the following requirements and at no additional charge while this Agreement is in effect, audit CHLIC's payment of Plan Benefits:

    i.  Employer shall provide CHLIC forty-five (45) days advance written request for audit from the later of (i) receipt by CHLIC of the audit scope letter or (ii) the fully executed Claim Audit Agreement attached hereto as Exhibit C. Employer will designate with CHLIC's consent, such consent not to be unreasonably withheld, an independent, third party auditor to conduct the audit (the "**Auditor**"). In addition, Employer and CHLIC will agree upon the date for the audit during regular business hours at CHLIC's office(s). Employer shall be responsible for its Auditor's costs.  Except as otherwise agreed to by the parties in writing prior to the commencement of the audit, the audit shall be conducted in accordance with the terms of CHLIC's Claim Audit Agreement attached hereto as Exhibit C, which is hereby agreed to by Employer and which shall be signed by the Auditor prior to the start of the audit.

    ii.  If Employer has five thousand (5,000) or more employees who are Members, Employer may conduct one such audit every Plan Year (but not within six (6) months of a prior audit); otherwise, Employer may conduct one such audit every two (2) Plan Years (but not within eighteen (18) months of a prior audit).

    iii.  Auditor will have the right to conduct an electronic audit of all (100%) pharmacy claims for a time frame specified by the Auditor in Audit Scope letter.  Upon review of the audit findings, CHLIC will review and respond to no more than a random sample of two-hundred twenty-five (225) claims that specifically relate to the audit results paid and which were paid during the two prior Plan years and not previously audited subject to any contrary terms in Participating Provider agreements.  If the audit identifies any claim adjustments, any such adjustments will be made in accordance with this Agreement and based upon the actual claims reviewed and not upon statistical projections or extrapolations.

b.  <u>Confidentiality</u>

    i.  Subject to the requirements of Applicable Law, the terms of this Agreement and the Privacy Addendum in Exhibit D, a signed Business Associate agreement between Employer and its designee, and a signed Confidentiality Agreement by applicable designee, CHLIC shall release copies of confidential claims and Plan Benefit payment information in CHLIC's claims system ("**Confidential Information**") and may release copies of proprietary information relating to the Plan in CHLIC's claims system ("**Proprietary Information**") to the Employer and/or its designees.  Employer agrees that Employer and its designees will keep Confidential Information and Proprietary Information confidential and will use Confidential Information and Proprietary Information solely for the purpose of administering the Plan or as otherwise required by law.  Employer is solely responsible for the consequences of any use, misuse, or disclosure of Confidential Information provided by CHLIC pursuant to this paragraph b.

    ii.  CHLIC will maintain the confidentiality of all Protected Health Information in its possession in accordance with the Privacy Addendum in Exhibit D and any applicable state privacy laws, including, without limitation, 201 CMR 17.00: Massachusetts Standards for the Protection of Personal Information of Residents of the Commonwealth.

c.  Upon termination of this Agreement and subject to the provisions of Section 6.b above, CHLIC shall make information available to the extent administratively feasible if the Parties agree upon the charge to be paid by Employer.

The obligations set forth in this Section 6 (b), shall survive termination of this Agreement.

07/30/2014

CONFIDENTIAL                                                                                           CIGNA12361821

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

## Section 7.  Plan Benefit Liability

a.  <u>Employer Liability for Plan Benefits.</u> Employer is responsible for all Plan Benefits including any Plan Benefits paid as a result of any legal action. Employer is responsible for reimbursing CHLIC, its directors, officers and employees for any reasonable expense incurred (including reasonable attorneys' fees) by them in the defense of any action or proceeding involving a claim for Plan Benefits. CHLIC shall reasonably cooperate with Employer in its defense of such actions.

If Employer directs CHLIC in writing to pay a claim for Extra-Contractual Benefits, Employer is responsible for funding the payment and such payments shall not be considered in determining reimbursements or payments under stop loss insurance or in determining any risk-sharing or performance guarantee reimbursements. Employer shall reimburse CHLIC for any liability or expenses (including reasonable attorneys' fees) CHLIC may incur in connection with making such payments.

b.  <u>Employer Liability for Plan Related Expenses.</u> Employer shall reimburse CHLIC for any amounts CHLIC may be required to pay (i) as state premium tax or any similar Plan-related tax, charge, surcharge or assessment, or (ii) under any unclaimed or abandoned property, or escheat law, with respect to Plan Benefits and any penalties and/or interest thereon.

c.  <u>Standard of Care/Indemnity:</u> In performing its obligations under this Agreement, CHLIC shall use reasonable diligence and that degree of skill and judgment possessed by one experienced in furnishing claim administration services to plans of similar size and characteristics as the Plan.  CHLIC shall not be liable to the Employer for mistakes of judgment or other actions taken in good faith (including benefits erroneously overpaid) but shall be liable to and indemnify the Employer for any non-Plan Benefit loss, cost or expense (including reasonable attorneys' fees and court costs) for which Employer may become liable in consequence of any acts or omissions of CHLIC which, in the aggregate, constitute a failure on the part of CHLIC to perform its claim administration obligations under this Agreement in accordance with the standard set forth above.

The reimbursement obligations set forth in this Section 7 shall survive termination of this Agreement.

## Section 8.  Modification of Plan and Charges

a.  CHLIC shall have the right to revise the charges identified in this Agreement (i) upon any modification or amendment of the benefits under the Plan, (ii) upon any variation of fifteen percent (15%) or more in the number of Members used by CHLIC to calculate its charges under this Agreement, and/or (iii) upon any change in law or regulation that materially impacts CHLIC's liabilities and/or responsibilities under this Agreement.

b.  Employer shall provide CHLIC written notice of any modification or amendment to the Plan sufficiently in advance of any such change as to allow CHLIC to implement the modification or amendment. Employer and CHLIC shall agree upon the manner and timing of the implementation subject to CHLIC's system and operational capabilities.

## Section 9.  Modification of Agreement

This Agreement constitutes the entire contract between the Parties regarding the subject matter herein. Except, as otherwise provided herein, the provisions of this Agreement shall control in the event of a conflict with the terms of any other agreements. No modification or amendment hereto shall be valid unless in writing and signed by an authorized person of each of the Parties, except that modification of charges pursuant to Section 8 above may be made by written notice to Employer by CHLIC.  If Employer pays such revised charges or fails to object to such revision in writing within fifteen (15) days of receipt, this Agreement shall be deemed modified to reflect the charges as communicated by CHLIC.

07/30/2014

CONFIDENTIAL                                                                                          CIGNA12361822

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

## Section 10.  Laws Governing Contract

a.   This Agreement shall be construed in accordance with the laws of the State of Georgia without regard to conflict of law rules, and both Parties consent to the venue and jurisdiction of its courts.

b.   The Parties shall perform their obligations under this Agreement in conformance with all Applicable Laws and regulatory requirements.

c.   Nothing in this Agreement is intended to limit or modify any ERISA exemptions that the Employer may be entitled to as a government entity.

## Section 11.  Information in CHLIC's Processing Systems

CHLIC may retain and use all Plan-related claim and Plan Benefit payment information recorded for or otherwise integrated into CHLIC's business records including claim processing systems during the ordinary course of business (provided, however, that claim or payment information will be available to Employer pursuant to Section 6).  CHLIC will retain claim and payment information as required by Applicable Law.

## Section 12.  Resolution of Disputes

Any dispute between the Parties arising from or relating to the performance or interpretation of this Agreement ("**Controversy**") shall be resolved exclusively pursuant to the following mandatory dispute resolution procedures:

a.   Any Controversy shall first be referred to an executive level employee of each Party who shall meet and confer with his/her counterpart to attempt to resolve the dispute ("**Executive Review**") as follows:  The disputing Party shall give the other Party written notice of the Controversy and request Executive Review.  Within twenty (20) days of such written request, the receiving Party shall respond to the other in writing.  The notice and the response shall each include a summary of and support for the Party's position.  Within thirty (30) days of the request for Executive Review, an employee of each Party, with full authority to resolve the dispute, shall meet and attempt to resolve the dispute.

b.   If the Controversy has not been resolved within thirty-five (35) calendar days of the request of Executive Review under Section 12.a, above, the Parties agree to mediate the Controversy in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Mediation ("**Mediation**"). The mediation shall be conducted in the Atlanta Metropolitan Area. Each Party shall assume its own costs and attorneys' fees. The mediator's compensation and expenses and any administrative fees or costs associated with the mediation proceeding shall be borne equally by the Parties.

c.   Should Mediation not result in resolution of the dispute(s), either Party may initiate litigation in appropriate state or federal court in Georgia.

