## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Civil No. 3:16-cv-1702 (JAM)<br><br>March 18, 2022 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO SEAL DOCUMENTS IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.      STANDARD OF REVIEW ................................................................................................ 3

II.     THE SUBJECT DOCUMENTS CONTAIN HIGHLY SENSITIVE
INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE
COURT'S PRIOR SEALING ORDERS. ........................................................................... 4

          A.      CHLIC Maintains the Confidentiality of the Subject Documents. ........................ 4

          B.      The Court Should Seal in Full Materials Containing Sensitive Business,
Financial, and Pricing Information. ....................................................................... 5

          C.      The Court Should Seal CHLIC's Administrative Agreements with Plan
Sponsor Clients. ..................................................................................................... 8

          D.      The Court Should Seal Protected Health Information and Personal
Identifying Information of CHLIC Customers. ................................................... 10

CONCLUSION ............................................................................................................................. 12

CERTIFICATE OF SERVICE ..................................................................................................... 14

APPENDIX A – LIST OF SUBJECT DOCUMENTS ................................................................ 15

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bright v. Asset Acceptance, LLC*,
  292 F.R.D. 190 (D.N.J. 2013) ............................................................................................... 9

*China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*,
  No. 15-6210, 2017 WL 3718108 (D.N.J. Aug. 29, 2017) ..................................................... 7

*Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*,
  26 F. Supp. 2d 606 (S.D.N.Y. 1998) ................................................................................. 8, 9

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
  769 F. Supp. 2d 630 (S.D.N.Y. 2011) ................................................................................... 7

*Grayson v. Gen. Elec. Co.*,
  No. 3:13-cv-1799-WWE, 2017 WL 923907 (D. Conn. Mar. 7, 2017) ................................ 10

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) .................................................................................................. 4

*Mars, Inc. v. JCM Am. Corp.*,
  No. 05-3165, 2007 WL 496816 (D.N.J. Feb. 13, 2007) ....................................................... 8

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) .............................................................................................................. 4

*Offor v. Ctr.*,
  No. 15-cv-2219, 2016 WL 3566217 (E.D.N.Y. June 25, 2016), *aff'd sub nom.
  Offor v. Mercy Med. Ctr.*, 698 F. App'x 11 (2d Cir. 2017) ................................................. 10

*In re Parmalat Secs. Litig.*,
  258 F.R.D. 236 (S.D.N.Y. 2009) .......................................................................................... 4

*Peters v. Aetna Inc.*,
  No. 1:15-00109, 2019 WL 2881615 (W.D.N.C. July 2, 2019) ............................................. 9

*Reed v. AMCO Ins. Co.*,
  No. 3:09-cv-0328, 2012 WL 1964094 (D. Nev. May 31, 2012) ......................................... 11

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984) ................................................................................................................ 3

*Weakley v. Redline Recovery Servs., LLC*,
  No. 09-CV-1423 (S.D. Cal. Apr. 20, 2011) ........................................................................ 11

*In re Zyprexa Injunction*,
    474 F. Supp. 2d 385 (E.D.N.Y. 2007) ................................................................................3

**Other Authorities**

45 C.F.R. Parts 160, 162, and 164 ...............................................................................................10

Fed. R. Civ. P. 26 (c) .....................................................................................................................3

Fed. R. Civ. P. 5.2 .......................................................................................................................11

L.Civ. R. 5(e), 7(a), 56(a)(1) .........................................................................................................1

L.Civ. R. 5(e)(3) ............................................................................................................................4

# INTRODUCTION

Pursuant to Local Civil Rules 5(e) and 7(a), Defendant Cigna Health and Life Insurance Company ("CHLIC") respectfully submits this memorandum of law in support of its motion to seal the unredacted versions of Exhibits A-J, L-M, O-S, and U-Z (the "Subject Documents") to the Declaration of Brian W. Shaffer ("Shaffer Declaration") filed today in support of CHLIC's Local Rule 56(a)(1) Statement of Undisputed Material Facts in support of its Motion for Partial Summary Judgment (ECF No. 425), as well as any quotes or summaries of the Subject Documents contained in the unredacted versions of its Memorandum of Law in Support of its Motion for Partial Summary Judgment (ECF No. 423) or its Statement of Undisputed Material Facts (ECF No. 424) in support thereof.[1] Appendix A, attached to this Motion, identifies each of the Subject Documents and provides other relevant information for the Court's convenience.

