# EXHIBIT 45

| | |
|---|---|
| **Subject:** | Re: Negron, et al. v. Cigna Corp., et al. NO. 3:16-cv-1702 - Plaintiffs' Discovery Responses |
| **Date:** | Wednesday, November 11, 2020 at 11:07:50 AM Eastern Standard Time |
| **From:** | Christopher Barrett |
| **To:** | Weddle, Lisa R. |
| **CC:** | Robert Izard, Craig Raabe, William H. Narwold, Oliver, Meghan, Shaffer, Brian W., Blumenfeld, Jeremy P., Attridge, Elise M., Farrell, Eleanor R., Klayman, Matthew D. |
| **Attachments:** | Supplemental responses to interrogatories.zip |

Lisa,

Attached please find Plaintiffs' supplemental interrogatory responses and verifications. A photo of Mr. Perry's verification is included, but he is mailing me the original so I will will send you a clearer copy after I receive.

With respect to your questions, Plaintiffs do not possess any additional documents regarding the use of coupons and discounts in connection with prescription drug benefits under the relevant plans. Your email suggested that, if they do not have any additional documents, they must have failed to preserve them, but Plaintiffs do not believe they have used coupons or discounts in connection with receiving prescription drug benefits under the relevant plans since they first responded to the Requests for Production. Also, Defendant's Requests for Production were served in June 2018, but the Curols have not been covered by a Cigna plan since 2017.

Additionally, Plaintiffs do not possess any documents responsive to Requests for Production 24 and 36 (excluding statements that may have been obtained by Plaintiffs' attorneys). With respect to Request 25, Plaintiffs do not possess any communications with "an employee, agent or representative of a trade association, industry group, . . . or lobbyist relating to the . . . the claims that you are asserting in the Complaint." (Please note that Request 25 arguably could be interpreted as seeking communications with "an employee, agent or representative of a[n] . . . organization [or a] company," to which Plaintiffs object because it is vague, ambiguous, over broad, irrelevant, and not proportional to the needs of the case.)

Thanks,

Chris

**Christopher M. Barrett**
**IZARD, KINDALL & RAABE, LLP**
29 S. Main St, Suite 305
West Hartford, CT 06107
860 493 6292

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 3:16-cv-1702-JAM (Consolidated)<br><br><br><br><br>November 11, 2020 |

**PLAINTIFFS' SUPPLEMENTAL RESPONSES TO
CHLIC'S FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure and the applicable Local Civil Rules, Kimberly A. Negron, Daniel Perry, Courtney Gallagher, Nina Curol, Roger Curol, and Billy Ray Blocker, Jr. (collectively, "Plaintiffs"), through their undersigned counsel, hereby submit these omnibus *Supplemental Responses* to Defendant Cigna Health & Life Insurance Company's ("CHLIC") *First Set of Interrogatories* to each Plaintiff. These Responses supplement the Responses to Interrogatories 2 through 7, 12, and 14 found in Plaintiffs' omnibus *Second Amended Objections and Responses* to Defendant CHLIC's First Set of Interrogatories to each Plaintiff. All objections made therein are incorporated by reference.

Plaintiffs' responses to CHLIC's Interrogatories are made for the sole purpose of the above-captioned action (the "Action"). Each response is subject to all evidentiary objections including, but not limited to, competence, relevance, materiality, propriety, admissibility, privilege, and privacy. These along with any and all other objections are reserved and may be interposed at the time of trial.

While Plaintiffs' investigative efforts have been substantial, they have not completed their: (a) factual investigation; (b) review and analysis of discovery; and (c) trial preparation.  The following responses are based upon information recalled at this time.  Plaintiffs reserve the right to amend, modify, and supplement these responses should additional findings, recollections, or discovery warrant such amendment, modification, or supplementation.  Plaintiffs reserve the right to use or introduce at any deposition, hearing, and/or trial information responsive to CHLIC's Interrogatories but discovered or recalled subsequent to the date of service of Plaintiffs' responses to CHLIC's Interrogatories.

