# EXHIBIT 47

```
 1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT
 2
                              - - -
 3
       KIMBERLY A. NEGRON, DANIEL:  Civil Action No.
 4     PERRY, COURTNEY GALLAGHER, : 16-cv-1702
       NINA CUROL, ROGER CUROK,   :
 5     and BILLY RAY BLOCKER,     :
       JR., Individually and on   :
 6     Behalf of All Others       :
       Similarly Situated,        :
 7              Plaintiffs        :
                                  :
 8              vs.               :
                                  :
 9     CIGNA CORPORATION, CIGNA   :
       HEALTH AND LIFE INSURANCE  :
10     COMPANY and OPTUMRX, INC., :
                                  :
11              Defendants.       :
12                            - - -
13                   TUESDAY, MAY 12, 2020
                         CONFIDENTIAL
14
                              - - -
15        Videotape Zoom Deposition of ROGER CUROL,
16     taken pursuant to Notice, at 306 Comeaux
17     Drive, Lockport, Louisiana, commencing at
18     approximately 10:52 a.m., on the above date,
19     before Rose A. Tamburri, RPR, CM, CCR, CRR,
20     USCRA Speed and Accuracy Champion and Notary
21     Public.
22
                              - - -
23                  VERITEXT LEGAL SOLUTIONS
                       Mid-Atlantic Region
24              1801 Market Street - Suite 1800
                Philadelphia, Pennsylvania   19103
```

Page 2

```
1   APPEARANCES:
2
       SCOTT & SCOTT, LLP
3      BY:  JOSEPH GUGLIELMO, ESQUIRE
            and
4         CAREY ALEXANDER, ESQUIRE
       230 Park Avenue, 17th Floor
5      New York, New York  10169
       (212) 223-6444
6      jguglielmo@scott-scott.com
       calexander@scott-scott.com
7          and
       WHITFIELD, BRYSON & MASON
8      BY:  JEREMY WILLIAMS, ESQUIRE
       900 W. Morgan Street
9      Raleigh, North Carolina  27603
       (919) 600-5000
10     jeremy@whitfieldbryson.com
       (Via Virtual Zoom)
11     Representing the Plaintiffs
12
       MORGAN LEWIS & BOCKIUS LLP
13     BY:  LISA WEDDLE, ESQUIRE
       300 South Grand Avenue, 22nd Floor
14     Los Angeles, California  90071-3132
       (213) 612-7334
15     lisa.weddle@morganlewis.com
16         and
17     MARGARET McDOWELL, ESQUIRE
18     1701 Market Street
19     Philadelphia, Pennsylvania  19103
20     (215) 963-5000
21     margaret.mcdowell@morganlewis.com
22     (Via Virtual Zoom.)
23     Representing the Defendant,
24     Cigna Health and Life Insurance Company
```

Page 3

```
1   APPEARANCES, CONTINUED:
2
       DORSEY & WHITNEY, LLP
3      BY:  MICHELLE S. GRANT, ESQUIRE
       50 South Sixth Street, Suite 1500
4      Minneapolis, Minnesota  55402-1498
       (612) 340-2600
5      grant.michelle@dorsey.com
6      (Via Virtual Zoom.)
7      Representing the Defendant,
8      OptumRX, Inc.
9
10
11  ALSO PRESENT:
12
13
14     ANDREW LEMMON, ESQUIRE
15     BRETT BOSKIEWICZ, ESQUIRE
16     LEMMON LAW FIRM
17
18     MATTHEW KLAYMAN, ESQUIRE
19     MORGAN, LEWIS & BOCKIUS
20
21     CHRISTOPHER BARRETT, ESQUIRE
22     IZARD, KINDALL & RAABE, LLP
23
24     KYLE WACHTER, VIDEOGRAPHER
```

