# EXHIBIT 48

```
                                                             Page 1

 1          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF CONNECTICUT
 2                      - - -
    KIMBERLY A. NEGRON,       : CIVIL ACTION NO.
 3  Individually and on       : 3:16-cv-1702(JAM)
    Behalf of All Others      :
 4  Similarly Situated,       :
    DANIEL PERRY,             :
 5  Individually and on       :
    Behalf of All Others      :
 6  Similarly Situated,       :
    COURTNEY GALLAGHER,       :
 7  Individually and on       :
    Behalf of All Others      :
 8  Similarly Situated,       :
    NINA CUROL,               :
 9  Individually and on       :
    Behalf of All Others      :
10  Similarly Situated,       :
    ROGER CUROL,              :
11  Individually and on       :
    Behalf of All Others      :
12  Similarly Situated, and   :
    BILLY RAY BLOCKER,        :
13  Individually and on       :
    Behalf of All Others      :
14  Similarly Situated,       :
          Plaintiffs,         :
15                            :
          vs.                 :
16                            :
    CIGNA CORPORATION,        :
17  CIGNA HEALTH AND LIFE     :
    INSURANCE COMPANY, and    :
18  OPTUMRX, INC.,            :
          Defendants.         :
19                  - - -
20              May 12, 2020
                CONFIDENTIAL
21
                    - - -
22
            VERITEXT LEGAL SOLUTIONS
23             MID-ATLANTIC REGION
         1801 Market Street - Suite 1800
24            Philadelphia, PA  19103
```

Page 2

1          - - -
2          Videotaped deposition of BILLY
3   RAY BLOCKER, taken remotely via Zoom, at 130
4   North Clublands Court, Alpharetta Georgia
5   30022, beginning at 9:00 a.m., before LINDA
6   ROSSI-RIOS, a Federally Approved RPR, CCR and
7   Notary Public.
8
9
10
11
12          - - -

Page 4

1   APPEARANCES (cont'd.):
2
    On behalf of the Defendants, Cigna Health
3   and Life Insurance Company
    (VIA ZOOM)
4
       MORGAN LEWIS & BOCKIUS, LLP
5      BY:  JEREMY BLUMENFELD, ESQUIRE
       300 South Grand Avenue, 22nd Floor
6      Los Angeles, CA 90071-3132
       213.612.7334
7      jeremy.blumenfeld@morganlewis.com
            AND
8      MORGAN LEWIS & BOCKIUS, LLP
       BY:  ELEANOR R. FARRELL, ESQUIRE
9          and
           JILL SETTLEMYER, ESQUIRE
10     1701 Market Street
       Philadelphia, PA 19103
11     215.963.5000
       eleanor.farrell@morganlewis.com
12     jill.settlemyer@morganlewis.com
13
14  On behalf of the Defendant, OptumRX, Inc.
    (VIA ZOOM)
15
       DORSEY & WHITNEY, LLP
16     BY:  MICHELLE S. GRANT, ESQUIRE
       50 South Sixth Street
17     Suite 1500
       Minneapolis, MN 55402-1498
18     612.340.2600
       grant.michelle@dorsey.com
19
20  A L S O  P R E S E N T :
21  BRETT BOSKIEWICZ, Cigna
22  DANIEL GRBICH, Videographer
23           - - -
24

Page 3

1   A P P E A R A N C E S :
2
3   On behalf of the Plaintiffs
    (VIA ZOOM)
4
       IZARD, KINDALL & RAABE, LLP
5      BY:  CRAIG A. RAABE, ESQUIRE
            and
6      CHRISTOPHER M. BARRETT, ESQUIRE
            and
7      SETH R. KLEIN, ESQUIRE
       29 South Main Street
8      Suite 305
       West Hartford, CT  06107
9      860.493.6292
       craabe@ikrlaw.com
10     cbarrett@ikrlaw.com
       sklein@ikrlaw.com
11          AND
       MOTLEY RICE LLC
12     BY:  MEGHAN S.B. OLIVER, ESQUIRE
       28 Bridgeside Boulevard
13     Mount Pleasant, SC  29464
       843.216.9492
14     moliver@motleyrice.com

