# EXHIBIT 49

Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF CONNECTICUT
 2                       - - -
      KIMBERLY A. NEGRON,        : CIVIL ACTION NO.
 3    Individually and on        : 3:16-cv-1702(JAM)
      Behalf of All Others       :
 4    Similarly Situated,        :
      DANIEL PERRY,              :
 5    Individually and on        :
      Behalf of All Others       : Videoconference
 6    Similarly Situated,        : deposition of
      COURTNEY GALLAGHER,        : DANIEL PERRY
 7    Individually and on        :
      Behalf of All Others       :
 8    Similarly Situated,        :
      NINA CUROL,                :
 9    Individually and on        :
      Behalf of All Others       :
10    Similarly Situated,        :
      ROGER CUROL,               :
11    Individually and on        :
      Behalf of All Others       :
12    Similarly Situated, and    :
      BILLY RAY BLOCKER,         :
13    Individually and on        :
      Behalf of All Others       :
14    Similarly Situated         :
            Plaintiffs           :
15                               :
            vs.                  :
16                               :
      CIGNA CORPORATION,         :
17    CIGNA HEALTH AND LIFE      :
      INSURANCE COMPANY, and     :
18    OPTUMRX, INC.              :
            Defendants           :
19                    - - -
                 April 22, 2020
20
                   CONFIDENTIAL
21
                      - - -
22
              VERITEXT LEGAL SOLUTIONS
23               MID-ATLANTIC REGION
            1801 Market Street - Suite 1800
24             Philadelphia, PA  19103
```

Veritext Legal Solutions
215-241-1000 ~ 610-434-8588 ~ 302-571-0510 ~ 202-803-8830

Page 2

1          - - -
2      Videoconference deposition of
3  DANIEL PERRY, taken remotely via Zoom at 8734
4  US Highway 12, Glenoma Washington, 98336,
5  beginning at 9:04 a.m., before LINDA
6  ROSSI-RIOS, a Federally Approved RPR, CCR and
7  Notary Public.

12          - - -

Page 3

1  A P P E A R A N C E S: (Via Zoom)
2  On behalf of the Plaintiffs
3
      IZARD, KINDALL & RAABE, LLP
4    BY:  CRAIG A. RAABE, ESQUIRE
           and
5        CHRISTOPHER M. BARRETT, ESQUIRE
      29 South Main Street
6    Suite 305
      West Hartford, CT  06107
7    860. 493.6292
      craabe@ikrlaw.com
8    cbarrett@ikrlaw.com
           AND
9    MOTLEY RICE LLC
      BY:  MEGHAN S.B. OLIVER, ESQUIRE
10    28 Bridgeside Boulevard
      Mount Pleasant, SC  29464
11    843.216.9492
      moliver@motleyrice.com
12         AND
      SCOTT & SCOTT LLP
13    BY:  JOSEPH GUGLIELMO, ESQUIRE
      230 Park Avenue
14    17th Floor
      New York, NY  10169
15    212.223.6444
      jguglielmo@scott-scott.com
16         AND
      STRITMATTER, KESSLER, WHELAN,
17    KOEHLER & MOORE
      BY:  BRAD J. MOORE, ESQUIRE
18    3600 15th Avenue W, Suite 300
      Seattle, WA 98119
19    206.448.1777
      brad@stritmatter.com
20         AND
      LEMMON LAW FIRM
21    BY:  ANDREW LEMMON, ESQUIRE
      15058 River Road
22    P.O. Box 904
      Hahnville, LA 70057
23    985.783.6789
      andrew@lemmonlawfirm.com

Page 4

1  APPEARANCES (cont'd.): (Via Zoom)
2  On behalf of the Defendants, Cigna Health
   and Life Insurance Company
3
4      MORGAN LEWIS & BOCKIUS, LLP
       BY:  LISA WEDDLE, ESQUIRE
5      300 South Grand Avenue, 22nd Floor
       Los Angeles, CA 90071-3132
6      213.612.7334
       lisa.weddle@morganlewis.com
7         AND
       MORGAN LEWIS & BOCKIUS, LLP
8      BY:  ELEANOR R. FARRELL, ESQUIRE
            and
9        JILL SETTLEMYER, ESQUIRE
       1701 Market Street
10     Philadelphia, PA 19103
       215.963.5000
11     eleanor.farrell@morganlewis.com
       jill.settlemyer@morganlewis.com
12
13
   On behalf of the Defendant, OptumRX, Inc.
