# EXHIBIT 36
## FILED UNDER SEAL

Page 1

```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Case No. 3:16-cv-01702 (JAM)
-------------------------------------x
KIMBERLY A. NEGRON, et al.,
                    Plaintiffs,
        - against -
CIGNA CORPORATION, CIGNA HEALTH AND LIFE
INSURANCE COMPANY, and OPTUMRX, INC.,

                    Defendants.
-------------------------------------x
                October 22, 2020
                8:46 a.m.


            ** CONFIDENTIAL **


    REMOTE DEPOSITION of DAVID CORDANI,
before Anthony Giarro, a Registered
Professional Reporter, a Certified Realtime
Reporter and a Notary Public of the State
of New York.
```

Page 2

APPEARANCES:

MOTLEY RICE LLC
 Attorneys for Plaintiffs
 28 Bridgeside Boulevard
 Mount Pleasant, South Carolina 29464

 BY: MEGHAN OLIVER, ESQ.
  LAURA RUBLEE, ESQ.
  CHARLOTTE LOPER, ESQ.

IZARD KINDALL & RAABE LLP
 Attorneys for Plaintiffs
 29 S Main Street
 West Hartford, Connecticut 06107

 BY: CRAIG A. RAABE, ESQ.
  ROBERT IZARD, ESQ.
  SETH KLEIN, ESQ.

MORGAN LEWIS & BOCKIUS LLP
 Attorneys for Cigna Defendants
 1701 Market Street
 Philadelphia, Pennsylvania 19103

 BY: BRIAN W. SHAFFER, ESQ.
  ELEANOR FARRELL, ESQ.

ALSO PRESENT:
 HOWARD BRODSKY, Videographer
 BRETT BOSKIEWICZ, Cigna Corporation
 JOHN BOGAN, Cigna Insurance Company

Page 3

THE VIDEOGRAPHER: Good morning. Here begins the video-recorded virtual remote 30(b)(6) deposition of David Cordani, appearing on behalf of CIGNA Corporation in his location in Bloomfield, Connecticut. This deposition is taken by the plaintiffs in the matter of Kimberly A. Negron, et al., Plaintiffs, versus CIGNA Corporation, et al. Defendants, Civil Action No. 3:16-cv-01702 (JAM) in the United States District Court, District of Connecticut. Today is Thursday, October 22nd, 2020. The time is 8:46 a.m., Eastern Daylight Time.

My name is Howard Brodsky. And I'm the legal video specialist in association with Veritext Legal Solutions with offices located in New York, New York. The court reporter is Anthony Giarro in association with Veritext.

Page 4

The court reporter has entered all appearances to this proceeding into the stenographic court record. It is stipulated and agreed by the parties that the court reporter may take the witness remotely.

Will the court reporter please swear in the witness.

D A V I D  C O R D A N I, after having first been duly sworn by a Notary Public of the State of New York, was examined and testified as follows:

EXAMINATION BY
MR. RAABE:
    Q     Good morning, Mr. Cordani. My name is Craig Raabe. I represent the plaintiffs along with a bunch of my colleagues on the video today.
         Can you tell us who is in the room with you?
    A     Two lawyers. I'll have them introduce themselves.
         THE WITNESS: Craig, go

Page 5

DAVID CORDANI -- CONFIDENTIAL
ahead.
         MR. BOSKIEWICZ: Craig Boskiewicz, in-house counsel for Cigna.
         MR. SHAFFER: And Brian Shaffer, Morgan Lewis, outside counsel for Cigna. I'll be defending Mr. Cordani in the deposition.
    Q     So you understand because we're doing this remotely and we're not all in the same room, we've reached an agreement that during the course of the deposition, you will not communicate with your lawyers or anyone else, except during a break? Do you understand that?
    A     Of course, yes.
    Q     And my questions today are going to involve the time period 2010 through 2017, unless I tell you otherwise; okay?
    A     Yes. Thank you.
    Q     During that time period, were you aware of the term clawback in connection with Cigna's prescription

Page 50

1  DAVID CORDANI -- CONFIDENTIAL
2  disclosures were accurate with regard to
3  individuals?
4      MR. SHAFFER:  Objection to
5   form.
6      MR. RAABE:  Let me withdraw
7   that.  That was a bad question.  Let
8   me withdraw that.
9   Q    So is it your recollection
10  that Mr. Hocevar was responsible for
11  making sure that plan documents that were
12  provided to individuals that describe
13  their pharmacy benefits were accurate?
14     MR. SHAFFER:  Objection to
15   form.
16  A    So when I think about -- to
17  try to be responsive to your question,
18  the general time frame we're talking
19  about here, Chris had responsibility for
20  this business.  Within that context, he
21  had a team of individuals.  And within
22  that team, somebody had accountability
23  for ensuring that the completeness,
24  first, from a regulatory compliance,
25  secondly, from a completeness, and

