# EXHIBIT 42
# FILED UNDER SEAL

**Victoria A. Sirica**
Contractual Agreement Unit Manager
Cigna

Routing B2CAU
900 Cottage Grove Road
Hartford, CT 06152
Telephone 860.226.2785
Facsimile 860.730.3944
Victoria.Sirica@cigna.com

December 8, 2014

Colleen Ball
VP, Benefit Operations Manager
Putnam Investments
7 Shattuck Lane
Andover, MA 01810

RE:   Administrative Services Only Account No. 3335044

Dear Ms. Ball:

This letter will serve as an amendment to the standard Administrative Services Only Agreement referenced in the Letter of Intent between Cigna Health and Life Insurance Company ("CHLIC") and Putnam Investments ("Employer"), effective January 1, 2014 (the "Agreement").

Effective as of January 1, 2015, the Agreement is hereby amended as set forth below. Any provision or subsection set forth in this Amendment shall be deemed to: (a) replace in its entirety the same subsection in the current Agreement; and/or (b) add new provisions or subsections. Only those provisions and subsections set forth in this Amendment are deemed amended or added, and all provisions and subsections not identified herein shall be deemed unaffected by this Amendment and, accordingly, shall remain in full force and effect.

**Section 2.d of the Administrative Services Only Agreement is hereby amended in its entirety as follows:**

d.   In addition to the basic claim administrative duties described above, CHLIC shall also perform the Plan-related administrative duties agreed upon by the Parties and specified in Exhibit B. All services identified in this Agreement shall be provided by CHLIC on an exclusive basis unless otherwise agreed to in writing by CHLIC.

**Section 3.a and 3.e of the Administrative Services Only Agreement is hereby amended in its entirety as follows:**

a.   Employer shall establish a Bank Account, and maintain in the Bank Account an amount sufficient at all times to fund checks written on it for the following (collectively "**Bank Account Payments**"): (i) Plan Benefits; (ii) those charges and fees identified in the Schedule of Financial Charges as payable through the Bank Account and (iii) any sales or use taxes, or any similar benefit- or Plan-related charge or assessment however denominated, which may be imposed by any governmental authority. Bank Account Payments may include without limitation: (i) fixed per person payments and pay-for-performance incentive payments to Participating Providers; (ii) amounts owed to CHLIC; and (iii) amounts paid to CHLIC's affiliates and/or subcontractors for, among other things, network access or in- and out-of network health care services/products provided to Members. CHLIC may credit the Bank Account with payments due Employer under a stop loss policy issued by CHLIC or an affiliate.

e.   Employer shall promptly reimburse CHLIC for any Bank Account Payments paid by CHLIC with its own funds on Employer's behalf and no such payment by CHLIC shall be construed as an assumption of any of Employer's liability.

"Cigna" is a registered service mark, and the "Tree of Life" logo is a service mark, of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries and not by Cigna Corporation. Such operating subsidiaries include Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Behavioral Health, Inc., Cigna Health Management, Inc., and HMO or service company subsidiaries of Cigna Health Corporation and Cigna Dental Health, Inc.

Putnam Investments
December 8, 2014
Page 2

**Section 3, "Funding and Payment of Claims," of the Administrative Services Only Agreement is hereby amended to add provision f. to the existing language as follows:**

f.  Following termination of this Agreement, Employer shall remain liable for payment of all due Bank Account Payments and for all reimbursements due Members under the Plan.

**Section 12 of the Administrative Services Only Agreement is hereby amended in its entirety as follows:**

Section 12.  Resolution of Disputes

It is understood and agreed that any dispute between the Parties arising from or relating to the performance or interpretation of this Agreement ("**Controversy**") shall be resolved exclusively pursuant to the following mandatory dispute resolution procedures:

a.  Any Controversy shall first be referred to an executive level employee of each Party who shall meet and confer with his/her counterpart to attempt to resolve the dispute ("**Executive Review**") as follows:  The disputing Party shall initiate Executive Review by giving the other Party written notice of the Controversy and shall specifically request Executive Review of said Controversy in such notice.  Within twenty (20) calendar days of any Party's written request for Executive Review, the receiving Party shall submit a written response.  Both the notice and response shall include a statement of each Party's position and a summary of the evidence and arguments supporting its position.  Within thirty (30) calendar days of any Party's request for Executive Review, an executive level employee of each Party shall be designated by the Party to meet and confer with his/her counterpart to attempt to resolve the dispute.  Each representative shall have full authority to resolve the dispute.

b.  In the event that a Controversy has not been resolved within thirty-five (35) calendar days of the request of Executive Review under Section 12.a, above, the disputing Party shall initiate mediation by providing written notice to the other Party, which shall be conducted in Hartford, Connecticut, in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Mediation ("**Mediation**"). Each Party shall assume its own costs and attorneys' fees, and the compensation and expenses of the mediator and any administrative fees or costs associated with the mediation proceeding shall be borne equally by the Parties.

