# EXHIBIT BB

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Case No. 3:16-cv-01702 (JAM)
----------------------------------------x
KIMBERLY A. NEGRON, et al.,
Plaintiffs,
- against -
CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and OPTUMRX, INC.,

Defendants.
----------------------------------------x
October 22, 2020
8:46 a.m.

** CONFIDENTIAL **

REMOTE DEPOSITION of DAVID CORDANI, before Anthony Giarro, a Registered Professional Reporter, a Certified Realtime Reporter and a Notary Public of the State of New York.

DAVID CORDANI -- CONFIDENTIAL

disclosures were accurate with regard to individuals?

MR. SHAFFER: Objection to form.

MR. RAABE: Let me withdraw that. That was a bad question. Let me withdraw that.

Q So is it your recollection that Mr. Hocevar was responsible for making sure that plan documents that were provided to individuals that describe their pharmacy benefits were accurate?

MR. SHAFFER: Objection to form.

A So when I think about -- to try to be responsive to your question, the general time frame we're talking about here, Chris had responsibility for this business. Within that context, he had a team of individuals. And within that team, somebody had accountability for ensuring that the completeness, first, from a regulatory compliance, secondly, from a completeness, and



DAVID CORDANI -- CONFIDENTIAL

thirdly, from a usability standpoint, that the way which we communicated was effective. I don't believe the president of a business unit is spending individual time on that. Rather, their responsibility is to make sure they have team members lined up to deliver on services.

MR. RAABE: Charlotte, let's go to Exhibit 185, please.

MS. LOPER: Okay.

A I have the document in front of me.

Q Do you recognize that document?

A I do not.

Q You see on the front page, it says, "Argus Transition: Pharmacy Over Payments." You see that?

A I do.

Q And when you were referring before to pharmacy overpayments as you look through this document, does this document reflect the pharmacy



DAVID CORDANI -- CONFIDENTIAL

overpayments you talked about in your previous answer?

A I don't know. Would you like me to review the document?

Q Sure, yeah.

A So just scanning the document, big picture, looks like a technology -- my terms of technology -- work order to do some coding change.

Q We talked earlier about the technology project to deal with pharmacy overpayments, I believe; right?

A We talked about technology platforms, I believe, in terms of modernizing some technology to be able to more effectively deal with the micro overpayments, yes.

Q To your recollection, that's what this document refers to?

A Appears to. Argus, I think, is a third-party technology platform, plain adjudicator for us for the pharmacy business. And it appears as though it's requesting a work order change to modify



DAVID CORDANI -- CONFIDENTIAL

their technology. That's what I'm seeing in the project summary.

Q You see on the first substantive page, you'll notice Mr. Cordani, in the bottom right-hand corner of the page, there's some Cigna numbers. Those are numbers that the lawyers put on these documents so we can keep track. And we call them Bates numbers.

So on Bates No. 149490, you on that page?

A Yes, I am.

Q Up in the top, it says the project sponsor is you; right?

A I see that.

Q What does that mean to you?

A Looks like my name is put there as a person paying for the project. My budget code or my sponsorship is being used by the project manager to get the project approved.

Q Did you know at the time that you were being listed as a project