# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>CIGNA HEALTH AND LIFE INSURANCE<br>COMPANY, et al.,<br><br>       Defendants. | Civil No. 3:16-cv-1702 (JAM)<br><br>June 16, 2022 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO SEAL DOCUMENTS RELATED TO ITS REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................II

ARGUMENT .................................................................................................................... 1

I.      STANDARD OF REVIEW ............................................................................. 1

II.     THE COURT SHOULD SEAL CHLIC'S RESPONSE DISCUSSING
DOCUMENTS ALREADY SUBJECT TO SEALING ORDERS OR PENDING
MOTIONS TO SEAL ..................................................................................... 2

CONCLUSION.................................................................................................................. 3

CERTIFICATE OF SERVICE ......................................................................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006)................................................................2

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978)..........................................................................2

*In re Parmalat Secs. Litig.*,
    258 F.R.D. 236 (S.D.N.Y. 2009) .......................................................2

*In re Zyprexa Injunction*,
    474 F. Supp. 2d 385 (E.D.N.Y. 2007) ...............................................1

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)............................................................................1

**Other Authorities**

Fed. R. Civ. P. 26(c) ..................................................................................1

Local Civ. R. 5(e)..................................................................................1, 2

Local Civ. R. 5(e)(3)...................................................................................2

Local Civ. R. 7(a)........................................................................................1

Local Civ. R. 56(a)(2).................................................................................1

## INTRODUCTION

Pursuant to Local Civil Rules 5(e) and 7(a), Defendant Cigna Health and Life Insurance Company ("CHLIC") respectfully submits this memorandum of law in support of its motion to seal portions of Defendant's Response to Plaintiffs' Additional Material Facts ("Response") (ECF No. 444) that quotes or summarizes other materials that have previously been filed under seal. Specifically, Defendant's Response contains quotations and summaries of Plaintiffs' Local Rule 56(a)(2) Statement of Facts ("Plaintiffs' Statement of Facts") (ECF No. 436), which was filed under seal by Plaintiffs and is currently the subject of Plaintiffs' pending Motion to Seal (ECF No. 434).[1] Until the Court is able to fully address Plaintiffs' pending Motion to Seal, and Defendants' Unopposed Response in Support of Plaintiffs' Motion to Seal Documents (to be filed June 17), Defendant asks the Court to seal those portions of its Response that include material that is currently filed under seal in Plaintiffs' Statement of Facts and reiterated in Defendants' Response. This will permit the Court to properly address the pending Motion to Seal, and Defendant will then refile its Response with appropriate redactions as needed and consistent with the Court's forthcoming order on Plaintiffs' Motion to Seal. Accordingly, CHLIC seeks an order sealing its Response until that Court order is issued.

## ARGUMENT

### I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v.*

---

[1] In the June 8 status conference, the Court directed Defendant to provide additional briefing related to that pending motion by Friday, June 17, 2022, in order to provide the Court with the factual and legal grounds on which to seal a narrower set of materials. Defendant will be filing that additional briefing with the Court as directed.

*Rhinehart*, 467 U.S. 20, 36 (1984)).  In assessing a motion to seal, courts balance the public right to access to judicial records against "competing considerations," including the potential competitive harm disclosure of confidential business information might cause.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).  "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'"  *In re Parmalat Secs. Litig.*, 258 F.R.D. at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  Local Civ. R. 5(e)(3).

## II.  THE COURT SHOULD SEAL CHLIC'S RESPONSE DISCUSSING DOCUMENTS ALREADY SUBJECT TO SEALING ORDERS OR PENDING MOTIONS TO SEAL

CHLIC seeks to seal its Response because it includes material from Plaintiffs' Statement of Facts (ECF No. 436), which was filed under seal by Plaintiffs and is currently the subject of Plaintiffs' pending Motion to Seal (ECF No. 434).  As Plaintiffs' Statement of Facts reflects, and as Plaintiffs explain in their Motion to Seal, Plaintiffs' Statement of Facts extensively discusses and quotes from the various related exhibits Plaintiffs filed, many of which have previously been ordered sealed by the Court.  *See* ECF No. 434 at 1 n. 1 (identifying specific exhibits previously sealed and the Court order sealing those materials).  Other exhibits encompassed by Plaintiffs' pending Motion to Seal have been the subject of a meet-and-confer and subsequent agreement between the parties regarding the appropriate material to be sealed.  As directed by the Court, Defendant will file additional briefing on June 17, 2022, providing the factual and legal grounds on which Defendant requests the Court to seal a narrowed set of materials.  Because CHLIC's

Response discusses materials that are currently under seal and subject to Plaintiffs' pending

Motion to Seal (ECF No. 434), CHLIC requests the Court seal its Response at present.

Following the Court's order on Plaintiffs' pending Motion to Seal, Defendant will refile its

Response as needed and with appropriate redactions consistent with the Court's forthcoming

order.

## <u>CONCLUSION</u>

For the above reasons, the Court should grant CHLIC's motion to seal its Response.

Dated: June 16, 2022      Respectfully submitted,

          /s/ *Brian W. Shaffer*

          Brian W. Shaffer (phv08654)
          Jeremy P. Blumenfeld (phv23943)
          Matthew D. Klayman (phv08656)
          MORGAN, LEWIS & BOCKIUS LLP
          1701 Market Street
          Philadelphia, PA 19103
          Telephone: +1.215.963.5000
          Facsimile: +1.215.963.5001
          brian.shaffer@morganlewis.com
          jeremy.blumenfeld@morganlewis.com
          matthew.klayman@morganlewis.com

          Lisa R. Weddle (ca259050)
          MORGAN, LEWIS & BOCKIUS LLP
          300 South Grand Avenue
          Twenty-Second Floor
          Los Angeles, CA 90071-3132
          Telephone: +1.213.612.2500
          Facsimile: +1.213.612.2501
          lisa.weddle@morganlewis.com

          Michael Blanchard (ct25891)
          MORGAN, LEWIS & BOCKIUS LLP
          One State Street
          Hartford, CT 06103
          Telephone: +1.860.240.2945 Facsimile:
          +1.860.240.2800
          michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and
Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2022, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Brian W. Shaffer*
Brian W. Shaffer