UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., <br><br>        Plaintiffs, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY and, <br><br>        Defendant. | Civ. A. No. 16-cv-1702 (JAM) <br><br> June 17, 2022 |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S
UNOPPOSED RESPONSE IN SUPPORT OF
<u>PLAINTIFFS' MOTION TO SEAL DOCUMENTS (ECF 434)</u>**

**TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................... 4

    I.     STANDARD OF REVIEW .................................................................................. 4

    II.    THE SUBJECT DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS. ................................................................. 4

         A.    CHLIC Maintains the Confidentiality of the Subject Documents. ............. 4

         B.    The Court Should Seal Materials Containing Sensitive Business, Financial, and Pricing Information (Exhibits 1, 3, 4, 5, 6, 7, 8, and 14). ... 5

         C.    The Court Should Seal in Full a Letter Amendment to Administrative Agreement Between CHLIC and a Plan Sponsor Client (Exhibit 43). ....... 8

         D.    The Court Should Seal Commercially-Sensitive and Non-Relevant Portions of Internal CHLIC Documents (Exhibits 23-24). ....................... 10

         E.    The Court Should Seal PHI and Other Personal Identifying Information (Exhibits 20, 34, 35, 37, and 41). .............................................................. 11

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bright v. Asset Acceptance, LLC*,
  292 F.R.D. 190 (D.N.J. 2013) ................................................................................................. 10

*China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*,
  No. 15-6210, 2017 WL 3718108 (D.N.J. Aug. 29, 2017) ......................................................... 8

*Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*,
  26 F. Supp. 2d 606 (S.D.N.Y. 1998) ......................................................................................... 8

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*,
  769 F. Supp. 2d 630 (S.D.N.Y. 2011) ....................................................................................... 8

*Grayson v. Gen. Elec. Co.*,
  No. 3:13CV1799 (WWE), 2017 WL 923907 (D. Conn. Mar. 7, 2017) .................................. 12

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) ...................................................................................................... 4

*Mars, Inc. v. JCM Am. Corp.*,
  No. 05-3165, 2007 WL 496816 (D.N.J. Feb. 13, 2007) ........................................................... 8

*Offor v. Ctr.*,
  No. 15CV2219ADSSIL, 2016 WL 3566217 (E.D.N.Y. June 25, 2016), *aff'd
  sub nom. Offor v. Mercy Med. Ctr.*, 698 F. App'x 11 (2d Cir. 2017) ..................................... 12

*In re Parmalat Secs. Litig.*,
  258 F.R.D. 236 (S.D.N.Y. 2009) ............................................................................................... 4

*Peters v. Aetna Inc.*,
  No. 1:15-00109, 2019 WL 2881615 (W.D.N.C. July 2, 2019) ................................................. 9

*Reed v. AMCO Ins. Co.*,
  No. 3:09-CV-0328-LRH-RAM, 2012 WL 1964094 (D. Nev. May 31, 2012) ........................ 12

*Weakley v. Redline Recovery Servs., LLC*,
  No. 09-CV-1423 (BEN) (WMC), (S.D. Cal. Apr. 20, 2011) ................................................... 12

*In re Zyprexa Injunction*,
  474 F. Supp. 2d 385 (E.D.N.Y. 2007) ....................................................................................... 4

**INTRODUCTION**

Pursuant to Local Civil Rule 5(e) and 7(a), Defendant Cigna Health and Life Insurance Company ("CHLIC") hereby files this unopposed response to Plaintiffs' Motion to Seal dated May 17, 2022 (ECF 434), setting forth the legal and factual grounds on which to seal in part or in whole Exhibits 1, 3, 4, 5, 6, 7, 8, 14, 20, 23, 24, 34, 35, 37, 41, and 43 attached to the Declaration of Craig A. Raabe filed in opposition to CHLIC's Motion for Partial Summary Judgment (ECF 437), as well as those portions of Plaintiffs' related filings[1] that quote from, and reply upon, detailed information in those exhibits (together, the "Subject Documents").[2] CHLIC has reviewed the materials identified in Plaintiffs' May 17 Motion to Seal and, following additional meet and confer discussion with Plaintiffs, the parties have agreed to seal in full seven documents and to seal in part (redact) nine documents, as well as any related briefing summarizing or quoting therefrom, based on the presence of commercially-sensitive confidential information, protected health information, and/or personal identifying information.[3] CHLIC agrees to unseal nine other exhibits identified in Plaintiffs' Motion to Seal.

