UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> Defendant. | No. 16-cv-1702 (JAM) <br> (Consolidated) <br><br><br> June 29, 2022 |

### SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO CIGNA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In support of its Motion for Partial Summary Judgment, Cigna wrongly claimed that Plaintiffs never served Supplemental Responses to interrogatories seeking information about misrepresentations made to Plaintiffs at the point of sale when they picked up their prescriptions. After admitting that it was wrong (Cigna Reply at 8 n.5), Cigna — for the first time — attacked Plaintiffs' Supplemental Responses, claiming Plaintiffs "lack[ed]. . . evidence regarding Plaintiffs' interactions with pharmacists when purchasing their prescription drugs" (*id*. at 8).[1]

Had Cigna made its new argument with respect to Plaintiffs' Supplemental Responses in its initial motion, Plaintiffs would have explained that their injuries arise from the fact that Cigna, through its direction to and participation in Argus and Optum's affairs, caused the network pharmacies to communicate false charges to Plaintiffs and that Plaintiffs paid the false charges. The records of each and every transaction, including the date of the transaction, the

---

[1] Cigna also stated that Plaintiffs' summary judgment opposition "fundamentally changes their pleaded RICO theory" by arguing the point-of-sale misrepresentations. Cigna Reply at 1. Cigna is wrong on that point as well. *See, e.g.*, Second Amended Consolidated Complaint [ECF 198] at ¶ 276 (alleging that Cigna directed Argus and Optum to misrepresent the true cost-share amounts at the point-of-sale).

1

amount of the fraudulent charge communicated, the amount of the overcharge and the excessive amount Plaintiffs paid are set forth in Cigna's claims data. In their opposition memorandum, and to demonstrate this genuine, factual dispute, Plaintiffs provided the claims data regarding every fraudulent charge imposed on and paid by Plaintiff Negron, as an exemplar of the Plaintiffs' injuries, and as set forth in the declaration of Plaintiffs' expert, Mr. Mustoe. *See* [ECF 433] at ¶¶ 3-4.  Cigna knows that it produced this same claims data for every other Plaintiff, and it cannot in good faith claim otherwise.  At a minimum, there are disputed issues of material fact regarding Plaintiffs' point-of-sale injuries and the court should deny Cigna's Partial Motion for Summary Judgment.

## CONCLUSION

For the reasons stated above and in their previously filed Opposition Memorandum [ECF 430], Plaintiffs respectfully request that the Court deny Cigna's Motion for Partial Summary Judgment.

Dated: June 29, 2022

Respectfully submitted,

*s/ Robert A. Izard*
Robert A. Izard (ct01601)
*Plaintiffs' Interim Co-Lead Class Counsel*
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile: 860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
*Plaintiffs' Interim Co-Lead Class Counsel*
Mathew Jasinski, (ct27520)

MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Joseph P. Guglielmo (ct27481)
*Plaintiffs' Executive Committee Chair*
Carey Alexander, *pro hac vice*
SCOTT+SCOTT,
ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (ct24886)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

Derek W. Loeser, *pro hac vice*
*Plaintiffs' Executive Committee Member*
Gretchen S. Obrist, *pro hac vice*
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  206- 623-1900
Facsimile:   206-623-3384
dloeser@kellerrohrback.com
gobrist@kellerrohrback.com

Brian C. Gudmundson, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
ZIMMERMAN REED, LLP

3

1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone:  612-341-0400
Facsimile:  612-341-0844
brian.gudmundson@zimmreed.com

Andrew A. Lemmon, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
LEMMON LAW FIRM LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:  985-783-6789
Facsimile:  985-783-1333
andrew@lemmonlawfirm.com
- and -
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Telephone:  504-581-5644
Facsimile:  504-581-2156
andrew@lemmonlawfirm.com

Ronen Sarraf
*Plaintiffs' Executive Committee Member*
Joseph Gentile, *pro hac vice pending*
SARRAF GENTILE LLP
14 Bond Street, Suite 212
Great Neck, NY 11021
Telephone:  516-699-8890
Facsimile:  516-699-8968
ronen@sarrafgentile.com
joseph@sarrafgentile.com

E. Kirk Wood, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone:  205-908-4906
Facsimile:  866-747-3905
ekirkwood1@bellsouth.net

Karen Hanson Riebel, *pro hac vice pending*
*Plaintiffs' Executive Committee Member*
Kristen G. Marttila, *pro hac vice pending*

4

LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone:  612-596-4097
Facsimile:   612-339-0981
khriebel@locklaw.com
kmarttila@locklaw.com

Brad J. Moore
STRITMATTER KESSLER WHELAN KOEHLER MOORE KAHLER
3600 15th Ave W, Suite 300
Seattle, WA 98119-1330
Telephone: 206.448.1777
Facsimile: 206.728.2131
Brad@stritmatter.com

Daniel K. Bryson
Jeremy R. Williams
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile:  919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Additional Counsel for Plaintiffs