UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY A. NEGRON, et al. | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| v. | : No. 3:16-cv-1702 (JAM) |
| | : |
| CIGNA CORPORATION, et al., | : |
| | : |
| *Defendants*. | : |

**MEMORANDUM OF ORDER**

Pending before the Court are Motions to Seal (Doc. No. 434, 443) certain submissions filed in support of, and in opposition to, the defendants' Motion for Summary Judgment. The motions are GRANTED IN PART and DENIED IN PART without prejudice as stated below.

**A. LAW**

The public has a fundamental presumptive right of access to judicial documents. *See Mirlis v. Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020). When a party moves to restrict public access, the courts undertake a three-step inquiry. *Id.* First, the court determines whether the filing is a "judicial document," i.e., whether it is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 145 (2d Cir. 1995). Second, the court determines the weight of the presumption of access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1049 (2d Cir. 1995). Third, the court must "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis* at 59 (citing *Amodeo II*).

### B. ANALYSIS

In the present instance:  (1) The documents were filed in support of, or opposition to, a motion for summary judgment (hereinafter "MSJ") and so "are unquestionably judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).  (2) The presumption of public access is at its highest for such documents.  *See id.* at 124 (because decision on MSJ is an adjudication, it is "a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny").  In fact, in addition to the common law presumption of access, documents filed for or against an MSJ are subject to a qualified First Amendment right of access, and "may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  . . .  Broad and general findings by the trial court . . . are not sufficient to justify closure."  *Lugosch* at 120 (quoting *In re New York Times Co.*, 828 F.2d at 116).  (3) Some portions of the documents at issue here may justifiably be sealed to protect recognized privacy interests of third parties, *see id.*, or to prevent significant competitive harm to businesses.  *See*, *e.g.*, *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 1:22-cv-377 (VSB), 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) (granting request to seal contract terms that could harm a litigant's ability to negotiate with third parties, subject a party to financial harm, or harm a litigant's competitive standing).

### C. RULINGS

Accordingly, the Court rules as follows as to each filing that defendant has requested to seal.  The description "Ex. __" refers to exhibit numbers to plaintiff's brief in opposition to the MSJ.

**Stipulated items.**  Sealing is DENIED as moot as to Ex. 9, 16, 17-19, 21, 22, 36, and 39 in light of the parties' stipulation to unseal those exhibits.  **The clerk of the court shall unseal Doc. No. 437-8, 437-13, 437-14, 437-15, 437-16, 437-18, 437-19, 437-30, and 437-32.**

**Contract terms.**  The motion is GRANTED as to the proposed tailored sealing of Ex. 1 and 7 (Doc. No. 437-1 and 437-6), which respectively contain a pricing formula and details regarding internal processes for building and maintaining a pharmacy network.  Sealing is DENIED WITHOUT PREJUDICE as to Ex. 3-6, and 43 (Doc. No. 437-2, 437-3, 437-4, 437-5, and 437-35), which contain such information as definitions, general services to be performed, and a dispute resolution procedure, which do not appear to pose a likely risk of competitive harm.  This denial is without prejudice to defendant making a supplementary showing as provided below.

**Deposition transcript excerpts.**  Sealing is DENIED WITHOUT PREJUDICE as to Ex. 8 and 14 (Doc. No. 437-7 and 437-11).  The testimony appears to contain only general descriptions that do not pose a likely risk of competitive harm.  This denial is without prejudice to defendant making a supplementary showing as provided below.