This Section 12 shall survive termination of this Agreement.

## Section 13.  Third Party Beneficiaries

This Agreement is solely for the benefit of Employer and CHLIC.  It shall not be construed to create any legal relationship between CHLIC and any other party.

07/30/2014

CONFIDENTIAL                                                                    CIGNA12361823

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

### Section 14.  Waivers

No course of dealing or failure of either Party to strictly enforce any term, right or condition of this Agreement shall be construed as a waiver of such term, right or condition.  Waiver by either Party of any default shall not be deemed a waiver of any other default.

### Section 15.  Headings

Article, section, or paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

### Section 16.  Severability

If any provision or any part of a provision of this Agreement is held invalid or unenforceable, such invalidity or unenforceability shall not invalidate or render unenforceable any other portion of this Agreement.

### Section 17.  Force Majeure

CHLIC shall not be liable for any failure to meet any of the obligations required under this Agreement where such failure to perform is due to any contingency beyond the reasonable control of CHLIC, their employees, officers, or directors.  Such contingencies include, but are not limited to, acts or omissions of any person or entity not employed or reasonably controlled by CHLIC, their employees, officers, or directors, acts of God, fires, wars, accidents, labor disputes or shortages, and governmental laws, ordinances, rules or regulations.

### Section 18.  Assignment and Subcontracting

Neither Party may assign any right, interest, or obligation hereunder without the express written consent of the other Party; provided, however that CHLIC may assign any right, interest, or responsibility under this Agreement to its affiliates and/or subcontract specific obligations under this Agreement provided that CHLIC shall not be relieved of its obligations under this Agreement when doing so.

### Section 19.  Notices

Except as otherwise provided, all notices or other communications hereunder shall be in writing and shall be deemed to have been duly made when (a) delivered in person, (b) delivered to an agent, such as an overnight or similar delivery service, (c) delivered electronically, or (d) deposited in the United States mail, postage prepaid, and addressed as follows:

To CHLIC:
Cigna Health and Life Insurance Company
1000 Corporate Center Drive
Franklin, TN  37067
Attention:  Chalon Carpenter
          Underwriting Manager

To Employer:
Cobb County Government
100 Cherokee Street
Suite #200
Marietta, GA  30090
Attention: Mr. Tony Hagler

The address to which notices or communications may be given by either Party may be changed by written notice given by one Party to the other pursuant to this Section.

07/30/2014

CONFIDENTIAL

CIGNA12361824

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

### Section 20.  Identifying Information and Internet Usage

Except, as necessary in the performance of their duties under this Agreement, neither Party may use the other's name, logo, service marks, trademarks or other identifying information or to establish a link to the other's World Wide Web site without its prior written approval.

### Section 21. Compliance with Georgia Security and Immigration Compliance Act

(i)     CHLIC will execute and/or have executed the affidavits attached to this Agreement as Exhibit E, showing compliance with the requirements of O.C.G.A 13-10-91 and that such be made part of the contract and/or subcontracts; and

(ii)    CHLIC will notify the County within five (5) business days of entering into a contract or other agreement for hire with any subcontractors specifically retained for the administration of County's account regardless of tier;

(iii)   The Employer reserves the right to dismiss, or require the dismissal of, any contractor or subcontractor for failing to provide the required affidavit or certification and/or for failure to comply with the statutory requirements of O.C.G.A 13-10-91 and/or for providing false or misleading information upon the required affidavit(s) or certifications.

07/30/2014

11

CONFIDENTIAL

CIGNA12361825

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

# SIGNATURES

**IN WITNESS WHEREOF**, the Parties have caused this Agreement, and all Exhibits and Addenda to this Agreement, to be executed in duplicate and signed by their respective officers duly authorized to do so as of the dates given below. Employer executes as the authorized representative of the Plan with respect to the Privacy Addendum to this Agreement.

Dated at _____, _____

This 5ᵀᴴ day of *Aug, 2014*

**COBB COUNTY GOVERNMENT**

By: _____
Name:
Its
Duly Authorized

**APPROVED**
**PER MINUTES OF**
**COBB COUNTY**
**BOARD OF COMMISSIONERS**
**7/23/2014**

Dated at Hartford, Connecticut

This 30th day of July, 2014

**CIGNA HEALTH AND LIFE INSURANCE COMPANY**

By: _____
Name: Victoria A. Sirica
Its Contractual Agreement Unit Manager
Duly Authorized

APPROVED AS TO FORM

07/30/2014

12

CIGNA12361826

Client Name: Cobb County Government
Administrative Services Only Agreement

# Schedule of Financial Charges

Certain fees and charges identified in this Schedule of Financial Charges will be billed to Employer monthly in accordance with CHLIC's then standard billing practices. However, CHLIC is authorized to pay all fees and charges from the Bank Account unless otherwise specified in this Agreement.

## PHARMACY ADMINISTRATION CHARGES

| Product | Description | Charge |
|---|---|---|
| Pharmacy | • Standalone Pharmacy | Included at No Additional Charge |

### CIGNA PHARMACY BENEFIT MANAGEMENT SERVICES CHARGES AND RELATED PROVISIONS

**Definitions**

- "Average Wholesale Price" or "AWP" is the Average Wholesale Price for a given pharmaceutical product in effect on the dispense date for the actual package size dispensed as published by Medi-Span or other alternative publication or benchmark reasonably designated by CHLIC.

- "Brand Drug Claim" is a claim for a pharmaceutical product that is adjudicated as a brand drug as indicated on the claim record generated by the claim processing system used by CHLIC. For application of discounts and dispensing fees, a "Brand Drug Claim" includes a claim for a generic drug within its exclusivity period or other period of limited competition, as CHLIC reasonably determines under its standard policies.

- "Generic Drug Claim" is a claim for a pharmaceutical product that is adjudicated as a generic drug as indicated on the claim record generated by the claim processing system used by CHLIC. For application of discounts and dispensing fees, a "Generic Drug Claim" excludes a claim for a generic drug within its exclusivity period or other period of limited competition, as CHLIC reasonably determines under its standard policies.

- "Mail Service Pharmacy" or "Cigna Tel-Drug" or "Cigna Home Delivery Pharmacy" is a pharmacy that is owned or operated by CHLIC or an affiliated company(ies) (currently, Tel-Drug, Inc. and Tel-Drug of Pennsylvania, LLC), which dispenses drugs covered under the Plan's Pharmacy Benefit by mail, and is not a Retail Pharmacy.

- "Pharmacy Benefit" means the terms of the Plan that govern coverage and care/utilization management of drugs and related supplies dispensed to Members and charged to the Plan by the Mail Service Pharmacy or Retail Pharmacies through CHLIC's pharmacy claim processing system.

- "Rebates" or "Manufacturer Formulary Payments" means amounts that CHLIC collects under contracts it enters into with drug manufacturers that are based on utilization of certain of the manufacturers' brand drugs under the Plan's Pharmacy Benefit and the drug's status on the Cigna drug formulary.

- "Retail Pharmacy" is a pharmacy that is entitled to payment under the Plan for drugs it dispenses that are covered under the Plan's Pharmacy Benefit, and is not a Mail Service Pharmacy.

- "Specialty Drug Claim" is a claim for a pharmaceutical product that is reasonably determined by CHLIC to be a specialty drug in accordance with industry practice. Specialty drugs generally are (i) injected or infused and derived from living cells, or are oral non-protein compounds (e.g., oral chemotherapy drugs); (ii) target the underlying condition, which is usually one of a relatively rare, chronic and costly nature; and/or (iii) require restricted access and/or close monitoring.