Specifically, CHLIC seeks an order sealing documents containing the following types of confidential, proprietary, and/or commercially sensitive information:

- highly proprietary business, financial, and pricing information, including information regarding pharmacy management projects, strategic business goals, analysis of competitors, assessments of potential financial risk, and commercially-sensitive sales strategy and pharmacy benefit analysis;

- CHLIC's administrative services agreements with specific plan sponsor clients, containing highly sensitive financial and pricing terms that dictate the rates that

---

[1] This Motion provides the bases for sealing documents that CHLIC designated as "Confidential" or "Confidential-Attorney's Eyes Only" under the terms of the operative Protective Order in this case. *See* ECF No. 92. The other exhibits that are the subject of this Motion were produced by and/or designated as "Confidential" or "Confidential—Attorney's Eyes Only" by Plaintiffs, former defendant OptumRx, Inc. ("Optum"), or third-party Argus Health Systems, Inc. ("Argus"), known today as DST Pharmacy Solutions Systems, Inc. In accordance with the Protective Order, CHLIC files those documents/testimony under seal, including Exs. P, U, V, W, Y, and Z, but will allow those parties to separately submit information to the Court to the extent required to support the sealing of those materials, if they choose to do so. *See* Appendix A (listing all Subject Documents, including documents that have been designated as confidential by Plaintiffs, Optum, or Argus). While CHLIC continues to have an independent obligation to seal protected health information and similar personal identifying information, CHLIC takes no position on whether the other materials Plaintiffs, Optum, or Argus designated as "Confidential" merit sealing under Local Rule 5(e), the Court's prior rulings on sealing confidential material, and relevant case law.

> specific clients negotiated to pay CHLIC for prescription drug benefit administrative services; and
>
> • protected health information ("PHI") and personally identifiable information ("PII"), including CHLIC customer names, dates of birth, and customer account identifiers, pharmacy names and member identification numbers, and customer prescription drug transaction information.

The Court has previously ordered similar types of information to be sealed in this case and should do so again. *See* March 13, 2017 Order (ECF No. 72) ("2017 Sealing Order") and ECF No. 71 at 2-3 (sealing ASO agreements); May 7, 2020 Order (ECF No. 250) and ECF No. 207-01 at 2 (sealing the declaration of Plaintiffs' expert, Mr. Mustoe, based on his reliance on confidential CHLIC documents and data, including pharmacy transaction data); May 29, 2020 Order (ECF No. 259) at 10-12 ("May 2020 Sealing Order") (sealing PHI and other private personal and pharmacy information, documents discussing internal CHLIC projects, policies, and practices that are not relevant, and documents discussing highly sensitive, strategic CHLIC projects that could cause commercial harm to CHLIC if disclosed); July 7, 2020 order (ECF No. 281) ("July 2020 Sealing Order") and ECF No. 276-1 at 1-2 (sealing documents reflecting proprietary financial and pricing information, such as RFP responses and CHLIC agreements with plan sponsor clients; expert testimony relying upon and discussing confidential CHLIC documents and pharmacy prescription transaction data; and PHI and PII).

The Court should seal the Subject Documents here for the same reasons.[2] Certain of this information could cause CHLIC (and its clients) significant competitive harm if publicly disclosed (such as proprietary pricing and financial information, as well as internal discussions of strategic

---

[2] The Court has now considered numerous motions to seal, which included detailed descriptions of the documents at issue and declarations attesting to the confidentiality, proprietary, and commercial sensitivity of specific categories of documents. *See generally* ECF Nos. 71, 212, 276-1 (motions to seal). To conserve the Court's time and resources, as well as that of the parties, CHLIC refers, where appropriate, to previously submitted declarations regarding the confidential and proprietary nature of specific types of sealed materials.