## GENERAL OBJECTION

Plaintiffs object to these Interrogatories, including their instructions and definitions, to the extent that they seek to impose obligations upon Plaintiffs beyond those authorized by the Federal Rules and/or the Local Rules. In responding to these Interrogatories, Plaintiffs will comply with the Federal Rules, the Local Rules, and all applicable Orders.

## OBJECTIONS AND RESPONSES TO REQUESTS

2.  Identify each and every representation, whether oral or written, that you allege forms the basis for the allegation in paragraph [239] of the [Second Amended Consolidated Complaint] that CHLIC breached its fiduciary duties through omissions and/or misrepresentations.

RESPONSE:  Plaintiffs object to this Interrogatory to the extent the answer is dependent on the identification of the transactions on which Class and Subclass members were overcharged because Cigna has still not produced the information — including but not necessarily limited to the updated DST reports and all relevant Benefit Option Codes — required to identify such transactions. Plaintiffs also object to the identification of each and every representation in that

Cigna made misrepresentations with respect to each of the many millions of transactions at issue in this case.

Subject to this objection, Plaintiffs allege that Cigna breached its fiduciary duties (including those obligations enumerated in ERISA § 404(a)) by making material misrepresentations and omissions concerning the amounts of cost shares owed by members of the Classes and Subclasses ("Class Members") that can be summarized as follows. The misrepresentations were made in various forms, including the Plan documents, documents provided to participants when they received their prescription drug benefits and in subsequent communications with Cigna.

**Misrepresentation and Omissions**

*First*, Cigna caused its network pharmacies to misrepresent the amounts that Class Members were required to pay under their Cigna plans. While the plans mandated that copayments and deductibles, as the case may be, must not exceed the amount paid the pharmacy ("Pharmacy Rate"), pharmacies participating in Cigna's network represented to Class Members that they owed an amount that was greater than the Pharmacy Rate.

*Second*, Cigna failed to disclose, and prevented pharmacies from disclosing, to Class Members that (a) they were being charged copayments or deductibles, as the case may be, that were greater than the Pharmacy Rate and (b) that Cigna (or its pharmacy benefit manager) was "clawing back" the overcharge from the pharmacy. These representations and omissions occurred in connection with all transactions on which Class Members were overcharged. The forthcoming written report by Plaintiffs' expert will describe his methodology in sufficient detail that Cigna will be able to identify the transactions that Plaintiffs contend these misrepresentations and omissions were made in connection with.

***Third***, Cigna made misrepresentations about the amounts that Class Members would pay for copayments and deductibles. While Cigna knew that it would cause Class Members to pay copayments and deductibles that exceeded the Pharmacy Rate, Cigna represented in its plans that copayments and deductibles, as the case may be, would not exceed the Pharmacy Rate.

- With respect to the Classes' claims, such misrepresentations include "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge," "you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies," "you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products," and their variants.

- With respect to the individual claims brough by Plaintiffs Roger and Nina Curol, such misrepresentations include all terms that take the form: "100% after $__ copay or __% of the cost, whichever is greater," "If the cost of a drug is less than the Member's share, then the Member pays 100% of the cost of the drug," "In no event will the Member cost share exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge," "You and your covered Dependent(s) (the Member) may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies," "In no event will the applicable copay or coinsurance paid by you and your covered Dependent(s) for the Prescription Drug or Related Supply exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge," "If the cost of a Prescription Drug or Related Supply is less than the copay, then you and your covered Dependent(s) pay 100% of the cost," and their variants.

- With respect to the individual claims brough by Plaintiff Courtney Gallagher, such misrepresentations include "The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan," "The term Charges means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company with respect to Participating Pharmacies, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy," and their variants.

***Fourth***, Cigna failed to disclose in the Class Members' plans that (a) they would be charged copayments or deductibles, as the case may be, that were greater than the Pharmacy Rate and (b) that Cigna (or its pharmacy benefit manager) would "claw back" overcharges from the

– 4 –

pharmacy. These representations and omissions occurred in connection with all plans under which there were transactions on which Class Members were overcharged. The forthcoming written report by Plaintiffs' expert will describe his methodology in sufficient detail that Cigna will be able to identify the plans in which Plaintiffs contend these misrepresentations and omissions were made.