Page 4

```
1              I N D E X
2
    TESTIMONY OF ROGER CUROL
3
       By Ms. Weddle..........................10
4
       By Ms. Grant..........................145
5
6
7           E X H I B I T S
8   EXHIBIT NO.   DESCRIPTION         PAGE NO.
9   RCurol01    Island Operating Company,    54
              Inc. OAP Standard Plan -
10            Bates Nos. 000001 - 64
11  RCurol02    Retainer Agreement -       77
              Bates Nos. Curols000063 - 65
12
    RCurol03    PLAINTIFFS' SECOND AMENDED   89
13            OBJECTIONS AND RESPONSES TO
              CHLIC'S FIRST SET OF
14            INTERROGATORIES
15  RCurol04    Generics Only Prescription   93
              Drug List - 2016 - Bates
16            Nos. Curols000001 - 62
17  RCurol05    Second Amended Consolidated  96
18            Complaint
19
20  RCurol06    Robichaux's Pharmacy        108
21            Prescription Drug Printout -
22            Bates Nos. Curols000075 - 78
23
24  RCurol07    Excel Spreadsheet           123
```

Page 5

```
1   DEPOSITION SUPPORT INDEX
2   DIRECTION TO WITNESS NOT TO ANSWER
3   Page    Line
4   None
5
6   REQUEST FOR PRODUCTION OF DOCUMENTS
7   Page    Line    Description
8
9   None
10
11
12
13  STIPULATIONS
14
15  Page    Line
16
17    6      4
18
19
20  PREVIOUSLY MARKED EXHIBITS REFERRED TO
21
22  EXHIBIT NUMBER          PAGE REFERENCED
23
24  None
```

2 (Pages 2 - 5)

Page 6

1    (Whereupon, the deposition
2  commenced at 10:52 a.m.)
3           - - -
4    (It is stipulated by and among
5  counsel for the respective parties, that
6  sealing, certification and filing are waived;
7  and that all objections, except as to the form
8  of the question, will be reserved until the
9  time of trial.)
10          - - -
11   (Whereupon, the following was
12 stated by the court reporter prior to going on
13 the videotape record.)
14          - - -
15   THE COURT REPORTER: The
16 attorneys participating in this deposition
17 acknowledge that I am not physically present
18 in the deposition room and that I will be
19 reporting this deposition remotely.
20   They further acknowledge that, in
21 lieu of an oath administered in person, I will
22 administer the oath remotely. The parties and
23 their counsel consent to this arrangement and
24 waive any objections to this manner of

Page 7

1  reporting.
2    Please indicate your agreement by
3  stating your name and your agreement on the
4  record.
5    MS. WEDDLE: This is Lisa Weddle,
6  and I agree.
7    MR. GUGLIELMO: This is Joseph
8  Guglielmo with Scott & Scott. I agree.
9    MR. ALEXANDER: Carey Alexander
10 with Scott & Scott, I agree.
11   MR. WILLIAMS: This is Jeremy
12 Williams, Whitfield Bryson, and I agree.
13   (Whereupon, the videotape
14 deposition commenced as follows:
15   THE VIDEOGRAPHER: I'm just going
16 to do my read-in really quick. Stand by.
17   Good morning. We are going on the
18 video record at 10:52 a.m. on May 12th, 2020.
19 Please note that the microphones are sensitive
20 and may pick up whispering, private
21 conversations and cellular interference.
22 Please turn off all cell phones, or place them
23 away from the microphones, as they can
24 interfere with the deposition audio. Audio

Page 8

1  and video recording will continue to take
2  place unless all parties agree to go off the
3  record.
4    This is Media Unit 1 of the video
5  recorded deposition of Roger Curol, in the
6  matter of Roger Curol, et al versus Cigna
7  Corporation, et al, filed in the United States
8  District Court of the District of Connecticut.
9  The case number is 16-cv-1702.
10   My name is Kyle Wachter from the
11 firm Veritext Legal Solutions and I am the
12 videographer. The court reporter is Rose
13 Tamburri of the firm Veritext Legal Solutions.
14   I am not authorized to administer
15 an oath, I am not related to any party in this
16 action, nor am I financially interested in the
17 outcome.
18   Counsel and all present will now
19 state their appearances and affiliations for
20 the record.
21   MS. WEDDLE: Good morning, Mr.
22 Curol. I introduced myself already this
23 morning, but I introduced myself formally on
24 the record. My name is Lisa Weddle and I am