Page 5

1            I N D E X
2
    WITNESS                         PAGE
3
    BILLY RAY BLOCKER
4
    BY MR. BLUMENFELD                10
5
    BY MS. GRANT                    157
6
7
           E X H I B I T S
8
    MARKED      DESCRIPTION         PAGE
9
    Exhibit B01  Prescription Drug    27
10       Benefit,
         CIGNA00024138 - 166
11
    Exhibit B02  Prescription Drug    35
12       Benefit,
         CIGNA00024222 - 250
13
    Exhibit B03  Prescription Drug    43
14       Benefit,
         CIGNA00024168 - 195
15
    Exhibit B04  Prescription Drug    52
16       Benefit,
         CIGNA00024196 - 221
17
    Exhibit B05  Prescription Drug    62
18       Benefit,
         CIGNA00024308 - 341
19
    Exhibit B06  Customer Statement   73
20       Report,
         Blocker 000102- 104
21
    Exhibit B07  Administration      101
22       Services Only
         Agreement 2014,
23       CIGNA12361815 - 848
24

2 (Pages 2 - 5)

Page 6

1     E X H I B I T S
2  Exhibit B08   Administration         101
              Services Only
3             Agreement 2016,
              CIGNA12361759 - 814
4
   Exhibit B09   Receipts,              115
5             Blocker_000001 - 101

Page 7

1          DEPOSITION SUPPORT INDEX
2
3  DIRECTION TO WITNESS NOT TO ANSWER
4  Page   Line
5  (None)
6
7
8
   REQUEST FOR PRODUCTION OF DOCUMENTS
9
   Page   Line
10
   (None)
11
12
13
14
15 STIPULATIONS
16 Page   Line
17   8    2
     159  17
18
19
20
21 QUESTIONS MARKED
22 Page   Line
23 (None)
24

Page 8

1                  - - -
2         COURT REPORTER:  The attorneys
3  participating in this deposition
4  acknowledge that I am not physically
5  present in the deposition room and that
6  I will be reporting this deposition
7  remotely.  They further acknowledge
8  that, in lieu of an oath administered
9  in person, I will administer the oath
10 remotely.  The parties and their
11 counsel consent to this arrangement and
12 waive any objections to this manner of
13 reporting.  Agreed?
14        MR. BLUMENFELD:  Yes.
15        MS. OLIVER:  Yes.
16        VIDEOGRAPHER:  Good morning.
17 We're going on the record at 9:02 a.m.
18 on May 12, 2020.  This is media unit
19 number 1 of the video recorded
20 deposition of Billy Ray Blocker being
21 taken in the matter of Negron et al.
22 versus Cigna Corporation et al. which
23 is filed in the United States District
24 Court for the District of Connecticut,

Page 9

1  case number 16-CV-1702.
2         My name is Daniel Grbich from
3  the firm of Veritext, I am the
4  videographer.  The court reporter is
5  Linda Rossi from the firm of Veritext.
6         I'm not authorized to administer
7  an oath, nor am I not related to any
8  party in this action or financially
9  interested in the outcome.
10        Counsel please state their
11 appearance and affiliations for the
12 record.
13        MR. BLUMENFELD:  This is Jeremy
14 Blumenfeld from Morgan Lewis on behalf
15 of Cigna.
16        MS. GRANT:  Michelle Grant from
17 Dorsey & Whitney on behalf of OptumRX.
18        MS. OLIVER:  Meghan Oliver on
19 behalf of plaintiffs.
20        MR. KLEIN:  This is Seth Klein
21 and with me is Craig Raabe and
22 Christopher Barrett on behalf of
23 plaintiffs as well.
24        MR. BLUMENFELD:  Is there

Page 94

1  to somewhere in the recent past. It would
2  just come up what is the cash price on this,
3  and they would tell me.
4      Q.   Could you be any more specific
5  about the time period you're talking about?
6      A.   Recently within the last year or
7  so.
8      Q.   What about 2013?
9      A.   I'm not sure about these ones
10 that are written with cash. I have no idea
11 really what happened on those.
12     Q.   What about 2014?
13     A.   No.
14     Q.   Sorry, no what?
15     A.   No, I have not idea about why
16 they were written up as cash.
17     Q.   What about 2015?
18     A.   No. And may I ask, are you
19 asking about cash? It says cash, but I paid
20 with a credit card or something or is it
21 because we're talking about a, quote, cash
22 price?
23     Q.   I was asking, Mr. Blocker, if
24 you have a recollection of having had

Page 95

1  conversations with the pharmacist about
2  whether it would be cheaper to use cash price
3  versus whatever insurance you happen to have
4  recognizing that the cash price could mean you
5  pay cash, that is US legal tender, or it could
6  be you pay by credit card?
7      A.   I have had those discussions,
8  but I can't tell you time periods or time
9  where I learned there was a different pricing.
10     Q.   Okay. Do you recall having any
11 conversations in 2016 about whether any of the
12 prescriptions you had could be cheaper under
13 what you call the cash price versus your
14 insurance?
15     A.   No, I don't.
16     Q.   What about 2017?
17     A.   I'm sorry, I don't.
18     Q.   And what about 2018 aside from
19 the purchases that I think you referenced at
20 the beginning of your deposition from March of
21 2018?
22     A.   No, I couldn't be able to tell
23 you whether I asked for it cash or whether or
24 not I asked if there was a cheaper way to go,