14
15     DORSEY & WHITNEY, LLP
       BY:  MICHELLE S. GRANT, ESQUIRE
16     50 South Sixth Street
       Suite 1500
17     Minneapolis, MN 55402-1498
       612.340.2600
18     grant.michelle@dorsey.com
19
20  A L S O   P R E S E N T:
21
       DANIEL GRBICH, Videographer
22
23             - - -

Page 5

1              I N D E X
2
     WITNESS                        PAGE
3
     DANIEL PERRY
4
      By Ms. Weddle                    8
5
6
              E X H I B I T S
7
     MARKED      DESCRIPTION          MARKED
8
     Perry-01    Retainer Agreement     56
9
     Perry-02    2012 Revised Plan,     89
10           PERRY000001 - 061

2 (Pages 2 - 5)

Page 6

1  DEPOSITION SUPPORT INDEX
2  DIRECTION TO WITNESS NOT TO ANSWER
   Page   Line
3
   (None)
4
5
6
7  REQUEST FOR PRODUCTION OF DOCUMENTS
   Page   Line
8
   55     1
9  110    21
10
11
12
13 STIPULATIONS
   Page   Line
14
   114    2
15
16
17
18
19 QUESTIONS MARKED
   Page   Line
20
   (None)
21
22
23
24

Page 7

1       VIDEOGRAPHER:  Good morning.
2  We're going on the record at 9:04 on
3  April 22, 2020.  This is media unit 1
4  to the video recorded deposition of
5  Daniel Perry in the matter of Negron,
6  et al. versus Cigna Corporation, et
7  al., which is filed in the United
8  States District Court for the District
9  of Connecticut, case number 16-CV-1702.
10      My name is Daniel Grbich from
11 the firm of Veritext.  I'm the
12 videographer.  The court reporter is
13 Linda Rossi from the firm of Veritext.
14      I'm not authorized to
15 administered an oath nor am I related
16 to any party in the action or
17 financially interested in the outcome.
18      Would counsel please state their
19 appearance and affiliation for the
20 record.
21      MS. WEDDLE:  Good morning, Mr.
22 Perry.  My name is Lisa Weddle, I'm
23 counsel for Cigna.  We met earlier off
24 the record.  I wanted to introduce

Page 8

1  myself and make my appearance.  Good
2  morning.
3       THE WITNESS:  Good morning.
4       MR. GUGLIELMO:  Good morning.
5  This is Joseph Guglielmo, Dan and
6  counsel.  I represent the plaintiff.  I
7  represent Mr. Perry individually as
8  well as the plaintiffs in the action.
9  I'm here from Scott & Scott.  I'm also
10 here with my colleagues Craig Raabe and
11 Christopher Barrett from Izard, Kindall
12 & Raabe; Brad Moore from Stritmatter,
13 Kessler, Whelan, Koehler & Moore; and
14 Andrew Lemmon from the Lemmon Law Firm.
15 We represent, as I said, Mr. Perry as
16 well as the other plaintiffs.
17      MS. OLIVER:  Meghan Oliver from
18 Motley Rice for the plaintiffs is also
19 on.
20      MS. GRANT:  Good morning, Mr.
21 Perry.  This is Michelle Grant on
22 behalf of defendant OptumRX.
23      MS. WEDDLE:  This is Lisa Weddle
24 again.  I should also note that both

Page 9

1  Jill Settlemyer and Eleanor Farrell
2  from Morgan Lewis, my colleagues, are
3  also on today on behalf of Cigna.
4       THE WITNESS:  I guess you all
5  know I'm Daniel Perry and here I am
6  ready to be deposed.
7       VIDEOGRAPHER:  Would the court
8  reporter, please, swear in the witness
9  and you may proceed.
10         - - -
11      DANIEL PERRY, after having been
12 duly sworn, was examined and testified
13 as follows:
14         - - -
15       EXAMINATION
16         - - -
17 BY MS. WEDDLE:
18  Q.   Good morning, Mr. Perry.  Have
19 you been deposed before?
20  A.   I have.
21  Q.   How many times?
22  A.   Once.
23  Q.   And when was that deposition?
24  A.   I cannot remember the exact

3 (Pages 6 - 9)

Page 66

1  looking at right now is Cigna taking
2  responsibility for any overcharges.
3      Q.   What is the amount of money that
4  you are asking to receive on behalf of the
5  class from Cigna in this lawsuit?
6      A.   The amount that they are
7  entitled to according to the judge.
8      Q.   Do you have a specific dollar
9  figure in mind that you believe is that
10 amount?
11     A.   No, I do not.
12     Q.   Other than money, is there any
13 other relief that you are seeking from Cigna
14 in this lawsuit?
15     A.   There is a couple of things that
16 I would like.  I would like an apology as well
17 as transparency, honesty and just overall
18 accountability for what you are -- you have
19 charged, what you have done.  And I want it to
20 be more open to people as far as the
21 transparency goes.  I want it to be more open
22 to the people and direct, why you overcharged
23 them, how you will not overcharge them again
24 and how, if you've changed the wording so that

Page 67

1  you can, that you change the wording back and
2  let them know that they are paying for
3  insurance and, therefore, the insurance will
4  cover them according to what they're supposed
5  to.
6      Q.   And when you say transparency,
7  what specifically are you asking for in terms
8  of what you think should be more transparent?
9      A.   Exactly what I just said.
10 Basically you should be making sure it's
11 worded in a way that people understand it,
12 that people should know directly if they're
13 going to be charged more for their
14 prescriptions than what they are being -- than
15 what the prescription actually costs or should
16 have cost them.  I would like that -- I would
17 like them to have the opportunity to purchase
18 the medication at a lower price rather than
19 having to pay the $10 co-pay if the medication
20 costs less than that.  Or in any case, if
21 whatever the co-payment may be, I want it
22 to -- I want people to be charged the price of
23 the prescription, not an overinflated price.