Page 51

1  DAVID CORDANI -- CONFIDENTIAL
2  thirdly, from a usability standpoint,
3  that the way which we communicated was
4  effective.  I don't believe the president
5  of a business unit is spending individual
6  time on that.  Rather, their
7  responsibility is to make sure they have
8  team members lined up to deliver on
9  services.
10     MR. RAABE:  Charlotte, let's
11   go to Exhibit 185, please.
12     MS. LOPER:  Okay.
13  A    I have the document in front
14  of me.
15  Q    Do you recognize that
16  document?
17  A    I do not.
18  Q    You see on the front page,
19  it says, "Argus Transition:  Pharmacy
20  Over Payments."  You see that?
21  A    I do.
22  Q    And when you were referring
23  before to pharmacy overpayments as you
24  look through this document, does this
25  document reflect the pharmacy

Page 52

1  DAVID CORDANI -- CONFIDENTIAL
2  overpayments you talked about in your
3  previous answer?
4  A    I don't know.  Would you
5  like me to review the document?
6  Q    Sure, yeah.
7  A    So just scanning the
8  document, big picture, looks like a
9  technology -- my terms of technology --
10  work order to do some coding change.
11  Q    We talked earlier about the
12  technology project to deal with pharmacy
13  overpayments, I believe; right?
14  A    We talked about technology
15  platforms, I believe, in terms of
16  modernizing some technology to be able to
17  more effectively deal with the micro
18  overpayments, yes.
19  Q    To your recollection, that's
20  what this document refers to?
21  A    Appears to.  Argus, I think,
22  is a third-party technology platform,
23  plain adjudicator for us for the pharmacy
24  business.  And it appears as though it's
25  requesting a work order change to modify

Page 53

1  DAVID CORDANI -- CONFIDENTIAL
2  their technology.  That's what I'm seeing
3  in the project summary.
4  Q    You see on the first
5  substantive page, you'll notice
6  Mr. Cordani, in the bottom right-hand
7  corner of the page, there's some Cigna
8  numbers.  Those are numbers that the
9  lawyers put on these documents so we can
10  keep track.  And we call them Bates
11  numbers.
12     So on Bates No. 149490, you
13  on that page?
14  A    Yes, I am.
15  Q    Up in the top, it says the
16  project sponsor is you; right?
17  A    I see that.
18  Q    What does that mean to you?
19  A    Looks like my name is put
20  there as a person paying for the project.
21  My budget code or my sponsorship is being
22  used by the project manager to get the
23  project approved.
24  Q    Did you know at the time
25  that you were being listed as a project

Page 166

DAVID CORDANI -- CONFIDENTIAL

to talk to my colleagues.
    THE VIDEOGRAPHER: The time is 11:57. We are off the record.
    (A short recess was taken.)
    THE VIDEOGRAPHER: The time is 12:05. We're on the record.
    MR. RAABE: Thank you, Mr. Cordani. I have no more questions.
    MR. SHAFFER: We're reserving questions for Mr. Cordani for a later date at trial. Craig, we're going to designate the transcript as confidential under the protective order until we can have a chance to review it in its entirety if you needed. Before then, we can talk about it.
    Just one correction -- I don't think this is a big deal -- but when the videographer introduced the deposition on the record, he noted Mr. Cordani as a 30(b)(6) deposition. He is not a 30(b)(6) deponent. He's

Page 167

DAVID CORDANI -- CONFIDENTIAL

being deposed as an individual today. I don't know if we can correct that.
    THE VIDEOGRAPHER: No problem. Here ends Media Unit No. 2. This concludes the video-recorded virtual remote individual deposition of David Cordani, taken by the plaintiffs, on Thursday, October 22nd, 2020. The time is 12:06 p.m. And we are going off the record.
    (Time noted: 12:06 p.m.)

_____
DAVID CORDANI

Subscribed and sworn to before me on this _____ day of _____, 20\_\_\_.

_____
NOTARY PUBLIC

Page 168

I N D E X

E X A M I N A T I O N

| EXAMINATION | Page |
|---|---|
| Mr. Raabe | 4 |

E X H I B I T S

| Cigna | Description | Page |
|---|---|---|
| Cigna Exhibit 286 | E-mail chain | 101 |
| Cigna Exhibit 287 | E-mail chain | 120 |
| Cigna Exhibit 288 | E-mail chain | 131 |

Page 169

C E R T I F I C A T I O N

    I, ANTHONY GIARRO, a Shorthand Reporter and a Notary Public, do hereby certify that the foregoing witness, DAVID CORDANI, was duly sworn on the date indicated, and that the foregoing, to the best of my ability, is a true and accurate transcription of my stenographic notes.
    I further certify that I am not employed by nor related to any party to this action.

_____
ANTHONY GIARRO

43 (Pages 166 - 169)