c.  In the event that a Controversy has not been resolved by Executive Review or Mediation, the Controversy shall be settled exclusively by binding arbitration.  The arbitration shall be conducted in the same location as noted in Section 12.b. above, in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration, and which to the extent of the subject matter of the arbitration, shall be binding not only on all Parties to this Agreement but on any other entity controlled by, in control of or under common control with the Party to the extent that such affiliate joins in the arbitration, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  Each Party shall assume its own costs and attorneys' fees, and the compensation and expenses of the arbitrator and any administrative fees or costs associated with the arbitration proceeding shall be borne equally by the Parties.  The decision of the arbitrator shall be final, conclusive and binding, and no action at law or in equity may be instituted by either Party other than to enforce the award of the arbitrator.

d.  The Parties intend this dispute resolution procedure described above to be a private undertaking and agree that an arbitration conducted under this provision will not be consolidated with an arbitration involving other plans administered in whole or in part by CHLIC or other Cigna Corporation affiliate, or third parties not parties to this Agreement.  The arbitrator will be without power to conduct arbitration on a class or representative basis.  The Parties waive their right to participate in a class action or representative proceeding.  The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim.  All issues are for the arbitrator to decide, except the courts will decide those issues relating to the scope and enforceability of the arbitration provision.

This Section 12 shall survive termination of this Agreement.

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                                                           CIGNA00001526

Putnam Investments
December 8, 2014
Page 3

**Exhibit A, "Plan Document," of the Administrative Services Only Agreement is hereby deleted in its entirety and replaced with Exhibit A, "Plan Booklet," as attached hereto.**

**The Schedule of Financial Charges and Exhibit B, "Services" are hereby deleted in their entirety and replaced with the Schedule of Financial Charges and Exhibit B, "Services," as attached hereto.**

The terms of the Administrative Services Only Agreement identified above, as mentioned herein, will be effective as of January 1, 2015. Please indicate your agreement to the amendment by signing the enclosed copy of this letter where indicated and returning it to me. Alternatively, this amendment shall become effective on the effective date indicated unless Employer notifies CHLIC either electronically or in writing (at the address indicated above) within sixty (60) days of the date of this letter that it does not accept all the terms of this amendment notwithstanding any provision to the contrary in the Administrative Services Only Agreement. In that case, CHLIC shall cooperate to negotiate mutually agreeable terms with Employer. Once agreement with respect to the terms of the amendment is reached, the amendment will apply retroactively to the effective date.

Sincerely,

_____
Victoria A. Sirica
Its Contractual Agreement Unit Manager
Duly Authorized
Cigna Health and Life Insurance Company


Accepted by: **PUTNAM INVESTMENTS**

By:   _____

Name: _____

Title: _____

Executed this ____ day of _____, in the year _____.

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                                CIGNA00001527

**Client Name: Putnam Investments**
**Administrative Services Only Agreement**

---

| DRUG CHARGES – ADDITIONAL PROVISIONS |
|---|
| • Cigna Home Delivery Pharmacy's discounts are applied to the manufacturer average wholesale price (AWP) for the dispensed size (or to the AWP for the manufacturer-packaged quantity closest to the dispensed size, if there is no AWP for the dispensed size). |
| • The amount paid to the Retail Pharmacy for Brand, Generic, or Specialty Drug Claims may or may not be equal to the amount charged to Employer, and CHLIC will absorb or retain any difference. |
| • An excess achieved in any Plan-specific discount floor or dispensing fee cap offered under this Agreement will be used to offset a shortfall in any other Plan-specific discount floor or dispensing fee cap offered under this Agreement. |
| • Industry Changes to or Replacement of Average Wholesale Price (AWP). Notwithstanding any other provision in this Agreement, including in this Exhibit, in the event of any major change in market conditions affecting the pharmaceutical or pharmacy benefit management market, including, for example, any change in the markup, methodologies, processes or algorithms underlying the published AWP(s), CHLIC may adjust any or all of the charges, rates, discounts, guarantees and/or fees in connection with CHLIC's administration of the Plan's Pharmacy Benefit hereunder, including any that are based on AWP, as it reasonably deems necessary to preserve the economic value or benefit of this Agreement as it existed immediately prior to such change. Additionally, and notwithstanding any other provision in this Agreement, including in this Exhibit, CHLIC may replace AWP as its pharmaceutical pricing benchmark with an alternative benchmark and/or may replace Medi-Span, or other such publication as its source for the AWP or alternative benchmark with a different pricing source, provided that CHLIC adjusts any or all such AWP-Based Charges or such alternative benchmark-based charges as it reasonably deems necessary to preserve the economic value or benefit of this Agreement as it existed immediately prior to such replacement or immediately prior to the event(s) giving rise to such replacement, as the case may be. |

12/08/2014

7

CONFIDENTIAL - ATTORNEYS' EYES ONLY                                                                                                    CIGNA00001531