---

[1] *See* Plaintiffs' Memorandum of Law in Opposition to CHLIC's Motion for Partial Summary Judgment (ECF 435) and Plaintiffs' Local Rule 56(a)(2) Statement of Facts (ECF 436).

[2] A copy of each of the Subject Documents that CHLIC seeks to seal is being filed as an attachment to this Response for the Court's review.  Documents that CHLIC seeks to seal in full state, on the first page in red, "Seal in Full."  Documents that CHLIC seeks to seal in part will state, on the first page in red, "Seal in Part" and will identify those portions to be redacted through yellow highlighting.

[3] In addition to the Subject Documents identified above, Plaintiffs' Motion to Seal identifies eight exhibits—specifically, Exhibits 11, 12, 15, 25, 30, 31, 33, and 42—that the Court previously ordered sealed, and which should remain sealed for the reasons the Court previously found, as well as two exhibits (Exhibits 26 and 32) containing personal identifying information, which Plaintiffs agreed to seal in their motion.  *See* ECF 434 at 1 n.1 (identifying exhibits and prior Court orders sealing those exhibits).  Appendix A, attached to this Motion, identifies each of the Subject Documents as well as the documents Plaintiffs agreed already to seal in their Motion, and provides relevant information for the Court's convenience.

Specifically, CHLIC seeks an order sealing documents containing the following types of confidential and competitively-sensitive information:

- Highly propriety business, financial, and commercial information, including CHLIC's administrative services agreements with specific plan sponsor clients and CHLIC's agreements with Catamaran and Argus, as well as related amendments (Exhibits 1, 3-7 and 43);

- Deposition transcript excerpts discussing internal CHLIC documents containing sensitive and proprietary information regarding pharmacy management projects, strategic business goals, and related issues (Exhibits 8 and 14);

- Sensitive internal CHLIC strategic discussions of pharmacy projects that are not relevant to the claims or defenses of the parties in this action and that would reveal sensitive internal process and analysis if disclosed (Exhibits 23 and 24); and

- Protected health information ("PHI") and person identifying information, including CHLIC customer names, dates of birth, and customer account identifiers, pharmacy names and member identification numbers, and customer prescription drug transaction information (Exhibits 20, 34, 35, 37, and 41).

The Court has previously ordered similar types of information to be sealed and should do so again. *See* March 13, 2017 Order (ECF 72) ("2017 Sealing Order") and ECF 71 at 2-3 (sealing ASO agreements); May 29, 2020 Order (ECF 259) at 10-12 ("May 2020 Sealing Order") (sealing PHI and other private personal and pharmacy information, documents discussing internal CHLIC projects, policies, and practices that are not relevant, and documents discussing highly sensitive, strategic CHLIC projects that could cause commercial harm to CHLIC if disclosed); *see* July 7, 2020 order (ECF 281) ("July 2020 Sealing Order") and ECF 276-1 at 1-2 (sealing documents reflecting proprietary financial and pricing information such as CHLIC agreements with plan sponsor clients; and PHI and personal identifying information ("PII")); ECF 428 (sealing documents reflecting proprietary business, financial and pricing information, administrative services agreements with clients, and PHI and PII).

The Court should seal the Subject Documents here for the same reasons.[4] Certain of this information could cause CHLIC (and its clients) significant competitive harm if publicly disclosed (such as proprietary pricing and financial information, as well as internal discussions of strategic CHLIC pharmacy projects), and CHLIC maintains such information in a confidential manner. Similarly, internal CHLIC discussions of ongoing Cigna pharmacy projects reflect confidential information that has no bearing on the claims at issue in this action and whose public disclosure would serve no purpose but to reveal those discussions to competitors. Finally, the parties and the Court have previously agreed to seal personal identifying customer and client information, including member and pharmacy identification numbers, client names, participant names, and individual prescription drug transaction data. *See* ECF 232 at 5-6 (agreeing to redact account identifiers); ECF 259 at 7, 10, 11, 12, 15 (ordering sealed "customer account identifiers," "pharmacy name and member ID," and "claim numbers/identification codes" for customer prescription drug transactions). Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996), PHI is to be kept confidential and exempt from disclosure, and sealing it here is appropriate.