**Internal drafts of certification language changes.**  Sealing is DENIED WITHOUT PREJUDICE as to Ex. 23 and 24 (Doc. No. 437-20 and 437-21).  The drafts do not appear to pose a likely risk of competitive harm.  Additionally, to the extent that defendant proposes to redact portions of these MSJ-related filings based on its assertion that they are irrelevant to the merits, that does not satisfy the sealing standard.  Although the Court (Garfinkel, M.J.) considered the relevance of the information to issues in the case as a factor in a prior sealing decision, *see* Ruling on Motion to De-Designate and Unseal, Doc. No. 259, irrelevance alone is an insufficient justification for redaction/sealing given the high presumption of public access

here at this stage of the proceedings. Moreover, the undersigned declines to parse through portions of MSJ-related filings and exhibits attempting to predict or prejudge which evidence the district judge might find relevant to the merits, generally, or useful to his decision on the MSJ, specifically. *Cf. Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) (sealing analysis is independent of, and not based on, whether the district judge ultimately uses the information in adjudicating an MSJ). This denial is without prejudice to defendant making a supplementary showing as provided below.

**Information previously sealed.** Sealing is GRANTED as to Ex. 15, 25, 30, 31, and 33 (Doc. No. 437-12, 437-22, 437-24, 437-25, and 437-27). The first two contain internal tactical analysis and business strategies that pose a risk of competitive harm if disclosed, and the other three redact identifying information of third parties. Sealing is DENIED WITHOUT PREJUDICE as to Ex. 11 and 12 (Doc. No. 437-9 and 437-10). As discussed above, irrelevance is not an independent justification for sealing MSJ-related filings. Sealing is DENIED WITHOUT PREJUDICE as to Ex. 42 (Doc. No. 437-34). While defendant is correct that this is a portion of an Administrative Services Only agreement ("ASO") that was previously sealed – *see* Order, Doc. No. 398, discussing "Exhibit AM" – prior sealing for purposes of a motion for class certification is insufficient by itself to justify sealing at the MSJ stage. This particular exhibit containing excerpts of the ASO only describes dispute resolution and general funding account provisions, which by themselves do not appear to post a risk of competitive harm. This denial is without prejudice to defendant making a supplementary showing as provided below.

**Third party privacy.** Sealing is GRANTED as to Ex. 20, 26, 32, 34, 35, 37, and 41 (Doc. No. 437-17, 437-23, 437-26, 437-28, 437-29, 437-31, and 437-33). Defendant proposes

tailored redactions to protect identifiers of non-party clients, personal information of individuals, and personal health information relating to pharmacy transactions.

**Parties' written submissions.**  Sealing is DENIED WITHOUT PREJUDICE as to plaintiff's opposition brief, Doc. No. 435, plaintiff's 56(a)(2) statement of facts, Doc. No. 436, and defendant's reply to the 56(a)(2) statement, Doc. No. 444.  Given that certain of the above requests were denied without prejudice, it is premature to determine which references in the briefs and Rule 56 statements might discuss exhibits that are subject to sealing.  Moreover, these are analogous to argument in the courtroom, and the parties have not made a sufficient showing to overcome the public's high presumption of access to such a proceeding.  *Cf. Lugosch*, 435 F.3d at 124 ("[O]ral arguments relating to a motion for summary judgment fall into the category of civil proceedings to which there is a First Amendment presumption of access," and MSJ-related filings are on equal footing.).  This denial is without prejudice to defendant making a supplementary showing as provided below.

Regarding the above denials without prejudice, defendant's showing was insufficient to allow the Court to make "specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* at 120. However, to the extent that defendant believes in good faith that it can satisfy that standard as to any exhibit, brief, or statement of facts denied without prejudice above, defendant may submit a supplemental brief identifying the document by ECF docket number and providing a specific and detailed explanation of the risk of harm.  Defendant shall not submit any revised proposed versions of the exhibits, but may submit under seal copies of plaintiff's opposition brief, plaintiff's 56(a)(2) statement, and/or defendant's reply to the 56(a)(2) statement with revised

proposed redactions, which should be highlighted to facilitate the Court's review.  Any such supplemental brief shall be filed on or before **September 6, 2022**.

This is not a recommended ruling.  This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

**SO ORDERED**, on this 30th day of August, 2022, at Bridgeport, Connecticut.

*/s/  S. Dave Vatti*
Hon. S. Dave Vatti
United States Magistrate Judge