13

07/30/2014

CONFIDENTIAL

CIGNA12361827

Client Name: Cobb County Government
Administrative Services Only Agreement

| CHARGES FOR DRUGS COVERED UNDER THE PLAN'S PHARMACY BENEFIT |
|---|
| **Drug Dispensed by Mail Service Pharmacy (Effective January 1, 2014 through December 31, 2014):**  CHLIC will charge Employer the following for claims covered under the Plan's Pharmacy Benefit and dispensed by the Mail Service Pharmacy: |
| **Brand Drug Claims:**  AWP minus an average discount of 26.00% plus an average dispensing fee of $0.00. |
| **Generic Drug Claims:** The drug's charge on a CHLIC generic Maximum Allowable Charge schedule that generates an annual average aggregate discount across Generic Drug Claims dispensed at CIGNA Home Delivery Pharmacy to CHLIC group-client book of business of AWP minus 82.50% plus an average dispensing fee across such Generic Drug Claims of not more than $0.00. |
| **Specialty Brand Drug Claims:** The drug's charge under a national discount schedule that generates a 14.50% annual average aggregate discount off AWP for Specialty Drug Claims dispensed at CIGNA Home Delivery Pharmacy across CHLIC's group-client book of business (including Specialty Drug Claims dispensed by Mail Service Pharmacy, whether covered under group-clients' Cigna Pharmacy Benefit or Cigna medical benefit). |
| **Drug Dispensed by Mail Service Pharmacy (Effective January 1, 2015 through December 31, 2015):**  CHLIC will charge Employer the following for claims covered under the Plan's Pharmacy Benefit and dispensed by the Mail Service Pharmacy: |
| **Brand Drug Claims:**  AWP minus an average discount of 26.00% plus an average dispensing fee of $0.00. |
| **Generic Drug Claims:** The drug's charge on a CHLIC generic Maximum Allowable Charge schedule that generates an annual average aggregate discount across Generic Drug Claims dispensed at CIGNA Home Delivery Pharmacy to CHLIC group-client book of business of AWP minus 82.50% plus an average dispensing fee across such Generic Drug Claims of not more than $0.00. |
| **Specialty Brand Drug Claims:** The drug's charge under a national discount schedule that generates a 14.50% annual average aggregate discount off AWP for Specialty Drug Claims dispensed at CIGNA Home Delivery Pharmacy across CHLIC's group-client book of business (including Specialty Drug Claims dispensed by Mail Service Pharmacy, whether covered under group-clients' Cigna Pharmacy Benefit or Cigna medical benefit). |
| **Drug Dispensed by Mail Service Pharmacy (Effective January 1, 2016 through December 31, 2016):**  CHLIC will charge Employer the following for claims covered under the Plan's Pharmacy Benefit and dispensed by the Mail Service Pharmacy: |
| **Brand Drug Claims:**  AWP minus an average discount of 26.00% plus an average dispensing fee of $0.00. |
| **Generic Drug Claims:** The drug's charge on a CHLIC generic Maximum Allowable Charge schedule that generates an annual average aggregate discount across Generic Drug Claims dispensed at CIGNA Home Delivery Pharmacy to CHLIC group-client book of business of AWP minus 82.50% plus an average dispensing fee across such Generic Drug Claims of not more than $0.00. |
| **Specialty Brand Drug Claims:** The drug's charge under a national discount schedule that generates a 14.50% annual average aggregate discount off AWP for Specialty Drug Claims dispensed at CIGNA Home Delivery Pharmacy across CHLIC's group-client book of business (including Specialty Drug Claims dispensed by Mail Service Pharmacy, whether covered under group-clients' Cigna Pharmacy Benefit or Cigna medical benefit). |

07/30/2014

14

CIGNA12361828

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

**Drugs Dispensed by Retail Pharmacies(Effective January 1, 2014 through December 31, 2014):** CHLIC will charge Employer the following for drugs covered under the Plan's Pharmacy Benefit and dispensed by a Retail Pharmacy to the Plan Members, subject to the "Drug Charges – Additional Provisions" section:

**Retail Brand Drug Claims:** The lesser of (i) AWP minus an average discount of 18.58% plus an average dispensing fee of $0.75; or (ii) the Retail Pharmacy's usual and customary charge.

**Retail Generic Drug Claims** (other than those to which the above brand discount applies): The lesser of: (i) the drug's charge on a CHLIC generic Maximum Allowable Charge schedule that generates an annual average aggregate discount across Generic Drug Claims dispensed at Retail Pharmacies to CHLIC group-client book of business of AWP minus 78.92% (Plan-specific results may vary based on drug mix), plus an average dispensing fee across such Generic Drug Claims of no more than $0.75; or (ii) the Retail Pharmacy's usual and customary charge.

**Retail Specialty Brand Drug Claims:** The lesser of (i) AWP minus an annual average aggregate discount of 13.50%, plus an average dispensing fee of no more than $0.75; or (ii) the Retail Pharmacy's usual and customary charge.

**Drugs Dispensed by Retail Pharmacies(Effective January 1, 2015 through December 31, 2015):** CHLIC will charge Employer the following for drugs covered under the Plan's Pharmacy Benefit and dispensed by a Retail Pharmacy to the Plan Members, subject to the "Drug Charges – Additional Provisions" section:

**Retail Brand Drug Claims:** The lesser of (i) AWP minus an average discount of 18.83% plus an average dispensing fee of $0.70; or (ii) the Retail Pharmacy's usual and customary charge.

**Retail Generic Drug Claims** (other than those to which the above brand discount applies): The lesser of: (i) the drug's charge on a CHLIC generic Maximum Allowable Charge schedule that generates an annual average aggregate discount across Generic Drug Claims dispensed at Retail Pharmacies to CHLIC group-client book of business of AWP minus 79.50% (Plan-specific results may vary based on drug mix), plus an average dispensing fee across such Generic Drug Claims of no more than $0.70; or (ii) the Retail Pharmacy's usual and customary charge.

**Retail Specialty Brand Drug Claims:** The lesser of (i) AWP minus an annual average aggregate discount of 13.50%, plus an average dispensing fee of no more than $0.70; or (ii) the Retail Pharmacy's usual and customary charge.

**Drugs Dispensed by Retail Pharmacies(Effective January 1, 2016 through December 31, 2016):** CHLIC will charge Employer the following for drugs covered under the Plan's Pharmacy Benefit and dispensed by a Retail Pharmacy to the Plan Members, subject to the "Drug Charges – Additional Provisions" section:

**Retail Brand Drug Claims:** The lesser of (i) AWP minus an average discount of 19.00% plus an average dispensing fee of $0.70; or (ii) the Retail Pharmacy's usual and customary charge.

**Retail Generic Drug Claims** (other than those to which the above brand discount applies): The lesser of: (i) the drug's charge on a CHLIC generic Maximum Allowable Charge schedule that generates an annual average aggregate discount across Generic Drug Claims dispensed at Retail Pharmacies to CHLIC group-client book of business of AWP minus 79.60% (Plan-specific results may vary based on drug mix), plus an average dispensing fee across such Generic Drug Claims of no more than $0.70; or (ii) the Retail Pharmacy's usual and customary charge.

**Retail Specialty Brand Drug Claims:** The lesser of (i) AWP minus an annual average aggregate discount of 13.50%, plus an average dispensing fee of no more than $0.70; or (ii) the Retail Pharmacy's usual and customary charge.

15

07/30/2014

CIGNA12361829

Client Name: Cobb County Government
Administrative Services Only Agreement

## DRUG CHARGES — ADDITIONAL PROVISIONS

* Cigna Home Delivery Pharmacy's discounts are applied to the manufacturer average wholesale price (AWP) for the dispensed size (or to the AWP for the manufacturer-packaged quantity closest to the dispensed size, if there is no AWP for the dispensed size).

* Cigna Home Delivery Pharmacy will be reimbursed through the Bank Account for the price (discounted as per this Schedule) for replacement prescriptions shipped by Cigna Home Delivery Pharmacy which are reported as lost or damaged despite Cigna Home Delivery Pharmacy's shipment to the Participant's correct name and address.

* The amount paid to the Retail Pharmacy for Brand, Generic, or Specialty Drug Claims may or may not be equal to the amount charged to Employer, and CHLIC will absorb or retain any difference.