2

CHLIC pharmacy projects), and CHLIC maintains such information in a confidential manner. Similarly, internal CHLIC discussions of pharmacy projects reflect confidential information that has no bearing on the claims at issue in this action and whose public disclosure would serve no purpose but to reveal those discussions to competitors. Finally, the parties and the Court have previously agreed to seal personally identifiable customer and client information, including member and pharmacy identification numbers, client names, participant names, and individual prescription drug transaction data. *See* ECF No. 232 at 5-6 (agreeing to redact account identifiers); ECF No. 259 at 7, 10, 11, 12, 15 (ordering sealed "customer account identifiers," "pharmacy name and member ID," and "claim numbers/identification codes" for customer prescription drug transactions). Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996), PHI is to be kept confidential and exempt from disclosure, and its sealing here is appropriate. *See id.*

For these reasons, and as discussed below, the interests of the parties in maintaining the confidentiality of this information overrides the public's interest in viewing it. CHLIC respectfully requests that the Court grant its motion and seal the Subject Documents as well as any quotes or summaries of the Subject Documents contained in the unredacted versions of its Memorandum of Law in Support of its Motion for Partial Summary Judgment (ECF No. 423) or its Statement of Undisputed Material Facts (ECF No. 424) in support thereof.

## ARGUMENT

**I.      STANDARD OF REVIEW**

Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). In assessing a motion to seal, courts balance the public right

to access to judicial records against "competing considerations," including the potential competitive harm disclosure of confidential business information might cause. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D. at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Local Civ. R. 5(e)(3).

## II.   THE SUBJECT DOCUMENTS CONTAIN HIGHLY SENSITIVE INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS.

### A.   CHLIC Maintains the Confidentiality of the Subject Documents.

CHLIC requires its employees to handle all confidential information, including the type in the Subject Documents, with care and limits access to the confidential information on a need-to-know basis. *See* ECF 275-7 (Declaration of David Kasper ("Kasper Decl.") ¶ 13); *see also* ECF 226 (Declaration of Tyler Lester) ("Lester Decl.") ¶ 4. CHLIC requires its employees to maintain the confidentiality of proprietary and sensitive business information. *Id*. Such information cannot be disclosed without appropriate prior authorization, and employees are instructed not to transmit confidential information to persons not entitled to it, or who have no reason to know the confidential information. *Id*.

**B.      The Court Should Seal in Full Materials Containing Sensitive Business, Financial, and Pricing Information.**

CHLIC seeks to seal certain documents containing confidential highly sensitive and proprietary financial and pricing information that would cause significant competitive harm if disclosed. Those documents include the following:

- **Exhibits O, R, and S** contain excerpts of the Pharmacy Benefit Management Agreement executed between CHLIC and Optum, and the Schedules and Amendments thereto. The excerpt is marked confidential contains detailed and highly proprietary contract provisions related to pricing terms for Optum's provision of pharmacy benefit management ("PBM") services to CHLIC. In addition to the pricing agreement for Optum's PBM services, the document contains, among other things, related pricing guarantees, pricing terms for specific prescription drugs; annual market-based adjustments to drug pricing; the terms of payment; the handling of pricing disputes; payment adjustments; and the handling of payment undercharges. Although CHLIC has ceased using Optum as its Pharmacy Benefits Manager for certain functions, including retail network contracting, the PBM agreement is a 10-year agreement. On this basis, this Court previously has sealed in full exhibits containing excerpts of the PBM agreement. *See* ECF 398 ("May 12, 2021 Sealing Order") (granting Plaintiffs' Motion to Seal to seal in full the exhibit containing excerpts of the PBM agreement, "consistent with the designations agreed upon by the parties and the additional designations proposed by CHLIC because the Court finds that these documents contain sensitive commercial information dating back within a five-year window from the present, which CHLIC's competitors could utilize to highlight deficiencies in CHLIC's products and/or processes and gain current competitive advantage").