      3.      Identify and describe in detail each and every representation, whether oral or written, or omission that you allege forms the basis for the allegation in paragraph [285] of the [Second Amended Consolidated Complaint] that CHLIC allegedly made "misrepresentations and omissions of material fact."

RESPONSE: Plaintiffs object to this Interrogatory to the extent the answer is dependent on the identification of the transactions on which Class and Subclass members were overcharged because Cigna has still not produced the information — including but not necessarily limited to the updated DST reports — required to identify such transactions. Plaintiffs also object to the identification of each and every representation in that Cigna made misrepresentations with respect to each of the many millions of transactions at issue in this case.

Subject to this objection, to Plaintiffs allege that Cigna made the following misrepresentations and omissions that they allege forms the basis for the allegation in paragraph 285 of the Second Amended Consolidated Complaint that Cigna allegedly made misrepresentations and omissions of material fact.

*First*, Cigna caused its network pharmacies to misrepresent the amounts that Class Members were required to pay under their Cigna plans. While the plans mandated that copayments and deductibles, as the case may be, must not exceed the Pharmacy Rate, pharmacies participating in Cigna's network represented to Class Members that they owed an amount that was greater than the Pharmacy Rate.

***Second***, Cigna failed to disclose, and prevented pharmacies from disclosing, to Class Members that (a) they were being charged copayments or deductibles, as the case may be, that were greater than the Pharmacy Rate and (b) that Cigna (or its pharmacy benefit manager) was "clawing back" the overcharge from the pharmacy. These representations and omissions occurred in connection with all transactions on which Class Members were overcharged. The forthcoming written report by Plaintiffs' expert will describe his methodology in sufficient detail that Cigna will be able to identify the transactions that Plaintiffs contend these misrepresentations and omissions were made in connection with.

***Third***, Cigna made misrepresentations about the amounts that Class Members would pay for copayments and deductibles. While Cigna knew that it would cause Class Members to pay copayments and deductibles that exceeded the Pharmacy Rate, Cigna represented in its plans that copayments and deductibles, as the case may be, would not exceed the Pharmacy Rate.

- With respect to the Classes' claims, such misrepresentations include "In no event will the Copayment or Coinsurance for the Prescription Drug or Related Supply exceed the amount paid by the plan to the Pharmacy, or the Pharmacy's Usual and Customary (U&C) charge," "you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies," "you and your Dependents may be required to pay a portion of the Covered Expenses for Prescription Drug Products," and their variants.

- With respect to the individual claims brough by Plaintiffs Roger and Nina Curol, such misrepresentations include all terms that take the form: "100% after $__ copay or __% of the cost, whichever is greater," "If the cost of a drug is less than the Member's share, then the Member pays 100% of the cost of the drug," "In no event will the Member cost share exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge," "You and your covered Dependent(s) (the Member) may be required to pay a portion of the Covered Expenses for Prescription Drugs and Related Supplies," "In no event will the applicable copay or coinsurance paid by you and your covered Dependent(s) for the Prescription Drug or Related Supply exceed the amount paid by the Plan or the Pharmacy's Usual and Customary (U&C) charge," "If the cost of a Prescription Drug or Related Supply is less

      than the copay, then you and your covered Dependent(s) pay 100% of the cost," and their variants.

- With respect to the individual claims brough by Plaintiff Courtney Gallagher, such misrepresentations include "The term Coinsurance means the percentage of Charges for covered Prescription Drugs and Related Supplies that you or your Dependent are required to pay under this plan," "The term Charges means the discounted amount that the pharmacy benefits manager makes available to the Insurance Company with respect to Participating Pharmacies, and it means the actual billed charges when the Pharmacy is a non-Participating Pharmacy," and their variants.

***Fourth***, Cigna failed to disclose in the Class Members' plans that (a) they would be charged copayments or deductibles, as the case may be, that were greater than the Pharmacy Rate and (b) that Cigna (or its pharmacy benefit manager) would "claw back" overcharges from the pharmacy. These representations and omissions occurred in connection with all plans under which there were transactions on which Class Members were overcharged. The forthcoming written report by Plaintiffs' expert will describe his methodology in sufficient detail that Cigna will be able to identify the plans in which Plaintiffs contend these misrepresentations and omissions were made.