Page 9

1  counsel for Cigna.
2    I also have with me today Margaret
3  McDowell, who is one of my colleagues, also
4  representing Cigna, and we're with the firm of
5  Morgan, Lewis & Bockius. Good morning.
6    THE WITNESS: Good morning.
7    MR. GUGLIELMO: Good morning. My
8  name is Joseph Guglielmo. I'm here with my
9  colleague, Carey Alexander. We're with the
10 firm of Scott & Scott. And I will be
11 defending Mr. Curol, and I also represent the
12 other plaintiffs in the action.
13   THE VIDEOGRAPHER: All right.
14 Thank you. We may proceed.
15          - - -
16   MS. WEDDLE: Before we proceed,
17 can we go off at least just the video record
18 quickly. Rose, I am not getting any feed on
19 the livenote.
20   THE VIDEOGRAPHER: We are going
21 off the video record at 10:54.
22   (Whereupon, a discussion was held
23 off the record.)
24   THE VIDEOGRAPHER: We are going

3 (Pages 6 - 9)

Page 98

1  31, Subsection (n) -- I'm sorry, Subsection
2  (p), which is on page 16, if you can.
3      A.  P, yes, ma'am, May 9th, 2016.
4      Q.  Yes.
5          In that -- in that allegation, you
6  state, On May 9th -- "On May 9th, 2016,
7  Plaintiff R. Curol paid to Robichaux's
8  Pharmacy in Lockport, Louisiana, a $10
9  co-payment for a prescription drug - a
10 161 percent premium over the actual $6.19 fee
11 paid to the pharmacy.  Without disclosing it
12 to Plaintiff R. Curol, Defendants clawed back
13 the $3.81 overcharge."
14         How did you learn what the
15 pharmacy was paid for the drug as referenced
16 in this paragraph?
17     A.  My attorneys done the legwork on
18 this.  I haven't determined anything.
19     Q.  Did you provide your attorneys with
20 any information to obtain the amounts that the
21 pharmacy was paid as referenced in this
22 allegation here, in paragraph 31(p)?
23     A.  I provided my lawyers with who I
24 filled my medication with at Robichaux's.  I

Page 99

1  told them that's who I filled my medication
2  with.  And I may have sent them some prices of
3  the medication that I filled.  I don't recall.
4      Q.  Where would you have had -- or strike
5  that.
6          What type of information do you
7  have that shows the prices of the medications
8  you filled?
9      A.  I would have got a printout from my
10 pharmacy of how much it cost me to print it.
11 That's all I would have got.  I wouldn't have
12 got a price where it'll say that Cigna was
13 clawing back money.  I'd have never got that.
14 I'd have never seen that.
15         All I got, if it cost me $10,
16 that's what the -- the pharmacist showed that
17 I paid, $10.
18     Q.  At the time that you filled this
19 prescription, and referenced here in paragraph
20 31(p) on May 19th, 2016, did you discuss with
21 the pharmacist that you thought you had
22 overpaid?
23     A.  No, I don't recall.
24     Q.  Why not?

Page 100

1      A.  Because at that time, I didn't know I
2  had overpaid.  I didn't find out I was being
3  overcharged until after I got in the lawsuit.
4      Q.  So I take it that before joining this
5  lawsuit, you did not discuss with anyone that
6  you thought that you had been overcharged on
7  this transaction referenced here in paragraph
8  31(p) of your Complaint?
9      A.  No, ma'am.
10     Q.  Before joining this lawsuit, did you
11 ever reach out to Cigna to discuss that you
12 thought you had overpaid for this transaction
13 on May 9th, 2016, at Robichaux's Pharmacy?
14     A.  No, ma'am.
15     Q.  And why not?
16     A.  I never contacted anybody because I
17 thought I was being charged what I was
18 supposed to be charged.  I never knew any --
19 any different.
20     Q.  Did you think that you were being
21 charged in accordance with what Island
22 Operating Company had intended for your
23 prescription drug benefits?
24     A.  I thought that was the whole -- what