Page 96

1  or whether they were just used to ringing me
2  up that way. I wouldn't be able to tell you.
3      Q.   Okay. Let's go back up, Mr.
4  Blocker, to the first page of that document.
5      A.   All right.
6      Q.   On January 8 of 2014 you see a
7  purchase for lisinopril?
8      A.   January 5? Yes, okay.
9      Q.   It looks to me January 8.
10     A.   One second. 2014?
11     Q.   Yes.
12     A.   January 8th of 2014. All right.
13     Q.   Do you see that?
14     A.   First cash one that is written
15 there. Right?
16     Q.   It's the first cash one after
17 the Medco Health.
18     A.   Yes.
19     Q.   Yes. And that was -- that shows
20 up as cash price, meaning they didn't put it
21 through on your insurance. Correct?
22     A.   That's the way I understand it.
23     Q.   And you paid, according to this
24 at least, $10 for that?

Page 97

1      A.   Yes, I believe that would be
2  correct.
3      Q.   And that was for a 90-day
4  supply. Correct?
5      A.   Based on what they have printed
6  here, yes.
7      Q.   Right. You don't have any
8  independent recollection of this. Correct?
9      A.   No. This is six years or so
10 ago, no.
11     Q.   Got it. If you could scroll
12 down to October 9 of 2014, and, again, the
13 first one for October seems to be missing from
14 this page.
15     A.   What was the date one more time?
16     Q.   October 9, 2014.
17     A.   I believe I have the lisinopril
18 30 -- quantity 30 from Samuel Gilbert, Dr.
19 Gilbert.
20     Q.   Yes. And it shows insurer that
21 is listed there at least on this form is
22 Cigna?
23     A.   Okay.
24     Q.   Do you see that?

25 (Pages 94 - 97)

Page 158

1  Q. Are you aware that you have
2  named OptumRX as a defendant in this lawsuit?
3  A. I hadn't been aware of that. I
4  did the other day see their name in the file.
5  But I did not understand how they were --
6  exactly how they were together.
7  Q. Have you ever received any
8  written materials from OptumRX relating to
9  prescription drug benefits through Cobb County?
10  A. Not that I know.
11  Q. Have you ever received any
12  representations or statements from OptumRX?
13  A. I'm not aware of any.
14  Q. Did you ever ask any pharmacist
15  regarding the amount of the copay that you
16  were paying?
17  A. In that last episode on March of
18  '18 I asked because the amount was way over
19  what I had been paying and they said that was
20  correct copay for using the insurance. And I
21  said I don't remember paying that much. They
22  looked it up and told me you've been doing a
23  cash transaction. So they changed it to that.
24  Q. Is that the first time you

Page 159

1  recall asking that question of a pharmacist?
2  A. Of asking why it was -- yes, I
3  believe so.
4  Q. Did you ever ask a pharmacist
5  what amount they were being paid by either
6  Cigna or OptumRX for the prescription drug?
7  A. No.
8  Q. Did any pharmacist ever tell you
9  that they can provide you certain information
10  regarding your co-payment?
11  A. No.
12     MS. GRANT: Thank you, Mr. Blocker.
13  No further questions from OptumRX.
14     MS. OLIVER: I have no questions.
15     MR. BLUMENFELD: I think we're
16  done.
17     MS. OLIVER: We will read and
18  sign.
19     MR. BLUMENFELD: Mr. Blocker,
20  thank you very much for your time and
21  assistance with this.
22     THE WITNESS: Thank you. And
23  I'll get that name for Linda.
24     VIDEOGRAPHER: The time is 2:30.

Page 160

1  This concludes the video deposition and
2  media unit number 4.
3     - - -
4  (Witness excused at 2:30 p.m.)

Page 161

C E R T I F I C A T E

I do hereby certify that I am a Notary Public in good standing, that the aforesaid testimony was taken before me, pursuant to notice, at the time and place indicated; that said deponent was by me duly sworn to tell the truth, the whole truth, and nothing but the truth; that the testimony of said deponent was correctly recorded in machine shorthand by me and thereafter transcribed under my supervision with computer-aided transcription; that the deposition is a true and correct record of the testimony given by the witness; and that I am neither of counsel nor kin to any party in said action, nor interested in the outcome thereof.

WITNESS my hand and official seal May 20, 2020.

&lt;%signature%&gt;
_____
Linda Rossi-Rios, RPR, CSR
Notary Public

41 (Pages 158 - 161)