24 And I want them to know that that is how you

Page 68

1  will handle it from this point on.
2      Q.   So are you looking for
3  essentially Cigna to be -- well, at least for
4  individuals who are enrolled in plans, to be
5  paid amounts for prescription drugs at the
6  amount that the pharmacy is paid for the
7  drugs?
8      A.   I expect the people to be paying
9  the amount that -- the lower amount if that's
10 what the -- if the prescription is less than
11 $10, if the prescription should actually cost
12 $4, I want the people to be charged $4.  I do
13 not want the people to be charged $10 or $50
14 or $100.  I want them to be charged the exact
15 amount that it should be costing them, not a
16 co-pay and calling it a co-pay when it's
17 actually them pay.  We pay for insurance.  We
18 pay for it in such a way to -- that we expect
19 the insurance to pay for what -- anything over
20 our co-pay.  We don't expect to be charged
21 more for a drug than what that drug is
22 actually costing.
23     Q.   So do you have any concerns when
24 the drug costs $300, for example, but you only

Page 69

1  pay a $10 co-pay?
2      A.   If the drug costs $300 and I pay
3  a $10 co-pay, that's why I pay for insurance.
4  I'm paying a high premium.  I know many of the
5  other people are paying a high premium.  I
6  expect the insurance to pay anything over the
7  co-pay.
8      Q.   And why do you believe that you
9  are entitled to the lower amount if there is
10 an amount that is lower than your co-pay?
11     A.   Because that is what the
12 medication costs.  Medication costs $4, I'm
13 entitled to pay $4.
14     Q.   And what is it that makes you
15 entitled to pay the $4 as opposed to your
16 co-pay if it's higher than $4?
17     A.   Again, because that's the price.
18 If the medication only costs $4, I certainly
19 shouldn't be paying an inflated price of $10
20 for that medication.
21     Q.   Are there any documents that you
22 believe entitle you to pay the $4 as opposed
23 to your $10 co-pay?
24     A.   I can't say that I know exactly

18 (Pages 66 - 69)

Page 114

1  12:14.  Back on the video record.
2       MR. GUGLIELMO:  Lisa before you
3  continue, the one thing I want to do
4  before we proceed, I want to mark the
5  deposition as confidential obviously
6  pursuant to the protective order in
7  this case for the time being.
8       MS. WEDDLE:  That is fine.  I
9  think that our protective order does
10 request some page/line designations
11 down the road but understood.
12      Mr. Perry, we just took a little
13 break and discussed that you would like
14 to close up for today and we will
15 resume with your deposition on Friday
16 instead of tomorrow.  We will be
17 resuming on Friday at the same time,
18 9:00 Pacific and noon Eastern time.
19 Thank you for your time today.  I hope
20 you are able to relax a little bit
21 tomorrow and we will be speaking again
22 on Friday.
23      THE WITNESS:  Thank you very
24 much.

Page 115

1       MS. WEDDLE:  We can go off the
2  record for the day.
3       VIDEOGRAPHER:  The time is
4  12:15.  This concludes media unit
5  number 3 and today's video deposition.
6            - - -
7       (Witness excused at 12:15 p.m.)

Page 116

1              C E R T I F I C A T E
2
3      I do hereby certify that I am a Notary
   Public in good standing, that the aforesaid
4  testimony was taken before me, pursuant to
   notice, at the time and place indicated; that
5  said deponent was by me duly sworn to tell the
   truth, the whole truth, and nothing but the
6  truth; that the testimony of said deponent was
   correctly recorded in machine shorthand by me
7  and thereafter transcribed under my
   supervision with computer-aided transcription;
8  that the deposition is a true and correct
   record of the testimony given by the witness;
9  and that I am neither of counsel nor kin to
   any party in said action, nor interested in
10 the outcome thereof.
11     WITNESS my hand this 4th day of May, 2020.
12
13
14     _____
15     Linda Rossi-Rios, RPR, CSR
       Notary Public

Page 117

1  Joseph P. Guglielmo, Esquire
2  jguglielmo@scott-scott.com
3         May 5, 2020
4  RE:   Negron, Kimberly Et Al. v. Cigna Corporation Et Al.
5     4/22/2020, Daniel Perry (#4081187)
6     The above-referenced transcript is available for
7  review.
8     Within the applicable timeframe, the witness should
9  read the testimony to verify its accuracy. If there are
10 any changes, the witness should note those with the
11 reason, on the attached Errata Sheet.
12    The witness should sign the Acknowledgment of
13 Deponent and Errata and return to the deposing attorney.
14 Copies should be sent to all counsel, and to Veritext at
15 cs-midatlantic@veritext.co
16
17  Return completed errata within 30 days from
18 receipt of transcript.
19  If the witness fails to do so within the time
20 allotted, the transcript may be used as if signed.
21
22         Yours,
23         Veritext Legal Solutions
24
25

30 (Pages 114 - 117)