For these reasons, and as discussed below, the interests of the parties in maintaining the confidentiality of this information overrides the public's interest in viewing it. CHLIC respectfully requests that the Court grant the motion and seal the Subject Documents.

---

[4] The Court has now considered numerous motions to seal, which included detailed descriptions of the documents at issue and declarations attesting to the confidentiality, proprietary, and commercial sensitivity of specific categories of documents. *See generally* ECF 71, 212, 276-1 (motions to seal). To conserve the Court's time and resources, as well as that of the parties, CHLIC refers, where appropriate, to previously submitted declarations regarding the confidential and proprietary nature of specific types of sealed materials.

**ARGUMENT**

I.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure ("Rule") 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). In assessing a motion to seal, courts balance the public right to access to judicial records against "competing considerations," including the potential competitive harm disclosure of confidential business information might cause. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Secs. Litig.*, 258 F.R.D. at 244 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In this District, Local Rule 5(e) sets forth the specific requirement that an order to seal be based on "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Local Civ. R. 5(e)(3).

II.  **THE SUBJECT DOCUMENTS CONTAIN SENSITIVE AND CONFIDENTIAL INFORMATION APPROPRIATE FOR SEALING IN LIGHT OF THE COURT'S PRIOR SEALING ORDERS.**

   A.  **CHLIC Maintains the Confidentiality of the Subject Documents.**

CHLIC requires its employees to handle all confidential information, including the type in the Subject Documents, with care and limits access to the confidential information on a need-to-know basis. *See* ECF 275-7 (Declaration of David Kasper ("Kasper Decl.") ¶ 13); *see also* ECF 226 (Declaration of Tyler Lester) ("Lester Decl.") ¶ 4. CHLIC requires its employees to maintain the confidentiality of proprietary and sensitive business information. *Id*. Such

4

information cannot be disclosed without appropriate prior authorization, and employees are instructed not to transmit confidential information to persons not entitled to it, or who have no reason to know the confidential information.  *Id*.

> **B.      The Court Should Seal Materials Containing Sensitive Business, Financial, and Pricing Information (Exhibits 1, 3, 4, 5, 6, 7, 8, and 14).**

CHLIC seeks to seal eight documents containing confidential highly sensitive and proprietary financial and pricing information that would cause significant competitive harm if disclosed.  Those documents include the following:

- **Exhibits 6 and 7** are excerpts from the Pharmacy Benefit Management Agreement executed between CHLIC and Optum, and certain Schedules and Amendments thereto.  These excerpt are marked confidential and contain detailed and highly proprietary contract provisions related to the scope of the pharmacy benefit management ("PBM") services provided to CHLIC by Optum, as well as a complete copy of an attached Schedule setting forth the retail network contracting services that Optum would provide in connection with that agreement.  Although CHLIC has ceased using Optum as its Pharmacy Benefits Manager for certain functions, including retail network contracting, the PBM agreement is a 10-year agreement.  On this basis, this Court previously has sealed in full exhibits containing excerpts of the PBM agreement.  *See* ECF 398 ("May 12, 2021 Sealing Order") (granting Plaintiffs' Motion to Seal to seal in full the exhibit containing excerpts of the PBM agreement, "consistent with the designations agreed upon by the parties and the additional designations proposed by CHLIC because the Court finds that these documents contain sensitive commercial information dating back within a five-year window from the present, which CHLIC's competitors could utilize to highlight deficiencies in CHLIC's products and/or processes and gain current competitive advantage").

- **Exhibits 1, 3, 4 and 5** are excerpts of a highly sensitive commercial agreement between Cigna Corporate Services, LLC and Argus—a non-party to this action—as well as related Statements of Work and related Schedules hereto. These documents, like those noted above that have been sealed previously by this Court, contain sensitive financial, pricing, and contractual terms between the parties, which the parties to this agreement keep strictly confidential and would not want disclosed to any competitors.  On this basis, the Court has previously sealed other portions of this same agreement and the attachments thereto.  *See* ECF 428 (granting motion to seal Exhibit X, excerpts of the Cigna/Argus master services agreement).