* An excess achieved in any Plan-specific discount floor or dispensing fee cap offered under this Agreement will be used to offset a shortfall in any other Plan-specific discount floor or dispensing fee cap offered under this Agreement.

* Industry Changes to or Replacement of Average Wholesale Price (AWP). Notwithstanding any other provision in this Agreement, including in this Exhibit, in the event of any major change in market conditions affecting the pharmaceutical or pharmacy benefit management market, including, for example, any change in the markup, methodologies, processes or algorithms underlying the published AWP(s), CHLIC may adjust any or all of the charges, rates, discounts, guarantees and/or fees in connection with CHLIC's administration of the Plan's Pharmacy Benefit hereunder, including any that are based on AWP, as it reasonably deems necessary to preserve the economic value or benefit of this Agreement as it existed immediately prior to such change. Additionally, and notwithstanding any other provision in this Agreement, including in this Exhibit, CHLIC may replace AWP as its pharmaceutical pricing benchmark with an alternative benchmark and/or may replace Medi-Span, or other such publication as its source for the AWP or alternative benchmark with a different pricing source, provided that CHLIC adjusts any or all such AWP-Based Charges or such alternative benchmark-based charges as it reasonably deems necessary to preserve the economic value or benefit of this Agreement as it existed immediately prior to such replacement or immediately prior to the event(s) giving rise to such replacement, as the case may be.

16

07/30/2014

CONFIDENTIAL

CIGNA12361830

Client Name: Cobb County Government
Administrative Services Only Agreement

## DRUG MANUFACTURER PAYMENT SHARING

Subject to the caveats below, CHLIC will remit to Employer the following portion of Rebates that CHLIC collects with respect to utilization under the Plan's Pharmacy Benefit:

**For 1-1-2014 – 12-31-2014:** The greater of 100.00% of Rebates, or the sum of $24.49 multiplied by the number of Retail Pharmacy Brand Drug Claims plus $133.85 multiplied by the number of Mail Service Pharmacy Brand Drug Claims.

**For 1-1-2015 – 12-31-2015:** The greater of 100.00% of Rebates, or the sum of $27.72 multiplied by the number of Retail Pharmacy Brand Drug Claims plus $153.67 multiplied by the number of Mail Service Pharmacy Brand Drug Claims.

**For 1-1-2016 – 12-31-2016:** The greater of 100.00% of Rebates, or the sum of $27.72 multiplied by the number of Retail Pharmacy Brand Drug Claims plus $153.67 multiplied by the number of Mail Service Pharmacy Brand Drug Claims.

Caveats:

(1) Upon termination of this Agreement, CHLIC may apply Rebates otherwise payable to offset Bank Account or other deficits of charges identified in this Agreement.

(2) Should Employer terminate this Agreement before completion of the then-current Plan Year, no Rebates shall be due with respect to that Plan Year.

(3) All applicable caveats communicated in writing by CHLIC in connection with its proposal made in connection with this Agreement.

(4) For percentage-based sharing arrangements, payout amount may differ slightly from the stated percentage when payout occurs before manufacturers' final reconciliations and payments are made to CHLIC.

(5) Rebates are not paid out on Run-Out Claims.

(6) CHLIC contracts with drug manufacturers on its own behalf, and not as agent of the Employer or the Plan.

<u>Timing of Rebate Pay-Out:</u> Remittance will be provided within ninety (90) days after the close of each applicable calendar year for the portion of such calendar year that coincides with the Plan Year.

17

07/30/2014

CONFIDENTIAL

CIGNA12361831

Client Name: Cobb County Government
Administrative Services Only Agreement

## AUDIT RIGHTS RELATED TO MANUFACTURER PAYMENTS

Employer's third party auditor may audit records directly related to CHLIC's performance of its obligations hereunder regarding sharing of manufacturer formulary payments (a/k/a "rebates") once in each twelve-month period upon the following conditions: Employer shall provide at least forty-five (45) days written notice to CHLIC; the auditor (including its individual auditors conducting the audit) shall be agreeable to Employer and CHLIC; a mutually agreed upon non-disclosure/non-use contract shall be executed by Employer, the auditor and CHLIC; the records to be audited shall be no more than two years old as of the date of the audit; the scope of records to be audited shall be as mutually agreed upon by Employer's third party auditor and CHLIC as those which are necessary to determine compliance with the rebate-sharing obligations under this Agreement; the audit shall be conducted at a mutually acceptable time during regular business hours at CHLIC's office where such records are located; records shall not be removed or photocopied without CHLIC's express written consent; the auditor shall provide its audit report to CHLIC and Employer at the same time; and the auditor may disclose the aggregate amount of manufacturer formulary payments due Employer but no other details of CHLIC's manufacturer contracts of which the auditor is apprised, if any.

## CHLIC COST CONTAINMENT FEES

CHLIC, a Cigna company, administers the following programs to contain costs with respect to charges for health care service/supplies that are covered by the Plan. In administering these programs, CHLIC contracts with vendors to perform program related services. Specific vendor fees are available upon request. CHLIC's charge for administering these programs is the percentage (indicated below) of either (1) the "net savings" (i.e. the difference between the charge that the provider would have made absent the program savings and the charge made as a result of the program savings, less the applicable vendor fee which generally ranges from 7-11% of the program savings) or (2) the "gross savings" (i.e. the difference between the charge that the provider would have made absent the program savings and the charge made as a result of the program savings; CHLIC pays the applicable vendor fee) or (3) the "recovery" (i.e. the amount recovered) as applicable.

For covered services received from non-Participating Providers, CHLIC may apply discounts available under agreements with third parties or through negotiation of the billed charges. These programs are identified below as the Network Savings Program, Supplemental Network & Medical Bill Review (pre-payment). This is consistent with the claim administration practices applicable to CHLIC's own health care insurance business when these programs are implemented. CHLIC charges the percentage shown for administering these programs. Applying these discounts may result in higher payments than if the maximum reimbursable charge is applied. Whereas application of the maximum reimbursable charge may result in the patient being balance billed for the entire unreimbursed amount, applying these discounts avoids balance billing and substantially reduces the patient's out-of-pocket cost.

### PHARMACY COST CONTAINMENT

| | | | |
|---|---|---|---|
| 1. | High Cost Specialty Pharmaceutical Audits | 29% of recovery | All Products |
| 2. | Pharmacy Vendor Recoveries | 30% of recovery | |
| 3. | Class Action Recoveries | 35% of recovery | |

### OTHER VENDORS AND HEALTH CARE SERVICES PROVIDERS

Capitation and fee-for-service charges for various vendors and other providers/arrangers of health care services and/or supplies will be paid as claims for Plan Benefits. Such payments will be at CHLIC's applicable capitation or fee-for-service charges then in effect, which may be amended from time to time. Additional details regarding charges and the identity of the vendor or provider of health care services will be made available upon request.

18

07/30/2014

CIGNA12361832

Client Name: Cobb County Government
Administrative Services Only Agreement

| NOTICE REGARDING PAYMENTS FROM THIRD PARTIES | |
| --- | --- |
| Unless indicated otherwise in the Schedule of Financial Charges, CHLIC retains all payments it may receive from manufacturers of pharmaceutical products covered under the Plan. Information on the amount of such payments with respect to the Plan will be provided upon request. | All Pharmacy Products |
| From time to time, CHLIC, directly or through its affiliates, contracts with third party parties (e.g., service vendors, provider network managers) for referring them to Employer or to provide various services (e.g., cost-containment initiatives) in connection with the Plan. CHLIC and its affiliates may receive payments from such third parties for such referrals or to help defray expenses associated with implementing the services provided to the Plan. | All Products |

| COMPLIANCE ASSISTANCE | |
| --- | --- |
| CHLIC shall provide the following services to assist Employer in meeting its compliance obligations under section 2715 of the Public Health Service Act as added by the Patient Protection and Affordable Care Act and applicable regulations with respect to the provision of the Summary of Benefits ("SBC"), translation notice and glossary. Applicable to all medical plans including HRA and FSA which are considered "group health plans" subject to the SBC requirements. | |
| 1. Preparation of SBC, translation notice. CHLIC will not be responsible for any changes that Employer makes to the SBC. | No charge |
| 2. Provide SBC, translation notices prepared by CHLIC to Employer electronically as well as any updates or material modifications. | No charge |
| 3. Include in SBC a summary of benefits administered by carve-out vendor if Employer or carve-out vendor provide CHLIC with necessary carve-out benefit information at least 12 weeks prior to the date the SBCs are to be delivered to Employer. | $500 for each benefit option under the Plan for which carve-out vendor benefits are included in SBC |

| ADDITIONAL SERVICES | |
| --- | --- |
| Service | Description | Charge |
| Clinical Program | • Cigna TheraCare® Program – a targeted condition drug therapy management program that targets individuals using specialty medications for certain chronic conditions and helps them better understand their condition, medication side effects and importance of adherence. | Included at No Additional Cost |