- **Exhibit X** is a highly sensitive commercial agreement between Cigna Corporate Services, LLC and Argus—a non-party to this action. This agreement, like those noted above that have been sealed previously by this Court, contains sensitive financial, pricing, and contractual terms between the parties, which the parties to this agreement keep strictly confidential and would not want disclosed to any competitors.

- **Exhibits M and Q** contain CHLIC's written responses to Plaintiff's discovery requests, which should be sealed in full, consistent with this Court's prior sealing orders, because these documents contain highly-sensitive, non-public financial and commercial information, and proprietary information regarding the adjudication of prescription drug claims and benefit plan design, which involves sensitive commercial information relating to non-parties to this matter. On this basis, this Court previously has sealed Exhibit M in full. *See* ECF 398 ("May 12, 2021 Sealing Order") (granting Plaintiffs' Motion to Seal to seal in full the exhibit containing CHLIC's Supplemental Objections and Responses to Plaintiffs' Fifth Set of Interrogatories "based on: (1) the Court's finding that defendant CIGNA Health

5

and Life Insurance Company ("CHLIC") has established good cause and the proposed sealing designations are appropriately narrowly tailored; and (2) the plaintiffs' representations that they do not object to CHLIC's proposed sealing designations").

- **Exhibit A** contains excerpts of the deposition transcript of CHLIC's corporate representative Tyler Lester, and CHLIC seeks to seal in part certain highly sensitive information discussed therein, including non-public, commercially sensitive pricing information relating to CHLIC's customers, which CHLIC maintains as confidential and would not want disclosed to any competitors.

The information in these documents reflects highly sensitive contractual terms between CHLIC and third parties, which are highly confidential and proprietary to CHLIC, and CHLIC maintains their confidentially and limits disclosure. For example, if made available to CHLIC's competitors or other PBMs with whom CHLIC could do business, they could use that information to the disadvantage of CHLIC and Optum by negotiating superior PBM agreements within the industry that would undercut the terms CHLIC and/or Optum were able to negotiate. Additionally, public disclosure would allow others to leverage this information in future negotiations with either CHLIC and/or OptumRx, making it difficult for either party to secure more favorable terms, which it otherwise could have had the opportunity to do. Disclosure to CHLIC plan sponsor clients of the pricing terms that CHLIC negotiates with retail pharmacies via Optum could also impact CHLIC's ability to negotiate terms of its agreements with its clients. And, finally, making this pricing information available to retail pharmacies (who contract with Optum) could impact Optum's future negotiations with those pharmacies. The fact that CHLIC ceased using Optum for certain PBM functions, including retail network contracting, does not relieve the risk that disclosure of such highly competitive information would cause serious commercial injury to CHLIC and Optum because the confidential, highly negotiated terms in these documents did govern those entities' relationship just recently.

CHLIC also seeks to seal these materials because they reflect commercially-sensitive, non-

public strategic analyses of internal CHLIC projects and issues, including analyses of prescription drug benefits and certain non-public, sales-related information pertaining to CHLIC clients. These documents contain significant, detailed descriptions of internal CHLIC policies and practices related to these projects, identification of issues needing attention, and financial impact assessments, all of which would cause CHLIC competitive harm if publicly disclosed. These exhibits reflect highly detailed and sensitive internal CHLIC assessments, including financial analyses, of internal pharmacy and client account issues whose disclosure would cause CHLIC commercial injury.

The Court has previously sealed similar confidential business, strategic, financial, and pricing information that would competitively harm CHLIC if publicly disclosed. *See* 2017 Sealing Order (sealing financial and pricing terms in CHLIC agreements with plan sponsor clients); *see* July 2020 Sealing Order (sealing CHLIC agreements with client based on sensitive financial and pricing information, including CHLIC responses to client Requests for Proposals containing annual pricing commitments and other sensitive financial information, and also sealing the PBM agreement provisions submitted here); *see also* ECF 276-1 at 5-7.