    4.    Identify and describe in detail each and every alleged statement by CHLIC, any other Cigna Corporation entity, OptumRx, Catamaran PBM of Illinois, Inc., or Argus Health Systems on which you allegedly reasonably relied, as alleged in paragraph [288] of the [Second Amended Consolidated Complaint].

RESPONSE: Plaintiffs object to this Interrogatory to the extent the answer is dependent on the identification of the transactions on which Class and Subclass members were overcharged because Cigna has still not produced the information — including but not necessarily limited to the updated DST reports — required to identify such transactions. Plaintiffs also object to the identification of each and every representation in that Cigna made misrepresentations with respect to each of the many millions of transactions at issue in this case.

- 7 –

Subject to this objection, Plaintiffs allege that they reasonably relied on the representations made by their pharmacies about the amounts that they owed for copayments and deductibles on each and every transaction. Plaintiffs relied on the accuracy, completeness, and integrity of such statements. Cigna caused its network pharmacies to misrepresent the amounts that Class Members were required to pay under their Cigna plans. While the plans mandated that copayments and deductibles, as the case may be, must not exceed the Pharmacy Rate pharmacies participating in Cigna's network represented to Class Members that they owed an amount that was greater than the Pharmacy Rate.

5. Identify and describe in detail each and every representation, whether oral or written, or omission that you allege forms the basis for the allegation in paragraph [284] of the [Second Amended Consolidated Complaint] that OptumRx or Argus Health Systems misrepresented the "correct charge for medically necessary prescriptions."

RESPONSE: Plaintiffs object to this Interrogatory to the extent the answer is dependent on the identification of the transactions on which Class and Subclass members were overcharged because Cigna has still not produced the information — including but not necessarily limited to the updated DST reports — required to identify such transactions. Plaintiffs further object to this interrogatory as irrelevant because they are not required to prove reliance in order to establish that Cigna violated 18 U.S.C. § 1962(c). Plaintiffs also object to the identification of each and every representation in that Cigna made misrepresentations with respect to each of the many millions of transactions at issue in this case.

Subject to these objections, Plaintiffs allege that Cigna made the following misrepresentations and omissions that they allege forms the basis for the allegation in paragraph

284 of the Second Amended Consolidated Complaint that OptumRx or Argus Health Systems misrepresented the "correct charge for medically necessary prescriptions."

*First*, Cigna caused its network pharmacies to misrepresent the amounts that Class Members were required to pay under their Cigna plans. While the plans mandated that copayments and deductibles, as the case may be, must not exceed the Pharmacy Rate, pharmacies participating in Cigna's network represented to Class Members that they owed an amount that was greater than the Pharmacy Rate.

*Second*, Cigna failed to disclose, and prevented pharmacies from disclosing, to Class Members that (a) they were being charged copayments or deductibles, as the case may be, that were greater than the Pharmacy Rate and (b) that Cigna (or its pharmacy benefit manager) was "clawing back" the overcharge from the pharmacy. These representations and omissions occurred in connection with all transactions on which Class Members were overcharged. The forthcoming written report by Plaintiffs' expert will describe his methodology in sufficient detail that Cigna will be able to identify the transactions that Plaintiffs contend these misrepresentations and omissions were made in connection with.

   6. Identify and describe in detail each of the "statements," "writings, signs, signals, pictures, and sounds" that you allege "Cigna and/or CHL directed OptumRx to deliver," as alleged in paragraph [289] of the [Second Amended Consolidated Complaint] and its subparts.