Page 101

1  I was being charged all along was what -- what
2  I was told was the correct amount.  I never
3  had any doubts or any other -- no one said I
4  wasn't -- that I was being charged more than I
5  was supposed to.
6      Q.  In the next subsection, you'll see
7  there on page 16, paragraph 31, Subsection
8  (q), it states, "On January 19th, 2016,
9  March 15th, 2016, June 7th, 2016, Plaintiff R.
10 Curol paid to Robichaux's Pharmacy in
11 Lockport, Louisiana a $10 co-payment for a
12 prescription drug - a 311 percent premium over
13 the actual $3.21 he paid to the pharmacy.
14         "Without disclosing it to
15 Plaintiff R. Curol, Defendants claw-backed the
16 $6.79 overcharge."
17         Do you see that there?
18     A.  Yes, ma'am.
19     Q.  How did you know the amount paid to
20 the pharmacy as referenced here in paragraph
21 31, Subsection (q), the actual fee of $3.21?
22     A.  I didn't know.  My attorneys is the
23 ones that done all the legwork to find this
24 information out.

26 (Pages 98 - 101)

Page 150

1  and sign?
2         MR. GUGLIELMO: Yes, read and
3  sign. Yes, Mr. Curol will -- will read his
4  deposition and sign, obviously, and any
5  signature will be -- will be put before the --
6  the court reporter here.
7         MS. WEDDLE: Okay. We're good.
8         MR. GUGLIELMO: All right. We're
9  off the record.
10        MS. WEDDLE: Thank you very much
11 for your time, Mr. Curol.
12        THE WITNESS: All right. Thank
13 you all.
14        MS. WEDDLE: Thank you.
15        THE VIDEOGRAPHER: We are going
16 off the record at 3:15. This ends the
17 deposition of Mr. Curol.
18        (Whereupon, the deposition
19 concluded at the above time.)
20
21
22
23
24

Page 151

1         C E R T I F I C A T E
2
3      I do hereby certify that I am a
   Notary Public in good standing, that the
4  aforesaid testimony was taken before me,
   pursuant to notice, at the time and place
5  indicated; that said deponent was by me duly
   sworn to tell the truth, the whole truth, and
6  nothing but the truth; that the testimony of
   said deponent was correctly recorded in
7  machine shorthand by me and thereafter
   transcribed under my supervision with
8  computer-aided transcription; that the
   deposition is a true and correct record of the
9  testimony given by the witness; and that I am
   neither of counsel nor kin to any party in
10 said action, nor interested in the outcome
   thereof.
11
        WITNESS by hand and official seal
12 this 12th day of May, 2020.
13
14
15
16       _Josie Tambrurri_
17           Notary Public
18
19
20 Job No. 4107744
21
22
23
24

Page 152

1  Jospeh Guglielmo, Esquire
2  jguglielmo@scott-scott.com
3         May 26, 2020
4  RE:   Negron, Kimberly Et Al. v. Cigna Corporation Et Al.
5    5/12/2020, Roger Curol (#4107744)
6     The above-referenced transcript is available for
7  review.
8     Within the applicable timeframe, the witness should
9  read the testimony to verify its accuracy. If there are
10 any changes, the witness should note those with the
11 reason, on the attached Errata Sheet.
12    The witness should sign the Acknowledgment of
13 Deponent and Errata and return to the deposing attorney.
14 Copies should be sent to all counsel, and to Veritext at
15 cs-midatlantic@veritext.com
16
17  Return completed errata within 30 days from
18 receipt of testimony.
19   If the witness fails to do so within the time
20 allotted, the transcript may be used as if signed.
21
22       Yours,
23       Veritext Legal Solutions
24
25

Page 153

1  Negron, Kimberly Et Al. v. Cigna Corporation Et Al.
2  Roger Curol (#4107744)
3         E R R A T A   S H E E T
4  PAGE_____ LINE_____ CHANGE_____
5  _____
6  REASON_____
7  PAGE_____ LINE_____ CHANGE_____
8  _____
9  REASON_____
10 PAGE_____ LINE_____ CHANGE_____
11 _____
12 REASON_____
13 PAGE_____ LINE_____ CHANGE_____
14 _____
15 REASON_____
16 PAGE_____ LINE_____ CHANGE_____
17 _____
18 REASON_____
19 PAGE_____ LINE_____ CHANGE_____
20 _____
21 REASON_____
22
23 _____  _____
24 Roger Curol              Date
25