- **Exhibits 8 and 14** contain excerpts of the depositions of Michelle Emanuel-Johnson and Christopher Hocevar containing sensitive and proprietary information regarding pharmacy management projects, strategic business goals, and related issues.  The Court has previously ordered similar deposition transcript excerpts sealed.  *See* ECF

315 (ordering sealed excerpts of the deposition transcript of Emanuel-Johnson filed as Exhibit AN); ECF 427 (same).

**Exhibits 1 and 3 to 7** should be sealed because they contain highly sensitive contractual terms between CHLIC, Optum, and third parties, which are highly confidential and proprietary to CHLIC, and CHLIC maintains their confidentially and limits disclosure.  In particular, **Exhibit 1** is an excerpt from the 2008 service agreement between CHLIC and Argus, a non-party to this action that provided certain services to CHLIC, including processing of prescription drug benefit claims.  CHLIC seeks only to redact certain specific pricing amounts contained in Exhibit 1. **Exhibits 3 to 5** are excerpts from the more recent 2016 commercial agreement between CHLIC and Argus, including copies of the related Statement of Work and Schedule A-1.  Those selections include highly sensitive commercial and financial contractual provisions, including payment terms (*see* Ex. 4 at DSTPS 000834-837) and detailed provisions governing Argus' claims processing services for CHLIC (*see* Ex. 5 at DSTPS 000722-738).  Similarly, **Exhibits 6 and 7** contain excerpts from the Pharmacy Benefit Management Agreement between CHLIC and Optum (as well as portions of related Schedules and Amendments), which contain detailed and highly proprietary contract provisions on the scope of Optum's PBM services to CHLIC, as well as detailed provisions regarding the retail network contracting services provided by Optum.

If this information were made available to CHLIC's competitors or other PBMs with whom CHLIC could do business, they could use that information to the disadvantage of CHLIC, Optum, and/or Argus by negotiating superior agreements within the industry that would undercut the terms CHLIC, Argus, and/or Optum were able to negotiate.  Additionally, public disclosure would allow others to leverage this information in future negotiations with either CHLIC, Argus, and/or Optum, making it difficult for either party to secure more favorable terms, which it otherwise could have had the opportunity to do.  Disclosure to CHLIC plan sponsor clients of the

6

pricing terms that CHLIC negotiates with retail pharmacies via Optum could also impact CHLIC's ability to negotiate terms of its agreements with its clients. And, finally, making this pricing information available to retail pharmacies (who contract with Optum) could impact Optum's future negotiations with those pharmacies. The fact that CHLIC ceased using Optum for certain PBM functions, including retail network contracting, does not relieve the risk that disclosure of such highly competitive information would cause serious commercial injury to CHLIC and Optum because the confidential, highly negotiated terms in these documents did govern those entities' relationship just recently.

CHLIC seeks to seal **Exhibits 8 and 14** because they reflect commercially-sensitive, non-public strategic analyses of internal CHLIC projects and issues, including analyses of prescription drug benefits and certain non-public, sales-related information pertaining to CHLIC clients. These documents contain significant, detailed descriptions of internal CHLIC policies and practices related to these projects, identification of issues needing attention, and financial impact assessments, all of which would cause CHLIC competitive harm if publicly disclosed. The highly detailed and sensitive internal CHLIC assessments of internal pharmacy and client account issues in these exhibits would cause CHLIC commercial injury if disclosed.

The Court has previously sealed documents containing confidential business, strategic, financial, and pricing information similar to that in **Exhibits 1, 3, 4, 5, 6, 7, 8, and 14** based on the competitive harm that public disclosure would cause to CHLIC. *See* 2017 Sealing Order (sealing financial and pricing terms in CHLIC agreements with plan sponsor clients); *see* July 2020 Sealing Order (sealing CHLIC agreements with client based on sensitive financial and pricing information, including CHLIC responses to client Requests for Proposals containing annual pricing commitments and other sensitive financial information, and also sealing the PBM

7

agreement provisions submitted here); *see also* ECF 276-1 at 5-7; ECF 398 (sealing portions of the CHLIC/Optum PBM Agreement).

This Court's prior rulings sealing such information are in line with other courts' similar orders. *See China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017) (sealing "detailed pricing information" because public disclosure could cause competitive injury by allowing other prospective clients to negotiate more favorable terms and allow competitors to "use that pricing information to gain a competitive edge over Defendant in the marketplace by offering Defendant's customers more favorable sale prices and terms and conditions" for similar products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies" and "product development" contain "highly proprietary material" and therefore may remain under seal); *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (sealing a "confidential business agreement not otherwise available to the public" because public disclosure could negatively affect the party's "negotiating position in its business"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 609, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business information" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit," including their "marketing strategies").