19

07/30/2014

CONFIDENTIAL

CIGNA12361833

Client Name: Cobb County Government
Administrative Services Only Agreement

## Exhibit A - Plan Document

A "Plan Booklet" that describes the Plan Benefits and Members' rights and responsibilities under the Plan will be provided by Employer to CHLIC for its use in administering the Plan including denials and appeals of denials of claims for Plan Benefits. If Employer has not provided CHLIC with a copy of its finalized Plan Booklet by the time this Agreement is effective, CHLIC will administer the Plan in accordance with Plan Benefits described in the Plan Booklet draft provided by CHLIC to Employer and Section 2 of this Agreement. CHLIC will continue to administer the Plan in this manner until CHLIC receives the finalized Plan Booklet and follows CHLIC's preparation and review process. After that time CHLIC will administer the Plan in accordance with the Plan Benefits described in the finalized Plan Booklet and Section 2 of this Agreement.

07/30/2014

CONFIDENTIAL

CIGNA12361834

Client Name: Cobb County Government
Administrative Services Only Agreement

# Exhibit B – Services

| | BANKING AND ADMINISTRATION | |
|---|---|---|
| | **Products excluding Health Savings Account** | |
| 1. | Furnishing CHLIC's standard Bank Account activity data reports to Employer as and when agreed upon. CHLIC's administration of the Plan does not include performing obligations, if any, under state escheat or unclaimed property laws. It is Employer's responsibility to determine the extent to which these laws may apply to the Plan and to comply with such laws. | All Products |
| 2. | Report to Employer the claim payment information required in connection with Section 6041 of the Internal Revenue Code. | All Products |
| 3. | If Employer has elected, pursuant to section 63 of the New York Health Care Reform Act of 1996 (section 2807-t of the Public Health Law) ("the Act"), to pay the assessment on covered lives set forth in section 63 and has consented to the conditions set forth in section 63, CHLIC shall file such forms and pay such assessment on covered lives on behalf of Employer through the Bank Account to the extent set forth in section 63. Such obligation shall end immediately upon Employer's failure to provide any information required by CHLIC to fulfill this obligation, the failure to comply with any requirement imposed upon Employer pursuant to the Act or the failure of Employer to properly fund the Bank Account.<br><br>In addition, where permitted, CHLIC will file applicable forms and pay on behalf of Employer and/or the Plan any assessment, surcharge, tax or other similar charge which is required to be made by you or the Plan based on covered lives and/or paid claims or otherwise in accordance with and as required by other applicable state and/or federal laws and regulations and your bank account will be charged for any such payments made by CHLIC. | All Products |

21

07/30/2014

CONFIDENTIAL

CIGNA12361835

Client Name: Cobb County Government
Administrative Services Only Agreement

| | CLAIM ADMINISTRATION | |
|---|---|---|
| | **Products excluding Health Savings Account** | |
| 1. | Calculate benefits, check and/or electronic payments disbursed from Employer's Bank Account. Bank Account payments will appear in Employer's standard Bank Account activity data reports. | **All Products** |
| 2. | Prepare and make available CHLIC's standard claim forms. | **All Products** |
| 3. | Investigate claims, as necessary, by CHLIC's Special Investigations Unit. | **All Products** |
| 4. | Discuss claims, when appropriate, with providers of health services. | **All Products** |
| 5. | Perform internal audits of plan benefit payments on a random sample basis. | **All Products** |
| 6. | Claim control procedures reported annually in Statement on Standards for Attestation Engagements (SSAE) No. 16 Report (SAS70 successor report). | **All Products (excluding Vision)** |
| 7. | Respond to Insurance Department complaints. | **All Products** |
| 8. | Dedicated toll-free telephone line for Member and Provider calls to CHLIC Service Centers. | **All Products** |
| 9. | Member Explanation of Benefit ("EOB") statements including, when applicable, notice of denied claims, denial reason(s) and appeal rights. | **All Products** |
| 10. | Verify enrollment and eligibility using Member information submitted by Employer and/or its authorized agent. | **All Products** |
| | **Pharmacy Only** | |
| 1. | CHLIC's standard ID cards with toll-free telephone number are prepared and mailed directly to Members. | **All Pharmacy Products** |
| 2. | Pharmacy claims are adjudicated typically on-line at time of service without access to information on other coverage, and therefore coordination of benefits (COB) for pharmacy claims does not occur.  Claims for Plan Benefits will be paid regardless of coverage under another plan. | **All Pharmacy Products** |
| 3. | CHLIC's standard drug utilization review services. | **All Pharmacy Products** |
| | DOCUMENT PRODUCTION | |
| | **Products excluding Health Savings Account** | |
| | Prepare Member benefit booklet drafts to Employer. | **All Products** |

22

CONFIDENTIAL

CIGNA12361836

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

| UNDERWRITING SERVICES | |
|---|---|
| 1. 5500 Schedule C reporting (when applicable) | All Products |
| 2. 5500 Schedule A or Annual Reconciliation Disclosure reporting (when applicable) | All Products |
| 3. CHLIC's standard Underwriting services: a) benefit design analysis-b) projected cost analysis. | All Products |
| **HIPAA INDIVIDUAL RIGHTS** | |
| **Products excluding Health Savings Account** | |
| Handling of requests from Members for access to, amendment and accounting of protected health information, and requests for restrictions and alternative communications as required under federal HIPAA law and regulations, as set out in this Agreement and its Exhibits. | All Products |
| **COST CONTAINMENT** | |
| 1. Pharmacy Vendor Recoveries. | All Pharmacy Products |
| **CUSTOMER REPORTING** | |
| 1. Summary reports of pharmacy cost and utilization experience are available through Cigna's web site, CignaAccess.com. | Pharmacy Products |
| 2. CHLIC's standard pharmacy utilization reports. | Pharmacy Product Only |

23

CONFIDENTIAL

CIGNA12361837

Client Name: Cobb County Government
Administrative Services Only Agreement

## Exhibit C – Claim Audit Agreement (Sample)

A.    WHEREAS, Cigna Health and Life Insurance Company ("CHLIC") desires to cooperate with requests by _____(" Employer") to permit an audit for the purposes set forth below; and

B.    WHEREAS, _____("Auditor") has been retained by Employer for the purpose of performing an audit ("Audit") of claims administered by CHLIC.

C.    WHEREAS, the Auditor and the Employer recognize CHLIC's legitimate interests in maintaining the confidentiality of its claim information, protecting its business reputation, avoiding unnecessary disruption of its claim administration, and protecting itself from legal liability;

NOW THEREFORE, IN CONSIDERATION of the premises and the mutual promises contained herein, CHLIC, the Employer and the Auditor hereby agree as follows:

1.    Audit Specifications

The Auditor will specify to CHLIC in writing at least forty-five (45) days prior to the commencement of the Audit the following "Audit Specifications":

    a.    the name, title and professional qualifications of individual Auditors;
    b.    the Claim Office locations, if any, to be audited;
    c.    the Audit objectives;
    d.    the scope of the Audit (time period, lines of coverage and number of claims);
    e.    the process by which claims will be selected for audit;
    f.    the records/information required by the Auditor for purposes of the Audit; and
    g.    the length of time contemplated as necessary to complete the Audit.

2.    Review of Specifications

CHLIC will have the right to review the Audit Specifications and to require any changes in, or conditions on, the Audit Specifications which may be necessary to protect CHLIC's legal and business interests identified in paragraph C above.