This Court's prior rulings sealing such information are in line with other courts' similar orders. *See China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017) (sealing "detailed pricing information" because public disclosure could cause competitive injury by allowing other prospective clients to negotiate more favorable terms and allow competitors to "use that pricing information to gain a competitive edge over Defendant in the marketplace by offering Defendant's customers more favorable sale prices and terms and conditions" for similar products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the

defendants' marketing strategies" and "product development" contain "highly proprietary material" and therefore may remain under seal); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (sealing a "confidential business agreement not otherwise available to the public" because public disclosure could negatively affect the party's "negotiating position in its business"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 609, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business information" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit," including their "marketing strategies").

Accordingly, the Court should order sealing of Exhibits A to Z to the Shaffer Declaration.

### C. The Court Should Seal CHLIC's Administrative Agreements with Plan Sponsor Clients.

Consistent with its prior ruling sealing the Administrative Services Only ("ASO") agreements between CHLIC and plan sponsor clients because those agreements contain confidential and negotiated financial and pricing terms, the Court should likewise seal Exhibits D, F, I, and L to the Shaffer Declaration. *See* 2017 Sealing Order (sealing plan sponsor Administrative Services agreements); *see* July 2020 Order (sealing ASO agreement with Putnam Investments); *id*. (sealing ASO agreement with Hampton Affiliates); *see also* ECF 276-1 at 7-9 (describing Exs. 21 and 22, as well as the legal grounds for sealing). Like the ASO agreements the Court ordered sealed before, Exhibits D, F, I and L to the Shaffer Declaration are the result of non-public, extensive negotiations (and in some instances an RFP process) between CHLIC and individual plan sponsor clients, and contain terms and information that CHLIC does not share with competitors or other prospective clients. Among other things, they include extremely sensitive financial and pricing terms that dictate the rates that these plan sponsors agreed to pay CHLIC for the provision of prescription drug benefit administrative services.

In particular, these ASO agreements contain highly sensitive business, financial, and pricing information reflected in contract provisions related to the scope of services, the process for bank account payments, the funding and payment of claims the resolution of disputes, administrative fees, PBM service charges, pharmacy administration fees and drug charges, drug manufacturing payment sharing terms, and claims processing fees. *See* Exhibits D, F, I and L to the Shaffer Declaration. In addition, it contains a Specialty Drug List, identifying each prescription drug that will receive a specified discount when dispensed by Cigna Home Delivery Pharmacy. *See id*.

CHLIC maintains the information in these ASO agreements as strictly confidential. *See* ECF 275-7 (Kasper Decl.) ¶ 13. Public disclosure of such pricing and other negotiated terms between CHLIC and its plan sponsor clients would cause CHLIC competitive injury. *Id*. Among other things, CHLIC's competitors—i.e., other PBMs—could use that information to offer superior contractual terms to prospective clients, while prospective plan sponsor clients of CHLIC could use this information as part of contractual negotiations with CHLIC. *Id*. On this basis, this Court has previously sealed such ASO agreements given their highly sensitive contents, including the same Putnam Investments, Inc. and Hampton Affiliates ASO agreements that CHLIC seeks to seal here. *See* July 2020 Sealing Order (granting motion to seal Putnam Investments, Inc. ASO Agreement (CIGNA00002315-2358) and Hampton Affiliates ASO agreement CIGNA00001817-56).

Additionally, other courts routinely seal similar agreements. *See Peters v. Aetna Inc.,* No. 1:15-00109, 2019 WL 2881615, at *1 (W.D.N.C. July 2, 2019) (sealing materials related to "an Administrative Services Agreement, which the court has allowed to be filed under seal due to the commercially sensitive information contained therein"); *Bright v. Asset Acceptance, LLC*, 292

F.R.D. 190, 203 (D.N.J. 2013) (sealing business agreement between defendant and non-party based on the "legitimate private interests at stake" if the agreement were disclosed and the potential "harm to [defendant]'s competitive standing in the market place").

As this Court and others have done before, the Court should seal Exhibits D, F, I and L to the Shaffer Declaration.