RESPONSE: Plaintiffs object to this interrogatory as irrelevant because there is no need for Plaintiffs to "identify and describe" "'statements,' 'writings, signs, signals, pictures, and sounds'" "in detail" because wires that are jurisdictional elements but not fraudulent themselves are not subject to Fed. R. Civ. P. 9. *See Spira v. Nick*, 876 F. Supp. 553, 559 (S.D.N.Y. 1995). Subject to

this objection, Plaintiffs answer that "the writings, signs, signals, pictures, or sounds" that were sent "by means of wire communication in interstate commerce" include the following:

- Data transferred between the pharmacy and Cigna's PBM constituting claims and eligibility data;

- Data transferred between Cigna's PBM and Cigna constituting claims and eligibility data;

- Data transferred between Cigna's PBM and pharmacy constituting accounting and payment of Clawbacks;

- Data transferred between Cigna and its PBMs constituting accounting and payment of Clawbacks;

- Data transferred between banking institutions constituting accounting and payment of Clawbacks; and

- Data transferred between a Class Member and the pharmacy transferring overcharges.

7. Describe in detail the basis for the allegation in paragraph [293] of the [Second Amended Consolidated Complaint] that "the predicate acts could not have been conducted, nor Cigna and/or CHL's scheme effectuated, without the existence and use of Argus and OptumRx[.]"

RESPONSE: Plaintiffs object to this interrogatory as irrelevant because they are not required to prove that "the predicate acts could not have been conducted, nor Cigna and/or CHL's scheme effectuated, without the existence and use of Argus and OptumRx" in order to establish that Cigna violated 18 U.S.C. § 1962(c).

Subject to this objection, the bases for the allegation in paragraph [293] of the [Second Amended Consolidated Complaint] that "the predicate acts could not have been conducted, nor Cigna and/or CHL's scheme effectuated, without the existence and use of Argus and OptumRx" are that without the involvement of Argus and OptumRx the predicate acts as alleged could not

have been conducted. First, the predicate acts as alleged could not have been conducted without OptumRx and the control it has over its network of pharmacies. For example, under the OptumRx–pharmacy agreements, the pharmacies were required to "charge the Member the Cost-Sharing Amount indicated in the online response and only this amount." This requirement blocked pharmacies from selling prescription drugs directly to customers for a lower price. Additionally, under the OptumRx–pharmacy agreements, "Network Pharmacy Provider reimbursement pricing information, as well as prices paid to Network Pharmacy Provider for individual Claims under [the OptumRx–pharmacy agreements] are confidential and proprietary Administrator information and may not be disclosed on Member receipts or insurance profiles." This requirement blocked pharmacies from disclosing to customers the fact they were being overcharged. Second, the predicate acts as alleged could not have been conducted without Argus adjudicating and processing the Class Members' prescription drug claims using logic that overcharges Class Members for copayments and deductibles, as the case may be. Argus provided point-of-sale claims processing and processed direct member reimbursements for Cigna's pharmacy business.  Argus did so at the direction of Cigna and using client-benefit configurations and pharmacy rates provided by Cigna.

12. Identify and describe in detail each and every prescription drug transaction for which you claim that you would have paid less for a prescription drug if you did not use your prescription drug benefits, and state for each transaction (a) the date of the transaction, (b) the pharmacy at which you filled your prescription, (c) the prescription drug, (d) the amount that you paid for the prescription drug, and (e) the amount which you claim you should have paid for the prescription drug and how you determined that amount.

RESPONSE: Plaintiffs are unable to answer this Interrogatory because they do not know whether they would have paid less for a prescription drug transaction if they did not use their prescription drug benefits.

14. Describe in detail any and all remedies that you seek in connection with this lawsuit, including each element of damages or other relief to which you claim you are entitled, the method of calculating each such element of damages or other relief, the amount of each element of damages or other relief, and the time period for which you are seeking damages or other relief.

RESPONSE: Plaintiffs object to this Request to the extent it seeks attorney work product. Plaintiffs further object to this Request to the extent it seeks information protected from disclosure. Plaintiffs object to this Interrogatory because the answer is dependent on the completion of the amended written report of Plaintiffs' expert concerning losses and damages and such report has not been completed as of November 11, 2020. Plaintiffs will serve the amended written report pursuant to the schedule stipulated between the parties and ordered by the Court.