    **C.**    **The Court Should Seal in Full a Letter Amendment to Administrative Agreement Between CHLIC and a Plan Sponsor Client (Exhibit 43).**

The Court should likewise seal **Exhibit 43**, which is letter-amendment to the Administrative Services Only ("ASO") Agreement between CHLIC and one of its plan sponsor clients. Sealing is appropriate because the ASO Agreement contains confidential and negotiated financial and commercial terms between CHLIC and a third party. Almost identical documents

have been previously sealed by the Court. *See* 2017 Sealing Order (sealing plan sponsor Administrative Services Agreements); *see* July 2020 Order (sealing ASO agreement with Putnam Investments); *id*. (sealing ASO agreement with Hampton Affiliates); *see also* ECF 276-1 at 7-9 (describing Exs. 21 and 22, as well as the legal grounds for sealing). Like the ASO agreements the Court ordered sealed before, Exhibit 43 is the result of non-public, extensive negotiations (and occasionally an RFP process) between CHLIC and individual plan sponsor clients, and contain terms and information that CHLIC does not share with competitors or other prospective clients, including financial and pricing terms that dictate the rates that Hampton Affiliates agreed to pay CHLIC for the provision of prescription drug benefit administrative services. Here, CHLIC's letter amendment to the Hampton Resources ASO agreement (Ex. 43) references changes to the existing contract provisions related to the scope of services, the resolution of disputes, and the handling of prescription drug changes. *See* Ex. 43 at CIGNA00000330–336.

CHLIC maintains the information in such ASO agreement amendments as strictly confidential. *See* Kasper Decl. ¶ 13. Public disclosure of such pricing and other negotiated terms between CHLIC and its plan sponsor clients would cause CHLIC competitive injury. *Id*. Among other things, CHLIC's competitors—i.e., other PBMs—could use that information to offer superior contractual terms to prospective clients, while prospective plan sponsor clients of CHLIC could use this information as part of contractual negotiations with CHLIC. *Id*.

Other courts routinely seal similar agreements. *See Peters v. Aetna Inc.,* No. 1:15-00109, 2019 WL 2881615, at *1 (W.D.N.C. July 2, 2019) (sealing materials related to "an Administrative Services Agreement, which the court has allowed to be filed under seal due to the commercially sensitive information contained therein"); *Bright v. Asset Acceptance, LLC*, 292

9

F.R.D. 190, 203 (D.N.J. 2013) (sealing business agreement between defendant and non-party based on the "legitimate private interests at stake" if the agreement were disclosed and the potential "harm to [defendant]'s competitive standing in the market place"). As this Court and others have done before, the Court should seal **Exhibit 43**.

> **D.     The Court Should Seal Commercially-Sensitive and Non-Relevant Portions of Internal CHLIC Documents (Exhibits 23-24).**

**Exhibits 23 and 24** contain both commercially-sensitive, internal discussions of CHLIC projects and practices, as well as discussions of internal practices that are not relevant to this action. The commercially sensitive discussions of information irrelevant to the Plaintiffs' claims in this case also should be sealed, as the disclosure of such information would cause CHLIC commercial harm. Those documents specifically include the following:

- **Exhibits 23 and 24** are internal CHLIC documents describing proposed changes to certificate language for prescription drug benefit coverage. CHLIC agrees to unseal the section of these documents related to Copay G, which are relevant to Plaintiffs' claims in this case. But CHLIC seeks to redact the remaining information in these documents, which is not relevant to Plaintiffs' claims in this case and, if publicly disclosed, would needlessly cause CHLIC competitive injury by unnecessarily disclosing confidential internal discussions to the public.