3.    Access to Information

CHLIC will make the records/information called for in the Audit Specifications available to the Auditor at a mutually acceptable time and place.

4.    Audit Report

The Auditor will provide CHLIC with a true copy of the Audit's findings, as well as the Audit Report, if any, that is submitted to the Employer. Such copies will be provided to CHLIC at the same time that the Audit findings and the Audit Report are submitted to the Employer.

5.    Comment on Audit Report

CHLIC reserves the right to provide the Auditor and the Employer with its comments on the findings and, if applicable, the Audit Report.

07/30/2014

24

CONFIDENTIAL                                                                                   CIGNA12361838

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

6.   Confidentiality

The Auditor understands that CHLIC is permitting the Auditor to review the claim records/information solely for purposes of the Audit. Accordingly, the Auditor will ensure that all information pertaining to individual claimants will be kept confidential in accordance with all Applicable Laws and/or regulations. Without limiting the generality of the foregoing, the Auditor specifically agrees to adhere to the following conditions:

a.   The Auditor shall not make photocopies or remove any of the claim records/information without the express written consent of CHLIC;

b.   The Auditor agrees that its Audit Report or any other summary prepared in connection with the Audit shall contain no individually identifiable information.

7.   Restricted Use of the Audit Information

With respect to persons other than the Employer, the Auditor will hold and treat information obtained from CHLIC during the Audit with the same degree and standard of confidentiality owed by the Auditor to its clients in accordance with all applicable legal and professional standards. The Auditor shall not, without the express written consent of CHLIC executed by an officer of CHLIC, disclose in any manner whatsoever, the results, conclusions, reports or information of whatever nature which it acquires or prepares in connection with the Audit to any party other than the Employer except as required by Applicable Law. The Employer and Auditor agree to indemnify and to hold harmless CHLIC for any and all claims, costs, expenses and damages which may result from any breaches of the Auditor's obligations under paragraphs 6 and 7 of this Agreement or from CHLIC's provision of information to the Auditor. The Employer authorizes CHLIC to provide to the designated Auditor the necessary information to perform the audit in a manner consistent with all Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Privacy Standards and in compliance with the signed Business Associate Agreement ("BAA").

8.   Termination

CHLIC may terminate this agreement with prior written notice. The obligations set forth in Sections 4 through 7 shall survive termination of this agreement.

CONFIDENTIAL

CIGNA12361839

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

**Cigna Health and Life Insurance Company**

By: <u>TO BE SIGNED AT TIME OF AUDIT</u>
      Duly Authorized

Print Name: _____

Title: _____

Date: _____


**Employer:** _____

By: <u>TO BE SIGNED AT TIME OF AUDIT</u>
      Duly Authorized

Print Name: _____

Title: _____

Date: _____


**Auditor:** _____

By: <u>TO BE SIGNED AT TIME OF AUDIT</u>
      Duly Authorized

Print Name: _____

Title: _____

Date: _____

07/30/2014

CONFIDENTIAL

CIGNA12361840

Client Name: Cobb County Government
Administrative Services Only Agreement

## Exhibit D – Privacy Addendum
("Business Associate Agreement")

### I. GENERAL PROVISIONS

**Section 1.** <u>Effect</u>. As of the Effective Date, the terms and provisions of this Addendum are incorporated in and shall supersede any conflicting or inconsistent terms and provisions of (as applicable) the Administrative Services Only Agreement and/or Flexible Spending Account or Reimbursement Accounts Administrative Services Agreement to which this Addendum is attached, including all exhibits or other attachments to, and all documents incorporated by reference in, any such applicable agreements (individually and collectively any such applicable agreements are referred to as the **"Agreement"**). This Addendum sets out terms and provisions relating to the use and disclosure of Protected Health Information (**"PHI"**) without written authorization from the Individual.

**Section 2.** <u>Amendment to Comply with Law</u>. CHLIC, Fund (also referred to as **"Plan Sponsor"**) and the group health plan that is the subject of the Agreement (also referred to as the **"Plan"**) agree to amend this Addendum to the extent necessary to allow either the Plan or CHLIC to comply with applicable laws and regulations including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 and its implementing Administrative Simplification regulations (45 C.F.R. Parts 142, 160, 162 and 164) (**"HIPAA"**), also known as the HIPAA Standards for Electronic Transactions, the HIPAA Security Standards, and the HIPAA Privacy Rule; the Health Information Technology for Economic and Clinical Health Act, which was included in the American Recovery and Reinvestment Act of 2009 (P.L. 111-5 (**"ARRA"**)) and its implementing regulations and guidance (**"HITECH"**).

**Section 3.** <u>Relationship of Parties</u>. The parties intend that CHLIC is an independent contractor and not an agent of the Plan.

### II. PERMITTED USES AND DISCLOSURES BY CHLIC

**Section 1.** <u>Disclosures Generally</u>. Except as otherwise provided in this Addendum, CHLIC may use or disclose PHI to perform functions, activities, or services for, or on behalf of, the Plan as specified in the Agreement, provided that such use or disclosure would not violate the HIPAA Privacy & Security Rules if done by the Plan.

**Section 2.** <u>To Carry Out Plan Obligations</u>. To the extent CHLIC is to carry out one or more of the Plan's obligations under Subpart E of 45 CFR Part 164, CHLIC agrees to comply with the requirements of Subpart E that apply to the Plan in the performance of such obligations.

**Section 3.** <u>Management & Administration</u>.

(A) CHLIC may use PHI for the proper management and administration of CHLIC or to carry out the legal responsibilities of CHLIC.

(B) CHLIC may disclose PHI for the proper management and administration of CHLIC, provided that disclosures are: (a) required by law or (b) CHLIC obtains reasonable assurances from the person to whom the information is disclosed that it will remain confidential and used or further disclosed only as required by law or for the purpose for which it is disclosed to the person, and the person notifies CHLIC of any instances of which it is aware in which the confidentiality of the information has been breached.

07/30/2014

CONFIDENTIAL                                                                    CIGNA12361841

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

(C) Except as otherwise limited in this Addendum, CHLIC may use PHI to provide Data Aggregation services relating to the healthcare operations of the Plan or to de-identify PHI. Once information is de-identified, this Addendum shall not apply.

**Section 4.** Required By Law. CHLIC may use or disclose PHI as required by law.

III.   **OTHER OBLIGATIONS AND ACTIVITIES OF CHLIC**

**Section 1.** Receiving Remuneration in Exchange for PHI Prohibited. CHLIC shall not directly or indirectly receive remuneration in exchange for any PHI of an Individual, unless an authorization is obtained from the Individual, in accordance with 45 C.F.R. §164.508, that specifies whether PHI can be exchanged for remuneration by the entity receiving PHI of that individual, unless otherwise permitted under the HIPAA Privacy Rule.

**Section 2.** Limited Data Set or Minimum Necessary Standard and Determination. CHLIC shall, to the extent practicable, limit its use, disclosure, or request of Individuals' PHI to the minimum necessary amount of Individuals' PHI to accomplish the intended purpose of such use, disclosure, or request and to perform its obligations under the underlying Agreement and this Addendum. CHLIC shall determine what constitutes the minimum necessary to accomplish the intended purpose of such disclosure. CHLIC's obligations under this Section 3 shall be subject to modification to comply with future guidance to be issued by the Secretary.

**Section 3.** Security Standards. CHLIC shall use appropriate safeguards and comply with Subpart C of 45 CFR Part 164 with respect to Electronic PHI to prevent use or disclosure of PHI other than as provided for by the Agreement .

**Section 4.** Protection of Electronic PHI. With respect to Electronic PHI, CHLIC shall:

(A) Implement administrative, physical, and technical safeguards that reasonably and appropriately protect the confidentiality, integrity, and availability of the Electronic PHI that CHLIC creates, receives, maintains, or transmits on behalf of the Plan as required by the Security Standards;

(B) Ensure that any agent, including a subcontractor, to whom CHLIC provides Electronic PHI agrees to implement reasonable and appropriate safeguards to protect such information;  and,

(C) Report to the Plan any Security Incident of which it becomes aware.

**Section 5.** Reporting of Violations. CHLIC shall report to the Plan any use or disclosure of PHI not provided for by this Addendum of which it becomes aware. CHLIC agrees to mitigate, to the extent practicable, any harmful effect from a use or disclosure of PHI in violation of this Addendum of which it is aware.