### D. The Court Should Seal Protected Health Information and Personal Identifying Information of CHLIC Customers.

Lastly, CHLIC seeks to seal documents containing PHI, including plan participant prescription drug transaction data, and personal identifying information the Court has previously sealed. Specifically, CHLIC seeks an order sealing Exhibits B, C, E, G, H, and J to the Shaffer Declaration containing individual prescription drug transaction information and other personal identifying information.

CHLIC has an independent legal obligation under HIPAA and other state and federal privacy laws to seal PHI, including the name, address, Social Security Number, and medical information related to an individual. *See generally* 45 C.F.R. Parts 160, 162, and 164.[3] Courts frequently order such information to be sealed and have even sanctioned attorneys who failed to redact such information. *See, e.g.*, *Grayson v. Gen. Elec. Co.*, No. 3:13-cv-1799-WWE, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (sealing consumer personal identifying information); *Offor v. Ctr.*, No. 15-cv-2219, 2016 WL 3566217, at *4 (E.D.N.Y. June 25, 2016), *aff'd sub nom. Offor v. Mercy Med. Ctr.*, 698 F. App'x 11 (2d Cir. 2017) (sanctioning lawyers for publicly filing

---

[3]   *See also* U.S. District Court for the District of Connecticut, *Electronic Policies and Procedures* (rev. Oct. 11, 2018) § III.C (requiring parties to file certain personal data identifiers under seal pursuant to the E-Government Act of 2002, including "personal identifying number[s]" and "medical records, treatment and diagnosis").

10

"unredacted medical records" in violation of HIPAA).[4]  For these same reasons, CHLIC now requests that the Court seal the personal identifying information and PHI identified in Exhibits B, C, E, G, H, and J to the Shaffer Declaration as reflected in the redactions CHLIC proposes be made to those documents.

Exhibits B, C, E, G, H, and J to the Shaffer Declaration include the names and related identifying information of CHLIC clients, and the individual prescription drug transaction information of the named Plaintiffs and their dependents, inclusive sensitive prescription drug information.  *See* Exhibits B, C, E, G, H and J to the Shaffer Declaration.  This Court has previously ordered similar third-party personal identifying information and PHI to be sealed, including client names and account numbers, customer transaction claim numbers, pharmacy claim transaction number, and health plan member identification numbers.  *See* 2020 Sealing Order at 7 (sealing of "personal account identifiers"); *id*. at 10 (sealing "[c]ustomer account identifiers, including customs number, identification number and customer claim number"); *id*. at 12 (sealing "claims numbers/identification codes for 'individual customer prescription drug transactions'"); *id*. at 15 (sealing "information identifying client accounts, pharmacy chains and member IDs").  On this basis, this Court has already previously sealed the excerpted versions of the named Plaintiffs' deposition transcripts to protect such sensitive PHI and other personally identifying information.  *See* July 2020 Sealing Order (sealing the excerpted depositions of each of the named plaintiffs).  This Court also has already sealed in full Ex. C because it contains highly sensitive PHI and PII.  *See* July 2020 Sealing Order (granting CHLIC's the motion to seal in full Plaintiffs' Second

---

[4]   *See also Reed v. AMCO Ins. Co.,* No. 3:09-cv-0328, 2012 WL 1964094, at *1 (D. Nev. May 31, 2012) (awarding attorneys' fees because opposing counsel filed "several documents with improper confidential information"); *Weakley v. Redline Recovery Servs., LLC*, No. 09-CV-1423, at *2 (S.D. Cal. Apr. 20, 2011) (imposing a $900 sanction on defendant's counsel because counsel publicly filed documents containing the plaintiff's social security number, without redaction, in violation of Federal Rule of Civil Procedure 5.2).

11

Amended Objections and Responses to CHLIC's First Set of Interrogatories).

For the same reasons the Court previously sealed this type of personal information, the Court should now seal Exhibits B, C, E, G, H and J to the Shaffer Declaration on account of the personal identifying information, third-party identifiers, and PHI contained therein.