Subject to these objections, Plaintiffs seek the following remedies in connection with this lawsuit:

1. An order certifying this action as a class action and appointing the proposed class representatives and their counsel to represent the Classes and Subclasses;

2. A finding by the Court that CHLIC are fiduciaries and/or parties in interest as defined by ERISA;

3. A finding by the Court that CHLIC violated their fiduciary duties of loyalty and prudence to ERISA Subclass members and awarding Plaintiffs and the ERISA Class and Subclass such relief as the Court deems proper;

4. A finding by the Court that CHLIC engaged in prohibited transactions and awarding Plaintiffs and the ERISA Class and Subclass such relief as the Court deems proper;

5. A finding by the Court that CHLIC denied Plaintiffs, the Classes, and Subclasses benefits and/or their rights under the policies and awarding such relief as the Court deems proper;

6. An order enjoining CHLIC from further such violations;

7. A finding by the Court that Plaintiffs and the ERISA Class and Subclass are entitled to clarification of their rights under the Plans and awarding such relief as the Court deems proper;

8. A finding by the Court that Plaintiffs and the ERISA Class and Subclass are entitled to readjudication of their prescription drug claims under the ERISA Plans and awarding such relief as the Court deems proper;

9. An order awarding Plaintiffs, the Classes, and Subclasses damages, surcharge, and/or other monetary compensation as deemed appropriate by the Court;

10. An order requiring CHLIC to restore all losses to Plaintiffs and the ERISA Class and Subclass and disgorge unjust profits and/or other assets of the ERISA Plans

11. An order adopting the measure of losses and disgorgement of unjust profits most advantageous to Plaintiffs and the ERISA Class and Subclass to restore Plaintiffs' losses, remedy CHLIC's windfalls, and put Plaintiffs in the position that they would have been in if the fiduciaries of the ERISA Plans had not breached their duties or engaged in prohibited transactions;

12. An order of such other remedial relief as may be appropriate under ERISA, including the permanent removal of CHLIC from any positions of trust with respect to the ERISA Plans of the members of the ERISA Class and Subclass and the appointment of independent

fiduciaries to serve in the roles CHLIC occupied with respect to the ERISA Plans of the ERISA Class and Subclass, including as pharmacy benefit administrators and managers;

13. An order awarding treble damages in favor of Plaintiffs and the RICO Class and Subclass members against CHLIC for all damages sustained as a result of CHLIC's violations of RICO, in an amount to be proven at trial, including interest thereon;

14. An order awarding Plaintiffs, the Classes, and Subclasses equitable relief to the extent permitted by the above claims;

15. An order awarding Plaintiffs' counsel attorneys' fees, litigation expenses, expert witness fees and other costs pursuant to ERISA § 502(g)(1), 29 U.S.C. 1132(g)(1), and/or the common fund doctrine;

16. An order awarding Plaintiffs' counsel attorneys' fees, litigation expenses, expert witness fees and other costs pursuant to RICO, 18 U.S.C. § 1964(c);

17. An order awarding Plaintiffs, the Classes, and Subclasses their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

18. An order awarding such other and further relief as may be just and proper, including pre-judgment and post-judgment interest on the above amounts.

Dated:   November 11, 2020              *s/ Robert A. Izard*
                                                  Robert A. Izard (ct01601)
                                                  Craig A. Raabe (ct04116)
                                                  Seth R. Klein (ct18121)
                                                  Christopher M. Barrett (ct30151)
                                                  IZARD, KINDALL & RAABE, LLP
                                                  29 South Main Street, Suite 305
                                                  West Hartford, CT 06107
                                                  860-493-6292

860-493-6290 fax
rizard@ikrlaw.com
craabe@ikrlaw.com
sklein@ikrlawcom
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
Mathew Jasinski
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
860-882-1681
860-882-1682 fax
bnarwold@motleyrice.com
mjasinski@motleyrice.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that, on November 11, 2020, I caused a true and correct copy of the foregoing document to be served on counsel for all parties via the email.

Executed this 11th day of November 2020 at West Harford, Connecticut.

*s/ Robert A. Izard*
Robert A. Izard

Robert A. Izard
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
(860) 493-6292
(860) 493-6290 fax
rizard@ikrlaw.com