CHLIC seeks to seal in part portions of **Exhibits 23 and 24** that reflect internal discussions of proposed changes to certificate language setting forth prescription drug benefit coverage that have no bearing on Plaintiffs' allegations in this matter and whose public disclosure would serve no purpose except to harm CHLIC by releasing such internal documents to the public. The Court has previously sealed portions of CHLIC documents that discussed internal CHLIC projects and analysis that did not relate to Plaintiffs' claims. *See* May 2020 Sealing Order at 12 (sealing internal discussion of "90-day Network" project that do not appear "relevant to the claims at issue in this lawsuit"); *id*. at 13 (sealing internal discussions of data migration and Argus design release "that appear[] to have no relation to the claims at issue in this

lawsuit"). Like those previously sealed documents, Exhibits 23 and 24 contain internal CHLIC discussions of proposed changes to prescription drug certificate language, which have no relation to the claims and issues in this litigation. *See* ECF 322 (Declaration of Kevin Cummings) ¶¶ 17-20. If this internal information were publicly disclosed, it could competitively harm CHLIC, as these exhibits reflect proprietary internal analysis of prescription drug benefits and CHLIC procedures that would provide health service competitors with proprietary, non-public information on CHLIC's policies. *Id.* Accordingly, the Court should order sealing of **Exhibits 23 and 24**.

### E.  **The Court Should Seal PHI and Other Personal Identifying Information (Exhibits 20, 34, 35, 37, and 41).**

Lastly, CHLIC seeks to seal in part documents containing PHI, including plan participant prescription drug transaction data, and personal identifying information the Court has previously sealed. Specifically, CHLIC seeks an order sealing the following:

- References to individual prescription drug transaction information for CHLIC customers in **Exhibits 34, 35, and 37**; and

- Names and other identifying information of CHLIC clients in **Exhibits 20, 34, 35, 37, and 41**, often used in the context of internal CHLIC discussions of those client accounts and specific client issues.

First, CHLIC seeks to seal individual prescription drug transaction information for CHLIC customers contained in **Exhibits 34, 35, and 37**. CHLIC has an independent legal obligation under HIPAA and other state and federal privacy laws to seal PHI, including the name, address, Social Security Number, and medical information related to an individual. *See generally* 45 C.F.R. Parts 160, 162, and 164.[5] Courts frequently order such information to be

---

[5] *See also* U.S. District Court for the District of Connecticut, *Electronic Policies and Procedures* (rev. Oct. 11, 2018) § III.C (requiring parties to file certain personal data identifiers under seal

sealed and have even sanctioned attorneys who failed to redact such information. *See, e.g.*, *Grayson v. Gen. Elec. Co.*, No. 3:13CV1799 (WWE), 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (sealing consumer personal identifying information); *Offor v. Ctr.*, No. 15CV2219ADSSIL, 2016 WL 3566217, at *4 (E.D.N.Y. June 25, 2016), *aff'd sub nom. Offor v. Mercy Med. Ctr.*, 698 F. App'x 11 (2d Cir. 2017) (sanctioning lawyers for publicly filing "unredacted medical records" in violation of HIPAA).[6] For these same reasons, CHLIC now requests that the Court seal the personal identifying information and PHI identified in Exhibit 34, 35, and 37 as reflected in the redactions CHLIC proposes be made to those documents.

**Exhibits 20, 34, 35, 37, and 41** include the names and related identifying information of CHLIC clients, often as part of internal CHLIC discussions regarding issues related to those client accounts or in formulating responses to questions raised by those clients. For instance, Exhibit 35 is an email thread regarding a plan sponsor client question about the pharmacy benefit of a specific participant, which includes that participant's name, the prescription drug being purchased, the claim numbers, and related identifying information. *See* Ex. 35 at CIGNA00192938. CHLIC seeks an order sealing only the individual names and related identifiers associated with these clients and their health plan participants, as well as similar third-party identifying information, which is not relevant to the claims at issue in this case, as reflected in CHLIC's proposed redactions. This Court has previously ordered similar third-party personal

---

pursuant to the E-Government Act of 2002, including "personal identifying number[s]" and "medical records, treatment and diagnosis").