**Section 6.** Security Breach Notification. CHLIC will notify the Plan of a Breach (including privacy related incidents that might, upon further investigation, be deemed to be a Breach) without unreasonable delay and, in any event, within ten business days after CHLIC's discovery of same. This notification will include, to the extent known:

07/30/2014

28

Client Name: Cobb County Government
Administrative Services Only Agreement

---

    i.   the names of the individuals whose PHI was involved in the Breach;

    ii.   the circumstances surrounding the Breach;

    iii.  the date of the Breach and the date of its discovery;

    iv.  the information Breached;

    v.   any steps the impacted individuals should take to protect themselves;

    vi.  the steps CHLIC is taking to investigate the Breach, mitigate losses, and protect against future Breaches; and,

    vii. a contact person who can provide additional information about the Breach.

For purposes of discovery and reporting of Breaches, CHLIC is not the agent of the Plan or the Fund (as "agent" is defined under common law).  CHLIC will investigate Breaches, assess their impact under applicable state and federal law, including HITECH, and make a recommendation to the Plan as to whether notification is required pursuant to 45 C.F.R. §§164.404-408 and/or applicable state breach notification laws. With the Plan's prior approval, CHLIC will issue notices to such individuals, state and federal agencies - including the Department of Health and Human Services, and/or the media as the Plan is required to notify pursuant to, and in accordance with the requirements of applicable law (including 45 C.F.R. §§164.404-408). CHLIC will pay the costs of issuing notices required by law and other remediation and mitigation which, in CHLIC's discretion, are appropriate and necessary to address the Breach.  CHLIC will not be required to issue notifications that are not mandated by applicable law.  CHLIC shall provide the Plan with information necessary for the Plan to fulfill its obligation to report Breaches affecting fewer than 500 Individuals to the Secretary as required by C.F.R. §164.408(c).

**Section 7.**  Disclosures to and Agreements by Third Parties.   In accordance with 45 CFR §164.502(e)(1)(ii) and 164.308(b)(2), CHLIC agrees to ensure that any subcontractors that create, receive, maintain, or transmit PHI on behalf of CHLIC agree to the same restrictions, conditions, and requirements that apply to CHLIC with respect to such information.

**Section 8.**  Access to PHI.  CHLIC shall provide an Individual with access to such Individual's PHI contained in a Designated Record Set in response to such Individual's request in the manner and time required in 45 C.F.R. §164.524.

**Section 9.**  Availability of PHI for Amendment.  CHLIC shall respond to a request by an Individual for amendment to such Individual's PHI contained in a Designated Record Set in the manner and time required in 45 C.F.R. §164.526, except that the Plan shall handle any requests for amendment of PHI originated by the Plan, Plan Sponsor or the Plan's other business associates, such as enrollment information.

**Section 10.**  Right to Confidential Communications and to Request Restriction of Disclosures of PHI. CHLIC shall comply with, and shall assist the Plan in complying with, responding to Individuals' requests for confidential communications or to restrict the uses and disclosures of their PHI under 45 C.F.R. §164.522. This shall include complying with requests to restrict the disclosure of certain PHI with which the Plan is required to agree, in accordance with 45 C.F.R. §164.522.

07/30/2014

CONFIDENTIAL                                                CIGNA12361843

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

**Section 11.** <u>Accounting of PHI Disclosures</u>. CHLIC shall provide an accounting of disclosures of PHI to an Individual who requests such accounting in the manner and time required in 45 C.F.R. §164.528.

**Section 12.** <u>Processes and Procedures</u>. In carrying out its duties set forth in Article II, Sections 8 – 11, above, CHLIC will implement the Standard Business Associate Processes and Procedures (the "Processes and Procedures") attached hereto for requests from Individuals, including the requirement that requests be made in writing, the creation of forms for use by Individuals in making such requests, and the setting of time periods for the Plan to forward to CHLIC any such requests made directly to the Plan or Plan Sponsor. In addition, CHLIC will implement the Processes and Procedures relating to disclosure of PHI to Plan Sponsor or designated third parties.

**Section 13.** <u>Availability of Books and Records</u>. CHLIC hereby agrees to make its internal practices, books and records relating to the use and disclosure of PHI received from, or created or received by CHLIC on behalf of the Plan, available to the Secretary for purposes of determining the Plan's compliance with the Privacy Rule.

## IV. TERMINATION OF AGREEMENT WITH CHLIC

**Section 1.** <u>Termination Upon Breach of Provisions Applicable to PHI</u>. Any other provision of the Agreement notwithstanding, the Agreement may be terminated by the Plan upon prior written notice to CHLIC in the event that CHLIC materially breaches any obligation of this Addendum and fails to cure the breach within such reasonable time as the Plan may provide for in such notice; provided that in the event that termination of the Agreement is not feasible, in the Plan's sole discretion, the Plan shall have the right to report the breach to the Secretary.

If CHLIC knows of a pattern of activity or practice of the Plan that constitutes a material breach or violation of the Plan's duties and obligations under this Addendum, CHLIC shall provide a reasonable period of time, as agreed upon by the parties, for the Plan to cure the material breach or violation. Provided, however, that, if the Plan does not cure the material breach or violation within such agreed upon time period, CHLIC may terminate the Agreement at the end of such period.

**Section 2** <u>Use of PHI upon Termination</u>. The parties hereto agree that it is not feasible for CHLIC to return or destroy PHI at termination of the Agreement; therefore, the protections of this Addendum for PHI shall survive termination of the Agreement, and CHLIC shall limit any further uses and disclosures of such PHI to the purpose or purposes which make the return or destruction of such PHI infeasible.

## V. OBLIGATION OF THE PLAN

The Plan will not request CHLIC to use or disclose PHI in any manner that would not be permissible under HIPAA or HITECH if done by the Plan.

## VI. DEFINITIONS FOR USE IN THIS ADDENDUM

<u>Definitions</u>. Certain capitalized terms used in this Addendum shall have the meanings ascribed to them by HIPAA and HITECH including their respective implementing regulations and guidance. If the meaning of any term defined herein is changed by regulatory or legislative amendment, then this Addendum will be modified automatically to correspond to the amended definition. All capitalized terms used herein that are not otherwise defined have the meanings described in HIPAA and HITECH. A reference in this Addendum to a section in the HIPAA Privacy Rule, HIPAA Security Rule, or HITECH means the section then in effect, as amended.

07/30/2014

CONFIDENTIAL                                                                                   CIGNA12361844

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

"**Breach**" means the unauthorized acquisition, access, use, or disclosure of Unsecured PHI which compromises the security or privacy of such information, except where an unauthorized person to whom such information is disclosed would not reasonably have been able to retain such information. A Breach does not include any unintentional acquisition, access, or use of PHI by a Member or individual acting under the authority of CHLIC if such acquisition, access, or use was made in good faith and within the course and scope of the employment or other professional relationship of such Member or individual with CHLIC; any inadvertent disclosure from an individual who is otherwise authorized to access PHI at a facility operated by CHLIC to another similarly situated individual at the same facility; and such information is not further acquired, accessed, used, or disclosed without authorization by any person.

"**Business Associate**" means CHLIC.

"**Covered Entity**" means Plan.

"**Designated Record Set**" shall have the same meaning as the term "designated record set" as set forth in the Privacy Rule, limited to the enrollment, payment, claims adjudication, and case or medical management record systems maintained by CHLIC for the Plan, or used, in whole or in part, by CHLIC or the Plan to make decisions about Individuals.

"**Effective Date**" shall mean the earliest date by which the Plan is required to have executed a Business Associate Agreement with CHLIC pursuant to the requirements of applicable law.

"**Electronic Protected Health Information**" shall mean PHI that is transmitted by or maintained in electronic media as that term is defined in 45 C.F.R. §160.103.

"**Limited Data Set**" shall have the same meaning as the term "limited data set" as set forth in as defined in 45 C.F.R. §164.514(e)(2).

"**Protected Health Information**" or "**PHI**" shall have the same meaning as set forth at C.F.R. §160.103.

"**Secretary**" shall mean the Secretary of the United States Department of Health and Human Services.