## CONCLUSION

For the above reasons, the Court should grant CHLIC's motion to seal the Subject Documents, and any corresponding quotes or summaries of the Subject Documents contained in its Motion for Partial Summary Judgment or its Statement of Undisputed Facts in Support thereof.

Dated: March 18, 2022

Respectfully submitted,

/s/ *Brian W. Shaffer*
Brian W. Shaffer (phv08654)
Jeremy P. Blumenfeld (phv23943)
Matthew D. Klayman (phv08656)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
brian.shaffer@morganlewis.com
jeremy.blumenfeld@morganlewis.com
matthew.klayman@morganlewis.com

Lisa R. Weddle (ca259050)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103

Telephone: +1.860.240.2945 Facsimile: +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2022, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Brian W. Shaffer*
Brian W. Shaffer

**Appendix A – List of Subject Documents**

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| **Exhibit A** | Excerpts of the Deposition Transcript of Tyler Lester (FILED UNDER SEAL) |
| **Exhibit B** | Excerpts of the Deposition Transcript of Kimberly Negron (FILED UNDER SEAL) |
| **Exhibit C** | Plaintiffs' Second Amended Responses to CHLIC'S First Interrogatories (FILED UNDER SEAL) |
| **Exhibit D** | 2014 Putnam Investments, Inc. ASO Agreement (CIGNA00002315–58) (FILED UNDER SEAL) |
| **Exhibit E** | Excerpts of the Deposition Transcript of Daniel Perry (FILED UNDER SEAL) |
| **Exhibit F** | 2012 Hampton Affiliates ASO Agreement (CIGNA00001817–56) (FILED UNDER SEAL) |
| **Exhibit G** | Excerpts of the Deposition Transcript of Roger Curol (FILED UNDER SEAL) |
| **Exhibit H** | Excerpts of the Deposition Transcript of Nina Curol (FILED UNDER SEAL) |
| **Exhibit I** | 2015 Island Operating Company, Inc. ASO Agreement (CIGNA00001245–79) (FILED UNDER SEAL) |
| **Exhibit J** | Excerpts of the Deposition Transcript of Billy Ray Blocker, Jr. (FILED UNDER SEAL) |
| **Exhibit L** | 2015 Sivantos ASO Agreement (CIGNA00381922–2009) (FILED UNDER SEAL) |
| **Exhibit M** | CHLIC's Supplemental Responses to Plaintiffs' Fifth Set of Interrogatories (FILED UNDER SEAL) |
| **Exhibit O** | Excerpts of the Pharmacy Benefit Management Agreement ("PBM Agreement") (FILED UNDER SEAL) |
| **Exhibit P** | Optum's Responses to Plaintiffs' Second Interrogatories (FILED UNDER SEAL) |
| **Exhibit Q** | CHLIC's Responses to Plaintiffs' Second Interrogatories (FILED UNDER SEAL) |
| **Exhibit R** | Schedule 20 to the PBM Agreement (CIGNA00002860-3050) (FILED UNDER SEAL) |
| **Exhibit S** | Amendment No. 2 to the PBM Agreement (CIGNA00003138-3205) (FILED UNDER SEAL) |
| **Exhibit U** | October 2, 2014 Email from S. Donabedien to J. Warner (ORX_00006120) (FILED UNDER SEAL) |
| **Exhibit V** | Excerpts of the Deposition Transcript of Michelle Emanuel-Johnson (FILED UNDER SEAL) |
| **Exhibit W** | Argus Fees and Expenses Provision (DSTPS000027-30) (FILED UNDER SEAL) |
| **Exhibit X** | Excerpts of the Master Services Agreement ("MSA") (FILED UNDER SEAL) |

| | |
|---|---|
| **Exhibit Y** | October 16, 2013 Email from S. Byrne to J. Burns-McAvoy (DSTPS000863) (FILED UNDER SEAL) |
| **Exhibit Z** | January 29, 2014 Email from R. King to R. VonBevern (DSTPS003642) (FILED UNDER SEAL) |