[6] *See also Reed v. AMCO Ins. Co.,* No. 3:09-CV-0328-LRH-RAM, 2012 WL 1964094, at *1 (D. Nev. May 31, 2012) (awarding attorneys' fees because opposing counsel filed "several documents with improper confidential information"); *Weakley v. Redline Recovery Servs., LLC*, No. 09-CV-1423 (BEN) (WMC), at *2 (S.D. Cal. Apr. 20, 2011) (imposing a $900 sanction on defendant's counsel because counsel publicly filed documents containing the plaintiff's social security number, without redaction, in violation of Federal Rule of Civil Procedure 5.2).

identifying information and PHI to be sealed, including client names and account numbers, customer transaction claim numbers, pharmacy claim transaction number, and health plan member identification numbers. *See* 2020 Sealing Order at 7 (sealing of "personal account identifiers"); *id*. at 10 (sealing "[c]ustomer account identifiers, including customs number, identification number and customer claim number"); *id*. at 12 (sealing "claims numbers/identification codes for 'individual customer prescription drug transactions'"); *id*. at 15 (sealing "information identifying client accounts, pharmacy chains and member IDs").

For the same reasons the Court previously sealed this type of personal and private information, the Court should now seal the personal identifying information, third-party identifiers, and PHI contained in **Exhibits 20, 34, 35, 37, and 41**.

## CONCLUSION

For the above reasons, the Court should grant CHLIC's motion to seal the Subject Documents.

Dated:  June 17, 2022                        Respectfully submitted,

/s/ Brian W. Shaffer
  Brian W. Shaffer (phv08654)
  Jeremy P. Blumenfeld (phv23943)
  Matthew D. Klayman (phv08656)
  MORGAN, LEWIS & BOCKIUS LLP
  1701 Market Street
  Philadelphia, PA 19103
  Telephone:  +1.215.963.5000
  Facsimile:  +1.215.963.5001
  brian.shaffer@morganlewis.com
  jeremy.blumenfeld@morganlewis.com
  matthew.klayman@morganlewis.com

  Lisa R. Weddle (phv08957)
  MORGAN, LEWIS & BOCKIUS LLP

13

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501
lisa.weddle@morganlewis.com

Michael Blanchard (ct25891)
MORGAN, LEWIS & BOCKIUS LLP
One State Street
Hartford, CT 06103
Telephone:  +1.860.240.2945
Facsimile:  +1.860.240.2800
michael.blanchard@morganlewis.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Brian Shaffer
Brian Shaffer

## Appendix A – List of Subject Document[*]

| Document (ECF 437) | CHLIC's Proposed Treatment | Plaintiffs Object to CHLIC's Proposed Treatment? (Y/N) |
|---|---|---|
| Exhibit 1 | Seal in part | N |
| Exhibit 3 | Seal in full | N |
| Exhibit 4 | Seal in full | N |
| Exhibit 5 | Seal in full | N |
| Exhibit 6 | Seal in full | N |
| Exhibit 7 | Seal in full | N |
| Exhibit 8 | Seal in full | N |
| Exhibit 9 | Unseal | N |
| Exhibit 11 | Seal in part | N |
| Exhibit 12 | Seal in part | N |
| Exhibit 14 | Seal in part | N |
| Exhibit 15 | Seal in part | N |
| Exhibit 16 | Unseal | N |
| Exhibit 17 | Unseal | N |
| Exhibit 18 | Unseal | N |
| Exhibit 19 | Unseal | N |
| Exhibit 20 | Seal in part | N |
| Exhibit 21 | Unseal | N |
| Exhibit 22 | Unseal | N |
| Exhibit 23 | Seal in part | N |
| Exhibit 24 | Seal in part | N |
| Exhibit 25 | Seal in part | N |
| Exhibit 26 | Seal in part | N |
| Exhibit 30 | Seal in part | N |
| Exhibit 31 | Seal in part | N |
| Exhibit 32 | Seal in part | N |

---

[*] Rows with gray shading indicate exhibits that Plaintiffs agreed to seal in their Motion to Seal. *See* ECF 434 at 1 n.1. Defendant agrees with Plaintiffs' proposals for those documents for the reasons provided in Plaintiffs' Motion and do not separately address those documents in this Response.

| Document (ECF 437) | CHLIC's Proposed Treatment | Plaintiffs Object to CHLIC's Proposed Treatment? (Y/N) |
|---|---|---|
| Exhibit 33 | Seal in part | N |
| Exhibit 34 | Seal in part | N |
| Exhibit 35 | Seal in part | N |
| Exhibit 36 | Unseal | N |
| Exhibit 37 | Seal in part | N |
| Exhibit 39 | Unseal | N |
| Exhibit 41 | Seal in part | N |
| Exhibit 42 | Seal in full | N |
| Exhibit 43 | Seal in full | N |