"**Security Incident**" shall have the same meaning as the term "security incident" as set forth in 45 C.F.R. §164.304.

"**Unsecured Protected Health Information**" shall mean PHI that is not rendered unusable, unreadable, or indecipherable to unauthorized individuals through the use of a technology or methodology specified by the Secretary in the guidance issued under Section 13402(h)(2) of ARRA.

07/30/2014

CONFIDENTIAL   CIGNA12361845

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

### CHLIC Life Insurance Company
### Standard Business Associate Processes and Procedures

These Standard Business Associate Processes and Procedures apply to each self-funded group health plan ("Plan") of an entity ("Plan Sponsor") that has entered or will enter into an Administrative Services Only Agreement, Flexible Spending Account or Reimbursement Accounts Administrative Services Agreement and/or Continuation Coverage Services Agreement (collectively, as applicable, the "Administrative Services Agreement") with CHLIC Life Insurance Company ("CHLIC"). The Plan and CHLIC are parties to a Business Associate Agreement/Privacy Addendum. Unless otherwise defined, capitalized terms have the meaning provided therein, or if not defined in such agreement, as defined in 45 C.F.R. parts 142, 160, 162 and 164 ("HIPAA"), also known as the HIPAA Standards for Electronic Transactions, the HIPAA Security Standards, and the HIPAA Privacy Rule and/or the Health Information Technology for Economic and Clinical Health Act, which was included in the American Recovery and Reinvestment Act of 2009 (P.L. 111-5 ("ARRA")).

**Section 1.  Access to PHI.**  When an Individual requests access to PHI contained in a Designated Record Set and such request is made directly to the Plan or Plan Sponsor, the Plan shall forward the request to CHLIC within five (5) business days of such receipt. Upon receipt of such request from the Plan, or upon receipt of such a request directly from an Individual, CHLIC shall make such PHI available directly to the Individual within the time and manner required in 45 C.F.R. §164.524. The Plan delegates to CHLIC the duty to determine, on behalf of the Plan, whether to deny access to PHI requested by an Individual and the duty to provide any required notices and review in accordance with the HIPAA Privacy Rule.

**Section 2.  Availability of PHI for Amendment.**

(a) When an Individual requests amendment to PHI contained in a Designated Record Set, and such request is made directly to the Plan or Plan Sponsor, within five (5) business days of such receipt, the Plan shall forward such request to CHLIC for handling, except that the Plan shall retain and handle all such requests to the extent that they pertain to Individually Identifiable Health Information (such as enrollment information) originated by the Plan, Plan Sponsor, or the Plan's other business associates. CHLIC shall respond to such forwarded requests as well as to any such requests that it receives directly from Individuals as required by 45 C.F.R. §164.526, except that CHLIC shall forward to the Plan for handling any requests for amendment of PHI originated by the Plan, Plan Sponsor, or the Plan's other business associates.

(b) With respect to those requests handled by CHLIC under subparagraph (a) above, the Plan delegates to CHLIC the duty to determine, on behalf of the Plan, whether to deny a request for amendment of PHI and the duty to provide any required notices and review as well as, in the case of its determination to grant such a request, the duty to make any amendments in accordance with the terms of the Privacy Rule. In all other instances, the Plan retains all responsibility for handling such requests, including any denials, in accordance with the HIPAA Privacy Rule.

(c) Whenever CHLIC is notified by the Plan that the Plan has agreed to make an amendment pursuant to a request that it handles under subparagraph (a) above, CHLIC shall incorporate any such amendments in accordance with 45 C.F.R. §164.526.

**Section 3.  Accounting of Disclosures.**  When an Individual requests an accounting of disclosures of PHI held by CHLIC directly to the Plan or Plan Sponsor, the Plan shall within five (5) business days of such receipt forward the request to CHLIC to handle. CHLIC shall handle such requests, and any such requests for an accounting of disclosures received directly from Individuals, in the time and manner as required in 45 C.F.R. §164.528.

07/30/2014

CONFIDENTIAL                                                                 CIGNA12361846

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

---

**Section 4.  Requests for Confidential Communications or to Restrict Disclosure of PHI.**  CHLIC shall handle Individuals' requests made to it for privacy protection for PHI in CHLIC's possession pursuant to the requirements of 45 C.F.R. §164.522.  The Plan shall forward to CHLIC to handle any such requests the Plan receives from Individuals that affect PHI held by CHLIC.

**Section 5.  General Provisions Regarding Requests.**  CHLIC may require that requests pursuant to Sections 1 through 4 above be made in writing and may create forms for use by Individuals in making such requests.  When responding to an Individual's request as provided above, CHLIC may inform the Individual that there may be other "protected health information" created or maintained by the Plan and/or the Plan's other business associates and not included in the CHLIC's response.  CHLIC shall not be responsible for performing any duties described in the Business Associate Agreement with respect to any such other "protected health information."  In carrying out its duties set forth herein, CHLIC may establish such additional procedures and processes for requests from Individuals as permitted by the Privacy Rule.

**Section 6.  Disclosure of PHI to the Plan Sponsor.**  To the extent that the fulfillment of CHLIC's obligations under the Administrative Services Agreement requires CHLIC to disclose or provide access to PHI to Plan Sponsor or any person under the control of Plan Sponsor (including third parties), CHLIC shall make such disclosure of or provide such access to PHI only as follows:

(i)     CHLIC shall disclose Summary Health Information to any Member or other person under the control of Plan Sponsor (including third parties) upon the Plan Sponsor's written request for the purpose of obtaining premium bids for the provision of health insurance or HMO coverage for the Plan or modifying, amending or terminating the Plan; and

(ii)    If the Plan elects to provide PHI to the Plan Sponsor, CHLIC shall disclose or make available PHI, other than Summary Health Information, at the written direction of the Plan to only those Members or other persons that Plan Sponsor represents are identified in the Plan documents and under the control of Plan Sponsor solely for the purpose of carrying out the Plan administration functions that Plan Sponsor performs for the Plan.  Where requested by CHLIC, such Members or other persons (including third parties) will be identified by the Plan in writing (by name, title, or other appropriate designation) to CHLIC as a condition of disclosure of PHI pursuant to this Section 6(ii).  The Plan may modify such list from time to time by written notice to CHLIC.

**Section 7.  Disclosures of PHI to Third Parties.**  Upon the Plan's written request, CHLIC will provide PHI to certain designated third parties who assist in administering the Plan and who are authorized by the Plan to receive such information solely for the purpose of assisting in carrying out Plan administration functions ("Designated Third Parties").  Such parties may include, but are not limited to, third-party administrators, consultants, brokers, auditors, successor administrators or insurers, and stop-loss carriers.  As a condition to providing PHI to a Designated Third Party, CHLIC may require that the Plan have a business associate agreement (within the meaning of the Privacy Rule) with such Designated Third Party.

07/30/2014

CONFIDENTIAL                                                                                                          CIGNA12361847

**Client Name: Cobb County Government**
**Administrative Services Only Agreement**

# EXHIBIT E Contractor Affidavit

**Contractor Affidavit under O.C.G.A. § 13-10-91(b)(1)**

By executing this affidavit, the undersigned contractor engaged in the physical performance of services on behalf of the Cobb  County Government verifies that it has registered with, is authorized to use and uses the federal work authorization program commonly known as E-Verify, or any subsequent replacement program, in accordance with the applicable provisions and deadlines established in O.C.G.A. § 13-10-91.

Contractor hereby attests that its federal work authorization user identification number and date of authorization are as follows:

_____
Federal E-Verify Number

_____
Date of Authorization

Name of Contractor:    Cigna Health and Life Insurance Company

Name of Public Employer: Cobb County Government

I hereby declare under penalty of perjury that the foregoing is true and correct.
Executed on _____, _____, 201___ in _____(city), _____(state).

_____
Signature of Authorized Officer or Agent

_____
Printed Name and Title of Authorized Officer or Agent
SUBSCRIBED AND SWORN BEFORE ME
ON THIS THE _____ DAY OF _____,201___.

_____
NOTARY PUBLIC

My Commission Expires:
_____

07/30/2014

CONFIDENTIAL

CIGNA12361848